

FILED

JUN 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH FUND LIMITED, )
a Bermuda Limited Liability Company, )
Richmond House )
12 Par-la-ville Road )
5th Floor )
Hamilton, HM 11, Bermuda, )

                  Plaintiff,

v.

DILIGENCE, LLC, )
1211 Connecticut Avenue )
6th Floor )
Washington, D.C. 20036 )

and )

BARBOUR GRIFFITH & ROGERS, LLC, )
1275 Pennsylvania Avenue, N.W. )
Tenth Floor )
Washington, DC. 20004, )

                  Defendants.

CASE NUMBER   1:06CV01109

JUDGE: Paul L. Friedman

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 06/16/2006

**COMPLAINT OF IPOC INTERNATIONAL
GROWTH FUND LIMITED FOR INJUNCTIVE RELIEF AND DAMAGES**

IPOC International Growth Fund Limited ("IPOC"), by counsel, for its Complaint against Defendant Diligence LLC ("Diligence") and Barbour Griffith & Rogers LLC ("BGR"), alleges as follows:

**NATURE OF THE CASE**

1.     KPMG-Financial Advisory Services Limited ("KPMG FAS") and two of its managing directors, Malcolm Butterfield and Michael Morrison, were appointed by the Minister of Finance of Bermuda to conduct an investigation of IPOC and affiliated Bermuda companies (the "Investigation"). Upon information and belief, the Investigation was instigated by IPOC's

litigation adversaries. Defendants Diligence and BGR, at the instruction of IPOC's litigation adversaries, obtained by unlawful means confidential materials generated in the course of the Investigation and improperly attempted to influence the outcome of the Investigation. In particular, Diligence and BGR used wrongful means to acquire information regarding IPOC that KPMG FAS had obtained or generated as a part of its Investigation. Diligence then disclosed that information to third parties, including IPOC's litigation adversaries, as directed by BGR.

2. In this action, IPOC seeks to hold Diligence and BGR liable for tortious interference with business relationships and expectancies, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, procuring information by improper means, tortious interference with contractual relations, unfair competition, civil conspiracy and unjust enrichment. IPOC seeks to enjoin Diligence and BGR from further: (a) dissemination of information pertaining to the Investigation that Diligence and BGR obtained by improper means; (b) efforts to obtain confidential information pertaining to the Investigation; and (c) attempts to interfere with or influence the Investigation. IPOC also seeks compensatory damages, punitive damages, attorneys' fees, and costs against both Defendants. This case is related to another case filed by KPMG FAS in this District. *See* Civil Action No. 05-2204.

### THE PARTIES

3. Plaintiff IPOC International Growth Fund Limited is a Bermuda Limited Liability Company, with headquarters located at 12 Par-la-ville Road, 5th Floor, Hamilton, HM 11, Bermuda.

4. Defendant Diligence LLC is a Delaware limited liability company with headquarters in Washington, D.C. Diligence describes itself on its website and in its press releases as a company comprised of former Central Intelligence Agency ("C.I.A.") and British

MI5 operatives that "specialize in obtaining non-public or hard-to-get information on corporations." *See* www.diligencecorp.com, and Diligence press release dated April 7, 2005.

5.   On information and belief, Diligence's Chairman Richard Burt also serves as a member of the Advisory Board of Alfa Capital. Alfa Capital is part of the Alfa Group (collectively "Alfa"), which in turn owns LV Finance Group Ltd ("LVFG"). As explained below, Alfa and LVFG are litigation adversaries of IPOC.

6.   Barbour Griffith & Rogers LLC ("BGR") is a Delaware Limited Liability Company with headquarters in Washington, D.C. According to its website, Barbour Griffith & Rogers LLC "brings together some of the most accomplished public policy advocates in America. BGR's lobbyists have a diverse range of backgrounds, having served in the White House, Congress, in senior-level positions in executive agencies, gubernatorial, congressional, and presidential campaigns." Ed Rogers and Haley Barbour founded BGR in 1991. Ed Rogers is currently Chairman of BGR. According to the Diligence website, Ed Rogers is also on the Advisory Board of Diligence. BGR's website lists Alfa Bank as a client.

## JURISDICTION AND VENUE

7.   This Court has *in personam* jurisdiction over Defendant Diligence because it is a citizen and resident of the District of Columbia.

8.   This Court has *in personam* jurisdiction over Defendant BGR because it is a citizen and resident of the District of Columbia.

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of the District of Columbia and a citizen or subject

of a foreign state. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves a civil action arising under the laws of the United States.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

11. IPOC has been engaged in worldwide court and arbitration proceedings since August 2003 to recover a unique and very valuable 25.1% stake in the Russian mobile telephone operator, MegaFon. IPOC contends in certain of these proceedings that it is entitled to this stake by virtue, among other reasons, of two option agreements entered into in 2001 with LVFG, and that Alfa and LVFG and their controllers colluded in a fraudulent and illegal scheme to transfer the optioned stake in MegaFon to companies belonging to the Alfa Group. IPOC alleges in these proceedings that LVFG is effectively controlled by, or operated for the benefit of, the Alfa Group in the ongoing litigation.

12. The submission of the dispute over the MegaFon stock was governed by an arbitration provision in a contract to which IPOC was a party.

13. Subsequent to the initiation of these proceedings by IPOC, IPOC's litigation adversaries LVFG and Alfa, on information and belief, embarked on a plan to have IPOC's corporate charter terminated by the government of Bermuda and, in furtherance of the plan, instigated an investigation of IPOC by the Bermuda Minister of Finance pursuant to the Bermuda Companies Act of 1981 (the "Investigation").

14. The Bermuda Companies Act of 1981 (the "Act") requires that the Investigation remain confidential unless the company under investigation requests that it be made public. The Act states:

> Section 132(6). Any investigation under this section shall be held in private *unless the company requests that it be held in public.*

4

> Section 132(7). The inspector may from time to time report to the Minister and shall upon completion of his investigation report to him and shall send copies of such reports to the company. *No other person shall be informed of the nature or contents of the report save at the request of the company or on the direction of the Minister.*

Bermuda Companies Act of 1981 (emphasis added). The Bermuda Companies Act of 1981 also requires the company being investigated to pay for the costs of the investigation.

15. KPMG FAS was retained by the Bermuda Minister of Finance to conduct the Investigation. IPOC and its affiliates have been charged with the costs of KPMG FAS's investigation. To date, IPOC and its affiliates have paid KPMG FAS over $8 million. Such costs are continuing.

16. Neither IPOC nor any of its affiliates have requested that the Investigation be made public or be conducted under anything other than the strictest confidence. Moreover, IPOC has provided information to KPMG FAS only pursuant to KPMG FAS' agreement that such confidentiality would be maintained.

17. In the course of the Investigation, and pursuant to statutory and contractual understandings of confidentiality, KPMG FAS obtained internal IPOC business documents and interviews from IPOC personnel.

18. Upon information and belief, IPOC's litigation adversaries retained BGR, which in turn retained Diligence, to improperly obtain information received or generated by KPMG FAS in the Investigation and to improperly influence the Investigation on behalf of IPOC's litigation adversaries.

19. On information and belief, Diligence, at the direction of BGR, used fraudulent means, including impersonation of United States and/or British intelligence agents, fraud and

deception, to infiltrate and/or bribe one or more agents or servants of KPMG FAS, to improperly influence the Investigation, and to misappropriate the information that KPMG FAS had obtained from IPOC in the course of the confidential Bermuda Investigation.

20. Diligence obtained through fraud and bribery "confidential documents and information about the IPOC investigation," which involved "confidential financial and other business records of IPOC and [transcripts of] interviews of individuals who have relevant information about IPOC…" *See* Compl. of KPMG FAS filed in Civil Action No. 05-2204 (PLF), ¶¶ 12, 17 and 18.

21. Upon information and belief, when it engaged in this fraudulent activity, Diligence was acting on behalf of Defendant BGR, which was acting on behalf of litigation adversaries of IPOC, and Diligence provided the misappropriated business information to such litigation adversaries of IPOC. Indeed, a portion of the unlawfully obtained materials appeared almost verbatim in submissions made by LVFG to a Zurich arbitral tribunal in the proceedings referenced above. In addition, on information and belief, Diligence and/or IPOC's litigation adversaries LVFG and Alfa leaked portions of the misappropriated Draft Report to the press, which published, as recently as January 31, 2005, articles revealing the contents of the unlawfully obtained materials (which KPMG FAS has not shared with IPOC or its affiliates).

22. Diligence submitted invoices to BGR, including an invoice "[f]or Bermuda report and German work - A Telecom"; and for "June Consulting Alfa Telecom - Subcontractor Fee."

23. KPMG FAS filed suit against Diligence in the United States District Court for the District of Columbia, Case No. 05-2204 (PLF) alleging that Diligence used improper and illegal means to attempt to influence its Investigation and to obtain from KPMG FAS confidential documents obtained or generated in the course of the Investigation.

## COUNT I
## TORTIOUS INTERFERENCE
## WITH BUSINESS EXPECTANCIES

24. IPOC repeats and realleges the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. IPOC entered into business relationships and possessed reasonable business expectancies, including, but not limited to, business expectancies that: (a) the Zurich arbitration in which it sought to enforce its rights would be conducted without malicious interference and would not be tainted by improper or illegal activities calculated to corrupt the Zurich arbitration for the benefit of IPOC's litigation adversaries; (b) the Investigation would be conducted in a evenhanded and impartial manner and in accord with the requirements imposed upon KPMG FAS in its position as investigator; (c) the materials and information provided by IPOC to KPMG FAS would be held in strict confidence, used solely in connection with the Investigation and would not be utilized to further the interests of IPOC's litigation adversaries; and (d) IPOC's charter would not be attacked by improper or illegal means, including bribery, fraud and deception.

26. Diligence and BGR had knowledge of the business relationships and expectancies possessed by IPOC.

27. Diligence and BGR engaged in improper, fraudulent, deceptive and illegal conduct calculated to interfere with IPOC's existing business relationships and expectancies, including, but not limited to, IPOC's expectancies that the Zurich arbitration and the Investigation would be conducted in an evenhanded and impartial manner, that the materials provided by IPOC to KPMG FAS would be used solely to further the Investigation and not to

7

further the interests of IPOC's litigation adversaries, and that IPOC's charter would not be attacked by use of improper and illegal means, including bribery, fraud and deception.

28. The intentional and malicious actions of BGR and Diligence have interfered with IPOC's business relationships and have damaged, and will continue to damage, IPOC's business expectancies unless BGR and Diligence are restrained. IPOC has no remedy at law for the continued harm to IPOC caused by the improper and deceitful actions of Diligence and BRG to corruptly influence both the Zurich arbitration and the Investigation and to attack IPOC's corporate charter.

## COUNT II
## VIOLATION OF THE COMPUTER
## FRAUD AND ABUSE ACT

29. IPOC repeats and realleges the allegations of paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. KPMG FAS possesses and utilized in the course of the Investigation computers used in interstate or foreign commerce or communication ("KPMG FAS Computers").

31. Upon information and belief, one or more agents of Diligence and/or BGR, intentionally and with intent to defraud, accessed, without authorization or in excess of authorized access, one or more KPMG FAS Computers and thereby obtained information and documents related to the Investigation, which have considerable value to IPOC's adversaries.

32. The KPMG FAS Computers that were accessed by Diligence and/BGR, knowingly and with intent to defraud, without authorization and/or by exceeding authorized access, are used in foreign commerce and communication in such a manner that affects foreign commerce.

8

33. The actions taken by Diligence and/or BGR to illegally access one or more of the KPMG FAS Computers, without authorization or in excess of authorization, in contravention of 18 U.S.C. § 1030, caused damage and loss to IPOC in excess of $5,000, in furtherance of a plan to damage IPOC, knowingly and with intent to defraud.

34. IPOC has standing to bring a claim under 18 U.S.C. § 1030(g) because of the damage and loss it suffered as a result of the knowing, intentional, fraudulent and illegal access of one or more of the KPMG FAS Computers without authorization and/or in excess of its authorization by Diligence and BGR and/or their agents.

## COUNT III
## PROCURING INFORMATION
## BY IMPROPER MEANS

35. IPOC repeats and realleges the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Diligence and BGR had a duty to refrain from seeking to procure by improper means, including, but not limited to, theft, trespass, bribery, fraud and criminal acts, information about IPOC's business that was held in confidence. *Pestco, Inc. v. Associated Products, Inc.* 2005 Pa. Super 276; 880 A.2d 700 (Pa.Super. 2005) (citing *Den-Tal-Ez, Inc. v. Siemens Capital Corp.*, 389 Pa. Super. 219; 566 A.2d 1214 (Pa. Super. 1989) (citing *Restat. Torts 2d § 759.)*

37. Diligence and BGR procured by improper and illegal means information about IPOC's business that was held by KPMG FAS in the strictest confidence pursuant to agreement and statute.

38. The information about IPOC's business was procured by Diligence and BGR from KPMG FAS for the purpose of advancing rival business interests and was used and disclosed by Diligence and BGR for the purpose of advancing such rival business interests.

39. IPOC was, and continues to be, harmed by the activities of Diligence and BGR, including the procurement by improper means, possession, disclosure and use of information about IPOC's business.

## COUNT IV
## TORTIOUS INTERFERENCE
## WITH CONTRACTUAL RELATIONS

40. IPOC repeats and realleges the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. IPOC and KPMG FAS entered into an agreement whereby IPOC would provide to KPMG FAS information, including documents and testimony of witnesses, on a confidential basis, to assist KPMG FAS in carrying out its Investigation. KPMG FAS promised to hold strictly confidential all information provided by, or received as a result of, IPOC's submissions to KPMG FAS (the "Agreement").

42. On information and belief, BGR and Diligence knew of the Agreement between IPOC and KPMG FAS.

43. On information and belief, BGR and Diligence intentionally and maliciously induced and/or procured a breach of the Agreement between IPOC and KPMG FAS.

44. IPOC has suffered, and will continue to suffer, irreparable harm and damages as a result of Diligence's interference with IPOC's contractual relations with KPMG FAS.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

45. IPOC repeats and realleges the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Diligence and BGR, agents acting on behalf of IPOC's litigation and business competitors, Alpha and LVFG, who had a duty to compete fairly with IPOC, breached the duty

to compete fairly by using bribery, deceit and other misconduct to misappropriate IPOC's business information.

47. Diligence and BGR exploited and misused the stolen IPOC business information for the a benefit of IPOC's litigation adversaries and commercial rivals.

48. The conduct of Diligence and BGR was calculated to harm IPOC and to advance rival litigation and commercial interests and was intentional, malicious and in bad faith. Upon information and belief, such conduct includes, but is not limited to, interference with the Investigation of IPOC's business, intimidation of employees and agents of KPMG FAS in the course of the Investigation of IPOC's business, impersonation of United States and/or British agents and bribery.

49. IPOC suffered, and continues to suffer, harm as a result of the actions of Diligence and BGR, including but not limited to acts constituting unfair competition.

## COUNT VI
## COMMON LAW CONSPIRACY

50. IPOC hereby realleges and incorporates the allegations of paragraphs 1 through 49 of this Complaint as though fully restated herein.

51. Upon information and belief, Diligence and BGR combined, with one another and with IPOC's litigation adversaries, to accomplish, by concerted action, unlawful and tortious acts, including, but not limited to, intentional interference with contractual relationships and business expectancies, violation of the Computer Fraud and Abuse Act, procurement of information by improper means and engaging in unfair competition.

52. Upon information and belief, Defendants acted in concert to damage IPOC intentionally, maliciously and without lawful justification.

53.     Upon information and belief, IPOC has been damaged by the overt acts of Diligence and/or BGR that unlawfully and intentionally interfered with IPOC's contractual relationships and business expectancies, violated the Computer Fraud and Abuse Act, procured information by improper means, and engaged in unfair competition, in furtherance of the Defendants' common scheme.

## COUNT VII
## UNJUST ENRICHMENT

54.     IPOC hereby realleges and incorporates the allegations of paragraphs 1 through 53 of this Complaint as though fully restated herein.

55.     Diligence and BGR have received substantial sums of money in exchange for their tortious interference with IPOC's business relationships, expectancies and contracts, and violation of the Computer Fraud Act, for the information wrongfully obtained and for their attempts to wrongfully influence KPMG FAS' Investigation and the Zurich arbitration.

56.     The sums received by Diligence and BGR as a result of their wrongful conduct were earned at the expense of and to the detriment of IPOC.

57.     It is unfair and inequitable for Diligence and BGR to retain the funds wrongfully earned at the expense of and to the detriment of IPOC.

## PRAYER FOR RELIEF

WHEREFORE, IPOC respectfully requests that this Court grant the following relief to IPOC:

A.     Enter judgment declaring that Diligence and BGR have: (1) tortiously interfered with IPOC's business relationships and expectancies, as alleged in Count I; (2) violated the Computer Fraud and Abuse Act, as alleged in Count II; (3) procured information

by improper means, as alleged in Count III; (4) tortiously interfered with IPOC's contractual relations, as alleged in Count IV; (5) engaged in unfair competition as alleged in Count V, (6) conspired to commit the illegal acts alleged in Counts I-V; and (7) have been unjustly enriched as alleged in Count VII.

      B.     Enter a preliminary and permanent injunction,

          1)     Enjoining Diligence, its officers, subsidiaries, parents, divisions, affiliates, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with them, and BGR, its officers, subsidiaries, parents, divisions, affiliates, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with them, from disclosing, using or communicating, to anyone, or duplicating (electronically or otherwise), for any purpose, in public or in private, information provided by IPOC to KPMG FAS in the course of the Investigation, or any information based upon, derived from or which refers to any portion of any such document or information obtained from KPMG FAS or IPOC, including but not limited to transcripts, reports, summaries, compilation, drafts, correspondence or other materials;

          2)     Enjoining Diligence, its employees and agents, and BGR, its employees and agents, from having or instituting any contact with KPMG FAS or its current or former employees or agents regarding the Investigation or otherwise;

          3)     Enjoining Diligence, its employees and agents, and BGR, its employees and agents, from accessing any KPMG FAS Computer or using or disseminating any information obtained directly or indirectly from any KPMG FAS Computer;

          4)     Directing Diligence, its employees and agents, and BGR, its employees and agents, to make a full disclosure to Plaintiff regarding: (i) all contacts Diligence

has made with KPMG FAS' employees, agents or computers; (ii) all documents and information it has obtained from KPMG FAS; (iii) all payments made to KPMG FAS or any of its employees or agents by Diligence or BGR, directly or indirectly; (iv) all payments made to Diligence or its employees or agents or to BGR or its employees or agents to influence the Investigation, to obtain information related to the Investigation or for any purpose related to the Investigation; and (v) the manner in which such documents and information have been obtained, disclosed or communicated to and by Diligence or BGR, their employees and agents, including the identities of all persons and entities to whom such communication or dissemination was made, the date and method of the disclosure, and the contents of such disclosures; and

        5)    Directing that Diligence and BGR, their employees and agents (and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise) immediately return to IPOC all information, in whatever form, obtained from KPMG FAS regarding IPOC and/or KPMG FAS' investigation of IPOC, take all action necessary to eliminate any and all traces of the documents and information from any and all digital storage media that are within the control of Diligence or BGR, their employees and/or agents and the parties to whom they provided any such information, and cease and desist from using this information for any purpose.

        C.    Enter judgment against Diligence and BGR jointly and severally, and in favor of IPOC in an amount of compensatory damages exceeding $75,000, caused by the commission of the common law torts of interference with business relationships and expectancies, violation of the Computer Fraud and Abuse Act, procuring information by improper means, interference with contractual relations, unfair competition and civil conspiracy, as alleged in Counts I, and II, III, IV, V and VI.

14

D.  Direct Diligence and BGR to disgorge to IPOC all monies received in connection with any attempt to obtain information related to IPOC or the Investigation and/or to influence the Investigation and the Zurich arbitration.

E.  Enter an order directing Diligence and BGR, their employees and agents, to take all other action that is necessary to redress the harm caused by the wrongful conduct of Diligence and/or BGR and to prevent any recurrence of such harm.

F.  Award IPOC its costs incurred in this action, including attorneys' fees.

G.  Enter judgment in an amount of punitive damages necessary to punish and deter defendants for their wrongful conduct.

H.  Award IPOC such other and further relief as this Court may deem just and proper.

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND LIMITED

OF COUNSEL:

Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

/s/ Carol A. Joffe
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5996
Fax:   (202) 282-5100
tbroas@winston.com

*Attorneys for IPOC International Growth Fund Limited*

## JURY DEMAND

IPOC hereby demands a trial by jury on all issues so triable.

/s/ Carol A. Joffe
Carol A. Joffe

DC:466026.14