UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DILIGENCE, LLC ) <br> ) <br> and ) <br> ) <br> BARBOUR GRIFFITH & ROGERS, LLC ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06-1109 <br> (PLF) |

**MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC TO DISMISS FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY**

For the reasons stated in the accompanying Memorandum, Defendant Barbour Griffith & Rogers LLC respectfully moves the Court under Federal Rule of Civil Procedure 9(b) to dismiss the entire complaint of plaintiff, IPOC International Growth Fund Ltd., for failure to plead fraud with particularity.

July 19, 2006         Respectfully submitted,

/s/ Charles J. Cooper
_____
Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street NW
Washington, DC 20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED<br><br>Plaintiff,<br>v.<br><br>DILIGENCE, LLC<br><br>and<br><br>BARBOUR GRIFFITH & ROGERS, LLC<br><br>Defendants. | Civil No. 06-1109<br>(PLF) |

### MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC TO DISMISS FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY

Defendant Barbour Griffith & Rogers LLC ("BGR") respectfully moves the Court under Federal Rule of Civil Procedure 9(b) to dismiss the entire complaint of plaintiff, IPOC International Growth Fund Ltd. ("IPOC"), for failure to plead fraud with particularity.

IPOC attempts to allege fraud in a single paragraph of its complaint:

> *On information and belief*, Diligence, at the direction of BGR, used fraudulent means, including impersonation of United States and/or British intelligence agents, fraud and deception, to infiltrate and/or bribe one or more agents or servants of KPMG FAS, to improperly influence the Investigation, and to misappropriate the information that KPMG FAS had obtained from IPOC in the course of the confidential Bermuda Investigation.

Compl. of IPOC International Growth Fund Ltd. for Injunctive Relief and Damages ("Compl.") ¶ 19 (emphasis added). This allegation fails to satisfy Rule 9(b) for several reasons, as demonstrated below. Because this alleged fraud is the heart of all of its counts, IPOC's entire complaint should be dismissed.

1

## I.     IPOC'S ALLEGATION OF FRAUD DOES NOT SATISFY RULE 9(b).

Rule 9(b) states, "In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." As a threshold matter, it is clear that even though IPOC does not expressly assert a count for fraud, Rule 9(b) nonetheless fully applies to all of IPOC's claims: "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (Securities Act claim grounded in fraud rather than negligence).[1] Here, IPOC's entire complaint rests on a single allegation: that Diligence *defrauded* KPMG into providing confidential information that KPMG received or generated in the course of investigating IPOC on behalf of the Bermuda government. All of IPOC's causes of action depend upon this pivotal allegation.

To satisfy Rule 9(b), a pleader must "state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud," and must "identify individuals allegedly involved in the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004) (quotation marks omitted). "Further, Rule 9(b) pleadings cannot be based upon information and belief. There is a recognized exception to this rule, however,

---

[1] *See also, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (civil conspiracy to defraud); *Hayduk, v. Lanna*, 775 F.2d 441, 443-44 (1st Cir. 1985) (same); *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 633-34 (2d Cir. 1996) (mail and wire fraud as predicate acts for RICO claim); *Board of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 172 n.10 (3d Cir. 2002) (piercing corporate veil on basis of fraud); *Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C. Cir. 1996) (fraudulent concealment for purposes of tolling statute of limitations); *Brege v. Lakes Shipping Co.*, 225 F.R.D. 546, 549 (E.D. Mich. 2004) (unjust enrichment where benefit was conferred through fraud).

that fraud allegations may be so alleged as to facts peculiarly within the opposing party's knowledge, in which event the allegations must be accompanied by a statement of the facts upon which the belief is based." *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987) (citation omitted); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) ("[P]leadings [of fraud] on information and belief require an allegation that the necessary information lies within the defendant's control, and . . . such allegations must also be accompanied by a statement of the facts upon which the allegations are based.").

IPOC's allegation of fraud fails to satisfy Rule 9(b)'s requirements in several respects. First, IPOC makes its entire allegation of fraud "on information and belief." Yet, IPOC does not allege that any of the information necessary to make its allegation of fraud lies peculiarly within Diligence's or BGR's control, nor does IPOC identify any facts upon which its allegation of fraud is based. Under the controlling precedent cited above, IPOC's allegation therefore fails to satisfy Rule 9(b). *See id*. at 1279 (where "plaintiffs' pleadings on information and belief did not aver that facts regarding customer switching were particularly within the defendants' knowledge, or identify the facts upon which their belief of customer switching was founded," dismissal of the complaint "was proper").

Second, even if its allegation of fraud had been made on personal knowledge rather than on information and belief, IPOC's allegation of fraud would still fail under Rule 9(b) because IPOC has omitted many of the specific pieces of information that are required under Rule 9(b):

- IPOC has not alleged the time of the alleged fraud. At most, one might divine from allegations made elsewhere in the complaint that the alleged

3

misrepresentation was made sometime between August 2003 and January 31, 2005.  *See* Compl. ¶¶ 11, 13, 21.

- IPOC has not alleged the place of the alleged fraud.  It is not evident from the complaint whether Diligence made its alleged misrepresentation in Bermuda, where IPOC is allegedly headquartered, Compl. ¶ 3, in the District of Columbia, where Diligence is allegedly headquartered, Compl. ¶ 4, or elsewhere.

- IPOC has offered only a general and uncertain description of the content of the alleged misrepresentation.  IPOC indicates that Diligence and BGR used three "fraudulent means" to perpetrate their wrongs.  Two of those means—"fraud and deceit"—amount to nothing more than redundant and wholly inadequate general averments of fraud.  *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) ("[M]ere allegations of fraud . . . are too conclusional to satisfy the particularity requirement, no matter how many times such accusations are repeated.").  IPOC's description of the third means—"impersonation of United States and/or British intelligence agents"—appears to have more specificity, but in fact is yet another conclusory and inadequate allegation of fraud.  IPOC does not state what Diligence might have said or done to have caused KPMG to believe the unnamed Diligence agent or agents were United States or British intelligence agents.  Indeed, IPOC is not even clear as to whether the alleged impersonation was of a United States agent, a British agent, or both.  *See United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385-86 (D.C. Cir. 1981) (where plaintiff claimed that senator defrauded government by paying staffers for performing personal services for himself and his family, court held that "plaintiff's allegations could hardly have been more generalized and vague.  He . . . left unstated just what personal

4

services they performed . . . ."); *Hayduk*, 775 F.2d at 445 (allegation that defendant " 'fraudulently granted, made and recorded . . . two mortgages affecting the said jointly owned partnership real property' . . . [is] ambiguous as to what act constituted the fraud [and is missing] the required circumstances of the act").

- IPOC has not identified the BGR individual or individuals involved in the alleged fraud. IPOC identifies only the alleged employer of the person or persons—Diligence—who allegedly made the misrepresentations. *See Martin-Baker*, 389 F.3d at 1257 ("The complaint also fails to identify with specificity who precisely was involved in the fraudulent activity. The complaint repeatedly refers generally to 'management' and provides a long list of names without ever explaining the role these individuals played in the alleged fraud . . . .") (citation omitted); *Cannon*, 642 F.2d at 1385-86 (where plaintiff did "not specify which members of the Senator's staff were involved," his allegation "could hardly have been more generalized and vague").

Thus, IPOC's complaint leaves BGR in the dark as to what was said, when and where it was said, and who said it. Without such information, BGR cannot properly investigate the veracity of IPOC's allegation of fraud or prepare its defense to IPOC's claims effectively. *See Firestone v. Firestone*, 76 F.3d 1205, 1211 (D.C. Cir. 1996) ("The reasons behind the particularity requirement [include] . . . providing defendant sufficient information to respond to plaintiff's claims . . . ."); *Cannon*, 642 F.2d at 1385 ("[T]he requirements of Rule 9(b) guarantee all defendants sufficient information to allow for preparation of a response."). Consequently, IPOC's allegation of fraud does not satisfy Rule 9(b).

5

## II.    IPOC'S ENTIRE COMPLAINT SHOULD BE DISMISSED.

The pivotal allegation of misconduct underlying each count in IPOC's complaint is the single allegation of fraud discussed above. Because that allegation of fraud has not been pleaded with particularity under Rule 9(b), the court must disregard it. *Lone Star Ladies*, 238 F.3d at 368 ("The price of impermissible generality is that the averments will be disregarded."). Without that allegation, however, all of IPOC's counts fail as a matter of law to state a claim. Therefore, the court should dismiss IPOC's complaint in its entirety. *See Lone Star Ladies*, 238 F.3d at 368 (After disregarding improperly pleaded averments of fraud, court must "then ask whether a claim has been stated. . . . A district court need not rewrite such a deficient complaint. It may dismiss . . . ."); *see also Martin-Baker*, 389 F.3d at 1259 (affirming dismissal under Rule 9(b)); *Kowal*, 16 F.3d at 1279 (same); *Cannon*, 642 F.2d at 1386 (same); *DiVittorio.*, 822 F.2d at 1248 (same).

IPOC purports to identify several wrongful acts on the part of Diligence and BGR that form the basis of its complaint, but IPOC explicitly links all of them to the alleged fraud. First and foremost, IPOC alleges that "Diligence . . . used fraudulent means . . . *to* infiltrate and/or bribe . . . agents or servants of KPMG FAS, *to* improperly influence the [Bermuda] Investigation, and *to* misappropriate the information [from] KPMG FAS." Compl. ¶ 19 (emphases added); *see also* Compl. ¶¶ 1, 18-20. The only other instances of alleged wrongful conduct on the part of Diligence or BGR that IPOC identifies in its complaint also clearly stem from the alleged fraud: providing to IPOC's "litigation adversaries" the information allegedly misappropriated through fraud, and "leaking" to the press the information allegedly misappropriated through fraud. Compl. ¶ 21.

Each count in IPOC's complaint depends on these and *only* these allegations of misconduct:

6

- *Count I: Tortious Interference with Business Expectancies* – "Diligence and BGR engaged in improper, fraudulent, deceptive and illegal conduct calculated to interfere with IPOC's existing business relationships and expectancies . . . ." Compl. ¶ 27.

- *Count II: Violation of the Computer Fraud and Abuse Act* – "[O]ne or more agents of Diligence and/or BGR, intentionally and with intent to defraud, accessed . . . one or more KPMG FAS Computers and thereby obtained information and documents related to the Investigation . . . ." Compl. ¶ 31.

- *Count III: Procuring Information by Improper Means* – "Diligence and BGR procured by improper and illegal means information about IPOC's business that was held by KPMG FAS . . . ." Compl. ¶ 37. "The information about IPOC's business was procured by Diligence and BGR from KPMG FAS for the purpose of advancing rival business interests and was used and disclosed by Diligence and BGR for the purpose of advancing such rival business interests." Compl. ¶ 38.

- *Count IV: Tortious Interference with Contractual Relations* – "BGR and Diligence intentionally and maliciously induced and/or procured a breach of the Agreement between IPOC and KPMG FAS" to "hold strictly confidential all information" that IPOC provided to KPMG for the Investigation. Compl. ¶¶ 41, 43.

- *Count V: Common Law Unfair Competition* – "Diligence and BGR . . . breached the duty to compete fairly by using bribery, deceit and other misconduct to misappropriate IPOC's business information." Compl. ¶ 46. "Diligence and BGR exploited and misused the stolen IPOC business information for the a [sic] benefit of IPOC's litigation adversaries and commercial rivals." Compl. ¶ 47.

7

Diligence's and BGR's conduct "includes . . . interference with the [Bermuda] Investigation of IPOC's business, intimidation of employees and agents of KPMG FAS in the course of the Investigation of IPOC's business, impersonation of United States and/or British agents and bribery."  Compl. ¶ 48.

- *Count VI: Common Law Conspiracy* – This claim incorporates by reference the alleged wrongdoing in the other six counts.  Compl. ¶ 51.

- *Count VII: Unjust Enrichment* – This claim incorporates by reference the alleged wrongdoing in the Counts I–V, and points to Diligence's and BGR's alleged "wrongfully obtain[ing the information] and . . . attempts to wrongfully influence KPMG FAS' Investigation and the Zurich arbitration."  Compl. ¶ 55.

Therefore, once the inadequately pleaded allegation of fraud is disregarded, *none* of IPOC's counts states a claim for relief as a matter of law because there is *no* remaining validly pleaded wrongful conduct on which the counts can be based.  As noted above, each of these causes of action depends upon the allegation that Diligence defrauded KMPG into providing confidential information that KPMG received or generated in the course of investigating IPOC on behalf of the Bermuda government.  Because this allegation does not meet the standards of Rule 9(b), the Court should dismiss IPOC's complaint in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should dismiss IPOC's complaint in its entirety pursuant to Rule 9(b).

July 19, 2006                                   Respectfully submitted,

/s/ Charles J. Cooper
_____
Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street NW
Washington, DC 20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*