UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DILIGENCE, LLC ) <br> ) <br> and ) <br> ) <br> BARBOUR GRIFFITH & ROGERS, LLC ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06-1109 <br> (PLF) |

**ANSWER OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC**

Defendant Barbour Griffith & Rogers LLC ("BGR"), by its undersigned attorneys, answers the numbered paragraphs of plaintiff's complaint as follows:

**NATURE OF THE CASE**

1. BGR admits the allegation contained in the first sentence of this paragraph. BGR lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of this paragraph. The third and fourth sentences of this paragraph state legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the assertions contained in these sentences with respect to Diligence LLC ("Diligence"), and BGR denies the allegations contained in these sentences with respect to BGR. BGR lacks sufficient knowledge to admit or deny the allegations contained in the fifth sentence of this paragraph.

2. BGR admits that plaintiff seeks the relief identified in this paragraph. The first sentence of this paragraph states legal conclusions, to which no answer is required; to the extent an answer

is required, BGR lacks sufficient knowledge to admit or deny the conclusions contained in this sentence with respect to Diligence, and BGR denies the allegations contained in this sentence with respect to BGR. BGR denies that this case is related to any civil case pending before the Court because Civil Action No. 05-2204 is no longer pending.

## THE PARTIES

3.      BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

4.      BGR lacks sufficient knowledge to admit or deny the allegations contained in the first sentence of this paragraph. With respect to the second sentence of this paragraph, BGR admits that Diligence describes itself on its website as comprising former members of the Central Intelligence Agency and Britain's MI5 Intelligence Service, but lacks sufficient knowledge to admit or deny the remaining allegations contained in this sentence.

5.      BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

6.      BGR denies that Ed Rogers is on the Advisory Board of Diligence, but admits the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7.      BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

8.      BGR admits the allegation contained in this paragraph, but BGR is also a citizen of other jurisdictions.

9.      This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny that the Court has subject

matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), but admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count II.

10.     BGR admits that venue is proper in this Court as to itself, but lacks sufficient knowledge to admit or deny whether venue is proper in this Court as to Diligence, and therefore denies the allegation in this paragraph.

## FACTUAL BACKGROUND

11.     BGR admits that IPOC has been engaged in worldwide court and arbitration proceedings to gain a stake in the Russian mobile telephone operator MegaFon, but lacks sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

12.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

13.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

14.     BGR admits the allegations contained in this paragraph.

15.     BGR admits the allegation contained in the first sentence of this paragraph, but lacks sufficient knowledge to admit or deny the allegations contained in the second, third, and fourth sentences contained in this paragraph.

16.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

17.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

18.     This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR denies the allegations contained in this paragraph.

19. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR can neither admit nor deny the allegations contained in this paragraph because they are not pleaded with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

20. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR can neither admit nor deny the allegations contained in this paragraph because they are not pleaded with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

21. The first sentence of this paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR can neither admit nor deny the allegation that Diligence was acting on behalf of BGR when it engaged in the alleged fraudulent activity because that activity has not been pleaded with sufficient particularity as required by Federal Rule of Civil Procedure 9(b), and BGR lacks sufficient knowledge to admit or deny the allegation that Diligence provided business information to IPOC's litigation adversaries. BGR lacks sufficient knowledge to admit or deny the allegations contained in the second and third sentences of this paragraph.

22. BGR admits the allegations contained in this paragraph.

23. BGR admits that, in its suit against Diligence, KPMG FAS made the allegations described in this paragraph.

**COUNT I: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES**

24. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

25.     This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR denies the assertions contained in this paragraph.

26.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and denies the allegations contained in this paragraph as to BGR.

27.     This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

28.     This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

## COUNT II: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

29.     BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

30.     BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

31.     This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

32. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

33. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

34. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

## COUNT III: PROCURING INFORMATION BY IMPROPER MEANS

35. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

36. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

37. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

38. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

39. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

**COUNT IV: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

40. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

41. BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph.

42. BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

43. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

44. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in

this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

### COUNT V: COMMON LAW UNFAIR COMPETITION

45. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

46. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

47. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

48. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

49. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

## COUNT VI: COMMON LAW CONSPIRACY

50. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

51. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR denies the assertions contained in this paragraph.

52. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR denies the assertions contained in this paragraph.

53. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR denies the assertions contained in this paragraph.

## COUNT VII: UNJUST ENRICHMENT

54. BGR restates its answer to each and every allegation incorporated by reference in this paragraph.

55. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

56. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

57. This paragraph asserts legal conclusions, to which no answer is required; to the extent an answer is required, BGR lacks sufficient knowledge to admit or deny the allegations contained in

this paragraph as to Diligence, and BGR denies the allegations contained in this paragraph as to BGR.

## DEFENSES

BGR hereby asserts the following defenses without assuming any burden of proof that IPOC would otherwise bear.

### DEFENSE I: FAILURE TO PLEAD FRAUD WITH PARTICULARITY

As a matter of law, all of IPOC's counts, the gravamen of which is fraud, fail because they have not been pleaded with sufficient particularity as required by Federal Rule of Civil Procedure 9(b).

### DEFENSE II: FAILURE TO STATE A CLAIM

As a matter of law, all of IPOC's counts fail to state a claim upon which relief can be granted.

### DEFENSE III: NOT ENTITLED TO ATTORNEY FEES

As a matter of law, IPOC is not entitled to attorney fees, which it requests in paragraph F of its Prayer for Relief.

July 20, 2006            Respectfully submitted,

/s/ Charles J. Cooper

Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street NW
Washington, DC 20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*