IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH ) <br> FUND LIMITED ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> DILIGENCE LLC, et al. ) <br> ) <br> *Defendants*. ) <br> ) | Civil Action No. 06-1109 (PLF) |

**MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S MOTION
TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

Defendant Diligence, Inc. ("Diligence"), by and through undersigned counsel, respectfully moves this Court to stay discovery in this matter pending resolution of Defendant's Motion to Dismiss filed concurrently herewith and of the Motion of Defendant Barbour Griffith & Rogers LLC to Dismiss for Failure to Plead Fraud With Particularity filed on July 19, 2006.

**INTRODUCTION**

As detailed in in Diligence's Motion to Dismiss, this action should be dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted for the following reasons; *first*, that Count I it fails to state any computer loss or damage compensable under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.; *second*, each common law claim is preempted by the District of Columbia's Uniform Trade Secrets Act ("UTSA"), D.C. Code § 36-401 et seq.; and *third*, even absent UTSA

preemption, each of Plaintiff's common law counts fails to state under well-settled caselaw.

By separate motion filed July 19, 2006, Defendant Barbour Griffith & Rogers LLC moved to dismiss this case in its entirety for failure to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

This Court has broad discretion to manage discovery in cases pending before it, including staying discovery where appropriate. Whereas allowing discovery prior to a ruling on the two pending motions to dismiss would create a substantial risk of wasting the resources of the parties and the Court, Plaintiff will not suffer any appreciable harm from a discovery stay, especially in light of Plaintiff's own proposal that the discovery period in this action extend an entire calendar year, through July 14, 2007.

## **ARGUMENT**

As this Court has noted, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citing multiple federal cases in which discovery stayed pending resolution of a dispositive motion); Anderson v. United States Attorneys Office, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("[d]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint

is pending") citing Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974)).

A stay of discovery pending resolution of both motions to dismiss is consistent with the purposes of Federal Rules of Civil Procedure 9(b) and 12(b)(6)—namely, conserving judicial and party resources by dismissing at the outset fatally flawed complaints. Indeed, it is a proper exercise of a district court's discretion to stay discovery pending resolution of a Rule 12(b)(6) motion challenging whether a plaintiff has stated claims upon which relief can be granted or a motion challenging the adequacy of fraud allegations under Federal Rule of Procedure 9(b). See Independent Order of Foresters v. Donald, Lufkin & Jenrette, 157 F.3d 933 (2d Cir. 1998) (district court stayed discovery for three months pending ruling on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b)); Chavous, 201 F.R.D. at 2; Anderson, 1992 WL 159186, at *1.

As noted, Plaintiff's cannot credibly claim any meaningful prejudice from a stay of discovery pending rulings on both pending motions to dismiss. No Scheduling Order has yet been proposed by the parties, or entered by the Court. Indeed, Plaintiff itself has proposed that the parties agree to a discovery period of one year (ending July 14, 2007). There is no indication whatsoever that the parties will not have ample time to complete discovery in the event both pending motions to dismiss are denied.

## **CONCLUSION**

For the foregoing reasons, Diligence respectfully requests that its Motion to Stay Discovery Pending Resolution of Motions to Dismiss be granted.

                                                        Respectfully submitted,

July 20, 2006                                    AEGIS LAW GROUP LLP

By:       /s/ Paul C. Rauser
            Paul C. Rauser (D.C. Bar No. 461722)
            Michael K. Ross (D.C. Bar No. 458573)
            Oliver Garcia (D.C. Bar No. 456600)
            901 F Street, N.W., Suite 500
            Washington, D.C. 20004
            T: 202-737-3500
            F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*