UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DILIGENCE, LLC )<br>)<br>and )<br>)<br>BARBOUR GRIFFITH & ROGERS, LLC )<br>)<br>Defendants. )<br>) | Civil No. 06-1109<br>(PLF) |

### AMENDED MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY

For the reasons stated in the accompanying Memorandum, Defendant Barbour Griffith & Rogers LLC ("BGR") respectfully moves the Court under Federal Rule of Civil Procedure 26(c) for a protective order staying all discovery pending resolution of BGR's Motion to Dismiss for Failure to Plead Fraud with Particularity, BGR's Motion for Judgment on the Pleadings, and Diligence LLC's Motion to Dismiss.[1]

---

[1] Because the relief requested in this motion is the same as the relief requested in Diligence's Motion to Stay Discovery Pending Resolution of Motions to Dismiss, which was filed on July 20, 2006, and because counsel for Diligence conferred with counsel for plaintiff, IPOC International Growth Fund Limited ("IPOC"), prior to filing its motion, counsel for BGR did not confer with counsel for Diligence or IPOC prior to filing its original Motion for a Protective Order Staying All Discovery on July 25, 2006. In an abundance of caution, however, counsel for BGR conferred with counsel for Diligence and IPOC after filing its original motion and now amends its motion to inform the Court of the outcome of those conferences. Counsel for Diligence consents to this motion. Counsel for IPOC does not consent to this motion.

1

July 26, 2006               Respectfully submitted,

                                        /s/ Charles J. Cooper
                                        _____
                                        Charles J. Cooper (D.C. Bar No. 248070)
                                        David H. Thompson (D.C. Bar No. 450503)
                                        COOPER & KIRK, PLLC
                                        Suite 750
                                        555 Eleventh Street NW
                                        Washington, DC 20004
                                        202-220-9600
                                        202-220-9601 (Fax)

                                        *Attorneys for Barbour Griffith & Rogers LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>Plaintiff, )<br>v. )<br>)<br>DILIGENCE, LLC )<br>)<br>and )<br>)<br>BARBOUR GRIFFITH & ROGERS, LLC )<br>)<br>Defendants. )<br>) | Civil No. 06-1109<br>(PLF) |

### MEMORANDUM IN SUPPORT OF THE AMENDED MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY

Defendant Barbour Griffith & Rogers LLC ("BGR") respectfully moves the Court under Federal Rule of Civil Procedure 26(c) for a protective order staying all discovery in this case pending resolution of BGR's Motion to Dismiss for Failure to Plead Fraud with Particularity (the "9(b) Motion"), Diligence LLC's ("Diligence") Motion to Dismiss (the "12(b)(6) Motion"), and BGR's impending Motion for Judgment on the Pleadings (the "12(c) Motion") (collectively, the "Dispositive Motions"). If granted, the Dispositive Motions will result in the dismissal of all claims asserted by plaintiff, IPOC International Growth Fund Ltd. ("IPOC"), solely on the basis of legal defects in its complaint. Therefore, a stay of discovery will protect the Court, the parties, and non-parties who might receive discovery requests from incurring undue burdens and expenses without causing IPOC any prejudice.

Under Rule 26(c), the Court has discretion to "make any order which justice requires to protect a party or person from . . . undue burden or expense." *See White v.*

1

*Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). "It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2, 5 (D.D.C. 2001) (staying discovery pending resolution of dispositive motions).[1] Indeed, " 'discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending,' " for such a stay affords " 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " *Id*. at 2 (quoting *Anderson v. United States Attorneys Office*, No. CIV.A.91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992), and *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)).

Each of the Dispositive Motions, if granted, will thoroughly dispose of all of IPOC's claims against BGR and Diligence solely on the basis of legal deficiencies apparent on the face of IPOC's complaint. First, BGR has demonstrated in its pending 9(b) Motion that IPOC's complaint should be dismissed because all of its counts rest on a single allegation of fraud, and that IPOC has not made that allegation with the requisite particularity under Rule 9(b). Second, Diligence has shown in its pending 12(b)(6) Motion that IPOC's complaint should be dismissed because, for a variety of reasons, each of its counts fails as a matter of law to state a claim upon which relief can be granted.[2]

---

[1] *See, e.g.*, *White*, 909 F.2d at 517 ("[T]he district court did not err by staying discovery prior to issuing the summary judgment rulings."); *Chagnon v. Bell*, 642 F.2d 1248, 1265-66 (D.C. Cir. 1980) (affirming decision to stay discovery pending resolution of motion for summary judgment); *Brennan v. International Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (decision to stay discovery pending resolution of motion for summary judgment "was well within the discretion of the district court").

[2] Specifically, Diligence has shown that "*first*, Count I fails to state any computer loss or damage compensable under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and fails to allege any such fraud with specificity; *second*, each of Plaintiff's common law

And third, BGR will show in its impending 12(c) Motion that IPOC's complaint should be dismissed because, for a variety of reasons, including many of the same reasons that Diligence has identified in its Motion to Dismiss, each of its counts fails as a matter of law to state a claim upon which relief can be granted.[3]  Thus, any burdens or expenses incurred by the parties or the Court to conduct discovery while the Dispositive Motions are pending will be wasted should the Court grant any of the Dispositive Motions.

And discovery will undoubtedly be burdensome and expensive.  During their Rule 26(f) conference, the parties agreed to permit a total of 70 depositions, including 30 by IPOC.  Documentary evidence could be voluminous because the relevant time period might span five years or more.  *See* Compl. ¶¶ 11, 15.  Moreover, the parties will probably need to depose and obtain documents from non-parties in Bermuda, Russia, and other countries, *see, e.g.*, Compl. ¶¶ 1, 3, 11, 21, which is often very difficult and time-consuming, *see, e.g.*, *DiRienzo v. Philip Servs. Corp.* 294 F.3d 21, 30 (2d Cir. 2002) ("unavailability of process to compel unwilling third-party witnesses to appear in the United States" was the "most important problem" in considering whether to dismiss case under doctrine of *forum non conveniens*); *Torreblanca de Aguilar v. Boeing Co.*, 806 F.

---

claims is preempted by the District of Columbia's Uniform Trade Secrets Act ("UTSA"), D.C. Code § 36-401 *et seq.*; and *third*, even absent UTSA preemption, each of Plaintiff's common law counts fails to state a claim under well-settled caselaw."  Mem. in Supp. of Diligence Inc.'s Mot. to Dismiss at 1.

[3] BGR intends to file its 12(c) Motion by August 9, 2006.  For purposes of that motion, all of the allegations in IPOC's complaint will be assumed to be true.  *See, e.g.*, *Jung v. Association of Am. Med. Colls.*, 339 F. Supp. 2d 26, 36 (D.D.C. 2004) (in resolving motion for judgment on the pleadings, "the Court may not rely on facts outside the pleadings and must construe the complaint in the light most favorable to the non-moving party").  Even if there were not already two pending dispositive motions, it would still be appropriate to stay discovery pending resolution of BGR's impending 12(c) Motion.  *See Farmer v. Employment Sec. Comm'n*, 4 F.3d 1274, 1278 (4th Cir. 1993) (district court stayed discovery where, "[a]fter answering the complaint, the defendants moved the district court to stay discovery, asserting that they soon would file dismissal motions which would dispose of the case on legal grounds").

3

Supp. 139, 144 (E.D. Tex. 1992) ("difficulties in obtaining testimony and evidence located in foreign jurisdictions is a strong factor favoring *forum non conveniens* dismissal," and procedures under Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters are "expensive and time-consuming").

  IPOC's failure to plead its claims with particularity as required by Rule 9(b), as BGR has shown in its 9(b) Motion and as Diligence has shown in its 12(b)(6) Motion, adds special weight to the need to stay discovery. Through its particularity requirement, Rule 9(b) "attempts in part to prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (quotation marks omitted) (alteration supplied). Accordingly, courts consistently prevent discovery into allegations of fraud where those allegations have not been made with the particularity required by Rule 9(b). *See, e.g.*, *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005); *United States ex rel. Fisher v. Network Software Assocs.*, 227 F.R.D. 4, 10-11 (D.D.C. 2005). The sense that IPOC's complaint is merely a pretext for discovery is palpable in light of IPOC's assorted failures to state a claim against Diligence or BGR upon which relief can be granted, as described in Diligence's 12(b)(6) Motion and BGR's impending 12(c) Motion.

  On the other hand, staying discovery pending resolution of the Dispositive Motions will not prejudice IPOC. First, the lack of discovery will not put IPOC at a disadvantage in opposing the Dispositive Motions. The Dispositive Motions are based solely on the legal deficiencies in IPOC's complaint; any factual evidence that IPOC might be able to acquire through discovery will be irrelevant to the resolution of the Dispositive Motions. *See, e.g.*, *White*, 909 F.2d at 517 (affirming stay of discovery pending resolution of summary judgment motion where "the record is adequate to

4

determine whether the standards for the grant of summary judgment are met in this case"); *Chagnon v. Bell*, 642 F.2d 1248, 1265-66 (D.C. Cir. 1980) (affirming stay of discovery pending resolution of summary judgment motion where "discovery request [was] not 'relevant' to the question of law before" the court).[4]  Second, the stay of discovery will not impair IPOC's ability to press its case should the Court deny the Dispositive Motions because the stay would persist only until the Dispositive Motions are resolved, and no discovery deadline has yet been set.  *See, e.g.*, *Maljack Prods. v. Motion Picture Ass'n*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, at *2-3 (D.D.C. Oct. 4, 1990) (staying discovery pending resolution of motion to dismiss where "a discovery deadline has not yet been set by the Court [and the defendant] seeks a stay of discovery only for a limited period of time, i.e. until the pending motion to dismiss is decided").  Indeed, that IPOC will not be prejudiced by a stay of discovery is reflected in its proposal during the parties' Rule 26(f) conference that discovery not be completed until July 14, 2007.

In sum, because two thoroughly dispositive motions—including one premised on IPOC's failure to plead its central allegation of fraud with particularity—are pending before the Court and a third is imminent, the Court should stay discovery pending resolution of those motions to ensure that the Court, the parties, and non-parties who

---

[4] *See also Brennan*, 494 F.2d at 1098, 1100 (affirming stay of discovery pending resolution of summary judgment motion where there was no genuine issue of material fact); *Chavous*, 201 F.R.D. at 3 (same); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990) (staying discovery where "[t]he gravamen of the [defendant's] motion for summary judgment is its argument that the Court must determine [a dispositive issue] as a matter of law"); *Maljack Prods., Inc. v. Motion Picture Ass'n*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, at *2-3  (D.D.C. Oct. 4, 1990) (staying discovery pending resolution of motion to dismiss); *cf. NAACP, Western Region v. Hodgson*, 57 F.R.D. 81, 83 (D.D.C. 1972) (declining to stay discovery where, "by moving for summary judgment and simultaneously seeking to stay discovery of matters peculiarly within the defendants' knowledge, the defendants seek to deny plaintiffs access to the very evidence needed to counter fully the motion").

might receive discovery requests are not compelled to shoulder the burden and expense of what in all probability would be wholly unnecessary discovery.

July 26, 2006                    Respectfully submitted,

/s/ Charles J. Cooper
_____
Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street NW
Washington, DC 20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*