UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DILIGENCE, LLC, *et. al.*, | ) ) C.A. No. 1:06CV01109 (PLF) |
| Defendants. | ) ) ) ) |

## JOINT STATEMENT PURSUANT TO RULE 26(f) AND LOCAL RULE 16.3

On July 14, 2006, the parties, by their respective undersigned counsel, met to confer in accordance with Fed. R. Civ. P. 26 and Local Civil Rule 16.3. The parties hereby file their report to the Court outlining the discovery plan and a statement of their agreements and/or respective positions with respect to the matters set forth in Local Civil Rule 16.3(c).

(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

| | |
|---|---|
| Plaintiff's position: | The case is unlikely to be disposed of by dispositive motion. IPOC International Growth Fund Ltd. ("IPOC") opposes a stay of discovery. |
| Defendants' position: | The case is likely to be disposed of by dispositive motion. Diligence, LLC ("Diligence") and Barbour Griffith and Rogers LLC ("BGR") seek a stay of discovery. |

(2)   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

| | |
|---|---|
| Plaintiff's position: | November 14, 2006 |
| Defendants' position: | July 31, 2006 |

(3)  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Plaintiff's position:              Referral to a magistrate judge for discovery motions only.

Defendant Diligence's position:    Referral to a magistrate judge for all purposes, including trial.

Defendant BG&R's position:         Objects to referral to a magistrate judge under 28 U.S.C. § 636(c).

(4)  Whether there is a realistic possibility of settling the case.

All parties agree that there is not a realistic possibility of settling the case at the present time.

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).

Plaintiff and Diligence's position: IPOC and Diligence agree that, while there is no objection to ADR at any point, ADR would be most productive after the close of discovery.

Defendant BGR's position:          Amenable to ADR.

(6)  Dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Plaintiff's position:              Dispositive motions filed by September 14, 2007.

Defendant Diligence's position:    Dispositive motions filed within 60 days after close of discovery.

Defendant BG&R's position:         No date be set yet for filing dispositive motions until after the resolution of Diligence's and BGR's pending dispositive motions. If any counts remain after the Court's resolution of those motions, any further dispositive motions be completed within one month of the close of discovery.

(7)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiff's position:              Initial Disclosures exchanged August 30, 2006.

2

| | |
|---|---|
| Defendant Diligence's position: | Initial Disclosures completed no later than 14 days following denial of all of the initial dispositive motions. |
| Defendant BG&R's position: | No initial disclosures be made pending resolution of Diligence's and BGR's motions to stay discovery. Initial disclosures due one month after the denial of motions to stay discovery. |

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

| | |
|---|---|
| Plaintiff's position: | Discovery should be completed by July 14, 2007. IPOC proposes that discovery continue without a stay during the proposed period because it expects a need to conduct ongoing follow-up discovery and out-of-jurisdiction discovery likely will be requested. |
| Defendant Diligence's position: | Discovery completed nine months after resolution of Diligence's 12(b)(6) motion. |
| Defendant BG&R's position: | Discovery be completed nine months after resolution of Diligence's 12(b)(6) motion and BGR's 9(b) and 12(c) motions. |

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

| | |
|---|---|
| Plaintiff's position: | Disclosure of Plaintiff's experts on April 14, 2007<br>Disclosure of Defendants' experts on May 14, 2007<br>Depose experts by June 30, 2007 |
| Defendants' position: | Plaintiff's expert disclosures due six months after denial of Diligence's 12(b)(6) motion and BGR's 9(b) and 12(c) motions.<br><br>Defendants' expert disclosures due seven months after denial of Diligence's 12(b)(6) motion and BGR's 9(b) and 12(c) motions. |

> Expert depositions completed eight months after denial of Diligence's 12(b)(6) motion and BGR's 9(b) and 12(c) motions.

(10) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that a decision about bifurcation is premature at this time.

(11) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties agree that scheduling the pretrial conference is premature at this time.

(12) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that scheduling the trial is premature at this time.

> Respectfully submitted,
>
> IPOC International Growth Fund Limited

OF COUNSEL:

Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

/s/ Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5996
Fax:   (202) 282-5100
tbroas@winston.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Joint Statement Pursuant To Rule 26(F) And Local Rule 16.3 to be served electronically on:

>Charles J Cooper
>David H. Thompson
>Cooper & Kirk, PLLC
>Suite 750
>555 Eleventh Street, NW
>Washington, DC  20004
>202-220-9600
>202-220-9601 (FAX)
>
>Attorneys for Barbour Griffith & Rogers LLC
>
>Paul C. Rauser
>Aegis Law Group LLP
>Suite 500
>901 F Street, NW
>Washington, D.C.  20004
>202-737-3500
>202-737-3330 (FAX)
>
>Attorney for Diligence, LLC

                          ___/s/_____
                          Carol A. Joffe

DC:473747.6