**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH ) | |
| FUND LIMITED ) | |
| ) | Civil Action No. 06-1109 (PLF) |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| DILIGENCE LLC, et al. ) | |
| ) | |
| *Defendants.* ) | |
| _____ ) | |

**DILIGENCE INC.'S PROPOSED DISCOVERY PLAN**
**AND LOCAL CIVIL RULE 16.3 STATEMENT**

Defendant Diligence, Inc. ("Diligence"), by and through undersigned counsel, respectfully submits its Proposed Discovery Plan pursuant to Local Civil Rule 16.3.

After being served with the Complaint in this matter, undersigned counsel requested from Plaintiff a 14-day extension of time to answer or otherwise respond to the Complaint (i.e., July 20, 2006). Plaintiff indicated that it would consent to the extension only if all parties agreed to hold the Rule 26(f) conference on July 14, 2006. Rather than burden the Court with motions practice over an extension request, Diligence –along with Defendant Barbour Griffith & Rogers LLP ("BGR")—agreed to hold the Rule 26(f) conference on July 14, 2006, while reserving Diligence's right to move to dismiss the complaint and stay discovery pending a ruling on that motion. At the Rule 26(f) meeting, counsel for all parties discussed the matters set forth in Local Civil Rule ("LCvR") 16.3(c). The parties were unable to reach agreement on all of

these matters; accordingly, Diligence, respectfully submits this Proposed Discovery Plan setting forth its position on discovery and each issue identified in LCvR 16.3(c).

I. **DISCOVERY IN THIS CASE—AND ISSUANCE OF A SCHEDULING ORDER— SHOULD BE STAYED PENDING RULINGS ON THE MOTIONS TO DISMISS.**

Since the Rule 26(f) conference, each Defendant has filed a motion to dismiss this case in its entirety. Specifically, on July 19, 2006, BGR filed a Motion to Dismiss for Failure to Plead Fraud With Particularity. The following day, Diligence filed a separate Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. As even a preliminary review of the motion papers will reveal, each pending motion to dismiss raises serious and substantial challenges to the legal sufficiency of the Complaint. Either motion, if granted, would result in dismissal of the entire Complaint.

Concurrently with the filing its motion to dismiss, Diligence filed a motion to stay discovery pending resolution of its motion to dismiss. On July 25, 2006, BGR filed its own (amended) motion for a protective order staying all discovery until the Court has ruled on the two pending motions to dismiss and the motion for judgment on the pleadings that BGR has indicated it will file shortly.

For the reasons set forth in greater detail in Diligence's motion to stay, and BGR's motion for a protective order—both of which are hereby incorporated by reference—Diligence respectfully suggests that discovery in this matter should not commence until both pending

motions to dismiss have been ruled upon by the Court.  Notably, Local Civil Rule 16.3(c) expressly contemplates a stay of discovery where, as here, a dispositive motion is pending that could resolve the case in its entirety.  <u>See</u> LCvR 16.3(c)(1) (where a dispositive motion is pending, the parties are to "recommend to the court [whether] discovery or other matters should await a decision on the motion").

       The interests of justice tilt sharply in favor of a stay.  Whereas a stay would promote efficiency by avoiding unnecessary expenditures of resources by the parties, non-party witnesses,[1] and the Court, Plaintiff will not suffer any appreciable prejudice from a stay.  In its separate Rule 16.3 statement filed today, Plaintiff proposes a <u>one year</u> discovery period (ending July 14, 2007), with a dispositive motions deadline of September 14, 2007.  Plaintiff further proposes that Initial Disclosures be delayed until August 30, 2006 – almost two and one-half months after filing on this Complaint.  As highlighted by Plaintiff's own proposals to the Court, therefore, there is nothing to suggest that this case must proceed on an urgent timetable.

       In addition to staying discovery, Diligence respectfully suggests that issuance of a Scheduling Order should likewise follow rulings on the pending dispositive motions.  This will avoid the clock ticking on Scheduling Order deadlines during the pendency of dispositive motions.

---

[1] Plaintiff has already commenced non-party discovery; indeed, it did so within hours of the Rule 26(f) conference.

## II.     DILIGENCE'S POSITION ON THE MATTERS LISTED IN LCvR 16.3.

1.     **Pending Dispositive Motions**—As noted in Section I above, there are two pending dispositive motions, either of which, if granted, would dismiss the Complaint in its entirety. Diligence believes this case is likely to be disposed of by these dispositive motions. Accordingly, Diligence's position is that "discovery [and] other matters should await a decision on" these dispositive motions. LCvR 16.3(c)(1).

2.     **Deadline for Amending Pleadings**—Diligence's position is that, in the event both pending dispositive motions are denied, the deadline for amending pleadings should be 60-days thereafter.

3.     **Referral to a Magistrate Judge**—Diligence has no objection to this case being assigned for all purposes to a Magistrate Judge.

4.     **Prospects for Settlement**—Diligence does not believe that there is any realistic possibility of settling this case at this time.

5.     **Alternative Dispute Resolution**—Although Diligence would not object to to this case being referred the Court's mediation program earlier, it is Diligence's position that mediation would be more fruitful following completion of discovery and rulings on dispositive motions filed before the dispositive motion deadline.

6. **Dispositive Motions**—As noted above, Diligence views it as likely that this case can and will be resolved on dispositive motion. Diligence respectfully proposes that the dispositive motion deadline be 60 days after the close of discovery.

7. **Initial Disclosures**—Diligence's position is that, in the event both pending dispositive motions are denied, the deadline for Initial Disclosure should be 14 days thereafter.

8. **Discovery**—

   (a) **Scope**—At the Rule 26(f) conference, all parties agreed that Plaintiff should have a limit of 30 depositions, and that Defendants should have a limit of 40 depositions collectively (with such 40 depositions apportioned between the Defendants by mutual agreement of the Defendants).

   (b) **Protective Order**—Diligence's position is that a Protective Order is appropriate in this case.

   (c) **Discovery Cutoff Date**—Plaintiff has proposed a discovery cutoff date of July 14, 2007. Diligence's position is that, in the event both pending dispositive motions are denied, the deadline for completing discovery should be 9 months thereafter.

9. **Expert Deadlines**—Diligence does not anticipate at this time that it will use any testifying expert witnesses.

10. **Rule 23 Proceedings**—Not applicable.

11. **Bifurcation of Trial**—Diligence's position is that there is no need or basis to bifurcate a trial on the merits.

12. **Pretrial Conference**—Diligence respectfully proposes that the Pretrial Conference be scheduled to take place after the Court to decide any dispositive motions filed before the dispositive motions deadline.

13. **Trial Date**—Diligence's position is that a Trial Date should be set at the Pretrial Conference.

14. **Other Matters**—Not applicable.

Respectfully submitted,

July 28, 2006              AEGIS LAW GROUP LLP


By:      /s/ Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*