UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 1:06CV01109 (PLF) |
| | ) | |
| DILIGENCE, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF IPOC'S OPPOSITION TO DEFENDANT DILIGENCE'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS

Plaintiff, IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby

opposes the Motion to Stay Discovery Pending Resolution of Motions to Dismiss filed by

Defendant Diligence, Inc.[1] ("Diligence"):

## INTRODUCTION

Diligence's Motion to Stay ("Motion") seeks to stay discovery while its Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Defendant Barbour Griffith and Rogers LLC's

("BGR") Motion to Dismiss pursuant to Fed. R. Civ. P. 9(b) are pending. The Motion to Stay

should be denied because Diligence waived the right to seek this relief by agreeing to a Consent

Order that allowed Diligence an extension of time to file its answer, but specifically provided

that the agreed-upon extension would not postpone any other obligation or waive any discovery.

Having agreed to the terms of the Consent Order, Diligence should not be allowed to alter those

terms now. Diligence's Motion should also be denied because Diligence cannot meet the legal

standards required for a stay of discovery during the pendency of a motion to dismiss. There is a

---

[1]     Although Diligence is named in the Complaint as "Diligence LLC," Diligence filed its motion to dismiss in the name of "Diligence, Inc." Diligence does not assert that IPOC named the wrong party.

presumption that discovery should proceed absent a strong justification for a stay. Rather than offer such a strong justification for a stay, Diligence seeks only to "stonewall." For these reasons, the Motion to Stay should be denied.

## FACTUAL BACKGROUND

The facts underlying this case are identical to those underlying the related case *KPMG FAS v. Diligence*, Civil Action No. 05-2204 (PLF) (the "KPMG FAS Case"). The KPMG FAS Case was filed in this Court under seal on November 10, 2005. In that case, KPMG Financial Advisory Services ("KMPG FAS") alleged that agents of Diligence had posed as British MI5 or United States intelligence agents to access certain materials that KPMG FAS had obtained or generated in the course of conducting a confidential investigation regarding IPOC on behalf of the Minister of Finance of Bermuda.

In the KPMG FAS Case, Diligence and BGR worked together to develop strategies, including a strategy to avoid disclosure of their own wrongdoing.[2] Internal emails reveal that Diligence and BGR agreed on a strategy of "stonewall[ing]" because "[i]f [the] judge accepts jurisdiction and agrees to expedited discovery, things will deteriorate in very short order." *See* Exhibit 1. Despite Diligence and BGR's "stonewalling," discovery ensued in the KPMG FAS Case after the Court denied Diligence's Motion to Dismiss. Diligence and BGR—both defendants in this action—each produced documents and gave depositions in the KPMG FAS Case.

Diligence and BGR's "stonewalling" plan continued to have effect, however, because the public file of the case was redacted according to stipulations of the parties. On June 20, 2006,

---

[2]    BGR is a defendant in this case, but was not a defendant in the KPMG FAS Case.

the KPMG FAS Case was settled and dismissed.  The public record of the KPMG FAS Case remains redacted, concealing many of the facts of Diligence's wrongdoing.

Drawing on the same facts that underlie the KPMG FAS Case, IPOC filed this action against Diligence and BGR on June 15, 2006, and served Defendants with the Summons and Complaint the following day.  Not surprisingly, in IPOC's case, just as in the KPMG FAS Case, "stonewalling" continues to be the preferred *modus operandi* of Diligence and BGR.

Under Fed. R. Civ. P. 12, Diligence and BGR were required to file answers or move to dismiss IPOC's Complaint no later than July 7, 2006.  Defendants, however, sought an extension of time to answer and, on June 29, 2006, at Defendants' request, the parties filed a Consent Motion for Extension of Time requesting the Court to enter the following Order:

> the deadline for the Defendants to file an answer to the complaint be, and the same hereby is, extended until July 20, 2006; *provided that this extension of time does not postpone any other obligations or waive any discovery in the case,* including the Rule 26(f) conference, which shall occur at 10:00 a.m. on July 14, 2006, at the offices of Plaintiff's counsel.

(Emphasis added).  The Court entered the Consent Order on June 30, 2006.

On July 14, 2006, the parties held their Rule 26(f) conference.  Within hours after the conference, Diligence—the first party to serve discovery in the case—served upon IPOC interrogatories, document requests, and six notices of deposition.  On the same day, IPOC served a subpoena on Hughes, Hubbard and Reed LLP ("HHR"), the law firm that represented KPMG FAS in the KPMG FAS Case  ("HHR Subpoena").  A copy of the HHR Subpoena was emailed to counsel for Diligence and BGR on July 14, 2006 at 3:27 p.m., before HHR was served. Exhibit 2.

In the HHR Subpoena, IPOC sought production of, *inter alia*, the discovery produced in the KPMG FAS Case, as well as unredacted versions of the pleadings in the KPMG FAS Case.

Shortly thereafter, IPOC also served document requests on Diligence and BGR, seeking extensive details relevant to the facts of the instant case.  Notwithstanding that Diligence had been the first party to serve discovery on IPOC, Diligence swiftly moved to stay discovery in an attempt to block IPOC from obtaining material responsive to its legitimate requests.

On July 19, 2006, BGR filed a Motion to Dismiss for Failure to Plead Fraud with Particularity under Rule 9(b).  On July 20, 2006, Diligence filed a Rule 12(b)(6) Motion to Dismiss along with this Motion to Stay Discovery pending the Court's determination of the two motions to dismiss.

On July 31, 2006, 17 days after it had been served with the HHR Subpoena, Diligence filed what it titled an "emergency" motion seeking to immediately stay all discovery, including the production of documents by HHR.[3]

In its Motion to Stay, Diligence asserts that a stay of discovery should issue as a matter of course, that such a stay will avoid a "waste" of resources, and that such a stay will not prejudice IPOC.  Diligence is wrong on all counts.

## ARGUMENT

**A.    Diligence Has Waived Its Right to Seek a Stay of Discovery Pending a Motion to Dismiss.**

Both Diligence and BGR already agreed that discovery will go forward without a stay. The June 30, 2006 Consent Order extended the time in which Defendants could file an answer "provided that the extension of time to file the answer does not postpone any other obligations or

---

[3]    IPOC will file a response to the emergency motion separately.

4

waive any discovery."[4]    Diligence's Motion to Stay Discovery seeks relief that would directly contravene—and actually eviscerate—the agreed terms of the Consent Order.

Diligence also waived its right to seek a stay of discovery because on July 14, 2006, within hours after the parties' Rule 26(f) conference, Diligence served on IPOC voluminous discovery requests, including interrogatories, document requests and six deposition notices. Diligence knew when it served its discovery that IPOC's responses would be due on August 13, 2006 and that Diligence had noticed six depositions during the period August 16-28, 2006.

The service of extensive discovery by Diligence on July 14, 2006, six days before it filed its motion to stay, demonstrates that Diligence was not at all concerned that the continuation of discovery pending resolution of motions would either waste resources or be onerous. After Diligence had served its voluminous discovery upon IPOC, however, Diligence learned of the HHR Subpoena. It was then, when Diligence realized that the production of the documents that IPOC sought from HHR would unmask Diligence's wrongdoing, that Diligence quickly did an about-face and sought a stay of discovery.

Diligence's delay tactics are calculated to block IPOC from all avenues of redress for the improper activities that Diligence and BGR committed. Now that Diligence has taken the benefits it sought under the Consent Order—additional time to prepare its papers—Diligence should be estopped from disregarding other provisions of the Consent Order, specifically the assurance that discovery would not be delayed. The Court should not approve Diligence's bait-and-switch tactics.    Nor should the Court condone Diligence's continued strategy of "stonewalling" to hide Diligence's wrongdoing from IPOC and the public, just as Diligence did in the KPMG FAS Case.

---

[4]    It should also be noted that Diligence did not file an answer as permitted by the Consent Order, but instead filed an extensive and untimely Motion to Dismiss.

B.      **Legal Standard for Stay of Discovery.**

"[A] pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *People with AIDS Health Group, v. Burroughs Wellcome Co.,* 1991 WL 221179, *1 (D.D.C. Oct. 11, 1991) (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau,* 124 F.R.D. 652, 653 (D. Nev. 1989)). "The party seeking to stay discovery has the burden of justification." *Id.* (quoting *Continental Illinois Bank & Trust Co. v. Caton,* 130 F.R.D. 145, 148 (D. Kan. 1990)). A stay of discovery is not ordinarily justified by assertions that discovery will be unduly burdensome or because dispositive motions are pending. *Id.*

C.      **Diligence Has Not Met Its Burden to Justify a Stay of Discovery.**

Diligence proposes three justifications for staying discovery in this case: (1) the Court has discretion to stay discovery; (2) staying discovery would avoid "wasting the resources of the parties and the Court;" and (3) IPOC will not suffer any "appreciable harm" from a stay of discovery. Motion at 2. None of these purported justifications succeed.

As to its first argument, Diligence suggests that a stay of discovery is always appropriate when there is a pending motion to dismiss. Motion at 2-3. That is not the law. To the contrary, discovery should proceed while motions to dismiss are pending unless the party seeking the stay makes a strong showing that a stay is justified. *People with AIDS Health Group, v. Burroughs Wellcome Co.,* 1991 WL 221179, *1 (D.D.C. Oct. 11, 1991); *see Moss v. Hollis,* 1990 WL 138531 (D. Conn. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision."). Indeed, "[s]uch motions for stay [of discovery pending the outcome of a motion to dismiss] are generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied." *Dickson v. Chicago Allied Warehouses, Inc.,* No. 90 C 6161, 1993

WL 362450, at *11 (N.D. Ill. Sept. 15, 1993). As the moving party, Diligence must justify the purported need for a stay of discovery. *People with AIDS Health Group,* 1991 WL 221179, at *1.

Diligence's contention that resources of the parties and the Court would be "wasted" if discovery proceeds during the pending motions to dismiss fares no better. Diligence asserts that this case should be dismissed "in its entirety" in light of Diligence's Rule 12(b)(6) motion and BGR's Rule 9(b) motion, and thus, any discovery in the meantime would be a "waste." Motion at 1, 2. IPOC's oppositions to those motions, however, show that Diligence's prediction of dismissal is unfounded. In any event, this Court has explained that "mere allegations that resources will be conserved by granting the stay," combined with "a bald assertion that [a pending] motion to dismiss will be granted" are not enough to justify a stay of discovery. *People with AIDS Health Group,* 1991 WL 221179, at *1; *see also Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.,* No. 99 C 3223, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999) ("[w]e see no reason to shut down discovery for three weeks, only to start it back up again should defendant's motion [to dismiss] fail"); *id.* ("the grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint"). In short, "bare assertions that discovery . . . should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Continental Illinois Bank & Trust Co. v. Caton,* 130 F.R.D. 145, 148 (D. Kan. 1990). Diligence's justification for a stay of discovery, therefore, is no justification at all.

Diligence's third argument—that IPOC would not suffer "appreciable harm" from a discovery stay—again is unsubstantiated. Diligence theorizes that IPOC will not be prejudiced because IPOC has proposed that discovery remain open until July 14, 2007. Motion at 2.

IPOC's proposal regarding the length of discovery is based upon IPOC's estimate of how long it might take to complete discovery in the face of Diligence and BGR's stated plan to "stonewall." IPOC's position on the close of discovery should have no bearing on whether discovery should be stalled before it has the chance to begin. As noted above in the Factual Background, Diligence has hidden material facts about this case from IPOC through the use of various strategies, including redaction of the record in the related KPMG FAS Case. Delay of discovery will prejudice IPOC's attempt to obtain redress for the wrongs that Diligence and BGR have committed.

This continuing prejudice to IPOC distinguishes this matter from the cases that Diligence cites in its Motion. *See* Motion at 2-3 (citing *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3-4 (D.D.C. 2001); *Anderson v. United States Attorneys' Office*, 1992 WL 159186 (D.D.C. June 19, 1992); *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)). Diligence's reliance on *Chavous* is particularly misplaced. The critical fact supporting the court's decision to grant a stay of discovery in that case was that the plaintiffs had already moved for summary judgment. *Chavous*, 201 F.R.D. at 3. The court specifically distinguished *People With AIDS Health Group* on this ground, and noted as well the "significant privilege issues presented by the plaintiffs' discovery requests." *Id.* n.4. *Chavous* does not control this case, because (1) IPOC has not moved for summary judgment or otherwise suggested that it does not need discovery, and (2) Diligence has not asserted that IPOC's discovery requests raise any "significant privilege issues."

D.    **Diligence Has Not Shown a Strong Likelihood that the Pending Motions To Dismiss Will Succeed.**

Defendants challenge neither the Court's subject-matter or personal jurisdiction nor the

venue. Further, as demonstrated in IPOC's Opposition to Defendant Barbour Griffith & Rogers LLC's to Dismiss for Failure to Plead Fraud With Particularity and IPOC's Opposition to Motion of Diligence to Dismiss, Defendants' motions are unlikely to dispose of IPOC's Complaint. *People With Aids Health Group v. Burroughs Welcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991); *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Therefore, Diligence has not shown a strong likelihood that the motions to dismiss will succeed.

E.    **Diligence Has Not Shown that Discovery Will be Onerous.**

Diligence has not shown that discovery would be unduly burdensome. Diligence does not claim—and there is no reason to believe—that it would be difficult to gather and produce documents responsive to IPOC's discovery requests. Presumably, Diligence already gathered much of the responsive information in the course of discovery in the KPMG FAS Case. Responding to IPOC's discovery requests should require little more than producing documents and information that Diligence already gathered once before.

Diligence has now filed a motion for expedited treatment of its Motion to Stay Discovery and also seeks to block the production by HHR, a third party, of documents related to the KPMG FAS Case that are directly relevant to this case. HHR is prepared to produce the documents immediately, but Diligence has taken an aggressive position causing HHR to conclude that it should await the outcome of Diligence's Motion to Stay before producing the materials. Obviously, the production of documents by a third party subjects Diligence to no burden whatsoever.

It should be noted that, Diligence's "emergency" motion notwithstanding, Diligence has yet to file a motion to quash the HHR Subpoena. Diligence is attempting to use its Motion to

Stay Discovery to stop HHR from producing documents, even though Diligence has never filed a motion to quash the HHR Subpoena, and the HHR Subpoena was in Diligence's hands on July 14, 2006, 17 days ago. Production was scheduled for July 24, 2006, but Diligence did not file a motion to quash before the return date. Instead, Diligence waited until this morning, July 31, 2006, and then filed what it alleges to be an "emergency" motion for expedited consideration of its previously filed Motion to Stay. This situation is not an "emergency" and, if it were, it would be an emergency of Diligence's own making.

It is now apparent that Diligence's true reason for seeking a stay of discovery is to prevent IPOC from obtaining additional information about Defendants' misconduct. But "stonewalling" is not a valid justification, much less a "strong" justification for a stay of discovery. Because Diligence has failed to meet its burden to make a "strong showing" of justification for a stay, the Motion to Stay should be denied.

## CONCLUSION

For the foregoing reasons, Diligence's Motion to Stay Discovery should be denied.

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND
LIMITED

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:    (312) 558-5858
Fax:    (312) 558-5700
kanderson@winston.com

/s/ Carol A. Joffe
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:    (202) 282-5996
Fax:    (202) 282-5100
tbroas@winston.com

*Attorneys for IPOC International Growth Fund Limited*

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2006, I caused the foregoing Opposition to Diligence's Motion To Stay Discovery Pending Resolution Of Motions to Dismiss to be served electronically, via the Court's electronic filing system, on:

Charles J Cooper
David H. Thompson
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street, NW
Washington, DC 20004
202-220-9600
202-220-9601 (FAX)

*Attorneys for Barbour Griffith & Rogers LLC*

Paul C. Rauser
AEGIS LAW GROUP LLP
Suite 500
901 F Street, NW
Washington, D.C. 20004
202-737-3500
202-737-3330 (FAX)

*Attorney for Diligence, LLC*

___/s/_____
Carol A. Joffe