**EXHIBIT 2**

**From:** Joffe, Carol
**Sent:** Friday, July 14, 2006 3:27 PM
**To:** David Thompson (E-mail); P Rauser (E-mail)
**Subject:** IPOC v Diligence

Attached is a copy of a subpoena in the above-specified case.

Carol A. Joffe
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5996
(202) 282-5100 (Fax)
cjoffe@winston.com



Adler Subpoena.pdf

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH FUND, Plaintiff,
v. DILIGENCE LLC AND BARBOUR GRIFFITH & ROGERS, LLC, Defendants.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER[1] 1:06CV01109-PLF

**TO:** Hughes Hubbard & Reed LLP
c/o Derek J. Adler
1775 I Street, N.W.
Washington, D.C. 20006-2401

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the documents and objects described on Exhibit A hereto at the place, date, and time specified below.

| PLACE | DATE AND TIME |
|---|---|
| Winston & Strawn LLP, 1700 K Street, N.W., Washington, D.C. 20006 | July 24, 2006   10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT | DATE |
|---|---|
| *Carol A. Joffe* — Attorney for Plaintiff | July 14, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Carol A. Joffe, Winston & Strawn, 1700 K Street, N.W., Washington, D.C 20006-3817, (202) 282-5996

(See Rule 45, Federal Rules of Civil Procedure, Parts C&D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Diligence LLC" shall mean Diligence LLC and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons purporting to act on its behalf.

2. "BGR" or "Barbour Griffith & Rogers " shall mean Barbour Griffith & Rogers, LLC and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons purporting to act on its behalf.

3. LVFG shall mean LV Finance Group Ltd and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons purporting to act on its behalf.

4. "Plaintiff" or "IPOC" shall mean IPOC International Growth Fund Limited and any of its predecessor, successors, subsidiaries, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

5. "KPMG FAS" or "KPMG Financial Advisory Services" shall mean KPMG Financial Advisory Services Limited and any of its predecessor, successors, subsidiaries, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

6. "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

7. "Document(s)" shall include all writings and recordings and shall include, without limitation, any kind of material whatsoever whether it is written, typewritten, printed, graphic, encoded, filmed, or reproduced by any other mechanical or electronic process or stored in computer memory or data bank, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, drawings, designs, data sheets, laboratory notebooks, specifications, schematics, blueprints, recordings, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records, whether or not in Defendant's possession or under Defendant's control, related or pertaining in any way to the subject matter to which the Requests refer, and shall include without limitation, all originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not. This includes email and other documents saved on computers, email in hard-copy form, and any deleted messages which may be retrieved from backup systems or from your Internet service Provider.

8. "Related to" shall mean anything that constitutes, evidences, contains, embodies, reflects, identifies, states, refers to, deals with, or is, in any manner whatsoever, pertinent to that subject.

9. The singular as used herein shall include the plural and the masculine gender shall include the feminine and the neuter.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests, the production of any documents that might otherwise be construed to be outside the scope of any Requests.

11. The term "correspondence" shall mean any exchange of communications in tangible form, including but not limited to, memoranda and letters, between individuals and/or entities, including inter-company and intra-company correspondence or memoranda.

12. The term "communication(s)" shall mean and refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished by person to person, by telephone, by writing, by electronic mail or through another medium, and shall include but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

13. If you contend that the contents of a full and complete response would be protected from disclosure by virtue of a privilege, with respect to any such response state:

   a. Each privilege which you contend protects the response from disclosure;
   b. Each and every fact upon which you rely to support the claim of privilege;
   c. The general subject matter of the response.

## DOCUMENTS TO BE PRODUCED

1. All documents related to the theft of KPMG Financial Advisory Services' materials related to its investigation of IPOC International Growth Fund Ltd at the request of the Minister of Finance of Bermuda;

2. All documents related to the lawsuit captioned *KPMG Financial Advisory Services v. Diligence LLC*, case no. 05-2204 (PLF), United States District Court for the District of Columbia, including but not limited to:

   a. documents produced by any party or third-party;

   b. all discovery requests and responses served by any party or third-party;

   c. electronic and hard-copy of transcripts of each deposition taken in connection with the case;

   d. unredacted copies of all pleadings and documents filed in court;

   e. copies of all correspondence between or among the parties to the case or third-parties related to the case, including, but not limited to:

      i. Barbour, Griffith & Rogers, LLC or its counsel; and

      ii. LVFG or its counsel;

   f. all documents related to Diligence LLC;

   g. all documents related to IPOC International Growth Fund Ltd.;

   h. all documents related to KPMG Financial Advisory services that were delivered or otherwise left at the Montvale, New Jersey office of a KPMG LLP on or about October 18, 2005.

3. All documents related to the facts alleged in the Complaint filed in *KPMG Financial Advisory Services v. Diligence LLC*, case no. 05-2204 (PLF), United States District Court for the District of Columbia.

4. All documents related to the facts alleged by counsel for KPMG Financial Advisory Services in *KPMG Financial Advisory Services v. Diligence LLC* at any hearing before the United States District Court for the District of Columbia.