UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) 1:06CV01109 (PLF)(AK) |
| DILIGENCE, LLC, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF IPOC'S OPPOSITION TO AMENDED MOTION OF DEFENDANT
BARBOUR GRIFFITH & ROGERS LLC FOR A
PROTECTIVE ORDER STAYING ALL DISCOVERY**

I.  **Introduction.**

After hiring Defendant Diligence to impersonate United States and British intelligence agents who, in turn, bribed employees of KPMG Financial Advisory Services ("KPMG FAS") and stole confidential investigation materials, all with the intent and purpose of corrupting an investigation by the Government of Bermuda and an international arbitration, Defendant Barbour Griffith & Rogers LLC ("BGR") wants this Court to stay discovery of its misconduct. The only discovery presently to be stayed, however, are interrogatories, deposition notices, and document requests propounded by Diligence who, at all times, has acted as BGR's agent and co-conspirator in this matter, limited document requests propounded by IPOC that predominantly seek documents already produced by Diligence and BGR to KPMG FAS, and a subpoena served by IPOC on KPMG FAS's law firm, Hughes Hubbard & Reed ("HHR"). As to that subpoena, neither BGR, Diligence, nor HHR moved to quash. To the contrary, BGR's lawyers on July 14, 2006, wrote us asking for copies of whatever HHR produced (*see* Exhibit 1), and HHR stands ready, subject to this Court's orders, to produce responsive materials.

Thus, BGR's motion, which seeks to stay "a total of 70 depositions, including 30 by IPOC," is complete nonsense. (BGR Motion at 3). IPOC has noticed a total of zero depositions. It was BGR's co-conspirator Diligence that noticed depositions before filing its motion to dismiss and motion to stay.

Equally nonsensical is BGR's argument that discovery should be stayed because IPOC's Complaint lacks sufficient "particularity." This is the same BGR, as we pointed out in our response to BGR's motion to dismiss, whose top executives were busy e-mailing each other in January 2006 about their current strategy to "stonewall" now that the "Judge [in the *KPMG FAS v. Diligence* case, Civil Action No. 05-2204 (PLF) (the "KPMG FAS Case")] has unsealed the complaint against Diligence from KPMG." *See* Exhibit 2. These are the same BGR executives who wrote: "If judge accepts jurisdiction and agrees to expedited discovery, things will deteriorate in very short order. If he goes against both, then it should die a fairly quiet death." *Id*. These are the same BGR executives who know very well the particulars of their wrongdoing. If they want to refresh their recollection regarding the particulars of their wrongdoing, they need only review the discovery and pleadings in the *KPMG FAS v. Diligence* case, including the Enright Declaration, which spells out the dates, time, and places of their wrongful conduct.

Finally, BGR wants a stay because it purportedly plans to file a Rule 12(c) motion to dismiss. Yet there is no basis in the law to stay discovery because a defendant, who badly wants to stonewall accountability for its wrongdoing, "plans" to file a motion. Moreover, there is no reason to expect that BGR's planned Rule 12(c) motion will be any less baseless than the motions it has filed to date.

2

II. **Argument.**

    A.    **BGR Has Waived Any Right to Seek a Stay of Discovery Pending a Motion to Dismiss.**

As an initial matter, BGR has waived any right to stay discovery. At the joint request of BGR and Diligence, on June 29, 2006 the parties filed a Consent Motion for Extension of Time to Answer IPOC's Complaint. The next day, the Court granted the extension with the following Consent Order:

> the deadline for the Defendants to file an answer to the complaint be, and the same hereby is, extended until July 20, 2006; *provided that this extension of time does not postpone any other obligations or waive any discovery in the case*, including the Rule 26(f) conference, which shall occur at 10:00 a.m. on July 14, 2006, at the offices of Plaintiff's counsel.

(Consent Order June 30, 2006) (emphasis added).

In exchange for an extension of time to answer, both Diligence and BGR agreed that discovery would go forward without a stay, expressly agreeing "that this extension of time does not postpone any other obligations or waive any discovery." BGR's Motion to stay discovery, like Diligence's motion seeking the same relief, attempts to renege on the agreement reached by counsel and directly contravenes the terms of the Consent Order. Now that BGR has taken the benefits it sought under the Consent Order—additional time to prepare its papers—BGR should not be allowed to renege on its assurance that discovery would not be delayed.

    B.    **BGR Has Not Satisfied the Legal Standards for a Stay of Discovery.**

As IPOC explained in its Opposition to Diligence's motion to stay discovery, "[a] pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *People with AIDS Health Group, v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124

F.R.D. 652, 653 (D. Nev. 1989)). Indeed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision." *Moss v. Hollis*, 1990 WL 138531 (D. Conn. 1990). "[T]he grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint." *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999). "Such motions for stay [of discovery pending the outcome of a motion to dismiss] are generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied." *Dickson v. Chicago Allied Warehouses, Inc.*, 1993 WL 362450, at *11 (N.D. Ill. Sept. 15, 1993). As the moving party, BGR must justify the purported need for a stay of discovery. *People with AIDS Health Group*, 1991 WL 221179, at *1.

BGR's Motion fails to make the required "strong showing" why discovery should be denied. BGR asserts merely that the pending motions to dismiss "will thoroughly dispose of all of IPOC's claims." Motion at 2. As IPOC's oppositions to BGR and Diligence's respective motions to dismiss demonstrate, however, IPOC has adequately pleaded each of the counts in its Complaint, and the case should not be dismissed. Moreover, BGR's "mere allegations that resources will be conserved by granting the stay," combined with "a bald assertion that [a pending] motion to dismiss will be granted" are not enough to justify a stay of discovery. *People with AIDS Health Group*, 1991 WL 221179, at *1. "[B]are assertions that discovery . . . should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990); *see also Niederhoffer*, 1999 WL 731773, at *1 ("[w]e see no reason to shut down discovery for three weeks, only to start it back up again

should defendant's motion [to dismiss] fail"). BGR's proffered justification for a stay of discovery, therefore, is inadequate.

Moreover, the cases on which BGR relies are distinguishable. Like its co-conspirator Diligence did, BGR cites *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3-4 (D.D.C. 2001) and *Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974), for the proposition that the Court has discretion to stay discovery pending determination of dispositive motions. Motion at 2. BGR also gives a string of cites to other cases that purportedly support its position. See Motion at 2 n.1 & 5 n.4. The key difference between those cases and this one, however, is that the pending dispositive motions were for summary judgment, rather than motions for dismissal before discovery has even begun. In *Chavous*, for instance, the *plaintiffs* had moved for summary judgment, indicating that no further discovery was needed to resolve the case. *Chavous*, 201 F.R.D. at 3. Here, of course, IPOC has not moved for summary judgment or otherwise suggested that it does not need discovery to pursue this case. To the contrary, in the face of BGR and Diligence's continued stonewalling, IPOC has continually pressed its rights to discovery.

BGR also asserts that discovery should be stayed because "discovery will undoubtedly be burdensome and expensive" because the parties have proposed a total of 70 depositions (40 to be conducted by Defendants), and the parties will "probably" need discovery in "Bermuda, Russia, and other countries." Motion at 3. This argument ignores, however, that IPOC's pending discovery—which BGR and Diligence seek to defer—can hardly be described as "burdensome and expensive." Rather, IPOC's pending discovery includes a subpoena to HHR, the law firm that represented KPMG FAS in the related *KPMG FAS v. Diligence* case. The HHR Subpoena seeks production of the discovery produced in the KPMG FAS Case, as well as unredacted

5

versions of the pleadings in the KPMG FAS Case. The HHR Subpoena imposes no burden on BGR or Diligence. HHR has already indicated that it is willing and ready to comply with the HHR Subpoena immediately. The only burdens associated with HHR's production are BGR and Diligence's stonewalling efforts to block it.

Likewise, IPOC has pending document requests to BGR and Diligence, seeking documents that they produced in the *KPMG FAS v. Diligence* case. BGR does bother to not explain why it would be burdensome to produce these documents to IPOC.

Finally, as Diligence did, BGR argues that "IPOC will not be prejudiced by a stay of discovery" because IPOC has proposed that discovery remain open until July 14, 2007. Motion at 5. IPOC's proposal regarding the length of discovery does not bear upon whether discovery should be stopped before it has even begun. This case has been pending nearly two months now and Diligence and BGR have done nothing but stonewall. Given Defendants' dilatory efforts to date in attempting to block discovery, IPOC's prediction of needing a long discovery period appears prophetic. As detailed in IPOC's Opposition to Diligence's motion to stay discovery, Defendants have hidden material facts about this case from IPOC through the use of various strategies, including redaction of the record in the related KPMG FAS Case and apparently persuading the Clerk of Court to conceal even the existence of the case. Delay of discovery will prejudice IPOC's attempt to obtain redress for the wrongs that Diligence and BGR have committed.

In summary, this is not a case where Defendants have demonstrated the existence of "a trade secret or other confidential research, development, or commercial information" entitled to some protection by Rule 26(c), Federal Rules of Civil Procedure. This is not a case where IPOC seeks burdensome discovery. This is not a case where Defendants have made a strong showing

that they are innocent and that, when all is said and done, there is no conceivable basis that IPOC has a viable cause of action against them. This is not a case where Defendants have overcome the strong presumption that the federal courts are open to the public and that discovery should proceed in accordance with the Federal Rules of Civil Procedure. BGR's motion to stay should be denied and the stonewalling should end.

### III.  Conclusion.

For the foregoing reasons, BGR's Amended Motion for a Protective Order Staying All Discovery should be denied.

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND LIMITED

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

/s/ Timothy M. Broas
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

*Attorneys for IPOC International Growth Fund Limited*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2006, I caused the foregoing Opposition to BGR's Amended Motion for a Protective Order Staying All Discovery to be served electronically, via the Court's electronic filing system, on:

>Charles J. Cooper
>David H. Thompson
>COOPER & KIRK, PLLC
>Suite 750
>555 Eleventh Street, NW
>Washington, DC  20004
>202-220-9600
>202-220-9601 (FAX)
>*Attorneys for Barbour Griffith & Rogers LLC*
>
>Paul C. Rauser
>AEGIS LAW GROUP LLP
>Suite 500
>901 F Street, NW
>Washington, D.C.  20004
>202-737-3500
>202-737-3330 (FAX)
>*Attorney for Diligence, LLC*

>___/s/_____
>Anne W. Stukes