IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| | ) | Civil Action No. 06-1109 (PLF) (AK) |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S MOTION
TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

IPOC's opposition memorandum (the "Opposition") is most notable for its failure to identify *any* reason why IPOC needs to commence discovery immediately, despite the pendency of two motions to dismiss—either of which, if granted, would dismiss the Complaint in its entirety. Nor has IPOC identified *any* prejudice that it would suffer from a temporary stay of discovery until the Court rules upon these pending dispositive motions, a procedure specifically contemplated by the Local Rules of this Court. See LCvR 16.3(c). Indeed, the Opposition is simply bereft of *any* explanation as to why the parties should expend considerable time, money, and effort engaging in full-blown discovery—or why this Court should expend its resources on refereeing disputes arising therefrom—prior to resolution of the pending dispositive motions. IPOC has failed to identify any exigency that requires immediate discovery; on the contrary, IPOC itself has proposed a one-year discovery period in this case, ending on July 14,

2007. As set forth below, this Court should exercise its discretion to stay discovery pending resolution of the motions to dismiss, which are now fully briefed.

**I.      CONTRARY TO IPOC'S SUGGESTION, WHETHER TO STAY DISCOVERY IS A MATTER WITHIN THIS COURT'S BROAD DISCRETION.**

The Opposition cites several district court opinions (most of which are outside this judicial District) that IPOC suggests *require* denial of Diligence's request for a stay of discovery. See Opp. at 6-7. That simply is not the law. To the contrary, "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citing multiple federal cases in which discovery was stayed pending resolution of a dispositive motion); see also Anderson v. United States Attorneys Office, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) ("[d]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (citing Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters, 494 F.2d 1092, 1100 (D.C. Cir. 1974)); Maljack Prods., Inc. v. Motion Picture Ass'n, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, at *2-3 (D.D.C. Oct. 4, 1990) (discovery stayed pending resolution of motion to dismiss that would dispose of entire case).

Indeed, Local Rule Civil Rule 16.3(c) specifically contemplates a stay of discovery where, as here, a dispositive motion is pending that could resolve the case in its

entirety. See LCvR 16.3(c)(1) (where a dispositive motion is pending, the parties are to "recommend to the court [whether] discovery or other matters should await a decision on the motion"). IPOC's suggestion that the caselaw requires denial of Diligence's stay request — in other words, that this Court *lacks* the authority to stay discovery — is contrary to well-settled law and this Court's own rules, and should be rejected.

## II.   IPOC HAS FAILED TO IDENTIFY ANY VALID REASON TO COMMENCE DISCOVERY IMMEDIATELY.

Rather than identify any specific need for immediate discovery, or how it would be prejudiced by a temporary stay, IPOC instead offers three justifications for denying Diligence's requested relief: (i) that Diligence has "waived" its right to seek a stay of discovery; (ii) that Diligence's motion is nothing more than a nefarious attempt to "stonewall"; and (iii) that Diligence has not shown that discovery will be "onerous." See Opp. at 4-9. Each contention lacks merit.

### A.   In Seeking a Routine Extension, Diligence Did Not Waive Any Rights.

Although the Opposition misleadingly suggests that IPOC was blindsided by Diligence's motion to stay discovery (filed on July 20),[1] in fact undersigned counsel informed IPOC's counsel in their very first phone conversation – during the final week of June – that

---

[1] See Opp. at 5 (suggesting that, upon IPOC copying Diligence on a third-party subpoena it issued the afternoon of the Rule 26(f) conference, "Diligence quickly did an about-face and sought a stay of discovery.").

Diligence intended to file a motion to dismiss coupled with a motion to stay discovery. The purpose of this initial phone call was to request a routine, professional-courtesy extension of fourteen days for Diligence to respond to the Complaint because the original deadline (July 6) would require cancellation of long-planned family vacations over the Fourth of July weekend. Surprisingly, IPOC refused, stating that it would consent to the extension only if all parties agreed to hold the Rule 26(f) conference on July 14, 2006. Rather than burden the Court with motions practice over an extension request, Diligence, along with co-defendant BGR, agreed to hold the Rule 26(f) conference on July 14, 2006, while reserving their rights to file motions to dismiss and motions to stay discovery.

        Putting aside the question whether it is even appropriate for a plaintiff to attempt to extract concessions from a defendant who requests a routine, 14-day extension of time to respond to a recently-served complaint, the language of the Consent Motion granting the extension does not bear the weight IPOC seeks to place upon it. Although the Consent Motion (filed on June 30, 2006) states that the extension would not postpone "other obligations" of the parties, it is important to note that no discovery obligations existed as of that date. Rather, the only scheduled obligations as of that date were to hold the Rule 26(f) conference on July 14—per the parties agreement—and thereafter to file a report to the Court along with a proposed discovery plan, all of which the parties timely completed. As to discovery, the Consent Motion

states only that the parties agree not to "waive any discovery" in this case. Diligence, of course, has not sought to "waive" any discovery; it moves only for a temporary postponement of discovery until the Court decides the pending motions to dismiss. Contrary to IPOC's suggestion, nothing in the Consent Motion precludes Diligence from seeking such relief, or the Court from granting it.[2]

### B. The E-mail Misquoted by IPOC Does Not Reveal a Stealth Campaign by Diligence to "Stonewall" This Case, or Any Other Case.

In its Opposition, IPOC makes much of what purports to be an internal e-mail from a BGR subordinate to his superior. According to IPOC, this internal BGR e-mail proves that Diligence "stonewalled" the KPMG FAS, et al. v. Diligence case (the "KPMG FAS Case"), which was dismissed several months ago pursuant to a confidential settlement agreement. But

---

[2] IPOC also suggests that, by serving discovery of its own, Diligence has somehow waived its right to seek a discovery stay. In fact, the only reason Diligence served discovery on IPOC was because, in response to a direct question by undersigned counsel, IPOC's counsel acknowledged during the Rule 26(f) conference that they intended to commence discovery "right away," explaining that by discovery IPOC meant document requests, interrogatories, and third-party discovery. Anticipating correctly that, immediately following the Rule 26(f) conference, IPOC would serve Diligence with wide-ranging discovery, Diligence served its own discovery on IPOC so as to avoid being weeks (if not months) behind IPOC in the event the instant Motion is not granted. By filing its motion to stay discovery, Diligence of course seeks exactly the same benefits for IPOC as it seeks for itself: no party (including IPOC) should be put to the burden and expense of responding to discovery until the motions to dismiss have been decided. On the other hand, if the motion to stay discovery is denied, all parties (including IPOC) should be required to produce discovery forthwith.

nowhere in its Opposition does IPOC quote the entirety of the e-mail—with good reason. The full text of the e-mail reads:

> Judge has unsealed the Complaint against Diligence from KPMG. It has attracted no attention [in the media] thus far, but I cannot imagine that it will remain quiet forever. Neither we, nor the client are mentioned in the complaint. Current strategy if it comes alive in the press [is] for Diligence to stonewall.

Opposition Ex. 1. As the entirety of the e-mail makes clear, it says nothing about Diligence's litigation strategy or an intent to stonewall the Court. Faced with this inconvenient text, IPOC selectively cuts out the word "stonewall" and pastes it on to an entirely separate e-mail discussing the status of the KPMG FAS Case, thereby giving the false impression of a strategy to "stonewall" this Court. See Opp. at 2 (misleadingly conflating text from two separate e-mails). On the basis of this gross distortion, IPOC implores the Court not to "condone Diligence's continued strategy of 'stonewalling' to hide Diligence's wrongdoing from IPOC and the public, just as Diligence did in the KPMG FAS Case." Id. at 5.

Despite its serious charge of "stonewalling," IPOC concedes (as it must) that, following preliminary motions, "discovery ensued in the KPMG FAS Case." As IPOC acknowledges, both Diligence and BGR "each produced documents and gave depositions." Opp. at 2. Indeed, a review of the docket from the KPMG FAS Case demonstrates that, following entry of the Court's Scheduling Order, Diligence timely complied with all of its discovery

obligations (no motions to compel were filed), and the case ultimately settled (within six months of filing) following referral to the Court's mediation program.  Contrary to IPOC's suggestion, this rather ordinary timeline for a civil case in this  Court provides no basis whatsoever to conclude that Diligence (or anyone else) engaged in improper delay.  To be sure, it is difficult to envision that this Court would have tolerated any.[3]

       Equally baseless (and lacking of supporting evidence) is IPOC's charge that Diligence has improperly delayed this case.  To the contrary, Diligence, *at the request of IPOC*, agreed on an extremely early Rule 26(f) conference.  As a result, the parties already have submitted to the Court their respective positions on discovery and case scheduling (on July 28). There is, therefore, no reason why discovery cannot proceed in a timely fashion in the event both motions to dismiss the case are denied.  Indeed, in its separate Rule 16.3 statement filed on July

---

[3] IPOC also argues that the fact that discovery occurred in the KPMG FAS Case pursuant to a Protective Order Governing Confidentiality—which this Court entered on May 19, 2006 —is further evidence of "stonewalling" by Diligence and BGR.  This argument makes little sense and warrants no response, other than to note that IPOC incorrectly assumes that the public has a right to access pre-trial discovery exchanged between litigants.  See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984) (pretrial discovery mechanisms "are not public components of a civil trial . . . . [rather] they are conducted in private as a matter of modern practice"); In re Reporters Committee for Freedom of the Press, 773 F.2d 1325, 1331 (D.C. Cir. 1985) (noting that in Seattle Times Co., the Court "upheld the trial court's imposition of a protective order" rejecting "a claim by one of the parties of the right to *disseminate* information acquired in the course of pretrial discovery.") (emphasis in original); see also In re Baycol Prod. Litig., 2003 WL 23145587, at *1 (D. Minn. Dec. 12, 2003) ("while there is a right of public access to judicial proceedings, this right does not necessarily extend to pretrial discovery that has not become a public component of a civil case.").

28, 2006, IPOC proposed a <u>one year</u> discovery period (ending July 14, 2007), and proposed that Initial Disclosures be delayed until August 30, 2006 – almost two and one-half months after filing on the Complaint.  As highlighted by IPOC's own proposals to the Court, there is nothing to suggest that discovery in this case must proceed on an urgent timetable.

Finally, Diligence notes that mere filing of a motion to stay discovery pending resolution of two motions to dismiss is not indicative of improper delay.  To the contrary, the Local Rules of this Court specifically permit such a stay.  See LCvR 16.3(c)(1) (where a dispositive motion is pending, the parties are to "recommend to the court [whether] discovery or other matters should await a decision on the motion").  On its face, requesting the precise relief contemplated by the Local Rules cannot constitute dilatory conduct.

### C. Staying Discovery Will Conserve the Resources of the Court, the Parties, and Non-Party Witnesses.

Lastly, IPOC argues that an immediate commencement of discovery will not be "onerous" on Diligence because it can simply copy and produce its document production from the KPMG FAS Case.  Not only is this untrue – IPOC has served Diligence with 56 separate Requests for Production, most of which call for production of documents far beyond the scope of documents produced by Diligence in the KPMG FAS Case – but it focuses on the wrong issue.  It is not only the resources of the Defendants that will be conserved by a stay, but equally importantly (if not more so) a stay will conserve the resources of the Court and non-party

8

witnesses.  Indeed, by serving a subpoena on non-party Hughes, Hubbard & Reid LLP (counsel for plaintiffs in the KPMG FAS Case) just hours after the Rule 26(f) conference, and insisting on an <u>immediate</u> production despite the pendency of the instant Motion, IPOC has already triggered emergency motions practice over non-party discovery—which resulted in the Court entering an order staying all discovery (including, expressly, third-party discovery) pending resolution of the instant Motion and BGR's separate motion to stay discovery.

In sum, continuing the existing stay of discovery until the Court rules on the pending motions to dismiss (which are now fully briefed) will conserve the resources of the Court, non-party witnesses (such as Hughes, Hubbard & Reid LLP), and the parties themselves.  Because IPOC has not identified any prejudice that it would suffer from a stay—and because IPOC itself has proposed a one year discovery period (ending July 14, 2007)—the interests of justice militate strongly in favor of a stay.  It makes little sense to burden this Court with discovery disputes, such as the one that has arisen over the Hughes, Hubbard & Reid subpoena, until the Court has determined whether the Complaint is legally sufficient to allow this case to proceed.

## **CONCLUSION**

For the reasons set forth above and in Diligence's opening memorandum, Diligence respectfully requests that its Motion to Stay Discovery Pending Resolution of Motions to Dismiss be granted.

                                                                        Respectfully submitted,

August 10, 2006                                              AEGIS LAW GROUP LLP

                                                By:      /s/ Paul C. Rauser
                                                          Paul C. Rauser (D.C. Bar No. 461722)
                                                          Michael K. Ross (D.C. Bar No. 458573)
                                                          Oliver Garcia (D.C. Bar No. 456600)
                                                          901 F Street, N.W., Suite 500
                                                          Washington, D.C. 20004
                                                          T: 202-737-3500
                                                          F: 202-737-3330

                                                          *Attorneys for Defendant Diligence Inc.*