UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED </br></br>  Plaintiff, </br></br> v. </br></br> DILIGENCE, LLC </br></br>  and </br></br> BARBOUR GRIFFITH & ROGERS, LLC </br></br>  Defendants. | Civil No. 06-1109 </br> (PLF)/(AK) |

### REPLY TO OPPOSITION TO THE MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY

Currently pending before this Court are a motion to dismiss for lack of subject matter jurisdiction,[1] a motion to dismiss for failure to state a claim, a motion to dismiss for failure to plead fraud with particularity, and a motion for judgment on the pleadings. These motions plainly raise substantial questions about the legal sufficiency of IPOC's claims and, more fundamentally, the power of this Court to entertain this lawsuit at all. Granting any of these four motions would result in the dismissal of IPOC's complaint in its entirety. Although it has

---

[1] Diligence's motion to dismiss for failure to state a claim and BGR's motion to dismiss for failure to plead fraud with particularity were pending at the time BGR moved to stay discovery. In addition, BGR's motion and supporting memorandum indicated that a motion for judgment on the pleadings was impending. Neither the motion nor the memorandum specifically indicated, however, that BGR would file a motion to dismiss for lack of subject matter jurisdiction. We nonetheless respectfully submit that, for the same reasons previously articulated and further developed herein, the proceedings should be stayed until BGR's motion to dismiss for lack of subject matter jurisdiction is also resolved. Although it seems superfluous given the substance of the pending motion to submit an amended motion in this regard, BGR is prepared to do so in the event that the Court deems it appropriate. Because IPOC's previously filed memoranda opposing a stay of discovery do not address the propriety of staying discovery specifically when a Rule 12(b)(1) motion is pending, BGR does not object to additional briefing limited to this issue if IPOC believes it necessary.

1

objected to a stay of discovery pending resolution of these motions, IPOC has provided no explanation whatsoever of why it must commence discovery immediately or how it will be prejudiced by such a temporary stay. Furthermore, although it has addressed the discovery requests that have been propounded to date by the parties to this case (which, contrary to IPOC's intimation, are by no means insubstantial), IPOC has not disputed that the parties ultimately contemplate taking as many as 70 depositions, many of them outside this country, or suggested any reason to think this burdensome and expensive discovery will not commence forthwith and continue during the pendency of the dispositive motions if this Court declines to stay discovery until those motions are resolved. As explained below, the great weight of authority makes clear that discovery should be stayed temporarily in circumstances such as these—a disposition specifically contemplated by this Court's local rules, *see* Local Rule 16.3(c)(1). IPOC's attempts to avoid the plain import of this authority are unavailing.

*First*, IPOC half-heartedly argues that "BGR has waived any right to stay discovery," P. IPOC's Opp'n to Amended Motion of D. Barbour Griffith & Rogers LLC for a Protective Order Staying All Discovery ("IPOC Memorandum") at 3, by jointly moving to extend the time for answering IPOC's complaint subject to the proviso, proposed by the parties and adopted by this Court's consent order, "that this extension of time does not postpone any other obligations or waive any discovery in this case." Consent Order dated June 30, 2006. The plain meaning of this proviso, however, is simply that the consent order will not automatically postpone obligations or waive discovery *by its own force*; its language clearly does not *bar* the parties from seeking, or this Court from granting, such relief pursuant to separate motion. Furthermore, even if the proviso did bar such separate relief, the pending stay motions seek neither to "postpone [any] 'other obligations' " that the parties had *at the time the consent order was*

2

*entered* (as explained by Diligence, the parties did not yet have any discovery obligations at that time, *see* Reply Mem. in Supp. of Diligence Inc.'s Mot. to Stay Discovery Pending Resolution of Mots. to Dismiss ("Diligence Reply Br.") at 3-5), nor to "waive any discovery" altogether. Rather, the motions simply seek a temporary stay of discovery pending resolution of the dispositive motions now pending before this Court.

*Second*, IPOC suggests that motions to stay discovery are disfavored. But the great weight of authority makes clear that this simply is not so, at least in circumstances such as these. As the D.C. Circuit has explained, trial courts "have broad powers to regulate or prevent discovery and such powers have always been *freely exercised*." *Brennan v. Local 639, Int'l Bhd. of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (emphasis added). In particular, " 'it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.' " *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (quoting *Anderson v. United States Attorney's Office*, No. CIV.A.91-2262, 1992 WL 159186, at *1 (D.D.C. June 19,1992)). For this reason, stays of discovery pending resolution of dispositive motions are freely granted as " 'an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' " *Chavous*, 201 F.R.D. at 2 (quoting *Coastal States Gas Corp. v. Department of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)); *see also, e.g.*, *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (approving district court's stay of discovery); *Brennan*, 494 F.2d at 1100 (same); *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999) (same); *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered."); *Ungar v. PLO*, 402 F.3d 274, 277 (1st

Cir. 2005) (noting that defendants "requested stay [of discovery] pending the resolution of the motion to dismiss" was granted); *Farmer v. Employment Sec. Comm'n*, 4 F.3d 1274 (4th Cir. 1993) (same for anticipated dismissal motions); *Richard v. Bell Atl. Corp.*, 946 F. Supp. 54, 59 (D.D.C. 1996) (same for "anticipated Rule 12 Motion").

Indeed, were the courts' practice otherwise, it would defeat the purpose of FRCP 12, namely, "to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Not surprisingly, this Court's local rules expressly require litigants to confer as to "[w]hether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion." Local Rule 16.3(c)(1).

A temporary stay is especially appropriate where, as here, a pending dispositive motion calls into question the subject matter jurisdiction of the court. Indeed, defendant BGR's counsel has not identified any decision denying a stay of discovery pending resolution of such a motion. Rather, recognizing that "[r]egardless of the burden suffered by defendant . . . discovery would be inappropriate if this Court lacks jurisdiction over the subject matter of plaintiff's" complaint, courts have freely stayed discovery pending the resolution of potentially dispositive jurisdictional motions. *McDevitt & Street Co. v. Square 486 Dev. Group Ltd.*, No. 90-0158-LFO,1990 U.S. Dist. LEXIS 7315, *3-*4 (D.D.C. June 16, 1990); *see also, e.g.*, *Sinclair Nat'l Bank v. Office of the Comptroller*, No. 00-2398, 2000 U.S. Dist. LEXIS 17968 (D.D.C. Dec. 7, 2000) (denying discovery where Rule 12(b)(1) motion was pending); *Washington Bancorporation v. FDIC*, No. 95-1340, 1996 U.S. Dist. LEXIS 3876 (D.D.C. Mar. 19, 1996) (staying discovery pending resolution of Rule 12(b)(1) motion); *Maljack Prods., Inc. v. Motion*

4

*Picture Ass'n*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, *1 (D.D.C. Oct. 3, 1990) (staying discovery "until a determination can be made regarding the jurisdictional issues raised in [defendant's] motion to dismiss). It would offend the principles and limitations of Article III for discovery to proceed under the auspices of a federal court that is without jurisdiction over the underlying subject matter. This alone seems dispositive of the appropriateness of a stay until this Court resolves grave questions that have been raised in BGR's Rule 12(b)(1) motion about IPOC's constitutional standing.

Courts have likewise consistently granted motions seeking a stay of discovery where, as here, defendants challenge IPOC's failure to plead fraud with particularity as required by Rule 9(b). *See, e.g.*, *Independent Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933 (2d Cir. 1998); *Shields v. Citytrust Bancorp.*, 25 F.3d 1124, 1127 (2d Cir. 1994); *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 210 (2d Cir. 1987); *Peskoff v. Gaber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (protective order). The courts' consistency is unsurprising, given that a principal purpose of Rule 9(b) is "to prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1279 n.3 (D.C. Cir. 1994) (quotation marks omitted) (alteration in original); *see also Decker v. Massey-Ferguson*, Ltd., 681 F.2d 111, 116 (2d Cir. 1982) (explaining that "Rule 9(b) [fails] in its purpose if conclusory generalizations such as these will permit a plaintiff to set off on a long and expensive discovery process in hope of uncovering some sort of wrongdoing"); *United States ex rel. Harris v. George Washington Primary Care Assocs.*, No. 98-7192, 1999 U.S. App. LEXIS 29629, at *4 (D.C. Cir. Oct. 19,1999) (rejecting argument that plaintiff was "entitled to discovery before the complaint [was] dismissed" because "[o]ne of the purposes of Rule 9(b) is to prevent such 'fishing expeditions' that are based only on vague and unsubstantiated claims").

The handful of district court decisions that IPOC attempts to press into service do not provide meaningful support for its contrary position.  Three of these decisions expressly recognize that stays of discovery are warranted where, as here, "*jurisdiction*, venue, or immunity are preliminary issues," *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (emphasis added), or where defendants "raise[ ] a potentially dispositive threshold issue *such as a challenge to plaintiff's standing*," *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, No. 99C 3223, 1999 U.S. Dist. LEXIS 14305, *2 (N.D. Ill. Aug. 30, 1999) (emphasis added), or "point out any glaring deficiencies, either substantively or jurisdictionally . . . that would subject [the entire complaint] to dismissal," *Moss v. Hollis*, No. 8-90-117, 1990 U.S. Dist. LEXIS 13647, at *2 (D. Conn. June 27, 1990).  Two of IPOC's remaining decisions do not even address situations where the defendant had filed a dispositive motion and moved for a stay of discovery, for in *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90C 6161, 1993 U.S. Dist. LEXIS 12914 (D. Ill. Sept. 15, 1993), the defendant had not moved for a stay, *see id.* at *34-*35 ("[w]here, as here, a party does not even move for a stay, the pendency of a motion to dismiss is not a reason for noncompliance with discovery"), and in *Continental Illinois National Bank & Trust Co. v. Caton*, 130 F.R.D. 145 (D. Kan. 1990), no dispositive motions were even pending before the court (and in all events the court expressly limited its analysis to *Kansas* law).

IPOC's sole remaining authority—and its only decision from this jurisdiction—is the unpublished decision in *People with Aids Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 U.S. Dist. LEXIS 14389 (D.D.C. Oct. 11, 1991).  Aside from its citations of *Twin City Fire Insurance* and *Continental Illinois National Bank*—neither of which, as discussed above, advances IPOC's cause here—*People with Aids Health Group* is wholly devoid of

6

analysis or context. Not surprisingly, this case does not appear to have been followed even once since it was decided. Indeed, the only case to cite it has done so only to distinguish it. *See Chavous*, 201 F.R.D. at 7 n.4.

In addition to proffering this lone dubious authority, IPOC also seeks to avoid the force of defendant's numerous precedents by attempting to limit them to the summary judgment context. *See* IPOC Memorandum at 5. It is difficult to imagine why a stay of discovery would be appropriate in this context—which frequently tests the *factual* sufficiency of IPOC's claims— but not in the pleading context, where factual allegations are accepted as true and the focus is on the *legal* sufficiency of the complaint. In either instance, the relevant question is exactly the same—namely, whether a Court should stay potentially onerous discovery pending resolution of motions that may well dispose of the entire case irrespective of any such further discovery. IPOC offers no plausible basis for distinguishing one context from the other for purposes of the relevant precedents. In all events, even a cursory review of the authorities cited above makes clear that stays of discovery have in fact been granted not only in the summary judgment context, but also in the context of motions to dismiss based on Rules 12(b)(6), 12(b)(1), and 9(b).

*Finally*, IPOC contends that defendants BGR and Diligence have failed to make the showing required to justify a stay of discovery. Defendants, however, have filed four substantial dispositive motions that must be resolved at the threshold of this litigation, any of which, if successful, would dispose of this case in its entirety. Furthermore, defendants have explained that the parties plan to take up to 70 depositions, many in foreign countries, as part of the discovery contemplated in this case. IPOC understandably does not dispute that such extensive discovery would be burdensome, expensive and (as has already proved true) would likely require significant judicial supervision. Nor can it dispute that this discovery ultimately would prove

7

unnecessary if this Court grants any of the pending dispositive motions.  Rather, IPOC focuses on the discovery requests propounded by the parties to date, dismissing the burden and expense of the contemplated depositions on the simplistic ground that the parties have not yet noticed these depositions.  Even if it were true that the discovery requests propounded to date were insubstantial, however—and it is not—IPOC tellingly does not deny that, were this Court to deny the motions to stay discovery, then the burdensome and expensive discovery contemplated by the parties would commence in earnest forthwith and continue during the pendency of the dispositive motions.  There is every reason to think that it would, only potentially to be rendered moot once this Court rules on the dispositive motions that are right now pending.  Under the authorities cited above, defendants' showing amply supports the entry of a stay of discovery pending resolution of the dispositive motions.  Indeed, especially given that one of these motions calls into question the very power of the court to entertain this litigation at all, a stay would properly issue on a much lesser showing than this.  *See, e.g.*, *McDevitt & Street Co.*, 1990 U.S. Dist. LEXIS 7315, at *3-*4 ("Plaintiff argues that forcing [defendant] to respond to discovery would not be burdensome . . . . Regardless of the burden suffered by defendant, however, such discovery would be inappropriate if this Court lacks jurisdiction over the subject matter of plaintiff's" complaint.).

      IPOC, by contrast, has provided no explanation whatsoever of how it will be prejudiced by a temporary stay of discovery pending resolution of these dispositive motions.  Although it accuses BGR of "stonewalling"—and attempts to support this accusation with soundbites stripped out of context from emails dealing with media strategy written long before its complaint was filed, *see* Diligence Reply Br. at 5-7—there is nothing remarkable about the pace at which this litigation is proceeding.  As this Court is no doubt aware, this litigation is, if anything,

proceeding more rapidly than average—although IPOC's complaint was filed only two months ago, the parties have already held their Rule 26(f) conference, BGR has filed an answer to the complaint, and the defendants have filed four dispositive motions—two of which are already fully briefed. And aside from these vague and unwarranted allegations, IPOC provides no reason why it must commence discovery immediately. Indeed, it is difficult to imagine that any such reason exists given that this court has not yet even entered a scheduling order, that IPOC itself has proposed that discovery continue until July 2007, and that defendants seek only a temporary stay of discovery pending resolution of the dispositive motions—all of which have been filed with the court and two of which are now fully briefed. *See, e.g., Maljack Prods.*, 1990 U.S. Dist. LEXIS 13284, at *2-*3 ("[T]he Court concludes that the motion to stay discovery should be granted. . . . First, the record reflects that a discovery deadline has not yet been set by the Court. Thus, at this early stage of the proceedings, it is unlikely that a stay of discovery will harm either of the parties. Second, the Court finds it significant that [plaintiff] has not even alleged that it will be prejudiced by deferring discovery until a determination is made with respect to the pending motion to dismiss. Absent such a claim, the Court feels that avoidance of potentially unnecessary discovery is warranted. Finally, [defendant] seeks a stay of discovery only for a limited time, i.e. until the pending motion to dismiss is decided. Under these circumstances, the Court finds it appropriate to stay discovery and will grant [defendant's] motion.").

In short, IPOC "ha[s] failed to articulate any reason which would warrant a departure from the authorities [that] hold that a trial court properly exercises its discretion to stay discovery where a motion [that] would be entirely dispositive if granted is pending; the discovery is not needed to permit the party who seeks discovery to oppose the pending motion; and the party who seeks discovery would not be prejudiced by a stay." *Chavous*, 201 F.R.D. at 5. For the

9

foregoing reasons, as well as for the reasons stated in BGR's opening memorandum and by defendant Diligence in support of its analogous motion, BGR respectfully requests that this Court enter a stay of discovery pending resolution of Diligence's motion to dismiss for failure to state a claim, BGR's motion to dismiss for failure to plead fraud with particularity, BGR's motion to dismiss for lack of subject matter jurisdiction, and BGR's motion for judgment on the pleadings.

August 17, 2006

Respectfully submitted,

/s/ Charles J. Cooper
_____
Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
Derek L. Shaffer (D.C. Bar No. 478775)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street NW
Washington, DC 20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*