UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 1:06CV01109 (PLF) ) |
| DILIGENCE, LLC, *et al.*, | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff, IPOC International Growth fund Limited ("IPOC"), by counsel, hereby respectfully requests leave to file a Sur-Reply in response to the Reply Memorandum in Support of Diligence Inc.'s Rule 12(b)(6) Motion to Dismiss ("Diligence's Reply"). IPOC's Sur-Reply is attached hereto as Exhibit A. The grounds for this Motion for Leave to File Sur-Reply are that, in IPOC's Opposition to Diligence's Motion to Dismiss ("IPOC's Opposition"), IPOC was unable to contest the following matters that are raised for the first time in Diligence's Reply.

1. In its opening brief, Diligence argued that IPOC's Computer Fraud and Abuse Act ("CFAA") claim should be dismissed because: (1) IPOC did not allege "injury to the computer system itself"; and (2) the computer systems at issue belong to KPMG FAS, not IPOC. In Diligence's Reply, however, Diligence denies making these arguments and asserts that IPOC's CFAA claim should be dismissed because it does not specify IPOC's "cost of investigating or remedying damage to a computer, or a cost incurred because the computer's system was interrupted." Reply at 3-4. IPOC should be afforded the opportunity to respond.

2. For the first time in its Reply, Diligence argues that IPOC's unjust enrichment claim should be denied because IPOC does not allege that it had any dealings with Diligence,

and thus has not alleged that IPOC conferred a benefit directly on Diligence. Reply at 24-25. Again, IPOC should be afforded an opportunity to respond to this new argument.

3. Diligence also accuses IPOC of conceding arguments with respect to Count VI, its civil conspiracy claim. Reply at 24. IPOC should be given the opportunity to clarify that it does not concede Diligence's arguments.

4. Diligence bases its other arguments on new cases, cited for the first time in Diligence's Reply, to which IPOC has not had the opportunity to respond, including:

- *Mortgage Specialists, Inc. v. Davey*, No. 2005-067, 2006 WL 2060395 (N.H. July 26, 2006) (cited in support of Diligence's preemption argument). Reply at 12-13.

- *Washington Metropolitan Area Transit Auth. v. Quik Serv Foods, Inc.*, No. 04-Civ-838(RCL), 2006 WL 1147933 (D.D.C. April 28, 2006) (cited in support of Diligence's arguments regarding Count I, tortious interference with business expectancies). Reply at 15.

- *Bouchet v. National Urban League, Inc.*, 730 F.2d 799 (D.C. Cir. 1984), and *Athridge v. Aetna Casualty & Surety Co.*, No. 96-cv-2708 (RMU/JMF), 2001 WL 214212 (D.D.C. March 2, 2001) (cited in support of Diligence's arguments regarding Count III, procuring information by improper means). Reply at 17-18.

- *Lufthansa Cargo A.G. v. County of Wayne, Michigan*, 2002 WL 31008373 (E.D. Mich. 2002) (cited in support of Diligence's arguments regarding Count IV, tortious interference with contract). Reply at 20.

5. IPOC's request for leave to file a Sur-Reply should be granted to provide IPOC the opportunity to contest important matters raised for the first time in Diligence's Reply.

6. In addition, Diligence's Reply is nearly the same length as its opening brief. In the interest of fairness, and to assist the Court in deciding the issues, IPOC should be afforded an opportunity to respond to the arguments that Diligence lodges in its Reply.

7. "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazy Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004). "The district court routinely grants such motions [for leave to file a sur-reply] when a party is

'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citations omitted); *see also Marsh v. Johnson*, 263 F. Supp. 2d 49, 54 (D.D.C. 2003) (suggesting a sur-reply as an appropriate device to give the plaintiff "a full opportunity to respond to the arguments raised in the defendant's reply" on a motion to dismiss).

8. Counsel consulted with Paul Rauser, counsel for Defendant Diligence on August 22, 2006, and Mr. Rauser declined to consent to the instant motion.

WHEREFORE, IPOC hereby requests leave to file a Sur-Reply, which is filed concurrently herewith.

August 22, 2006

Of Counsel
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5858
Fax: (312) 558-5700
kanderson@winston.com

Respectfully submitted,

/s/ Anne W. Stukes
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tele: (202) 282-5000
Fax: (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com
*Attorneys for Intervenor IPOC International Growth Fund Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2006, I caused the foregoing Motion for Leave to File a Sur-Reply, along with the attached Sur-Reply Brief, to be served electronically, via the Court's electronic filing system, on:

>Charles J. Cooper
>David H. Thompson
>COOPER & KIRK, PLLC
>Suite 750
>555 Eleventh Street, NW
>Washington, DC 20004
>202-220-9600
>202-220-9601 (FAX)
>*Attorneys for Barbour Griffith & Rogers LLC*
>
>Paul C. Rauser
>AEGIS LAW GROUP LLP
>Suite 500
>901 F Street, NW
>Washington, D.C. 20004
>202-737-3500
>202-737-3330 (FAX)
>*Attorney for Diligence, LLC*

___/s/_____
Anne W. Stukes