## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 1:06CV01109 (PLF) |
| DILIGENCE, LLC, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby opposes the Motion of Barbour Griffith & Rogers LLC ("BGR") to Dismiss for Lack of Subject Matter Jurisdiction. BGR's motion, which contends that IPOC lacks standing to invoke this Court's jurisdiction, has no merit.

### INTRODUCTION

BGR's Rule 12(b)(1) motion is frivolous. Although it purports to challenge the Court's subject-matter jurisdiction, BGR's motion is nothing less than a vehicle for BGR to deflect attention away from its own egregious misconduct, improperly refer to matters that are irrelevant to this action, misconstrue the allegations of the Complaint, and attack the merits of IPOC's claims. None of BGR's tactics, however, succeeds in establishing that the Court lacks jurisdiction over this case.

The facts alleged in the Complaint—which must be taken as true—establish that BGR was hired by IPOC's business and litigation adversaries to improperly obtain IPOC's information from a confidential investigation. BGR hired Defendant Diligence LLC ("Diligence"), and,

acting at BGR's direction, Diligence unlawfully infiltrated the investigation and stole IPOC's confidential information by, among other wrongful acts, impersonating government intelligence agents. Compl. ¶¶ 18-21.

Incredibly, BGR asserts that IPOC lacks Article III standing to bring all of the counts in its Complaint because BGR and Diligence "cannot bear the blame for" IPOC's injuries, and IPOC's injuries purportedly are not "fairly traceable to the defendants." BGR 12(b)(1) Br. at 2, 5. In making this argument, BGR fundamentally misconstrues the nature of the injuries that IPOC has pleaded, and asserts that IPOC alleges injury from "the decisions reached by the Bermuda Government and the Zurich arbitration panel." BGR 12(b)(1) Br. at 1. Yet a plain reading of the Complaint reveals that all of IPOC's claims assert that BGR and Diligence directly injured IPOC by tortiously misappropriating IPOC's information. No more is required to establish Article III standing.

In addition to misstating the allegations of IPOC's Complaint and contorting the law of standing, BGR attaches a lengthy arbitral decision concerning a dispute between IPOC and its litigation adversaries who hired BGR and Diligence to steal IPOC's confidential information. The Court should disregard the arbitral decision and all of BGR's arguments concerning that document, because the merits of the arbitration are wholly irrelevant to this case and have no bearing on IPOC's Article III standing in this Court. Moreover, contrary to BGR's claim, the Court cannot take judicial notice of the arbitral decision, let alone BGR's "spin" on that decision.

BGR's challenge to this Court's subject-matter jurisdiction must fail. This is not a case where the plaintiff is a public interest group with a mere generalized interest in challenging a governmental action or regulation, as is the situation in the standing cases that BGR cites to the Court. IPOC's statutory and common-law tort claims allege that IPOC suffered concrete, non-

hypothetical injury; IPOC's injuries are directly traceable to BGR and Diligence's tortious acts in misappropriating IPOC's confidential information; and a favorable decision of the Court would redress IPOC's injuries. Without question, IPOC has standing to bring its claims. BGR's motion confuses an attack on the merits of IPOC's case with the minimal, threshold requirements for jurisdiction. The Court should reject BGR's meritless arguments.

## ARGUMENT

**I.    BGR's Extensive References to the Zurich Arbitration Decision and Facts Outside the Complaint are Inappropriate.**

BGR devotes the majority of its brief to facts outside the Complaint. BGR attaches, and extensively characterizes, an arbitral decision involving IPOC, but to which neither BGR nor Diligence is a party. BGR Rule 12(b)(1) Br. at 5-7. BGR also refers to media articles concerning IPOC. *Id.* at 6 n.2. Moreover, BGR extensively refers to facts outside the Complaint concerning the Bermuda investigation. *Id.* at 9-11. This Court should ignore these extraneous innuendos because the underlying issues involved in the Zurich arbitration and the Bermuda investigation have no relevance to this case, nor to the question of whether the Court has subject-matter jurisdiction.

While it is true that, "[w]hen a court rules on a Rule 12(b)(1) motion, it may 'undertake an independent investigation to assure itself of its own subject matter jurisdiction,'" *Settles v. United States Parole Comm'n,* 429 F.3d 1098, 1107 (D.C. Cir. 2005) (quoting *Haase v. Sessions,* 835 F.2d 902, 908 (D.C. Cir. 1987)), and the Court may, "where necessary," refer to matters outside the complaint, *Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992), no party is entitled to have the Court consider irrelevant matters when assessing subject-matter jurisdiction. Indeed, "at the Rule 12(b)(1) stage, 'the plaintiff is protected from an evidentiary attack on his asserted theory by the defendant.'" *Settles,* 429 F.3d at 1107 (quoting

3

*Haase,* 835 F.2d at 907). The Court would "exceed[] the bounds of factual inquiry" permitted in a Rule 12(b)(1) context if it makes "a factual resolution of [plaintiff's] allegation and a rejection of his theory of the case based on evidence submitted by the [defendant]." *Id.* Under these standards, BGR's attempt to have the Court to consider information irrelevant to the Complaint for the purpose of rejecting IPOC's theory of the case is *a fortiori* improper.

BGR claims that this Court can "take judicial notice" of the Zurich arbitral decision, BGR Rule 12(b)(1) Br. at 5 n.1, and outrageously asserts that IPOC does not deny the "validity of the Zurich tribunal's ruling" nor the "facts on which it is based," *id.* at 1. To avoid repetitive briefing, IPOC incorporates by reference here Section I of its Opposition to BGR's Rule 12(c) motion, filed concurrently herewith. In short, neither the case that BGR cites in support of judicial notice, *Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1326 n.3 (8th Cir. 1994), nor the principles of judicial notice would allow the Court to assume the truth of the facts in the arbitral decision. Moreover, while the merits of the arbitration are *entirely irrelevant* to this case, IPOC is presently pursuing an appeal of the decision before the Swiss Supreme Court; thus IPOC concedes nothing in this case about the arbitral proceedings.

At bottom, this case is not about foreign arbitrations nor the substance of the Bermuda investigation. It is about the Defendants' illegal conduct in stealing IPOC's materials. As explained below, it is evident from the face of the Complaint that IPOC has Article III standing. It is neither appropriate nor necessary for the Court to consider BGR's characterizations of extraneous matters to determine subject-matter jurisdiction in this case.

## II. The Allegations Of The Complaint Easily Establish That IPOC Has Standing To Bring This Suit.

Taking the claims that IPOC has made, rather than the claims that BGR *hypothesizes* that IPOC has made, there is no question that IPOC has standing to bring this suit. For a plaintiff to

have standing, it must allege:  (1) that it personally suffered a "concrete," non-hypothetical injury; (2) that this injury was "fairly traceable" to defendant's conduct; and (3) that it is likely that a favorable decision by the court would redress that injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As we will now show, the Complaint in this case plainly meets each of these requirements.

### A.      Contrary to BGR's Assertions, There Is No Heightened Pleading Standard for Allegations of Standing.

As a threshold matter, BGR is simply incorrect that IPOC's standing allegations must meet some kind of heightened pleading standard.  The Supreme Court instructs that the elements of standing must be supported "with the manner and degree of evidence required at the successive stages of the litigation."  *Bennett v. Spear*, 520 U.S. 154, 168 (1990) (quoting *Lujan*, 497 U.S. at 889).  Hence, "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, we presume that general allegations embrace those specific facts that are necessary to support the claim."  *Id.*[1]

The defendant in *Bennett* argued that plaintiffs lacked standing because they had not pleaded standing with specificity.  The Court rejected this argument, chiding the defendant for

---

1      BGR begins to repeat this quotation from *Bennett v. Spear*, but BGR alters the quotation: "'at the pleading stage general factual allegations of injury . . . may suffice' *where 'it is easy to presume specific facts'* supporting these allegations . . . ."  BGR 12(b)(1) Br. at 4 (emphasis added).  The phrase "where it is easy to presume specific facts" is borrowed from later in the passage.  And it entirely changes the meaning of the quotation.

The Supreme Court said in *Bennett* that general factual allegations suffice on a motion to dismiss "for"—that is, *because*—in that context courts presume that general allegations embrace specific facts.  To be sure, the Court later explained that "it [was] easy" to imagine specific facts supporting standing in that case.  But it did not say that to raise the pleading standard.  Rather, it did so to underscore just how easily plaintiffs in that case met the notice-pleading standard.  *See Bennett*, 520 U.S. 167-68.

Defendants apparently do not like this consistent presumption in favor of the existence of specific facts, so they make it conditional—changing the "for" to "where"—and creating a pleading requirement not envisioned in *Bennett*.

5

"overlook[ing]" the proposition that specific factual claims are required to survive summary judgment, but not a motion to dismiss at the pleading stage. *Bennett* was an easy case, the Court explained, because specific facts could readily be presumed that would establish standing. *See* note 1, *supra.* This, too, is an easy case.

The standard that controls here is plain:  "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Allen v. Wright*, 468 U.S. 737, 752 (1984).  This is straightforward notice pleading, and it is the law.  BGR's proposed, heightened standard is not.  And under standard notice pleading principles, IPOC clearly has standing to bring this suit.

### B.    The Complaint Clearly Alleges Injury In Fact.

The injury-in-fact requirement "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest in the problem." *New World Radio, Inc. v. FCC*, 294 F.3d 164, 172 (D.C. Cir. 2003) (quoting *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 690 n.14 (1973)).  IPOC's Complaint shows that it has no "mere interest" in the problems of:

- Tortious interference with business expectancies (Compl. ¶¶ 24-28);

- Violation of the Computer Fraud and Abuse Act (Compl. ¶¶ 29-34);

- Procuring information by improper means (Compl. ¶¶ 35-39);

- Tortious interference with contractual relations (Compl. ¶¶ 40-44);

- Unfair competition (Compl. ¶¶ 45-49);

- Common law conspiracy (Compl. ¶¶ 50-53); and

- Unjust enrichment (Compl. ¶¶ 54-57).

6

And indeed, it makes no sense even to speak of a tort complainant such as IPOC having a "mere interest in the problem" of common-law and statutory torts allegedly committed against it.  As the Supreme Court has explained, injuries to rights recognized at common law such as torts are a "particularly obvious" example of concrete injuries meeting the injury-in-fact requirement.  *See FEC v. Akins*, 524 U.S. 11, 24 (1998); *see also Lujan*, 503 U.S. at 572 (describing tort harm as "concrete injury").

This is surely why BGR does not cite cases in which a plaintiff making tort claims was held to have alleged no injury-in-fact.  Instead, BGR uniformly cites cases in which plaintiffs were held to lack standing because they had a merely generalized interest in statutory or constitutional violations.  *See* BGR 12(b)(1) Br. at 3-4 (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citizens and housing developers lacked standing to challenge restrictive zoning rules); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (wildlife conservation organizations lacked standing to challenge validity of federal regulation); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (environmental protection organization lacked standing to challenge corporation's failure to meet federal environmental reporting standards); *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (inmate lacked standing to challenge constitutional violations against another inmate); *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 616 (1989) (plurality opinion) (dicta) (had suit been filed in federal court, respondent teachers and teacher organizations would have lacked standing to challenge validity of state statute under federal law"); *Allen v. Wright*, 468 U.S. 737, 752 (1984) (parents lacked standing to challenge Internal Revenue Service's effort to deny tax-exempt status to racially discriminatory private schools); *Alaska Legislative Council v. Babbitt*, 181 F.3d 1333, 1340 (D.C. Cir. 1999) (state legislators lacked standing to challenge constitutionality of federal land conservation statute)).

7

By contrast, IPOC's Complaint alleges concrete and personal injuries to IPOC's common-law and statutory rights.  It alleges that

- "[T]he intentional and malicious actions of BGR and Diligence have interfered with IPOC's business relationships and have damaged, and will continue to damage IPOC's business expectancies unless BGR and Diligence are restrained." Compl. ¶ 28.

- "The actions taken by Diligence and/or BGR to illegally access one or more of the KPMG FAS Computers . . . in contravention of 18 U.S.C. § 1030, caused damage and loss to IPOC in excess of $5,000, in furtherance of a plan to damage IPOC." Compl. ¶ 33.

- "IPOC was, and continues to be, harmed by the activities of Diligence and BGR, including the procurement by improper means, possession, disclosure and use of information about IPOC's business." Compl. ¶ 39.

- "IPOC has suffered, and will continue to suffer, irreparable harm and damages as a result of Diligence's interference with IPOC's contractual relations with KPMG FAS." Compl. ¶ 44.

- "IPOC suffered, and continues to suffer, harm as a result of the actions of Diligence and BGR, including but not limited to acts constituting unfair competition." Compl. ¶ 49.

- "IPOC has been damaged by the overt acts of Diligence and/or BGR that unlawfully and intentionally interfered with IPOC's contractual relationships and business expectancies, violated the Computer Fraud and Abuse Act, procured

8

information by improper means, and engaged in unfair competition, in furtherance
of the Defendants' common scheme." Compl. ¶ 53.

■ "The sums received by Diligence and BGR as a result of their wrongful conduct
were earned at the expense of and to the detriment of IPOC." Compl. ¶ 56.

Are these injuries "too abstract, or otherwise not appropriate, to be considered judicially
cognizable?" *Allen*, 468 U.S. at 752. Not at all. They are garden variety statutory and common-
law tort injuries, for which courts award injunctive and monetary relief (both of which the
Complaint requests) every day.

And indeed, this Court has held that the unlawful acquisition and disclosure of
confidential information are *per se* injuries-in-fact for Article III standing purposes. In *Chevron
U.S.A. v. FERC*, 193 F. Supp. 2d 54, 61 (D.D.C. 2002), this Court held that simply requiring
plaintiffs to submit commercially sensitive information to the [federal government] satisfies the
injury-in-fact element of the standing doctrine," whether or not publication of that information
led to further harms. Similarly, in *Truckers United for Safety v. Mead*, 251 F.3d 181, 189 (D.C.
Cir. 2001), the D.C. Circuit held that the mere seizure of confidential records "easily satis[fies]
the injury/causation/redressability requirements of Article III of the Constitution." And the
Seventh Circuit likewise has held that misappropriation alone of confidential information
constitutes a distinct and palpable injury that is legally cognizable under Article III. *FMC
Corporation v. Boesky*, 852 F.2d 981, 989-90 (7th Cir. 1988).

Because IPOC's Complaint pleads sufficient facts under the statutory and common-law
torts alleged, IPOC has standing. BGR's discussion of the outcome of the Zurich arbitration or
the Bermuda investigation is beside the point. Defendants' tortious and otherwise illegal conduct

caused IPOC injuries-in-fact, including the confiscation and misappropriation of IPOC's confidential information.

### C.    The Complaint Also Clearly Alleges Injuries Fairly Traceable To Defendants' Conduct And Seeks Relief That Will Redress Those Injuries.

IPOC has also plainly alleged that its injuries are fairly traceable to Defendants' conduct, and that this Court can redress those injuries. Contrary to BGR's assertions, IPOC's grievance in this lawsuit is with neither the Zurich arbitration panel nor the government of Bermuda. IPOC's grievance is with Defendants, whose tortious and otherwise illegal conduct directly injured IPOC.

Whether an injury is "fairly traceable" to a defendant depends on whether the harm results from defendant's conduct, or from the independent action of a third party not before the court. *Lujan*, 504 U.S. at 560. Here, as in *Chevron, U.S.A. v. FERC*, Defendants' conduct is the but-for cause of IPOC's injury. In *Chevron U.S.A.*, the Federal Energy Regulatory Commission ("FERC") ordered Chevron to submit commercially sensitive information to the agency. This Court held that Chevron's injuries were "clearly attributable" to the FERC's orders because, without those orders, Chevron would not have had to disclose the information. Similarly, here, but for Defendants' tortious and otherwise illegal conduct, the Bermuda investigation would not have been interfered with, and IPOC's confidential information would not have been disclosed to its adversaries. By impersonating government agents to obtain IPOC's confidential information, BGR and Diligence thus directly caused IPOC's injury-in-fact—the wrongful acquisition and disclosure of IPOC's information and interference with the investigation.

BGR's contrary claim, that IPOC's injuries are traceable to the Zurich arbitrators or the Bermudan government, is simply wrong. Indeed, no "tracing" to Defendants is needed. The injuries for which IPOC seeks redress are BGR and Diligence's direct, wrongful acquisitions and

disclosures of IPOC's confidential information and interference with the KPMG FAS investigation. *See* Compl. ¶¶ 13, 17-21, 25, 27, 31, 37, 43, 47, 51-52, 55. No third party is responsible for these illegal confiscations.[2]

Again, neither the substance of the Zurich arbitral proceedings nor the outcome of the Bermuda investigation is relevant to this case. And certainly for Article III standing purposes, BGR's focus on these facts outside the Complaint regarding causation miss the mark. "[BGR's] reasoning falls into the familiar trap of confusing the merits of a case with the threshold requirement of standing to present a challenge." *Public Citizen v. FTC*, 869 F.2d 1541, 1549 (D.C. Cir. 1999); *accord Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Warth*, 422 U.S. at 500; *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Competitive Enterprise Inst. v. NHTSA*, 901 F.2d 107, 113 (D.C. Cir. 1990) ("[T]he standing argument must not be confused with whether a party could succeed on the merits.") (citing, inter alia, *Women's Equity Action League v. Cavazos*, 879 F.2d 880, 886 (D.C. Cir. 1989)); *Campbell v. Minneapolis Pub. Housing Auth.*, 168 F.3d 1069, 1073 (8th Cir. 1999); *Novartis Seeds, Inc. v. Monsanto*, 190 F.3d 868, 871 (8th Cir. 1999). Taking the Complaint's allegations as true and making all reasonable inferences in

---

[2]    By contrast, in all of the causation cases cited by BGR, a third party was responsible for the alleged injury. *See Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45-46 (1976) (plaintiffs lacked standing to sue Internal Revenue Service to overturn favorable revenue rulings alleged to have caused denial of hospital services, because, regardless of rulings, non-defendant hospitals were responsible for denials); *Von Aulock v. Smith*, 720 F.2d 176, 181 (D.C. Cir. 1983) (plaintiff employees lacked standing to sue EEOC for publishing interpretive bulletin alleged to have caused changes in pension plans, because, regardless of bulletin, non-defendant employers were responsible for changes); *Rector v. City & County of Denver*, 348 F.3d 935, 345 (10th Cir. 2003) (plaintiff recipients of parking tickets lacked standing to sue issuing government for placing misleading language on the tickets allegedly discouraging plaintiffs from challenging tickets, because, regardless of language, plaintiffs conceded their entire responsibility for illegal parking). Here, *only* BGR—not the Bermudan government, not the Zurich arbitration panel, and not IPOC itself—could be responsible for stealing and disclosing IPOC's confidential information.

IPOC's favor, IPOC's injuries were directly caused by Defendants, and only Defendants, who stole IPOC's confidential information.

Lastly, there is no doubt that a court can award damages to redress these injuries. The common law *exists* so that plaintiffs can be redressed for damages and ongoing injuries can be stopped. This is quintessentially true with tort claims. "A 'tort' has been defined broadly as 'civil wrong, other than breach of contract, for which the court will provide a remedy in the form of an action for damages. Remedial principles thus figure prominently in the definition and conceptualization of torts." *United States v. Burke*, 504 U.S. 229, 234-35 (1992) (citations omitted). IPOC's common law and statutory tort claims encompass the right to monetary and injunctive relief. Just as this Court held that Chevron's injuries were redressable by an injunction against the FERC (*Chevron U.S.A.*, 193 F. Supp. 2d at 62-63), a favorable decision here would alleviate IPOC's injuries by preventing Defendants from obtaining or disseminating any more information from the Bermuda investigation, preventing them from releasing the information they have already collected, and by providing IPOC monetary relief.

## CONCLUSION

For the foregoing reasons, the Motion of Barbour Griffith & Rogers LLC to Dismiss for

Lack of Subject Matter Jurisdiction should be denied.

September 5, 2006                                          Respectfully submitted,

                                                          IPOC INTERNATIONAL GROWTH FUND
                                                          LIMITED

                                                          /s/ Carol A. Joffe

OF COUNSEL:                                               _____
Kimball R. Anderson                                       Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP                                      Carol A. Joffe (D.C. Bar No. 351528)
35 W. Wacker Drive                                        Anne W. Stukes (D.C. Bar No. 469446)
Chicago, Illinois 60601                                   WINSTON & STRAWN LLP
Tel:    (312) 558-5858                                    1700 K Street, N.W.
Fax:    (312) 558-5700                                    Washington, D.C. 20006
kanderson@winston.com                                     Tel:    (202) 282-5000
                                                          Fax:    (202) 282-5100
                                                          tbroas@winston.com
                                                          cjoffe@winston.com
                                                          astukes@winston.com

                                                          *Attorneys for IPOC International Growth Fund
                                                          Limited*

13

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2006, I caused the foregoing Opposition to the Motion of Barbour Griffith & Rogers Motion to Dismiss for Lack of Subject Matter Jurisdiction to be served electronically, via the Court's electronic filing system, on:

Charles J Cooper
David H. Thompson
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street, NW
Washington, DC  20004
202-220-9600
202-220-9601 (FAX)

*Attorneys for Barbour Griffith & Rogers LLC*

Paul C. Rauser
AEGIS LAW GROUP LLP
Suite 500
901 F Street, NW
Washington, D.C.  20004
202-737-3500
202-737-3330 (FAX)

*Attorney for Diligence, LLC*

___/s/_____
Carol A. Joffe

14