UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, ) ) ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 1:06CV01109 (PLF) |
| ) | |
| DILIGENCE, LLC, *et al.*, ) ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY TO BARBOUR, GRIFFITH AND ROGERS LLC'S RULE 12(c) MOTION

Plaintiff, IPOC International Growth fund Limited ("IPOC"), by counsel, hereby respectfully requests leave to file a Sur-Reply in response to the Reply to Plaintiff IPOC's Opposition to Motion of Defendant Barbour Griffith & Rogers LLC for Judgment on the Pleadings ("BGR's Reply"). IPOC's Sur-Reply is attached hereto as Exhibit A. The grounds for this Motion for Leave to File Sur-Reply are that, in IPOC's opposition to BGR's motion for judgment on the pleadings ("IPOC's Opposition"), IPOC was unable to contest the following matters that are raised for the first time in BGR's Reply.

1. In its opening brief, BGR argued that IPOC has not alleged that its actually suffered an injury or adduced facts to show how Defendants' wrongful conduct caused an injury. BGR's Mem. at 4. In its reply, BGR implicitly concedes that the complaint alleges injury and causation, but now claims that the "naked recitation" of the elements is insufficient to withstand a motion for judgment on the pleadings. BGR's Reply at 1-3. IPOC should be afforded an opportunity to respond to this new argument.

2. Similarly, in its opening brief, BGR argued that IPOC had alleged only two types of wrongful conduct—fraud and bribery—underlying its various tort claims and, thus, that the

complaint should be dismissed because those two were not sufficiently alleged. BGR's Mem. at 19. In its reply, BGR now concedes that IPOC's complaint contains allegations of wrongful conduct in addition to those of fraud and bribery and argues that these additional allegations themselves are derivative of the allegations of fraud and bribery. BGR's Reply at 10-11. IPOC should also be afforded an opportunity to respond to this new argument.

    3.    BGR bases its other arguments on new cases, cited for the first time in BGR's Reply, to which IPOC has not had the opportunity to respond, including:

- *Berni v. Int'l Gourmet Rests. of Am., Inc.*, 838 F.2d 642 (2d Cir. 1988) (cited for the proposition that IPOC has failed to allege misappropriation of any commercial advantage or interference with a protected commercial interest). BGR's Reply at 20.

- *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 318 F. Supp. 2d 216 (D. Del. 2004) (cited for the proposition that IPOC's common-law claims are preempted under the D.C. Uniform Trade Secrets Act). BGR's Reply at 13.

    4.    IPOC's request for leave to file a Sur-Reply should be granted to provide IPOC the opportunity to contest important matters raised for the first time in BGR's Reply.

    5.    In addition, IPOC should be afforded an opportunity to respond to all of the arguments that BGR lodges in its Reply. BGR's Reply is more than half the length as its opening brief and contains numerous lengthy single-spaced footnotes. In the interest of fairness, and to assist the Court in deciding the issues, which may be dispositive of some or all of IPOC's claims, IPOC seeks leave to respond.

    6.    "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazy Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004). "The district court routinely grants such motions [for leave to file a sur-reply] when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citations omitted); *see also Marsh v. Johnson*, 263 F. Supp. 2d 49, 54 (D.D.C. 2003) (suggesting a sur-reply as an

appropriate device to give the plaintiff "a full opportunity to respond to the arguments raised in the defendant's reply" on a motion to dismiss).

7. IPOC's counsel attempted to obtain the consent of Barbour Griffith and Rogers LLC to the relief sought in this motion, but such consent was not obtained.

WHEREFORE, IPOC hereby requests leave to file a Sur-Reply, which is filed concurrently herewith.

October 2, 2006

Respectfully submitted,

/s/ Anne W. Stukes

Of Counsel
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tele:   (312) 558-5858
Fax:    (312) 558-5700
kanderson@winston.com

Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tele:   (202) 282-5000
Fax:    (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com
*Attorneys for Intervenor IPOC International Growth Fund Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2006, I caused the foregoing Motion for Leave to File a Sur-Reply, along with the attached Sur-Reply Brief, to be served electronically, via the Court's electronic filing system, on:

>Charles J. Cooper
>David H. Thompson
>COOPER & KIRK, PLLC
>Suite 750
>555 Eleventh Street, NW
>Washington, DC  20004
>202-220-9600
>202-220-9601 (FAX)
>*Attorneys for Barbour Griffith & Rogers LLC*
>
>Paul C. Rauser
>AEGIS LAW GROUP LLP
>Suite 500
>901 F Street, NW
>Washington, D.C.  20004
>202-737-3500
>202-737-3330 (FAX)
>*Attorney for Diligence, LLC*

>___/s/_____
>Anne W. Stukes