UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>　)<br>　　　　Plaintiff, )<br>　)<br>v. )<br>　)<br>DILIGENCE, LLC, *et al*. )<br>　)<br>　　　　Defendants. )<br>　) | Civil Action No. 06-1109 (PLF/AK) |

## **MEMORANDUM ORDER**

Pending before the Court is Defendant Diligence Inc.'s Motion to Stay Discovery Pending Resolution of Motions to Dismiss ("Motion to Stay") [13]; Plaintiff IPOC's opposition to the Motion to Stay ("Opposition") [21]; Diligence Inc.'s reply to the Opposition ("Reply") [31]; the Amended Motion of Defendant Barbour Griffith & Rogers LLC ("BGR") for a Protective Order Staying all Discovery ("Amended Motion") [15]; Plaintiff IPOC's opposition to the Amended Motion ("Second Opposition") [29] ) and Defendant's reply to the Second Opposition ("Second Reply"[35].[1]  Additionally pending before the Court is Diligence Inc.'s Motion for Emergency Consideration of Motion to Stay Discovery and for Order Prohibiting Disclosure of Sealed Court Materials ("Emergency Motion") [18] and IPOC's opposition thereto ("Third Opposition") [24].

Background

The Motion, Amended Motion, and Emergency Motion were referred by the trial court

---

[1]IPOC International Growth Fund Limited notes that "[a]lthough Diligence is named in the Complaint as 'Diligence LLC,' Diligence filed its motion to dismiss in the name of 'Diligence, Inc.' Diligence does not assert that IPOC named the wrong party." Opposition at 1.

for disposition by the undersigned. (August 7, 2006 Order [27].) The relief requested in the Motion and Amended Motion is the same; i.e., a stay of discovery. (Amended Motion at 1 n.1.) Diligence, Inc. ("Diligence") filed the Emergency Motion to request expedited consideration of Diligence's Motion and prevent imminent dissemination of sealed court materials by Hughes Hubbard & Reed, a non-party law firm, which had been subpoenaed by IPOC.[2] In a Minute Order dated July 31, 2006, the trial court *sua sponte* stayed all discovery pending a decision on both motions to stay, which were not yet fully briefed. That Minute Order effectively mooted the need for an *immediate* resolution of Diligence's Motion and Emergency Motion by placing the parties and the non-party law firm into a 'holding pattern.' On August 7, 2006, the same day this matter was referred to the undersigned for resolution of discovery disputes, the trial court also referred the case for mediation. The negotiations between the parties have reached an impasse, and accordingly, the Motion and Amended Motion are now ripe for consideration by the undersigned.

Defendant Diligence moves for a stay of all discovery in the instant case until the trial court resolves the pending motions to dismiss.[3] Defendant Barbour Griffith & Rogers moves this Court, pursuant to Fed. R. Civ. P. 26(c), for a protective order staying all discovery pending resolution by the trial court of several dispositive motions filed by Diligence and BGR, on

---

[2]Hughes Hubbard & Reed L.L.P. ("HHR") represented KPMG Financial Advisory Services in the *KPMG FAS v. Diligence* case, Civil Action No. 05-2204 (PLF). The HHR Subpoena was served on July 14, 2006 and required compliance on July 24, 2006. (Third Opposition at 1.) The Court finds that Diligence's attempt to quash the subpoena by means of its Emergency Motion, which was filed on July 31, 2006, is untimely.

[3]Pending before the trial court are: Diligence's Motion to Dismiss [12]; BGR's Motion to Dismiss for Failure to Plead with Particularity [8]; Motion to Dismiss for Lack of Subject Matter Jurisdiction [33]; and Motion for Judgment on the Pleadings [34].

grounds that such stay will protect the parties, all non-parties who are responding to discovery requests, and the Court from "incurring undue burdens and expenses [but] without causing IPOC any prejudice." (Memorandum in support of Amended Motion at 1.)[4] Pursuant to Fed. R. Civ. P. 26(c), acting upon a motion by a party or a non-party from whom discovery is sought, "the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . (1) that the disclosure or discovery not be had[.]" Fed. R Civ. P. 26(c).

On July 14, 2006, the parties held their Rule 26(f) conference and according to IPOC, "[w]ithin hours after the conference, Diligence - the first party to serve discovery in the case- served upon IPOC interrogatories, documents requests, and six notices of deposition." (Memorandum in support of Motion at 3.) Thereafter, IPOC served a subpoena on Hughes, Hubbard and Reed L.L.P. ("HHR"), the law firm that represented the plaintiff in *KPMG Financial Advisory Services Limited v. Diligence, LLC*, Civil Action No. 05-2204 (PLF).[5] A few days later, Diligence and BGR filed their initial dispositive motions, followed by the filing of the instant Motion [dated July 20, 2006] and Amended Motion [dated July 25, 2006].

---

[4]Diligence does not specifically reference Fed. R. Civ. P. 26 in its Motion, but instead notes that "[a] stay of discovery pending resolution of both motions to dismiss is consistent with the purposes of Federal Rules of Civil Procedure 9(b) and 12(b)(6)-namely conserving judicial and party resources by dismissing at the outset fatally flawed complaints." (Memorandum in support of Motion at 3.)

[5]That case is sealed with redacted versions of pleadings available for public viewing. The case settled in June 2006 (Stipulation of Dismissal and Consent Order [64].) In August 2006, IPOC moved for limited intervention for access to court files, and that motion was denied by the trial court by means of a Minute Order dated August 23, 2006. On September 21, 2006, IPOC appealed from that denial, and such appeal is currently pending before the Court of Appeals.

Analyzing the Interests of the Parties

Defendants argue that courts have discretion to stay discovery during the pendency of dispositive motions. *See Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion"); *Anderson v. United States Attorneys Office*, No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (citing *Brennan v. Local Union No. 639, Int'l Brotherhood of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974)) ("[d]iscovery is generally considered inappropriate while a motion that would be thoroughly dispositive of claims in the Complaint is pending.")[6]

In contrast, IPOC contends that discovery should proceed while motions to dismiss are pending unless the party seeking the stay makes a strong showing that a stay is justified. (Opposition at 6, citing *People with AIDS Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179, *1 (D.D.C. Oct. 11, 1991)). *See Moss v. Hollis*, 1990 WL 138531 (D.Conn. 1990) ("had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision.") IPOC further asserts that "[s]uch motions for stay [of discovery pending the outcome of a motion to dismiss] are generally disfavored and will not be granted unless the party seeking a stay makes a strong showing why discovery should be denied." (Opposition at 6, citing *Dickson v. Chicago Allied Warehouses, Inc.*, No. 90 C 6161, 1993 WL 362450, at *11 (N.D. Ill. Sept. 15, 1993)).

---

[6]IPOC notes that *Chavous* is factually inapposite because it involved a pending motion for summary judgment by plaintiffs, who indicated that no further discovery was necessary to resolve the case. 201 F.R.D. at 3.

BGR and Diligence are the parties requesting a stay of discovery in this case and it is their burden to justify such request. *People with AIDS Health Group*, 1991 WL 221179, at *1. Defendants rely heavily on their contention that the dispositive motions, if granted will "thoroughly dispose of all of IPOC's claims against BGR and Diligence solely on the basis of legal deficiencies apparent on the face of IPOC's complaint." ( Memorandum in Support of Amended Motion at 2.)  This speculative contention is not enough to justify a stay of all discovery in this case. *See Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990).  ("[B]are assertions that discovery . . . should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.") *See also Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, 1999 WL 731773, at *1 (N.D.Ill. Aug. 31, 1999) ("[T]he grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of a complaint." Defendants' reliance on this argument is also misplaced insofar as the trial court, in ruling on motions to dismiss, could grant  IPOC the right to amend its Complaint, as opposed to dismissing IPOC's Complaint with prejudice.

Defendants assert that because the trial court has not set a discovery deadline and the stay would be for a limited period of time; i.e., until resolution of several pending dispositive motions, there is no prejudice to IPOC.[7]  The Court notes that this case has already been stayed for a  period of time, while the instant motions became ripe and the parties attempted to mediate the case, and accordingly, the commencement of discovery has been delayed.  Any further delay

---

[7]Such assertion ignores the parties' Rule 26 proposal that discovery be completed by July 14, 2007.

in discovery will likely result in a postponement of the proposed July 14, 2007 deadline, which prejudices IPOC.

Defendants further argue that a stay of discovery is warranted because of the burdensome and expensive nature of discovery in this case wherein the parties have agreed to permit a "total of 70 depositions, including 30 by IPOC." (Memorandum in Support of Amended Motion at 3.) IPOC responds by focusing on the pending discovery requested from non-party HHR, noting that it "can hardly be described as 'burdensome and expensive.'" (Second Opposition at 5.) In support of this statement, IPOC notes that HHR has already indicated that it is willing and ready to comply with the HHR Subpoena immediately." (Second Opposition at 6.) In fact, HHR sent a letter via electronic mail, dated July 27, 2006, (Motion for Emergency Consideration, Exh. F), whereby HHR indicates that it is willing to produce the following documents: 1) complete copies of certain filings from the *KPMG FAS v. Diligence* case; 2) documents received at KPMG U.S.'s Montvale office; and 3) documents produced by Diligence, including the transcript of the deposition of Diligence's corporate representative. (Exh. F.) HHR further states that it will withhold actual documents taken from KPMG, which are materials generated in connection with the confidential investigation of IPOC that are confidential under Bermuda law, and HHR will also redact certain confidential information. (*Id.*) Such documents will be produced by HHR subject to the terms and conditions noted in the July 27, 2006 letter, including HHR's provision of notice to counsel for Diligence [which was given on July 20, 2006] and confirmation that certain materials held are not designated as confidential by any non-party. (*Id.*) HHR indicates that "[t]he parties will need to enter into a standard confidentiality order protecting these

materials from use outside the proceedings . . . ." (*Id.*)[8]

IPOC's current request for discovery involves a subpoena issued to HHR, a non-party, which has indicated its willingness to comply with the subpoena if certain terms and conditions are met by IPOC.[9] The Court notes that the terms and conditions proposed by HHR, counsel for the Plaintiff in the *KPMG FAS* case, are designed to preserve the confidential nature of the documents at issue, while allowing IPOC access to such documents. The Court sees no reason why such non-party discovery may not proceed as Defendants will not incur any burden or expense associated with such production by HHR, or any other non-party. Nor does the Court find that it is unduly burdensome or expensive for Defendants to comply with IPOC's discovery requests seeking documents previously produced in connection with the *KPMG FAS* case, or any other written discovery. Alternatively, if discovery is stayed, IPOC will be prejudiced insofar as the discovery deadline proposed by the parties will likely be postponed because discovery has already been effectively stayed for several months. This Court will however grant a temporary stay of deposition discovery until such time as the dispositive motions that are currently pending before the trial court have been decided, provided that if such motions have not been ruled upon before the parties in the instant case complete their non-deposition discovery, IPOC may request

---

[8]IPOC further contends that many of its pending document requests to BGR and Diligence seek documents produced in the *KPMG FAS v. Diligence* case, and there is no explanation proffered by Defendants as to why it would be burdensome to produce these documents. (Second Opposition at 6.)

[9]There is no indication in the record that IPOC objects to any of the terms and conditions imposed by HHR.

that the stay be lifted at the close of all non-deposition discovery. Accordingly, it is this 13th day of October, 2006,

ORDERED that Diligence's Motion to Stay Discovery Pending Resolution of Motions to Dismiss [13] is granted in part and denied in part. The parties shall proceed with written discovery and non-party discovery but deposition discovery shall be stayed until the trial court has resolved any [currently pending] dispositive motions, subject to the aforementioned proviso. It is further

ORDERED that the Amended Motion of Defendant Barbour Griffith & Rogers LLC for a Protective Order Staying All Discovery [15] is granted in part and denied in part, consistent with the above ruling. It is further

ORDERED that Diligence Inc.'s Motion for Emergency Consideration of Motion to Stay Discovery and for Order Prohibiting Disclosure of Sealed Court Materials [18] be denied. The Defendant's request for emergency consideration is moot in light of the temporary stay imposed by the trial court and Defendant's request that the subpoena be quashed is untimely.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE