UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　)<br>DILIGENCE, LLC,　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　and　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　)<br>BARBOUR GRIFFITH & ROGERS, LLC,　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　　) | Civil No. 06-1109<br>(PLF)/(AK) |

**MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC FOR
RECONSIDERATION OF MAGISTRATE JUDGE'S RULING
<u>DENYING MOTION TO STAY WRITTEN DISCOVERY</u>**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72(a) and Local Rule 72.2(b), Defendant Barbour Griffith & Rogers LLC ("BGR") hereby respectfully moves for reconsideration by this Court of Magistrate Judge Kay's Order of October 13, 2006, Doc. No. 46 ("Order"), to the extent that Order imposes substantial discovery obligations while dispositive motions, particularly BGR's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 33) and the serious concerns about this Court's lack of jurisdiction under Article III of the United States Constitution reflected therein, remain outstanding.

　　　　1.　　　　Defendant Diligence, Inc.'s Motion to Stay Discovery Pending Resolution of Motions to Dismiss (Doc. No. 13), Plaintiff IPOC's opposition thereto (Doc. No. 21), and Diligence's reply in support thereof were referred to the Magistrate Judge; so too were BGR's corresponding motion for stay (Doc. No. 15), IPOC's opposition (Doc. No. 29), and BGR's reply (Doc. No. 35).

1

2.      After the initial motions were filed but before briefing on them was complete and the matter referred to the Magistrate, this Court entered a Minute Order of July 31, 2006 staying all discovery pending resolution of the relevant motions to stay discovery.

3.      Because BGR's reply in support of a stay was filed subsequent to its filing of the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 33), which argued at length and in detail that IPOC lacked standing under Article III, BGR argued for a stay specifically on the ground that "[i]t would offend the principles and limitations of Article III for discovery to proceed under the auspices of a federal court that is without jurisdiction over the underlying subject matter," citing cases to this effect. Doc. No. 35 at 4-5. And, in addressing the balance of factors relevant to a stay and the cases analyzing them, BRG explained that this balance overwhelmingly favors a stay, "especially given that one of the[ pending dispositive] motions calls into question the very power of the court to entertain this litigation at all." Doc. 35 at 8.[*]

4.      On October 13, 2006, after Court-ordered mediation efforts had failed, the Magistrate Judge ordered, in relevant part, that Diligence and BGR's motions for stay are "granted in part and denied in part. The parties shall proceed with written discovery and non-party discovery but deposition discovery shall be stayed until the trial court has resolved any [currently pending] dispositive motions." Doc. No. 46 at 8. *En route* to this order, the Magistrate Judge characterized Defendants' contention that the pending dispositive motions stood to obviate fact discovery as "speculative [and] not enough to justify a stay of all discovery in this case"; on the other side of the scale, the Magistrate Judge was moved by a concern that

---

[*] "Because IPOC's previously filed memoranda opposing a stay of discovery d[id] not address the propriety of staying discovery specifically when a Rule 12(b)(1) motion is pending, BGR d[id] not object to additional briefing limited to this question if IPOC believe[d] it necessary." Doc. No. 35 at 1 n.1. IPOC, however, did not offer any such "additional briefing" before the Magistrate.

"further delay in discovery will likely result in a postponement of the proposed July 14, 2007 deadline," which the parties had initially negotiated pursuant to Rule 26.  Doc. No. 46 at 5-6 & n.7.  The Magistrate Judge went on to conclude that "the Court [does not] find that it is unduly burdensome or expensive for Defendants to comply with IPOC's discovery requests seeking documents previously produced in connection with the *KMPG FAS* case, or any other written discovery.  Alternatively, if discovery is stayed, IPOC will be prejudiced insofar as the discovery deadline proposed by the parties will likely be postponed because discovery has already been effectively stayed for several months."  Doc No. 46 at 7.  No reference was made to the pendency of BGR's Motion to Dismiss for Lack of Subject Matter Jurisdiction, or to the caselaw supporting a stay specifically in this circumstance.

    5.  The parties face substantial burdens pursuant to their obligations with respect to written discovery, as now renewed in this case.  BGR specifically has received 58 separate document requests propounded by IPOC.  "Regardless of the burden suffered by defendant, however, discovery would be inappropriate if this Court lacks jurisdiction over the subject matter of plaintiffs" complaint.  *McDevitt & Street Co. v. Square 486 Dev. Group Ltd.*, No. 90-0158-LFO, 1990 U.S. Dist. LEXIS 7315, \*3-\*4 (D.D.C. June 16, 1990); *see also, e.g.*, *Sinclair Nat'l Bank v. Office of the Comptroller*, No. 00-2398, 2000 U.S. Dist. LEXIS 17968 (D.D.C. Dec. 7, 2000) (denying discovery where Rule 12(b)(1) motion was pending); *Washington Bancorporation v. FDIC*, No. 95-1340, 1996 U.S. Dist. LEXIS 3876 (D.D.C. Mar. 19, 1996) (staying discovery pending resolution of Rule 12(b)(1) motion); *Maljack Prods., Inc. v. Motion Picture Ass'n*, No. 90-1121, 1990 U.S. Dist. LEXIS 13284, \*1 (D.D.C. Oct. 3, 1990) (staying discovery "until a determination can be made regarding the jurisdictional issues raised in [defendant's] motion to dismiss"); *American Constitutional Coalition Found., Inc. v. Federal*

*Bureau of Prisons*, No. 89-1044, 1989 U.S. Dist. LEXIS 6888 (D.D.C. June 15, 1989) ("[I]t appears that it would be unduly burdensome to require defendants to proceed with discovery until the Court resolves the threshold questions of standing and subject matter jurisdiction."). We respectfully submit that the Magistrate Judge failed to account for this point, as consistently articulated by this Court.

      6.     Separate and apart from the fact that this Court's jurisdiction is seriously in question, it is difficult to grasp why the pendency of dispositive motions generally would not overwhelmingly warrant a stay. The burdens associated with written discovery are real, and cannot be gainsaid. Simply searching for documents responsive to IPOC's 58 separate document requests will require a costly commitment of staff and resources by the client and relevant counsel – all of which will be for naught in the event that this Court grants one of the dispositive motions right now under submission. Meanwhile, on the other side of the scale, the Magistrate Judge has identified only the prospect that the discovery period negotiated by the parties might need to be adjusted in the face of a continuing stay. It is difficult to conceive of this as prejudicing IPOC; if it amounts to any prejudice at all, then it is prejudice that is exceedingly slight to the point of *de minimis*. To the extent that any of the dispositive motions under submission facially raises questions that are substantial, the calculus favoring the propriety of a continued stay is straightforward and clear. This is especially true of the pending motion going to the Court's very jurisdiction over the case. Accordingly, this Court appears best positioned to address the propriety of staying written discovery now in full view of the dispositive motions under submission and its views regarding the same.

*   *   *

For the foregoing reasons, BGR respectfully requests reconsideration of Magistrate Judge Kay's Order of October 13, 2006, Doc. No. 46, to the extent that Order imposes substantial discovery obligations while BGR's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction, as well as the other dispositive motions, remain outstanding.

October 18, 2006                    Respectfully submitted,

/s/ Charles J. Cooper
_____
Charles J. Cooper (D.C. Bar No. 248070)
David H. Thompson (D.C. Bar No. 450503)
Derek L. Shaffer (D.C. Bar No. 478775)
COOPER & KIRK, PLLC
Suite 750
555 Eleventh Street, NW
Washington, DC  20004
202-220-9600
202-220-9601 (Fax)

*Attorneys for Barbour Griffith & Rogers LLC*