UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civ. No. 06-1109 (PLF/AK) |

**PLAINTIFF IPOC'S OPPOSITION TO DEFENDANT BARBOUR GRIFFITH &
ROGERS LLC'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S
RULING DENYING MOTION TO STAY WRITTEN DISCOVERY**

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby opposes Defendant Barbour Griffith & Rogers LLC's ("BGR") Motion for Reconsideration of the Magistrate Judge's Ruling Denying the Motion to Stay Written Discovery. BGR's motion should be denied because the Magistrate Judge's ruling was not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

## INTRODUCTION

BGR's Motion for Reconsideration ("Motion") seeks to overturn Magistrate Judge Kay's October 13, 2006, ruling that granted in part and denied in part the motions of BGR and Diligence to stay discovery ("Order"). In so doing, BGR repeats the arguments that were made before the Magistrate Judge—namely that, in light of pending motions to dismiss, discovery would be overly burdensome. The Magistrate Judge duly considered these arguments and ruled that a complete stay of discovery would be inappropriate solely on the basis of BGR's "speculative contention" that its motions to dismiss would succeed. Order at 5. Furthermore, the Magistrate Judge held that continued delays in discovery would prejudice IPOC and upset the

proposed discovery deadline. *Id.* at 5-6. But while the Magistrate's Order permits written discovery to proceed, it does stay deposition discovery. There is no basis to upset this balanced decision, especially given this Court's deferential standard of review.

## **ARGUMENT**

Under Local Civil Rule 72.2(c), "a judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." A magistrate judge's orders are entitled to "great deference" and should be overturned only when "on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quotations omitted). Deference is particularly appropriate, moreover, to magistrate rulings on discovery issues. *Evans v. Atwood*, No. 96-2746, 1999 U.S. Dist. LEXIS 17545, at *4 (D.D.C. Sept. 29, 1999).

In accord with these principles, the Magistrate Judge's decision should be upheld. The Magistrate Judge carefully balanced BGR's request for a total stay with the prejudice that such a stay would cause IPOC, and he found that the balance favored a limited stay. *See* Order at 8. The Magistrate Judge's ruling, which allows written discovery and non-party discovery, but stays deposition discovery, takes BGR's concerns into account. *Id.* In balancing the parties' respective concerns, the Magistrate Judge made no error of law and acted within his broad discretion. There is nothing here suggesting any error, let alone anything creating a "definite and firm conviction that a mistake has been committed." *Neuder*, 194 F.R.D. at 292. BGR's motion should be denied.

BGR does not even attempt to argue, as required under Local Rule 72.2(c), that the Magistrate Judge's ruling is clearly erroneous or contrary to law. Instead, BGR merely rehashes

the same equitable arguments that the Magistrate Judge found to be "not enough to justify a stay of all discovery in this case." *See* Order at 5.  BGR merely recites that "discovery would be inappropriate if this Court lacks jurisdiction over the subject matter" of the case. *See* Motion at 3 (quoting *McDevitt & Street Co. v. Square 486 Dev. Group Ltd.*, 1990 U.S. Dist. LEXIS 7315, *3-*4 (D.D.C. June 16, 1990)).  But BGR does not cite a single case in its favor that addresses the question here—namely, whether a district court must reverse a magistrate who has granted a partial stay of discovery where pending motions include a challenge to the court's jurisdiction. Motion at 3-4.  In *American Constitutional Coalition Foundation v. Federal Bureau of Prisons*, the court granted a stay because the non-moving party did not oppose the motion. 1989 U.S. Dist. LEXIS 6888 (D.D.C. June 15, 1989).  Similarly, in *Maljack Productions, Inc. v. Motion Picture Association of America*, the court granted the stay because no discovery schedule had been set, and the non-moving party did not even allege prejudice. 1990 U.S. Dist. LEXIS 13284 at *2-*3 (D.D.C. Oct. 4, 1990).  In *Sinclair National Bank v. Office of the Comptroller*, the court stayed discovery pending a preliminary question of whether a statute had removed subject matter jurisdiction from the court. 2000 U.S. Dist. LEXIS 3876 at *4 (D.D.C. Mar. 19, 2996).  None of these are applicable to the instant case.

The Magistrate Judge cited numerous cases where motions to dismiss on numerous grounds were pending, and yet the court ordered discovery to go forward.  *See* Order at 5 (citing *People with AIDS Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) ("[A] pending motion to dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery."); *Continental Illinois Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) ("[B]are assertions that discovery…should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an

order staying discovery generally."); *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exch.*, 1999 WL 731773, at *1 (N.D. Ill. Aug. 31, 1999) ("[T]he grounds for staying or limiting discovery listed in Rule 26 do not include the legal insufficiency of the complaint.")  These decisions strongly support the Magistrate Judge's decision to allow written discovery to proceed while continuing the stay on depositions at this time.

Rather than grappling with such authorities, BGR is simply trying to delay this case and hide evidence of Defendants' wrongdoing.  But this is nothing new.  Defendant Diligence first filed a motion to stay discovery in these proceedings on July 20, 2006, less than one week after *it* initiated discovery.  *See* Order at 3.  This Court temporarily stayed discovery pending disposition of the motion to stay.  *See* Minute Order, July 31, 2006.  Defendants thus attempted to block a subpoena issued by IPOC to Hughes, Hubbard, and Reed LLP ("HHR"), the law firm that represented KPMG FAS in the related matter of *KPMG FAS v. Diligence* (Civ. No. 05-2204).  That subpoena sought materials produced by Diligence in *KPMG FAS*, which has an identical underlying factual basis as this case, so that discovery efficiencies could be achieved here.

It is simply not true that the Magistrate's decision is burdensome.  While BGR complains of the "burdens associated with written discovery," which will require "a costly commitment of staff and resources" (*see* Motion at 4), BGR's Motion for Reconsideration would block production of documents under the subpoena to HHR, a production that will *simplify* discovery.  Discovery will become more burdensome to all parties only if Defendants continue to resist IPOC's efforts to expedite the process by first seeking materials that (third-party) HHR is willing to produce and materials already discovered in *KPMG FAS*.  The Magistrate Judge's decision recognizes this, and it should be affirmed.

4

## **CONCLUSION**

The Magistrate Judge here quite properly ordered a limited stay of deposition discovery while allowing non-party and written discovery to proceed. The circumstances of this case do not favor a blanket stay based on BGR's hopes that, on a motion to dismiss, this case will vanish. The Magistrate Judge's Order, which is well-reasoned and amply supported by the law, should be upheld. For all of the reasons discussed above, IPOC respectfully requests that BGR's motion to reconsider be denied.

October 31, 2006                                       Respectfully submitted,

                                                       IPOC INTERNATIONAL GROWTH FUND
                                                       LIMITED

OF COUNSEL:                                             /s/ Carol A. Joffe
Kimball R. Anderson                                    Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP                                   Carol A. Joffe (D.C. Bar No. 351528)
35 W. Wacker Drive                                     Anne W. Stukes (D.C. Bar No. 469446)
Chicago, Illinois 60601                                WINSTON & STRAWN LLP
Tel:   (312) 558-5858                                  1700 K Street, N.W.
Fax:   (312) 558-5700                                  Washington, D.C. 20006
kanderson@winston.com                                  Tel:   (202) 282-5000
                                                       Fax:   (202) 282-5100
                                                       tbroas@winston.com
                                                       cjoffe@winston.com
                                                       astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2006, a copy of the foregoing Opposition to Defendant Barbour Griffith & Rogers LLC's Motion for Reconsideration of Magistrate Judge's Ruling Denying Motion to Stay Written Discovery was served, electronically via the Court's electronic filing system, on:

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*

Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*

/s/ Carol A. Joffe