UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) C.A. No. 1:06CV01109 (PLF) |
| DILIGENCE, LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S SUR-REPLY IN OPPOSITION TO MOTION OF DEFENDANT BARBOUR GRIFFITH & ROGERS LLC TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff, IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby files this Sur-Reply in further opposition to the Motion of Barbour Griffith & Rogers LLC ("BGR") to Dismiss for Lack of Subject Matter Jurisdiction.

**I.   Introduction**

In its Opposition to BGR's Rule 12(b)(1) motion, IPOC demonstrated that the standing doctrine exists to prevent those with a "mere interest" in an issue from litigating suits for generalized grievances. In BGR's Reply (the "Reply"), BGR abandoned the standing cases it cited in its motion and, instead, now baldly asserts that federal "courts routinely dismiss fraud claims and other torts for lack of standing." Reply at 7. But not a single one of BGR's new authorities support this specious proposition. It simply makes no sense to speak of an individual or entity as having a "mere interest," rather than a personal stake, in its own personal injury.

Nor do BGR's new cases otherwise support BGR's baseless attack on IPOC's standing to bring this case. BGR's continued attempt to blur the distinction between "injury-in-fact" and

"injury" does not trump the long line of cases in which the Supreme Court has defined "injury-in-fact" as the "invasion of a legally protected interest."

IPOC's Complaint alleges concrete and particularized invasions of IPOC's legally protected interests by Defendants. The allegations of IPOC's Complaint, not BGR's erroneous characterizations of those allegations, establish IPOC's standing. BGR's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (the "Motion") should be denied.

## II. The New Cases Cited Do Not Support BGR's New Claim that Courts Routinely Dismiss Tort Cases for Lack of Standing.

In Section 3 of its Reply, BGR erroneously asserts that "[f]ederal courts routinely dismiss claims of fraud and other tort claims for lack of standing." BGR Reply at 7-8. None of the cases BGR cites supports this inaccurate assertion. Each case BGR cites is entirely consistent with IPOC's arguments.

In *Freedom Calls Found. v. Bustel,* No. CV 5460, 2006 U.S. Dist. LEXIS 19685, at *81 (E.D.N.Y. Mar. 3, 2006), the court dismissed the defendant's counterclaims for lack of standing where he alleged that the plaintiffs (and third parties) had committed torts—not against him—but against a corporation with which he was no longer affiliated. Thus, there could be no injury because the defendant was essentially suing for injuries that were suffered, if at all, by another party, not by him.[1] This result is unremarkable because the party who brought the claim *was* the wrong party, and he *did* lack standing. None of the facts in *Freedom Calls* are present here, where the Complaint alleges that Defendants committed torts against IPOC.

Two other cases cited by BGR held that there was no standing because the claims were made prematurely, not because the plaintiff lacked standing. *Loftin v. KPMG, LLP,* 2002 U.S.

---

[1] The Court also held that under New York law an officer or director may bring an action against another officer or director only if he is an officer or director *"at the time the action is brought."* Id. at *82.

2

Dist. LEXIS 26909, at *24-*25 (S.D. Fla. Dec. 10, 2002) (plaintiff's breach of fiduciary duty, fraud and negligence claims related to tax-shelter advice premature because negotiations with the IRS were still ongoing); *Hirshfield v. Winer,* Nos. 87 CIV 8079, 8640, 8641, 1989 U.S. Dist. LEXIS 11605, at *6 (S.D.N.Y. Oct. 3, 1989) (claim based upon tax advice not ripe because the tax opinion was then being argued to a federal court). Neither *Loftin* nor *Hirshfield* have any application to the issue of standing in this case, where the Complaint alleges that Defendants' actions in, *inter alia*, impersonating government agents and wrongfully obtaining and disclosing IPOC's confidential information have occurred already.

In *Sanner v. Board of Trade,* 62 F.3d 918, 923 (7th Cir. 1995), the court held that the plaintiffs, soybean farmers, lacked associational standing because the relief requested, monetary damages, required individual members to be in the lawsuit. The instant case does not involve "associational" standing. *Sanner* otherwise supports IPOC's, not BGR's, position. While the *Sanner* Court did deny Article III standing to certain soybean farmers who did not sell soybeans at a depressed price, the Court held that those soybean farmers who actually did sell at the depressed price had standing. *Sanner* concluded that defendants' argument that a third party caused the selling farmers' injuries "is not a matter that a court should attempt to sort out on a motion to dismiss." *Id.*

> We cannot, in reviewing a motion to dismiss, accept the chain of causation that the [appellee] urges. It is well-established that at this stage of pleading we must accept the factual allegations contained in the complaint as true. *Northeastern Florida Contractors v. Jacksonville,* 124 L.Ed. 2d 586, 113 S.Ct. 2297, 2304 (1993); *Gomez,* 811 F.2d at 1039. Adjunct to this principle is the requirement that we view those allegations in the light most favorable to the plaintiff and make all reasonable inferences in his favor.

3

*Id.* at 925. The Court also explained that these principles are equally applicable where the motion to dismiss is for lack of standing. *Id. Sanner* thus squarely rejected the precise argument BGR makes in its motion to dismiss for lack of subject-matter jurisdiction.

The plaintiff's tort claim in *Newton v. Tyson Foods, Inc.*, 207 F.3d 444 (8th Cir. 2000), was not dismissed for lack of standing.[2] Instead, on a motion to dismiss for failure to state a claim, the tort claim was dismissed for lack of proximate cause. Unlike in *Newton*, the question before this Court is not whether IPOC alleged that BGR proximately caused these injuries, but whether these injuries, viewed in the light most favorable to IPOC, are "fairly traceable" to BGR. JAMES W. MOORE, MOORE'S FED. PRACTICE, § 101.43[3], 101-62 (3d ed. 2006) ("In order to establish the link between the injury and the defendant's conduct, the plaintiff need not establish *proximate* cause.") (emphasis in original). As IPOC has shown, its injuries are fairly traceable to BGR and Diligence. IPOC's Opp'n at 10-11 & n.2.

Nor is BGR's quote from *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464 (1982) of any avail to BGR. In *Valley Forge*, the Supreme Court held that a group of taxpayers lacked standing to challenge the constitutionality of a conveyance of real property by the federal government to a nonprofit group because they did not "allege[] an injury of any kind, economic or otherwise." *Id.* at 486-87. The respondents in that case sought to challenge the legality of a transfer of real estate where they were not parties to the transaction, did not reside in the State where the transfer occurred and only learned of the transfer through a news release. In contrast, IPOC's Complaint seeks redress for the actions of Defendants, actions that were aimed directly at IPOC, not at the general public, taxpayers,

---

[2] In *Newton v. Tyson Foods, Inc*, only a RICO claim was dismissed for lack of RICO standing. Standing to bring a RICO action is not at issue in this case since there are no RICO claims.

environmentalists or any other large group. *Valley Forge* simply has no relevance to the determination of IPOC's standing. *Id.* at 471.

* * *

IPOC has a "personal stake" in the outcome of this litigation. The Complaint alleges that the Defendants stole IPOC's confidential information that had been collected or generated in the course of an investigation of IPOC, that Defendants infiltrated the investigation of IPOC and that Defendants disclosed IPOC's confidential information to third parties, including IPOC's litigation adversaries and the public. IPOC, and only IPOC, has standing to seek redress for these torts committed against IPOC.

**III.  The New Cases Cited Do Not Support BGR's Erroneous Claim that IPOC Has Not Alleged Injury-in-Fact.**

The Supreme Court has established that "injury in fact" "mean[s] an invasion of a legally protected interest." *Northeastern Fla. Chapter of the Associated Gen. Contractors of Am. v. Jacksonville*, 508 U.S. 656, 663-64 (1993). BGR's theory that IPOC has no standing because the outcome of the Zurich arbitration and/or the Bermuda investigation is not a sufficient injury to confer standing is baseless. BGR and Diligence invaded IPOC's legally protected interests when they stole and disclosed IPOC's confidential information and acted to improperly influence the investigation of IPOC. Complaint ¶ 2, 18-21. These invasions of IPOC's rights constitute injuries in fact under Article III. IPOC's Complaint also alleges a causal relationship between the injuries-in-fact and the challenged conduct. The Supreme Court has explained that causal relationship between the injury and the challenged conduct "mean[s] that the injury 'fairly can be traced to the challenged action of the defendant,' and has not resulted 'from the independent action of some third party not before the court,'" *Northeastern Fla. Chapter of Associated Gen. Contractors of Am.*, 508 U.S. at 664 (quoting *Simon v. Eastern Kentucky Welfare Rights*

5

*Organization*, 426 U.S. 26, 41-42, (1976)). Here the injury-in-fact is the invasion of IPOC's legally protected rights, which were a direct result of the wrongful actions of BGR and Diligence, including the impersonation of government agents, theft and disclosure of IPOC's information and interference with the investigation.

BGR cites *American Canoe Association v. EPA,* 289 F.3d 509 (8th Cir. 2002) to bolster its statement that in decisions subsequent to *Bennett v. Spear*, 520 U.S. 154, 171 (1997), the D.C. Circuit has "refused to credit mere legal conclusions as though they were specific factual allegations." *American Canoe Association,* however, cites *Bennett* only for the conclusion that "because the EPA challenged jurisdiction in a motion to dismiss, not a motion for summary judgment, [plaintiff] should be held to a relatively modest standard of asserting jurisdiction in its pleadings." *Id.* at 512 (citing *Bennett v. Spear*, 520 U.S. 154, 171 (1997)). The same is true in this case.[3]

In all the cases cited by BGR, the plaintiff did not possess the central and most crucial requirement of standing, that the plaintiff have a sufficient personal stake in the outcome of the litigation to warrant the invocation of federal jurisdiction. IPOC's case differs because its direct and personal stake in the outcome of this litigation is demonstrated by the existence of injuries-in-fact that are concrete and actual, traceable to Defendants' conduct, and that will be redressed by compensatory damages and injunctive relief.

---

[3] *American Canoe* held that the claim was not ripe because it sought judicial review of an agency's administrative policies. The ripeness doctrine seeks to prevent courts "from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 512. *American Canoe* has no relevance to the determination of IPOC's standing. IPOC's Complaint seeks redress for injury-in-fact to IPOC caused by the wrongful actions of BGR and Diligence, not for injuries that may result from an agency action or policy.

IV.  **BGR Ignores IPOC's Allegations Of Numerous Concrete Injuries Caused By BGR, Injuries Recognized By This Court And The D.C. Circuit.**

BGR continues to insist that IPOC alleges harms flowing strictly from the Zurich arbitration panel and the Bermuda investigation. BGR Reply at 1, 3, 4, 5, 10, 11, 13. That is incorrect.[4] IPOC has alleged injuries-in-fact that occurred apart from those proceedings. BGR tries to distinguish cases published by this Court and the D.C. Circuit that establish that IPOC has suffered injuries-in-fact. As we now show, that effort fails.

BGR first fails to distinguish this Court's decision in *Chevron U.S.A. v. FERC*, 193 F. Supp.2d 54 (D.D.C. 2002). BGR concedes that plaintiffs in *Chevron U.S.A.* were harmed "most fundamentally" by the "additional regulatory burden imposed upon them," the costs of which "were only compounded given the 'commercially sensitive' nature of the information thereby obtained and *potentially* disclosed to the public." BGR Reply at 9-10 (citation omitted) (emphasis added). BGR further concedes that the plaintiff's costs in *Chevron U.S.A.* are potentially analogous to the costs associated with the Bermuda Government's investigation. *Id.* at 10. Nevertheless, BGR claims that *Chevron U.S.A.* does not control here because "IPOC has not sued Bermuda" and has not alleged that BGR's actions have "increased KPMG's bills."

BGR is mistaken. Merely because a government actor obtained and disclosed confidential information in *Chevron U.S.A.*, and thus committed injury-in-fact, does not establish that *only* a government actor can cause such injury-in-fact. To be sure, governments are the usual culprit in standing cases because only they issue rules (like those at issue in *Chevron*

---

[4]  In addition, BGR continues to flout the standards of judicial notice by attaching a decision of the Bermuda Supreme Court in a blatant attempt to have this Court draw inferences about IPOC that have no bearing on this case or the standing issue before the Court. For the reasons already briefed in IPOC's Opp'n at 3-4 and IPOC's Rule 12(c) Opp'n at 2-5, the Court should disregard and strike the Exhibit attached to BGR's Reply Brief. It is irrelevant and an improper subject of judicial notice.

*U.S.A.*) that create generalized grievances that prompt the vast majority of standing decisions. Now that IPOC has demonstrated this point, BGR claims that *Chevron U.S.A.* is irrelevant *because* it involved a government actor. That is too clever by half. *Chevron U.S.A.* establishes that *whoever* brings about the disclosure of a plaintiff's commercially sensitive information triggers the injury-in-fact element of standing. 193 F. Supp. at 61.[5]

BGR also has no answer for *Truckers United for Safety v. Mead*, 251 F.3d 183 (D.C. Cir. 2001). In *Mead*, the Inspector General of the Department of Transportation used purported search and seizure authority to obtain private trucking companies' business records. *Id.* at 187. The companies sought an injunction barring further seizures and seeking declaratory relief on the ground that the IG was not authorized to seize the records. The D.C. Circuit agreed, holding that the companies were injured simply by the "unlawful investigations and seiz[ure] of the[] records." *Id.* at 188-89. As with *Chevron U.S.A.*, BGR claims that *Truckers United for Safety* does not control here because IPOC did not sue the Government of Bermuda or KPMG FAS. BGR Reply at 11. BGR and Diligence, however, are the parties who obtained and disclosed IPOC's confidential information and infiltrated the Bermuda Investigation. IPOC sued the correct defendants.

Finally, BGR misreads *FMC Corporation v. Boesky*, 852 F.2d 981 (7th Cir. 1988). In *FMC Corporation*, plaintiff corporation sued defendant insider traders for wrongfully misappropriating confidential business information. *Id.* at 982. According to BGR, *Boesky* applies only where stolen confidential information contains trade secrets. BGR Reply at 11-12.

---

[5]   Moreover, a central factual allegation of this case is that BGR hired former intelligence agents to infiltrate KPMG FAS and to "improperly influence the outcome" of the Investigation by posing as government actors. Compl. ¶ 1. Assuming (as this Court must) that this is true, BGR cannot now be heard to complain that IPOC lacks a claim against it because BGR is not a government actor.

But that notion is belied by *FMC Corporation* itself, which endorses the proposition that "confidential information acquired or computed by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit." *Id.* at 990. And, it is belied by the D.C. Circuit's decision in *Truckers United for Safety*, which of course did not involve any trade secrets—but rather information that could be relevant in a criminal investigation, such as driver medical certificates and drug-testing information. 251 F.3d at 187.

In sum, IPOC has alleged numerous "invasion[s] of a legally protected interest," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), committed by Defendants and only Defendants. IPOC's interests were violated, and damages were sustained, when the Defendants infiltrated the Bermuda investigation, stole IPOC's confidential information, and disseminated it. All of this occurred before the Zurich arbitration panel or the Bermuda investigation concluded. As the decisions of the D.C. Circuit and this Court show, BGR's argument that IPOC has alleged no cognizable injury in fact lacks any support in the law of standing.

**V.     BGR's Remaining Arguments Lack Merit.**

BGR claims that it is "obvious" IPOC does not have standing under the Computer Fraud and Abuse Act ("CFAA"). BGR Reply at 13. But the basis for IPOC's standing is set forth in that statute, which unambiguously directs that "any person who suffers damage or loss by reason of a violation of this section may maintain a civil action." 18 U.S.C. § 1030(g). IPOC's Complaint adequately alleges such damage or loss to IPOC as a result of Defendant's violation of the statute, and this is a civil action. *See* Opp'n at 8.

BGR's statement that "[n]either can IPOC's request for money damages, pursuant to its unjust enrichment claim and otherwise, overcome its standing deficit," followed by a quote BGR

9

selected from *Vermont Agency of Natural Res. v. United States ex rel. Stevens,* 529 U.S. 765, 772-73 (2000) (BGR Reply at 13), is pointless. IPOC has no "standing deficit." As demonstrated in IPOC's Opposition and this Sur-Reply, IPOC has suffered injuries-in-fact directly caused by Defendants' actions. None of Defendants' tortious and illegal acts, as alleged in the Complaint, are a "byproduct" of this lawsuit as BGR apparently claims. IPOC's injuries were directly caused by the Defendants' tortious and illegal conduct that invaded IPOC's legally protected rights, not by this lawsuit.

Further, contrary to BGR's claims, the remedies sought by IPOC, monetary damages and injunctive relief, are likely to redress IPOC's injuries. The Court is empowered to grant the injunctive relief IPOC seeks to prevent the further theft and/or disclosure of IPOC's information by BGR and/or further interference with the investigation of IPOC and to award monetary damages to compensate IPOC for the injuries caused by BGR.

## CONCLUSION

For the foregoing reasons, and those set forth in IPOC's Opposition brief, the Motion of Barbour Griffith & Rogers LLC to Dismiss for Lack of Subject Matter Jurisdiction should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: October 2, 2006 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
|  | /s/ Carol A. Joffe |
| OF COUNSEL:<br>Kimball R. Anderson<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601<br>Tel: (312) 558-5858<br>Fax: (312) 558-5700<br>kanderson@winston.com | Timothy M. Broas (D.C. Bar No. 391145)<br>Carol A. Joffe (D.C. Bar No. 351528)<br>Anne W. Stukes (D.C. Bar No. 469446)<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br>tbroas@winston.com<br>cjoffe@winston.com<br>astukes@winston.com |
|  | *Attorneys for IPOC International Growth Fund Limited* |

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2006, a copy of the foregoing Sur-Reply in Opposition to Motion of Defendant Barbour Griffith & Rogers LLC to Dismiss for Lack of Subject Matter Jurisdiction was served, electronically via the Court's electronic filing system, on:

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*

Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*


/s/ Carol A. Joffe