IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DILIGENCE, LLC,  )<br>)<br>and  )<br>)<br>BARBOUR GRIFFITH & ROGERS, LLC,  )<br>)<br>Defendants.  )<br>) | Civil No. 06-1109 (PLF)/(AK) |

**DEFENDANT BARBOUR GRIFFITH & ROGERS LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S RULING DENYING MOTION TO STAY WRITTEN DISCOVERY**

Defendant Barbour Griffith & Rogers, LLC, ("BGR") hereby files its Reply in Support of its Motion for Reconsideration of the Magistrate Judge's Ruling Denying Motion to Stay Written Discovery, states as follows:

In many of the Plaintiff's pleadings filed in this case, an accusation of wrongdoing is widely cast upon all of the defendants. Yet it is the Plaintiff who has been described in various rulings of various international tribunals as no more than a money laundering operation or other criminal enterprise. (See e.g. Reply by BGR in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction)(Document No. 42, Page 2, Exhibit 1) Also, despite its claims to the contrary, the Plaintiff seems to have an open avenue to discovery without any help from the Court. Indeed, the Plaintiff has access to e-mails from BGR which it somehow obtained without

discovery in this case.  (Exhibit 2 to Plaintiff's Opposition to Amended Motion of Defendant BGR for a Protective Order Staying Discovery)( Document No. 29-3)

At the same time, the Plaintiff has not yet filed the Initial Disclosures required by Fed. R. Civ. Pro. 26 which are, by rule, required to be provided without awaiting a discovery request within 14 days of the Rule 26(f) Scheduling Conference.  That Conference was held in July of 2006.[1]  Fed. R. Civ. Pro. 26 Initial Disclosures in this case would be helpful to flush out precisely how the Plaintiff claims it has been damaged in this case by providing an itemization of claimed damages as well as the names and addresses of any witnesses who can substantiate these claims.  Given the findings of these international tribunals, it would be helpful for the Plaintiff to identify precisely what lawful business opportunities, if any, has been interfered with by BGR.  Yet, having failed, for whatever reason, to provide even that limited information, the Plaintiff wants to fish through BGR's files while substantial dispositive motions remain under consideration.  It is certainly within the power of the Court to limit discovery while such motions remain pending especially where, as here, the Plaintiff has made no Initial Disclosures against which the propounded discovery can be compared with in terms of relevance or materiality of any of the requested information.

For these reasons, and for the reasons specifically advanced, BGR requests that the instant motion be granted.

                                                  **BARBOUR GRIFFITH & ROGERS, LLC**
                                                  By Counsel

---

[1] Counsel for the Plaintiff informed this attorney that the parties are awaiting an Order from the Court requiring Initial Disclosures which have been supplied by no party.  Regardless of why, the required Initial Disclosures from the Plaintiff are not part of the record.

/s/
_____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour
    Griffith & Rogers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of November, 2006 a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

Timothy M. Broas
Carol A. Joffe
Winston & Strawn
1700 K Street, N.W.
Washington, D.C.   20006
(202) 282-5000
(202) 282-5100 (Fax)
*Counsel for IPOC International Growth Fund Limited*

Paul C. Rauser
AEGIS Law Group LLP
Suite 500
901 F Street, N.W., Suite 500
Washington, D.C.   20004
(202) 737-3500
(202) 737-3330 (Fax)
*Counsel for Diligence LLC*

/s/
_____
Edward B. MacMahon, Jr.