UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br> Defendants. | Civil Action No. <br> 1:06CV01109 (PLF) (AK) |

**PLAINTIFF IPOC'S MOTION FOR ENTRY OF PROTECTIVE ORDER TO PERMIT PRODUCTION OF DOCUMENTS BY THE PARTIES AND NON-PARTIES IN COMPLIANCE WITH OUTSTANDING SUBPOENAS**

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby moves, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, for entry of the attached Protective Order. The parties have met and conferred several times but have been unable to agree to a stipulated protective order. The grounds for this Motion are more fully set forth in the accompanying Memorandum.

November 22, 2006

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
_____

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DILIGENCE, LLC, et. al )<br>)<br>Defendants. ) | Civil Action No.<br>1:06CV01109 (PLF)(AK) |

**PLAINTIFF IPOC'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER TO PERMIT PRODUCTION OF DOCUMENTS BY THE PARTIES AND NON-PARTIES IN COMPLIANCE WITH OUTSTANDING REQUESTS AND SUBPOENAS**

This memorandum is submitted in support of Plaintiff IPOC International Growth Fund Limited's ("IPOC") Motion for Entry of Protective Order to Permit Production of Documents by the Parties and Non-Parties in Compliance with Outstanding Requests and Subpoenas (the "Motion"). IPOC has attached to its Motion a proposed Protective Order for entry in this case.

### INTRODUCTION

On July 14, 2006, IPOC served a document subpoena on a non-party, Hughes Hubbard & Reed LLP ("HHR"), the law firm that represented KPMG Financial Advisory Services in the related case *KPMG FAS v. Diligence LLC*, No. 1:05-cv-02204-PLF. HHR has been prepared to produce documents in compliance with the subpoena for months, but compliance with the subpoena was delayed when Defendants obtained an emergency stay of discovery on July 31, 2006. Once the stay was lifted on October 13, 2006, HHR provided one item subpoenaed to IPOC under a letter agreement that the material would be retained under Attorneys' Eyes Only designation pending formal entry of a protective order. HHR refused to produce the remainder of the subpoenaed material until a protective order is entered by the Court.

IPOC has negotiated in good faith with Defendants in an attempt to agree on a stipulated protective order, but due to Defendants' demands, agreement has not been possible. To prevent further delays in long-overdue discovery, IPOC now moves the Court for entry of a protective order.

## THE DISPUTED PROVISIONS

Rule 26(c) authorizes district courts to grant protective orders "for good cause shown . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The parties to this case agree that a protective order is necessary in this case. Diligence drafted a protective order and IPOC requested revisions to several of its provisions. The parties have met and conferred and were able to resolve a number of disputes, but have been unable to resolve all issues. The issues upon which the parties have been unable to agree are as follows.

### Paragraph 11

> 11. The designation of information as "Confidential" or "Attorneys' Eyes Only" constitutes a representation by the Supplying Party that the discovery material has been reviewed by an attorney and that there is a valid basis for such designation pursuant to Federal Rule of Civil Procedure 26(c).

Paragraph 11 simply serves as a confirmation that the designating party has good cause pursuant to Rule 26(c) for any and all designations under the protective order. Diligence, however, refuses to stipulate to inclusion of this language in the protective order. This provision does no more than the Rule already requires. "Good cause" remains a requirement for protection under Rule 26(c), even where a blanket protective order is in place. *See generally Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). Thus, inclusion of paragraph 11 in the protective order cannot be objectionable.

2

**Paragraph 14**

> 14. No information shall be designated as "Confidential" or "Attorneys' Eyes Only" that:
> a. Has been or becomes lawfully in the possession of a Receiving Party through communications other than production or disclosure in this action; or
> b. Has been or becomes part of the public domain, for instance by publication, which is not due to any unauthorized act or omission on the part of a Receiving Party or any of its authorized representatives or designees under this Protective Order.

The Defendants have rejected inclusion of Paragraph 14 in the protective order. Again, however, it is difficult to find any justification for exclusion of this paragraph, a standard provision in blanket protective orders. One party should not have the power to designate documents that another party lawfully obtains. And obviously, information that is already public is inappropriate for designation as "confidential" or "attorneys' eyes only" under a protective order. *See, e.g., In re ULLICO, Inc.*, 237 F.R.D. 314, 317-18 (D.D.C. 2006) ("non-confidential, publicly accessible documents" are inappropriate for protection under a blanket protective order).

**Paragraph 17**

> 17. ... A party may designate as "Confidential" or "Attorneys' Eyes Only" Documents or discovery materials produced by a non-party by providing written notice to the parties of the relevant document Bates numbers or other identifying features within ten (10) business days after receiving such Documents or discovery materials. The time for designating Documents will not begin to run against a party until such party receives any non-party Documents. If any other party objects to such designation of non-party material as "Confidential" or "Attorneys' Eyes Only," such party may, in writing, request that the designating party remove the designation (the "Written Objection"). The Written Objection shall specifically identify the information or Documents at issue. Within five (5) court days of the receipt of the Written Objection, the parties shall meet and confer in an attempt to resolve the dispute concerning the designation. If the parties are unable to resolve such dispute, the party who seeks to designate non-party materials may file a motion with the Court not later than five (5) court days after such conference to seek designation of the non-party material as "Confidential" or "Attorneys' Eyes Only."

3

Defendants insisted on a provision in the protective order that authorizes parties to designate non-party material as "confidential" or "attorneys' eyes only." While IPOC initially opposed such a provision, it offered to compromise with the language set forth above. As drafted, Paragraph 17 now gives each party the opportunity to designate non-party material under the protective order, but if a dispute arises concerning the propriety of the designation, the burden is placed on the party who seeks to designate non-party material. This balanced approach is designed to serve as a check against overdesignation, while still enabling the parties to designate their own confidential material that may be produced by non-parties.

### Paragraphs 20(f), (g), and (h) and 21(e), (f), and (g) and Paragraph 22

20(f)/21(e)   Retained independent consultants or experts for a Party (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require Access to such materials), who are not current directors, officers, employees, or managing agents of any party to this action, any company related to a party to this action, or any direct competitor of any party to this action;

20(g)/21(f)   Retained vendors, jury consultants, and mock jurors, who are not current directors, officers, employees, or managing agents of any party to this action, any company related to a party to this action, or any direct competitor of any party to this action;

20(h)/21(g)   Outside discovery material processing services, including document copying services, document coding services, and computerization services.

22.   All persons to whom "Confidential" or "Attorneys' Eyes Only" designated Documents, materials, things, or information is disclosed pursuant to Paragraph 20 and/or Paragraph 21 of this Protective Order shall not reveal or discuss such Documents, materials, things, or information, except as expressly set forth herein, and shall be required to sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A.

The above paragraphs represent standard provisions for who may see designated documents under the protective order. Defendants, however, object to the inclusion of consultants, experts, retained vendors, and copying vendors who have no vested interest in the

4

case, notwithstanding that such persons would be required to execute the binding agreement to maintain the confidentiality of the material. By signing Exhibit A, a person agrees to subject himself to the jurisdiction and contempt sanctions of the Court, thus providing a powerful incentive to maintain confidentiality. Ironically, Defendants' stated concern is that the protective order would allow too many persons access to the discovery material in this case. Yet if discovery thus far is any indication, Defendants' production will be laden with evidence of Defendants' own reprehensible wrongs. While this discovery may be embarrassing or incriminating to Defendants, it is no justification for restricting access to the documents under Rule 26(c). A party is not entitled to employ a protective order to restrict disclosure of documents where such disclosure would merely be "embarrassing and incriminating" or where disclosure would simply harm the party's reputation. *See generally Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 301 (N.D. Ill. 1993) (rejecting product liability defendant's attempt to prevent disclosure of documents demonstrating its knowledge of the dangerous nature of its product); *see also Welsh v. City and County of San Francisco, et al.*, 887 F. Supp. 1293, 1297 (N.D. Cal. 1995) ("Mere embarrassment by the release of information is insufficient to constitute serious harm[]" required for the issuance of a protective order).

### **Defendants' Insistence That All Discovery Material Remain in the United States**

Defendants have insisted that the protective order contain a provision that all "confidential" and "attorneys' eyes only" documents under the protective order remain in the United States at all times. IPOC has not included such a provision in the attached protective order, however, because such a provision would preclude IPOC from effectively prosecuting this action. As Defendants are well aware, IPOC and its representatives reside outside the United States. Moreover, Plaintiff's counsel Winston & Strawn LLP is an international law firm whose

attorneys have represented IPOC in international litigation, and most of those attorneys reside and work in offices outside the United States. While defendants counsel have conceded that they will not oppose the transmittal of "confidential" and "attorneys eyes only" documents to Winston & Strawn attorneys located outside the United States, IPOC's attorneys, wherever located, need to be able to disclose discovery material to IPOC and its representatives outside the United States in order to effectively represent their client and prosecute this case. Moreover, and ironically, Defendants have predicted that this case will require international discovery. *See, e.g.,* BGR Mot. for Protective Order Staying Discovery at 4 (July 25, 2006) ("the parties will probably need to depose and obtain documents from non-parties in Bermuda, Russia, and other countries"). Defendants' proposed restriction on discovery material leaving the United States is wholly inconsistent with their previous position.

\*   \*   \*

For the efficient administration of discovery in this case, entry of a protective order is necessary. The provisions that IPOC included in the attached protective order strike a balance between protecting confidential material and guarding against overdesignation of material that does not qualify under Rule 26(c). IPOC respectfully requests that the Court enter the protective order so that discovery in this case will no longer be delayed.

November 22, 2006

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601

Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP

6

Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2006, a copy of the foregoing Plaintiff IPOC's Motion for Entry of Protective Order to Permit Production of Documents by the Parties and Non-Parties in Compliance with Outstanding Requests and Subpoena was hand delivered and transmitted by email to:

>Michael Ross
>Paul C. Rauser
>Oliver Garcia
>Aegis Law Group LLP
>901 F. Street, N.W., Suite 500
>Washington, DC 20004
>*Counsel for Defendant Diligence LLC*
>
>and
>
>Edward B. MacMahon, Jr.
>P.O. Box 903
>107 East Washington Street
>Middleburg, VA 20118
>*Counsel for Defendant Barbour Griffith & Rogers LLC*

>/s/ Carol A. Joffe
>_____
>Counsel