IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED<br><br>    *Plaintiff,*<br><br>v.<br><br>DILIGENCE LLC, et al.<br><br>    *Defendants.* | Civil Action No. 06-1109 (PLF)(AK) |

**DILIGENCE INC.'S OPPOSITION TO PLAINTIFF'S REQUEST FOR
EMERGENCY CONSIDERATION OF MOTION FOR ORDER
AUTHORIZING DISCLOSURE OF INFORMATION**

IPOC's request for emergency consideration of a routine discovery motion—a motion IPOC informed defendants *five weeks* ago that it was reserving the right to file—should be denied. As explained below, there is simply no reason why IPOC's motion for de-designation of discovery materials subject to a Protective Order and currently in the possession of a non-party (Hughes, Hubbard & Reed LLP) should not be briefed and considered on the usual timetable established by this Court's Local Rules—a timetable under which IPOC's motion will be ripe as early as eleven days from now (December 5, 2006). Indeed, the importance of avoiding rushed briefing and consideration of IPOC's motion is highlighted by the fact that IOPC's requested relief—de-designation of discovery materials marked "Confidential" pursuant to the Protective Order entered in the *KPMG FAS, et al. v. Diligence* case—was the very same relief sought by IPOC in a motion denied by Judge Friedman in August.

This Opposition brief addresses only IPOC's request for expedited consideration of its underlying motion. Diligence vigorously disputes both the propriety of IPOC's requested relief and IPOC's characterization of the events allegedly justifying that relief. Diligence's substantive Opposition to IPOC's motion will be filed, per LCvR 7(b), on Monday, December 4, 2006, unless this Court orders Diligence to file its substantive Opposition earlier.

A. **There Is No Exigency Requiring Urgent Consideration of IPOC's Underlying Motion.**

IPOC's motion papers fail to explain why it must have an immediate ruling on the relief it seeks. As detailed below, IPOC informed all parties (and Hughes Hubbard) *five weeks ago* that it was reserving the right to file the instant Motion. IPOC offers no explanation for having waited until the day before Thanksgiving to do so.[1]

Following this Court's Order of October 13 allowing written discovery to proceed, counsel for all parties (and Hughes Hubbard) reached an agreement under which Hughes Hubbard produced to IPOC on October 20 the transcript of the Rule 30(b)(6) deposition of Diligence taken in *KPMG FAS, et al. v. Diligence LLC*, CA 05-2204 (PLF) (AK) (the "KPMG FAS Action") together with the 50 exhibits[2] to that deposition (collectively, the "Hughes Hubbard October Production"). All parties and Hughes Hubbard agreed that the parties would treat the Hughes Hubbard October Production as "Outside Counsel Only" material until the earlier of (i) entry of a Protective Order by the Court in this case, or (ii) IPOC obtaining de-designation relief from the Court. In so doing, IPOC's counsel specifically informed Diligence five weeks ago—on October 20, 2006—that IPOC was reserving its right to seek relief from the Court to de-designate all such

---

[1] Counsel for Defendant Barbour Griffith & Rogers LLC ("BGR") has indicated that BGR will file a separate Opposition to IPOC's motion for expedited relief on Monday, November 27, 2006.

[2] All, or virtually all, of these exhibits were documents produced by Diligence to KPMG FAS in the prior case.

materials as "Confidential." See Exhibit A hereto. Why IPOC waited for more than a month to do so—on an "emergency" basis the day before Thanksgiving—is wholly unexplained in IPOC's motion papers.[3]

For the same reasons, IPOC's proffered excuse for seeking "emergency" consideration of its motion is a red herring. IPOC's counsel claims that IPOC's "board members and its executives" urgently "need to be warned of Diligence's misconduct" alleged in this case. Mem. at 3. Presumably, however, such IPOC executives and board members have read IPOC's Complaint in this action. All of IPOC's accusations raised in its motion papers regarding intelligence operatives are set forth extensively in IPOC's own Complaint. Indeed, IPOC's attachment of documents it received as part of the Hughes Hubbard October Production highlights perfectly the absence of an exigency justifying urgent consideration of IPOC's motion—*IPOC has had those documents for five weeks*. See Ex. A. If it were true, as IPOC now claims, that those documents (all dated mid-2005) contain information that must immediately be imparted to IPOC

---

[3] The real reasons why IPOC hurriedly filed its motion for emergency relief are obvious to the Defendants given the recent events in this case. *First*, IPOC is concerned that the Court will review and decide Diligence Inc.'s Motion to Compel IPOC to Answer Interrogatories, filed last Friday (November 17, 2006). In support of that Motion, Diligence details the recent arbitral and judicial decisions finding that IPOC is a money laundering operation—specifically, that IPOC sits at the apex of a network of shell companies established to launder illegal proceeds derived from bribery and corruptions schemes committed against the Russian Federation. See Mem. In Support of Diligence Inc.'s Motion for an Order Compelling Plaintiff to Answer Interrogatories (Docket #55). *Second*, during the recent meet-and-confers over the terms of the protective order in this case, counsel for the Defendants indicated their intent to inform the Court of the recent arbitral findings that IPOC breached protective orders entered in the Zurich Arbitration, and of concerns about use by IPOC of material under seal pursuant to this Court's order in the KPMG FAS Action. *Third*, in the wake of IPOC's failure in its Interrogatory responses to identify *any* IPOC witness who has any knowledge of IPOC's allegations in its Complaint or IPOC's alleged damages, Defendant BGR has filed a supplemental brief requesting that Judge Friedman re-institute the discovery stay in this case until IPOC identifies a witness affiliated with it who is willing to come to the United States to testify about IPOC's alleged damages to its "business" interests. (Docket #58). To date, IPOC's has simply refused to provide its Initial Disclosures required under Rule 26(a), which of course must include a "computation" of IPOC's alleged damages as well as documents supporting that computation. See Fed. R. Civ. P. 26(a)(C).

"board members and executives," then one wonders why IPOC waited over a month after receiving those documents on October 20 to file its motion.

Finally, IPOC's dramatic charge of an ongoing plot to "destroy" it glosses over the fact—of which IPOC is well aware—that Diligence is already under a Consent Order, entered pursuant to a settlement of the KPMG FAS Action, prohibiting Diligence from disseminating to anyone IPOC's confidential information or in any way interfering with the ongoing investigation of IPOC by KPMG FAS on behalf of the Government of Bermuda. See KMPG FAS Action (Docket #64) (copy attached hereto as Exhibit B). IPOC's attempt to concoct an "emergency" scenario requiring immediate relief is simply fanciful.

In sum, a review of the calendar reveals that IPOC's underlying motion will be ripe for consideration just eleven (11) days from now under the normal timetable established by the Local Rules. The Opposition briefs are due December 4, 2006. See LCvR 7(b). Thus, if IPOC elects to file its Reply the next day, IPOC's underlying motion will be ripe for decision on December 5, 2006. IPOC has failed to identify any exigency warranting a deviation from this Court's usual briefing schedule to urgently consider a motion that IPOC could have filed five weeks ago, but instead waited until the day before Thanksgiving to file.

**B.    The Parties Are in the Midst of Briefing the Terms of a Protective Order.**

IPOC's motion misleadingly complains about "[t]he overdesignation of documents in this case as 'confidential' and 'attorneys' eyes only." Mem. at 1 (emphasis added). In fact, by the agreement all parties, no party has produced documents thus far in this case (IPOC's documents were due on November 13; Diligence's on November 16). Rather, all parties have agreed that no party will produce documents until entry of a protective order by this Court.[4]

---

[4] As IPOC correctly notes, "[t]he parties to this case agree that a protective order is necessary in this case." IPOC's Mem. in Support of Mot. for Entry of Protective Order at 2.

4

Equally important, the target of the non-party subpoena that is the subject of IPOC's motion—Hughes Hubbard—also has insisted on entry of a protective order prior to producing all of the documents responsive to the non-party subpoena issued by IPOC. See Ex. A.

A protective order has not been entered in this case. To the contrary, as the parties agreed just this past Monday (November 20), IPOC would file a Motion for Protective Order (which it did on November 22 concurrently with its emergency motion), and Defendants would submit an alternative proposed protective order along with their Opposition briefs. Indeed, as IPOC itself acknowledges regarding the terms of the protective order, over the last ten days "[t]he parties have met and conferred and were able to resolve a number of disputes, but have been unable to resolve all issues." Mem. in Support of Plaintiff IPOC's Motion for Entry of Protective Order at 2.

Each Defendant's response to IPOC's Motion for Entry of Protective Order is due December 4, 2006. Under these circumstances, to grant the relief sought by IPOC in its "emergency motion" before the parties even finish briefing the Protective Order motion would be to place the cart before the horse—which, of course, is exactly what IPOC wants. By seeking "emergency" relief, IPOC plainly is trying to render moot the orderly briefing of the handful of remaining disagreements between the parties over the scope of the Protective Order. IPOC's hurried attempt to get the Court to order Hughes Hubbard to produce documents designated "Confidential" by Diligence in the KPMG FAS Action, before entry of a Protective Order in this case, should be rejected.

C.  **IPOC's Motion Seeks Relief Denied By Judge Friedman in August.**

IPOC acknowledges, as it must, that earlier this year it attempted "to unseal the record and obtain [the very same] 'confidential' documents" from Hughes Hubbard that it seeks in the instant Motion. Mem. at 5. As IPOC also admits, Judge Friedman denied that motion. See KPMG FAS Action (Minute Order entered 8/23/06).

In seeking the very same relief here, IPOC of course faces a heavy burden, which perhaps explains why IPOC has re-cast its requested relief in the form of an "emergency" motion. Given Judge Friedman's denial of IPOC's requested relief in August, the Court should receive the benefit of plenary briefing on all of the issues raised by IPOC's motion, rather than rushed consideration of rushed briefs filed on short notice.

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that the Court deny IPOC's request for expedited consideration of its Motion for Order Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Materials to IPOC.

Respectfully submitted,

November 24, 2006

AEGIS LAW GROUP LLP

By: /s/ Michael K. Ross
Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

# EXHIBIT A

**From:** P Rauser <prauser@aegislawgroup.com>
   **To:** AStukes@winston.com, adler@hugheshubbard.com
   **Cc:** derek Shaffer <dshaffer@cooperkirk.com>
**Subject:** IPOC v. Diligence
   **Date:** Fri, 20 Oct 2006 13:06:02 -0400

Dear Anne and Derek,

I write with respect to Anne's letter of yesterday evening and our various conversations today concerning IPOC's third-party subpoena to Hughes Hubbard & Reed. Hughes Hubbard has agreed to produce today to IPOC the transcript of the deposition of Diligence's corporate representative in KPMG Financial Advisory Services, Ltd. v. Diligence, Inc., No. 05-cv-2204.

Hughes Hubbard has confirmed that it will make no additional production under the subpoena until entry of a protective order by the Court, and IPOC has indicated that it intends to negotiate an appropriate protective order with Hughes Hubbard and the parties. Anne has also confirmed that Winston & Strawn will treat the information contained in the deposition and exhibits as "outside counsel only," limiting dissemination to Winston & Strawn attorneys only. We understand that IPOC reserves the right to seek a less restrictive designation for those documents in the future under an appropriate protective order.

In light of these undertakings, and without prejudice to its earlier objections to the production, Diligence does not intend to seek relief from the Court to prohibit the limited production that Hughes Hubbard proposes to make today.

Finally, in light of the parties' agreement to share third-party discovery materials, I ask that Winston & Strawn forward a copy of Hughes Hubbard's production upon receipt.

Best regards,
Paul Rauser

---

Paul C. Rauser
ægis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3375
F: 202 737 3330
E: prauser@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this information is strictly prohibited. If you have received this electronic transmission in error, please notify the sender immediately by telephone or by return e-mail and delete all copies.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KPMG FINANCIAL ADVISORY SERVICES LIMITED, MALCOLM BUTTERFIELD, and MICHAEL MORRISON,<br><br>    Plaintiffs,<br><br>v.<br><br>DILIGENCE LLC,<br><br>    Defendant. | Civil Action No: 05-2204 (PLF) |

## STIPULATION OF DISMISSAL AND CONSENT ORDER

Plaintiffs allege in their complaint that Defendant was retained to, inter alia, obtain certain confidential documents and information from Plaintiffs (the "Confidential Materials"), including documents and information gathered or prepared by Plaintiffs in connection with an investigation of IPOC International Growth Fund Ltd. and eleven related companies pursuant to their appointment by the Bermuda Minister of Finance (the "IPOC Investigation"). Defendant has filed an Answer denying Plaintiffs' allegations and setting forth various defenses to Plaintiffs' claims.

Plaintiffs and Defendant have consented and agree to dismissal of this action with prejudice without any admission or finding or wrongdoing by any party.

As a condition of dismissal, Defendant shall abide by the following conditions originally set forth in the Court's Order of November 11, 2005:

Defendant, its officers, agents, servants, employees, and attorneys, and all persons who have been in active concert or participation with them who receive actual notice of this order, are directed

(a) not to have any contact with any employee or agent of KPMG Financial Services Ltd. or KPMG LLP in furtherance of any effort to obtain documents or information related to the IPOC Investigation or to interfere with the IPOC Investigation; and

(b) not to disclose or communicate to any person in any manner any of the Confidential Materials or documents or information that incorporate, summarize or refer to information contained in the Confidential Materials.

The case is hereby dismissed with prejudice and without costs to any party.

The Court shall have jurisdiction to enforce the terms of this Order.

IT IS SO ORDERED:

_____    Dated:_____
United States District Judge

STIPULATED AND AGREED:

HUGHES HUBBARD & REED LLP

By: *Charles Reed* (signature)
Roberta Koss
  D.C. Bar No. 442813
Charles Reed
  D.C. Bar No. 490833
1775 I Street, N.W.
Washington, D.C. 20006
(202)

Attorneys for Plaintiffs

AEGIS LAW GROUP LLP

By: *Paul C. Rauser* (by permission)
Paul C. Rauser
  D.C. Bar No. 461722
Oliver Garcia
  D.C. Bar No. 456600
901 F Street, N.W., Suite 500
Washington, DC 20004
(202) 737-3500

Attorneys for Defendant