IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DILIGENCE, LLC, )<br>)<br>and )<br>)<br>BARBOUR GRIFFITH & ROGERS, LLC, )<br>)<br>Defendants. )<br>) | Civil No. 06-1109 (PLF)/(AK) |

### BGR'S OPPOSITION TO THE PLAINTIFF'S EMERGENCY MOTION FOR ORDER AUTHORIZING DISCLOSURE OF INFORMATION AND DIRECTING THE IMMEDIATE DELIVERY OF SUBPOENAED MATERIAL TO IPOC

Defendant Barbour, Griffith & Rogers, LLC, by counsel, files this Opposition to the Plaintiff's Emergency Motion for Order Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Material to IPOC.

1.   Standard of Review

The Local Rules of this Court contain no provisions for "emergency" motions. However, the most analogous rule implicated by the plaintiff's motion is Fed. R. Civ. Pro. 65 which governs the granting of injunctions and restraining orders. In order to obtain a preliminary injunction, a party must show (1) irreparable injury if the injunction is not issued; and (2) a likelihood of success on the merits. <u>Doran v. Salem Inn, Inc.</u>, 422 U.S. 922, 931 (1975) Here, IPOC cannot prove either prong of the Fed. R. Civ. Pro. 65 test. Thus, the Motion should be

denied and the issues of the adequacy and necessity of proposed Protective Orders addressed in the time frame normally allowed.

    2.    The Claim of Irreparable Injury.

IPOC breathlessly claims that it needs to inform its "board members and executives" that Diligence is seeking to invade their privacy and ruin their business. Just who those "board members or executives" might be remains a mystery to all involved in this matter as IPOC has refused to identify a single one of them as possessing any knowledge or information regarding the allegations in the Complaint and has objected to the defense learning the names or business of its principals.[1] Though, as repeatedly stated, these inadequacies and objections are not surprising given the findings of the Zurich Arbirtation that IPOC is a money laundering operation that exists solely for the benefit of a high ranking official in the Russian government. Certainly IPOC and its attorneys are free to tell Mr. Reiman, that Russian official, that IPOC has uncovered information that it believes shows that Diligence is seeking to invade his privacy and ruin his business. Simply providing him with either the Complaint in this case, or with the findings of the Zurich Arbitration panel, would have sufficed. There is, therefore, no claim of irreparable injury that could be advanced.

    3.    Likelihood of Success on the Merits.

IPOC can show no likelihood of success on the merits of this Motion which requests that IPOC be allowed to release to persons and parties unknown information subject to a protective

---

[1] Had a Motion for Temporary Restraining Order been filed by IPOC, some person affiliated with IPOC would have been compelled to sign an affidavit setting forth some facts and knowledge. That date, in which someone affiliated with IPOC might set forth some knowledge or information about this case, apparently has not yet arrived.

order issued by this Court in a prior case. This Court has rejected that effort once and should do so again especially given the record of non-compliance by IPOC with the terms and conditions of prior Protective Orders. The record in this case provides ample basis for the Court to have grave concerns regarding the relief requested in this motion as IPOC has, in the past, apparently disregarded the terms of prior protective orders including those entered by this Court.

On pages 107 to 108 of the Second Partial Award entered in the case of <u>IPOC v. LVFG</u>, on May 22, 2006, the Tribunal writes that it has been made aware of the pendency of the "lawsuit for damages filed by KPMG against Diligence LLC 'an intelligence gathering firm located in Washington D.C.'" In making the Zurich Tribunal aware of the pendency of the KPMG matter, IPOC somehow was compelled to admit that it "disregarded the Confidentiality Order[2] by disclosing Protected Evidence to the Inspectors without requesting leave to do so from the Arbitral Tribunal as provided under the Confidentiality Order even for the event that a statutory obligation to disclose documents from this arbitration exists." It appears that the Arbitration Panel then wrote to the Inspectors in Bermuda to inform them of the terms of the Confidentiality Order. Then, on May 1, 2006, IPOC submitted a request for "leave to submit significant evidence that has just surfaced in the lawsuit filed by KPMG against Diligence" which request was denied without prejudice.

Counsel does not know precisely when the Protective Order entered in the <u>KPMG vs. Diligence</u> matter was entered and has never seen the order. What is apparent from this record, however, is that IPOC had access to at least some information about that case as early as May 1,

---

[2] The Confidentiality Order is described in paragraph 41 on pages 36-37 of the Second Partial Award. That Order was binding upon IPOC and its counsel which, in Zurich, included the Winston & Strawn firm.

2006, and thus had ample time to warn IPOC about that case and the allegations set forth therein. This record also shows why the defendants and the plaintiff have been unable to agree upon all of the terms of a Protective Order. BGR wants to be sure that any information that is produced is kept and maintained in accordance with the terms of the Protective Order this Court enters. While counsel has great respect for the attorneys at Winston & Strawn, it cannot ignore the recitations of prior breaches by IPOC of the terms and conditions of other Protective Orders.

Therefore, BGR requests that the Court Order IPOC to produce the correspondence, pleadings or orders that relate to the matters described in paragraphs 154-157 of the Zurich Tribunal Award. This would necessarily include the information described in the footnotes to those paragraphs as well. With full disclosure of these events the parties and the Court will be able to learn what steps are needed to insure that Protective Orders entered in this case will be honored by IPOC. Similarly, disclosure will also have the effect of informing the Court what information was available to IPOC in May of 2006 regarding Diligence as that would be helpful for the Court to see as it decides this motion and considers the claim of irreparable harm.

**BARBOUR, GRIFFITH & ROGERS, LLC**
**By Counsel**

/s/
_____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour
   Griffith & Rogers, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th  day of November, 2006 a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

> Timothy M. Broas
> Carol A. Joffe
> Winston & Strawn
> 1700 K Street, N.W.
> Washington, D.C.   20006
> (202) 282-5000
> (202) 282-5100 (Fax)
> *Counsel for IPOC International Growth Fund Limited*
>
> Paul C. Rauser
> AEGIS Law Group LLP
> Suite 500
> 901 F Street, N.W., Suite 500
> Washington, D.C.   20004
> (202) 737-3500
> (202) 737-3330 (Fax)
> *Counsel for Diligence LLC*

/s/
_____
Edward B. MacMahon, Jr.