UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) 1:06CV01109 (PLF)(AK) |
| DILIGENCE, LLC, et. al | ) ) |
| Defendants. | ) ) |

**PLAINTIFF IPOC'S REPLY TO DILIGENCE INC.'S OPPOSITION TO
PLAINTIFF'S REQUEST FOR EMERGENCY CONSIDERATION OF MOTION
FOR ORDER AUTHORIZING DISCLOSURE OF INFORMATION**

This memorandum is submitted in opposition to Diligence, Inc.'s Opposition to Plaintiff's Request for Emergency Consideration of Motion for Order Authorizing Disclosure of Information.

**ARGUMENT**

A.   **None of Diligence's Arguments Provide a Reason to Deny Emergency Consideration.**

In its opposition brief, Defendant Diligence, Inc. ("Diligence") argues that the Court should not give Plaintiff IPOC International Growth Fund Limited's ("IPOC") Emergency Motion Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Materials to IPOC (the "Motion") expedited consideration, because: (1) there is no exigency; (2) a protective order has not been entered in this case; and, (3) according to Diligence, the Court has already denied the relief that IPOC seeks. None of Diligence's arguments provides a reason to deny IPOC's Motion.

With respect to the exigency of IPOC's motion, Diligence avoids the most obvious exigency here. By failing to deny their nefarious actions, both Diligence and Defendant Barbour

Griffith & Rogers LLC ("BGR") tacitly admit that they were, and still are, on a mission to ruin IPOC and are using techniques such as personally targeting IPOC personnel to accomplish their mission. Glaringly, neither Defendant denies that their infiltration of the KPMG FAS investigation is but one part of a larger plan to ruin IPOC's business and conduct surveillance on its personnel. IPOC's Board of Directors and the targeted personnel are entitled to know, immediately, what misdeeds Defendants have planned and are pursuing against them. Rule 26(c) provides no shield for such information.

Diligence's feigns ignorance of why IPOC's motion was filed November 22, 2006 (the day before Thanksgiving). As Diligence knows, the parties were negotiating a protective order until November 20, 2006. At that point, it became clear that Diligence would not agree to include a provision of the protective order that would require that only materials subject to protection under Rule 26(c) may be designated as "Confidential." Diligence's position indicated that Diligence intended to oppose classification of the materials produced by Hughes Hubbard and Reed LLP ("HHR") as anything other than "Confidential," including documents about Defendants' ongoing plan to "ruin" IPOC and target a member of IPOC's Board of Directors and his wife. IPOC filed its Emergency Motion less than two days later.

Diligence also argues that no protective order has been entered. Yet Diligence does not admit its own hand in the delay of entry of a protective order. Diligence's actions in dragging out the negotiations over a protective order are in large measure the reason such an order has not been entered. Moreover, and more importantly, neither Diligence nor BGR even attempts to argue that the documents IPOC attached to its Motion under seal qualify for protection under Rule 26(c). Instead, once again, Defendants tacitly concede that IPOC is correct. It is irrelevant

2

that there has been no protective order entered in this case; the documents do not qualify for protection under such an order.

Diligence claims that the target of the non-party subpoena, HHR, "has insisted" on entry of a protective order prior to producing all of the documents responsive to IPOC's subpoena. But IPOC and HHR have already agreed that certain documents that relate to the materials stolen from KPMG FAS that are required to be kept confidential under Bermuda law should be subject to a protective order. HHR has never requested a protective order to protect documents that reveal Defendants' tortious plans to "ruin" IPOC.

Finally, and most misleadingly, Diligence asserts that the Court has already denied IPOC's request to obtain confidential documents from HHR. The Court did deny IPOC's motion to intervene in the closed case *KPMG FAS v. Diligence*, No. 05-CV-2204 (PLF)(AK), but has never ruled that IPOC is not entitled to obtain the pleadings and discovery from the KPMG FAS case in this action. To the contrary, this Court ordered on October 13, 2006 that IPOC is entitled to HHR's production under the subpoena, including all pleadings and discovery from the KPMG FAS case. Thus, Diligence's third argument is nonsense.[1]

### B. None of BGR's Arguments Provide a Reason to Deny Emergency Consideration.

BGR's Opposition, filed November 27, 2006, is no more credible than Diligence's. BGR begins with an unsupported, and unsupportable, assertion that the standard for preliminary injunctions should apply to IPOC's Motion. The Court should summarily reject this argument. IPOC's Motion does not ask for a preliminary injunction; it raises the issue of whether the documents that Diligence and BGR so desperately want to keep secret actually qualify for protection under Rule 26(c). BGR, of course, does not even attempt to establish that the

---

[1] BGR's brief includes this meritless argument also.

3

documents are of the type that can be protected, tacitly conceding that Rule 26(c) does not allow parties such as BGR and Diligence to conceal blatant wrongdoing under the guise of "confidentiality."

BGR next claims that IPOC has committed "prior breaches" of "other protective orders," and, incredibly, BGR asks the Court to order IPOC to produce the documentation to prove it-- indicating that BGR is simply hurling accusations without foundation.[2] The Court should ignore BGR's obfuscation and focus on the real issue. The documents that Defendants are trying to hide are not, in fact, the sort that merit protection under Rule 26(c). Neither BGR nor Diligence has offered any reason to maintain a "confidential" or "attorneys' eyes only" designation on any of the documents.

## CONCLUSION

For all of the foregoing reasons, and those set forth in IPOC's original Motion, IPOC respectfully requests that the Court grant expedited consideration to IPOC's Emergency Motion for an Order Authorizing Disclosure of Information and Directing Immediate the Delivery of Subpoenaed Materials to IPOC, and further requests that the Court grant IPOC's Motion.

November 30, 2006                                    Respectfully submitted,

                                                     IPOC INTERNATIONAL GROWTH FUND
                                                     LIMITED

                                                     /s/ Carol A. Joffe
OF COUNSEL:                                          _____
Kimball R. Anderson                                  Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP                                 Carol A. Joffe (D.C. Bar No. 351528)
35 W. Wacker Drive                                   Anne W. Stukes (D.C. Bar No. 469446)
Chicago, Illinois 60601                              WINSTON & STRAWN LLP
Tel:    (312) 558-5858                               1700 K Street, N.W.

---

[2] Moreover, BGR's request for such an order is wholly inappropriate in an opposition brief. If BGR seeks relief from the Court, it is required to file a motion after conferring with opposing counsel about the relief sought.

4

| | |
|---|---|
| Fax:   (312) 558-5700<br>kanderson@winston.com | Washington, D.C. 20006<br>Tel:   (202) 282-5000<br>Fax:   (202) 282-5100<br>tbroas@winston.com<br>cjoffe@winston.com<br>astukes@winston.com |

## CERTIFICATE OF SERVICE

  I hereby certify that on November 30, 2006, a copy of the foregoing Plaintiff IPOC's Reply to Diligence Inc.'s Opposition to Plaintiff's Request for Emergency Consideration of Motion for Order Authorizing Disclosure of Information was served, via the court's ECF system, on:

    Michael Ross
    Paul C. Rauser
    Oliver Garcia
    Aegis Law Group LLP
    901 F. Street, N.W., Suite 500
    Washington, DC 20004
    *Counsel for Defendant Diligence LLC*

    and

    Edward B. MacMahon, Jr.
    P.O. Box 903
    107 East Washington Street
    Middleburg, VA 20118
    *Counsel for Defendant Barbour Griffith & Rogers LLC*


    /s/ Carol A. Joffe
    _____
    Counsel