UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DILIGENCE, LLC, et. al<br><br>Defendants. | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

### PLAINTIFF IPOC'S OPPOSITION TO BGR'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION FOR STAY OF WRITTEN DISCOVERY

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby submits this Memorandum in opposition to Defendant Barbour Griffith & Rogers LLC's ("BGR") Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration of Motion for Stay of Written Discovery. For the reasons set forth below, BGR's motion should be denied.

### INTRODUCTION

BGR seeks to file a supplemental brief in support of its motion for reconsideration of an October 13, 2006 Order of the Court. That Order denied motions by both BGR and Diligence to stay discovery, and ordered that written discovery shall proceed, but deposition discovery shall be stayed. The supplemental brief that BGR now seeks leave to file raises new arguments. BGR's brief implores the Court to relieve BGR from answering any discovery, while at the same time requiring IPOC to come forward with evidence to substantiate its case. The Court should deny BGR's motion for leave because it raises new, meritless arguments and exceeds the bounds of what is permissible in a reply brief, let alone a "supplemental" brief, in support of what is already a disfavored motion for reconsideration.

## **ARGUMENT**

BGR attempts to establish that its motion is based upon "new" information, i.e., BGR's complaint that IPOC did not identify a "single witness" affiliated with IPOC when it answered Diligence's interrogatories. IPOC identified itself as an entity with knowledge of matters in the Complaint, but did not name particular IPOC personnel. As BGR must acknowledge, however, IPOC identified numerous individuals affiliated with Defendants and KPMG Financial Advisory Services ("KPMG FAS") with knowledge of the facts alleged in the Complaint.

BGR asserts, wholly without support, that IPOC's case must fail because IPOC must identify an IPOC witness who can testify in order to prove IPOC's damages. BGR's argument is premature because deposition discovery has been stayed. And in any event, Rule 30(b)(6) would allow Defendants to depose IPOC as an entity. Moreover, IPOC's damages in this case include the amounts that it paid to KPMG FAS for an investigation that Defendants infiltrated and tainted, and disgorgement of the fees that Defendants earned for their tortious actions against IPOC. Employees of KPMG FAS and the Defendants can testify as to these amounts.

In its supplemental response to Diligence's Interrogatory No. 1, IPOC identified the individuals with knowledge of the amounts paid to KPMG FAS and the amounts paid to Defendants to conduct their tortious scheme. Indeed, BGR's quotation of IPOC's supplemental response to Interrogatory No. 1 omits most of IPOC's response. Diligence's Interrogatory No. 1 and IPOC's full supplemental response, served on November 21, 2006, is as follows:

> Malcolm Morrison, Michael Butterfield, Lee Griffin and Guy Enright, current and/or former employees of KPMG Financial Advisory Services ("KPMG FAS"), addresses and telephone number unknown c/o KPMG Financial Advisory Services, Bermuda, contact through the law firm Hughes, Hubbard & Reed, LLP, have knowledge of the factual allegations of the Complaint related to the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS, the confidentiality of the KPMG FAS investigation, the theft of confidential information, the amount paid by IPOC to KPMG FAS in connection with the investigation and the facts underlying the

lawsuit captioned *KPMG Financial Advisory Services v. Diligence*, filed in the U.S. District Court for the District of Columbia.

Ed Rogers and Andrew Asher, contact information known by BGR and Diligence, have knowledge of the factual allegations related to the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS, the amounts paid to BGR and Diligence in connection with Project Yucca and the facts underlying the lawsuit captioned *KPMG Financial Advisory Services v. Diligence*, filed in the U.S. District Court for the District of Columbia.

Keith Schuette, contact information unknown, has knowledge of the factual allegations related to the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS, the amounts paid to BGR and Diligence in connection with Project Yucca and the facts underlying the lawsuit captioned *KPMG Financial Advisory Services v. Diligence*, filed in the U.S. District Court for the District of Columbia.

Richard Burt, Nada Biore, Ian Caswell, Nick Day, Gretchen King, Snezana Petreska, Brian Smith, Glenn Ware, contact information known by Diligence, can be reached c/o Diligence, have knowledge of the factual allegations of the Complaint concerning the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS, the amounts paid to Diligence in connection with Project Yucca and the facts underlying the lawsuit captioned *KPMG Financial Advisory Services v. Diligence*, filed in the U.S. District Court for the District of Columbia.

Igor Alexeev, address and telephone number unknown, has knowledge of the factual allegations of the Complaint related to the alleged actions of Diligence, BGR, Alfa, LVFG, KPMG and the amounts paid to Diligence in connection with Project Yucca.

Yuri Koshkin, David Marchant and Norton Rose (lawyers for the KPMG Inspectors), contact information known to BGR and/or Diligence, have knowledge related to the stolen information and the disclosure of the stolen information.

Alex Plavsic, KPMG London, has knowledge of the factual allegations of the Complaint related to the actions of Diligence, BGR, Alfa, LVFG and KPMG FAS, and KPMG's investigation of the actions of BGR and Diligence.

IPOC International Growth Fund, Ltd., has knowledge of the agreement with KPMG FAS regarding the confidentiality of interviews and documents provided to KPMG FAS, IPOC's expectancies that (a) the Zurich arbitration in which it sought to enforce its rights would be conducted without malicious interference and would not be tainted by improper or illegal activities calculated to corrupt the Zurich arbitration for the benefit of IPOC's litigation adversaries; (b) the Investigation would be conducted in a evenhanded and impartial manner and in accord with the requirements imposed upon KPMG FAS in its position as

investigator; (c) the materials and information provided by IPOC to KPMG FAS would be held in strict confidence, used solely in connection with the Investigation and would not be utilized to further the interests of IPOC's litigation adversaries; and (d) IPOC's charter would not be attacked by improper or illegal means, including bribery, fraud and deception and IPOC's damages.

BGR disproves its own argument when it asserts that "[e]ven the plaintiff in a wrongful death action" must call a witness on damages. Obviously, the deceased victim in a wrongful death action cannot testify. IPOC may establish damages through witnesses other than IPOC personnel, and IPOC has identified a number of such witnesses. Thus, BGR's argument about the inadequacy of IPOC's interrogatory answer is meritless.

Based on this meritless argument, however, BGR requests novel relief from the Court: "stay all discovery in this action unless and until IPOC can offer some evidence that it has a witness who can identify the lawful business expectancies at issue in this case and then substantiate any of its claimed damages." While overtly asking the Court to stay all discovery, BGR in essence asks the Court to relieve BGR from discovery obligations while requiring IPOC to adduce evidence. BGR never made this argument in connection with its original motion to stay discovery or in its motion for reconsideration. Arguments raised for the first time in a reply or supplemental brief are not properly before the Court. *See, e.g., Tacka v. Georgetown Univ.*, 193 F.Supp.2d 43, 49 n.2 (D.D.C. 2001) ("The court will not consider arguments raised for the first time in a reply brief."); *see also Battle v. Rubin*, 121 F.Supp.2d 4, 7 n.3 (D.D.C. 2000) ("The court rejects the defendant's argument in the interests of equity and fairness. Because the defendant has raised this argument only in its reply, the plaintiff has not had and will not have an opportunity to respond."). For this reason, the Court should deny BGR's motion for leave to file its supplemental brief.

The Court should also disallow BGR's supplemental brief because BGR's motion for reconsideration is disfavored and should be denied. "[T]he reconsideration of a previous order is an 'extraordinary measure' and is disfavored unless extraordinary circumstances are established." *Richardson v. Aetna U.S. Healthcare*, 2003 WL 24009007, *1 (D.D.C. 2003) (citing *Zyko v. Department of Defense,* 180 F.Supp.2d 89, 90-91 (D.D.C. 2001)). This is especially true in light of the deference accorded to magistrate judges on discovery matters. *Evans v. Atwood*, No. 96-2746, 1999 U.S. Dist. LEXIS 17545, at *4 (D.D.C. Sept. 29, 1999). As IPOC already established in its brief opposing BGR's motion for reconsideration, BGR has failed to offer any compelling reason to stay discovery in this case. Indeed, BGR has been actively answering discovery and issuing discovery requests to IPOC.

BGR now seems only to complain about the sufficiency of IPOC's answers to interrogatories issued by Diligence, BGR's co-defendant. There is no reason to stay discovery in order to clear up a discovery squabble, however. The Court should deny BGR's motion for leave to file a supplemental brief, and deny BGR's motion for reconsideration.

## CONCLUSION

For all of the foregoing reasons, and such others as the Court finds just and equitable, the Court should deny BGR's Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration of Motion for Stay of Written Discovery.

| | |
|---|---|
| December 6, 2006 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
| | /s/ Carol A. Joffe |
| OF COUNSEL:<br>Kimball R. Anderson<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601<br>Tel:  (312) 558-5858 | Timothy M. Broas (D.C. Bar No. 391145)<br>Carol A. Joffe (D.C. Bar No. 351528)<br>Anne W. Stukes (D.C. Bar No. 469446)<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W. |

Fax:   (312) 558-5700
kanderson@winston.com

Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2006, a copy of the foregoing Plaintiff IPOC's Memorandum In Opposition to BGR's Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration of Motion for Stay of Written Discovery was served, via the Court's ECF system, on:

> Michael Ross
> Paul C. Rauser
> Oliver Garcia
> Aegis Law Group LLP
> 901 F. Street, N.W., Suite 500
> Washington, DC 20004
> *Counsel for Defendant Diligence LLC*
>
> and
>
> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, VA 20118
> *Counsel for Defendant Barbour Griffith & Rogers LLC*

/s/ Carol A. Joffe
_____