IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DILIGENCE LLC, et al. )<br>)<br>*Defendants.* )<br>) | Civil Action No. 06-1109 (PLF)(AK) |

### DECLARATION OF PAUL C. RAUSER

PAUL C. RAUSER hereby declares the following under penalty of perjury:

1. I am a member of the Bar of the United States District Court for the District of Columbia, and make this Declaration in support of Defendants Joint Memorandum in Opposition to IPOC's Motion for Protective Order and in Support of Defendants' Joint Motion for Entry of a Protective Order.

2. On January 25, 2006, this Court held a hearing in KPMG Financial Advisory Services, Limited v. Diligence LLC, No. 05-CV-02204 (PLF)(AK) ("KPMG FAS v. Diligence"). During that hearing, counsel for the parties discussed matters that had previously been placed under seal by the Court in a Memorandum Opinion and Order dated January 4, 2006 (the "Seal Order").

3. In light of the Seal Order, at the conclusion of the January 25th hearing, counsel for all parties in KPMG FAS v. Diligence requested on the record – and the Court ordered – that the hearing transcript not be filed in the public record until the parties had an opportunity to file a stipulation with the Court as to how the transcript should be redacted to protect under-seal

material. Thereafter, the parties submitted proposed redactions of materials covered by the Seal Order, and the Court subsequently filed on the public record a redacted version of the transcript at docket entry 63. The original, unredacted document containing sealed material is not publicly available.

4.  On or about June 14, 2006, counsel for Diligence learned that Barry S. Vitou, a London-based attorney who represents IPOC International Growth Fund Limited ("IPOC"), filed an affidavit on June 12, 2006 in connection with a costs application in the Eastern Caribbean Supreme Court, Court of Appeal, (Claim No. 140 of 2003 and Civil Appeals No. BVI HAP 2003/20 & 2004/01). Mr. Vitou's affidavit attached a complete, unredacted copy of the under-seal January 25, 2006 hearing transcript in KPMG FAS v. Diligence. A true and correct copy of the relevant portion of Mr. Vitou's affidavit is submitted as Sealed Exhibit A to this Declaration.

5.  On June 14, 2006, after learning that IPOC possessed a copy of the sealed January 25, 2006 transcript and had filed that transcript in a British Virgin Islands court, counsel for Diligence informed both Court Reporter Brian A. Wayne and Derek J.T. Adler, counsel for KPMG FAS.

6.  Mr. Wayne, the Official Court Reporter who prepared the unredacted and redacted versions of the KPMG FAS v. Diligence transcript, confirmed that he had not made the transcript public, and had provided copies of the unredacted, under-seal transcript only to counsel for the parties: Hughes Hubbard & Reed (counsel for KPMG FAS and two of its principals) and Aegis Law Group LLP (counsel for Diligence).

7.  During our June 14 call, Mr. Wayne also described a telephone call that he had received some time earlier from an individual (who did not identify himself) who had questions about the January 25, 2006 transcript. Mr. Wayne explained that when it became clear that the

unidentified caller possessed the unredacted transcript, Mr. Wayne first ascertained that the caller was not affiliated with any of the parties, then told the caller that non-parties should not have copies of the unredacted transcript and asked the caller how he obtained it. According to Mr. Wayne, the caller replied that he had received it from "an attorney" and ended the call.

8. Also on June 14, 2006, Derek Adler, counsel for KPMG FAS, stated in a telephone call that KPMG FAS was aware that IPOC's attorneys had obtained a copy of the unredacted transcript, but that KPMG FAS was not responsible for the disclosure. In a subsequent exchange of e-mail correspondence, Mr. Adler reiterated that none of KPMG FAS's attorneys were responsible for disclosure of the transcript. Mr. Adler stated in his e-mail that initial inquires conducted by KPMG FAS had been unable to determine the source of the "leak."

9. To date, Diligence has been unable to determine how IPOC came to possess the copy of the under-seal version of the January 25, 2006 hearing transcript.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Paul C. Rauser

Dated: December 6, 2006

# Exhibit A

# Filed Under Seal