IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>Plaintiff,　)<br>)<br>vs.　)<br>)<br>DILIGENCE, LLC, et al.　)<br>)<br>Defendants.　)<br>) | Civil No. 06-1109<br>(PLF)/(AK) |

**BGR'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION FOR STAY OF WRITTEN DISCOVERY**

Defendant Barbour Griffith & Rogers, LLC, by counsel, hereby respectfully files its Reply in Support of its Motion for Leave to File Supplemental Brief in Support of Motion for Reconsideration of Motion for Stay of Written Discovery.

The plaintiff IPOC, which had previously scolded the defendant for failing to raise a new issue or fact in its Motion for Reconsideration, now complains when BGR does precisely that. The plaintiff's inability and/or refusal to name even a single witness affiliated with IPOC who can testify as to a single issue in controversy is both fatal to its case and a new fact for this Court to consider in deciding the motion before it.  The failure of IPOC to name a single witness affialated with IPOC as having any knowledge or information is not a "discovery squabble" unless there is an internecine "squabble" at IPOC headquarters, wherever that might be.  Indeed, it is now apparent that  IPOC will refuse to produce any discovery about itself or any of its claims unless it dictates the parameters of discovery.  See IPOC's Response to Defendant Diligence's Motion to Compel, Docket No.  86; IPOC's Memorandum of Law  in Support of IPOC

International Growth Fund Limited's Motion to Quash Third-Party Subpoenas Issued by Diligence LLC to Barclays Capital, Inc., J.P. Morgan Chase National Corporate Services, Inc. and Commerzbank U.S. Finance, Inc., filed December 12, 2006, in the United States District Court Southern District of New York; IPOC's Notice o f Motion to Quash Subpoena Served on Castle Ventures, LLC Pursuant to Rule 45 ( c) and Brief in Support of its Motion to Quash filed December 12, 2006, in the United States District Court District of New Jersey.  In each of these filings IPOC posits essentially that no discovery can be taken or conducted that involves the plaintiff and any of its officers, directors and their criminal dealings, whether discovered by the Bermuda Monetary Authority, referenced in the report of the Bermuda Monetary Authority, or in the records or the Zurich Arbitration.

These filings are the best evidence available that discovery in this case should not proceed unless and until some witness affiliated with the plaintiff is identified as available, knowledgeable and willing to come to Washington, DC and give a deposition.  The identification of that witness will show the plaintiff's good faith in proceeding in this action.  Likewise, the failure to identify will speak volumes and will expose this case as the fishing expedition it really is.

In its Opposition, the plaintiff seeks refuge behind two false fronts.  First, it claims that it is not obligated to identify a witness because deposition discovery has been stayed.  Yet the plaintiff's failure to name a witness comes in response to a written interrogatory.  IPOC's reliance upon Fed. R. Civ. Pro. 30 (b)(6) is hardly helpful to its position.  Fed. R. Civ. Pro. 30 (b)(6) requires that IPOC name some person and produce that witness here in Washington D.C. to testify by deposition. That rule does not allow a corporation to testify without a live person.

-2-

Indeed, Fed. R. Civ. Pro. 30 (b)(6) provides, in part, that "the organization so named shall designate one or more officers, directors, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person shall testify."   If and when IPOC fails to identify such a witness, which appears inevitable,  this Court has the authority to dismiss this case as a sanction.  Fed. R. Civ. Pro. 37 (b)(2)(c)  Here, the plaintiff has not even filed Initial Disclosures and now refuses to name any witness affiliated in any way with IPOC.  Nothing in either of these Rules provides a wall behind which the plaintiff corporation can both duck and then hide in perpetuity while seeking discovery from others.

  Second, the defendant argues that it need not identify any witnesses at all to prove its case.  That is simply preposterous.  IPOC has elected to invoke the jurisdiction of this Honorable Court seeking redress for alleged wrongs.  It alone bears the burden of proof to make its case and prove liability and damages.  It strains credulity to believe that no person affiliated with IPOC has any knowledge as to any fact at issue in this matter much less what damages it claims.  IPOC is merely hoping that this Court will allow it to seek discovery from BGR and others  that it can ship overseas,  as it has already done with a sealed transcript in a related case,  or for some other inappropriate reason while never responding to any defensive discovery or allowing the Defendants to seek documents from third parties.  The theme of all of IPOC's pleadings relating to discovery disputes is consistent.  Accept whatever facts are alleged in the Complaint as true as a matter of law even though BGR has denied all liability to the plaintiff.  And, because all of these allegations must be deemed true, IPOC need not even name a witness affiliated with IPOC or make that witness  come to Washington D.C. and testify.  Of course, this is a wise gambit as that witness may someday be compelled, in order for this case to proceed,  to run the gauntlet at

U.S. Customs that tends to catch persons who have committed international crimes such as those attributed to IPOC in the Zurich Arbitration.  While most attorneys would not advise his or her civil and criminal clients to take that risk, that unstated excuse provides no basis upon which discovery in this or any other case should proceed.  Instead, that fact looms over this matter and counsels against continuing any discovery in this case.

This case is at a critical juncture in terms of expense and the use of the Court's resources.  IPOC is, through written discovery, being asked to identify witnesses who possess information that would, as a matter of fact, be known only to IPOC, the exact party that invoked the jurisdiction of this Court.  In response, it stonewalls and refuses to name a witness while always impugning the integrity of the defendants.  In these circumstances, which are admittedly unique, the Motion for Leave to File Supplemental Brief should be granted and discovery stayed in this matter.

**BARBOUR GRIFFITH & ROGERS, LLC**
By Counsel

/s/
_____
Edward B. MacMahon, Jr.
D.C.  Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour*
   *Griffith & Rogers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of December, 2006 a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

Timothy M. Broas
Carol A. Joffe
Winston & Strawn
1700 K Street, N.W.
Washington, D.C.   20006
(202) 282-5000
(202) 282-5100 (Fax)
*Counsel for IPOC International Growth Fund Limited*

Paul C. Rauser
AEGIS Law Group LLP
901 F Street, N.W., Suite 500
Washington, D.C.   20004
(202) 737-3500
(202) 737-3330 (Fax)
*Counsel for Diligence LLC*

/s/
_____
Edward B. MacMahon, Jr.