IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DILIGENCE, LLC, )<br>)<br>and )<br>)<br>BARBOUR GRIFFITH & ROGERS, LLC, )<br>)<br>Defendants. )<br>) | Civil No. 06-1109<br>(PLF)/(AK) |

**DEFENDANT BGR'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF MOTION FOR STAY OF WRITTEN DISCOVERY**

Defendant BGR, by and through counsel, respectfully files this Supplemental Memorandum in Support of its Motion for Reconsideration of Motion for Stay of Written Discovery.

Now pending before this Court are several Motions to Dismiss filed by BGR and co-defendant Diligence. (Motion to Dismiss for Failure to Plead with Particularity, Docket No. 8); Motion to Dismiss for Lack of Subject Matter Jurisdiction, Docket No. 33); (Motion to Dismiss by Diligence, Docket No. 12) As of this date, the Court has not ruled on any of these motions.

As this Court is well aware, the Complaint sets forth seven distinct causes of action. One claim, Count II, alleges a private right of action under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. That statute requires the plaintiff to show "damage or loss." The remaining

-1-

counts all sound in tort and it is axiomatic that a party seeking to recover in tort bears the burden of proving its own damages.[1]  And, since the plaintiff bears the burden of proving damages, knowledge and information about that topic rests solely with the plaintiff.  As a result, discovery in a civil case necessarily involves testing the plaintiff's claimed damages, even when, as here, the defendant denies all liability to the plaintiff.   Knowing that such disputes will arise,  a plaintiff can reasonably be expected to identify and quantify at least some of  its losses before the decision to file a case is made.  That apparently did not occur in this case.

On November 13, 2006, the plaintiff served its responses to the First Set of Interrogatories filed by defendant Diligence.[2]  The text of Interrogatory No. 1 and the plaintiff's response thereto, absent the objection,  is set forth below :

> **INTERROGATORY NO. 1:**
> Please identify the name, address, and telephone number of each person you believe to possess knowledge or information relating to the allegations in the Complaint, and describe with particularity the subject matter of each person's knowledge or information.
>
> **RESPONSE TO INTERROGATORY NO. 1:**
> Subject to and without waiving any objections, IPOC answers as follows at this time: IPOC has reason to believe that each of the persons identified below has kowledge of the facts alleged in IPOC's Complaint.
>
> [former employees of KPMG FAS], addresses and telephone number unknown c/o KPMG Financial Advisory Services, Bermuda, contact through the law firm Hughes, Hubbard & Reed, LLP, have knowledge of the factual allegations fo the Complaint

---

[1] The elements of each of the plaintiff's claims are set forth in detail in BGR's Motion for Judgment on the Pleadings, p. 4-5.  (Docket No. 34-1) Those arguments are incorporated by reference as though fully set forth herein.

[2] BGR has also propounded discovery upon the plaintiff but responses to those requests are not yet due.

>   related to the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS.
>
>   [BGR employees], contact information known by BGR and Diligence, have knowledge of the factual allegations of related to the actions of Diligence, BGR, Alfa, LVFG, KPMG FAS.
>
>   [Diligence employee], contact information unknown, has knowledge of the factual allegations of related to the actions of Diligence, BGR, Alfa, LVFG, KMG FAS.
>
>   [Diligence employees] contact information known by Diligence, can be reached c/o Diligence have knowledge of the factual allegations of the Complaint concernign the actins of Diligence, BGR, Alfa, LVFG, KPMG FAS.
>
>   [unknown affiliation, non IPOC witness], address and telephone number unknown, has knowledge of the factual allegations of the Complaint related to the alleged actions of Diligence, BGR, Alfa, LVFG, KPMG.
>
>   [lawyers for the KPMG Inspectors], contact information known to BGR and/or Diligence, have knowledge related to the stolen information and the disclosure of the stolen information.
>
>   [KPMG London employee], KPMG London, has knowledge of the factual allegations of the Complaint related to the actions of Diligence, BGR, Alfa, LVFG and KPMG FAS and KPMG's investigation of the actions of BGR and Diligence.[3]

Upon receipt of these responses, counsel for the defense requested that the plaintiff supplement its responses. Specifically, the plaintiff was asked to provide the name of some witness affiliated with IPOC who could offer knowledge or information in support the claims set forth in the Complaint.

---

[3] BGR has redacted the names of the persons identified in the Interrogatory response to protect the confidentiality of the discovery process. There are outstanding issues remaining regarding the terms of a protective order to be entered in this case. Of course, the names can be produced to the Court if that is necessary to resolve this motion.

On November 22, 2006, the plaintiff supplemented its response to Interrogatory No. 1. The supplemental response is set forth below.

> IPOC International Growth Fund, Ltd., has knowledge of the agreement with KMPG FAS regarding the confidentiality of interviews and documents provided to KPMG FAS, IPOC's expectancies that (a) Zurich arbitration in which it sought to enforce its rights would be conducted without malicious interference and would not be tainted by improper or illegal activities calculated to corrupt the Zurich arbitration for the benefit of IPOC's litigation adversaries; (b) the Investigation would be conducted in a evenhanded and impartial manner and in accord with the requirements imposed upon KMPG FAS in its position as investigator; (c) the material and information provided by IPOC to KPMG FAS would be held in strict confidence, used solely in connection with the Investigation and would not be utilized to further the interests of IPOC's litigation adversaries; and (d) IPOC's charter would not be attacked by improper or illegal means, including bribery, fraud and deception and IPOC's damages.

As the Court can plainly see, the Plaintiff, even upon request, has not identified a single witness affiliated in any manner or form with the Plaintiff who has any knowledge or information regarding the allegations in the Complaint. Specifically, IPOC has not identified any agent or officer of IPOC who can substantiate or itemize any of the damages requested in the Complaint. No witness, even one outside of IPOC, has been identified as having any information whatsoever about the requested damages, not even the "director" who verified the Answers. No witness for IPOC has been identified who possesses knowledge or information as to what business interests of IPOC have allegedly been interfered with.[4]  Simply regurgitating the

---

[4] As BGR argued in its Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 33-1), IPOC cannot sue here to recover the Megafon interests that were the subject of the Zurich Arbitration. That interest, that panel ruled, had been obtained as the fruits of a criminal enterprise described therein as money laundering. Some other business interest must therefore be identified as at issue in this matter. The Zurich panel was informed of all of the

conclusory allegations in a Complaint, without identifying by name even a single witness, cannot be sufficient.[5]

While it is true that a plaintiff, in some cases, can prove many facts at issue in a case solely by calling agents of the defendants and non-party witnesses, the plaintiff cannot bear the burden of proving its damages without a witness. Even the plaintiff in a wrongful death action, absent as a matter of law, has to call its own witness to prove damages. IPOC must do the same and should, even at this stage, be able to identify such a witness unless none exists.

The point of this is to inform the Court that the issue of how this case proceeds is now squarely before you. BGR does not desire to produce discovery to a plaintiff that cannot, by virtue of the record before you, prove its case and refuses to identify a witness in support of its case. Moreover, the plaintiff has been identified, by an arbitration panel that it selected, as a criminal enterprise and a money laundering operation. And, there is no certainty that proprietary information produced in discovery in this case will not be used for purposes outside of this litigation since the record already demonstrates IPOC's disregard of Protective Orders issued by this Court. [6]

---

actions described in this Complaint before it issued its opinion. (Zurich Award, pp. 107-109)

[5] As the Court can see from the Docket (Docket No. 55), Diligence has filed a Motion to Compel IPOC to provide information regarding the ownership of IPOC including its relationship to Mr. Reiman. IPOC has interposed relevance objections to all information regarding its ownership and its alleged relationship with the corrupt Russian official described in the Zurich arbitration.

[6] As described on pages 107-108 of the Zurich Award, IPOC disregarded confidentiality orders entered in that case by disclosing to the Bermuda inspectors information apparently obtained in the lawsuit then pending in this Court between KPMG and Diligence. This evidence provides no comfort to this defendant as it proceeds in this matter. This Court entered a Protective Order in that case as well.

It is no surprise that a criminal entity would not want to identify any witnesses to testify about its criminal endeavors much less come forward and identify the profits from those same crimes. Yet some person affiliated with IPOC must come forward, be identified, be willing to come to this Court, and then testify how its "business expectancies" were interfered with and what "damages" have been sustained. In the absence of such a witness, this case should not proceed at all. Regardless, at this stage, the Court should stay all discovery in this action unless and until IPOC can offer some evidence that it has a witness who can identify the lawful business expectancies at issue in this case and then substantiate any of its claimed damages. As the Court knows, IPOC has not even filed its Initial Disclosures that would shed some light on its claims for damages. The plaintiff's failure to identify a witness is precisely the sort of "new" evidence upon which this Court should reconsider and then reverse the Magistrate Judge's ruling.

In these circumstances, it is unfair to require BGR to produce any information to IPOC. In the absence of such a witness, the Court can only assume that this case is not a bona fide civil action.

**BARBOUR, GRIFFITH & ROGERS, LLC**
**By Counsel**

/s/
_____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour*
   *Griffith & Rogers, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of November, 2006 a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

>Timothy M. Broas
>Carol A. Joffe
>Winston & Strawn
>1700 K Street, N.W.
>Washington, D.C.   20006
>(202) 282-5000
>(202) 282-5100 (Fax)
>*Counsel for IPOC International Growth Fund Limited*
>
>Paul C. Rauser
>AEGIS Law Group LLP
>Suite 500
>901 F Street, N.W., Suite 500
>Washington, D.C.   20004
>(202) 737-3500
>(202) 737-3330 (Fax)
>*Counsel for Diligence LLC*

/s/
_____
Edward B. MacMahon, Jr.