UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF IPOC'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby files this opposition to Defendants' Joint Motion for Entry of a Protective Order. For the reasons set forth below and in IPOC's Motion for a Protective Order, IPOC urges the Court to enter the Protective Order submitted by IPOC. *See* Docket #57.

## INTRODUCTION

The Motion for Protective Order ("Motion") filed by Defendants Diligence LLC ("Diligence") and Barbour, Griffith & Rogers LLC ("BGR") once again demonstrates that Defendants subscribe to the oft-used strategy, "the best defense is a good offense." In this instance, however, Defendants do not have a "good offense." Rather, they stoop to new lows in accusing IPOC and its counsel of misconduct.

IPOC brought this case seeking a remedy for tortious injuries that Defendants caused by a premeditated scheme to destroy IPOC. Defendants' premeditated plan included the outright theft of confidential information. Diligence and BGR's conduct in this ruse involved the utmost deceit and dishonesty. Diligence and BGR posed as government agents in Bermuda on official business, tricked KPMG FAS employees into believing themselves to have been sought out by

the British security agency to assist with business vital to the Crown, and then used those employees to unwittingly steal from KPMG FAS confidential documents obtained or generated in the course of a confidential investigation of IPOC for the Minister of Finance of Bermuda. These documents, as Defendants knew, were required to be kept confidential, but Defendants disclosed the confidential documents and knew that what they were doing was illegal. After perpetrating this fraud upon KPMG FAS and tortiously stealing IPOC's confidential information, Diligence and BGR now have the gall to come to this Court and argue that IPOC and its counsel cannot be trusted with documents produced in discovery in this lawsuit.

Defendants' accusations must be rejected, and the cover-up of Diligence and BGR's illegal conduct calculated to ruin IPOC must be stopped now. Defendants' plot to ruin IPOC is not speculation, it is contained in black and white in numerous documents prepared by Diligence, documents outlining the plan to ruin IPOC and run it out of Bermuda. These plans are ongoing, as Defendants tacitly admit. Diligence and BGR must not be permitted to further hide their past and continuing tortious behavior behind the shield of an overly broad, blanket Rule 26 protective order. Defendants' arguments against the Protective Order that IPOC proposed simply side-step the issue of whether any of the documents Defendants would produce in this matter are of the sort that is protectible by any confidentiality designation. The Court should enter the Protective Order that IPOC proposes and reject the order that Defendants propose.

## ARGUMENT

Defendants argue that IPOC and its counsel cannot be trusted with confidential documents in this case, and requests that the Court order IPOC to "fully disclose" the facts and circumstances surrounding IPOC's alleged breaches of confidentiality. These suggestions, coming from two parties who in fact <u>stole and disseminated IPOC's confidential information</u>, are

the epitome of hypocrisy. In any event, the conduct of which Defendants accuse IPOC was in fact the product of good faith, not intentional breaches of confidentiality such as Defendants carried out in committing the torts that are the subject of this lawsuit.

Diligence and BGR assert that IPOC submitted, in a foreign court proceeding, a transcript from the case *KPMG FAS v. Diligence*, No. 05-2204. The transcript in question was not under seal. Portions of the transcript were apparently redacted from the public record by stipulation of KPMG FAS and Diligence. Of note, however, the redactions to the transcript were not made until June 12, 2006, nearly <u>six months</u> after the hearing. *See KPMG FAS v. Diligence* Docket #63 (transcript of 01/25/2006 hearing entered 06/12/2006). Although, coincidentally, IPOC submitted the transcript in a foreign proceeding on the same day—June 12—counsel for IPOC had no knowledge that redactions had actually been made to the transcript on the date it was submitted in the British Virgin Islands. Because nearly six months passed between the time of the hearing and the date of any redactions, it appeared at the time that the parties had foregone making redactions. IPOC had received the transcript from an employee of KPMG-London and was not told that there were restrictions on its use.[1]

Moreover, the portions of the transcript that were redacted merely confirm that Defendants are not entitled to hide their nefarious actions against IPOC. The redacted portions recite Defendants' conduct in infiltrating the Bermuda investigation. Indeed, the redactions demonstrate that in *KPMG FAS v. Diligence,* Diligence sought to—and actually succeeded—in covering up its ongoing conspiracy against IPOC. The fact that Diligence tricked and defrauded KPMG FAS employee(s) in order to invade the confidential investigation of IPOC is just not a trade secret or piece of sensitive commercial information. It is a fact of public record in this

---

[1]    IPOC was not a party to the KPMG FAS case and was not subject to any protective orders entered in that case.

case. It may be embarrassing to Defendants that they were caught in their illegal, covert acts, but that does not mean that such facts are protectible from disclosure.

Defendants also accuse IPOC of breaching a confidentiality order in a Zurich arbitration proceeding to which neither Defendant was a party, despite their penchant for attempting to interject that arbitration proceeding into this case. Defendants highlight one paragraph from a ruling by the Zurich panel that states that IPOC "disregarded" a confidentiality order that was in effect in the Zurich arbitration. This minor mention in a very lengthy ruling refers to a misunderstanding. As part of the Bermuda investigation, IPOC was under compulsion of law to turn over to the Bermuda investigators copies of all its books and records, which included the formal record, e.g., pleadings and evidence, from the Zurich arbitration.[2] IPOC thought it had cleared the production of such material with the Zurich arbitration panel, and upon learning that the arbitration panel had concerns, IPOC immediately sought to rectify the situation by clearing the production with the panel. One thing is absolutely clear about this event, however: <u>at no time did IPOC compromise the confidentiality of material from the Zurich arbitration because the entire Bermuda investigation was itself confidential</u>. By contrast, Defendants in this case committed torts to steal IPOC's confidential material from the confidential Bermuda investigation, and then disseminated that information. It is ironic, and in fact, laughable, that Defendants accuse IPOC of being the party who cannot be trusted with confidential information, when this very lawsuit is premised upon Defendants' intentional theft of IPOC's confidential information. This irony is compounded by Defendants' claim that there must be a protective order in this action because IPOC lawfully turned over documents to a confidential Bermudian

---

[2]    Section 132(3) of the Bermuda Companies Act of 1981 provides, "Every officer, agent or employee of the company shall produce to the inspector such books or documents as the inspector may require for the purpose of his investigation."

government investigation (in compliance with, and as required by, the laws of Bermuda) which Defendants then stole from and disseminated to IPOC's opponents, who in turn submitted the unlawfully obtained information into the confidential Zurich arbitration.

Finally, Defendants argue that the protective order entered in this case should not be "weaker" than the protective order in place in *KPMG FAS v. Diligence.* There is no merit to the argument that merely because the Court entered a similar protective order in one case, the same order should apply in this case. IPOC was not a party to the KPMG FAS case and did not participate in the negotiations over the stipulated protective order that was entered there. Had IPOC participated, it would have insisted on the provisions that IPOC placed in its proposed protective order in this case—provisions that guard against the overdesignation of information as "confidential" that enabled Diligence to hide its tortious misconduct from public view in the KPMG FAS case, despite that such evidence does not merit Rule 26 protection. Thus, rather than being "weaker" than the KPMG FAS order, IPOC's proposed protective order is actually more faithful to the requirements of Rule 26 by including such provisions as a requirement that the producing party certify that designated documents qualify for special protection.

## CONCLUSION

For all of the foregoing reasons, and those briefed in IPOC's Motion for a Protective Order, the Court should enter the proposed protective order submitted by IPOC (Docket #57).

December 20, 2006

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND
LIMITED

/s/ Carol A. Joffe

OF COUNSEL:
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive

Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)

Chicago, Illinois 60601
Tel:    (312) 558-5858
Fax:    (312) 558-5700
kanderson@winston.com

WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:    (202) 282-5000
Fax:    (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2006, a copy of the foregoing Plaintiff IPOC's Opposition to Defendants' Motion for a Protective Order was served, via the Court's ECF system, on:

Michael Ross
Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*

and

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA  20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*

/s/ Carol A. Joffe

_____