UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) |
| Defendants. | ) ) |

PLAINTIFF IPOC'S SUR-REPLY IN FURTHER OPPOSITION
TO DEFENDANT DILIGENCE'S MOTION FOR ORDER
COMPELLING PLAINTIFF TO ANSWER INTERROGATORIES

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. <br> 1:06CV01109 (PLF) (AK) |

## PLAINTIFF IPOC'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT DILIGENCE'S MOTION FOR ORDER COMPELLING PLAINTIFF TO ANSWER INTERROGATORIES

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby submits this Sur-Reply Brief to Defendant Diligence LLC's ("Diligence's") Reply to Plaintiff IPOC's Opposition to Diligence's Motion for An Order Compelling Plaintiff to Answer Interrogatories ("Reply"). It does so in light of new authorities and arguments made by Diligence in its Reply Brief.

### INTRODUCTION

In a desperate and disingenuous attempt to compel irrelevant discovery, Diligence accuses IPOC of judge-shopping and presenting different characterizations of its claims to different members of the Court. Nothing could be further from the truth. IPOC has never placed the findings or outcome of the Zurich Arbitration in issue in this case. Although, in both the Complaint and previous briefs, IPOC alleged that a document submitted in the Zurich Arbitration contained a verbatim recitation from materials that Defendants stole from the confidential Bermuda Investigation, IPOC has not alleged in this case that Defendants influenced the

outcome of the Zurich Arbitration, nor does IPOC allege in this lawsuit that the outcome of the Zurich Arbitration was either correct or incorrect.[1]

## ARGUMENT

A. **Diligence's Interrogatories Are Outside the Scope of Discovery.**

Diligence erroneously argues in its Reply that it is entitled to "discovery into the subject matters" of the case, which it contends include the findings and outcome of the Zurich Arbitration. Diligence cites *Pulliam v. Continental Cas. Co.*, 2003 WL 1085939 (D.D.C. Feb. 27, 2003), to shore up its erroneous contention. That case provides no support for Diligence's requests for broad "discovery into subject matters" that do not relate to any claim or defense of any party. Rather, *Pulliam* sets forth the proper scope of discovery as narrowed by the 2000 Amendments to Rule 26(b)(1),

> This provision was amended in 2000 to narrow the party-controlled scope of discovery by requiring that discovery be relevant, not just to the subject matter of the case, but to the claim or defense of a party.

*Pulliam*, 2003 WL 1085939, *2.

The discovery that Diligence seeks to compel simply does not relate to any claim or defense in this case. Diligence argues in its Reply that the beneficial ownership of IPOC and the identities of the officers and directors of IPOC's affiliates are relevant because this information will demonstrate that the findings or outcome of the Zurich Arbitration were not influenced by Defendants' tortious actions. IPOC's Complaint, however, makes no allegation concerning the accuracy or inaccuracy of the findings or outcome of the Zurich Arbitration, nor does the Complaint seek damages stemming from the findings or outcome of the Zurich Arbitration. And because the Complaint contains no claim for recovery based upon the findings or outcome of the

---

[1]   The case is on appeal before the Swiss Supreme Court.

2

Zurich Arbitration, there is no basis for a defense that Defendants' tortious actions did not impact the findings or outcome of the Zurich Arbitration.[2]  Diligence's interrogatories are, therefore, outside the proper scope of discovery and abusive.

### B. Judicial Estoppel Does Not Apply Here.

Diligence also argues that, by virtue of the doctrine of judicial estoppel, IPOC may not take the position that the findings and outcome of the Zurich Arbitration are irrelevant to this case.  The doctrine of judicial estoppel is inapplicable here.  A court may apply the doctrine of judicial estoppel where (1) a party takes a position that is clearly inconsistent with an earlier position taken; (2) the party succeeded in convincing a court to accept the earlier clearly inconsistent position; and (3) if not estopped, the party seeking to assert the inconsistent position would derive an unfair advantage or an unfair detriment would be imposed upon the opposing party.  *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001) (citing *Russel v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir 1990)).  None of these factors are present here.

First, IPOC's position is not inconsistent with any earlier position taken in this case.  IPOC's Complaint does not allege that Defendants' tortious actions influenced the findings or outcome of the Zurich Arbitration; nor does the Complaint seek damages resulting from the findings or outcome of the Zurich Arbitration.  Rather, IPOC complains that Diligence improperly attempted to influence the Bermuda Investigation, that the Defendants attempted to influence the Zurich Arbitration, and that these actions were unfair.

Second, neither unfair advantage to IPOC nor unfair detriment to Diligence can result given that IPOC does not seek damages resulting from the findings or outcome of the Zurich Arbitration.  Rather, IPOC's damages flowed from Diligence actions in Bermuda.  There is

---

[2] Diligence has not filed an Answer nor otherwise interposed any defenses to the Complaint.

3

simply no basis for Diligence to argue either unfair advantage to IPOC or unfair detriment to Diligence since IPOC does not seek to recover damages resulting from the findings or outcome of the Zurich Arbitration.

Finally, the doctrine of judicial estoppel does not apply unless a party has previously prevailed on a contradictory position. Diligence points to no position taken by IPOC on which it has previously prevailed as a basis for estoppel. Certainly IPOC has neither made nor prevailed on the argument that the findings or outcome of the Zurich Arbitration are relevant to the damages sought by IPOC in this case. Indeed, IPOC has made no argument that contradicts any position on which IPOC has previously prevailed in this case. Since none of the factors relevant to judicial estoppel are present, the doctrine does not apply here.[3]

### C.     Diligence's Accusation that IPOC is an "Illicit" Business is Unavailing.

Although Diligence's motion ostensibly concerns a discovery dispute, Diligence attempts to impugn the merits of IPOC's claims by asserting that the so-called "illicit nature" of IPOC's

---

[3] *New Hampshire v. Maine,* 532 U.S. 742, 750 (2001), cited by Diligence to support its claim of judicial estoppel, further illuminates that the doctrine of judicial estoppel is inapplicable here. There, the Court held that the doctrine of judicial estoppel equitably barred New Hampshire from making an argument that was contrary to a previous position presented and accepted by the court in a consent order. Obviously, this doctrine has no application here because IPOC has not changed its position regarding any issue in this case. The other cases cited by Diligence for this proposition are equally inapplicable for the same reason. *See Pegram v. Herdrich,* 530 U.S. 211, 228 n.8 (2000) (rejecting claim of judicial estoppel and cautioning that "[t]he pleadings must also be parsed very carefully to understand what acts [are alleged]" ); *In re Greater Southeast Community Hosp. Corp.,* 333 B.R. 506, 534-35 (Bankr. D.D.C. 2005) (claim for judicial estoppel not ripe because nothing in the Complaint supported the allegations on which it was based); *Federal Trade Commission v. Cleverlink Trading Ltd.,* 2006 WL 3106448 (N.D. Ill. Oct. 26, 2006) (FTC not permitted to argue both that there was a contract based upon the acceptance "of the benefits with knowledge of the terms of the offer" and simultaneously that there was no contract because there was no "signed" document).

business dooms the legal claims in this case.[4] Diligence grossly misstates the issues and legal principles that apply to IPOC's tortious interference with business expectancy claim. First, Diligence completely ignores the substantial precedent discussed by IPOC in its Opposition Brief—including precedent from the U.S. Supreme Court—clearly indicating that courts will only refuse to hear a tortious interference claim where the contract or expectancy that is the basis of the suit is itself illegal. In fact, the cases originally cited by Diligence in its Motion to Compel made this very point. *See Wager v. Pro*, 603 F.2d 1005, 1008 (D.C. Cir. 1979) ("[P]arties to an illegal or immoral transaction may not seek redress in a court for wrongs suffered <u>as a result of the transaction</u>.") (emphasis added). In its Reply Brief, Diligence abandons several of the cases it originally relied upon, no doubt because those cases never supported the arguments proffered by Diligence to begin with.

Instead, Diligence concocts out of thin air a new argument asserting that in order to bring a tortious interference claim a party must be a "legitimate" company. Diligence Reply Br. at 11. According to Diligence, only "legitimate" companies can have <u>any</u> "legitimate" expectancies that can be enforced. Diligence provides no legal support or citation for this assertion, because there is none.

However, Diligence does provide brand new citations in its Reply Brief which purportedly support Diligence's claim that "one cannot tortiously interfere with an attempt to enforce a contract that is void for illegality because the entity seeking to enforce it is a money

---

[4]    As noted previously, Diligence alleges that IPOC has engaged in illegal activities "committed against the Russian Federation." Diligence Opening Br. at 1. The Russian Prosecutor General, the only party competent to adjudicate whether crimes were committed against the Russian Federation, has concluded that neither IPOC nor Mr. Reiman have committed any crime. Instead, the Russian prosecutors have ordered the arrest of Leonid Rozhetskin, the individual who sold the IPOC's stake in Megafon to Alfa, the party for whom Defendants work.

5

launderer." Diligence Reply Br. at 12. None of the new cases cited by Diligence provides any more support for such a statement than the cases it initially cited. For example, *Bennett Enterprises, Inc. v. Domino's Pizza, Inc.*, 45 F.3d 493, 499 (D.C. Cir. 1995), provides nothing more than a statement of the elements of the tortious interference claim under District of Columbia law, including the need for a "valid business relationship or expectancy." There is nothing in this case, or the other new cases cited by Diligence, supporting Diligence's concocted legal principle.

In short, Diligence provides neither facts nor legal arguments overcoming the reality that the present case focuses on the conduct of Diligence and BGR, and there is nothing illegal about IPOC's expectancies that the Bermuda Investigation would be conducted confidentially. Accusations regarding IPOC's ownership or other, unrelated, business activities are completely irrelevant to the issues in this case. Diligence's interrogatories serve nothing more than a fishing expedition and should not be sanctioned by this Court.

### D. Diligence's Interrogatories Are Irrelevant to IPOC's Claims Regarding the Bermuda Investigation.

In a last-ditch attempt, Diligence argues that its interrogatories are relevant to IPOC's claims regarding the Bermuda Investigation because the ownership of IPOC and "the identities of those running IPOC's affiliates and subsidiaries is [sic] highly probative to the question of the source of IPOC's funds, which is at the heart of the Bermuda Investigation of IPOC," and "the trial in this case will necessarily center" on whether the Bermuda Investigation findings are "correct." Diligence Reply Br. at 14. This argument defies logic.

As alleged in the Complaint and established in the record of both this case and *KPMG FAS v. Diligence*, No. 05-2204, Diligence and co-defendant BGR were caught red-handed infiltrating and attempting to influence the Bermuda Investigation *while the investigation was*

*ongoing*. Defendants were ferreted out, and Diligence remains under a court order entered in *KPMG FAS v. Diligence* requiring Diligence to cease any and all attempts to infiltrate or influence the Bermuda Investigation. And obviously, IPOC's Complaint contains no allegation concerning the "correctness" or "incorrectness" of the findings of the Bermuda Investigation. Those findings will not be the focus of the trial in this case, because they are not relevant to any claim or defense. IPOC's allegation that Defendants tortiously interfered with IPOC's expectation that the Bermuda Investigation would be conducted in an evenhanded and impartial manner means precisely that. Defendants interfered with and attempted to influence the outcome of the investigation, and managed to steal and disseminate IPOC's confidential information before they got caught. Neither the outcome nor the findings of the Bermuda Investigation are in issue in this case. Defendants caused IPOC damage at the time of the theft and each disclosure of IPOC's information. IPOC's claims are not dependent on the accuracy of the findings or outcome of either the Bermuda Investigation or the Zurich Arbitration. Diligence's interrogatories should not be allowed.

## CONCLUSION

For the reasons stated above and in IPOC's Opposition brief, the Court should deny Diligence's Motion for an Order Compelling Plaintiff to Answer Interrogatories.

| | |
|---|---|
| January 3, 2007 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
| | |
| OF COUNSEL: | /s/ Carol A. Joffe |
| W. Gordon Dobie | |
| Kimball R. Anderson | Timothy M. Broas (D.C. Bar No. 391145) |
| WINSTON & STRAWN LLP | Carol A. Joffe (D.C. Bar No. 351528) |
| 35 W. Wacker Drive | Anne W. Stukes (D.C. Bar No. 469446) |
| Chicago, Illinois 60601 | WINSTON & STRAWN LLP |
| Tel:  (312) 558-5858 | 1700 K Street, N.W. |
| Fax:  (312) 558-5700 | Washington, D.C. 20006 |
| | Tel:  (202) 282-5000 |

Fax:    (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

8

# CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2007, a copy of the foregoing Plaintiff IPOC's Sur-Reply in Further Opposition to Diligence's Motion for an Order Compelling Plaintiff to Answer Interrogatories was served, via the Court's ECF system, on:

>Michael Ross
>Paul C. Rauser
>Oliver Garcia
>Aegis Law Group LLP
>901 F. Street, N.W., Suite 500
>Washington, DC 20004
>*Counsel for Defendant Diligence LLC*

and

>Edward B. MacMahon, Jr.
>P.O. Box 903
>107 East Washington Street
>Middleburg, VA 20118
>*Counsel for Defendant Barbour Griffith & Rogers LLC*

/s/ Carol A. Joffe