IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED ) ) ) | |
| Plaintiff, ) | Civil Action No. 06-1109 (PLF)(AK) |
| ) | |
| v. ) | |
| ) | |
| DILIGENCE LLC, et al. ) | |
| ) | |
| Defendants. ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER**

IPOC's Opposition memorandum ("Opposition"), like many of its briefs filed in this action, is most notable for what it does not say rather than what it does. IPOC's Opposition fails to address any of Defendants' arguments for entry of Defendants' proposed protective order in lieu of IPOC's version. Instead, the Opposition is comprised entirely of IPOC's efforts to explain away recent findings by the Zurich arbitration tribunal that IPOC violated the protective order entered in that proceeding, and to explain away IPOC's receipt and public filing in a foreign court of the unredacted hearing transcript from the KPMG FAS v. Diligence case, *a transcript that itself makes plain that it is an under-seal document.* In so doing, IPOC distorts known facts, and at the same time refuses to disclose key facts known only to it that would shed light on these events. As detailed below, IPOC's excuses for its recent transgressions not only are unpersuasive, but they highlight perfectly the need to obtain from IPOC now, prior to entry of a protective order, additional information about these incidents—incidents that plainly are relevant to the Court's fashioning of the protective order to be entered in this case.

Notably – indeed, curiously – IPOC's Opposition wholly fails to address the specifics of *any* of the six provisions contained in Defendants' proposed Protective Order to which IPOC objects. As Defendants emphasized in their opening memorandum, no basis exists to enter a protective order in this case *less* restrictive than the Protective Order entered by this Court in KPMG FAS v. Diligence (the "KPMG FAS Protective Order"). To the contrary, IPOC's history of protective order violations and its dissemination of a plainly under-seal transcript weigh sharply in favor of entering a protective order *more* restrictive than the KPMG FAS Protective Order.

## ARGUMENT

Attempting to minimize its admitted submission of an unredacted transcript of the Court's January 25, 2006 hearing in the KPMG v. Diligence case (the "KPMG FAS Hearing Transcript"), IPOC declares, without support or citation, that "[t]he transcript in question was not under seal." Opp. at 3. This is simply wrong, as the transcript itself reveals.

Similarly unavailing is IPOC's attempt to minimize the detailed findings by the Zurich arbitration tribunal that IPOC clearly violated the Confidentiality Order entered in that case. Indeed, in so doing, the tribunal specifically addressed – and rejected – the very same excuse now proffered by IPOC in this case in an attempt to excuse those violations.

### I. THE KPMG FAS HEARING TRANSCRIPT BY ITS TERMS IS UNDER SEAL AND NON-PUBLIC.

In claiming that "[t]he transcript in question was not under seal," Opp. at 3, IPOC plainly misrepresents the facts. As the transcript itself makes crystal clear, this Court (Judge Friedman), ordered the entire transcript to be maintained under seal until the parties agreed upon a redacted version. See Rauser Decl. Ex. A at 36.[1] Thus, although the *redacted* version of the

---

[1] In support of the instant Motion, a copy of the entire KPMG FAS Hearing Transcript was filed under seal on December 6, 2006, as Exhibit A to the Declaration of Paul R. Rauser. See Docket #69.

KPMG FAS Hearing Transcript is not under seal, it cannot be disputed that the *unredacted* version – the version IPOC admits it filed in a British Virgin Islands court on June 12, 2006, see Opp. at 3 – was under seal by Order of this Court as of the date of that filing (indeed, it remains so to this day).

Stuck with these incontestable facts, IPOC next suggests that "[b]ecause nearly six months passed between the time of the hearing and the date [the Court entered on the docket the redacted version of the transcript], it appeared at the time that the parties had foregone making redactions." Opp. at 3. IPOC's excuse is both hollow and unpersuasive. In sharp contrast to just assuming that "the parties had foregone making redactions," see Opp. 3, it was plainly incumbent upon IPOC, prior to attaching to a public filing a hearing transcript placed under seal by a United States District Court, to inquire of the parties to that case (or this Court, if necessary) whether that assumption was correct. Here, IPOC easily could have done so. As IPOC readily admits, it received its copy of the unredacted, under-seal transcript "from an employee of KPMG-London." Opp. at 3. Given that the transcript itself reveals that the Court had placed the *entire* transcript under seal until further notice, the obviously proper course was for IPOC to ask KPMG's London office—whose colleagues in KPMG's Bermuda office were the plaintiffs in the KPMG FAS v. Diligence case—whether the unredacted transcript was in fact a public document. IPOC admits that it made no such inquiry, but instead just went ahead and filed the unredacted transcript based on its unfounded assumption that "the parties had foregone making redactions." Opp. at 3.

Furthermore, IPOC's explanation of how and from whom it obtained the unredacted KPMG FAS Hearing Transcript is wholly inadequate. Although IPOC claims that it received its copy "from an employee of KPMG-London," Opp. at 3, there is no explanation whatsoever as to how or why KPMG—which is supposed to be investigating IPOC on behalf of

- 3 -

the Government of Bermuda—gave the transcript to someone at IPOC. Defendants respectfully suggest that Court should require IPOC to identify now, prior to entry of a protective order, the following:

> (i) who at KPMG gave the unredacted KPMG FAS Hearing Transcript to IPOC;
>
> (ii) to whom at IPOC was the transcript given, and identify all those at IPOC or its affiliates and subsidiaries who currently possess a copy of it;
>
> (iii) the manner in which the transcript was provided, and whether any other under- seal pleadings from the KPMG FAS v. Diligence case were provided to IPOC by KPMG (or documents produced in discovery subject to the KPMG FAS Protective Order entered by this Court);
>
> (iv) whether IPOC has used the unredacted KPMG FAS Hearing Transcript for any other purpose since obtaining it last year; and
>
> (v) whether IPOC (or anyone on behalf of IPOC) has given it to any other third party.

Finally, Defendants wish to make clear that, as noted in their opening brief, Defendants are not attacking or impugning IPOC's counsel. See Mem. at 3, 5. Defendants have no doubt that IPOC's counsel would never knowingly violate an order of this Court.[2] Rather, the point is that because the long-running, global battle between foreign oligarchs (over Megafon stock) underlying this case promises to rage for years in foreign proceedings involving foreign parties over which this Court has no jurisdiction, the protective order in this case should limit the class of persons who may receive protected materials produced in discovery, and should also ensure that protected materials and information do not leave the United States (except with

---

[2] IPOC's Opposition repeatedly asserts that Defendants have taken the position that "[IPOC's] counsel cannot be trusted with documents produced in discovery in this case." Opp. at 1. This is false. As Defendants' stressed in their opening Memorandum, Defendants do not seek to restrict the ability of IPOC's counsel of record, Winston & Strawn—even its personnel located overseas—to access protected materials. See Mem. at 3, 5.

counsel from firms of record) so that the Court can maintain practical control over their dissemination.

## II. IPOC'S ATTEMPT TO MINIMIZE ITS VIOLATIONS OF THE ZURICH PROTECTIVE ORDER IS UTTERLY UNCONVINCING.

Even though the Zurich arbitration tribunal specifically found that "[IPOC] disregarded the Confidentiality Order [entered in that proceeding] by disclosing Protected Evidence to [KPMG FAS] without requesting leave to do so from the Arbitral Tribunal," Ex. 2 at ¶ 156, IPOC brushes off these findings as a "minor" component of "a very lengthy ruling." Opp. at 4. According to IPOC, its violation of the Confidential Order in the Zurich arbitration was merely a "misunderstanding" that occurred because "IPOC was under compulsion of law to turn over to [KPMG FAS] copies . . . [of the] pleadings and evidence from the Zurich arbitration." Opp. at 4. But the Zurich tribunal itself specifically noted that its Confidentiality Order prohibited disclosure of protected material "*even for the event that a statutory obligation to disclose documents from this arbitration exists.*" Ex. 2 at ¶ 156 (emphasis added).

Consequently, contrary to IPOC's suggestion, nothing in the Zurich tribunal's detailed findings regarding this breach by IPOC of its Confidentiality Order supports IPOC's characterization that it was a mere "misunderstanding" that "IPOC immediately sought to rectify by clearing the production with the panel." Opp. 4. To be sure, if any factual basis existed for IPOC's explanation to the Zurich tribunal of its failure to comply with the Confidentiality Order, the Zurich tribunal would have mentioned it in its detailed findings. Revealingly, the tribunal did not do so, but instead deemed IPOC's violations of the Confidentiality Order to be sufficiently important to warrant a detailed discussion in its findings of fact. See Ex. 2 at ¶ 156.

As with the KPMG FAS Hearing Transcript, IPOC's explanation for its admitted violations of the Confidentiality Order from the Zurich arbitration proceeding leaves Defendants

(and, more importantly, this Court) with very little information concerning IPOC's violations of that order. These events, of course, bear directly on the adequacy of the protective order to be entered in this case. IPOC accordingly should be required, prior to entry of a protective order, to disclose fully the facts and circumstances surrounding these incidents to allow the Court and parties to fashion an appropriate protective order in this case.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court require IPOC, prior to entry of a protective order in this case, to disclose fully the facts and circumstances surrounding: (i) the Zurich arbitration tribunal's recent findings that IPOC violated the Confidentiality Order entered in that proceeding; and (ii) IPOC's receipt and public filing in a foreign court of unredacted, under-seal transcript in the KPMG FAS v. Diligence case.

Defendants also respectfully request that the Court, in lieu of the form of protective order requested by IPOC, enter pursuant to Federal Rule of Civil Procedure 26(c)(7) the form of protective order attached as Exhibit 1 to Defendants' opening memorandum.

Respectfully submitted,


/s/ Edward B. MacMahon, Jr.
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
540-687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Attorney for Defendant Barbour Griffith & Rogers, LLC*

AEGIS LAW GROUP LLP

By:     /s/ Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
Michael K. Ross (D.C. Bar No. 458573)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500/ F: 202-737-3330
*Attorneys for Defendant Diligence Inc.*

Dated: January 4, 2007