UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DILIGENCE, LLC, et. al | ) ) |
| Defendants. | ) ) |

Civil Action No.
1:06CV01109 (PLF) (AK)

## PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION OF MINUTE ORDER, OR IN THE ALTERNATIVE, FOR ENLARGEMENT OF TIME

Plaintiff, IPOC International Growth fund Limited ("IPOC"), by counsel, hereby respectfully moves the Court for reconsideration of the Minute Order entered January 5, 2007, that, in part, struck as untimely Plaintiff's Reply to Defendant Diligence LLC's Opposition to Emergency Motion for Order Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Materials to IPOC (Document No. 76, filed under seal December 19, 2006). In the alternative, IPOC seeks an extension of time for the Reply Brief, based upon excusable neglect.

Pursuant to Local Rule 7(m), IPOC is authorized to state that Defendants do not oppose this motion.

### BACKGROUND

On November 22, 2006, IPOC filed an Emergency Motion Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Materials to IPOC (Document No. 60). Defendants Diligence, LLC ("Diligence") and Barbour, Griffith and Rogers, LLC ("BGR") filed an Opposition on December 6, 2006, and served the opposition on IPOC's counsel

via the Court's electronic filing system. Pursuant to Local Rule 7(d) and Fed. R. Civ. P. 6(e), IPOC's Reply Brief was due on December 18, 2006.

IPOC's counsel prepared the Reply Brief and determined that it needed to be filed under seal in light of quotations and references to material that is currently designated "attorneys' eyes only." Accordingly, on December 18, 2006, IPOC's counsel engaged a courier service to deliver the Reply Brief to the Court for filing that same day. At approximately 3:20 p.m., IPOC's counsel gave the Reply Brief to the courier service for immediate delivery to and filing with the Court. The delivery was entered into the courier's computer system a few minutes later, at 3:24 p.m. Although the distance from counsel's office to the courthouse is under two miles, counsel requested "double rush" delivery from the courier service to ensure that the filing would be timely made. "Double rush" service means delivery in fifteen minutes. In counsel's previous experience with using couriers and double-rush service for court filings, such timing should have been adequate to ensure filing before the Clerk's Office closed that afternoon.

The brief was in an envelope clearly addressed to the U.S. District Court, Clerk's Office, Room 1225, 333 Constitution Avenue, N.W., Washington, D.C. 20001. Unfortunately, the courier service delivered the filing to the wrong court. Rather than taking the Reply Brief to the District Court Clerk's Office, the courier took the brief to the U.S. Court of Appeals for the D.C. Circuit. In addition, despite the "double rush" service ordered, the courier had the brief file-stamped at 4:11 p.m.

Counsel for IPOC served the Reply Brief on Diligence and BGR via hand-delivery on December 18, 2006. Accordingly, Defendants each had a copy of the Reply Brief on the date it was due.

In light of the courier's errant filing of the Reply Brief, IPOC's counsel had the Reply Brief re-delivered to the District Court Clerk's Office first thing the next morning, on December 19, 2006, the date it is denoted as filed on the docket.

On December 18, 2006, the Court entered a memorandum order denying in part and deferring in part IPOC's Emergency Motion. That order noted, "the time for Plaintiff to reply to Defendants' [joint] Opposition has not yet expired." *See* Order (Document No. 75) at 1 n.1. Upon learning of the Order, IPOC's counsel called the Magistrate Judge's chambers on December 19, 2006 to alert the Court that the filing of IPOC's Reply Brief had gone awry due to errors by the courier, and that it had been re-filed. Counsel was informed that the Magistrate Judge's chambers were in the process of moving from one suite of offices to another, and that chambers had been engaged in the moving process on the afternoon of December 18. Accordingly, it appears that the Court would not have had the opportunity to review the Reply Brief on December 18. The foregoing facts are attested to in the attached Declaration of Anne W. Stukes.

## ARGUMENT

The Court has wide discretion in the control of its own docket. IPOC respectfully asks the Court to exercise its discretion and reconsider the Minute Order of January 5, 2007 that struck IPOC's Reply Brief (Document No. 76) as untimely. In addition, and in the alternative, IPOC requests that the Court grant an enlargement of time pursuant to Fed. R. Civ. P. 6(b), due to excusable neglect.

Rule 6(b) authorizes the court to grant an extension of time even after expiration of a deadline. The Rule states that the Court may "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable

neglect." The United States Supreme Court has considered this provision in the context of federal Bankruptcy Rule 9006(b)(1), which was modeled after Rule 6(b) of the Federal Rules of Civil Procedure. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993).

In *Pioneer Investment*, the Court noted that "'excusable neglect' may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv.*, 507 U.S. at 392. The determination of "what sorts of neglect will be considered 'excusable'" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Relevant factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

Examination of the relevant factors here all indicate that the Court would be within its discretion to allow IPOC's Reply Brief (Document No. 76) to remain filed, and not stricken for untimeliness. First, because Defendants were each served with a copy of the Reply Brief on December 18, 2006, the date that the brief was due and the date counsel endeavored to have it filed with the Clerk's office, there is no basis for finding any prejudice to the opposing parties.

Second, the length of the delay was minimal. Upon learning that the courier service had errantly filed the Reply Brief in the wrong court and eleven minutes late on December 18, 2006, IPOC's counsel had the brief re-filed the following morning, on December 19, 2006. The impact

of the delay on the proceedings is minimal, if existent at all. Given that the Magistrate Judge's chambers was in the process of moving and in all likelihood would not have looked at the brief had it been filed on December 18, and given further that opposing counsel were served with the brief on December 18, it is difficult to discern any impact from the fact that the brief was not technically filed with the Clerk's Office until the morning of December 19.

Third, the reasons for the delay were mistakes by the courier service, which mis-delivered the brief to the wrong court eleven minutes after the 4:00 p.m. cutoff for sealed filings. In an analogous context, courts have held that unexpected delivery delays in mail service constitutes excusable neglect, for instance where delivery by mail normally takes one day, but with respect to the filing in question the mail actually took two days to arrive. *See Freeman v. Dole*, 595 F. Supp. 710, 712, (D.D.C. 1984) (citing *Maryland Casualty Co. v. Conner*, 382 F.2d 13 (10th Cir.1967) (interpreting excusable neglect in the context of Federal Rule of Appellate Procedure 4(a)(5), and holding that an "unexpected delay in delivery of mail would constitute excusable neglect")); *see also Pryor v. Pryor*, 343 A.2d 321, 322 (D.C. 1975) (same). With respect to IPOC's Reply Brief, there was an unexpected delay in the courier service, which normally delivers pleadings within fifteen minutes when, as here, "double rush" service is selected, but with this brief, the courier service took over forty-five minutes. Furthermore, the courier mis-delivered the brief to the wrong court, despite the label on the envelope clearly identifying the District Court Clerk's Office, Room 1225, as the place for filing. These errors by the courier service were not within IPOC's control.

Fourth, IPOC acted in good faith with respect to filing the Reply Brief. This Court has granted enlargements of time after expiration of the deadline where the party's "failure to act was not the result of carelessness or inattention to the rules." *Simpson v. Socialist People's*

*Libyan Arab Jamahiriya*, 2001 WL 1701673, *3 (D.D.C. 2001) (granting enlargement of time to file responsive pleading). The same can be said of IPOC in this instance. This is not a situation in which IPOC ignored, forgot about, or disregarded a deadline. IPOC's counsel attempted in good faith to have the Reply Brief properly and timely filed on December 18, and unfortunately, the filing went awry in the hands of a normally reliable courier service. Opposing counsel were timely served, and Defendants have raised no objection to the timeliness of the filing of IPOC's Reply Brief.

## CONCLUSION

WHEREFORE, IPOC hereby requests that the Court, in its discretion, reconsider the Minute Order entered January 5, 2007, that, in part, struck as untimely Plaintiff's Reply to Defendant Diligence LLC's Opposition to Emergency Motion for Order Authorizing Disclosure of Information and Directing the Immediate Delivery of Subpoenaed Materials to IPOC (Document No. 76, filed under seal December 19, 2006), or in the alternative, grant IPOC an extension of time for the Reply Brief.

January 5, 2007

Of Counsel
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tele:  (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

Respectfully submitted,

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tele:  (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com
*Attorneys for IPOC International Growth Fund Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2007, I caused the foregoing Motion for Reconsideration of Minute Order, or in the Alternative, for Enlargement of Time, to be served electronically, via the Court's electronic filing system, on:

> Michael Ross
> Paul C. Rauser
> Oliver Garcia
> Aegis Law Group LLP
> 901 F. Street, N.W., Suite 500
> Washington, DC 20004
> *Counsel for Defendant Diligence LLC*
>
> and
>
> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, VA 20118
> *Counsel for Defendant Barbour Griffith & Rogers LLC*

              ___/s/_____
              Carol A. Joffe