UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>　　　　　　Plaintiff,<br>v.<br><br>DILIGENCE, LLC, et. al<br><br>　　　　　　Defendants. | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

## PLAINTIFF IPOC'S STATEMENT CONCERNING CROSS-MOTIONS FOR ENTRY OF PROTECTIVE ORDER

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby submits this statement as a follow-up to the motions hearing on January 11, 2007 concerning the parties' cross-motions for a protective order (Docket Nos. 57 and 69).

During the hearing, the parties were able to reach agreement concerning the wording of Paragraph 11 of IPOC's proposed protective order. The attached proposed protective order incorporates that agreement.

The Court suggested that the parties further confer to see if agreement could be reached on remaining disputed terms of the proposed protective orders. In light of the documents submitted as exhibits to IPOC's motion to lift the confidentiality designations (Docket No. 60)—portions of which were read into the record at the motions hearing—coupled with Defendants' failure to offer any Rule 26 "good cause" basis for maintaining those documents as confidential, let alone "attorneys eyes only"—IPOC has been unable to reach agreement with Defendants concerning the remaining disputed terms of a protective order. Defendants' refusal to agree that IPOC personnel be allowed access to documents that detail Defendants' illegal plots to "destroy"

IPOC and place its personnel under surveillance is a barrier to a stipulated resolution of the terms of a protective order.

In addition, at the conclusion of the motions hearing, the parties conferred regarding Defendants' insistence that all discovery material remain in the United States. Defendants insisted that IPOC's personnel—all of whom reside outside the United States—must fly to Washington, D.C. to review any discovery material. Such a demand is unprecedented (Defendants have certainly not cited any authority for such a provision). It is also impractical, unduly burdensome and expensive to insist that IPOC personnel make an intercontinental trip to review each new document production or response to written discovery. Defendants engaged in criminal and tortious conduct overseas against a foreign company. It would be contrary to justice to permit Defendants to refuse their foreign targets access to discovery merely because the Plaintiffs sued Defendants in the jurisdiction in which Defendants reside. Defendants argue that restricting discovery material to the United States protects the Court's jurisdiction. But such a drastic measure is unnecessary. Exhibit A to each party's proposed protective order is a signature page that stipulates that every person who accesses protected discovery material submits himself to the jurisdiction and contempt sanctions of this Court if the person fails to abide by the terms of the protective order.

In sum, further agreement between the parties concerning the terms of a protective order appears impossible. Because neither the parties nor non-party subpoena recipients will produce documents without a protective order in place, entry of a protective order is necessary for discovery to proceed in this case. IPOC therefore respectfully requests that the Court rule upon the cross-motions and enter a protective order as soon as possible.

January 16, 2007

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND LIMITED

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5858
Fax:   (312) 558-5700
kanderson@winston.com

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2007, I caused the foregoing Plaintiff IPOC's Statement Concerning Cross-Motions For Entry Of Protective Order, to be served electronically, via the Court's electronic filing system, on:

>Michael Ross
>Paul C. Rauser
>Oliver Garcia
>Aegis Law Group LLP
>901 F. Street, N.W., Suite 500
>Washington, DC 20004
>*Counsel for Defendant Diligence LLC*

>and

>Edward B. MacMahon, Jr.
>P.O. Box 903
>107 East Washington Street
>Middleburg, VA 20118
>*Counsel for Defendant Barbour Griffith & Rogers LLC*

___/s/_____
Carol A. Joffe

3