IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>)<br>_Plaintiff,_ )<br>)<br>v. )<br>)<br>DILIGENCE LLC, et al. )<br>)<br>_Defendants._ )<br>) | Civil Action No. 06-1109 (PLF)(AK) |

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S STATEMENT
CONCERNING CROSS-MOTIONS FOR ENTRY OF PROTECTIVE ORDER**

Just two business days after the January 11, 2007 hearing before this Court, IPOC filed its so-called "Statement Concerning Cross-Motions for Entry of a Protective Order." This puzzling "Statement" appears to be little more than an attempt to re-argue the merits of motions that have been fully briefed, orally argued last Thursday, and submitted for consideration per the Court's minute entry last Friday. The defendants believe that these issues have been exhaustively briefed and argued, and will resist the temptation (as IPOC could not) to rehash the arguments yet again.

IPOC's "Statement" is not only repetitive, it is also premature, for by demanding that the Court resolve all open issues concerning the proposed Protective Order just two business days after the hearing in this case, IPOC has brushed off the Court's directive that the parties attempt to reach agreement in several of the disputed areas. Indeed, on at least one outstanding issue, IPOC did not even wait to learn defendants' proposed compromise language before filing its Statement and declaring an impasse. Defendants respectfully suggest that notwithstanding IPOC's

Statement (which seeks, like IPOC's litany of sur-replies in this case, always to "get in the last word" for tactical advantage) the parties should continue to seek to resolve at least some of the outstanding disputes without the need to burden the Court further.

The first outstanding issue on which defendants believe a resolution may be possible is the text of Paragraph 14 of IPOC's draft protective order. As counsel for Diligence noted during last Thursday's hearing, Diligence has developed proposed compromise language regarding Paragraph 14 that might enable the parties to reach agreement and avoid the need for judicial resolution of the dispute. On the evening of the hearing, IPOC's counsel requested that Diligence supply the proposed language. See Exhibit A. IPOC did not, however, wait for a response from the defendants before filing the Statement which declared that "further agreement between the parties appears impossible." Statement at 2. The defendants have conferred and agreed on Diligence's proposal and forwarded their proposed language to IPOC counsel. IPOC has yet to respond, but defendants remain hopeful that agreement may be reached on defendants' proposed compromise or some variation thereof.

Second, defendants believe that some resolution may yet be reached concerning the offer made during oral argument by defendant BGR's counsel and endorsed by this Court: namely, that IPOC's counsel prepare and send to defendants' counsel a draft letter advising specified IPOC personnel of whatever concerns arise out of Winston & Strawn's review of the discovery to date, whereupon defendants' counsel would consider the proposed disclosure in light of their confidentiality concerns. While preparing to leave the courtroom last Thursday, counsel for defendants reiterated this offer to IPOC. Mr. Dobie, on behalf of IPOC, indicated that Winston & Strawn would prepare such a draft and send it to Defendants' counsel for review. Regrettably, no such draft has been forthcoming from IPOC's counsel, and defendants now understand that no

such draft will be forthcoming. Should IPOC's counsel furnish such a draft, as IPOC indicated in Court it would do – or if it should propose another compromise resolution – defendants remain confident that this issue can be resolved to the satisfaction of all parties. This would avoid the need to burden the Court with judicially resolving IPOC's continuing insistence that it must be allowed to ship to its representatives, regardless of their location throughout the globe,[1] materials marked "Confidential" under the protective order so that they may be warned of an alleged plot to "destroy" IPOC. For the reasons stated in Defendants' prior briefing, no party should be allowed to ship protected discovery material in this case overseas (except to counsel) and thus outside of this Court's jurisdiction. The defendants remain open to a stipulated resolution of this open issue.

---

[1]    IPOC's Statement suggests that "[d]efendants insisted that IPOC's personnel – all of whom reside outside the United States – must fly to Washington, D.C. to review any discovery material." Id. at 2. That is inaccurate in at least two respects. *First,* defendants did not make such a demand, but simply addressed IPOC counsel's question whether defendants' counsel would object to IPOC representatives reviewing protective-order discovery at Winston & Strawn's overseas offices. Defendants expressed the continued preference to have documents remain in the U.S. except for limited distribution to Winston & Strawn attorneys abroad – as defendants see matters, IPOC has chosen to litigate here, and must accept any constraints imposed by the Court to preserve its jurisdiction over protective-order materials, including geographic constraints. *Second,* although IPOC's Statement suggests otherwise, defendants have never proposed that this geographic restriction should apply to "any discovery material," Statement at 2, just "confidential" and "attorney's eyes only" discovery.

Respectfully submitted,


_____/s/ Edward B. MacMahon, Jr._____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
T: 540-687-3902/F: 540-687-6366
ebmjr@verizon.net
*Attorney for Defendant Barbour Griffith & Rogers, LLC*

AEGIS LAW GROUP LLP


By:     _____/s/ Paul C. Rauser_____
Paul C. Rauser (D.C. Bar No. 461722)
Oliver Garcia (D.C. Bar No. 456600)
Michael K. Ross (D.C. Bar No. 458573)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500/ F: 202-737-3330
prauser@aegislawgroup.com
*Attorneys for Defendant Diligence Inc.*

Dated: January 18, 2007

# Exhibit A

**From:** Stukes, Anne <AStukes@winston.com>
**To:** Paul Rauser <prauser@aegislawgroup.com>, M Ross <mross@aegislawgroup.com>
**Cc:** ebmjr@verizon.net, Joffe, Carol <CJoffe@winston.com>, Broas, Timothy <TBroas@winston.com>, Dobie, W. Gordon <WDobie@winston.com>
**Subject:** IPOC/Diligence - Diligence's proposal re ¶ 14 of protective order?
**Date:** Thu, 11 Jan 2007 17:59:07 -0500

Paul & Mike:

During the court hearing today, Paul mentioned that Diligence has a suggestion regarding paragraph 14 of IPOC's proposed protective order that might enable the parties to reach agreement. Please let us know Diligence's proposal at your first opportunity.

Many thanks,

Anne W. Stukes
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5856
(202) 282-5100 (Fax)
astukes@winston.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
**************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.