UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br>   Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) )    Civil Action No. <br>   1:06CV01109 (PLF) (AK) |

**PLAINTIFF IPOC'S REPLY TO DEFENDANTS' JOINT STATEMENT CONCERNING CROSS-MOTIONS FOR ENTRY OF PROTECTIVE ORDER**

# ATTACHMENT

**From:** Joffe, Carol
**Sent:** Friday, January 19, 2007 2:14 PM
**To:**     'P Rauser'
**Cc:**     Edward Mac Mahon; Mike Ross; Broas, Timothy; Stukes, Anne; Dobie, W. Gordon
**Subject:** RE: IPOC v Diligence et. al.

Paul,

We do not agree. Rule 26 does not apply to material obtained outside of discovery. To add this language would require the Court in this case to adjudicate the ways in which material might have been obtained outside of discovery, which will only further impede resolution of this case.

Carol A. Joffe
Winston & Strawn LLP
1700 K Street, NW
Washington, D.C. 20006


**From:** P Rauser [mailto:prauser@aegislawgroup.com]
**Sent:** Wednesday, January 17, 2007 6:19 PM
**To:** Joffe, Carol
**Cc:** Edward Mac Mahon; Mike Ross; Broas, Timothy; Stukes, Anne; Dobie, W. Gordon
**Subject:** RE: IPOC v Diligence et. al.

Dear counsel,

Defendants' counsel have conferred regarding paragraph 14 of the Protective Order as proposed by IPOC. Paragraph 14 presently reads as follows:

14. No information shall be designated as "Confidential" or "Attorneys' Eyes Only" that:

a. Has been or becomes lawfully in the possession of a Receiving Party through communications other than production or disclosure in this action; or

b. Has been or becomes part of the public domain, for instance by publication, which is not due to any unauthorized act or omission on the part of a Receiving Party or any of its authorized representatives or designees under this Protective Order.

**Defendants propose the following compromise language:**

14. No information shall be designated as "Confidential" or "Attorneys' Eyes Only" that

a. Has been or becomes lawfully in the possession of a Receiving Party through communications other than production or disclosure in this action, <u>provided that such information has not been revealed due to any illegal or unauthorized act or omission by any person;</u>

1

b. Has been or becomes part of the public domain, for instance by publication, which is not due to any unauthorized act or omission on the part of a Receiving Party or any of its authorized representatives or designees under this Protective Order.

Please let us know whether this is acceptable to plaintiff.

Best regards,
Paul Rauser


**From:** Joffe, Carol
**Sent:** Wednesday, January 17, 2007 5:29 PM
**To:**  'P Rauser'
**Cc:**  Edward Mac Mahon; Mike Ross; Broas, Timothy; Stukes, Anne; Dobie, W. Gordon
**Subject:** RE: IPOC v Diligence et. al.

Counsel:
We agree that there has been a misunderstanding. First, we did not agree and do not plan to share with opposing counsel a letter to IPOC personnel outlining our concerns based on the HHR documents. I am sorry if there was confusion on that score but when we spoke immediately after the hearing we did not understand Mr. MacMahon to be proposing that Winston & Strawn provide opposing counsel a communication intended for our client. Of course, we would not be willing to share an attorney-client privileged communication with counsel for the defendants.
Regarding Mr. Rauser's reiteration at the close of the hearing that Diligence prefers discovery in this case not to leave the U.S., we believe that we have not mischaracterized that position to the court. We merely told the court that it remains an unresolved dispute among the parties.
Regarding Diligence's proposal concerning paragraph 14 of the protective order, Mr. Rauser advised the court at the hearing last Thursday that he had a proposal that he believed would resolve the parties' differences. Nevertheless, despite inquiry and although nearly a week has elapsed since the hearing, Mr. Rauser has not yet provided his proposal for our consideration. IPOC would like very much to work out any remaining disputes concerning the language of the protective order, but, as we informed the Court yesterday, we believe that this dispute has gone on too long and the lack of a Protective Order is impeding the parties from responding to legitimate discovery. If we are able to resolve the language of paragraph 14, IPOC will be happy to so inform the Court. Indeed, such an agreement could be memorialized by stipulation even after the Court enters a protective order.
Carol A. Joffe
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5996
(202) 282-5100 (Fax)
cjoffe@winston.com

2

**From:** P Rauser [mailto:prauser@aegislawgroup.com]
**Sent:** Tuesday, January 16, 2007 4:31 PM
**To:** Joffe, Carol
**Cc:** Edward Mac Mahon; Mike Ross; Broas, Timothy; Stukes, Anne; Dobie, W. Gordon
**Subject:** RE: IPOC v Diligence et. al.


Dear counsel,

A few points. First, having received Ed and Carol's notes, I believe that there is a bit of confusion. As I understand it, we are discussing two separate issues. The issue Ed raised before the Court and in our colloquy afterward -- a possible letter from Winston & Strawn to specific, identified IPOC personnel notifying them of Winston's concerns based on the discovery to date -- is a different one from my question to Mr. Dobie whether IPOC personnel would be able to review documents in the U.S.

The latter issue simply addressed our preference that protective-order discovery not leave the U.S., and Mr. Dobie's subsequent question whether we would object to IPOC's representatives reviewing protective-order discovery at Winston's overseas offices. I expressed the continued preference to have the documents remain in the U.S. except for limited distribution to Winston & Strawn attorneys abroad -- as we see matters, IPOC has chosen to litigate here, and must accept any constraints imposed by the Court to preserve its jurisdiction over protective-order materials, including geographic constraints.

The issue of a letter is distinct. As I understand Ed's proposal to the Court, provided that Winston & Strawn provide a list of the recipients, Ed had no objection to Winston sending a letter to specific IPOC personnel advising them of concerns arising out of Winston's review of the discovery to date. At the conclusion of our conversation, I told Mr. Dobie to "draft something and we'll consider it." Mr. Dobie said yes, and we parted company. Thus, on the issue of a letter we were (and are) expecting a document from IPOC's counsel following up on Ed's proposal to the Court.

Finally, as I mentioned in Court during our hearing, Diligence has a suggestion regarding paragraph 14 of IPOC's proposed protective order that might enable the parties to reach agreement and avoid burdening the Court with a dispute over this provision. I expect to call Ed this afternoon with proposed language to resolve the dispute over this paragraph ("No information shall be designated 'confidential...'"). Per Anne's request, and in the event that Ed agrees with the Diligence proposal, we will transmit the proposed compromise language to Winston & Strawn later today or (at the latest) tomorrow morning.

I continue to believe that we may reach resolution of at least some of these issues without the need to burden the Court further, and we remain ready to do what we can to that end.

Best,
Paul Rauser

3

**From:** Joffe, Carol
**Sent:** Tuesday, January 16, 2007 3:29 PM
**To:**     Edward Mac Mahon
**Cc:**     Mike Ross; Paul Rauser; Broas, Timothy; Stukes, Anne; Dobie, W. Gordon
**Subject:** RE: IPOC v Diligence et. al.

Ed:
We have not misled the Court. The insistence that our clients come to the US to view the documents was made right in the courtroom after the hearing. Since we do not agree to that unprecedented requirement there is no reason to provide a list of representatives who will view the documents. Moreover, your request for such a list places the cart before the horse since neither Diligence nor BGR have provided a basis for access to the documents to be restricted as you demand.
Carol A. Joffe
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006
(202) 282-5996
(202) 282-5100 (Fax)
cjoffe@winston.com


**From:** Edward Mac Mahon [mailto:ebmjr@verizon.net]
**Sent:** Tuesday, January 16, 2007 2:40 PM
**To:** Joffe, Carol; Broas, Timothy; Stukes, Anne
**Cc:** Mike Ross; Paul Rauser
**Subject:** IPOC v Diligence et. al.


Carol - I am quite puzzled by the filing I just received from your office regarding the terms of a protective order. While I am not surprised that you took an opportunity to continue to argue your case, you have misled the court. There was no discussion outside the presence of the Court about anyone from IPOC having to come to the USA to review documents. More importantly, you have failed to even respond to the offer I made to notify your clients by letter as to the issues that concern you. That fact is omitted from your pleading. Finally, you have refused - at every opportunity - to identify a single person who may receive this information. You have not sent to me a draft letter as we discussed and as Judge Kaye directed the parties to do. I look forward to such a letter but in the interim I will file a response that details these omissions.
Ed

4