UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DILIGENCE, LLC, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 06-1109 (PLF/AK) |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Protective Order [57] ("IPOC MPO"), Defendants' Joint Motion for Entry of Protective Order and opposition to the IPOC MPO [69] ("Defendants' MPO"), Plaintiff's opposition to the Defendants' MPO [77], and Defendants' reply to Plaintiff's opposition to Defendants' MPO [80]. The Court held a hearing on IPOC's MPO and Defendants' MPO on January 11, 2007. At the hearing, the Parties [Plaintiff and Defendants] indicated that they agree upon the majority of the provisions to be incorporated into a Protective Order but are unable to resolve several paragraphs contained in the proposed protective orders submitted to the Court by IPOC and the Defendants, respectively. This Memorandum Order will thus be confined to a discussion of those provisions on which there is no agreement.[1]

---

[1] On January 16, 2007, Plaintiff filed a document entitled "Statement Concerning Cross-Motions for Entry of Protective Order" [84]. While this "Statement" purports to "follow-up" on the motions hearing, the Statement provides no new information to the Court but instead reiterates the information which was presented by IPOC in its MPO, its opposition to Defendants' MPO, and during oral argument. IPOC is directed to refrain from filing such extraneous and unwarranted materials with this Court.

Paragraph 11 of IPOC's Proposed Protective Order

During the hearing, the Parties agreed on a modification to this Paragraph as follows:

The designation of information as "Confidential" or "Attorneys' Eyes Only" by any party to this case or by KPMG Financial Advisory Services (or its counsel at the law firm of Hughes, Hubbard & Reed LLP) constitutes a representation by the Supplying Party that the discovery material has been reviewed by an attorney and that there is a valid basis for such designation pursuant to Federal Rule of Civil Procedure 26(c).

Paragraph 14 of IPOC's Proposed Protective Order

Paragraphs 14(a) and (b) of IPOC's MPO respectively negate any "Confidential" or "Attorneys' Eyes Only" designation for information that "[h]as been or becomes lawfully in the possession of a Receiving Party through communications other than production or disclosure in this action" and "[h]as been or becomes part of the public domain, for instance by publication, which is not due to any unauthorized act or omission on the part of a Receiving Party or any of its authorized representatives or designees under this Protective Order." Defendants contend that subsection (b) is unnecessary because information that is in the "public domain" is not material that is subject to protection. That contention seems self-evident and accordingly, subsection (b) need not be incorporated into the Protective Order.

Defendants contest inclusion of subsection (a) on grounds that it leaves unprotected documents that may have been "innocently" transferred to a Receiving Party but which may have been "improperly or even illegally obtained by someone else" prior to that transfer. (Defendants' MPO at 11.)[2] Defendants argue that they should be able to designate as confidential "their own business materials (improperly disclosed or stolen from them) that land in the possession of

---

[2]Defendants note that "[a]mong the materials sought [pursuant to the HHR subpoena] are documents which, if they are authentic, were indisputably *stolen from Diligence* and delivered anonymously in a bundle to KPMG's offices." (Defendants' MPO at 11.)

another party without the need to prove that the party which ultimately came to possess those materials had a hand in their original, improper disclosure." (Defendants' MPO at 11-12.)[3]  The Court finds that subsection (a) should not be incorporated in the Protective Order, either in the form proposed by IPOC or in a more restrictive form suggested by Defendants.  While IPOC may treat documents received "through communications other than production or disclosure in this action" as non-confidential, this does not preclude Defendants from moving for a protective order to prevent dissemination of that information if they believe that such information was improperly disclosed or stolen from them (at some time during the chain of custody).

Paragraph 17 and 18 of IPOC's Proposed Protective Order
Paragraphs 15 and 16 of Defendants' Proposed Protective Order

The Parties agree on the procedure for designation of material as "Confidential" or "Attorneys' Eyes Only;" they agree on the method for objecting to such designation and they agree that, with materials produced by parties, "[i]f the parties are unable to resolve such dispute, the objecting party may file a motion with the Court not later than (5) court days after such conference challenging the propriety of the designation in dispute."  The parties disagree however regarding which party is responsible for filing a motion to challenge materials that are produced by a non-party but designated as confidential by a party.

IPOC proposes that "the party who seeks to designate non-party materials may file a motion with the Court . . . ."  IPOC asserts that "[t]his balanced approach is designed to serve as a check against overdesignation, . . . ."  (IPOC MPO at 5.)  In contrast, Defendants propose that the

---

[3] In the proposed protective orders, both parties use the terms "Confidential" and "Attorneys' Eyes Only" to denote certain levels of protection that apply to documents relating to this case.  In this Memorandum Order, the Court uses the term "confidential" generically to refer to documents in either of these categories, as applicable.

procedure for challenging party and non-party materials be consistent; i.e., the party challenging the designation makes a motion to the Court.

Neither party provides any legal justification for its proposed procedure in challenging non-party materials and neither disputes that in either case, the party seeking to maintain the materials as confidential ultimately bears the burden of proof as to such designation. For purposes of consistency, the Court finds that in the parties should utilize the same procedures with both party materials and non-party materials, and in both cases, the party challenging the designation shall make a motion with the Court.

<u>Paragraphs 20(f),(g), and (h) and 21(e),(f) and (g) and Paragraph 22 of IPOC's Proposed Protective Order/ Paragraphs 18-20 of Defendants' Proposed Protective Order</u>

The parties disagree regarding the group of persons who may have access to documents designated as "Confidential" or "Attorneys' Eyes Only" with Plaintiff proposing that this group include "[r]etained independent consultants or experts for a Party . . ." [Paragraphs 20(f), 21(e)]; "[r]etained vendors, jury consultants, and mock jurors, . . ." [20(g), 21(f)] as well as "[o]utside discovery material processing services, . . .."[20(h), 21(g)].[4] There is no dispute that the list of persons who may have access to documents that are designated as "Confidential" or "Attorneys' Eyes Only" should include the Court and necessary personnel, the attorneys for each party and persons reasonably employed by such counsel, and court reporters. The parties also agree that the named parties and their officers and directors should have access to "Confidential" information. The parties further agree that, subject to compliance with the terms of the paragraph requiring execution of a Confidentiality Acknowledgment, deponents and trial witnesses may

---

[4]Defendants do not dispute that "outside copying vendors employed by [ ] attorneys" may access these materials, so this provision does not appear to be contested.

have access to "Confidential"documents and to "Attorneys' Eyes Only" documents authored by them.

IPOC wants authority to disseminate "Confidential" and "Attorneys' Eyes Only" information to additional persons including "[r]etained independent consultants or experts for a Party . . ." and "[r]etained vendors, jury consultants and mock jurors, . . ."  The Court finds that persons who are retained for purposes of expert consultation or expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) should be allowed access to such documents, as necessary to aid in the preparation of their reports and testimony.  The Court is unable to determine the persons who might constitute "retained independent consultants" or "retained vendors"or the reasons why a jury consultant would need access to confidential documentation.  Accordingly, retained non-expert independent consultants and retained vendors are denied access to "Confidential" and "Attorneys' Eyes Only" documents, with the proviso that IPOC may renew its request for access by retained independent consultants and retained vendors if it can demonstrate why a specific consultant (other than an expert) or a vendor needs access to the documents.  Mock Jurors may also be allowed access to confidential documentation, on an as-needed basis.

Paragraph 22 [IPOC] corresponds to Paragraph 20 [Defendants] and both paragraphs refer to the persons who must execute a Confidentiality Acknowledgment.  The Court finds that IPOC's Paragraph 22 is overly inclusive because it seems to require that everyone, including Court personnel and copying services' personnel must sign the Confidentiality Acknowledgment. Defendants' Paragraph 20 should instead be adopted, with the proviso that if a specific concern about breach of confidentiality subsequently arises, IPOC may move this Court for additional inclusion of specific persons under the terms of [Defendants'] Paragraph 20.

Paragraph 30 of Defendants' Proposed Protective Order

In Paragraph 30 of their Proposed Protective Order, Defendants propose that all "materials and information designated as 'Confidential' or 'Attorneys' Eyes Only' (and all copies thereof) must remain in the United States, except that counsel outside the United States who belong to firms of record . . . [would be allowed access to such] Confidential and Attorneys' Eyes Only material . . . ."  The theory behind restricting dissemination of the material is that persons in the United States (and affiliated with counsel located here) would be subject to judicial disciplinary action for violating the confidentiality of such documents, whereas other persons might not be. IPOC contends that this provision would hinder its prosecution of this case because many of the persons associated with IPOC reside overseas, and IPOC will "need to be able to disclose discovery material to IPOC and its representatives outside the United States. . . ."[5]

With respect to granting access to persons residing outside the continental United States, the parties should establish a procedure whereby they will meet and confer regarding specific individuals who reside elsewhere, who request access to the confidential documents.  If the parties are unable to agree on the access issue, within five days after the parties have met and conferred, the objecting party should seek a protective order to prevent such access.

It is accordingly this 23rd day of January, 2007,

ORDERED that Plaintiff's Motion for Protective Order [57] is granted in part and denied in part, and it is further

ORDERED that Defendants' Joint Motion for Entry of Protective Order [69] is granted in

---

[5] IPOC notes that Defendant BGR indicated in its July 25, 2006 motion for protective order staying discovery that the "parties will probably need to depose and obtain documents from non-parties in Bermuda, Russia, and other countries."

part and denied in part.  The parties should meet and confer to finalize and execute a Protective Order within five business days of the date of this Memorandum Order.   The disputed provisions of the proposed protective orders are resolved as follows: 1) Paragraph 11 has been modified and agreed upon by the parties; 2) Paragraph 14 [IPOC] will not be included in the Protective Order; 3) Paragraphs 17 and 18 [IPOC] and 15 and 16 [Defendants] are reconciled by providing that the party challenging the confidential designation of non-party materials will make a motion to the Court; 4) Paragraphs 20(f),(g), and (h) and 21(e), (f), and (g) [IPOC] and Paragraphs 18-19 [Defendants] are reconciled by allowing consulting and testifying experts, as well as mock jurors to have access to confidential documents, as needed, while jury consultants, retained non-expert independent consultants and retained vendors will not have access to confidential documents, unless there is a good cause demonstration that a specific consultant or vendor requires such access; 5) Defendants' Paragraph 20 will be incorporated in place of IPOC's Paragraph 22; and 6) Defendants' Paragraph 30 will be modified to provide for the parties to meet and confer regarding specific individuals, not residing in the continental United States, who request access to confidential documentation, with the effect that if a party objects to granting such access, that party shall move the Court for a protective order.

```
              _____/s/_____
              ALAN KAY
              UNITED STATES MAGISTRATE JUDGE
```