IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1109 (PLF)(AK) |
| DILIGENCE LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**FILED**
FEB 0 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**PROTECTIVE ORDER GOVERNING CONFIDENTIALITY AND INADVERTENT DISCLOSURE OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Protective Order governing confidentiality and inadvertent disclosure of documents.

I.  **Scope of Order**

1.  The Court finds that disclosure and discovery activities in these proceedings are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

2.  This Order shall govern the remaining proceedings in this matter and all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned thereto.

3.  This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during or in connection with this proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed

in a document, deposition, other testimony, discovery response or otherwise, by any party to this proceeding to any other party or parties.

4.  This Protective Order is binding upon all current and future parties to this proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers and employees and others as set forth in this Order. This Order also is binding on any party who obtains any documents or other Confidential Information produced or disclosed pursuant to this Protective Order, including those parties' respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, experts, consultants, representatives, officers and employees and others as set forth in this Protective Order.

5.  The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

6.  Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

7.  Nothing herein shall impose any restriction on the use or disclosure by a Supplying Party of its own documents, information, or discovery material.

II.  **Designation of "Confidential" and "Attorneys' Eyes Only" Information**

8.  Any party to this litigation, or any non-party responding to a subpoena issued in this action who agrees in writing to be bound by this Protective Order ("Supplying Party") may supply to one or more other parties to this litigation (each, a "Receiving Party") documents, records, and information containing, referencing, discussing or otherwise including "Confidential" or "Attorneys' Eyes Only" information, as defined in Paragraphs 10 and 11 herein. For purposes of this Protective Order, the information subject to designation as "Confidential" or

"Attorneys' Eyes Only" may include oral or written testimony; declarations; records; documents; pleadings; information contained within testimony; records, documents, and pleadings; and other information and materials, which have been or will be filed with the Court or produced to a party during the course of this litigation. The information subject to designation as "Confidential" or "Attorneys' Eyes Only" may also include testimony, records, pleadings and other materials filed with the Court or produced by non-parties to this litigation as part of formal discovery in this action.

9. When used in this Protective Order, the term "Document(s)" shall include, without limitation, all "originals" and "duplicates" of all "writings," "recordings," and "photographs," as those terms are defined in Section 1001 of the Federal Rules of Evidence, and shall include without limitation all written, typed, photostatic, photographed, recorded, telecopied, photocopied, or graphic materials of any kind, whether comprised of letters, words, numbers, pictures, sounds, symbols, electronic data/recording, computer data/files/code, or any combination thereof. Without limiting the foregoing, the term "Document(s)" includes all writings, papers, agreements, contracts, correspondence, letters, facsimile transmissions, memoranda, reports, notes, telegrams, telex, envelopes, statements, studies, publications, records, messages, books, pamphlets, leaflets, inter-office and intra-office communications, notebooks, instruments, transcripts, minutes, agendas, indexes, cards, diaries, drafts, revisions, photocopies, calendars, appointment records, disclosures, questionnaires, histories, chronologies, time-lines, medical records and reports, health care records and reports, mental health records and reports, notices, investigation reports and materials, declarations, accountings, evaluations, summaries, valuations, audits, verifications, inventories, appraisals, studies, endorsement, powers of attorney, account statements, receipts, invoices, financial statements, balance sheets,

ledgers, books, income statements, expense reports, bills, billing records, checks, canceled checks, check stubs, bank records, bank deposits and withdrawals, wire transfer and receipt records, accounts receivable, accounts payable, tax records, safe deposit records, telephone bills and records, microfilm, electronic mail, microfiches, computer indices, computer printouts, records stored by means of computer or other electronic means, contents of computer hard discs, contents of computer backup tapes and discs, photographs, videotapes, films, motion pictures, video discs, audio recordings and cassettes, transcriptions, drawings, surveys, plans, blueprints, specifications, charts, graphics, notes or oral or telephone communications, other written transfers or information, and other data compilations. The term "other data compilations" includes information stored in, or accessible through, computer or other information retrieval systems, whether or not in hard copy form, together with instructions and all other materials necessary to use or interpret such data compilations.

10. As part of discovery in this litigation, any Supplying Party may designate information as "Confidential" or "Attorneys' Eyes Only" under the terms of this Protective Order. Unless and until otherwise ordered by the Court, or agreed to in writing by and between all parties to this case, all material designated as "Confidential" or "Attorneys' Eyes Only" will be treated as such and will not be disclosed except in strict accordance with the terms of this Protective Order.

11. The designation of information as "Confidential" or "Attorneys' Eyes Only" by any party to this case or by KPMG Financial Advisory Services (or its counsel at the law firm of Hughes, Hubbard & Reed LLP) constitutes a representation by the Supplying Party that the discovery material has been reviewed by an attorney and that there is a valid basis for such designation pursuant to Federal Rule of Civil Procedure 26(c).

12. The designation "Confidential" shall apply only to those Documents which contain non-public, confidential, proprietary or commercially sensitive information, or information of an intimate, personal nature, and the Supplying Party reasonably believes, in good faith, that such Document should not be disclosed to any person other than the persons specified in Paragraphs 20 and 21 herein. Absent a specific order of the Court, once designated "Confidential," such information will be used by the parties solely in connection with this lawsuit and not for any business, competitive, or other function, and such information shall not be disclosed to anyone except as provided herein.

13. The designation "Attorneys' Eyes Only" shall only apply to documents or things which contain trade secrets or methods, client lists, or internal proprietary business information that might reasonably be of value to a Supplying Party's competitor, or information that the Supplying Party reasonably believes must be kept confidential under law. Absent a specific order by the Court, once designated "Attorneys' Eyes Only," such information will be used by the parties solely in connection with this lawsuit and not for any business, competitive, or other function, and such information shall not be disclosed to anyone except as provided herein.

14. A Supplying Party may designate documents, materials, or things as "Confidential" or "Attorneys' Eyes Only" by affixing the Document, material, or thing with a stamp bearing the words "CONFIDENTIAL - Subject to Protective Order" or "ATTORNEYS' EYES ONLY - Subject to Protective Order," as the case may be, in a location that makes the designation readily apparent.

15. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, Internet sites, discs, networks or tapes) ("Computerized

Material") is produced by any party in such form, the Supplying Party may designate such matters as confidential by cover letter referring generally to such matter. Whenever any party to whom Computerized Material designated as confidential is produced reduces such material to hardcopy form, that party shall mark the hardcopy form with the "CONFIDENTIAL - Subject to Protective Order" or "ATTORNEYS' EYES ONLY - Subject to Protective Order" designation.

16. A Supplying Party may designate as "Confidential" or "Attorneys' Eyes Only" any information or data that has not been reduced to documentary form by informing counsel for the opposing party that it is to be designated "Confidential" or "Attorneys' Eyes Only." Except as provided below, the designation "Confidential" or "Attorneys' Eyes Only" will be made at or prior to the time of producing the information or Documents (or, in the case of deposition transcripts, within thirty (30) business days of receiving the deposition transcript). A party may designate as "Confidential" or "Attorneys' Eyes Only" Documents or discovery materials produced by a non-party by providing written notice to the parties of the relevant document Bates numbers or other identifying features within ten (10) business days after receiving such Documents or discovery materials. The time for designating Documents will not begin to run against a party until such party receives any non-party Documents.

17. If any party objects to another party's designation of material as "Confidential" or "Attorneys' Eyes Only," such party may, in writing, request that the designating party remove the designation (the "Written Objection"). The Written Objection shall specifically identify the information or Documents at issue. The designating party, through its counsel, shall respond in writing within five (5) court days of receipt of the Written Objection, or within such period of time as may be agreed between the parties. If the designating party refuses to remove its challenged designation, its written response to the Written Objection shall state the reasons for

this refusal. Within five (5) court days of the receipt of the designating party's written response to the Written Objection, the parties shall meet and confer in an attempt to resolve the dispute concerning the designation. If the parties are unable to resolve such dispute, the objecting party may file a motion with the Court not later than five (5) court days after such conference challenging the propriety of the designation in dispute.

18. Subject to the provisions of this Protective Order, Documents designated "Confidential" and "Attorneys' Eyes Only" may be referred to in discovery, discovery responses, motions, briefs or other papers filed with the Court and may be used in depositions, oral arguments or at trial in this action either as exhibits or as the basis for questions. Any party that intends to file with the Court or in any publicly available pleading papers containing documents or information designated "Confidential" and/or "Attorneys' Eyes Only" or derived from, or derivative of, documents or information designated as such, must submit an original for placement in the Court's publicly-available case file which redacts all "Attorneys' Eyes Only" and "Confidential" information or material, and also must provide the chambers of the Judge and/or Magistrate Judge assigned to this matter with both redacted and unredacted versions of such filing.

19. Any and all material designated as "Confidential" under this Protective Order will not be disclosed, directly or indirectly, to any person other than:

    (a)    the Court and necessary Court personnel;

    (b)    the named parties in this action, and their officers and directors;

    (c)    the attorneys for each party to this action (Winston & Strawn LLP for Plaintiff, The Aegis Law Group for Defendant Diligence, LLC, and Edward B. MacMahon, Jr., Esq. for Defendant Barbour Griffith and Rogers), and, as reasonably necessary, the employees of such attorneys;

    (d)    court reporters performing necessary duties in this action;

(e) subject to prior compliance with the terms of Paragraph 21 below, any witness designated to provide deposition and/or trial testimony in this matter.

(f) Persons who are retained for purposes of expert consultation or expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require Access to such materials), who are not current directors, officers, employees, or managing agents of any party to this action, any company related to a party to this action, or any direct competitor of any party to this action;

(g) Outside copying vendors employed by the attorneys for the parties to this action;

(h) Mock jurors who are not current directors, officers, employees, or managing agents of any party to this transaction, any company related to a party to this action, or any direct competitor of any party to this action; and

(i) Any other person or entity whom the Parties agree in writing may receive discovery material designated as "Confidential."

20. Any and all material designated as "Attorneys' Eyes Only" pursuant to this Protective Order will not be disclosed, directly or indirectly, to any person other than:

(a) the Court and necessary Court personnel;

(b) outside counsel for each party to this action (Winston & Strawn LLP for Plaintiff, The Aegis Law Group for Defendant Diligence, LLC, and Edward B. MacMahon, Jr., Esq. for Defendant Barbour Griffith and Rogers), and, as reasonably necessary, the employees of such attorneys;

(c) court reporters performing necessary duties in this action;

(d) subject to prior compliance with Paragraph 21 below, the author of a Document for purposes of giving or preparing for deposition or trial testimony in this matter.

(e) Persons who are retained for purposes of expert consultation or expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require Access to such materials), who are not current directors, officers, employees, or managing agents of any party to this action, any company related to a party to this action, or any direct competitor of any party to this action;

(f) Outside copying vendors employed by the attorneys for the parties to this action;

(g) Mock jurors who are not current directors, officers, employees, or managing agents of any party to this transaction, any company related to a party to this action, or any direct competitor of any party to this action; and

(h) Any other person or entity whom the Parties agree in writing may receive discovery material designated as "Attorneys' Eyes Only."

21. All persons to whom "Confidential" or "Attorneys' Eyes Only" designated Documents, materials, things, or information is disclosed pursuant to Paragraph 19(e) and/or Paragraph 20(d) of this Protective Order shall not reveal or discuss such Documents, materials, things, or information, except as expressly set forth herein, and shall be required to sign the Confidentiality Acknowledgment in the form attached hereto as Exhibit A.

22. If Documents, materials, things, or information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order are called for in a subpoena or other legal process, the person to whom disclosure of the subpoenaed information is directed shall immediately give written notice thereof to each party that has designated the information "Confidential" or "Attorneys' Eyes Only" and shall not produce the Documents until thirty (30) days after providing such notice.

23. Within thirty (30) days following the conclusion of this action, including any appeals, a Supplying Party may request in writing to all parties that the Documents designated "Confidential" or "Attorneys' Eyes Only" that it produced during the course of the action be destroyed or returned to the Supplying Party along with all hard copies and electronic copies thereof, and all materials derivative thereof. Subject to the following paragraph, the parties shall destroy or return all such documents upon request.

24. All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing Confidential Information or Attorneys' Eyes Only Information; shall be obligated to maintain the confidentiality of such work product; and shall

not disclose or reveal the contents of said notes, abstractions or other work product after the documents, materials, or other things, or portions thereof (and the information contained therein) and information are returned or destroyed. Nothing in this agreement requires the Receiving Party's counsel to disclose protected work product at the conclusion of this action.

25. In the event that any additional party is added to this action, that new party will not have access to "Confidential" or "Attorneys' Eyes Only Information produced by or obtained from any party or non-party until the newly added party and its counsel of record confirms in writing to all other parties that they have read this Protective Order and agree to be bound by all of its terms.

26. This Protective Order will survive the final determination of this action and will remain in full force and effect after the conclusion of all proceedings in order to provide the Court with jurisdiction to enforce its terms.

### III. Inadvertent Production and Failure to Designate

27. The parties recognize that in the course of document production, it is possible that the Supplying Party may inadvertently produce Documents or information which are entitled to protection from disclosure under the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or under District of Columbia law, or may inadvertently fail to designate a Document as "Confidential" or "Attorneys' Eyes Only." The parties agree that the erroneous or inadvertent production of any material entitled to protection from disclosure under the attorney-client privilege, the attorney work production doctrine, or any other applicable privilege or under District of Columbia law, will not constitute a waiver of such protection as to either the subject matter of the material, or as to related Documents or communications. Nor will any inadvertent failure to properly designate a Document or information "Confidential" or

"Attorneys' Eyes Only" constitute a waiver of such Document or information's eligibility to be designated as such pursuant to this Order.

28. If during document production, the Supplying Party inadvertently produces a Document entitled to protection under the attorney-client privilege, the attorney work product doctrine, or other applicable privilege or under District of Columbia law, the Supplying Party may request the return of the inadvertently produced Document at any time before the commencement of trial, whereupon the other party will within one (1) business day return of the inadvertently produced document along with all copies thereof and all materials derivative thereof (and will delete any electronic images containing such information).

29. If a Supplying Party inadvertently fails to properly designate a Document "Confidential" or "Attorneys' Eyes Only," the Supplying Party may request that such Document be accorded all protections under this Order of "Confidential" or "Attorneys' Eyes Only" Document, provided that the Supplying Party informs the Receiving Party of the inadvertent failure to so designate as soon as reasonably possible after learning of the inadvertent failure to designate and produces a copy of the Document to the Receiving Party with the appropriate designation.

30. If any Receiving Party learns of any unauthorized disclosure of Confidential or Attorneys' Eyes Only information, it shall immediately (a) inform the Supplying Party in writing of all pertinent facts relating to such disclosure, (b) make its best efforts to retrieve all copies of the Confidential or Attorneys' Eyes Only Information, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

31. Documents and other materials and information designated "Confidential" or "Attorneys' Eyes Only" (and all copies thereof) must at all times remain in the United States, except that counsel outside the United States who belong to firms of record in this case shall be permitted to receive Confidential and Attorneys' Eyes Only material, provided that each such counsel agrees to abide by the terms of this Order and executes the Acknowledgment that is attached hereto as Exhibit A. In the event that a party seeks to grant access to other persons residing outside the continental United States, the parties will meet and confer regarding specific individuals who reside elsewhere, who request access to the confidential documents. If the parties are unable to agree on the access issue, within five days after the parties have met and conferred, the objecting party may seek a protective order to prevent such access. No such access shall be granted absent prior leave of Court or prior agreement of the parties, unless the objecting party fails to bring a motion to prevent such access within the five days specified in this paragraph.

32. Exceptions or modifications to this Order may be made only by order of this Court.

SO ORDERED.

DATED: February 8, 2007

_____
United States Magistrate Judge

IPOC INTERNATIONAL GROWTH FUND LIMITED, Plaintiff**

** Executed with express reservation of objection to Paragraph 31, and without waiver of any rights pursuant to 28 U.S.C. § 636

By: /s/ Carol A. Joffe

Date: 01-30-2007

Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:  (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

Of Counsel:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:  (312) 558-5700
wdobie@winston.com
kanderson@winston.com

DILIGENCE LLC, Defendant

By: /s/ Paul C. Rauser

Date: 01-30-2007

Paul C. Rauser
Michael Ross
Oliver Garcia
AEGIS LAW GROUP LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
Tel: (202) 737-3500
Fax: (202) 737-3330
prauser@aegislawgroup.com
mross@aegislawgroup.com
ogarcia@aegislawgroup.com

BARBOUR GRIFFITH & ROGERS LLC, Defendant

By: /s/ Edward B. MacMahon, Jr.

Date: 01-30-2007

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
Tel: (540) 687-3902
Fax: (540) 687-6366
ebmjr@verizon.net