## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) | |

### PLAINTIFF IPOC'S OPPOSITION TO
### BARBOUR GRIFFITH & ROGERS LLC'S MOTION FOR AN ORDER COMPELLING PLAINTIFF TO ANSWER INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff IPOC International Growth Fund Limited ("IPOC") hereby files this opposition to Defendant Barbour Griffith & Rogers LLC ("BGR")'s Motion for an Order Compelling Plaintiff to Answer Interrogatories and Request for Production of Documents (Document #90). For the reasons set forth below, BGR's motion should be denied.

### INTRODUCTION

BGR's Motion to Compel seeks to force IPOC to answer discovery that this Court has already ruled is unrelated to any claim or defense in the case. On January 31, 2007, the Court issued a Memorandum Order (Document #89) ruling that BGR's co-defendant, Diligence, is not entitled to overbroad discovery into IPOC's ownership, nor overbroad discovery about IPOC's alleged so-called "illegal" activity. Flouting that ruling, and wasting the time and resources of the parties and the Court, BGR brings the present motion to compel which focuses largely on matters that are undiscoverable. Indeed, the first five pages of BGR's motion are simply a rehash of the same outlandish, irrelevant accusations that BGR and Diligence have both repeatedly tried to inject in this case concerning so-called "money laundering" and arbitration proceedings in

Zurich, Switzerland. *As this Court has already ruled, such subjects are irrelevant to the claims and defenses in this case, and thus are not the proper subjects of discovery.*

BGR's Motion also focuses on subjects that are not discoverable as a matter of Bermuda law, let alone common sense. As the Court knows, IPOC's tort claims against Diligence and BGR arise from the fact that Defendants infiltrated, and stole documents from, a confidential investigation of IPOC being conducted on behalf of the Government of Bermuda. By law in Bermuda, all documents pertaining to the IPOC Investigation are strictly confidential. Defendants, of course, knew that the Investigation material was (and is) confidential; that is the obvious reason they went to illegal and clandestine lengths to try to obtain the material through covert trickery. Now that Defendants have been caught red-handed and sued, BGR moves to compel IPOC to produce confidential documents from the Bermuda Investigation. Of course, this is the very same category of documents that Diligence and BGR broke the law to attempt to obtain. BGR is not entitled, under the auspices of this litigation, to receive the material that Defendants attempted to illegally steal from the Bermuda Investigation. Any suggestion to the contrary is so outrageous that it cannot pass the straight-face test.

BGR's Motion also focuses on discovery allegedly related to IPOC's Computer Fraud and Abuse Act ("CFAA") claim. The portions of BGR's Motion related to the CFAA claim focus not on deficiencies in IPOC's responses to BGR's discovery, but on arguments that Defendants have already made in motions to dismiss pending before Judge Friedman. A motion to compel is not an appropriate vehicle to argue the merits of a motion to dismiss, especially where, as here, the motion to dismiss is currently pending before another Judge.

Moreover, with respect to the production of documents generally, BGR's Motion should be denied as premature. None of the parties, including BGR, has yet produced any documents.

Document production was initially stalled for months because BGR and Diligence asked for, and obtained, a stay of discovery. Once the stay on written discovery was lifted, the parties could not agree on entry of a protective order, thanks largely to Defendants' stall tactics. This Court recently entered a protective order and IPOC thus contemplates that the parties will soon exchange the documents requested in their respective requests for production of documents. Until the parties produce documents, however, it is premature and wasteful to ask the Court to determine if the production identified in IPOC's responses will be sufficient.

For these reasons, and as explained more fully below, BGR's Motion to Compel is meritless and should be denied.

## ARGUMENT

**A.    BGR's Request to Compel Further Responses to Document Requests is Premature.**

Although IPOC provided timely written responses to all of BGR's document requests, none of the parties has produced documents yet. Now that a protective order has been entered in the case, it is expected that the parties will work out a schedule for the exchange of documents.[1] Until BGR reviews the documents that IPOC will produce, it is premature for BGR to move to compel production of documents. Nevertheless, IPOC will respond individually to each request BGR has moved to compel.

**B.    BGR Is Not Entitled to Discovery Concerning the Beneficial Ownership of IPOC, Leonid Reiman, Nor Alleged Criminal Investigations.**

BGR seeks to compel answers to the following three discovery requests that are improper in light of this Court's January 31, 2007 ruling (Document #89):

---

[1]    The Court entered the protective order on February 8, 2007, one week ago. BGR filed its Motion on February 1, 2007, before entry of the protective order.

**INTERROGATORY NO. 3**
Please identify the name, address, and telephone number of each and every person or entity who possesses, directly or indirectly, a beneficial or ownership interest in IPOC and specifically identify the officer or director or other person with authority who authorized the filing of this action.

**DOCUMENT REQUEST NO. 13**
All documents relating to each and every Communication between IPOC and Mr. [Leonid] Reiman relating to the IPOC Investigation, this action, Diligence and/or BGR.

**DOCUMENT REQUEST NO. 14**
All documents that refer, relate to or constitute evidence of any criminal investigation in any jurisdiction naming Jeffrey Galmond, Mr. Reiman, IPOC and/or any officer, director, agent or employee of IPOC.

IPOC objected to each of these requests on grounds *inter alia* of irrelevance, overbreadth, vagueness and undue burden.[2]  In support of its Motion, BGR parrots the same arguments that its co-defendant, Diligence, asserted, contending that "IPOC is a criminal organization that cannot legally enforce any rights in this Court," BGR Mot. at 7, that " Mr. Reiman's role as the [alleged] head of IPOC, and as the Russian Minister charged in the Zurich Arbitration with stealing state assets, is critical to this case," *id.* at 16, and that "[d]ocuments responsive to this Request [No. 14] will show that the findings of the Zurich Arbitration are well founded and can be used to undermine the credibility of any of these witnesses should they be called" to testify, *id.* at 17.

The Court has already rejected the arguments—reasserted here by BGR—that alleged illegal acts of IPOC have any bearing on this case.  Simply put, as the Court has already concluded, there is no connection between the allegations in the Complaint and alleged illegal acts of IPOC that BGR and Diligence repeatedly attempt to inject in this case.  "[Defendant's] request for information relating to the beneficial ownership of IPOC, its affiliates and subsidiaries is therefore grounded upon the faulty premise that there is a connection between

---

[2]      In its Motion, BGR challenges only IPOC's relevance objection.  With this brief, IPOC does not waive any of its objections to BGR's discovery requests.

IPOC's alleged criminal actions and the claims it is pursuing against Diligence [and BGR], and such request should be denied." Order at 6 (Jan. 31, 2007; Document #89).

Because the Court has already ruled that this information is not relevant and not discoverable, the doctrine of law of the case prevents BGR from relitigating these questions now. *See generally Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 739 (D.C. Cir. 1995) ("'Law-of-the-case doctrine' refers to a family of rules embodying the general concept that a court involved in later phases of a lawsuit should not re-open questions decided (i.e., established as the law of the case) by that court or a higher one in earlier phases."). "The doctrine [of law of the case] is regularly applied to prevent reconsideration of a host of 'non-final,' non-appealable orders, including rulings which concern pretrial discovery disputes." *United States v. Eilberg*, 553 F. Supp. 1 (D.D.C. 1981) (according law-of-the-case deference to a prior opinion on relevancy and materiality of discovery request); *accord Cobell v. Norton*, 226 F.R.D. 67, 82 (D.D.C. 2005) (concluding that a prior ruling restricting discovery "has been, and remains, the law of this case").

Notwithstanding this Court's prior ruling on the non-discoverability of this information, BGR claims that it needs to know the identities of IPOC's beneficial owners in order to identify potential deponents. BGR Motion at 8. This flimsy rationale fails in view of the fact that BGR posed, and IPOC answered, an interrogatory seeking the identities of persons with knowledge of the allegations in the Complaint—the standard discovery request used to identify potential deponents. BGR's Motion does not challenge the sufficiency of IPOC's answer to that Interrogatory.

BGR also weakly argues that it needs to know IPOC's beneficial owners because it needs to test the allegation that IPOC is actually a citizen or subject of another State for diversity

jurisdiction purposes.  Until now, BGR has never hinted that it might challenge the Court's diversity jurisdiction over this case.  And even if BGR did formally challenge the existence of diversity here, no jurisdictional discovery would be warranted.  The Court obviously *does* have jurisdiction over this case because IPOC asserts a claim under a federal statute, and, thus, as BGR knows, federal-question jurisdiction exists under 28 U.S.C. § 1331, *see* Complaint, ¶ 9, and the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over IPOC's remaining non-statutory claims.

BGR's transparent arguments do not conceal its true aim with these discovery requests.  It bears repeating that neither BGR nor Diligence have ever denied that they remain the paid minions of IPOC's business and litigation adversaries, and are continuing to work for IPOC's enemies in a plot to "ruin" IPOC.  BGR obviously seeks to abuse the discovery process in this case in order to obtain information about IPOC's beneficial ownership, alleged "money laundering," alleged connection with Leonid Reiman, and/or alleged criminal investigations of IPOC directors so that BGR's clients—IPOC's adversaries—can use the information in worldwide litigation that has no relevance to this case.  The Court has already rejected Diligence's attempt to get this information, and should refuse BGR's requests as well. Defendants should not be permitted to turn this case into a forum for litigating irrelevant matters that are already the subject of worldwide litigation between IPOC and the parties who retained Diligence and BGR to attack IPOC and infiltrate the Bermuda Investigation.

**C.     BGR is Not Entitled to Obtain in Discovery the Very Same Material that Defendants Tried to Steal from the Bermuda Investigation.**

Despite the fact that Defendants were caught red-handed in their illegal acts in infiltrating and stealing information from the confidential Bermuda Investigation of IPOC, BGR ironically

now seeks the very information that Defendants went to illegal lengths to steal.  BGR moves to

compel on the following discovery requests:

**DOCUMENT REQUEST NO. 5**
All documents received from KPMG FAS related to or referring to either defendant.

**DOCUMENT REQUEST NO. 6**
The Final Report from the Bermuda Investigation and any drafts of that Report obtained by
IPOC or its attorneys.

**DOCUMENT REQUEST NO. 15**
All documents relating to each and every Communication between IPOC and the Government of
Bermuda relating to the IPOC Investigation, this action, Diligence and/or BGR.

**DOCUMENT REQUEST NO. 24**
Any and all Agreements or Contracts between IPOC and KPMG FAS.

In response to these requests, IPOC has agreed to produce:  (1) all documents produced

by Hughes Hubbard & Reed LLP ("HHR"), the law firm that represented KPMG FAS in the

lawsuit against Diligence; (2) communications between IPOC and the Government of Bermuda

related to both this action and Diligence or BGR; and (3) communications between IPOC and

KPMG FAS sufficient to identify the agreement alleged in the Complaint concerning

confidentiality of the Bermuda Investigation.  In fact, IPOC already furnished Diligence and

BGR with HHR's production on October 20, 2006 and February 13, 2007.  IPOC cannot, as a

matter of Bermuda law, produce any draft or final reports from the Bermuda Investigation, nor

any other materials from that investigation, nor should IPOC be compelled to do so as a matter of

justice.

As IPOC has already noted in previous briefs, Bermuda law restricts IPOC from

producing any materials from the confidential Bermuda Investigation.  Under the Bermuda

Companies Act, the investigation was to remain strictly confidential unless the company under

investigation requested that it be made public, which IPOC has never done.  The Act provides:

Section 132(6). Any investigation under this section shall be held in private <u>unless the company requests that it be held in public</u>.

Section 132(7). The inspector may from time to time report to the Minister and shall upon completion of his investigation report to him and shall send copies of such reports to the company. <u>No other person shall be informed of the nature or contents of the report save at the request of the company or on the direction of the Minister</u>.

Bermuda Companies Act of 1981 (emphasis added). Thus, by law, IPOC cannot in this case furnish Defendants with information about the nature and contents of any report of the Bermuda Investigation, nor any communications between IPOC and KPMG FAS that were part of the Investigation.

BGR asserts that "[c]omparing a 'draft report' prepared at one point in time to show that the 'Final Report' was not the result of any corruption or interference by BGR or Diligence is critical to the defense in this case." BGR Mot. at 15-16. BGR also suggests that information from the Bermuda Investigation will further its irrelevant contentions that IPOC is a so-called "money laundering" enterprise. *Id.* at 15. But as IPOC has already established, and this Court has already ruled, the contents of the Bermuda Investigation reports are irrelevant to this case, and Defendants' accusations that IPOC is a "criminal" enterprise have no factual nexus to the claims in the Complaint. "The Court finds no connection between the Bermuda Investigation findings, which are not a subject of this litigation, and Defendant's request for information that supposedly fleshes out these findings." Order at 9 (Jan. 31, 2007; Document #89). "A review of the allegations of IPOC's Complaint validates [that] [Defendant] fails to show a connection between any alleged illegal acts committed by IPOC, relating to money laundering, and the accusations leveled at Diligence [and BGR], relating to its infiltration of the KPMG

Investigation, its acquisition and disclosure of confidential information, and interference with the Investigation and arbitration." *Id.* at 6.

But even more to the point, Defendants simply cannot be rewarded, under the guise of "liberal discovery," with the very information that they attempted to steal. To compel production of confidential Bermuda Investigation material would be a severe abuse of discovery and would defy both equity and common sense.

Finally, with respect to Document Requests 15 and 24, BGR moves to compel without cause. In answer to Request No. 15, IPOC has already agreed to produce communications with the Government of Bermuda related to this action and Diligence or BGR, to the extent such documents exist. There is nothing to compel. With respect to Request No. 24, BGR insists that "[i]t is simply incredible to assert that KPMG FAS has performed over Eight Million Dollars of work for IPOC, Complaint ¶ 15, without a written agreement." BGR Motion at 19. But IPOC has agreed to produce documents evidencing the agreement between IPOC and KPMG FAS. Again, there is nothing to compel.

**D.     IPOC Has Adequately Answered Interrogatory No. 1.**

BGR moves to compel an answer to Interrogatory No. 1:

**INTERROGATORY NO. 1**
Identify in accordance with the instructions all persons who answered these Interrogatories as well as anyone who assisted in answering these interrogatories.

IPOC already answered this Interrogatory by stating that counsel prepared the answers to BGR's Interrogatories. Further detail on the communications surrounding the preparation of IPOC's Interrogatory Answers would invade the attorney-client privilege, as IPOC noted in its response. Nonetheless, BGR insists that IPOC's answer is insufficient because Fed. R. Civ. P. 33(a) "specifically requires that Interrogatories be answered by an officer or agent of the

plaintiff." BGR Mot. at 6. IPOC's Interrogatory Answers were, in compliance with the Rule, verified by Mads Braemer-Jensen, an IPOC director. Rule 33 requires no more. *See* Fed. R. Civ. P. 33(b)(2) ("The answers are to be signed by the person making them, and the objections signed by the attorney making them"). BGR complains that no address was provided for Mr. Braemer-Jensen, but as BGR knows full well, Defendants are prohibited by the rules of ethics from contacting Mr. Braemer-Jensen directly. Because IPOC's response to Interrogatory No. 1 is consistent with the requirements of Rule 33, there is no basis to compel an additional response.

**E.**     **IPOC Has Adequately Answered Interrogatory No. 7.**

BGR's request to compel further response to Interrogatory No. 7 should be denied. Interrogatory No. 7 states as follows:

**<u>INTERROGATORY NO. 7</u>**
Please identify all facts upon which you relied to make the allegations set forth in paragraphs 31 and 32 of your Complaint. In answering this Interrogatory, please identify the location of the computer that you allege was accessed by BGR and/or Diligence, the date and time that the computer was allegedly accessed by BGR and/or Diligence and the means by which such access was obtained.

Paragraph 31 of IPOC's Complaint ("Paragraph 31") states that:

Upon information and belief, one or more agents of Diligence and/or BGR, intentionally and with intent to defraud, accessed, without authorization or in excess of authorized access, one or more KPMG FAS Computers and thereby obtained information and documents related to the Investigation, which have considerable value to IPOC's adversaries.

Paragraph 32 of IPOC's Complaint ("Paragraph 32") states:

The KPMG FAS Computers that were accessed by Diligence and/BGR, knowingly and with intent to defraud, without authorization and/or by exceeding authorized access, are used in foreign commerce and communication in such a manner that affects foreign commerce.

BGR's Interrogatory No. 7 asks IPOC about the facts upon which IPOC relied to make the allegations set forth in these two paragraphs of the Complaint and specifically requests that

IPOC identify (a) the location of the computer that allegedly was accessed, (b) the date and time that the computer allegedly was accessed, and (c) the means by which such access was obtained.

IPOC objected to Interrogatory No. 7 on various grounds, including that the information sought is not in IPOC's possession or is equally accessible to BGR. Nevertheless, IPOC provided the following substantive response to BGR's Interrogatory No. 7:

> Subject to and without waiving these objections, IPOC states that one or more individuals working at the request and instructions of Diligence, which had been hired by BGR and Alfa, accessed one or more KPMG FAS computers located in Bermuda on at least three occasions, including on or before June 16, 2005, on or before July 10, 2005 and on or before October 1, 2005.

IPOC's response identifies who accessed the computers (one or more agents of Diligence and BGR), which computers were accessed (KPMG's), the location (Bermuda.) and the dates of access (before June 15, 2005, before July 10, 2005 and before October 1, 2005). IPOC's response provides BGR the information responsive to Interrogatory No. 7 that was known to IPOC when the response was served.

The information sought is within the particular knowledge of Defendants Diligence and BGR and nonparty KPMG FAS because agent(s) of Diligence and BGR accessed computers at the KPMG FAS offices in Bermuda. IPOC received from nonparty HHR on February 13, 2007 documents responsive to a subpoena, and currently awaits the production by Diligence and BGR of documents responsive to these issues. Once IPOC has reviewed the additional discovery it recently received or will receive in the future, it will supplement its response to Interrogatory No. 7 with information it receives.

BGR also complains that "IPOC similarly fails to identify the documents that were allegedly obtained that relate to the Investigation." BGR's Interrogatory No. 7, however, does not request that information.

F.    **IPOC Has Answered Interrogatory Nos. 6 and 11 and Will Supplement.**

BGR's request to compel further responses to Interrogatory Nos. 6 and 11 should be denied because IPOC has responded to these interrogatories and will supplement as discovery progresses. Interrogatories 6 and 11, respectively, state:

**INTERROGATORY NO. 6**
Please identify the damages that you have sustained as alleged in paragraph 28 of the Complaint.

**INTERROGATORY NO. 11**
Please itemize all damages you claim in this case.

IPOC timely responded to Interrogatories 6 and 11, and although it objected to the interrogatories on various grounds, provided the following substantive response to Interrogatory No. 6:

> Subject to and without waiving these objections, IPOC's damages claim includes (1) the amount paid to KPMG FAS by IPOC for the investigation. IPOC will produce documents sufficient to identify the amount of these payments; and (2) disgorgement of the amounts paid to Defendants Diligence and/or BGR to conduct the tortious activities alleged in the Complaint. IPOC is at this time unaware of the total amounts earned by Defendants for committing torts against IPOC. Discovery is continuing and IPOC will supplement this response as additional information becomes available to it through discovery to BGR, Diligence and third parties.

In response to Interrogatory No. 11, IPOC referred to its response to Interrogatory No. 6.

BGR's request to compel further responses to these two interrogatories is limited to the damages suffered by IPOC as a result of the CFAA violations. IPOC has disclosed types of damages it suffered, stated that documents will be produced and has further stated that it will supplement this interrogatory with additional information as discovery moves forward. IPOC

will supplement its response to Interrogatory No. 6 to include its costs of investigation of the CFAA violations.[3] There is nothing to compel.

BGR should not be permitted to use its motion to compel related to interrogatories 6 and 11 as an opportunity to continue to argue its motion to dismiss IPOC's Complaint that is pending before Judge Friedman. This is an inappropriate use of a Motion to Compel and should be denied.

**G.    IPOC Has Adequately Responded to Document Request 18.**

BGR's document Request No. 18 states

**DOCUMENT REQUEST NO. 18**
All documents that refer or relate to or constitute the damages you seek in this matter including any legal bills that you seek as damages.

IPOC promised to produce the following documents:

(a) documents sufficient to identify the amount of fees paid by IPOC to KPMG FAS in connection with the IPOC Investigation; (b) …all documents obtained in discovery or otherwise regarding the amounts paid to BGR and/or Diligence by their clients in regard to their illegal conduct designed to injure IPOC and (c) as discovery proceeds IPOC will produce any documents obtained that relate to the damages IPOC seeks in this lawsuit.

In its Motion to Compel, BGR argues only that it seeks "documents that would show the damages sought under the CFAA as described above in detail." Since IPOC has not yet produced its documents, it is impossible for BGR to determine if IPOC's production will be sufficient to show such damages. It seems that BGR took advantage of the stay of discovery that it sought and then, once the stay was lifted, sought to obtain an advantage by filing a motion to compel before a protective order had been entered and the parties had actually coordinated the

---

[3]    IPOC does not agree that its damages under the CFAA are limited to its costs of investigation.

start of their respective document productions. Stated otherwise, at this juncture, there is nothing to compel.

**H.    IPOC Has Adequately Responded to Document Requests 19, 20 and 21.**

BGR's document Requests Nos. 19, 20 and 21, respectively seek:

**DOCUMENT REQUEST NO. 19**
All documents relating to the computer or computers that you allege BGR and/or Diligence illegally accessed as alleged in the Complaint.

**DOCUMENT REQUEST NO. 20**
Any forensic reports that refer or relate to BGR and/or Diligence illegally accessing any KPMG FAS computer.

**DOCUMENT REQUEST NO. 21**
The actual computer or computers which you allege that BGR and/or Diligence illegally accessed.

IPOC objected to each of three these requests on the grounds that they are "vague, overbroad, unduly burdensome and seek[] documents not in the possession of IPOC." IPOC's objections should be sustained. IPOC's response to Interrogatory No. 7 makes clear that the computers accessed belong to KPMG FAS, not IPOC. It is thus not unusual or surprising that IPOC has no documents related to the computers or illegal access to them, forensic reports or the actual computers themselves. IPOC is required to produce only those documents within its own custody and control. Fed. R. Civ. P. 34. Information within the custody and control of a nonparty must be obtained from that nonparty. There is nothing to compel and the Motion to Compel should be denied.

## CONCLUSION

For all of the foregoing reasons, the Court should deny BGR's Motion. IPOC respectfully suggests that oral argument may materially aid the Court's decision-making process on this Motion.

February 15, 2007

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND
LIMITED

OF COUNSEL:                            /s/ Carol A. Joffe
W. Gordon Dobie
Kimball R. Anderson                    _____
WINSTON & STRAWN LLP                   Timothy M. Broas (D.C. Bar No. 391145)
35 W. Wacker Drive                     Carol A. Joffe (D.C. Bar No. 351528)
Chicago, Illinois 60601                Anne W. Stukes (D.C. Bar No. 469446)
Tel:    (312) 558-5600                 WINSTON & STRAWN LLP
Fax:    (312) 558-5700                 1700 K Street, N.W.
wgdobie@winston.com                    Washington, D.C. 20006
kanderson@winston.com                  Tel:    (202) 282-5000
                                       Fax:    (202) 282-5100
                                       tbroas@winston.com
                                       cjoffe@winston.com
                                       astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007, a copy of the foregoing Plaintiff IPOC's Opposition to Defendant Barbour Griffith & Rogers LLC's Motion for an Order Compelling Plaintiff to Answer Interrogatories and Request for Production of Documents was served, via the Court's ECF system, on:

Michael Ross
Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*

and

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA  20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*


/s/ Carol A. Joffe
_____