IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DILIGENCE, LLC, ) <br> ) <br> and ) <br> ) <br> BARBOUR GRIFFITH & ROGERS, LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 06-1109 <br> (PLF)/(AK) |

**DEFENDANT BARBOUR, GRIFFITH & ROGERS, LLC'S
REPLY TO THE PLAINTIFF'S OPPOSITION TO THE
DEFENDANT'S MOTION TO COMPEL**

COMES NOW Barbour, Griffith and Rogers, LLC, defendant herein, by counsel, and for its Reply to the Plaintiff's Opposition to its Motion to Compel, states as follows:

1.  Introduction.

IPOC's opposition bears all the hallmarks of the majority of pleadings that IPOC has filed in this case. If IPOC wants relief, there is an emergency. In the event any other party seeks relief of any sort, the motion is premature, baseless or irrational. If any party refers to the valid findings of the Zurich Arbitration, IPOC cries foul and calls names when IPOC, and only IPOC, has been determined to be a criminal organization that's very existence is under assault by the legal authorities in Bermuda. IPOC is obligated to produce discovery in this case - including a live witness - just as any plaintiff would. Yet IPOC even refuses to provide Initial Disclosures pursuant to Fed. R. Civ. Pro. 26. This Reply will focus on a few points.

    2.    IPOC's Ownership.

BGR is well aware of the Court's prior ruling on co-defendant Diligence's Motion to Compel. That motion was denied without prejudice and BGR respectfully disagrees with the Court on this point. Yet this Motion raises a new basis upon which IPOC must respond to these questions. Surprisingly, IPOC argues that BGR's Motion should be denied because it does not complain that IPOC has failed to identify a witness from IPOC with any information about the case.[1] But BGR cannot compel IPOC to name any of its IPOC affiliated witnesses in response to a proper discovery request. IPOC can gamble now by not naming Mr. Reiman, Mr. Galmond or someone else as a witness, but it must someday produce a witness in Washington who must have knowledge and information about the claims IPOC sets forth. Fed. R. Civ Pro. 30 (b)(6) That day can only be postponed by IPOC but it cannot be avoided. IPOC must believe that it can put on its own case without calling any IPOC witnesses. That is their call but no reason to deny the defendant and the Court information as to the subject matter jurisdiction of the Court..

IPOC characterizes BGR's need to know the identity and thus citizenship of IPOC's beneficial ownership as "weak."[2] (Opposition at page 5.) Yet IPOC, not BGR, has invoked the diversity jurisdiction of this Court. Having invoked the jurisdiction of the Court on that basis, it is difficult to see how IPOC could be prejudiced by actually having to supply discovery that bears directly upon the accuracy of its claims. That approach, however, typifies IPOC's view of

---

[1] This assertion is inaccurate. BGR has alerted the Court to the fact that IPOC has not identified any witnesses from IPOC with knowledge or information about this case and asked the Court to stay all discovery in this matter on those grounds. (Defendant's Motion for Leave for File Supplemental Brief in Support of Motion for Reconsideration, Docket No. 58.)

[2] It is axiomatic that the subject matter jurisdiction of the Court can be raised by any party at any time.

its role as plaintiff.

IPOC's most breathless claim is that BGR has filed discovery as part of its zeal to participate in a scheme to destroy IPOC by discovering, through this Court's discovery mechanisms, the truth about IPOC so that information can be delivered to IPOC's adversaries overseas. This claim is false and hypocritical. The Court surely recalls that it was BGR and Diligence that requested and received a geographic limitation on the use of certain discovery materials to prevent IPOC from doing precisely what it contends BGR and others would do with certain discovery. IPOC has appealed the Court's ruling on the Protective order labeling it "irrational". Regardless, IPOC's criminal actions are leading to its own demise or "ruin" without, as IPOC falsely insists, any help from either of these defendants. The Government of Bermuda has moved to revoke IPOC's charter as well as the charter of all of its affiliated companies as a result of the findings of the KPMG FAS report which apparently mirrors and supports the findings in the Zurich Arbitration. A hearing in Bermuda on that Petition is set for April 27, 2007.[3] (Defendants' Motion for Order to Show Cause Why a Stay Should not Issue Pending Resolution of Involuntary Winding Up Petition Filed Against Plaintiff by Government of Bermuda, Docket No. 93, as Amended and Corrected by Docket No. 95)

3. The Bermuda Report.

BGR simply has no idea how this case can proceed if IPOC is not required to produce any information about the Bermuda Investigation other than the cherry-picked pieces of information

---

[3] BGR and Diligence have requested that IPOC Show Cause why this action should not be stayed in its entirety until the issue of IPOC's lawful existence as a company is resolved. IPOC has not responded to that Motion. That stay would, of course, include consideration of this Motion.

that IPOC cares to release. Bermuda law allows IPOC to release these items and they should be required to do so if they desire to be a plaintiff in this Court. Those reports can be protected under the terms of the Protective Order that this Court has already entered. While it is understandable that IPOC would not care to produce the Report that is leading to its "ruin," BGR cannot defend itself from claims relating to that investigation without discovery in this regard. Frankly, if IPOC concedes as it has, that nothing BGR or Diligence did impacted the outcome of the Bermuda Investigation, BGR is at a loss to understand how this case proceeds. Only the criminal law sanctions a failed attempt, which, in a nutshell, is IPOC's best case.

    4.       The CFAA.

In its Opposition, IPOC does not even bother to deny that it has provided no information whatsoever in response to proper discovery requests regarding the factual basis for the claim under the CFAA - the only federal claim in this case. As IPOC now pins its entire subject matter jurisdictional case upon that claim, the Court should examine these discovery responses with great scrutiny.

IPOC claims that it needs additional discovery to be able to answer properly Interrogatory No. 7. IPOC posits that it needs discovery from BGR and Diligence in this regard. (Opposition at page 11). But it is IPOC's Complaint in which this claim is asserted, and it cannot survive without some factual basis upon which it is founded and some information as to IPOC's alleged damages arising therefrom.[4] This is not an attempt to argue a Motion to Dismiss. It is simply a proper discovery request that IPOC should have anticipated would issue. IPOC either should

---

[4] Paragraphs 31 of the Complaint alleges that "information and documents" were obtained by BGR and/or Diligence. IPOC has not identified the facts upon which that allegation is made upon proper request.

answer these discovery requests with some information that would do more than parrot the bare allegations in the Complaint or it should voluntarily dismiss its CFAA claim.

Similarly, it defies credibility to believe that IPOC cannot identify a single item of damages that it alone has suffered as a result of the alleged violation of the CFAA.  None of the damages that IPOC has disclosed relate in any way to the damages recoverable under the CFAA and IPOC does not attempt to argue as such.  IPOC says that it can supplement these requests as promised on page 12-13 of its Opposition.  That supplementation should be ordered post haste.  Certainly, BGR would not have filed this Motion had IPOC indicated at the Meet and Confer that it could supplement this Interrogatory to identify the "costs of the investigation of the CFAA violations."  BGR awaits the proffered supplementation.[5]

WHEREFORE, the defendant requests that the instant motion be granted.  BGR joins in the request for oral argument.

                                      **BARBOUR GRIFFITH & ROGERS, LLC**
                                      By Counsel

/s/
_____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour*
   *Griffith & Rogers, LLC*

---

[5] The same argument applies to Document Requests 19, 20 & 21.  If IPOC has no such documents, it could simply say so.  Nothing of the sort was indicated at the Meet and Confer.

# CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 23rd day of February, 2007, a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

    Timothy M. Broas
    Carol A. Joffe
    Winston & Strawn
    1700 K Street, N.W.
    Washington, D.C.   20006
    (202) 282-5000
    (202) 282-5100 (Fax)
    *Counsel for IPOC International Growth Fund Limited*

    Paul C. Rauser
    Michael K. Ross
    AEGIS Law Group LLP
    Suite 500
    901 F Street, N.W., Suite 500
    Washington, D.C.   20004
    (202) 737-3500
    (202) 737-3330 (Fax)
    *Counsel for Diligence LLC*

    /s/
    _____
    Edward B. MacMahon, Jr.