UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>        Plaintiff,<br>v.<br><br>DILIGENCE, LLC, et. al<br><br>        Defendants. | Civil Action No.<br>1:06CV01109 (PLF) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT ISSUE PENDING RESOLUTION OF THE INVOLUNTARY WINDING-UP PETITION FILED AGAINST PLAINTIFF BY THE GOVERNMENT OF BERMUDA**

Plaintiff IPOC International Growth Fund Ltd. ("IPOC"), by counsel, files this opposition to the Motion of Defendants Diligence LLC ("Diligence") and Barbour, Griffith and Rogers LLC ("BGR") For An Order To Show Cause Why A Stay Should Not Issue Pending Resolution Of The Involuntary Winding-Up Petition Filed Against Plaintiff By The Government Of Bermuda (the "Motion").

The Motion is the latest, and most egregious, salvo in the Defendants' efforts to create every conceivable opportunity to stop discovery and thereby prevent exposure of their long-standing and continuing tortious and illegal conduct. The pleadings filed by Defendants, including the Motion, original memorandum ("Memorandum") and Declaration of D. Justin Williams ("First Williams Declaration") in support, and amended memorandum ("Amended Memorandum") and Second Declaration of D. Justin Williams ("Second Williams Declaration"), as well as relevant law of Bermuda, demonstrate that Defendants endeavor to mislead this Court in an effort to put a halt to this case.

Defendants' Motion, Memorandum and First Williams Declaration, filed on February 9, 2007, assert that a stay is appropriate here because (1) IPOC might be dissolved as a corporate entity in "a matter of weeks," and (2) that under Bermuda law IPOC would be barred from proceeding with the present case. Both statements are wholly wrong. The Motion, Memorandum and First Williams Declaration are without a doubt based upon blatant misrepresentations of both fact and the controlling Bermuda statute. Mr. Williams himself has essentially withdrawn his initial declaration. These distortions are compounded by Defendants' filing of amended papers that admit the misrepresentation of applicable Bermuda law but proceed to set forth a second misrepresentation of Bermuda law.

Attached as Exhibit 1 to this Opposition is the Declaration of Stephen Nicholas Atherton, Q.C., a Barrister-at-Law and Queen's Counsel ("Atherton Decl."), in which Mr. Atherton fully explains, with citations to applicable Bermuda statutory and case law, that the above-described assertions tendered by Mr. Williams and Defendants are entirely incorrect. For these reasons, as explained in detail below, the Motion should be denied.

## ARGUMENT

**A.   Bermuda Law Does Not Require A Stay of Proceedings Brought by A Company in Wind-Up.**

The initial basis for Defendants' Motion was the argument that under Bermuda law, actions <u>by</u> IPOC are now stayed. Defendants have completely abandoned this argument and have admitted inserting language into a Bermuda statute where there is none. Attached to Defendants' February 9, 2007 Memorandum is the First Williams Declaration, in which Mr. Williams states that he is "well qualified to opine on the matters of Bermuda law[.]"

The First Williams Declaration asserts that under section 167(4) of the Bermuda Companies Act 1981, "no action or proceeding can be continued (or filed) <u>by or</u> against a company upon the appointment of a liquidator to take control of the company." [emphasis added]. First Decl. at ¶ 3. Defendants then state in their Memorandum that "IPOC will be barred under Bermuda law from continuing with any pending litigation, *including this action*[.]" Memorandum at 4 (italics in original).

In the Second Williams Declaration dated February 16, 2007, however, Mr. Williams, concedes that the words "<u>by</u> or" do not appear in the statute. A stay of proceedings arises only in proceedings <u>against</u> a company in wind-up. Section 167(4) of the Companies Act 1981; Atherton Decl. at ¶ 7. On February 16, 2007, Defendants filed, along with the Second Declaration, a pleading titled as an "Amended Memorandum" in support of the Motion. In this Amended Memorandum, Defendants make no mention of their erroneous original argument that formed the central basis of the Memorandum and that was based upon the statement in the First Declaration that Mr. Williams has now conceded was wrong. Second Williams Decl. at ¶ 3.

In the Second Williams Declaration, however, Mr. Williams explains that when he made the statement that "no action can be continued (or filed) by or against a company" the words "by or" were inadvertently included. Williams Second Decl. at ¶ 3. He goes on to say that there is no confusion that "the stay is in respect of actions against the relevant company only." *Id.* Mr. Williams thus acknowledges that there never was any support for Defendants' assertion that IPOC will be precluded from continuing with this case if a wind up order is entered.

This revised position is unremarkable and obviously consistent with procedure in the United States, where a bankruptcy bars actions <u>against</u> the debtor, not actions <u>by</u> the debtor. 11 U.S.C. § 362(a)(1). Legal actions or proceedings by a company <u>against</u> other parties are wholly

3

unaffected by the a wind up petition or order or appointment of a provisional liquidator. Atherton Decl. at ¶¶ 7-11. The Atherton Declaration explains the rationale for a stay of proceedings <u>against</u>, but not <u>by</u>, a company in wind up. Atherton Decl. at ¶¶ 12-15. Thus, there is no basis whatsoever for Defendants' request for a stay.

    **B.    Defendants Falsely Assert That IPOC's Directors Will Be Precluded From Prosecuting This Case As of January 12, 2007.**

Rather than accept that there is no support for the Motion, Defendants filed an Amended Memorandum, from which they carefully excised their initial admittedly wrong argument and replaced it with the new claim that IPOC's current directors and officers may lose the power to make decisions on behalf of IPOC retroactively to January 12, 2007. Amended Memorandum at p. 4. This argument is specious and not supported by Bermuda law. Atherton Decl. ¶ 16-26.

Defendants' new assertion in favor of a stay is that "upon either (1) a winding-up order appointing a liquidator, or (2) the appointment of a provisional liquidator to take control of IPOC's affairs, IPOC's current directors and officers will – retroactive to January 12, 2007 – lose the authority to make decisions on behalf of the company." Amended Memorandum at 4. Defendants provide no support for this assertion, aside from unsupported conjecture contained in the Second Williams Declaration.

Mr. Williams notes that on January 12, 2007, the Bermuda Registrar of Companies filed a petition to "wind-up" IPOC and asserts that once an order appointing a liquidator is made, "the order takes effect from the date of the presentation of the petition, in this case January 12, 2007." Second Williams Decl. ¶ 4. Thus, according to Mr. Williams, if a liquidator is appointed in the case of IPOC, the authority of the appointed liquidator will date from January 12th and the authority of IPOC's directors and officers will have ceased as of January 12th. Williams Second Decl. at ¶ 4. Mr. Williams concludes with this statement:

> Consequently, **it may well be** that the directors and officers of the IPOC companies **will have been** stripped of their power to make decisions on behalf of the IPOC companies with effect from 12 January 2007 and that any directions they purport to give on behalf of those companies now **will afterward prove to have been** without authority.

*Id.* (emphasis added). Indeed, by the terms of Mr. Williams' statement that "it may well be," it is clear that the statement is mere speculation. Atherton Decl. at ¶ 24. Neither the Second Declaration nor Defendants' papers cite any supporting legal authority.

The reason that Mr. Williams cites no support for the claim that "it may well be" that IPOC's directors and officers will lose decisional authority retroactively, as of January 12, 2007, is because there is no supportive legal authority. Being charitable, Defendants' argument that the Directors lose decisional authority finds support only for matters such as fraudulent transfer of assets which may be examined as of the date of the petition. There is no legal support for the notion that the authority of IPOC's directors to cause IPOC to bring or maintain litigation would be retroactively stripped away. Atherton Decl. at ¶¶ 16-26. Further, the petition that was presented is a petition to wind up not a petition for appointment of liquidator. Atherton Decl. ¶ 6; Second Williams Decl. ¶ 2. Section 167 of the Bermuda Companies Act, the section that addresses the winding-up of a company, does not provide that the order will "take effect" from the date the petition to wind up is presented, but only that it is "deemed to commence" as of that date and only at such time as a wind up order is entered. Atherton Decl. at ¶¶ 19-23.

While nothing in Section 167 expressly explains the consequences that flow from the date a winding up is "deemed to commence," (Atherton Decl. at ¶ 20), these matters are further explained in other statutory provisions and case law. The "deemed commencement" of the wind-up (back to January 12, 2007) would be relevant only for such matters like setting the date for determination of the "status and liability of contributories in the liquidation," when creditors may attach or levy execution against the company, and the relevant time to determine whether a

transaction is a fraudulent preference, etc. *Id.* at ¶ 20f. The deemed commencement date has nothing to do with the authority of directors or officers to cause a company to bring or maintain litigation. *Id.*

As Mr. Atherton explains and his citation to applicable case law confirms, it is only the issuance of a winding up order that triggers "deemed commencement" of the winding up back to the petition date. Atherton Decl. at ¶ 23. The appointment of a provisional liquidator prior to the entry of a winding up order "is wholly irrelevant to the time at which the winding up is deemed to commence." Atherton Decl. ¶ 23.

The conclusion that the authority of a company's directors or officers to prosecute litigation is not terminated by a deemed wind-up date is, as explained by Mr. Atherton, directly supported by relevant case law that was ignored by Mr. Williams who cites none. Atherton Decl. ¶ 25. Mr. Atherton discusses a case which reached the specific conclusion that: "The retrospective invalidation effected by [the winding-up order] does not change what happened between the date of the petition and the date of the winding-up order; it merely denudes any disposition of the company's property during that period of legal effect. . . . Presentation of the winding-up petition has no impact on the powers of the directors of the company, the authority of the company's agents or the powers of disposition of the company." Atherton Decl. at ¶ 25.

Finally, the Bermuda Judge who is handling the wind up case recently rejected the same argument made by Defendants here – that the filing of the wind-up proceedings raised "serious doubt, as to whether [IPOC's] existing management would remain in place." Exhibit 2. (Transcript of proceedings in the Supreme Court of Bermuda, February 22, 2007, *Santel and others v. IPOC,* case no. 182 of 2006 before Kawaley, J., at 5:22-6:2) The Judge responded that "the proceedings are rigorously contested and it seems inevitable, quite frankly, that if a

Winding-up Order were to be made, the efficacy of the Order would be tested in the Privy Council, perhaps in around 2 or 3 years time."

In short, there is simply no legal support for Defendants' latest assertion that IPOC's officers or directors are about to lose authority to make decisions on behalf of IPOC.

### C. Defendants Attempt To Confuse This Court By Asserting That IPOC Faces Dissolution.

Defendants repeatedly state that "a petition for involuntary dissolution" has been filed against IPOC, that IPOC "is on the cusp of involuntary dissolution," and that "IPOC may well cease to exist in just a matter of weeks[.]" These statements are false, as Defendants no doubt are aware and as confirmed by the very Judge handing the case noted above. Nevertheless, Defendants repeat this claim in an effort to confuse this Court by citing to federal precedent holding that a company facing dissolution loses its right to pursue litigation. These cases are all irrelevant to the present case because no petition for dissolution has been filed against IPOC.

As Mr. Atherton explains in his declaration, a petition for winding-up IPOC has been filed in Bermuda, but a petition for winding-up and a petition for dissolution "are two very different and very distinct concepts." Atherton Decl. at ¶ 29. Moreover, as "a matter of both English law and the law of Bermuda the presentation of a winding up petition has no effect on the corporate personality of the company . . . A company's corporate state obtains until such time as the company is dissolved[.]" *Id.* In addition, the fact that a petition for winding up IPOC has been filed does not mean that the winding up process will be seen through to conclusion. *Id.* at ¶ 32. And even if it is, the winding-up process can take many months or even years to complete. *Id.* at ¶ 30; Exhibit 2 at 5:22-6:2.

Finally, the dissolution of a company is not initiated by a petition for winding up, but only by a separate petition by the company's liquidator. Atherton Decl. at ¶ 31. Thus, IPOC

7

does not face dissolution, either immediately or at any time in the foreseeable future. Defendants' effort to convince this Court that IPOC faces immediate dissolution is nothing but a deliberate attempt to mislead this Court in a continuing effort to prevent this case from moving forward.

### D.  Defendants' Motion is Not in Good Faith.

Nothing better illustrates Defendants' strategy of interposing arguments with little or no basis in effort to put a halt to this case than the fact that when their own Declarant demonstrated that their key argument for this Motion is false, Defendants simply cut the argument out of their supporting Memorandum, replaced it with a different – equally specious – argument and submitted it as an "Amended Memorandum." Defendants have caused Plaintiff to incur needless expenses to defend this motion.

### CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' motion for an order to show cause.  Moreover, because Defendants' motion is based solely on repeated misrepresentations of applicable Bermuda law, IPOC requests the Court to enter sanctions against Defendants, including, but not limited to, an order directing Defendants to reimburse IPOC for the costs, including attorneys' fees, incurred in responding to Defendants' frivolous Motion.

| | |
|---|---|
| March 2, 2007 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
| OF COUNSEL:<br>W. Gordon Dobie<br>Kimball R. Anderson<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601<br>Tel:   (312) 558-5600<br>Fax:  (312) 558-5700<br>wdobie@winston.com<br>kanderson@winston.com | /s/ Carol A. Joffe<br>———————————————<br>Timothy M. Broas (D.C. Bar No. 391145)<br>Carol A. Joffe (D.C. Bar No. 351528)<br>Anne W. Stukes (D.C. Bar No. 469446)<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006<br>Tel:   (202) 282-5000<br>Fax:  (202) 282-5100<br>tbroas@winston.com<br>cjoffe@winston.com<br>astukes@winston.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, a copy of the foregoing Plaintiff IPOC's Opposition to Defendants' Motion for an Order to Show Cause Why a Stay Should Not Issue Pending Resolution of the Involuntary Winding-Up Petition Filed Against Plaintiff by the Government of Bermuda was served, via the Court's ECF system, on:

Michael Ross
Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*

and

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*


/s/ Carol A. Joffe