IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DILIGENCE LLC, et al. )<br>)<br>*Defendants.* )<br>_____ ) | Civil Action No. 06-1109 (PLF) |

**DILIGENCE INC.'S EMERGENCY MOTION
FOR AN ORDER BARRING IPOC'S COUNSEL FROM FURTHER DISSEMINATION
OF INFORMATION IN VIOLATION OF THIS COURT'S ORDERS**

Defendant Diligence, Inc. ("Diligence"), by and through undersigned counsel, respectfully moves this Court on an emergency basis to prevent IPOC's counsel from further disseminating to non-parties information protected from disclosure by this Court's orders entered in <u>KPMG FAS v. Diligence LLC</u>, Civ. #05-2204 (PLF), and the Protective Order in this action. Diligence's motion further requests that IPOC's counsel be directed to disclose in writing each and every instance in which IPOC or its counsel has shown, given, or otherwise disclosed protected information to a non-party or has verbally divulged protected information to a non-party.

The grounds for this Motion are set forth in the accompanying memorandum of points and authorities. A proposed order is submitted herewith.

Counsel for Diligence has raised the matters presented in this Motion with counsel for IPOC; however, counsel for IPOC has refused to acknowledge disclosing protected information to third parties, thereby necessitating the instant Motion. Counsel for co-Defendant Barbour Griffith & Rogers LLP indicated no objection to the relief sought herein.

                                    Respectfully submitted,

March 15, 2007                      AEGIS LAW GROUP LLP

By:      /s/ Paul C. Rauser
       Paul C. Rauser (D.C. Bar No. 461722)
       Michael K. Ross (D.C. Bar No. 458573)
       Oliver Garcia (D.C. Bar No. 456600)
       901 F Street, N.W., Suite 500
       Washington, D.C. 20004
       T: 202-737-3500
       F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>) | Civil Action No. 06-1109 (PLF) |
| *Plaintiff,* )<br>) | |
| v. )<br>) | |
| DILIGENCE LLC, et al. )<br>) | |
| *Defendants.* )<br>_____ ) | |

## ORDER

Upon consideration of Diligence Inc.'s Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of This Court's Orders, the Memorandum in support thereof, and all other papers and proceedings submitted in this matter, and for good cause shown:

IT IS HEREBY ORDERED that Diligence Inc.'s Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of This Court's Orders is hereby GRANTED; and

IT IS FURTHER ORDERED that:

(i) IPOC and its counsel shall not to divulge to any third party any information that is under seal pursuant to Court order in the <u>KPMG FAS, et al. v. Diligence LLC</u>, (D.D.C. Civil Action No. 05-2204 (PLF), or has been designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order entered in this case (all of the foregoing, collectively "Protected Information"); and

       (ii)    IPOC's counsel shall, within three (3) days of this Order, disclose in writing to the Court, with a copy to Defendants, each and every instance in which IPOC or its counsel has shown, given, or otherwise disclosed Protected Information to a non-party or has verbally divulged Protected Information to a non-party, including a detailed description of the Protected Information involved in each such instance.

      SO ORDERED.

Dated: _____    By: _____

                                                                       PAUL L. FRIEDMAN
                                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DILIGENCE LLC, et al. )<br>)<br>*Defendants.* )<br>_____ ) | Civil Action No. 06-1109 (PLF) |

## MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S EMERGENCY MOTION FOR AN ORDER BARRING IPOC'S COUNSEL FROM FURTHER DISSEMINATION OF INFORMATION IN VIOLATION OF THIS COURT'S ORDERS

Defendant Diligence, Inc. ("Diligence"), by and through undersigned counsel, respectfully moves this Court on an emergency basis to prevent IPOC's counsel from further disseminating to non-parties information protected from disclosure by this Court's Protective Order entered February 8, 2007, and by this Court's orders entered in KPMG FAS v. Diligence LLC, Civ. #05-2204 (PLF) (the "KPMG FAS Litigation").

Immediate relief is required to avoid additional violations of this Court's orders and irreparable harm to Diligence. An article that appeared in *The Politico* yesterday discussing the instant action makes reference to ***"sealed court records that were copied and made available to Politico."*** Ex. 1 at 2. Quoted extensively in the article is *pro hac vice* counsel of record for IPOC in this case, W. Gordon Dobie of Winston & Strawn LLP's Chicago office. See id.

Eliminating any doubt as to whether IPOC's counsel was the source of the "sealed court records that were copied and made available to Politico," the reporter who wrote the article has confirmed to Diligence that it was Winston & Strawn LLP which divulged to him the contents

of those "sealed court records." See Ex. 2. Based on the information currently available to Diligence, it is unclear whether the "sealed court records that were copied and made available to Politico" by Winston & Strawn LLP were under-seal pleadings from the KPMG FAS Litigation or documents produced in the instant action that have been designated "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order entered in this case on February 8, 2007 (Docket # 92). In fact, because pleadings earlier placed under seal by this Court were produced to IPOC in this case pursuant to the Protective Order entered on February 8, 2007 (the "Protective Order"), it is entirely possible that these disclosures to the media violate not one, but two separate Orders of this Court.

This is no isolated incident. IPOC's counsel—Winston & Strawn LLP—has admitted to attaching to a public filing in the British Virgin Islands a copy of a January 25, 2006, unredacted, under-seal hearing transcript from the KPMG FAS Litigation,[1] a transcript that, by its own text, was placed under seal by this Court and should not have been released to the public. The transcript is of the January 25, 2006 motions hearing held by this Court in the KPMG FAS Litigation. During that hearing, counsel for the parties discussed documents that the Court had earlier placed under seal in a Memorandum Opinion and Order dated January 4, 2006 (the "Seal Order"). See Ex. 3 hereto (Declaration of Paul C. Rauser ) at ¶ 2. At the conclusion of the January 25th hearing, counsel for all parties requested on the record – and this Court ordered on the record – that the hearing transcript not be filed in the public record until the parties had an opportunity to file a stipulation with the Court as to how the transcript should be redacted. See Ex. 3 at ¶ 3. The parties thereafter submitted proposed redactions of materials covered by the Seal Order, and the Court subsequently filed in the public record a redacted version of the transcript at

---

[1] IPOC was not a party in KPMG v. Diligence, and thus would not have been given access to the unredacted, sealed versions of documents in that case.

2

Docket # 63. See id. The original, unredacted transcript containing sealed material was not made publicly available. See id. at ¶¶ 3, 6.

Nevertheless, it is undisputed that, on or about June 14, 2006, Barry S. Vitou, a London-based Winston & Strawn partner who represents IPOC, filed an affidavit on June 12, 2006, in connection with a costs application in the Eastern Caribbean Supreme Court, Court of Appeal (Claim No. 140 of 2003 and Civil Appeals No. BVI HAP 2003/20 & 2004/01). Mr. Vitou's affidavit attached a complete, unredacted copy of the under-seal January 25, 2006 hearing transcript from the KPMG FAS Litigation. IPOC has admitted doing so. See Plaintiff IPOC's Opposition to Defendants' Joint Motion for Entry of a Protective Order (Docket #77). According to IPOC, it was unaware that the unredacted transcript was under seal—a claim belied by the text of the transcript itself, which reflects this Court's directive, on the record, that it be sealed pending redactions by the parties. See Sealed Transcript, p. 36.[2]

In light of these repeated instances of violations of this Court's Orders by IPOC's counsel, Diligence respectfully requests the following relief:

> (i) That IPOC and its counsel be ordered not to divulge to any non-party any information that is either under seal pursuant to this Court's Orders entered in the KPMG FAS Litigation or has been designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order entered in this case (all of the foregoing, collectively "Protected Information"); and
>
> (ii) That IPOC's counsel be ordered to disclose to the Court and to the Defendants each and every instance in which it has shown, given, or otherwise disclosed Protected Information to a non-party or has verbally divulged Protected Information to a non-party, including a detailed description of the Protected Information involved in each such instance.

---

[2] At a January 11, 2007, motions hearing in this action, counsel for Diligence raised before Judge Kay IPOC's admitted public filing of the under-seal transcript from the KPMG FAS Litigation. Judge Kay responded by noting that any request for relief by Diligence in connection with that incident must be directed to Judge Friedman.

3

## **CONCLUSION**

For the foregoing reasons, Diligence respectfully requests that its Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of this Court's Orders be granted.

Respectfully submitted,

March 15, 2007

AEGIS LAW GROUP LLP

By:     /s/ Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

# EXHIBIT 1



## Did Lobbyists Break the Law?
By: Jeff Patch
March 14, 2007 05:52 PM EST

The city's biggest Republican lobbying firm, Barbour Griffith & Rogers, is coming under the scrutiny of one of Capitol Hill's most tenacious Democratic chairmen, California Rep. Henry A. Waxman, head of the House Committee on Oversight and Government Reform.

At issue is whether the lobbying firm broke U.S. laws when two of its representatives allegedly impersonated British and U.S. intelligence operatives to obtain information helpful to a client. The dispute stems from a complicated corporate fight between a firm based in Moscow and a Bermuda hedge fund named IPOC over control of a Russian cell phone company. Barbour Griffith & Rogers was hired to assist the Moscow entity, Alfa Group Consortium.

Lawyers for IPOC argue that BGR colluded with Diligence, a Washington-based private investigation firm, in a plan to get confidential documents and information unearthed during a separate audit of IPOC. BGR's client used the improperly collected audit data against IPOC in the battle for control of the Moscow phone company, the lawyers say.

W. Gordon Dobie, a Winston & Strawn partner representing IPOC, received a letter from Waxman that seeks all the documents the law firm has related to the dispute and a lawsuit filed in U.S. District Court by IPOC against BGR and Diligence. BGR once held stock in Diligence. It sold its shares, held in a trust, in March 2005, and Ed Rogers, BGR's chairman, and Robert Blackwill, the president of BGR International, stepped down from Diligence's advisory board, a company official said. As of Wednesday, though, the two were still listed on Diligence's Web site as board members.

The two supposed Diligence spies, Nick Day, Diligence's CEO, and Gretchen King, a former intern and now a project manager in Diligence's office in New York, allegedly coaxed an employee of KPMG, the accounting firm investigating IPOC, to turn over documents in the investigation.

The probe was nicknamed "Project Yucca," and Day and King targeted KPMG's Guy Enright, now an accountant in London. Day introduced himself to Enright as Nicholas G. Hamilton from British intelligence, and King said she was "Liz from Langley," according to sealed court records that were copied and made available to The Politico. Ultimately, the pair persuaded Enright to divulge private data about IPOC's financial transactions. ＊

Lobbyists at BGR doubted that a KPMG employee was cooperating, according to the court documents. So BGR sent Diligence back to record a conversation with Enright, said a lawyer who is involved in the case.

The project took four months, and invoices reviewed by The Politico indicate that BGR was scheduled to pay Diligence a total of $220,000, including a $60,000 bonus. Diligence also charged BGR $30,000 for expenses.

"We would welcome an opportunity to give our side of the story to Chairman Waxman," Day said by phone from London on Wednesday. "Nobody posed as American intelligence

officials," he added, although Day conceded the company has amended its operating rules in light of the dispute.

KPMG sued Diligence for fraud in November 2005 in U.S. District Court in Washington after receiving an anonymous shipment of Diligence business records and e-mails about Project Yucca at its office in New Jersey, according to legal records. That case was settled for $1.7 million in June 2006, and the files were sealed.

Lawyers and officials with BGR and Diligence deny wrongdoing. They say their investigative techniques broke no laws and that their inquiry was prompted by allegations of corporate wrongdoing by rival IPOC.

"Our position is the lawsuit is frivolous and that one day somebody involved in IPOC will actually have to come to testify or make it through customs without being arrested," said Edward MacMahon, a BGR attorney. "We don't think that day is going to happen."

In its lawsuit, IPOC is seeking civil damages and information about whether the corporate espionage efforts continue. KPMG's audit eventually led officials in Bermuda to file an emergency motion to de-register and liquidate IPOC in February. A court there should decide on that motion by April 27.

While confident they can fend off legal charges, BGR still could be embarrassed by the exposure to close congressional scrutiny.

A 2006 e-mail contained in an exhibit filed in federal court in the District of Columbia shows that Keith Schuette, who worked at the firm at the time, consulted with Rogers about the Bermuda operation.

"Judge has unsealed the complaint against Diligence from KPMG," Schuette wrote Rogers on Jan. 24, 2006, in reference to the KPMG case. "It has attracted no attention thus far, but I cannot imagine that it will remain quiet forever. Neither we, nor the client, are mentioned in the complaint. Current strategy if it comes alive in the press if (sic) for Diligence to stonewall. Will keep you posted."

TM & © THE POLITICO & POLITICO.COM, a division of Allbritton Communications Company


IRIDES
WEB HOSTING

**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-1109 (PLF) |
| Plaintiff, | | |
| v. | | |
| DILIGENCE LLC, et al. | | |
| Defendants. | | |

## DECLARATION OF NICHOLAS DAY

I, Nicholas Day, declare and state under penalty of perjury as follows:

1. I am the Chief Executive Officer of Diligence, Inc. ("Diligence"). I have personal knowledge of the matters stated in this Declaration, and if called as a witness, I could and would testify as set forth in this Declaration.

2. On March 13th, 2007, Jeff Patch, a reporter for *The Politico* informed me that Winston & Strawn LLP recently had disclosed to him information set forth in sealed court documents.

I declare under under the penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed this 15th day of March, 2007.



Nicholas Day

1

# **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED )<br>)<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>DILIGENCE LLC, et al. )<br>)<br>*Defendants.* )<br>_____ ) | Civil Action No. 06-1109 (PLF)(AK) |

### DECLARATION OF PAUL C. RAUSER

PAUL C. RAUSER hereby declares the following under penalty of perjury:

1. I am a member of the Bar of the United States District Court for the District of Columbia, and make this Declaration in support of Defendants Joint Memorandum in Opposition to IPOC's Motion for Protective Order and in Support of Defendants' Joint Motion for Entry of a Protective Order.

2. On January 25, 2006, this Court held a hearing in <u>KPMG Financial Advisory Services, Limited v. Diligence LLC</u>, No. 05-CV-02204 (PLF)(AK) ("<u>KPMG FAS v. Diligence</u>"). During that hearing, counsel for the parties discussed matters that had previously been placed under seal by the Court in a Memorandum Opinion and Order dated January 4, 2006 (the "Seal Order").

3. In light of the Seal Order, at the conclusion of the January 25th hearing, counsel for all parties in <u>KPMG FAS v. Diligence</u> requested on the record – and the Court ordered – that the hearing transcript not be filed in the public record until the parties had an opportunity to file a stipulation with the Court as to how the transcript should be redacted to protect under-seal

material. Thereafter, the parties submitted proposed redactions of materials covered by the Seal Order, and the Court subsequently filed on the public record a redacted version of the transcript at docket entry 63. The original, unredacted document containing sealed material is not publicly available.

4. On or about June 14, 2006, counsel for Diligence learned that Barry S. Vitou, a London-based attorney who represents IPOC International Growth Fund Limited ("IPOC"), filed an affidavit on June 12, 2006 in connection with a costs application in the Eastern Caribbean Supreme Court, Court of Appeal, (Claim No. 140 of 2003 and Civil Appeals No. BVI HAP 2003/20 & 2004/01). Mr. Vitou's affidavit attached a complete, unredacted copy of the under-seal January 25, 2006 hearing transcript in KPMG FAS v. Diligence. A true and correct copy of the relevant portion of Mr. Vitou's affidavit is submitted as Sealed Exhibit A to this Declaration.

5. On June 14, 2006, after learning that IPOC possessed a copy of the sealed January 25, 2006 transcript and had filed that transcript in a British Virgin Islands court, counsel for Diligence informed both Court Reporter Brian A. Wayne and Derek J.T. Adler, counsel for KPMG FAS.

6. Mr. Wayne, the Official Court Reporter who prepared the unredacted and redacted versions of the KPMG FAS v. Diligence transcript, confirmed that he had not made the transcript public, and had provided copies of the unredacted, under-seal transcript only to counsel for the parties: Hughes Hubbard & Reed (counsel for KPMG FAS and two of its principals) and Aegis Law Group LLP (counsel for Diligence).

7. During our June 14 call, Mr. Wayne also described a telephone call that he had received some time earlier from an individual (who did not identify himself) who had questions about the January 25, 2006 transcript. Mr. Wayne explained that when it became clear that the

unidentified caller possessed the unredacted transcript, Mr. Wayne first ascertained that the caller was not affiliated with any of the parties, then told the caller that non-parties should not have copies of the unredacted transcript and asked the caller how he obtained it. According to Mr. Wayne, the caller replied that he had received it from "an attorney" and ended the call.

8.  Also on June 14, 2006, Derek Adler, counsel for KPMG FAS, stated in a telephone call that KPMG FAS was aware that IPOC's attorneys had obtained a copy of the unredacted transcript, but that KPMG FAS was not responsible for the disclosure. In a subsequent exchange of e-mail correspondence, Mr. Adler reiterated that none of KPMG FAS's attorneys were responsible for disclosure of the transcript. Mr. Adler stated in his e-mail that initial inquires conducted by KPMG FAS had been unable to determine the source of the "leak."

9.  To date, Diligence has been unable to determine how IPOC came to possess the copy of the under-seal version of the January 25, 2006 hearing transcript.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Paul C. Rauser

Dated: December 6, 2006