UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **IPOC INTERNATIONAL GROWTH FUND LIMITED,**<br><br>　　　　　　**Plaintiff,**<br><br>v.<br><br>**DILIGENCE, LLC, et. al**<br><br>　　　　　　**Defendants.** | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT ISSUE PENDING RESOLUTION OF THE INVOLUNTARY WINDING-UP PETITION FILED AGAINST PLAINITFF BY THE GOVERNMENT OF BERMUDA

Plaintiff, IPOC International Growth Fund Ltd. ("IPOC"), by counsel, hereby respectfully requests leave to file a Sur-Reply in response to the Reply Memorandum filed by Defendants Diligence LLC ("Diligence") and Barbour, Griffiths & Rogers , LLC ("BGR") in Support of Defendants' Motion For An Order To Show Cause Why A Stay Should Not Issue Pending Resolution Of The Involuntary Winding-Up Petition Filed Against Plaintiff By The Government Of Bermuda (" the Motion"). IPOC's Sur-Reply is attached hereto as Exhibit A.

IPOC's Motion for Leave to File a Sur-Reply should be granted because Defendants, in their Reply Memorandum, assert a new justification for the relief sought by the Motion, a justification to which IPOC did not have the opportunity to respond in its initial Opposition to the Motion. Specifically, Defendants drop the main arguments asserted in their first Memorandum in Support of the Motion and their Amended Memorandum in Support thereof, and instead assert that because "neither Defendant has seen the Winding-up Petition, the documents supporting it, or the pleadings filed in the Bermuda proceeding," (*see* Defendants' Reply Mem. at 3), IPOC should be required to provide Defendants with sealed documents related

to a proceeding to which neither Defendant is a party and which has no relevance to the present case. Thus, having abandoned the arguments based on Bermuda statutory law – presumably because those arguments were misleading in the extreme – Defendants now assert that this Court should require IPOC to prove that it is entitled to continue to pursue this case based on nothing but Defendants' own speculation.

Moreover, in its initial Opposition, IPOC responded to the arguments Defendants raised in their first Memorandum and Amended Memorandum in support of a stay of the present case. These arguments consisted of Defendants' assertions that a petition for winding-up IPOC, filed in Bermuda under provisions of Bermuda corporate law, had the effect of either (1) rendering IPOC unable to pursue this case, or (2) precluding IPOC's officers and directors from continuing to make decisions on behalf of IPOC. Defendants supported their arguments with statements of purported fact, such as that "the Government of Bermuda is shutting down Plaintiff IPOC," or that the Government of Bermuda has filed "a petition for involuntary dissolution of IPOC[.]" Defendants' Amended Memo. at 1. Now, in their Reply Memorandum, Defendants abandon these assertions, and instead claim that they "simply have no way of knowing what pleadings have or have not been filed in" the Bermuda proceeding, (Defendants' Reply Mem. at 7) and that, therefore, this case should be stayed in "the interests of judicial economy and conservation of party and non-party resources," (*Id.* at 4) until the occurrence of a hearing in Bermuda weeks from now.

Because of Defendants' constantly shifting arguments in support of their Motion, IPOC did not have the opportunity in its Opposition brief to respond to these new arguments. Therefore, IPOC should be allowed to file the attached sur-reply. "The decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." *Flynn v. Veazy*

*Constr. Corp.*, 310 F. Supp. 2d 186, 189 (D.D.C. 2004). "The district court routinely grants such motions [for leave to file a sur-reply] when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading." *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (citations omitted); *see also Marsh v. Johnson*, 263 F. Supp. 2d 49, 54 (D.D.C. 2003) (suggesting a sur-reply as an appropriate device to give the plaintiff "a full opportunity to respond to the arguments raised in the defendant's reply" on a motion to dismiss).

Plaintiff made good faith efforts to obtain Defendants' consent to the relief requested in this motion. Defendant BGR stated that it has no objection to this motion; consent was not obtained from Defendant Diligence.

WHEREFORE, IPOC hereby requests leave to file a Sur-Reply, which is attached hereto.

March 22, 2007

Of Counsel
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tele:  (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

Respectfully submitted,

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tele:  (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com
*Attorneys for Intervenor IPOC International Growth Fund Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2007, I caused the foregoing Motion for Leave to File a Sur-Reply, along with the attached Sur-Reply Brief, to be served electronically, via the Court's electronic filing system, on:

>Michael Ross
>Paul C. Rauser
>Oliver Garcia
>Aegis Law Group LLP
>901 F. Street, N.W., Suite 500
>Washington, DC 20004
>*Counsel for Defendant Diligence LLC*

>and

>Edward B. MacMahon, Jr.
>P.O. Box 903
>107 East Washington Street
>Middleburg, VA  20118
>*Counsel for Defendant Barbour Griffith & Rogers LLC*

>\_\_\_/s/_____
>Carol A. Joffe