UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Civil Action No. ) 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT ISSUE PENDING RESOLUTION OF THE INVOLUNTARY WINDING-UP PETITION FILED AGAINST PLAINITFF BY THE GOVERNMENT OF BERMUDA**

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DILIGENCE, LLC, and BARBOUR, GRIFFITH AND ROGERS, LLC, | ) ) ) |
| Defendants. | ) |

Civil Action No.
1:06CV01109 (PLF) (AK)

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE WHY A STAY SHOULD NOT ISSUE PENDING RESOLUTION OF THE INVOLUNTARY WINDING-UP PETITION FILED AGAINST PLAINTIFF BY THE GOVERNMENT OF BERMUDA**

Plaintiff IPOC International Growth Fund Ltd. ("IPOC"), by counsel, files this Sur-Reply in further opposition to the Motion of Defendants Diligence LLC ("Diligence") and Barbour, Griffith and Rogers LLC ("BGR") For An Order To Show Cause Why A Stay Should Not Issue Pending Resolution Of The Involuntary Winding-Up Petition Filed Against Plaintiff By The Government Of Bermuda (the "Motion").

## INTRODUCTION

In their Reply Memorandum, Defendants offer their third purported rationale for a stay of this case. Defendants' shifting rationales demonstrate their Motion's lack of merit. These shifting rationales include the following:

• In their first Memorandum in Support of the Motion, Defendants argued that the Motion should be granted because "IPOC will be barred under Bermuda law from continuing with any pending litigation, *including this action*[.]" Defendants' Memorandum at 4 (italics in original). This argument was based on a presentation of the language of the Bermuda

Companies Act of 1981 that was manifestly false. Defendants' argument falsely relied on inserting language that did not exist into the statute.

- In their Amended Memorandum in Support of the Motion, Defendants abandoned their first argument and instead offered a new argument. They asserted that IPOC's current directors and officers will lose the power to make decisions on behalf of IPOC from the date of January 12, 2007. Defendants cited to no statutory or other legal support for this assertion, instead relying on the idle speculation of their purported "expert" in Bermuda corporate law. However, their expert failed to inform this Court that case law precedent exists that directly contradicts Defendants' argument and, in fact, clearly indicates that IPOC's directors and officers are in no danger of losing their authority. Declaration of Stephen Atherton ("Atherton Decl.") at ¶ 35.

- Now in their Reply Memorandum, Defendants abandon both previous arguments. Rather than continue to argue that IPOC will lose the power to prosecute this case or that IPOC's officers will lose the authority to make decisions, Defendants feebly "suggest" that this case should be stayed until IPOC informs the Court of the results of a hearing that will occur in a completely separate proceeding, involving a completely different subject matter, and not involving either Defendant in this case. Moreover, there has been absolutely no showing that the result of the hearing will have any bearing on this case.

As explained below, Defendants' current argument in support of their Motion possesses no more merit than their previous arguments. Therefore, Defendants' Motion should be denied.

2

## **ARGUMENT**

A.  **Defendants' Suggestion That It Is In This Court's Interest To Stay This Case Is Based On Nothing But Rank Speculation.**

In their Reply Memorandum, Defendants recast their argument for a stay as being about nothing more than conserving judicial economy and party resources. Reply Memo at 4. This argument is highly misleading and based on nothing but Defendants' own speculation. As such, it provides no support for Defendants' Motion.

This new argument is based on rank speculation because Defendants admit that they have no direct knowledge of the proceedings in Bermuda and that they have no knowledge of what actions will result from that proceeding. Indeed, Defendants admit that the proceeding in Bermuda is closed, that they are not parties to that proceeding, that they have no direct knowledge of pleadings or papers that have been filed in that proceeding, and that there is no way to know what further pleadings might be filed at the hearing. However, rather than honestly acknowledge their ignorance of matters concerning the Bermuda proceeding by accepting IPOC's explanation of what the Government of Bermuda has asked for, and the explanation of the entire winding-up process offered by IPOC's expert, Stephen Atherton,[1] Defendants accuse IPOC of not knowing for sure whether the Government of Bermuda will seek the appointment of a provisional liquidator at the hearing. Reply Memo. at 5.

Then, without citing any legal support, Defendants assert that the need for the appointment of a provisional liquidator "would appear particularly strong" because Defendants allege that IPOC has engaged in illegal conduct. Defendants' papers make clear, however, that

---

[1] In their Reply Memorandum, Defendants drop any reference to their purported expert on Bermuda corporate law, Justin Williams. Nor do Defendants make any attempt to undermine the accuracy of the explanation of applicable Bermuda corporate law offered IPOC's expert, Mr. Atherton. Instead, Defendants merely characterize Mr. Atherton's declaration as "esoteric."

3

they have no knowledge of whether a provisional liquidator will – or will not – be appointed. Thus, in support of the relief requested by their Motion, Defendants rely on nothing but their own speculation and argument. This is not a proper basis to grant their motion. *Cf. Harris v. General Dev. Corp.*, 127 F.R.D. 655, 662 (N.D. Ill. 1989) ("This court is unwilling to deny [class action] certification on speculation as to what effect a separate lawsuit could have on the proceedings in this case.").

Moreover, Defendants' newly professed desire to save this Court's time by requiring IPOC to produce all documents from the Bermuda proceeding because "Defendants simply have no way of knowing what pleadings have or have not been filed in that case," Reply Memo. at 7, stands in stark contrast to the declarative statements of fact Defendants made in their earlier pleadings. In their initial pleadings in support of their Motion, Defendants had no qualms about asserting that "the Government of Bermuda is shutting down Plaintiff IPOC" and that the government "filed in the Supreme Court of Bermuda a petition for involuntary dissolution of IPOC[.]" Defendants' Amended Memo. at 1. Neither of these assertions of fact is true, as IPOC explained in its Opposition, but that did not prevent Defendants from making these claims.[2] It was only after IPOC clearly demonstrated the falsehood of Defendants' previous assertions of fact that they now declare that they are motivated only by a desire to save time and resources. However, this new justification is disingenuous and Defendants' Motion has no merit.

---

[2]  In their Reply Memorandum, Defendants take umbrage that IPOC asserted that Defendants are trying to mislead this Court. With all due respect, IPOC maintains its position that a party who makes declarative statements of fact in pleadings before a court, while acknowledging that it has no basis of knowing if its statements are true, is misleading the court. A party who inserts nonexistent words into the language of a statute to support its argument is misleading the court. If Defendants do not want to be accused of trying to mislead this Court, they should take better care to ensure the accuracy of statements contained in their pleadings.

4

**B.    IPOC Should Not Be Required To Produce Documents From The Bermuda Proceeding.**

Defendants insist that this Court should order IPOC to disclose pleadings and documents from the Bermuda proceeding directly to Defendants, but the only basis provided to justify this extraordinary request is Defendants' own ignorance. Reply Memo. at 7. Indeed, Defendants assert that because they are not parties to the Bermuda proceeding and "have no way of knowing what pleadings have or have not been filed," this Court should require IPOC to simply provide this information to Defendants. As is typical, Defendants do not cite any support for this request.

In reality, Defendants' request for copies of documents from the Bermuda proceeding is simply an attempt to make an end-run around the Supreme Court of Bermuda, the body considering the petition for winding-up. Defendants were retained by the Alfa Group ("Alfa") and LV Finance Group, Ltd ("LVFG") to conduct the investigation of IPOC that forms the factual basis for the present suit. Alfa and LVFG have directly requested the Supreme Court of Bermuda to provide them with the petition for winding-up of IPOC. The Bermuda Attorney General's office, the entity that filed the petition for winding-up in the first place, opposed the request of Alfa and LVFG on the grounds that disclosure of the petition is prohibited by Bermuda statutory law, and the Supreme Court of Bermuda denied the request. Defendants are, no doubt, aware of the denial of the request of Alfa and LVFG, yet they have failed to inform the Court of this fact. Clearly, Defendants are attempting in this proceeding to obtain the result their clients failed to receive directly from the Bermuda court. However, this is not a proper basis for requiring IPOC to disclose documents that are protected from disclosure by the law of another jurisdiction, and the principles of international comity counsel this Court against contravening the decision of the Supreme Court of Bermuda.

Defendants also claim that IPOC has somehow "conceded the propriety" of their request that IPOC produce the Bermuda petition for winding-up and the petition for appointment of a provisional liquidator. Reply Memo. at 7. This argument is absurd. First, there is no petition for the appointment of a provisional liquidator; thus, IPOC can hardly be considered to have "conceded the propriety" of producing a document that does not exist. Second, Defendants' purported justification for receipt of the petition for winding-up depends on its previous assertions that (1) the petition results in IPOC being unable to pursue this case or (2) that the petition results in IPOC's officers and directors being unable to make decisions on behalf of IPOC. As IPOC explained, neither of these assertions is correct. Thus, contrary to Defendants' assertion, IPOC has not conceded that it should produce the petition for winding-up, but rather has clearly refuted the underlying basis for Defendants' request.

## CONCLUSION

For all of the foregoing reasons, and those set forth by IPOC previously, the Court should deny Defendants' Motion for an order to show cause. Moreover, because Defendants continue to support their Motion with arguments that have no legal or factual support, IPOC renews its request that the Court enter sanctions against Defendants, including, but not limited to, an order directing Defendants to reimburse IPOC for the costs, including attorneys' fees, incurred in responding to Defendants' Motion.

March 22, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 282-5000
Fax: (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com