IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Civil Action No. 06-1109 (PLF) |
| DILIGENCE LLC, et al. | ) ) ) | |
| *Defendants.* | ) ) | |

**REPLY MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S EMERGENCY MOTION FOR AN ORDER BARRING IPOC'S COUNSEL FROM FURTHER DISSEMINATION OF INFORMATION IN VIOLATION OF THIS COURT'S ORDERS**

IPOC's opposition brief ("Opposition") repeatedly asserts a meticulously wordsmithed statement: that IPOC's counsel did not divulge to third parties "documents under seal *in this case* nor provided information protected from disclosure by protective or other order entered *in this case.*" Opp. at 6 (emphasis added); see also Opp. at 10 & 10-11. Yet, as IPOC is well aware, this is no denial at all, for the bulk of the pertinent under-seal and protective order material at issue was not sealed and/or protected "in this case," but rather in a predecessor case in this Court: KPMG FAS v. Diligence, Civil No. 05-2204 (the "KPMG FAS case"). Indeed, the March 14 article in *The Politico* discussing this case described the contents of "sealed court records that were copied and made available to Politico." Opening Mem. Ex. 1 at 1. These records were almost certainly from the KPMG FAS case (which involved numerous sealed Court filings) and not from this case (which has almost none). Knowing this, IPOC's counsel Winston & Strawn LLP nevertheless asserts only that it has not disclosed information protected by the Court "in this case." This is a classic "non-denial denial."

Nowhere in its Opposition papers does IPOC address the pivotal issue of fact: did Winston & Strawn LLP disclose information placed under seal or protective order in the KPMG FAS case? This raises the obvious question whether IPOC's counsel is tacitly conceding the point. Given their failure to deny disseminating under-seal material from the KPMG FAS case, there is now little doubt that it was IPOC's counsel who "copied and made available" various "sealed court records" from the KPMG FAS case to the reporter for *The Politico*. Id. Indeed, to the extent any doubt remains, Diligence respectfully suggests that the Court should accept the offer by Winston & Strawn LLP partner W. Gordon Dobie to testify under oath as to whether he or anyone else at Winston & Strawn LLP made available to *The Politico* (or any other non-party) information contained in under-seal pleadings or confidential discovery from the KPMG FAS case or this one.[1]

Rather than squarely answer the basic factual question – did Winston & Strawn, or did it not, divulge sealed or protected information from this case or the KPMG FAS case? – IPOC's counsel instead seeks to avoid the issue, arguing that it has never been bound by this Court's Orders entered in the KPMG FAS case because "IPOC was not a party to the KPMG FAS case, and Winston & Strawn LLP was not counsel of record for any party." Opp. at 11. This is not only evasive – it is highly misleading and factually false. What IPOC does not tell the Court is that Winston & Strawn LLP, on August 21, 2006, *entered an appearance* in the KPMG FAS case in connection with IPOC's motion to intervene in that case and sought (unsuccessfully) to unseal pleadings and to de-designate discovery marked "Confidential." See KPMG FAS case Docket #68 (Notice of Appearance) and Docket #67 (IPOC's Motion to Intervene, For Access to Court

---

[1] Requiring Mr. Dobie to testify is especially appropriate given the glaring failure of Mr. Dobie—or any other Winston & Strawn LLP attorney—to submit a declaration or affidavit denying that Winston & Strawn LLP was the source of the "sealed court records" given to *The Politico*.

Files, To Modify Protective Orders and to Alter Confidentiality Designations). On August 23, 2006, Judge Friedman denied IPOC's motion, and that portion of the KPMG FAS case is now before the U.S. Court of Appeals for the D.C. Circuit on appeal by IPOC (with Winston & Strawn LLP as its appellate counsel). It is an affront to this Court to say, as Winston & Strawn LLP does, that the firm is not bound by this Court's seal orders in the KPMG FAS case when Winston & Strawn LLP attorneys entered appearances in the KPMG FAS case, sought (unsuccessfully) to unseal documents and lift the protective order in that case, and now represents IPOC in the appeal of Judge Friedman's Order in KPMG FAS.[2]

Regrettably, it now appears that IPOC's counsel, after this Court denied its request to unseal pleadings and to de-designate discovery from the KPMG FAS case, nevertheless decided that "self help" would avail where motions practice could not. Contrary to IPOC's argument, a violation by Winston & Strawn LLP of this Court's Orders from the KPMG FAS case is just as unacceptable (indeed, sanctionable) as a violation by it of the Orders entered in the instant action.

In sum, to avoid any future incidents of this nature, Diligence respectfully suggests that an Order should issue enjoining IPOC's counsel from further disseminating to non-parties information protected from disclosure by this Court's Protective Order entered February 8, 2007, and by this Court's orders in the KPMG FAS case. Additionally, IPOC's counsel should be ordered to disclose to the Court and to the Defendants each and every instance in which it has shown, given copies of, or otherwise disclosed to a non-party the contents of under-seal pleadings

---

[2] Surprisingly (but revealingly), IPOC vigorously opposes the relief sought by Diligence in the instant Motion, even though that relief is merely for an order requiring IPOC's counsel to obey this Court's Orders entered in this case and the KPMG FAS case. One would think such requested relief would not be controversial. Not in this case. According to IPOC, "the order sought by Diligence bears a heavy burden of invalidity." Opp. at 14. This is an extraordinary statement. In essence, IPOC's counsel Winston & Strawn LLP is contending that it should not be—indeed *cannot* be—ordered by this Court to comply with Orders that the firm itself unsuccessfully sought to overturn in the KPMG FAS case and now seeks to overturn on appeal.

or confidential discovery from the KPMG FAS case or this one, including a detailed description of the materials and information involved in each such instance.

I. **THE REQUESTED RELIEF SHOULD ISSUE TO PROTECT AND ENFORCE THE PRIOR ORDERS OF THIS COURT IN THE INSTANT CASE AND IN THE KPMG FAS CASE.**

IPOC's Opposition is remarkable. At the same time as it avoids the basic factual question in this motion with a careful non-denial denial, it simultaneously accuses Diligence of having no factual predicate for its motion. IPOC also hedges against the possibility that this Court *will* find an unlawful leak by protesting that IPOC's counsel are not bound by this Court's Orders in the KPMG FAS case (they are) and that, in any event, any breach of this Court's seal or protective orders by IPOC counsel, no matter how willful, is protected First Amendment activity (it is not). Finally, hoping to confuse or at least conceal the real issue, IPOC coats its brief with a thick rehash of allegations from its Complaint that are utterly irrelevant to this motion.

This Court should not be misled. A statement that IPOC counsel did not disclose "documents under seal *in this case* nor provided information protected from disclosure by protective or other order entered *in this case*" does not address the basic factual issue: did IPOC disclose information contained in sealed or protective order material in either this case or the KPMG FAS case? IPOC's arguments do not excuse such disclosures, nor should they preclude the Court from granting appropriate relief.

   A. **Whereas Diligence Has Submitted Evidence of Winston & Strawn's Violations of This Court's Orders, Winston & Strawn Has Submitted No Contrary Evidence Whatsoever.**

IPOC's Opposition repeatedly – and incorrectly – states that Diligence "has no basis for concluding that Winston & Strawn LLP has violated any court orders." Opp. at 8; see also Opp. at 4 (suggesting that Diligence filed this Motion "[w]ithout any evidence that Winston &

Strawn LLP" has disseminated protected information). In fact, it is *IPOC* that has produced no evidence whatsoever to rebut the evidence attached to Diligence's opening memorandum.

The article that appeared March 14 in *The Politico* could not be clearer; it describes the contents of "sealed court records that were copied and made available to *Politico*." Opening Mem. Ex. 1 at 1.[3] Because there are only three parties to this action, there are only three law firms which could be the source of "sealed court records" for *The Politico*. The firm most certainly was not undersigned counsel, which has no interest in spreading negative stories about its own client, nor is there any basis to believe that BGR's counsel was the source; to the contrary, since the filing of the instant Motion, co-defendant BGR has filed a motion, based on *The Politico* and other media articles, for an order to show cause why IPOC's *pro hac vice* counsel of record, W. Gordon Dobie, should not be held in contempt for leaking protected information to the media.

This leaves IPOC's counsel, and IPOC's counsel alone. Although IPOC correctly notes that the article in *The Politico* does not specify that a lawyer with Winston & Strawn LLP was the "lawyer who is involved in the case" with whom it spoke, and who made available "under seal court records," Diligence has submitted direct evidence that it was indeed someone at Winston & Strawn LLP who made the under-seal material available to *The Politico*. Attached as Exhibit 2 to Diligence's opening memorandum is the Declaration of Nicholas Day (the "Day Declaration"). In his Declaration, Mr. Day testifies that the reporter who authored the *Politico* article, Jeff Patch, told him that it was Winston & Strawn LLP that divulged to him the contents of those "sealed court records." See Mot. Ex. 2.

IPOC offers no declaration or affidavit to rebut the Day Declaration. Instead, IPOC presses three arguments in its attempt to undermine the Day Declaration. Each is fundamentally

---

[3] The article also cites as a source a "lawyer who is involved in the case." Mot. Ex. 1 at 1.

5

flawed. *First*, IPOC describes the Day Declaration as "hearsay" insofar as it describes Mr. Patch's statements to Mr. Day. Opp. at 7. But the parties are not currently before the Court in trial or at an evidentiary hearing; Diligence merely seeks an order requiring IPOC's counsel to comply with this Court's Orders in this case and the KPMG FAS case, for which a declaration suffices, just as for many other motions. Moreover, if subpoenaed, it is hard to imagine that Mr. Patch would agree to testify in this case; to the contrary, he almost surely would invoke a journalist's privilege against producing non-party civil discovery, thus rendering him unavailable to testify such that his out-of-court statement may well qualify as an exception to the hearsay rule. See Fed. R. Evid. 804(a). And irrespective of whether the Day Declaration contains hearsay, the glaring fact remains that *no one* from Winston & Strawn LLP has submitted a declaration denying that it was Winston & Strawn LLP that made "sealed court records" available to *The Politico*. Mr. Day's testimony on this factual issue is uncontroverted, and the silence of IPOC's counsel is deafening.

*Second*, IPOC criticizes Diligence for not submitting "a declaration from the journalist who wrote the article." Opp. at 7. But IPOC ignores an obvious fact: IPOC has also submitted no declaration from that journalist. If Diligence were able to obtain such a declaration from the journalist, Mr. Patch, then surely IPOC could do the same. It has not. In fact, IPOC has not submitted a declaration from anyone to contradict the testimony set forth in the Day Declaration: Mr. Patch told him that Winston & Strawn LLP "disclosed to [to Mr. Patch] information set forth in sealed court documents." Opening Mem. Ex. 2 ¶ 2.

*Third*, but not least, IPOC resorts to attacking Mr. Patch's competence and journalistic pedigree. After belittling him for having authored two food-related articles last year for the *Des Moines Register*, IPOC surmises that this journalist "does not have any particular qualification to determine whether the information he wrote in the article for *The Politico* was

indeed from 'sealed court records.'" Opp. at 6 n.2. Diligence respectfully suggests that the desperation of this argument speaks for itself. Until proven otherwise (something IPOC has pointedly not attempted to do), this Court is entitled to take at face value Mr. Patch's article stating that "sealed court records that were copied and made available to *Politico*." Opening Mem. Ex. 1 at 1.

Finally, IPOC's arguments concerning Diligence's supposed lack of evidentiary support begs the obvious question. If Winston & Strawn LLP did not provide the "under seal court records" to *The Politico*, why has Winston & Strawn LLP not submitted a Declaration expressly saying so?[4] To obtain an answer to that question, Diligence respectfully suggests that the Court should accept Winston & Strawn's offer to make Mr. Dobie "available to the Court concerning any further questions it may have about" this matter.

    **B.    As Counsel of Record in the KPMG FAS Case, Winston & Strawn LLP Is Bound By This Court's Orders In That Case.**

As noted above, each and every assertion in the Opposition that Winston & Strawn LLP did not disclose protected material to non-parties is qualified by the words "in this case." Opp. at 6, 10, and 10-11. Strikingly, nowhere in the Opposition does Winston & Strawn LLP deny disclosing information from under-seal pleadings or confidential discovery in the KPMG FAS case. On may certainly infer from its carefully-crafted language that IPOC's counsel does not wish the Court to reach this issue. Yet just in case the Court does reach the issue, IPOC's counsel argues the extraordinary proposition that, in any event, Winston & Strawn LLP is not

---

    [4] If past is prologue, IPOC will seek leave to file a sur-reply in opposition to the instant Motion. Diligence respectfully suggests that the Court should deny IPOC leave to do so unless IPOC attaches to its sur-reply a declaration from Winston & Strawn LLP stating unequivocally whether any of its personnel made available, or otherwise disclosed information contained in, under-seal materials or confidential discovery from the KPMG FAS case or this one to *The Politico* or any other media outlet or journalist.

bound by this Court's Orders in the KPMG FAS case because it was not counsel of record in that case.

IPOC argued this singular point in defense of its public dissemination of the Sealed Transcript of this Court's January 25 motions hearing in the KPMG FAS case. IPOC's counsel again admits, as it must, that counsel from Winston & Strawn LLP publicly filed an unredacted, under-seal copy of that transcript "in a proceeding in the British Virgin Islands on June 12, 2006." Opp. at 7. Nevertheless, IPOC's counsel view this as an event of no consequence: even though the transcript itself makes clear that only a redacted version could be publicly disseminated, see Sealed Transcript at 37, the Opposition contends that to the extent the Court's directive to the Court Reporter to seal the transcript pending redactions by the parties amounted to a Court Order, "neither IPOC nor Winston & Strawn LLP was bound by such order" because "IPOC was not a party to the KPMG FAS case, and Winston & Strawn LLP was not counsel of record for any party." Opp. at 11.[5]

As noted above, this is simply false. On August 21, 2006, Winston & Strawn LLP entered an appearance in the KPMG FAS case in connection with IPOC's motion to intervene in that case to unseal various pleadings and to de-designate discovery marked "Confidential." KPMG FAS case Docket #68 (Notice of Appearance) and Docket #67 (IPOC's Motion to Intervene, For Access to Court Files, To Modify Protective Orders and to Alter Confidentiality Designations). On August 23, 2006, Judge Friedman denied IPOC's motion, and that portion of the KPMG FAS case is now before the U.S. Court of Appeals for the D.C. Circuit on appeal by

---

[5] IPOC misleadingly suggests that the January 25 motions hearing was open to the public. This is wrong. In fact, there was only one spectator in the court room during the January 25 hearing, and the Court and the parties confirmed prior to proceeding that this spectator was an attorney with Aegis Law Group LLP (Diligence's counsel of record).

IPOC, with Winston & Strawn LLP as counsel of record for appellant. In fact, IPOC's opening memorandum was filed in the D.C. Circuit today.

IPOC now apparently takes the position that, notwithstanding Judge Friedman's ruling last August denying its attempt to unseal pleadings and de-designate protected discovery in KPMG FAS, it is nevertheless free to disseminate under-seal materials and confidential discovery from the KPMG FAS case because "neither IPOC nor Winston & Strawn LLP was bound by" this Court's Orders entered in that case. Opp. at 11. And the uncontroverted evidence proffered by Diligence establishes that IPOC's counsel went ahead and did just that, giving some or all of *the very same materials* to a reporter for *The Politico*. In fact, because pleadings earlier placed under seal by this Court in the KPMG FAS case were produced to IPOC by HHR in this case pursuant to the Protective Order entered on February 8, 2007, it is entirely possible that these disclosures to the media violate not one, but two separate Orders of this Court, in two separate cases.

Such acts of "self-help" are manifestly improper and wholly unjustifiable. See, e.g., Visto Corp. v. Seven Networks, No. 2:03-CV-333, 2006 WL 3741891, *8 (E.D. Tex. Dec. 19, 2006) ("a lawyer operating under the terms of a Protective Order issued by this court has no right to resort to self-help when he or she views the provisions of that order to be burdensome or onerous. The proper remedy is to approach the court"); cf. Assassination Archives & Research Ctr. v. Central Intelligence Agency, 48 F. Supp. 2d 1, 15 (D.D.C. 1999) (alleged misconduct by Defendants "could not possibly justify the 'self-help' measures invoked by [plaintiff's counsel] and the [plaintiff]"). Plainly, regardless of what IPOC and its counsel thought of Judge Friedman's August 23, 2006 ruling denying its motion to intervene in the KPMG FAS case, to unseal pleadings, and to de-designate confidential discovery produced in that case, IPOC and its

counsel were not free to simply go ahead and disseminate some or all of those very same materials to third parties.

### C. Prior Press Reports About This Case Do Not Excuse a Violation of this Court's Orders Entered in the KPMG FAS case.

In an attempt to minimize the significance of any disclosure by Winston & Strawn LLP to *The Politico* of under-seal pleadings and/or confidential discovery from the KPMG FAS case, IPOC attaches to its Opposition two recent press articles: one from *BusinessWeek*; the other from *Roll Call*.

It is ironic indeed that IPOC relies on the *BusinessWeek* and *Roll Call* articles to suggest that the information contained in the "sealed court records that were copied and made available to *Politico*," Opening Mem. Ex. 1 at 1, was already in the public domain such that any disclosure by IPOC's counsel was without consequence. Upon reviewing both articles at the time of publication (each preceded the article in *The Politico*), Diligence strongly suspected that Winston & Strawn LLP was the principal source for these articles and had made protected information from this case and/or the KPMG FAS case available to the authors of each of those articles. Diligence did not file a motion at that time, however, because it did not have direct evidence showing Winston & Strawn LLP's involvement. That changed upon publication on March 14 of the article in *The Politico* in which the author notes that "sealed court records" were shown to him, a fact confirmed by the author himself in a phone call with Mr. Day.[6]

---

[6] In the Opposition, IPOC misleadingly portrays a March 14 conversation between counsel. According to IPOC's counsel, when it "informed counsel for Diligence that no protective orders had been breached . . . Diligence's counsel replied that on the basis of IPOC's counsel's assurances, there was no need to file a motion with the Court." Opp. at 3. But what IPOC's counsel conveniently ignores is the fact that Diligence's counsel called specifically to discuss the allegations in the *Roll Call* article of that morning. During that call, IPOC's counsel assured undersigned counsel that, contrary to the suggestion in the *Roll Call* article, IPOC had every intention of complying with the Protective Order in this case and had no present plans to release protected information to third parties before Diligence had a chance to object. It was only later

10

Moreover, since the filing of the instant Motion, co-defendant BGR has filed a motion for an order to show cause why Mr. Dobie should not be held in contempt for violating this Court's Orders in this case and the KPMG FAS case (the "Dobie Contempt Motion"). In the Dobie Contempt Motion, BGR argues persuasively that Mr. Dobie was indeed the principal unnamed source for the *BusinessWeek* and *Roll Call* articles IPOC has attached to its Opposition to the instant Motion. If BGR is correct that Mr. Dobie violated this Court's Orders by revealing protected information to the authors of those articles, Winston & Strawn LLP's reliance on those very same articles in an effort to minimize its subsequent disclosure to *The Politico* of under-seal material from the KPMG FAS case is breathtakingly brazen, if not sanctionable itself.

D.  **The Order Sought by Diligence Does Not Amount to an Unlawful Prior Restraint Under the First Amendment.**

IPOC's Opposition concludes with a most curious argument: that it cannot be ordered to comply with this Court's Orders in the KPMG FAS case because to do so would amount to "prior restraint[]" that lacks a compelling governmental interest. Opp. at 14. According to IPOC, "the order sought by Diligence bears a heavy presumption of invalidity." Id. IPOC's argument plainly has no merit. In sharp contrast to the cases cited by IPOC, Winston & Strawn LLP *entered an appearance* in the KPMG FAS case (on August 21, 2006) to represent IPOC in its motion to intervene in that case, to unseal pleadings, and to de-designate confidential discovery. See KPMG FAS case (Docket #68). Moreover, Winston & Strawn LLP is counsel of record for IPOC in its currently pending appeal to the D.C. Circuit. See D.C. Circuit Case No. 06-7162.

---

that day, after that phone call, that *The Politico* published the article stating that "under seal court records" had been made available to that publication, thereby necessitating the instant Motion.

11

Contrary to IPOC's fanciful suggestion, this Court has inherent, plenary power to ensure that all counsel of record comply with its Orders. See, e.g., Pigford v. Veneman, 182 F. Supp. 2d 53, 57 (D.D.C. 2002) (finding that class counsel violated this Court's protective order by releasing protected material to pro bono counsel, and "that this violation was both knowing and willful"); AT&T Corp. v. Petersen, No. 99-3351, 2001 WL 45780 (D.D.C. Jan. 10, 2001) (finding that defendant had violated a Consent Decree for Permanent Injunction and entering a finding of civil contempt). This Court is fully empowered to enter the relief requested by Diligence.

### E. Neither IPOC's Re-Hash of the Allegations in Its Complaint Nor Its Allegations of Delay By the Defendants Has Any Relevance to the Instant Motion.

Finally, Diligence must respond to IPOC's strange decision to devote the first several pages of its Opposition Opposition to a re-hash the allegations in its Complaint—a Complaint that is the subject of four pending dispositive motions challenging its legal sufficiency. See Opp. at 3. The allegations in the Complaint simply have no bearing whatsoever on the instant Motion. The issue before the Court is whether IPOC's counsel has violated Orders of this Court entered in the KPMG FAS case and in this case. No matter what the Complaint alleges, it cannot justify or excuse any such violations of this Court's Orders by IPOC's counsel.

According to IPOC, the instant Motion is a nothing more than an attempt to "convince this Court to use its auspices in a cover-up of Defendants' abhorrent and illegal conduct designed to destroy IPOC, and the motion should be denied for that reason alone." Opp. at 3. Putting IPOC's over-heated verbiage aside, even if this were true (and it is not), it would hardly excuse IPOC's counsel from complying with this Court's Orders. Indeed, a federal district court recently rejected a similar ends-justify-the-means argument which attempted to excuse protective-order violations in In re Zyprexa Injunction, No. 07-CV 0504, 2007 WL 460838 (E.D.N.Y. Feb.

13, 2007). There, the court determined that it was not necessary to decide whether the public was better served by the conspiracy to flout the protective order entered in that case than by seeking revelation through amendment of the protective order:

> Even if one believes, as apparently did the conspirators, that their ends justified their means, courts may not ignore such illegal conduct without dangerously attenuating their power to conduct necessary litigation effectively on behalf of all the people. Such unprincipled revelation of sealed documents seriously compromises the ability of litigants to speak and reveal information candidly to each other . . . .

Id. at *7.

Equally irrelevant is IPOC's (inaccurate) charge that Defendants' have improperly attempted to delay this action. See Opp. at 2-3. Even if it were true (and it is not), any such attempts at delay would not excuse violations of this Court's Orders by IPOC's counsel. In particular, IPOC complains that non-party Hughes, Hubbard & Reed LLP ("HHR") designated the majority of its non-party production (pursuant to a subpoena from IPOC) as "Confidential" or "Attorneys' Eyes Only" pursuant to this Court's February 8, 2007 Protective Order (designations which Diligence largely has concurred with). This is no excuse for leaking protected information to the media. The Protective Order in this case outlines specific procedures available to IPOC to challenge the propriety of confidentiality designations. Contrary to IPOC's suggestion, its unhappiness with non-party HHR and Diligence's confidentiality designations, or with the pace at which this lawsuit is proceeding, is simply no excuse for its counsel disregarding Orders of this Court.[7]

---

[7] Among the many misleading (if not outright false) statements in the Opposition is IPOC's claim that "neither Diligence nor BGR have complied with their duty to produce documents responsive to IPOC's document requests." Opp. at 2. In fact, by agreement between Winston & Strawn LLP and undersigned counsel, Diligence will produce its documents three days after IPOC produces responsive documents to Diligence, reflecting the order in which discovery was served. Apparently unwilling to produce any documents, IPOC's counsel has ignored Diligence's recent

* * * *

In sum, IPOC has failed to establish any basis to deny Diligence the relief requested in the instant Motion. Accordingly, Diligence respectfully requests:

    (i)    That IPOC and its counsel be ordered not to divulge to any non-party any information that is either under seal pursuant to this Court's Orders entered in the <u>KPMG FAS</u> case or has been designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order entered in this case (all of the foregoing, collectively "Protected Information"); and

    (ii)    That IPOC's counsel be ordered to disclose to the Court and to the Defendants each and every instance in which it has shown, given, or otherwise disclosed Protected Information to a non-party or has verbally divulged Protected Information to a non-party, including a detailed description of the Protected Information involved in each such instance.[8]

## CONCLUSION

For the foregoing reasons and the reasons set forth in Diligence's opening memorandum, Diligence respectfully requests that the instant Motion be granted.

---

request that the parties agree to specific dates for each party's production.

[8] See, e.g., <u>Dialog Info. Servs., Inc. v. Am. Chem. Soc'y</u>, No. 90-1338, 1991 WL 283718, at *3 (D.D.C. Dec. 19, 1991) (ordering the plaintiff to cease and desist from using any documents or information produced by defendant in discovery for any purposes other than for that litigation and from disclosing such materials to third parties, and further ordering that the defendant was authorized to conduct reasonable discovery relating to the plaintiff's disclosure)

                    Respectfully submitted,

                    AEGIS LAW GROUP LLP

By:     /s/ Paul C. Rauser
       Paul C. Rauser (D.C. Bar No. 461722)
       Michael K. Ross (D.C. Bar No. 458573)
       901 F Street, N.W., Suite 500
       Washington, D.C. 20004
       T: 202-737-3500
       F: 202-737-3330

Dated: March 26, 2007               *Attorneys for Defendant Diligence Inc.*