UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. <br> 1:06CV01109 (PLF) (AK) |

**IPOC INTERNATIONAL GROWTH FUND LIMITED'S MOTION TO COMPEL DEFENDANT DILIGENCE TO ANSWER PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND FIRST SET OF INTERROGATORIES**

Plaintiff IPOC International Growth Fund Ltd. ("IPOC"), by counsel, hereby respectfully moves the Court to compel Defendant Diligence, LLC ("Diligence") to fully and completely Answer IPOC's First Set of Requests for Admissions ("Requests for Admission") and First Set of Interrogatories ("Interrogatories") (collectively "Discovery Requests"), within five days, and to direct Diligence to pay IPOC's costs incurred in connection with this motion. The grounds for this Motion are fully set forth in the accompanying Memorandum of Law.

After a good faith meet-and-confer, IPOC was unable to obtain Diligence's consent to the relief sought in this Motion.

March 29, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br> Defendants. | Civil Action No. <br> 1:06CV01109 (PLF) (AK) |

### IPOC MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT DILIGENCE TO ANSWER PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND FIRST SET OF INTERROGATORIES

Plaintiff IPOC International Growth Fund Ltd. ("IPOC"), by counsel, submits this Memorandum of Law in support of its Motion to Compel Defendant Diligence, LLC ("Diligence) to Answer IPOC's First Set of Requests for Admissions ("Requests for Admission") and First Set of Interrogatories ("Interrogatories") (collectively "Discovery Requests").

On January 30, 2007, in accordance with Federal Rules of Civil Procedure 33 and 36, respectively, IPOC served upon Diligence four Interrogatories and four Requests for Admission seeking information related to the (1) existence, location and condition of relevant documents, and (2) identity of persons with knowledge regarding documents within the scope of discovery (the "Discovery Requests"). Rather than respond to IPOC's Discovery Requests, Diligence proffered objections to each and every one of the Interrogatories and Requests for Admission (the "Objections") and provided absolutely no substantive response.

Diligence's Objections have no legal foundation and should be overruled, and, for reasons explained in more detail below, Diligence should be ordered to answer IPOC's eight (8) Discovery Requests within five days following entry of an order.

## FACTUAL BACKGROUND

IPOC's Complaint seeks relief for the tortious and illegal conduct of Diligence and Barbour, Griffith & Rogers ("BGR") calculated to destroy IPOC. Specifically, Defendants carried out plans that included, among other things, surreptitiously infiltrating a statutorily confidential investigation being conducted by KPMG Financial Services ("KPMG FAS") on behalf of the Bermudan government. KPMG FAS discovered that Defendants had penetrated the top-secret investigation and had purloined confidential materials only after the text from one of the stolen documents appeared verbatim in a brief submitted by IPOC's business rival in a proceeding in Zurich, Switzerland. KPMG FAS sued Diligence for fraud seeking monetary and injunctive relief and quickly obtained a restraining order against Diligence. IPOC was not a party to the case, but instead filed this case.

Diligence refused to respond substantively to a single one of IPOC's Requests for Admission or Interrogatories, although they are seek only the most basic discoverable information outlined by Federal Rule 26(b)(1). Although the Discovery Requests seek information regarding the existence, location and condition of documents, including whether Diligence has destroyed any document relevant to this case, Diligence refuses to provide any substantive answer at all, and instead proffers repetitive, conclusory objections.

### IPOC's Requests for Admissions (RFA) and Diligence's Responses

IPOC's four Requests for Admission and Diligence's responses[1], are set forth below:

**RFA No. 1.** Admit that Diligence has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations underlying the litigation between KPMG FAS and Diligence.

---

[1] Diligence also incorporates a host of conclusory "General Objections and Limitations" into each Request for Admission response.

2

**Response to RFA No. 1**    Diligence objects to this Request as vague, ambiguous, compound, unintelligible, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Diligence objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege and the attorney-work-product privilege.

**RFA No. 2**. Admit that Diligence has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case.

**Response to RFA No. 2**    Diligence objects to this Request as vague, ambiguous, compound, unintelligible, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Diligence objects to this Request to the extent it seeks information protected from disclosure under the attorney-client privilege and the attorney-work-product privilege.

**RFA No. 3**  Admit that Diligence developed and/or conceived a plan or strategy, or has a plan or strategy, to move documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States.

**Response to RFA No. 3**    Diligence objects to this Request as vague, ambiguous, compound, unintelligible, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**RFA No. 4**. Admit that Diligence has moved documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States.

**Response to RFA No. 4**    Diligence objects to this Request as vague, ambiguous, compound, unintelligible, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**IPOC's Interrogatories and Diligence's Responses:**

IPOC's four Interrogatories and Diligence's responses[2], are set forth below.

**Interrogatory No. 1.** Identify each and every document related to any dispute or litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case, that Diligence has at any time and/or by any means, destroyed or not retained within the United States.

> **Response to Interrogatory No. 1.** Diligence further objects to this Interrogatory on the grounds that it is unintelligible, compound, vague, ambiguous, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Interrogatory is premature and improper because: (i) IPOC has failed to provide its Initial Disclosures as required by Federal Rule of Civil Procedure 26(a); and (ii) it purports to require identification of documents that Diligence is not at this time required to produce to IPOC per parties' long-standing agreement, memorialized in writing, that Diligence will make its document production to IPOC three days after IPOC makes its document production to Diligence; to this date, IPOC has yet to make its document production to Diligence. Additionally, Diligence objects to this Interrogatory on the grounds that it is premature insofar as, under the Federal Rules of Civil Procedure, Diligence has not been required to file an answer in this action and has not done so, and further objects to the extent this Interrogatory seeks information protected from disclosure under the attorney-client privilege and the attorney-work-product privilege.

**Interrogatory No. 2.** Describe all discussions, documents and activities related to any plan to destroy any document, or to move any computer or server (computer, voice mail, email or fax) housing any such document, related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case.

> **Response to Interrogatory No. 2.** Diligence further objects to this Interrogatory on the grounds that it is unintelligible, compound, vague, ambiguous, overbroad, unduly burdensome, and not relevant to the claim or

---

[2] Diligence incorporates a host of conclusory "General Objections and Limitations" into each interrogatory response.

4

defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Interrogatory is premature and improper because: (i) IPOC has failed to provide its Initial Disclosures as required by Federal Rule of Civil Procedure 26(a); and (ii) it purports to require identification of documents that Diligence is not at this time required to produce to IPOC per parties' long-standing agreement, memorialized in writing, that Diligence will make its document production to IPOC three days after IPOC makes its document production to Diligence; to this date, IPOC has yet to make its document production to Diligence. Additionally, Diligence objects to this Interrogatory on the grounds that it is premature insofar as, under the Federal Rules of Civil Procedure, Diligence has not been required to file an answer in this action and has not done so, and further objects to the extent this Interrogatory seeks information protected from disclosure under the attorney-client privilege and the attorney-work-product privilege.

**Interrogatory No. 3.** Identify all persons who possess any knowledge of the destruction, or plan to destroy, any document or plan to move any computer or server (computer, voice mail, email or fax housing any such document) related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case and summarize each such person's knowledge.

> **Response to Interrogatory No. 3.** Diligence further objects to this Interrogatory on the grounds that it is unintelligible, compound, vague, ambiguous, overbroad, unduly burdensome, and not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Diligence objects to this Interrogatory on the grounds that it is premature insofar as, under the Federal Rules of Civil Procedure, Diligence has not been required to file an answer in this action and has not done so, and further objects to the extent this Interrogatory seeks information protected from disclosure under the attorney-client privilege and the attorney-work-product privilege.

**Interrogatory No. 4.** For each Request in Plaintiff IPOC International Growth Fund Limited's First Requests for Admission to Defendant Diligence, LLC that you deny, state each and every reason for your denial.

> **Response to Interrogatory No. 4.** Diligence further objects to this Interrogatory as inapplicable insofar as Diligence has not denied any such Request; rather Diligence properly has objected on legal grounds to the propriety of each such Request. Diligence further objects to this Interrogatory on the grounds that it seeks information protected from disclosure under the attorney-client privilege and attorney work-product privilege.

## ARGUMENT

### A. Rule 26(b)(1) Expressly Authorizes IPOC's Discovery Requests, and Diligence's Relevance Objections are Frivolous.

For all the Requests for Admission and three of the four Interrogatories (Nos. 1-3), Diligence objects that the requests "are not relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence." These objections are frivolous. Rule 26(b)(1) expressly authorizes discovery that inquires into the information IPOC seeks here: the existence, condition and location of documents and the identities of persons with knowledge of discoverable information. Fed. R. Civ. P. 26(b).

The plain language of Rule 26 provides that a party may seek discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party, <u>including the existence, description, nature, custody, condition, and location of any books, documents</u>, or other tangible things <u>and the identity and location of persons having knowledge of any discoverable matter</u>." Fed. R. Civ. Pro. 26(b)(1) (emphasis added). This language specifically applies to discovery requests seeking information concerning the existence, custody or condition of documents. *Doe v. District of Columbia*, 230 F.R.D. 47, 56 (D.D.C. 2005) (quoting Rule 26 (b)) ("Plaintiff may, therefore, request information as to the "existence," "custody," or "condition" of documents."). Diligence's objection to Requests for Admission Nos. 1-4 and Interrogatories 1-3 on the basis of relevance should be overruled.

### B. Because Rule 26(b) Prohibits Refusal to Respond on The Ground of Privilege, Diligence's Privilege Objections are Frivolous.

Diligence objects to two of the four Requests for Admissions (Nos. 1 and 2) and all the Interrogatories because, Diligence asserts, they "seek[] information protected from disclosure under the attorney-client privilege and the attorney work-product privilege." These objections are in violation of Rule 26 and are frivolous. If Diligence claims privilege as to any information

6

sought by a Discovery Request on the ground of privilege, then Diligence is required to provide a privilege log identifying the information claimed to be privileged.

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5)(A). Diligence, however, does not identify one single piece of information or document that it claims to withhold on the ground of either attorney-client privilege or work-product doctrine and provides no privilege log. *United States, ex rel. Pogue v. Diabetes Treatment Ctrs. of America*, 235 F.R.D. 521, 523 (D. D.C. 2006) (Challenge to discovery on the ground privilege foreclosed by failure to provide privilege log).

But beyond Diligence's hollow claim of privilege, Diligence provides no explanation for how the information sought by IPOC would infringe on either privilege. In fact, merely asking about the existence and condition of documents does not infringe a privilege, even when the actual contents of the documents may be privileged. *Weddington v. Consolidated Rail Corp.*, 101 F.R.D. 71, 75-76 (N.D. Ind. 1984) ("Whether a particular document exists, what its nature may be, and in whose custody it may be, may be readily ascertainable by interrogatory. . . . Even if the documents sought were gathered by an attorney in preparation for trial, an interrogatory may still be used to confirm the existence, though not the contents, of those documents.").

Thus, Diligence's objections to Requests for Admission Nos. 1 and 2 and Interrogatories 1-4 should be overruled. IPOC's Requests for Admission and Interrogatories do not invade any privilege. Diligence should be required to respond fully to the Discovery Requests.

C.  **Diligence's Generic And Repetitive Objections, Interposed Without Explanation, Are Improper and Frivolous.**

Diligence asserts that every request, except Interrogatory No. 4, is objectionable "as

7

vague, ambiguous, compound, unintelligible, overbroad, unduly burdensome." Diligence provides no explanation of precisely how any of IPOC's discovery requests fall within any one or more of these conclusory objections. These boilerplate objections are, therefore, insufficient and improper because Diligence utilizes them to avoid its responsibility to honestly reply to discovery requests.

All parties "have a duty to provide true, explicit, responsive, complete and candid answers" to discovery requests. *Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 53, 61 (D.D.C. 1984). Where a party files "boilerplate objections" to discovery requests, it must provide a detailed description of how exactly the request is vague, overbroad, or burdensome. As this court has stated, "[a]s to the general objection on the grounds of undue burden, this Court notes the well-documented rule that a party objecting to an interrogatory on this basis must explain in detail how the interrogatory is burdensome." *United States, ex rel. Pogue v. Diabetes Treatment Ctrs. of America*, 235 F.R.D. 521, 523 (D.D.C. 2006). An objection to a discovery request "must show specifically how" the request "is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *Chubb Integrated*, 103 F.R.D. at 60; *see also Securities and Exchange Comm'n v. Bilzerian*, No. 89-1854, 1989 U.S. Dist. LEXIS 9013, at *2 (D.D.C. Aug. 2, 1989) ("Objections based on conclusory statements regarding burdensomeness and expense are seldom very successful. In order for objections of that type to be sustained, a party must concretely demonstrate to the court's satisfaction the alleged burdensomeness or expense[.]"). Without the necessary showing, a court is unable to determine if the objection has merit:

> [W]ith regard to burdensomeness objections, defendant merely states, in conclusory fashion, that the requests are unduly burdensome. That too is insufficient. There is nothing in defendant's responses which permits the Court to ascertain why or how the request is burdensome in order to make a ruling.

*Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998).

Without question, Diligence's objections fail to meet these standards  Diligence does not even pretend to offer objections specific to any particular discovery request, but instead just repeats these generic objections that it already states in the "general objections and limitations" section of its response.  These objections should be overruled.

D.     **Diligence's Other "Objections" Are Unfounded.**

Diligence goes beyond its generic objections in response to only two of IPOC's interrogatories.  Diligence complains that IPOC has not met all of its discovery obligations and that the discovery requests are premature.  See Responses to Interrogatory Nos. 1 and 2.  Diligence provides no legal basis for the proposition that these objections excuse it from responding to IPOC's requests, because there is no legal support for these objections.  "A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery.  To do so causes unnecessary delay." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996).

It should be noted that IPOC promptly responded to Diligence's interrogatories.

E.     **Diligence Should Pay IPOC's Costs.**

There is no legal support for any objection asserted by Diligence to the Interrogatories or Request for Admissions.  Diligence's tactics have done nothing but waste the time of this Court and Plaintiff.  Because Diligence has no legal basis for any of the objections it asserts, because its objections are designed simply to force IPOC to engage in needless motions practice, and because its objections waste the time of this Court, IPOC requests the Court to award IPOC the cost incurred in connection with this motion including attorney's fees incurred in bringing this motion. Fed. R. Civ. Pro. 37 (a).

**CONCLUSION**

For all of the reasons discussed above, IPOC moves this court to direct Diligence to answer, fully and completely, within five (5) days, IPOC's Requests for Admission and Interrogatories, direct Diligence to pay IPOC's costs incurred in connection with this motion and to grant IPOC leave to submit a statement of costs incurred in connection with this motion.

March 29, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2007, I caused the foregoing Motion to Compel Defendant Diligence to Answer Plaintiff's First Set of Requests for Admission and First Set of Interrogatories to be served electronically, via the Court's electronic filing system, on:

Michael Ross
Paul C. Rauser
Oliver Garcia
Aegis Law Group LLP
901 F. Street, N.W., Suite 500
Washington, DC 20004
*Counsel for Defendant Diligence LLC*

and

Edward B. MacMahon, Jr.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
*Counsel for Defendant Barbour Griffith & Rogers LLC*

                                           /s/
                                  Carol A. Joffe