UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, and BARBOUR, GRIFFITH AND ROGERS, LLC, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S OPPOSITION TO BARBOUR GRIFFITH & ROGERS, LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY W. GORDON DOBIE SHOULD NOT BE HELD IN CONTEMPT**

# EXHIBIT 2

HENRY A. WAXMAN, CALIFORNIA
CHAIRMAN

TOM DAVIS, VIRGINIA
RANKING MINORITY MEMBER

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives
COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6143

Majority (202) 225-5051
Minority (202) 225-5074

March 12, 2007

Gordon Dobi
Winston & Strawn LLP
35 Wacker Drive
Chicago, IL 60601

Dear Mr. Dobi:

On February 26, 2007, *Business Week* published allegations that a company called the Alfa Group Consortium hired Barbour Griffith & Rogers LLC and Diligence LLC to obtain confidential business information about IPOC International Growth Fund Ltd.[1] The article alleges that Diligence engaged in corporate espionage against IPOC and its auditor, KPMG Financial Advisory Service Ltd., through an operation it referred to as "Project Yucca."

The article also notes that on June 15, 2006, IPOC sued Diligence and Barbour Griffith & Rogers in U.S. District Court in Washington. On February 7, 2007, your firm filed an Amended Complaint on behalf of IPOC in U.S. District Court for the Southern District of New York, which alleged that the Alfa Group conspired to "perpetrate a vast international scheme to misappropriate millions of dollars" from IPOC and the U.S. Treasury.[2]

I request that you provide the Committee with any information and documents in your possession or control relating to these allegations.

The Committee on Oversight and Government Reform is the principal oversight committee in the House of Representatives and has broad oversight jurisdiction as set forth in House Rule X. Under House Rule XI, clause 2(m), the Committee has the authority to subpoena the production of documents it considers necessary in carrying out its oversight functions. An

---

[1] *Spies, Lies & KPMG*, Business Week (Feb. 26, 2007).

[2] *IPOC International Growth Fund, Ltd. v. Leonid Rozhetskin, et al.*, Am. Compl., 06 Civ. 4338 (JVM) (S.D.N.Y. Feb. 7, 2007).

Gordon Dobi
March 12, 2007
Page 2

attachment to this letter provides additional information on how to respond to the Committee's request.

If you have any questions regarding this request, please contact John Williams or Steven Glickman with the Committee staff at (202) 225-5420.

Sincerely,

Henry A. Waxman
Chairman

Enclosure

cc.   Tom Davis
      Ranking Minority Member