UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>        Plaintiff,<br>v.<br><br>DILIGENCE, LLC, and BARBOUR, GRIFFITH AND ROGERS, LLC,<br><br>        Defendants. | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

**PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S OPPOSITION TO BARBOUR GRIFFITH & ROGERS, LLC'S MOTION FOR ORDER TO SHOW CAUSE WHY W. GORDON DOBIE SHOULD NOT BE HELD IN CONTEMPT**

# EXHIBIT 3



# Eye on Corporate Espionage

March 14, 2007
*By Kate Ackley,*
*Roll Call Staff*

A bizarre web of legal cases involving corporate spying and one of Washington, D.C.'s top lobbying firms has piqued the curiosity of of a Congressional committee that has broad oversight powers.

Rep. Henry Waxman (D-Calif.), chairman of the House Oversight and Government Reform Committee, this week sent a letter to a lawyer whose client is suing the lobby firm Barbour Griffith & Rogers and Diligence, a corporate intelligence boutique also based in Washington, D.C.

The letter was sent to Gordon Dobie, a partner with Winston & Strawn, which represents IPOC, a Bermuda-based hedge fund. In its lawsuit, IPOC alleges that Diligence employees, working for Barbour Griffith & Rogers and its client Alfa Bank, impersonated U.S. and British intelligence agents to covertly obtain proprietary information through IPOC's auditor.

"I request that you provide the Committee with any information and documents in your possession or control relating to these allegations," Waxman wrote to Dobie. Waxman's letter cited a BusinessWeek magazine story from Feb. 26 that detailed how a Diligence employee, impersonating a British MI5 agent, coaxed a KPMG employee to turn over private IPOC data.

"The article alleges that Diligence engaged in corporate espionage against IPOC and its auditor, KPMG ... through an operation it referred to as 'Project Yucca,' " the Waxman letter adds.

Diligence settled a lawsuit already with KPMG, but many of those records about Diligence's work for Barbour Griffith and its client, Alfa, remain sealed.

The Waxman inquiry, sources familiar with the litigation say, could result in making those documents public and possibly exposing more details about a matter already filled with plenty of intrigue and putting a lobbying firm in the unenviable situation of going under the Congressional microscope.

"We are pleased that the Committee is looking into the Diligence-Alfa Group fraud," Dobie wrote in a statement provided to Roll Call. "We will comply fully with Chairman Waxman's request for more information." (Waxman's letter asserts the chairman's power to subpoena the documents.)

A committee spokeswoman said it was "too early to know" what the committee might do with the information.

IPOC, which court documents filed by Barbour Griffith attorneys called "a money laundering front," and Alfa both were trying to buy a Russian company called MegaFon in 2005 when court documents say Diligence orchestrated "Project Yucca."

"The Committee will further learn how Alfa Group, its lobbyists and their agents broke U.S. laws and undermined national security by impersonating federal agents, and is alleged in litigation to have harmed a business rival by committing a billion dollar fraud," Dobie added in his statement.

Edward MacMahon Jr., a lawyer representing Barbour Griffith, said he was not aware of the request

from Waxman.

"I don't know that anybody at the firm has been contacted," he said. Lawyers for Diligence did not return calls seeking comment. Barbour Griffith also did not return a call seeking comment.

According to sources familiar with the documents that are to be turned over to Waxman's committee, the documents will include a sworn affidavit that details how Diligence employees pretended to be CIA agents to get secret IPOC information and information on other companies. The currently sealed documents also will show that Diligence employees and at least one KPMG employee were tape-recorded, and that the tape was played for at least one Barbour Griffith employee, said two sources familiar with the content of the documents.

"Some of these documents are protected by legal privilege, but Congress is not bound by that," said one source familiar with the matter.

There are two big federal cases pending related to this, including a racketeering case in New York that IPOC filed against Alfa Group in which IPOC's lawyers allege that Diligence "employees Nick Day, Gretchen King and others traveled to Bermuda as part of the operation" saying that King impersonated a CIA agent as "Liz from Langley." Documents in that case also say the "misappropriated information was used by Alfa's ally in litigation against IPOC concerning MegaFon stock and also leaked to the press." In that case, IPOC is asking for $150 million, plus return of "property stolen by Defendants." (Neither Barbour Griffith nor Diligence is named as a defendant in that case.)

IPOC is suing Barbour Griffith and Diligence in U.S. District Court for the District of Columbia and is asking the court to say that Diligence and Barbour Griffith have violated such laws as the Computer Fraud and Abuse Act. IPOC also has asked the court to prevent Diligence and Barbour Griffith from using any of the information it obtained from KPMG and for damages of an unnamed amount but exceeding $75,000.

One of the many documents filed in the case includes an e-mail between Barbour Griffith employees in which the firm's Keith Schuette writes to name partner Ed Rogers about the Diligence-KPMG lawsuit in early 2006. "It has attracted no attention thus far, but I cannot imagine that it will remain quiet forever."

Copyright 2007 © Roll Call Inc. All rights reserved.