UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 06-1109 (PLF/AK) |
| ) | |
| DILIGENCE, LLC, *et al.*, ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Barbour Griffith & Rogers, LLC's Motion for an Order Compelling Plaintiff to Answer Interrogatories and Request for Production of Documents ("Motion") [90], Plaintiff IPOC's opposition to the Motion ("Opposition") [94], and Defendant's reply to the Opposition ("Reply") [97]. Defendant Barbour Griffith & Rogers ("BGR") moves this Court for an Order compelling Plaintiff IPOC to respond to Interrogatories Nos. 1, 3, 7 and 11, and Document Requests Nos. 5, 6, 13, 14, 15, 18, 19, 20, 21, and 24, on grounds that Defendant has "properly requested information and documents that bear directly on the viability of plaintiff IPOC's claims and BGR's anticipated affirmative defenses to those claims." (Memorandum in support of Motion ("Memorandum") at 1).[1]  Plaintiff disputes that the information requested is related to "any claim or defense in the case." (Opposition at 1.)

I. Legal Standard

Fed. R. Civ. P. 26(b)(1) authorizes discovery "regarding any matter, not privileged, that is

---

[1] In its Complaint, IPOC alleges that BGR and Diligence "improperly obtained information about IPOC and distributed that information to IPOC's 'litigation adversaries' who in turn allegedly used that information in an arbitration proceeding against IPOC held in Zurich." (Memorandum at 3; Complaint ¶21.)  IPOC's Complaint further alleges a private right of action under the Computer Fraud and Abuse Act, 18 U.S.C. §1030 ("CFAA"). (Complaint ¶29.)

relevant to the claim or defense of any party." "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (citing Fed. R. Civ. P. 26(b)(1)). Once a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable. *See Alexander v. Federal Bureau of Investigation*, 194 F.R.D. 316, 325 (D.D.C. 2000).

Pursuant to Fed. R. Civ. P. 26(b)(2)(iii), the court may limit discovery on its own initiative, if it determines that the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving those issues." *See Hammerman v. Peacock*, 108 F.R.D. 66, 67 (D.D.C. 1985) (Rule 26(b)(1) was amended to give the court the power, *sua sponte*, to limit discovery.) *See also United States v. Krizek*, 192 F.3d 1024, 1029 (D.C. Cir. 1999) (A trial court has considerable discretion over discovery matters); *Food Lion, Inc. v. United Food and Commercial Workers Int'l. Union,* 103 F.3d 1007, 1012 (D.C. Cir. 1997) ("[A] district court's decision to permit or deny discovery is reviewable only for an abuse of discretion.") (citation omitted).

## II. Analysis of Contested Interrogatories
### A. Interrogatory No. 1

BGR's Interrogatory No. 1 requests that IPOC "identify . . . all persons who answered these Interrogatories as well as anyone who assisted in answering. . . ." (Memorandum at 6.) IPOC contends that its answer to Interrogatory No. 1, stating that "counsel prepared the answers

to BGR's Interrogatories" is sufficient. (Opposition at 9.)[2] The Court finds this response to be inadequate, on its face, particularly in light of the fact that IPOC's responses were verified by Mads Braemer-Jensen, an IPOC director, and thus, someone other than counsel obviously provided information in response to the Interrogatories. IPOC asserts that identification of those persons who participated in responding to Interrogatories would "invade the attorney-client privilege" but the Court finds that identification of such persons will not result in the disclosure of any attorney-client privileged information that was exchanged. Furthermore, pursuant to Fed. R. Civ. P. 26, IPOC should have already disclosed those persons having discoverable information that may be used to support its claims. Accordingly, the Court finds that IPOC must supplement this response by identifying those persons who aided counsel in responding to BGR's Interrogatories.

Interrogatory No. 3

In Interrogatory No. 3, BGR requests the "name, address, and telephone number of each and every person or entity who possesses, directly or indirectly, a beneficial or ownership interest in IPOC" and identification of the "officer or director or other person with authority who authorized the filing of this action." (Memorandum at 7.) BGR argues that this information is relevant to IPOC's alleged criminality, which is a key defense. BGR's argument in support of compelling a response to this inquiry is a reiteration of an argument propounded by Defendant Diligence, in its Motion for an Order Compelling [IPOC] to Answer Interrogatories [55]. This

---

[2]Fed. R. Civ. P. 33(a) states, in relevant part, that interrogatories directed to a public or private corporation or a partnership, association or governmental agency shall be answered "by any officer or agent, who shall furnish such information as is available to the party." Fed. R. Civ. P. 33(b)(2) states that "[t]he answers are to be signed by the person making them . . . ."

Court denied that Motion [55] without prejudice, finding that "Diligence's request for information relating to the beneficial ownership of IPOC, its affiliates and subsidiaries is therefore grounded on the faulty premise that there is a connection between IPOC's alleged criminal actions and the claims it is pursuing against Diligence [and BGR]. . ." (Memorandum Order [89] at 6.)

BGR asserts alternatively that such information is relevant with regard to: 1) IPOC's reference in the Complaint [¶15] to "its affiliates;" 2) BGR's need to know who has information about IPOC's business expectancies and whether the allegations of criminality in the Zurich Arbitration are true; 3) identification of potential deponents; and 4) testing IPOC's claim of diversity jurisdiction. (Memorandum at 7-8.) With regard to #1 above, while IPOC has generally referenced "affiliates" in Paragraphs 15 and 16 of its Complaint, there are no specific allegations or claims for damages involving such affiliates, which would warrant an inquiry into beneficial ownership. Regarding # 2 above, the Court has already addressed whether Defendants' inquiry about beneficial owners is relevant to IPOC's purported criminality, the Zurich Arbitration and IPOC's claim for business expectancies regarding that Arbitration. For the reasons set for in the Memorandum Order [89] at 6-9, the relevance of such inquiries was denied without prejudice, and that reasoning is incorporated by reference herein.

Focusing on #3 above, the Court notes that BGR can ascertain information about potential deponents by requesting information about persons with knowledge of IPOC's allegations. Regarding # 4 above, there has been no challenge to jurisdiction, on grounds of diversity or subject matter nor is a motion to compel the appropriate vehicle for such challenge. Accordingly, the Court finds that the arguments proffered by BGR do not justify compelling

IPOC to respond to Interrogatory No. 3, but such denial will be without prejudice to renew at a later date, based on a showing of relevance.

Interrogatories Nos. 7 and 11

BGR's Interrogatory No. 7 requests that IPOC identify certain facts relied upon in making the allegations contained in Paragraphs 31 and 32 of the Complaint. (Memorandum at 8.)[3] BGR's Interrogatory No. 11 requests that IPOC "itemize all damages" claimed. (Memorandum at 12.) IPOC responded to both of these Interrogatories in a summary fashion, additionally indicating that such responses will be supplemented as discovery progresses.[4] The Court finds that IPOC's acknowledgment that such responses will be supplemented is sufficient, with the understanding that BGR may challenge the sufficiency of such supplementation.

III. Analysis of Contested Document Requests
Document Requests Nos. 5, 6, 15, and 24

Document Request No. 5 asks for "[a]ll documents received from KPMG FAS related to or referring to either defendant. (Memorandum at 14.) Document Request No. 6 demands production of the "Final Report from the Bermuda Investigation and any drafts of that Report. . . ." (Memorandum at 15.) Request No. 15 seeks documents "relating to each and every Communication between IPOC and the Government of Bermuda relating to the IPOC Investigation." (Memorandum at 17.) Request No. 24 asks for "Agreements or Contracts

---

[3] Paragraphs 31 and 32 of the Complaint allege violations of the computer Fraud and Abuse Act, 18 U.S.C. §1030.

[4] The Court notes that IPOC's initial response to Interrogatory No. 11 is a reference to its response to Interrogatory No. 6. Such cross-referencing of responses is insufficient pursuant to Fed. R. Civ. P. 33(b)(1), stating that "[e]ach interrogatory shall be answered separately and fully in writing . . . ."

between IPOC and KPMG FAS." (Memorandum at 19.)

In its Opposition, IPOC responds to these 4 requests together, indicating that it has agreed to produce:

> (1) all documents produced by Hughes Hubbard & Reed LLP ("HHR"), the law firm that represented KPMG FAS in the lawsuit against Diligence; (2) communications between IPOC and the Government of Bermuda related to both this action and Diligence or BGR; (3) communications between IPOC and KPMG FAS sufficient to identify the agreement alleged in the Complaint concerning the confidentiality of the Bermuda Investigation.

(Opposition at 7.)  IPOC has also agreed to produce "communications with the Government of Bermuda related to this action and Diligence or BGR, to the extent that such documents exist" [Request No. 15] and documents "evidencing the agreement between IPOC and KPMG FAS [Request No. 24]."  (Opposition at 9.)  IPOC asserts that Bermuda law prohibits disclosure of the Investigation Report unless authorized by IPOC, and further, that such Investigation is not relevant to the claims and defenses asserted in this case.

In its Reply [97], BGR does not respond to IPOC's promise to produce documents that are responsive to the aforementioned Requests.  BGR does however continue to contest IPOC's refusal to produce the Bermuda Investigation.  Notably, in the January 31, 2007 Memorandum Order [89], this Court found there was "no connection between the Bermuda Investigation findings, which are not a subject of this litigation, and Defendant [Diligence's] request for information that supposedly fleshes out these findings."  ([89] at 9.)  Accordingly, the Court finds that IPOC's responses to Documents Requests Nos. 5, 15, and 24 are sufficient, with the proviso that such production should be implemented in a timely manner.  The Court denies without prejudice BGR's Motion to  compel a response to Document Request No. 6.

<u>Document Request No. 18</u>

BGR seeks documents that relate to the damages sought in this matter, limited, at this time, to "damages sought under the FCAA." (Memorandum at 18.) IPOC responds by indicating its intention to produce documents identifying fees "paid by IPOC to KPMG FAS . . ." and documents "regarding the amounts paid to BGR and/or Diligence by their clients in regard to their [alleged] illegal conduct . . ." and any other documents relating to damages in this case. (Opposition at 13.) The Court finds this response to be sufficient, again, with the proviso that these documents need to be timely provided to BGR.

Documents Requests Nos. 19, 20, and 21

These Requests require IPOC to produce documents relating to the computers that were allegedly "illegally accessed," [Request No. 19] including any forensic reports [Request No. 20] and the actual computers [Request No. 21.] In its Motion, BGR argues that "IPOC can reasonably be expected to have performed some tests or possess some written information that refers or relates to the computer or computers at issue in this case." (Memorandum at 18.) BGR also acknowledges that if IPOC does not possess these documents, "it should say so." (*Id.*) IPOC responds by stating that the computers in question belong to KPMG FAS and therefore, IPOC does not possess any documents, including forensic reports, relating to such computers, nor does it possess the computers themselves. The Court finds this response to be sufficient.

Documents Requests Nos. 13 and 14

These two Requests seek documents relating to "Communication between IPOC and Mr. Reiman relating to the IPOC Investigation, this action, Diligence and/or BGR" [Request No. 13] and documents constituting "evidence of any criminal investigation . . . naming Jeffrey Galmond, Mr. Reiman, IPOC and/or any officer, director, agent or employee of IPOC [Request No. 14]."

This Court has already ruled that inquiries regarding criminal activity by IPOC are not relevant to the allegations contained in the Complaint underlying the instant case, and such inquiry has been denied without prejudice.  Similarly, the need for production of information regarding the IPOC Investigation [Zurich Investigation] has also been denied because that Investigation is not the subject of this litigation.  Whether Mr. Reiman communicated to IPOC regarding "this action, Diligence and/or BGR" is a vague and overly broad inquiry, which will also be denied without prejudice.

It is this 6th day of April, 2007, accordingly,

ORDERED that Defendant Barbour Griffith & Roger's Motion for an Order Compelling Plaintiff to Answer Interrogatories and Requests for Production of Documents [90] be and hereby is **granted in part** and **denied in part**.  IPOC has acknowledged that it will provide a response to Interrogatories 7 and 11, and Document Requests Nos. 5, 15, 18, and 24. IPOC must also respond fully to BGR's Interrogatory No. 1. Those responses should be provided within 15 days from the date of this Memorandum Order.  The Court finds that because BGR's Interrogatory No. 3, and Document Requests Nos. 6, 13, and 14 merely reiterate the inquires that were posed by Defendant Diligence and rejected by this Court in its Memorandum Order [89], the Motion should be denied relating to those discovery requests.  Such denial is without prejudice to renew at a later date, based on a showing of relevance.  IPOC has indicated that it does not possess any responsive information regarding Document Requests Nos. 19-21 and thus, no further response to those Requests need be compelled.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE