IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> vs. <br><br> DILIGENCE, LLC, et al. <br><br> Defendants. | Civil No. 06-1109 (PLF)/(AK) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY W. GORDON DOBIE SHOULD NOT BE HELD IN CONTEMPT**

# EXHIBIT A



# Waxman Drops Inquiry Into Alleged Espionage

By: Jeff Patch

April 2, 2007 05:32 PM EST

Rep. Henry A. Waxman (D-Calif.), the chairman of the House Committee on Oversight and Government Reform, has dropped his inquiry into allegations that Barbour Griffith & Rogers and Diligence engaged in corporate espionage, his spokeswoman said.

The congressman ended the preliminary inquiry with a letter he sent March 22 to W. Gordon Dobie, a partner at the Chicago law firm of Winston & Strawn. Waxman first wrote Dobie on March 12, when he sought documents related to a civil dispute between one of Winston & Strawn's clients, IPOC International Growth Fund of Bermuda, and a Russian conglomerate, Alfa Group Consortium. The letter was prompted by a BusinessWeek story that ran Feb. 26.

The dispute stems from a complicated corporate fight the two are waging over control of a Russian cell phone company. BGR has lobbied for Alfa since 2002 and hired Diligence, an international intelligence firm, to obtain information from an investigation of IPOC. According to legal documents, IPOC contends that BGR broke U.S. laws when two of its contracted representatives impersonated British and U.S. intelligence operatives.

Lawyers and officials with BGR and Diligence have denied wrongdoing. Diligence officials said the investigative techniques used during a 2005 operation in Bermuda called Project Yucca broke no laws and that their inquiry was prompted by allegations of corporate wrongdoing by IPOC.

IPOC sued Diligence and BGR in June 2006 in the U.S. District Court for the District of Columbia. According to the suit, Nick Day, the CEO of Diligence, and Gretchen King, then a Diligence intern, posed as intelligence operatives to obtain a preliminary copy of a KPMG audit of IPOC. No federal agency or office other than Waxman's committee has indicated that it is investigating IPOC's allegations -- specifically that King impersonated a CIA official by introducing herself as "Liz from Langley" during the operation.

Oversight committee staffers met frequently with Winston & Strawn lawyers before Waxman first wrote Dobie, according to people familiar with the inquiry. Minority staffers said they pushed for the committee to drop the inquiry because of House rules prohibiting members from taking investigative action that would advance the interests of a party in litigation.

According to court documents filed by Diligence, Switzerland's Supreme Court recently upheld an arbitration decision that found IPOC to be a money-laundering organization and denied it ownership rights to the Russian cell phone company MegaFon. The government of Bermuda has moved to dissolve IPOC, and a court could decide on this by April 27.

The most recent flurry of filings from Diligence seeks to stop Winston & Strawn from

allegedly disclosing sealed documents in the case. An April 13 hearing has been set to argue the matter.

An outside attorney for BGR and an attorney for Aegis Law Group LLP, the law firm representing Diligence, said no one on the oversight committee asked them for documents. The lawyers said they provided no information to the committee and declined to comment for this article. Day declined comment as well.

Lawyers for Winston & Strawn also declined comment, citing instructions from majority staff on the oversight committee to not speak to the press about the process of the investigation.

TM & © THE POLITICO & POLITICO.COM, a division of Allbritton Communications Company

