UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DILIGENCE, LLC, et. al )<br>)<br>Defendants. ) | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

DECLARATION OF DEREK J.T. ADLER
IN SUPPORT OF NON-PARTY
HUGHES HUBBARD & REED LLP'S
MOTION FOR EXTENSION OF TIME

Derek J.T. Adler declares the following, under penalty of perjury:

1. I am partner at Non-Party Hughes Hubbard & Reed LLP ("Hughes Hubbard"), which has been served with a Subpoena by the Plaintiff in this proceeding. I submit this Affirmation in support of Hughes Hubbard's motion for a one week extension of time to respond to Plaintiff's Motion Pursuant to the Protective Order to Remove Confidentiality Designations.

2. Plaintiff served a non-party subpoena (the "Subpoena") on Hughes Hubbard on or about July 14, 2006. The Subpoena sought documents concerning a related, but now concluded, action entitled *KPMG Financial Advisory Services Ltd et al v. Diligence LLC*, in which Hughes Hubbard was counsel for the Plaintiff.

3. By letter to Plaintiff's counsel dated July 21, 2006, I gave written notice of Hughes Hubbard's objections to the Subpoena. Among other issues, I noted that (not surprisingly for a subpoena served on counsel) the bulk of the material sought by the Subpoena is covered by the attorney-client and/or work product privileges.

4. Over the course of the following week I conferred in good faith with Plaintiff's counsel and agreed on a narrowed scope of production that would address Hughes Hubbard's objections to the Subpoena. This agreement was reflected in an email dated July 27, 2006. One of the conditions for our production was that the parties to this action would "enter a standard confidentiality order protecting [the] materials from use outside of the proceedings, etc." Such protection is necessary because a substantial proportion of the documents to be produced by Hughes Hubbard consist of or incorporate confidential information that was stolen from my clients. Much of the information concerns a statutory investigation that is required to be kept confidential under Bermuda law. Other materials include confidential information about KPMG's business as well as personal information about KPMG employees.

5. Discovery in this matter was subsequently stayed, delaying Hughes Hubbard's production. On or about October 14, 2006, counsel for Plaintiff informed us that the stay had been lifted and urged us to make our production as soon as possible. But no protective order governing the confidentiality of discovery materials had yet been entered. Nevertheless, as an accommodation, we made an immediate production of the materials Plaintiff considered most important, based on Plaintiff's counsel's written undertaking to handle these materials on an "attorneys' eyes only" basis. This undertaking was confirmed in counsel's letter of October 19, 2006.

6. On or about February 8, 2007, Plaintiff's counsel informed us that the Protective Order Governing Confidentiality and Inadvertent Disclosure (the "Protective Order") had been entered by the Court and that we could therefore complete our production.

7. On February 12, 2007 Hughes Hubbard made its production in accordance with the scope agreed with Plaintiff in our previous meet and confer sessions. Hughes Hubbard has produced several thousand pages of material, as well as several disks.

8. By letter dated February 20, 2007, Plaintiff's counsel raised various questions about Hughes Hubbard's production. This letter included a blanket request that Hughes Hubbard remove all confidentiality designations from its production.

9. After several further letters and conversations, Plaintiff's counsel sent a letter dated March 15, 2007 enumerating specific documents Plaintiff asked to be de-designated.

10. We gave careful consideration to Plaintiff's objections to Hughes Hubbard's confidentiality designations. Indeed we undertook a page-by-page re-review of our entire production in light of the concerns expressed by Plaintiff's counsel.

11. By letter dated March 23, 2007, we informed Plaintiff's counsel that we would agree to remove the confidentiality designation from several hundred pages of our production. We also proposed that the confidentiality designation could be removed from other materials if sensitive information were redacted from them.

12. We did not hear anything further from Plaintiff's counsel until April 13, 2007, when they served Plaintiff's Motion Pursuant to Protective Order to Remove Confidentiality Designations. Plaintiff's motion is untimely under the express terms of the Protective Order. Paragraph 17 of the Protective Order requires a motion challenging confidentiality designations to be brought "not later than five (5) court days" after the unsuccessful meet and confer session.

13. Under the rules, Hughes Hubbard's opposition is due on Tuesday April 24, 2007.

14. On Wednesday, April 18, 2007, I telephoned Plaintiff's counsel Carol Joffe and requested a one week extension of our time to file our opposition to Plaintiff's motion. I explained that previously scheduled hearings, and a trip to the Far East on a client matter, would make it exceedingly difficult for me to devote the time necessary to respond properly to Plaintiff's motion.

15. On Friday afternoon, April 20, 2007, Ms. Joffe finally let me know that Plaintiff was refusing to consent to <u>any</u> extension of time.

16. Responding to Plaintiff's motion is not a trivial task, since it involves presenting our detailed basis for designating the remaining several hundred pages of documents as confidential. As the person who has had primary conduct of this matter throughout, the burden falls on me to prepare our response. But, as noted, my pre-existing case and travel commitments prevent me from devoting the proper time to the task during the time allowed.

17. As a non-party, Hughes Hubbard should not be subjected to any undue burdens in responding to the Subpoena. <u>See</u> Fed. R. Civ. P. 45(c)(1) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.").

18. Plaintiff will not suffer any prejudice from a one-week extension of Hughes Hubbard's time to respond to the motion. I understand that discovery is at an early stage, and I believe that the parties themselves have not yet exchanged documents. More significantly, <u>Plaintiff has already received all of the materials Hughes Hubbard has</u>

<u>agreed to produce</u>. A one-week delay will not hamper Plaintiff's ability to prosecute its action and proceed with appropriate party discovery.

19.     Accordingly, we respectfully request that our time to respond to Plaintiff's motion be extended to and including May 1, 2007.

20.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2007.

_____
Derek J.T. Adler