## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **IPOC INTERNATIONAL GROWTH FUND LIMITED,** | ) ) ) | |
| **Plaintiff,** | ) | |
| **v.** | ) ) | **Civil Action No.** **1:06CV01109 (PLF) (AK)** |
| **DILIGENCE, LLC, et. al** | ) ) | |
| **Defendants.** | ) | |

### IPOC INTERNATIONAL GROWTH FUND LIMITED'S
### REPLY MEMORANDUM IN SUPPORT OF IPOC'S MOTION TO COMPEL
### DILIGENCE TO ANSWER PLAINTIFF'S FIRST SET OF REQUESTS FOR
### ADMISSION AND FIRST SET OF INTERROGATORIES

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, submits this memorandum in reply to Defendant Diligence, LLC's ("Diligence") Opposition to IPOC's Motion to Compel Diligence to Answer IPOC's First Set of Requests for Admission and First Set of Interrogatories ("Opposition Brief").

IPOC's First Set of Interrogatories and First Set of Requests for Admission ("IPOC's Discovery") are straightforward and propounded in accordance with the Federal Rules of Civil Procedure. Diligence's Opposition offers no support for its refusal to respond to IPOC's reasonable Discovery. Instead, Diligence reiterates the general, "boilerplate" objections served upon IPOC in lieu of responses to IPOC's Discovery. Finally, and quite significantly, Diligence asserts that it cannot produce a privilege log as required by Rule 26 because the documents do not exist and, thus, admits that it has destroyed relevant and responsive documents, precisely the information IPOC's Discovery seeks. Diligence should be directed to respond to IPOC's Discovery without further delay.

## ARGUMENT

**A.    Diligence Does Not Contest That IPOC's Discovery Requests Seek Information Properly Discoverable Under Rule 26.**

The Federal Rules of Civil Procedure ("Rules") plainly authorize a party to propound discovery requests seeking information regarding "<u>the existence, description, nature, custody, condition, and location of any books, documents</u>, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. Pro. 26(b)(1) (emphasis added); *Doe v. District of Columbia*, 230 F.R.D. 47, 56 (D.D.C. 2005) (A party may "request information as to the existence, custody, or condition of documents.") (internal quotation marks omitted). Diligence's Opposition fails to even address this language of Rule 26, much less contest that it expressly authorizes IPOC's Discovery. IPOC's Discovery requests are appropriate and specifically authorized by Rules.

**B.    Diligence's Objections Lack Any Merit.**

In its Opposition, Diligence continues to rely primarily on broad, general objections to IPOC's Discovery, such as that IPOC's Requests for Admission are "facially overbroad," Opposition Brief at 3, and that IPOC's Interrogatories are "exceedingly broad in scope, incorporate broad definitions of key terms" and are "compound upon compound, thus rendering each confusing, vague, ambiguous, and indeed unintelligible." *Id*. at 7. However, Diligence fails to provide any realistic explanation of how any of IPOC's Discovery is unduly burdensome as a result of being overbroad, compound, or vague. *United States, ex rel. Pogue v. Diabetes Treatment Ctrs. of America*, 235 F.R.D. 512, 523 (D.D.C. 2006) ("As to the general objection on the grounds of undue burden, this Court notes the well-documented rule that a party objecting to an interrogatory on this basis must explain in detail how the interrogatory is burdensome.").

Instead, Diligence construes the Discovery unreasonably and then asserts that its own unreasonable construction cannot be understood.

For example, IPOC's Interrogatory No. 1 states simply:

> Identify each and every document related to any dispute or litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case, that Diligence has at any time and/or by any means, destroyed or not retained within the United States.

Obviously, the only reasonable interpretation of this discovery request is that IPOC seeks the identification of each document "that Diligence has at any time and/or by any means, destroyed or not retained within the United States" that is related to:

- any dispute or litigation between KPMG FAS and Diligence;

- IPOC;

- any allegation contained in IPOC's Complaint against Diligence in this case; and/or

- any defense that Diligence and/or BGR has or may interpose in this case.

Diligence, however, asserts that understanding this request is impossible:

> With so many compound parts, it takes multiple readings to attempt to decipher this Interrogatory. Even then, it is unclear what information is, and is not, within its scope. For instance, does the phrase "not retained in the United States" mean that Diligence is to identify the contents of every routine delivery sent from the U.S. to one of Diligence's European offices in the ordinary course of business if one or more documents contained therein is arguably related to any issue in this case?

Opposition Brief at 8. This objection is not even based on the interrogatory's plain language. The interrogatory does not say "sent out of the United States" and does not say "destroyed and/or not retained in the United States;" but, rather, "destroyed or not retained." Clearly, if a copy of the document remains in the United States, the document does not fall within the Discovery

request.  Diligence's claim that it would be required to identify every document that was transmitted to an overseas office in the routine course of business is blatantly false.[1]  The interrogatory requires the identification of the document only if Diligence has "destroyed" or "not retained" that document in the United States, and no copy of the document remains within the United States.  Diligence's purported interpretation of this interrogatory is just unreasonable.  Diligence makes similarly frivolous objections to Request for Admission No. 3.  Opposition Brief at 6.

Diligence's objection that IPOC's interrogatories are compound is likewise without any foundation.  The four interrogatories IPOC has propounded to Diligence in this case would not exceed the permissible number of interrogatories even if they were compound.  Other similar arguments made by Diligence are equally unreasonable.[2]

Beyond its continued assertion of general boilerplate objections, the only specific objection offered by Diligence is its claim that the requests contain no specific time frame and that Diligence therefore could be required to respond with information from "years before the instant litigation."  Opposition Brief at 6.  This objection lacks merit.  First, if Diligence possesses information that is relevant and responsive to IPOC's discovery requests it must produce that information, even if the information comes from "years before" the current case.

---

[1] If this were Diligence's real concern, it would simply have responded to the request and included that qualification.

[2] In objecting to IPOC's Interrogatory No. 4, which asks for the identity of individuals with knowledge of Diligence's plan to destroy documents or move computers or servers containing documents out of the reach of discovery in this case, Diligence asserts that it would have to identify any person who "moved a Diligence laptop computer that might have contained any" responsive document.  *Id.* at 11.  This is a frivolous objection because the Interrogatory seeks the identity of individuals who possess knowledge of Diligence's "plan" to destroy or hide documents, not individuals who simply moved a laptop.

Nothing in the Rules or case law restricts the time period for which production of relevant responsive information must be produced.[3]  Moreover, IPOC knows – and obviously so does Diligence – that Diligence has been involved in events underlying this case, including matters that concern IPOC and the KPMG FAS investigation of IPOC, for less than five (5) years. Diligence, presumably, is aware of when it was first approached by BGR with respect IPOC and can easily figure out the earliest date on which Diligence might have collected or generated relevant documents.[4]

Thus, Diligence provides no basis for its continued refusal to respond to IPOC's Discovery, which is relevant and specific.  Diligence's refusal to respond in any substantive fashion is a bad-faith effort to throw obstacles in the path of expeditious discovery.

### C.    Diligence Admits Destroying Relevant Documents, Thus Reinforcing The Need For Substantive Responses To IPOC's Discovery Requests.

Remarkably, Diligence, in its Opposition Brief, admits that it has destroyed relevant and responsive documents.  Opposition Brief at 3, fn. 3 and 4.  This is precisely the information that

---

[3]  The cases cited by Diligence are not on point.  In *Benham v. Rice*, 238 F.R.D. 15, 26 (D.D.C. 2005), although the court did say that "[a] demand for all communications pertaining to plaintiff's prolix complaint irrespective of the nature, time and purpose of the communication is patently overbroad," this was regarding an interrogatory that merely said: "[p]rovide all communications relating to the complaint." Obviously, IPOC's discovery requests are in no way as broad.  Similarly, in *Washington v. Thurgood Marchall Academy*, 230 F.R.D. 18, 23 (D.D.C. 2005), the court did say that "plaintiff's request is overbroad and not limited in either time or scope." However, this was in response to a subpoena that requested employment records for "all former employees who were employed at" a specific school with no time limitation.  Diligence neglects to mention that the requesting party in that case agreed to limit its request to the previous five year period and the court accepted this accommodation.

[4]  Of course, Diligence's strategy is to try to limit IPOC's discovery requests so as to exclude relevant and responsive information.  This was precisely the strategy Diligence employed during the meet-and-confer meeting between IPOC's counsel and Diligence's counsel prior to IPOC filing its Motion to Compel.  Exhibit 1 (Letter from C. Joffe to M. Ross, March 29, 2007). During that conference, Diligence asked IPOC to narrow its Discovery requests to exclude documents relevant to the *KPMG FAS v. Diligence* case, a case with facts common with this case.

IPOC seeks through its Discovery requests, and precisely the type of information contemplated by Rule 26(b)(1). Diligence must not be allowed to admit in a pleading that it has destroyed documents relevant to this case while simultaneously asserting that it need not provide substantive responses to IPOC's Discovery seeking information on that very topic.

Diligence's admission surfaced when it responded to IPOC's argument that Diligence had objected to nearly all of IPOC's Discovery on the ground they seek information protected by the attorney-client and attorney work product privileges but had failed to provide a privilege log, as is required by Rule 26(b)(5)(A). Astonishingly, Diligence explains that it cannot provide the privilege log because the documents have been destroyed.

> IPOC contends that Diligence cannot assert privilege objections because it has not produced a privilege log. See Mem. at 6-7. But RFA No. 1 (as well as the other RFAs) concern documents that no longer exist, there are no documents from which to prepare a privilege log. Simply put, Diligence cannot create a privilege log of documents that do not exist.

Opposition Brief at 3, fn 3. Significantly, Diligence does not deny that Rule 26(b)(5) requires the production of a privilege log, but instead asserts that a log cannot be produced because the documents in question "no longer exist." A clear admission that the documents have been "destroyed" or "not retained."

Request for Admission No. 1 asks Diligence to "[a]dmit that it has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations underlying the litigation between KPMG FAS and Diligence. Those documents are relevant to this case because the two cases share a common factual nucleus. Apparently, Diligence objects to responding to Request for Admission 1 because it fears that if it does respond in truthfully, and in the affirmative (since it has destroyed or not retained documents relevant to this case in the United States), its affirmative response will have a negative impact on

Diligence.[5]  Having nothing but specious excuses for its refusal to respond, Diligence concocts the claim that IPOC's Request for Admission No. 1 was propounded "for an international publicity stunt." Opp. at 4-5. There is no basis for this wholly imaginary speculation.[6]

Diligence admits that documents responsive to IPOC's document requests have been destroyed.  Information about the destruction of those documents is precisely the information that IPOC's Discovery requests are designed to uncover.[7]  Diligence must be required to respond to IPOC's Discovery and thereby explain its extraordinary admission that documents relevant to this case have been destroyed.

Moreover, the fact that relevant and responsive documents have been destroyed does not excuse Diligence from responding to IPOC's requests.  Diligence should be required to identify

---

[5] Diligence's claim of overbreadth side-steps Federal Rule 36, which specifically directs that "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." If Diligence's real concern is that it has destroyed paper copies of documents printed from its computers or deleted documents that remain on its computer back-up tapes, but has not destroyed any other documents and has not destroyed or moved computers, computer servers or computer drives from the United States, it is required to admit or deny the request and provide the appropriate explanation.

[6] Diligence's claim that Chairman Waxman's letter to IPOC seeking documents related to Diligence's conduct related to the facts underlying this case was a "publicity stunt" by IPOC is beyond absurd.  The letter sent to Mr. Dobie by Chairman Waxman seeking production of the documents was posted on the website of the House of Representatives Committee on Oversight and Government Reform by the Committee, not by IPOC.  Exhibit 2.  If Diligence believes that to have been an "international publicity stunt" it was a stunt perpetrated by the Congressional Committee, not IPOC.

[7] Diligence asserts that "IPOC seeks to force Diligence to answer RFA No. 1 (and its other RFAs) in the affirmative[.]" Opposition Brief at 4.  Of course, IPOC cannot "force" Diligence to do anything, only this Court can directly order Diligence to answer IPOC's discovery requests.  And if, in order to be truthful before this Court, Diligence is required to admit that it has destroyed relevant and responsive documents, the responsibility rests with Diligence alone.  Moreover, Diligence should be required to admit or deny the request, and may qualify its response as allowed by Rule 36.

to the best of its ability those documents that have been destroyed and to provide the information about those documents that is sought in IPOC's Discovery.

Diligence's shocking admission that it has destroyed relevant documents does not excuse Diligence from responding to IPOC's discovery requests and, while a party is not required to justify discovery requests such as IPOC's in this case, Diligence's admission does elucidate the need for IPOC's to propound these Discovery requests to Diligence.

**D.    Diligence's Attempt To Shift The Burden To IPOC To Justify The Discovery Requests Must Fail.**

Finally, and most frivolously, Diligence attempts to shift the burden to IPOC to justify its discovery requests.    Diligence asserts that "IPOC has wholly failed to explain in its motion papers why its purported need for such information is not outweighed by the burden on Diligence of attempting to identify every document that it has ever discarded, deleted, or otherwise 'not retained' that mentions or relates to KPMG FAS or IPOC or to any issue in this case." Opposition Brief at 9.  Of course, this is simply Diligence's characterization of what the discovery requests require, which, as explained above, is not accurate.

More importantly, it is, without question, Diligence's obligation to prove that IPOC's requests are unduly burdensome.  *U. S. ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 235 F.R.D. 512, 523 (D.D.C. 2006) ("As to the general objection on the grounds of undue burden, this Court notes the well-documented rule that a party objecting to an interrogatory on this basis must explain in detail how the interrogatory is burdensome."); *Alexander v. FBI*, 192 F.R.D. 50, 53 (D.D.C. 2000) ("In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the interrogatory is burdensome.").  And even if Diligence's characterization of the burden it would suffer in responding to IPOC's requests was accurate – which it is not – that alone would not excuse it from having to respond: "[T]he fact that

answering the interrogatories will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object." *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (internal quotation marks omitted).

Diligence also disingenuously asserts that the burden it would suffer "surpasses any benefit to IPOC because IPOC has other, more efficient means of obtaining the same information." Opposition Brief at 9. The "more efficient means" according to Diligence is simply that "at the time of its document production, Diligence will have to produce all documents and materials in its possession, custody, or control responsive to IPOC's document requests."[8] *Id.* (emphasis added). But Diligence admits in its Opposition Brief that it has destroyed certain documents that are relevant to this case and, thus, would be responsive to IPOC's document requests. IPOC's Discovery seeks to identify those relevant and responsive documents that have been destroyed.

Diligence does not contest that Rule 26(b)(1) specifically authorizes IPOC's Discovery. There is no basis for Diligence's assertion that IPOC must ignore allowable means of discovery under Rule 26.

## CONCLUSION

For the reasons set forth in this Reply and in IPOC's Motion to Compel, the Court should direct Diligence to answer, fully and completely, within five (5) days, IPOC's Requests for Admission and Interrogatories, direct Diligence to pay IPOC's costs incurred in connection with

---

[8] The use of this wording by Diligence renders it likely that when Diligence eventually produces documents in response to IPOC's specific document requests, it will produce only those few documents that have not been destroyed or removed from the United States and, therefore, are the only ones that remain in its "possession, custody or control."

this motion, and grant IPOC leave to submit a statement of costs incurred in connection with this

motion.

April 23, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:     (312) 558-5600
Fax:     (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND
LIMITED

/s/ Carol A. Joffe

_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:     (202) 282-5000
Fax:     (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2007, I caused the foregoing Reply Brief in response to Defendant Diligence, LLC's Opposition to IPOC's Motion to Compel Diligence to Answer IPOC's First Set of Requests for Admissions and First Set of Interrogatories to be served electronically, via the Court's electronic filing system, on:

> Michael Ross
> Paul C. Rauser
> Oliver Garcia
> Aegis Law Group LLP
> 901 F. Street, N.W., Suite 500
> Washington, DC 20004
> *Counsel for Defendant Diligence LLC*
>
>    and
>
> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, VA 20118
> *Counsel for Defendant Barbour Griffith & Rogers LLC*

> _____/s/_____
> Carol A. Joffe