UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DILIGENCE, LLC, et. al <br><br> Defendants. | Civil Action No. <br> 1:06CV01109 (PLF) (AK) |

IPOC INTERNATIONAL GROWTH FUND LIMITED'S
REPLY MEMORANDUM IN SUPPORT OF IPOC'S MOTION TO COMPEL
DILIGENCE TO ANSWER PLAINTIFF'S FIRST SET OF REQUESTS FOR
<u>ADMISSION AND FIRST SET OF INTERROGATORIES</u>

# EXHIBIT 1

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

CAROL A. JOFFE
(202) 282-5996
cjoffe@winston.com

March 29, 2007

**Hand Delivery and Email**
Michael K. Ross, Esq.
Aegis Law Group LLP
901 F Street, N.W., Suite 500
Washington, DC 20004

Re:   *IPOC International Growth Fund Limited v.
Diligence, LLC, et al.;* Civil Action No 1:06CV01109 (PLF)(AK)

Dear Mike:

I received by email your letter that purports to memorialize the telephone "meet and confer" attended this morning by you, me and Anne Stukes. The information that your letter professes to memorialize is inaccurate.

1. Please stop misquoting me. This is not the first time.

2. I did not "flatly refuse to entertain or discuss any narrowing or modification of any of those[interrogatories or requests for admission]." Rather, I declined your request to modify the discovery requests to exclude material relevant to the *KPMG FAS v. Diligence* case. As explained in the call, we will not agree to narrow the requests as you desire because documents relevant to the *KPMG FAS* case are directly relevant here. Indeed, the two cases arise from the same facts and all the documents produced thus far in this case were also produced in *KPMG FAS v. Diligence*. In addition, when you suggested that no basis exists for our requests to have been propounded, I directed you to Rule 26, which expressly authorizes the discovery at issue, which are inquiries into the existence, condition or location of documents and identity of persons with knowledge of the existence, condition or location of documents.

3. You assert that our interrogatories are an "attempt to circumvent the Court's limit on the number of interrogatories." IPOC has propounded four interrogatories thus far. We do not believe they are compound. Rather, the words about which you complain are included in the interrogatories to make them more precise, and to avoid the "vagueness" about which you complain. You may note that if you apply your system of counting to determine whether an interrogatory is "compound" to the ten

WINSTON & STRAWN LLP

Michael K. Ross, Esq.
March 29, 2007
Page 2

interrogatories that Diligence has already propounded to IPOC, it is Diligence, not IPOC, that has exceeded the number of interrogatories permitted by the Rules.

4.  I did not state that "'it is part of [IPOC's] strategy' not to identify any such witness." I told you that our Rule 26(a) disclosures comply with Rule 26. You asked me how IPOC could prove its case without a witness from IPOC with personal knowledge of the facts alleged in our Complaint and, in response, I told you that you are not entitled to inquire into our legal strategy. (I do not have a verbatim transcript of the conversation).

Diligence engaged in tortious and illegal conduct in Bermuda, out of the sight or hearing of IPOC personnel. Diligence and BGR carried out the activities described in IPOC's complaint in as secretive a manner as could be accomplished. We are puzzled as to why you believe that IPOC's Complaint, based on Defendants' behavior in which IPOC did not participate in any manner, was "manifestly improper" or "an abuse of process."

Perhaps we have misunderstood your point regarding our Rule 26(a) disclosures. We will be more than happy to discuss this further. We will make ourselves available to meet again at 3:00 pm tomorrow so that you can elucidate your point further and we may endeavor to understand it.

Finally, we believe that you advised us by email yesterday and again in our meet and confer this morning that Diligence will not serve its Rule 26(a)(1) disclosures, despite the fact that IPOC served its disclosures in response to Diligence's demand for same. Once IPOC had served it disclosures, Diligence stated that service of same was premature and that it would not serve its disclosures. Please let me know if this is an inaccurate portrayal of your position.

I look forward to speaking with you at 3:00 p.m. tomorrow afternoon.

Sincerely,

Carol A. Joffe

CAJ: tdd
cc: Edward B. MacMahon, Jr., Esq.