UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
IPOC INTERNATIONAL GROWTH FUND LIMITED,)
                          Plaintiff,                        )
                                                                )
            v.                                                )    Civil Action No. 06-1109 (PLF/AK)
                                                                )
DILIGENCE, LLC, *et al*.,                         )
                          Defendants.                    )
_____)

## MEMORANDUM ORDER

Pending before the Court is Plaintiff IPOC International Growth Fund Ltd.'s Motion to

Compel Defendant Diligence to Answer Plaintiff's First Set of Requests for Admission and First

Set of Interrogatories ("Motion") [109]; and Defendant Diligence LLC's opposition to the

Motion ("Opposition") [114].[1] Plaintiff IPOC requests that this Court compel Defendant

Diligence to respond to four Requests for Admission and four Interrogatories propounded by

IPOC to Diligence, and reimburse IPOC for its costs incurred in filing this Motion.

Fed. R. Civ. P. 33 guides the propounding of Interrogatories to Parties. Pursuant to

subpart (a), "any party may serve upon any other party written interrogatories, not exceeding 25

in number including all discrete subparts, to be answered by the party served . . . ." Fed. R Civ.

P. 33(a). Subpart (b) of Rule 33 indicates that "[e]ach interrogatory shall be answered separately

and fully in writing under oath, unless it is objected to, in which event the objecting party shall

state the reasons for the objection . . . ." Fed. R. Civ. P. 33(b).

Fed. R. Civ. P. 36 similarly provides instruction regarding the use of Requests for

Admission. Pursuant to subpart (a) of that Rule, "[a] party may serve upon any other party a

---

[1] IPOC's reply to Diligence's Opposition [120] was untimely docketed electronically on April 23, 2007, eleven days after the Opposition was docketed.

written request for the admission, for purposes of the pending action only, of the truth of any

matters within the scope of Rule 26(b)(1) . . . ." Fed. R. Civ. P. 36(a). Subpart (a) further

provides that "[e]ach matter of which an admission is requested shall be separately set forth." *Id.*

Diligence has objected to IPOC's Interrogatories and Requests for Admissions on

grounds that, *inter alia*, they are overly broad, unduly burdensome and some of the information

requested thereunder is not relevant to the claims and defenses in this case.[2] Pursuant to Fed. R.

Civ. P. 26 (b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is

relevant to the claim or defense of any party, including the existence, description, nature,

custody, condition, and location of any . . . documents, or other tangible things and the identity

and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1).

"Relevance for discovery purposes is broadly construed." *Doe v. District of Columbia*, 231

F.R.D. 27, 30 (D.D.C. 2005).

In drafting discovery requests, the party who seeks discovery "bears the burden of

fashioning such requests appropriately." *Washington v. Thurgood Marshall Academy*, 232

F.R.D. 6 (D.D.C. 2005) (quoting *Peterson v. Hantman*, 227 F.R.D. 13, 17 (D.D.C. 2005.) In

turn, the party objecting to discovery requests must justify its objections by explaining them in

detail as opposed to relying on general assertions. *See United States ex rel. Pogue v. Diabetes*

*Treatment Centers of America*, 235 F.R.D. 521, 523-24 (D.D.C. 2006) (citing *Alexander v. FBI*,

192 F.R.D. 50, 53 (D.D.C. 2000) ( "[A] party objecting to an interrogatory on [the] basis [of

undue burden] must explain in detail how the interrogatory is burdensome.")

---

[2]Diligence also objects to some of the Requests on grounds of privilege. IPOC counters that a privilege log should be produced by Diligence but Diligence submits that if the documents no longer exist, there can be no privilege log.

In this case, the Court finds that IPOC's discovery requests have not been fashioned appropriately, and Diligence's objections to the requests are justified.  For example, Request for Admission No. 1 asks Diligence to admit that it "has destroyed or not retained documents . . . relating to the allegations underlying the litigation between KPMG FAS and Diligence." (Motion at 2.)  The Court preliminarily notes that IPOC was not a party to the litigation between KPMG FAS and in fact, that case was settled [under an agreement directing Diligence not to disclose any Confidential Materials, documents or information] and dismissed approximately a year ago.   Moreover, such request is not limited in scope in terms of either time frame or subject matter, and accordingly, it conceivably encompasses drafts , internal memoranda, and work papers, which may not be retained in the ordinary course of business.

Request No. 2 is similarly unlimited in scope, asking for an admission that Diligence has "destroyed or not retained documents . . . related to the allegations contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case."  Diligence again objects, specifically in light of the fact that it has not yet filed an answer because there are pending motions to dismiss, and thus, it is premature to ask for an admission about defenses that may be interposed.  Furthermore, to the extent that Diligence is asked to make an admission regarding documents relating to defenses that its co-defendant, BGR, may interpose, this is an inappropriate inquiry.  Requests for Admission Nos. 3 and 4 are also drafted in such a way as to warrant objections by Diligence that IPOC's Requests for Admissions are vague, ambiguous, overly broad and further, they encompass information that has no bearing on this case.

The Interrogatories at issue are similarly drafted. For example, Interrogatory No. 1 asks

Diligence to:

> [i]dentify each and every document related to any dispute or litigation between KPMG
> FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint
> against Diligence in this case and/or to any defense that Diligence and/or BGR has or may
> interpose in this case, that Diligence has at any time and/or by any means, destroyed or
> not retained within the United States.

The Court finds that this Interrogatory is unintelligible for numerous reasons: it contains multiple sub-parts, which should be treated as separate inquires; it requests information that relates to a co-defendant, which should be directed to that co-defendant; it requests information about a lawsuit in which IPOC was not a party, which may or may not be relevant or permissible in light of the confidential settlement in that case; and it is unlimited in scope or time frame so as to seemingly encompass all documents related to IPOC, Diligence, KPMG FAS, and BGR, that were destroyed or "not retained" [however that is defined]. The Interrogatory seems to anticipate that Diligence will be able to identify all documents generated during the course of two different litigations, which address any claims/defenses by four different entities, and then further determine which of those documents no longer exist because they were destroyed or otherwise not retained. There is no indication that this inquiry is made in connection with any knowledge by IPOC of Diligence's document retention practices, or that IPOC is inquiring about specific documents or types of documents. The remaining three Interrogatories are similarly objectionable on multiple grounds.

Diligence suggests that the Court order IPOC to serve "revised, non-compound, and appropriately targeted (and therefore less burdensome) versions" of the Requests for Admissions and the Interrogatories, and that Diligence be allowed twenty-one days to respond. (Opposition at 12.) The Court finds this suggestion to be a workable basis for compromise and accordingly, it is

-4-

this 24th day of April, 2007,

ORDERED that IPOC's Motion to Compel [109] be and hereby is granted in part and denied in part.  Defendant Diligence need not respond further to the contested Interrogatories and Requests for Admission, in their current form.  IPOC shall, however, be allowed the opportunity to reformulate such discovery to correct the defects noted herein, and Diligence will respond to such inquiries within fifteen days of receipt of such discovery.

_____/s/_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE