# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. 06-1109 (PLF)(AK) |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

## DECLARATION OF MICHAEL K. ROSS IN SUPPORT OF DILIGENCE INC.'S OPPOSITION TO IPOC'S MOTION PURSUANT TO PROTECTIVE ORDER TO REMOVE CONFIDENTIALITY DESIGNATIONS

I, Michael K. Ross, declare and state under the penalty of perjury as follows:

1.      I am a partner at Aegis Law Group LLP, counsel of record for Diligence Inc. ("Diligence") in the above-captioned matter. I make this Declaration in Support of Diligence Inc.'s Opposition to IPOC's Motion Pursuant to Protective Order to Remove Confidentiality Designations (the "Opposition"). I have personal knowledge of the matters stated in this Declaration, and if called as a witness, I could and would testify as set forth in this Declaration.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a letter dated February 28, 2007 from me to counsel for IPOC.

3.      Attached hereto as Exhibit 2 is a true and correct copy of a letter dated March 5, 2007, from IPOC's counsel to me.

4.      Attached hereto as Exhibit 3 is a true and correct copy of a letter dated March 12, 2007 from me to counsel for IPOC.

5.    Attached hereto as Exhibit 4 is a true and correct copy of a letter dated March 13, 2007, from IPOC's counsel to me.  In that letter, IPOC's counsel suggested March 21, 2007 at 11:00 am for a meet and confer to discuss Diligence's confidentiality designations with respect to the Hughes Hubbard Principal Production (as such term is defined in the Opposition).

6.    Attached hereto as Exhibit 5 is a true and correct copy of a letter dated March 20, 2007, from me to counsel for IPOC.  Also enclosed is true and correct copy of the transmittal email demonstrating that the letter was sent to IPOC's counsel and to counsel for co-defendant Barbour Griffith & Rogers LLC at approximately 6:30 pm on March 20, 2007.  In that March 20 letter, I noted the availability of Diligence's counsel for a meet and confer on March 23, 26, or 27 to discuss Diligence's confidentiality designations with respect to the Hughes Hubbard Principal Production.  IPOC's counsel never responded to this letter, and never followed up with counsel for Diligence as to whether March 23, 26, or 27 were acceptable dates for a meet-and-confer.  Thereafter, IPOC never again requested a meet and confer with regard to the Hughes Hubbard Principal Production.

7.    At approximately 3:00 pm on March 27, 2007, counsel for IPOC suddenly demanded a meet-and-confer *that afternoon* about the sufficiency of Diligence's objections, served on IPOC almost four weeks before, to written discovery propounded by IPOC.  The meet-and-confer was scheduled for the morning of March 29, 2007.  The participants on the call were Ms. Joffe and Ms. Stukes for IPOC, and myself for Diligence.  At the end of that meet-and-confer teleconference, IPOC's counsel inquired whether Diligence would be changing any of its confidentiality designations, as IPOC had repeatedly request in writing.  I responded by indicating that Diligence's positions remained unchanged from that set forth its previous correspondence to IPOC's counsel.

8.      The March 29 meet-and-confer described in Paragraph 8 above was the most recent meet-and-confer held between IPOC and Diligence; there has been none since then. Indeed, following that March 29 meet-and-confer, IPOC has not——in writing or verbally——made any request to meet and confer with Diligence about the Hughes Hubbard Principal Production. Rather, following my March 20 letter (attached hereto as Exhibit 5), there was nothing but silence from IPOC about the Hughes Hubbard Principal Production until April 13, 2007, when IPOC abruptly filed the instant motion.

I declare under under the penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed at Washington, D.C., this 24th day of April, 2007.


_____/s/ Michael K. Ross_____
Michael K. Ross

3

# EXHIBIT 1

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

February 28, 2007

**By Facsimile**

Edward B. MacMahon, Jr., Esquire
107 East Washington Street
Middleburg, VA 20118

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

> Re:     *IPOC International Growth Fund Limited  v. Diligence, Inc., et al.*
>         **Civil Action No. 06-1100 (PLF) (AK)**
>         **United States District Court for the District of Columbia**

Dear Ed and Carol:

This letter constitutes written notice to the parties under Paragraph 16 of the Protective Order in the above-referenced matter regarding the designations by Diligence, Inc. ("Diligence") of the documents produced by non-party Hughes Hubbard & Reed LLP ("HHR") pursuant to a non-party subpoena issued by counsel for Plaintiff IPOC International Growth Fund Limited (the "HHR Production"). A copy of the HHR Production (Bates numbered HHR00001 through HHR03494) was hand delivered to undersigned counsel on February 13, 2007.

Please be advised that Diligence hereby designates the documents in the HHR Production as follows:

- Diligence concurs with, and hereby so designates as "Confidential" itself, all documents designated "Confidential Subject to Protective" by HHR; and

- Although Diligence has no objection to HHR's "Attorney's Eyes Only" designations, Diligence hereby designates as "Confidential" all documents in the HHR Production designated "Attorney's Eyes Only" by HHR.

Although it appears that copies of the Rule 30(b)(6) deposition from the KPMG FAS v. Diligence action and the exhibits thereto (the "KPMG Depo & Exhibits") are missing from the HHR Production—documents that plainly are responsive to the subpoena issued to

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

# ægis law group LLP

Carol A. Joffe, Esquire
February 28, 2007
Page 2


HHR—all parties previously agreed (by emails dated October 20, 2006) to treat the KPMG Depo & Exhibits as "Attorney's Eyes Only" for purposes of the instant action, subject to IPOC's right to challenge that designation.  Please be advised that Diligence hereby designates the entirety of the KPMG Depo & Exhibits as "Confidential" pursuant to the Protective Order.

Sincerely,

Michael K. Ross

```
┌────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT   │
└────────────────────────────────────┘
                              TIME  : 02/28/2007 11:22
                              NAME  : AEGIS LAW GROUP LLP
                              FAX   : 202-737-3330
                              TEL   : 202-737-3500
                              SER.# : 000F3J135549
```

```
┌──────────────────────────────────────────────────────────────────┐
│   DATE,TIME             02/28  11:21                               │
│   FAX NO./NAME          2825100                                    │
│   DURATION              00:00:43                                   │
│   PAGE(S)               03                                         │
│   RESULT                OK                                         │
│   MODE                  STANDARD                                   │
│                         ECM                                        │
└──────────────────────────────────────────────────────────────────┘
```

# ægis law group LLP

Michael K. Ross
T  202 737 3500
F  202 737 3330

date:        February 28, 2007

to:          Edward B. MacMahon, Jr., Esq.
             Carol A. Joffe, Esq.

firm:        Mr. MacMahon – Law Offices
             Ms. Joffe – Winston & Strawn LLP

Fax:         Mr. MacMahon: (540) 687-6366
             Ms. Joffe: (202) 282-5100

pages:       3

## FAX COVER SHEET

**comments**:        Please see enclosed correspondence.

# EXHIBIT 2

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (202) 282-5100 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| | www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

CAROL A. JOFFE
(202) 282-5996
cjoffe@winston.com

March 5, 2007

**VIA EMAIL AND FIRST CLASS MAIL**
Michael K. Ross, Esq.
Aegis Law Group LLP
901 F Street, N.W.
Suite 500
Washington, DC 20004

Re:    *IPOC International Growth Fund Limited v.*
       *Diligence, LLC, et al.;* Civil Action No 1:06CV01109 (PLF)(AK)

Dear Mike:

I write in response to your letter dated February 28, 2007. Please be advised that pursuant to paragraph 17 of the Protective Order IPOC hereby objects to Diligence's designation as Confidential and/or Attorneys' Eyes Only of virtually all documents produced by Hughes Hubbard & Reed LLP in response to IPOC's subpoena. This objection includes designation of documents bate numbered HHR00001 through HHR03494 and the KPMG deposition and exhibits ("HHR Production").

IPOC hereby requests Diligence to remove such designations from all documents in the HHR Production, except those documents that are copies of or reflect information contained in documents gathered or generated by KPMG Financial Advisory Services in connection with its investigation of IPOC. If Diligence refuses to remove such designation from any of the documents as requested, please advise in writing, as required by paragraph 17 of the Protective Order, of the reasons for Diligence's refusal, including the "valid basis for such designation pursuant to Federal Rule of Civil Procedure 26(c)," as Paragraph 11 of Protective Order requires.

Sincerely,

Carol A. Joffe

CAJ: tdd

cc: Edward B. MacMahon, Jr., Esq.

# EXHIBIT 3

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

March 12, 2007

**By Facsimile**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:    ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
          **Civil Action No. 06-1100 (PLF) (AK)**
          **United States District Court for the District of Columbia**

Dear Carol:

        I write in response to your letter of March 5, 2007, which purports to set forth IPOC's objections to Diligence's confidentiality designations of February 28, 2007, in the above-referenced matter.

        In attempting to object to Diligence's confidentiality designations of February 28, IPOC has failed to comply with the requirements of the Protective Order entered by Judge Kay. Specifically, Paragraph 17 of the Protective Order requires that, to the extent a party objects to another party's confidentiality designations, "[t]he Written Objection shall <u>specifically</u> identify the information or Documents at issue." Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents ¶ 17 (emphasis added). IPOC has failed to do so. Rather, IPOC merely has stated that it objects to "virtually all" of Diligence's confidentiality objections <u>except</u> with respect "to documents that are copies of or reflect information contained in documents gathered or generated by KPMG Financial Advisory Services in connection with its investigation of IPOC." March 5, 2007 Joffe Letter to Ross. IPOC does not bother, however, to identify which such documents it believes fits this description and thus have been properly designated confidential. Nor does IPOC's blanket rejection of "virtually all" of Diligence's confidentiality designations provide a specific, reasoned objection to <u>any</u> of these designations. Diligence therefore is not on notice as to which specific documents (or parts thereof) IPOC feels have been improperly designated confidential, or why.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
March 12, 2007
Page 2

In short, because IPOC's putative Written Objection fails to comply with the clear terms of the Protective Order, Diligence is not required to respond to it. We trust that there will be no motions practice on this issue. Plainly, if IPOC cannot be bothered to "specifically identify the information or Documents at issue" as required under Paragraph 17 of the Protective Order," and provide the specific basis for its designation objections, it should not burden the Court or the parties with motions practice on the matter. Indeed, in the interest of avoiding motions practice, should IPOC supplement its putative Written Objection by identifying the specific documents it believes have been improperly designated, and explaining why, Diligence will be happy to consider that supplementation and respond as appropriate.

Lastly, it should be noted that even if IPOC's putative Written Objection had complied with the requirements of the Protective Order (as set forth above, it does not), Diligence's confidentiality designations are entirely proper. Not only do the records at issue constitute internal Diligence work papers and invoices relating to a confidential client matter, but all such documents currently are designated confidential pursuant to the terms of a Protective Order entered in a separate lawsuit—specifically, the KPMG FAS v. Diligence action (the "KPMG FAS Action"). As you know, the propriety of those confidentiality designations in the KPMG FAS Action is currently the subject of an appeal, by IPOC, to the United States Court of Appeals for the District of Columbia Circuit. Because IPOC chose to file an appeal in the KPMG FAS Action, the District Court has been divested of jurisdiction over challenges to the confidentiality designations made pursuant to the Confidentiality Order in that case.

As always, please call should you care to discuss.

Sincerely,

Michael K. Ross

cc: Edward B. MacMahon, Jr., Esq. (by email)

```
┌─────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT   │
└─────────────────────────────────────┘
```

```
                          TIME  : 03/12/2007 16:38
                          NAME  : AEGIS LAW GROUP LLP
                          FAX   : 202-737-3330
                          TEL   : 202-737-3500
                          SER.# : 000F3J135549
```

```
┌────────────────────────────────────────────────────────────────────┐
│                                                                      │
│     DATE,TIME                        03/12  16:37                    │
│     FAX NO./NAME                     2825100                         │
│     DURATION                         00:00:51                        │
│     PAGE(S)                          03                              │
│     RESULT                           OK                              │
│     MODE                             STANDARD                        │
│                                      ECM                             │
│                                                                      │
└────────────────────────────────────────────────────────────────────┘
```

# ægis law group LLP

Michael K. Ross
T 202 737 3500
F 202 737 3330

date:         March 12, 2007

to:           Carol A. Joffe, Esquire

company:      Winston & Strawn LLP

fax:          (202) 282-5100

pages:        3

---

## FAX COVER SHEET

**comments**:        Please see correspondence enclosed.

# EXHIBIT 4

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 | 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 |
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | (202) 282-5000 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH | FACSIMILE (202) 282-5100 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| | www.winston.com | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |

CAROL A. JOFFE
(202) 282-5996
cjoffe@winston.com

March 13, 2007

**VIA EMAIL AND FIRST CLASS MAIL**
Michael K. Ross, Esq.
Aegis Law Group LLP
901 F Street, N.W., Suite 500
Washington, DC 20004

   Re: *IPOC International Growth Fund Limited v.*
     *Diligence, LLC, et al.*; Civil Action No 1:06CV01109 (PLF)(AK)

Dear Mike:

   I write in response to your March 12, 2007 letter and to provide Diligence a second chance to remove the "Confidential" designation from the documents identified on Attachment A hereto.

   1. In Paragraph 2 of your letter, you take two words from my March 5, 2007 letter, surround them with quote marks, and paste them into your own sentences to craft the impression that those statements are in my letter. The words "virtually all" in my letter describe Diligence's blanket designation of "virtually all" the Hughes Hubbard & Reed LLP documents as "Confidential," not the documents from which IPOC requests you remove the "Confidentiality" designation.[1]

   2. Diligence has designated as "Confidential" 610 of the 618 documents – that is 98.7%, and the entire deposition and all the exhibits – that is nearly 100%, of the material provided in discovery thus far. Diligence has also extensively redacted (sometimes whole pages) relevant documents.

   3. Your professed inability to determine which HHR documents "are copies of or reflect information contained in documents gathered or generated by KPMG Financial Advisory Services in connection with its investigation of IPOC" is not credible. Nevertheless, in response

---

[1] My March 5, 2007 letter (from which you purport to quote) actually states that "IPOC objects to <u>Diligence's designation as Confidential and/or Attorneys' Eyes Only of virtually all documents produced by Hughes Hubbard & Reed LLP.</u>" [emphasis added].

WINSTON & STRAWN LLP

Michael Ross, Esq.
March 13, 2007
Page 2

to your request, Attachment A hereto identifies the HHR and Diligence bates ranges of each of the documents from which IPOC requests Diligence to remove the designation as "Confidential."

4.    Contrary to your claim, the Protective Order, Paragraph 17 specifically directs that the designating party (in this case Diligence) "shall state the reasons for this refusal [to remove the designation]." Your attempt to reverse this burden by demanding that we provide reasons for our objection does not change the dictates of the Protective Order.

5.    Paragraph 11 of the Protective Order requires that "[t]he designation of information as 'Confidential' or 'Attorney's Eyes Only' by any party to this case or by KPMG Financial Advisory Services (or its counsel at the law firm of Hughes, Hubbard & Reed LLP) constitutes a representation by the Supplying Party that the discovery material has been reviewed by an attorney and that there is a valid basis for such designation pursuant to Federal Rule of Civil Procedure 26(c)." Your attempt to avoid showing good cause for the designations by demanding that the challenging party state reasons for the objection does not change the dictates of Paragraph 11 of the Protective Order.

6.    Designations made in *KPMG FAS v. Diligence* are not relevant here because IPOC is not a party to *KPMG FAS v. Diligence*, nor has the protective order from that case been entered in this litigation.

IPOC provides this information in a good faith attempt to resolve the issues that you have raised and again requests Diligence to remove the designation "Confidential" from each of the documents listed on Attachment A hereto.

If Diligence refuses to remove the designations from any of the documents identified on Attachment A, we propose to meet and confer on March 21, 2007 at 11:00 a.m.

Sincerely,

Carol A. Joffe

CAJ: tdd

cc: Edward B. MacMahon, Jr., Esq.

# EXHIBIT 5

**Zimbra** Collaboration Suite                                                                                                    mross@aegislawgroup.com

Please See Correspondence Attached                                                        Tue 20 Mar 2007 06:27:41 PM EDT

From: mross@aegislawgroup.com
To: cjoffe@winston.com
Cc: ebmjr@verizon.net; prauser@aegislawgroup.com
Attachments: 3524_001.pdf (72.2KB)

Counsel:

Please see letter attached.

Best regards,

Michael K. Ross
aegis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3373
F: 202 737 3330
E: mross@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note that any disclosure, copying, distribution, or use of the content

----- Forwarded Message -----
From: aegiscopy@aegislawgroup.com
To: "M ROSS" <mross@aegislawgroup.com>
Sent: Tuesday, March 20, 2007 6:34:59 AM (GMT-0500) America/New_York
Subject: Attached Image

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

March 20, 2007

**By Electronic Mail (PDF)**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:    ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
**Civil Action No. 06-1100 (PLF) (AK)**
**United States District Court for the District of Columbia**

Dear Carol:

Thank you for your letter of March 13, 2007, which attempts to supplement IPOC's objections to Diligence's confidentiality designations of February 28, 2007.

We stand by our designations set forth in my March 12, 2007 letter to you.  The designations are proper.  With the exception of materials generated by KPMG FAS (the designations of which you do not contest), the records at issue constitute internal Diligence work papers and invoices relating to a confidential client matter, many of which were stolen or removed from Diligence's offices without authorization and anonymously delivered to KPMG's Montvale, New Jersey office.

Another, independent ground exists for the "Confidentiality" designations on the documents at issue:  each such document currently is designated "Confidential" under the Protective Order entered in the KPMG FAS v. Diligence action (the "KPMG FAS Action").  As you know, the propriety of those confidentiality designations in the KPMG FAS Action is among the issues on appeal by IPOC to the United States Court of Appeals for the District of Columbia Circuit.  That appeal was filed by IPOC following Judge Friedman's August 23, 2006 denial of IPOC's Motion  For Access to Court Files, to Modify Protective Order, and Alter Confidentiality Designations of *the very same documents at issue here* (the "De-Designation Motion").  Until such time as IPOC's appeal of Judge Friedman's denial of IPOC's De-Designation Motion is resolved and the case remanded to the District Court, the "Confidentiality" designations on those documents must remain in place.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
March 20, 2007
Page 2

      We are not available tomorrow at 11:00 am for a meet-and-confer teleconference. Although I will be traveling tomorrow through Friday, Paul Rauser has availability Friday for a meet-and-confer teleconference.  Please contact Paul directly should you wish to set a time for Friday; otherwise, Paul and I are available Monday or Tuesday of next week.

      As always, please call should you care to discuss.

                Sincerely,

                Michael K. Ross

cc:  Edward B. MacMahon, Jr., Esq. (by email)