# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726

Derek J.T. Adler
Direct Dial: 212-837-6086
E-mail: adler@hugheshubbard.com

July 21, 2006

<u>VIA FAX AND MAIL</u>

Carol A. Joffe, Esq.
Winston & Strawn
1700 K Street, N.W.
Washington, D.C. 20006-3817

Re: IPOC International Growth Fund v. Diligence LLC, No. 06-01109

Dear Ms. Joffe:

I write with reference to the subpoena (the "Subpoena") directed to Hughes Hubbard & Reed LLP ("Hughes Hubbard") in the above-referenced matter.

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Hughes Hubbard asserts the following objections to the Subpoena:

1. Hughes Hubbard objects to the Subpoena to the extent that it calls for the production of documents that are protected by the attorney-client privilege, the work-product doctrine, or other applicable protections from disclosure. We note that all of the responsive materials will have been gathered or created pursuant to Hughes Hubbard's representation of its clients KPMG Financial Advisory Services Ltd., Malcolm Butterfield, and Michael Morrison. Hughes Hubbard's ethical obligations prevent it from disclosing such materials.

2. Hughes Hubbard objects to the Subpoena on the ground that all responsive documents in its possession, custody and control are in fact the property of its clients and are under their control. It is improper to serve a subpoena seeking such materials on Hughes Hubbard, rather than its clients and principals.

3. Hughes Hubbard objects to the Subpoena on the ground that it does not permit a reasonable time for compliance.

4. Hughes Hubbard objects to the Subpoena on the ground that complying with it would be unduly burdensome and oppressive. The unreasonable burdens that the Subpoena purports to impose include, but are not limited to, an obligation to search and catalogue

47, Avenue Georges Mandel   1775 I Street, N.W.   350 South Grand Avenue   201 South Biscayne Boulevard   Akasaka Tokyu Building 6F   101 Hudson Street
75116 Paris, France         Washington, D.C.      Los Angeles, California  Miami, Florida                2-14-3 Nagata-cho, Chiyoda-ku  Jersey City, New Jersey
(33) (1) 44.05.80.00        20006-2401            90071-3442               33131-4332                    Tokyo 100-0014 Japan         07302-3918
                            202-721-4600          213-613-2800             305-358-1666                  (81) (3) 3539-2771            201-536-9220
NY 1073121_1.DOC

**Hughes Hubbard & Reed LLP**

Page 2

        what are likely to be hundreds of privileged emails between Hughes Hubbard and its clients and among individual Hughes Hubbard attorneys.

5.     Hughes Hubbard objects to the Subpoena on the ground that some of the responsive materials have been produced by other parties and designated as confidential in the litigation entitled <u>KPMG Financial Advisory Services, et al. v. Diligence LLC</u>, Civ. No. 05-2204 (D.D.C.), and are subject to the protective order entered in that case.

6.     Hughes Hubbard objects to the Subpoena on the ground that it requires the production of documents and information that are required to be kept confidential under the law of Bermuda, <u>i.e.</u> documents and information related to the work performed by Hughes Hubbard's clients as the statutory inspectors for IPOC International Growth Fund Ltd. and related companies.

7.     Hughes Hubbard objects to the Subpoena on the ground that some of the materials it calls for are protected by contractual confidentiality obligations.

8.     Hughes Hubbard objects to the Subpoena to the extent that it seeks documents that can be obtained with less burden and expense from another source, including but not limited to documents that can be obtained from the Defendants in the above-referenced action.

        Based on the foregoing objections, Hughes Hubbard does not intend to produce documents on or before the deadline stated in the Subpoena. If you wish to pursue this further, we will be happy to confer with you in good faith to see if it is possible to resolve our objections. We expect reasonable notice in the advance of any motion to compel.

        Counsel for Diligence LLC in the above-referenced case have advised us that they are moving to stay all discovery in this matter pending the resolution of a motion to dismiss. We presume that this moots the Subpoena until such motion has been addressed.

        Sincerely,

        Derek J.T. Adler

cc:     Paul Rauser, Esq.