# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

ANNE W. STUKES
(202) 282-5856
astukes@winston.com

February 20, 2007

**BY E-MAIL AND FACSIMILE**
Derek J.T. Adler, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482

        Re:    IPOC v. Diligence
              Subpoena to Hughes Hubbard & Reed LLP

Dear Derek:

       I write to inquire concerning omissions and discrepancies in the document production of Hughes Hubbard & Reed LLP ("HHR") made in response to the subpoena issued last July by IPOC International Growth Fund, Ltd. ("IPOC") in the above captioned case.

       1.    The "Montvale" Documents

       In your correspondence with Kimball Anderson on July 27, 2006, you stated that HHR would produce "copies of the documents that were received at KPMG US's Montvale office." In the document production, however, we do not find the Montvale documents except, based on what we can discern, as select attachments to declarations from you and Ms. Harvey. Please clarify whether the Montvale documents were produced in toto, and if so, please identify the exact HHR bates range(s) comprising the Montvale documents. If HHR has withheld or redacted any of the Montvale documents, please produce them to us immediately in unredacted form.

       2.    "Confidential" Designations

       HHR designated nearly the entire production as either "Confidential" or "Attorneys Eyes Only." While IPOC agrees that under the Protective Order documents revealing the substance of information stolen from KPMG FAS and other information required by Bermuda law to be confidential should be designated "Attorneys' Eyes Only," we do not agree with HHR's placement of a "Confidential" designation on the vast majority of documents

**WINSTON & STRAWN** LLP

Derek J.T. Adler, Esq.
February 20, 2007
Page 2

produced by Diligence and other third parties in the *KPMG FAS v. Diligence* case. Please accept this letter as a formal written request that HHR de-designate as "Confidential" all materials produced by Diligence and/or other third parties that do not reveal the substance of information required by Bermuda law to be kept confidential. As you have previously represented, your client's only confidentiality interests in these documents, aside from its confidentiality obligations under Bermuda law, are to protect any non-public information about KPMG FAS' operations, as well as personal information about certain of KPMG FAS' employees. Neither HHR nor KPMG FAS has any stake in hiding Diligence and BGR's tortious actions from public view.

      3.      Redactions

HHR's document production is replete with redactions. I am aware that in October 2006, you placed redactions on documents in view of the fact that no protective order had been entered. Now that there is a protective order in place, however, HHR has no foundation under the law to make redactions from the documents except on grounds of privilege. *See, e.g., Int'l Longshoreman's Assoc., AFL-CIO v. Nat'l Mediation Bd.*, No. 04-824, 2006 WL 197461 at *4 (D. D.C. Jan. 25, 2006) (concluding that redactions made on the basis of confidentiality were improper where a protective order could be entered); *see also Medtronic Sofamor Banek, Inc. v. Michelson*, No. 01-2373, 2002 WL 33003691 at *5 (W.D. Tenn. Jan. 30, 2002) ("Where the party seeking redaction has produced no caselaw or cited to no applicable privilege, information may not be redacted from a document because it is deemed irrelevant by the producing party, especially when a protective order is in place to govern production of confidential information."). Please immediately produce complete and unredacted copies of all previously redacted documents. To the extent that any redactions have a legitimate basis, please provide a privilege or redaction log immediately. If the documents were produced by Diligence with redaction, please provide us with Diligence's redaction and privilege logs.

      4.      Omissions and Missing Pages

Several gaps appear in the production. Missing from the sequentially numbered HHR pages are:

HHR 00620
HHR 00641
HHR 00642
HHR 01083-1126

Moreover, IPOC's subpoena requires production of unredacted copies of all the pleadings from the *KPMG FAS v. Diligence* case. HHR's production contained only the Complaint and declarations from yourself, Mr. Enright and Ms. Harvey. Please immediately produce unredacted copies of all of the pleadings.

**WINSTON & STRAWN** LLP

Derek J.T. Adler, Esq.
February 20, 2007
Page 3

In addition, the subpoena requires the production of all discovery material from the *KPMG FAS v. Diligence* case. It is apparent that HHR's production does not contain all discovery, however, and IPOC requests complete production immediately. The only deposition provided was that of Mr. Ware. There appear to be no documents from any third parties such as Barbour Griffith & Rogers. With respect to the pre-existing Bates numbers beginning with "D" and "DB," please immediately produce the following documents that were withheld from HHR's production:

D 1-266
D 269-282
D 296-431
D 899-923
D 1153-1286
D 1977-2214
D 2216-2236
D 2252-2425
D 2428-2561
D 2591-2653
D 2680-2813
D 2874-2976
D 3055-3083
D 3167-3407
D 3467-3498
D 3590-3728

DB 1-1648
DB 1650-1656
DB 2266-2320
DB 1707-1711
DB 1722-2219
DB 2221-2236
DB 2290-2401
DB 2419-2425
DB 2428-2561
DB 2591-2653
DB 2680-2813
DB 2237-2264
DB 2878-2884
DB 2886-2888
DB 2959-2964
DB 3055-3083
DB 3171-3177
DB 3273-3278
DB 3448-3452

**WINSTON & STRAWN** LLP

Derek J.T. Adler, Esq.
February 20, 2007
Page 4

DB 3467-3469
DB 3534-3541
DB 3593-3760
DB 3783-3917

      It does not appear that the materials requested in items 1, 3 and 4 of the Subpoena have been produced. For example, we believe that your client conducted an extensive investigation to determine the facts underlying its Complaint against Diligence. but there do not appear to be documents related to such an investigation in the document production. If you are withholding any such documents within those categories on the ground of privilege, please provide a privilege log. We also hereby request an itemization of those items sought in our Subpoena that HHR has not produced and the basis for withholding each such item.

      As we have already discussed, IPOC will in good faith pay the nearly $30,000 your firm has demanded for responding to the subpoena. After HHR has demanded and obtained IPOC's agreement to pay such a high ransom for these documents, however, it is disappointing, to say the least, that HHR continues to avoid and evade its obligations under the subpoena. Your immediate and full cooperation with the matters raised in this letter is very much appreciated.

      If you are unwilling to provide all the information requested in this letter, we would like to meet and confer with you tomorrow at 2:00 p.m., or such other time as is more convenient to you.

                              Sincerely,

                              Anne W. Stukes