# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Derek J.T. Adler
Direct Dial: 212-837-6086
adler@hugheshubbard.com

March 23, 2007

BY E-MAIL (pdf, w/o encl)
AND FEDERAL EXPRESS

Anne W. Stukes, Esq.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Re: *IPOC v. Diligence*
Subpoena to Hughes Hubbard & Reed LLP

Dear Anne:

I write in response to your letter of March 15, 2007.

1. Blank Disk

We are enclosing a replacement disk (HHR 03502) with the hard copy of this letter.

2. Unredacted Pleadings

I believe that we have provided copies of the Complaint and all evidential materials that were filed with the court. Any other redacted documents in the court file (and I am not sure how many there are) will have been memoranda of law or similar documents that were only redacted to the extent they referred to or incorporated material from documents you have received. Please check the court docket and let us know which redacted papers you still want access to.

3. Designations

Further to our meet and confer telephone call, we have reviewed our production again and are prepared to remove the confidential designation from the materials set forth in Schedule 1. We note that certain materials you list as having been designated as confidential were not actually so designated, as set forth in Schedule 2. With respect to the security clearance forms (e.g. HHR 425-443), we would agree that if all personal information other than the names of the two individuals were redacted, the forms need not be designated as confidential or attorneys eyes only. If you would like to pursue this please provide proposed redacted copies.

4. <u>Missing Page</u>

We are enclosing a copy of HHR 01836 with the hard copy of this letter.

5. <u>Investigative Material</u>

Pursuant to my letter of July 21, 2006, one of our principal objections to IPOC's subpoena to Hughes Hubbard was that it constituted an improper attempt to obtain documents we hold on behalf of our client and that constitute our client's property. Such documents should properly be sought via process directed to the client, thereby preserving the client's right to assert all applicable protections from disclosure. This principle is particularly important here given the different legal regimes that may be applicable in an international context. Also, to require a law firm that has been engaged in an active litigation to review and prepare a log of privileged communications (including thousands of emails) would be unreasonably burdensome. The proposal set forth in my July 27, 2006 email, which you have accepted, was crafted to address these objections by explicitly limiting our production to materials that were filed in the US litigation or were produced here in connection with that litigation. We do not consider that it would be proper to deviate from the framework set forth in that letter.

6. <u>Letter from Rep. Waxman</u>

You refer to a letter your firm has received from the House Oversight and Government Reform Committee. I note that you have not complied with my request to provide us with a copy of that letter. However we have obtained a copy off of the Web. As we read it, the letter from Representative Waxman is not a "Congressional Subpoena" (as indicated in your heading) or any other form of compulsory process, but rather an informal request for information. We understand from your letter that you do not intend to disclose any materials in response to this letter without seeking court approval. We expect prompt advance notice from you of any change in your client's position or of any application to the court.

7. <u>Breaches of Confidentiality</u>

Recent press reports, court filings and other circumstances raise serious concerns as to whether your firm and your client have complied with the undertakings set forth in your October 19, 2006 letter or with the terms of the Protective Order Governing Confidentiality and Inadvertent Disclosure of Documents that has been entered by the Court. Please investigate this and let us know at the earliest convenience whether anyone who has had access to materials from our production has participated in any breaches of the confidentiality undertaking in your October 19, 2006 letter or the terms of the Protective Order, or whether any such person has any reason to believe that such breach has taken place. In relation to unauthorized disclosures, please provide the information and take the steps required pursuant to Paragraph 30 of the Protective Order.

Sincerely,

Derek J.T. Adler

Encl. (w/ hard copy only)

3

Schedule 1:   Documents From Which "Confidential" Designation May Be Removed

(Prefix = "HHR")

| |
|---|
| 84 |
| 89 |
| 97 |
| 105-106 |
| 107 |
| 114-115 |
| 353 |
| 354-357 |
| 358-359 |
| 360-361 |
| 362-364 |
| 365 |
| 366 |
| 370 |
| 372 |
| 373-374 |
| 381 |
| 407-408 |
| 421 |
| 444-455 |
| 456-467 |
| 468-479 |
| 480-491 |
| 492 |
| 493 |
| 494 |
| 507 |
| 517-521 |
| 523-528 |
| 543 |
| 558 |
| 560 |
| 598 |
| 602 |
| 607 |
| 620 |
| 623-627 |
| 628-30 |
| 631-34 |
| 635-38 |
| 639 |
| 644 |

| |
|---|
| 646 |
| 647-49 |
| 650 |
| 651-53 |
| 654 |
| 655-57 |
| 658 |
| 659 |
| 660 |
| 661-62 |
| 663 |
| 664-65 |
| 666-667 |
| 668-674 |
| 675 |
| 678 |
| 679 |
| 680 |
| 681 |
| 683-86 |
| 687 |
| 688-90 |
| 691 |
| 692-94 |
| 695-96 |
| 697 |
| 698 |
| 702 |
| 707-08 |
| 709 |
| 710-11 |
| 712 |
| 713 |
| 715 |
| 716 |
| 717-18 |
| 719 |
| 720 |
| 721 |
| 722 |
| 723 |
| 727-29 |
| 733 |
| 746 |
| 747-48 |
| 749 |

| |
|---|
| 750 |
| 752 |
| 753 |
| 754 |
| 756-57 |
| 760-61 |
| 762 |
| 763 |
| 764-65 |
| 766-767 |
| 768 |
| 769 |
| 770 |
| 771 |
| 772 |
| 773 |
| 774-775 |
| 776-785 |
| 787-794 |
| 800-804 |
| 806-809 |
| 811-817 |
| 819-822 |
| 825-830 |
| 832 |
| 834 |
| 836-882 |
| 884-933 |
| 938 |
| 951 |
| 953 |
| 956-957 |
| 999 |
| 1010 |
| 1023-1025 |
| 1032-1037 |
| 1042 |
| 1055 |
| 1067 |
| 1083-1131 |
| 1133-1135 |
| 1138-1141 |
| 1148-1182 |
| 1188-1189 |
| 1199 |
| 1211-1221 |

| |
|---|
| 1249-1251 |
| 1254 |
| 1269 |
| 1271-1272 |
| 1274-1292 |
| 1294-1300 |
| 1303-1305 |
| 1307-1327 |
| 1331 |
| 1336-1342 |
| 1344-1352 |
| 1356-1358 |
| 1362 |
| 1375-1424 |
| 1426-1441 |
| 1443-1445 |
| 1447-1448 |
| 1451-1466 |
| 1469-1485 |
| 1488-1491 |
| 1493 |
| 1495-1498 |
| 1504-1508 |
| 1510-1513 |
| 1514-1521 |
| 1523-1526 |
| 1529-1534 |
| 1536 |
| 1538 |
| 1540-1565 |
| 1567-1586 |
| 1588-1602 |
| 1605 |
| 1609 |
| 1611-1623 |
| 1625-1627 |
| 1629-1658 |
| 1660-1661 |
| 1663-1675 |
| 1677-1685 |
| 1688-1815 |
| 1818 |
| 1821-1824 |
| 1828-1833 |
| 1845 |
| 1853 |

| |
|---|
| 1860 |
| 1863-1864 |
| 1884 |
| 1897 |
| 1906 |
| 1917 |
| 1923-1924 |
| 1927-1941 |
| 1942-1944 |
| 1952 |
| 1965 |
| 1974 |
| 1983 |
| 1990 |
| 1995 |
| 2009 |

Schedule 2:    Documents Not Designated "Confidential"

(Prefix = "HHR")

| |
|---|
| 98 |
| 367-369 |
| 508-516 |
| 540 |
| 600-601 |
| 603-606 |
| 608-609 |
| 665 |
| 699-701 |
| 703-705 |
| 724-726 |
| 730-732 |
| 734-745 |
| 797-799 |
| 831 |
| 833 |
| 835 |
| 934-937 |
| 939-950 |
| 952 |
| 955 |
| 958-959 |
| 969-998 |
| 1000-1009 |
| 1011-1022 |
| 1026 |
| 1029-1031 |
| 1038-1041 |
| 1043-1054 |
| 1056-1066 |
| 1068-1082 |
| 1132 |
| 1136-1137 |
| 1142-1147 |
| 1183-1187 |
| 1190-1198 |
| 1200-1210 |
| 1222-1248 |
| 1252-1253 |
| 1255-1268 |
| 1293 |
| 1301 |

| |
|---|
| 1328-1330 |
| 1332-1334 |
| 1353-1355 |
| 1359-1361 |
| 1363-1374 |
| 1425 |
| 1467-1468 |
| 1494 |
| 1501-1503 |
| 1535 |
| 1537 |
| 1539 |
| 1566 |
| 1603-1604 |
| 1606-1607 |
| 1624 |
| 1628 |
| 1659 |
| 1819-1820 |
| 1825 |
| 1835 |
| 1837-1844 |
| 1846-1852 |
| 1854-1859 |
| 1865-1866 |
| 1876-1883 |
| 1885-1896 |
| 1898-1905 |
| 1907-1916 |
| 1918-1922 |
| 1925-1926 |
| 1945-1951 |
| 1953-1964 |
| 1966-1973 |
| 1975-1982 |
| 1984-1989 |
| 1991-1994 |
| 1996-2008 |