IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| | ) | Civil Action No. 06-1109 (PLF) |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

**MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S EMERGENCY MOTION FOR AN ORDER BARRING IPOC'S COUNSEL FROM FURTHER DISSEMINATION OF INFORMATION IN VIOLATION OF THIS COURT'S ORDERS**

Defendant Diligence, Inc. ("Diligence"), by and through undersigned counsel, respectfully moves this Court on an emergency basis to prevent IPOC's counsel from further disseminating to non-parties information protected from disclosure by this Court's Protective Order entered February 8, 2007, and by this Court's orders entered in KPMG FAS v. Diligence LLC, Civ. #05-2204 (PLF) (the "KPMG FAS Litigation").

Immediate relief is required to avoid additional violations of this Court's orders and irreparable harm to Diligence. An article that appeared in *The Politico* yesterday discussing the instant action makes reference to ***"sealed court records that were copied and made available to Politico."*** Ex. 1 at 2. Quoted extensively in the article is *pro hac vice* counsel of record for IPOC in this case, W. Gordon Dobie of Winston & Strawn LLP's Chicago office. See id.

Eliminating any doubt as to whether IPOC's counsel was the source of the "sealed court records that were copied and made available to Politico," the reporter who wrote the article has confirmed to Diligence that it was Winston & Strawn LLP which divulged to him the contents

of those "sealed court records." See Ex. 2. Based on the information currently available to Diligence, it is unclear whether the "sealed court records that were copied and made available to Politico" by Winston & Strawn LLP were under-seal pleadings from the KPMG FAS Litigation or documents produced in the instant action that have been designated "Confidential" or "Attorneys' Eyes Only" pursuant to the Protective Order entered in this case on February 8, 2007 (Docket # 92). In fact, because pleadings earlier placed under seal by this Court were produced to IPOC in this case pursuant to the Protective Order entered on February 8, 2007 (the "Protective Order"), it is entirely possible that these disclosures to the media violate not one, but two separate Orders of this Court.

This is no isolated incident. IPOC's counsel—Winston & Strawn LLP—has admitted to attaching to a public filing in the British Virgin Islands a copy of a January 25, 2006, unredacted, under-seal hearing transcript from the KPMG FAS Litigation,[1] a transcript that, by its own text, was placed under seal by this Court and should not have been released to the public. The transcript is of the January 25, 2006 motions hearing held by this Court in the KPMG FAS Litigation. During that hearing, counsel for the parties discussed documents that the Court had earlier placed under seal in a Memorandum Opinion and Order dated January 4, 2006 (the "Seal Order"). See Ex. 3 hereto (Declaration of Paul C. Rauser ) at ¶ 2. At the conclusion of the January 25th hearing, counsel for all parties requested on the record – and this Court ordered on the record – that the hearing transcript not be filed in the public record until the parties had an opportunity to file a stipulation with the Court as to how the transcript should be redacted. See Ex. 3 at ¶ 3. The parties thereafter submitted proposed redactions of materials covered by the Seal Order, and the Court subsequently filed in the public record a redacted version of the transcript at

---

[1] IPOC was not a party in KPMG v. Diligence, and thus would not have been given access to the unredacted, sealed versions of documents in that case.

2

Docket # 63. See id. The original, unredacted transcript containing sealed material was not made publicly available. See id. at ¶¶ 3, 6.

Nevertheless, it is undisputed that, on or about June 14, 2006, Barry S. Vitou, a London-based Winston & Strawn partner who represents IPOC, filed an affidavit on June 12, 2006, in connection with a costs application in the Eastern Caribbean Supreme Court, Court of Appeal (Claim No. 140 of 2003 and Civil Appeals No. BVI HAP 2003/20 & 2004/01). Mr. Vitou's affidavit attached a complete, unredacted copy of the under-seal January 25, 2006 hearing transcript from the KPMG FAS Litigation. IPOC has admitted doing so. See Plaintiff IPOC's Opposition to Defendants' Joint Motion for Entry of a Protective Order (Docket #77). According to IPOC, it was unaware that the unredacted transcript was under seal—a claim belied by the text of the transcript itself, which reflects this Court's directive, on the record, that it be sealed pending redactions by the parties. See Sealed Transcript, p. 36.[2]

In light of these repeated instances of violations of this Court's Orders by IPOC's counsel, Diligence respectfully requests the following relief:

> (i) That IPOC and its counsel be ordered not to divulge to any non-party any information that is either under seal pursuant to this Court's Orders entered in the KPMG FAS Litigation or has been designated "Confidential" or "Attorneys' Eyes Only" under the Protective Order entered in this case (all of the foregoing, collectively "Protected Information"); and
>
> (ii) That IPOC's counsel be ordered to disclose to the Court and to the Defendants each and every instance in which it has shown, given, or otherwise disclosed Protected Information to a non-party or has verbally divulged Protected Information to a non-party, including a detailed description of the Protected Information involved in each such instance.

---

[2] At a January 11, 2007, motions hearing in this action, counsel for Diligence raised before Judge Kay IPOC's admitted public filing of the under-seal transcript from the KPMG FAS Litigation. Judge Kay responded by noting that any request for relief by Diligence in connection with that incident must be directed to Judge Friedman.

3

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that its Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of this Court's Orders be granted.

Respectfully submitted,

March 15, 2007

AEGIS LAW GROUP LLP

By:    /s/ Paul C. Rauser
Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED<br><br>      *Plaintiff,*<br><br>v.<br><br>DILIGENCE LLC, et al.<br><br>      *Defendants.* | Civil Action No. 06-1109 (PLF) |

## DECLARATION OF NICHOLAS DAY

I, Nicholas Day, declare and state under penalty of perjury as follows:

1. I am the Chief Executive Officer of Diligence, Inc. ("Diligence"). I have personal knowledge of the matters stated in this Declaration, and if called as a witness, I could and would testify as set forth in this Declaration.

2. On March 13th, 2007, Jeff Patch, a reporter for *The Politico* informed me that Winston & Strawn LLP recently had disclosed to him information set forth in sealed court documents.

I declare under under the penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed this 15th day of March, 2007.

                                        _____
                                        Nicholas Day

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, ) ) ) Plaintiff, ) ) vs. ) ) DILIGENCE, LLC, et al. ) ) Defendants. ) ) ) | Civil No. 06-1109 (PLF)/(AK) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR ORDER TO SHOW CAUSE WHY W. GORDON DOBIE SHOULD NOT BE HELD IN CONTEMPT

Defendant Barbour Griffith & Rogers, LLC ("BGR"), by counsel, hereby files this Reply in Support of its Motion for Order to Show Cause Why W. Gordon Dobie Should Not be Held in Contempt. ("Contempt Motion")

As was stated in the Contempt Motion, BGR and counsel have great respect for Winston & Strawn and its attorneys. This motion was made for no improper purpose and was made in an effort to insure that, as this case proceeds to trial, the Court's orders are respected and enforced. That said, despite Mr. Dobie's predictable denials, IPOC's response does not answer the critical question before the Court. That is, who provided "sealed court records" or other protected information to persons not entitled to receive same in plain violation of several orders entered by this Court? The reporter for Politico.com[1] told me that Winston & Strawn was the source for his story. He told Mr. Day the exact same thing on the same day. Though IPOC dismisses that

---

[1] IPOC repeatedly states that it was not the source for the *BusinessWeek* story. BGR, though suspicious, has never argued to the Court that IPOC or its counsel was the source for that story.

evidence as "hearsay," there is more than a sufficient factual record upon which this Court should proceed and seek the facts in this matter. It is, of course, up to the Court to decide how, if at all, to proceed. And, BGR recognizes that it is significant that Mr. Dobie has offered to come and testify and to tell this Court what he knows about this matter. BGR awaits that testimony, as well as the production of the documents[2] requested by BGR, upon which this Court can make a record in this regard.

Yet IPOC's response raises more questions than it answers. Mr. Dobie's denial of any involvement must be viewed in the context of the record in this case. If Mr. Patch is to be believed, and there is no reason before the Court not to believe him, then someone from Winston & Strawn provided sealed court records to Mr. Patch.[3] Notably, Mr. Patch is aware of the pending motions involving the improper disclosures to him, yet he has not filed any retraction of the statement that his story was based upon "sealed records that were copied and made available to The Politico." Indeed, Mr. Patch has only expanded upon his prior story. On April 2, 2007, he wrote a story titled "Waxman Drops Inquiry Into Alleged Espionage." In that article, which is attached as Exhibit A, Mr. Patch writes that "[o]versight committee staffers met frequently with Winston & Strawn lawyers before Waxman first wrote Dobie, according to people familiar with the inquiry."

---

[2] IPOC is correct that BGR cannot identify the precise sealed court records and other information that has been divulged. That is, of course, because BGR did not leak any such information.

[3] Mr. Patch told me and Mr. Day that Winston & Strawn was the source for his story. The court simply cannot, as IPOC suggests, ignore that evidence. That information was confirmed to IPOC by counsel in a letter dated March 14, 2007. In response, IPOC stated only that Mr. Dobie was not the source for the *BusinessWeek* story, leaving wide open whether Mr. Dobie was the source for the *Roll Call* and Politico.com stories.

Congressman Waxman's letter of March 12, 2007, was addressed to Mr. Dobie[4] and Congressman Waxman's March 22, 2007, letter withdrawing the March 12, 2007, letter request was also addressed to Mr. Dobie. That letter, a copy of which is attached hereto as Exhibit B, chides Mr. Dobie for leaking the March 12, 2007 letter to the press. It was that event, not the *BusinessWeek* story, that started this series of events. Congressman Waxman wrote: "I am writing now to officially withdraw the document request. The March 12 letter was intended as a preliminary step to determine whether Committee resources should be expended upon investigating this matter. **The letter was not released publicly by the Committee when it was sent to you and it was inappropriate for the letter to be characterized in the media as a Committee investigation.**" (Emphasis added) It was Mr. Dobie who is quoted in the *Roll Call* article as praising the investigation while falsely stating that BGR undermined national security and impersonated federal agents. The *Roll Call* story also confirms the precise legal strategy that Mr. Patch told me that Winston & Strawn intended to employ to produce all of the sealed records in this case.

Further, Mr. Dobie was admitted *pro hac vice* in this case because of his involvement as counsel to IPOC in numerous other matters. The Court will recall that in his appearance before the Court on January 11, 2007, Mr. Dobie[5] began publicly to disclose information protected by the Protective Order in the KPMG FAS case, the sealing order in that case, and an agreement

---

[4] IPOC does not blame BGR or Diligence for providing information to the Congress in an effort to spark an investigation. IPOC's similar allegations about BGR and Diligence leaking information subject to protective orders should be seen as equally implausible.

[5] The *BusinessWeek* story appeared approximately two weeks after the Court entered an Order that did not grant IPOC's Emergency Motion.

-3-

between counsel in this case that designated such information as "attorneys eyes only." (Transcript of Hearing dated January 11, 2007, pp. 27-29) The Court then sealed the proceedings, upon Diligence's request, to allow discussion of these matters. It was also Mr. Dobie who explained to the Court, apparently upon personal knowledge, just how IPOC obtained the sealed transcript from the KPMG FAS case, which sealed transcript was "mistakenly" made public in the case in the British Virgin Islands. (Sealed transcript pp. 8-9) He certainly, then, can tell the Court what additional records, if any, IPOC obtained from KPMG FAS in London and what has been done with those sealed documents since.

Therefore, there is more than sufficient reason for this Court to inquire as to what Mr. Dobie did, or tasked others to do, with information protected from disclosure by protective orders issued in this case and the KPMG FAS case - a case in which Winston & Strawn LLP entered an appearance. As Diligence so pointedly noted in its Reply, IPOC very carefully parses its statements leading to the inevitable conclusion that IPOC, either through its counsel or otherwise, has intentionally disclosed information that was subject to protective orders in the KPMG FAS case. Significantly, there is no declaration from any person affiliated with IPOC that denies that information obtained from KPMG FAS, that IPOC or its agents knew was sealed or subject to protective orders, was not disclosed to persons not entitled to receive same. That information, as was described above, was all protected by the Protective Order entered in this case as well. It is, after all, the exact same information subject to a Protective Order entered in this case to which BGR is a party.

Thus, if IPOC or its agents intentionally provided protected information to the Congress in an effort to spur an investigation that it hoped would give it leverage in this case, protective

-4-

orders were violated and the Court should decide what actions, if any, it would take to insure that its orders are respected. Similarly, if IPOC or its agents provided sealed records to reporters, the same violations and contemptible actions occurred. It is for the Court to decide if these events occurred but there is, at this time, a more than sufficient record upon which this Court should inquire as it has indicated it will do.

In closing, BGR notes that IPOC has refused to produce the information that BGR requested in its Contempt motion. It is respectfully requested that the Court order the production of responsive documents within a reasonable time period before the hearing now set for April 25, 2007.

                                            **BARBOUR GRIFFITH & ROGERS, LLC**
                                            By Counsel

_____
Edward B. MacMahon, Jr.
D.C. Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour*
   *Griffith & Rogers, LLC*