UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) ) | |
| Defendants. | ) | |

**IPOC INTERNATIONAL GROWTH FUND LIMITED'S MOTION TO COMPEL DEFENDANT DILIGENCE, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. Pro. 37(a), Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby respectfully moves the Court to compel Defendant Diligence, LLC ("Diligence") to produce documents in response to IPOC's First Request for Production of Documents ("Request for Production"). The grounds for this Motion are set forth in the accompanying Memorandum of Law.

After a good faith meet-and-confer, IPOC was unable to obtain Diligence's consent to the relief sought in this Motion.

May 2, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
IPOC INTERNATIONAL GROWTH FUND LIMITED'S MOTION TO COMPEL
DEFENDANT DILIGENCE, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, respectfully submits this Memorandum of Law in support of its Motion to Compel Defendant Diligence, LLC ("Diligence") to produce documents in response to IPOC's First Set of Requests for Production of Documents ("Request for Production").

Nearly ten months ago, on July 17, 2006, IPOC served its First Set of Requests for Production of Documents on Diligence. Since that time, Diligence has utilized every conceivable tactic to avoid producing documents in this case. It sought a stay on all discovery, it insisted on the imposition of an onerous protective order, and demanded that IPOC produce its documents first. Now, when all excuses have been removed and IPOC's document requests remain pending, Diligence simply refuses to produce its documents. Moreover, despite IPOC's best efforts to discuss this issue with counsel for Diligence, Diligence has refused to even say when it will produce its documents. Diligence's refusal to produce documents has forced IPOC to seek an order from this Court compelling Diligence to simply meet its discovery responsibilities.

**FACTUAL BACKGROUND**

IPOC's Complaint seeks relief for the tortious and illegal conduct of Diligence and Barbour, Griffith & Rogers ("BGR") calculated to destroy IPOC. Specifically, Defendants carried out plans that included, among other things, surreptitiously infiltrating a confidential investigation being conducted by KPMG Financial Services ("KPMG FAS") on behalf of the Bermudan government. Defendants' plans also included investigating IPOC officers and directors and conducting surveillance of these individuals, all of which served a world-wide effort to attack IPOC. The actions of the two Defendants in this case were in the service of their clients, including LV Finance Group Ltd. and the Alfa Group Consortium – who are litigation adversaries of IPOC in other proceedings.

Shortly after filing its Complaint in this case, IPOC served its first Requests for Production of documents on Diligence. In these requests, IPOC sought documents directly related to the Defendants' actions, both in Bermuda and elsewhere, that underlie the allegations contained in IPOC's Complaint. These requests included, in part, requests for documents related to communications between the Defendants and their clients regarding IPOC and documents related to the actual conduct by Diligence of its operation in Bermuda. Rather than respond to IPOC's valid discovery requests, Diligence moved this Court for an emergency stay of all discovery, which was initially granted. On October 13, 2006, Magistrate Judge Kay denied the Defendants' request for a stay of all discovery and ordered that "[t]he parties shall proceed with written discovery[.]" Memorandum Order, Oct. 13, 2006, at p. 8 (Docket No. 46). Judge Kay specifically concluded that it would not be "unduly burdensome or expensive for Defendants to comply with IPOC's discovery requests seeking documents previously produced in connection with the *KPMG FAS* case, or any other written discovery." *Id.* at p. 7 (emphasis added).

After its attempt to delay all discovery failed, Diligence adopted a new strategy of delaying the entry of a protective order, and refusing to produce documents while this process was ongoing. Through the fall of 2006, Diligence insisted on the inclusion of onerous and unacceptable terms in the protective order. It was not until February 8, 2007, that the Court entered the protective order in this case.

Counsel for IPOC has made every reasonable effort to negotiate with Diligence's counsel and obtain Diligence's document production. Following Judge Kay's order denying Diligence's stay motion, the parties negotiated over when documents would be produced, and counsel for Diligence proposed and specifically agreed to produce Diligence's documents three days after IPOC produced its documents in response to Diligence's document requests. *See* Exhibit A. On April 23, 2007, IPOC produced its documents in response to Diligence's document requests, expecting that Diligence would then produce its documents within three days – as counsel for Diligence had previously agreed. When that did not occur, IPOC conferred with Diligence's counsel to discuss this and other issues. Diligence refuses to produce its documents on two grounds: (1) Diligence claims that IPOC's document production is deficient, and therefore Diligence feels no obligation to produce its own documents; and (2) Diligence states that it is concerned that IPOC will not abide by the protective order with respect to "confidential" documents, notwithstanding that IPOC is bound by penalty of the Court if it does not abide by the protective order, and IPOC reaffirmed to Diligence, in writing, as recently as April 25, 2007, that it has not breached the protective order.

Diligence's outright refusal to produce documents – or to even negotiate in good-faith concerning when its documents will be produced – forces IPOC to file this motion.

**ARGUMENT**

A.  **Diligence's Refusal To Provide Documents In Response To IPOC's Document Requests Is Improper And In Violation Of Federal Rules.**

Rule 34 of the Rules of Civil Procedure entitles IPOC to request the production of documents from Diligence and requires Diligence to produce documents in response. Although Diligence objected to some of IPOC's document requests, it is required to produce documents forthwith in response to all requests to which it has agreed to produce documents.[1] Diligence's failure to produce documents it agreed in writing to produce in response to IPOC's valid Requests for Production is plainly improper.

A party's failure to timely respond to document requests is a violation of Fed. R. Civ. Pro. 34. *Abston v. The Fitness Co.*, 216 F.R.D. 143, 145-46 (D.D.C. 2003) ("The Fitness Company's failure to respond timely to any and all of Mrs. Abston's discovery requests (i.e., her Requests for Admissions, Requests for Documents, and Interrogatories) violated the Scheduling Order and Federal Rules of Civil Procedure 34 and 36"). Moreover, such a failure to respond may result in severe sanctions. *Ford v. Washington Metro. Area Transit Auth.*, 131 F.R.D. 12, 14 (D.D.C. 1990) ("[T]he court properly may dismiss a case if a party fails to respond to interrogatories or requests for the production of documents pursuant to Rules 33 and 34."). Here, Diligence has for months refused to provide documents in response to IPOC's document requests – even in response to requests to which it said in its written response that it would produce documents. There is no legal basis for Diligence's delay in producing documents and its continued refusal to provide documents is a direct violation of Fed. R. Civ. Pro. 34. Diligence's two excuses for not

---

[1] On November 16, 2006, Diligence served its Responses and Objections to Plaintiff's First Request for Production of Documents. In that response, Diligence objected to some of IPOC's document requests outright, but Diligence indicated that it would produce documents responsive to Request Nos. 8, 11-13, 16-20, 23-30, 32-33, 35-37, 39-44, 47-50, and 54-56 notwithstanding its objections. *See* Exhibit B. But in the nearly six months since that response, Diligence has provided no documents to IPOC.

4

producing documents are illegitimate. First, Diligence cannot hold its own documents ransom until it is satisfied with IPOC's production. "A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery." *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) (quoting *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D.Kan. 1989)). "To do so causes unnecessary delay." *Id.* (quoting *Audiotext Communications Network, Inc. v. US Telecom, Inc.*, No. Civ.A. 94-2395-GTV, 1995 WL 625953, *1 (D. Kan. Oct. 5, 1995)). Moreover, contrary to Diligence's strained interpretation, the parties never agreed that Diligence's production was contingent upon Diligence's satisfaction with IPOC's production. *See* Exhibit A.

Second, Diligence may not refuse to produce documents merely because it contends the documents are "confidential." *See generally Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 362 (1979) ("As with most evidentiary and discovery privileges recognized by law, 'there is no absolute privilege for trade secrets and similar confidential information.'") (quoting 8 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2043, p. 300 (1970)). Furthermore, the Court has entered a protective order that governs the production and use of confidential documents, an order that all parties and their counsel are obliged to obey under pain of penalty from the Court. Diligence's refusal to produce documents based on flimsy and unsubstantiated speculation that IPOC will not abide by the terms of the protective order is inexcusable. *See generally Principe v. Crossland Sav., FSB*, 149 F.R.D. 444, 450 (E.D.N.Y. 1993) ("the protective order in place in this litigation will ensure that the produced documents remain confidential. To the extent that the [withholding party] is arguing that the protective order is insufficient to prevent the release of documents to the public, its remedy is to seek modification of the order, not to refuse to produce relevant documents."). IPOC's counsel has repeatedly confirmed to Diligence, both verbally and in writing, that it has

5

not breached the protective order in this case. Diligence appears to simply be unduly stalling the production of its documents. For these reasons, this Court should direct Diligence to produce its documents immediately.

### B. Diligence Should Pay IPOC's Costs.

There is no legal basis for Diligence's continued refusal to provide documents in response to IPOC's valid document requests. Rather, Diligence's refusal is consistent with a strategy of doing whatever it can to prevent the orderly and expeditious resolution of this case. Diligence's refusal to produce documents has done nothing but waste the time of this Court and IPOC, forcing IPOC to file the present motion solely to require Diligence to comply with what are – undoubtedly – its obligations under the Federal Rules of Civil Procedure. Because Diligence has no legal basis for its refusal to provide documents to IPOC, because its refusal is designed simply to force IPOC to engage in needless motions practice, and because its refusal does nothing but waste the time of this Court, IPOC requests the Court to award IPOC the cost incurred in connection with this motion including attorney's fees incurred in bringing this motion. Fed. R. Civ. Pro. 37(a).

### CONCLUSION

For all of the reasons discussed above, IPOC requests that the Court direct Diligence to produce immediately all documents responsive to Document Request Nos. 8, 11-13, 16-20, 23-30, 32-33, 35-37, 39-44, 47-50, and 54-56 in IPOC's First Set of Requests for Production of Documents, direct Diligence to pay IPOC's costs incurred in connection with this motion and to grant IPOC leave to submit a statement of costs incurred in connection with this motion.

| | |
|---|---|
| May 2, 2007 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
| OF COUNSEL: | /s/ Carol A. Joffe |
| W. Gordon Dobie | |
| Kimball R. Anderson | Timothy M. Broas (D.C. Bar No. 391145) |
| WINSTON & STRAWN LLP | Carol A. Joffe (D.C. Bar No. 351528) |
| 35 W. Wacker Drive | Anne W. Stukes (D.C. Bar No. 469446) |
| Chicago, Illinois 60601 | WINSTON & STRAWN LLP |
| Tel:   (312) 558-5600 | 1700 K Street, N.W. |
| Fax:   (312) 558-5700 | Washington, D.C. 20006 |
| wdobie@winston.com | Tel:   (202) 282-5000 |
| kanderson@winston.com | Fax:   (202) 282-5100 |
| | tbroas@winston.com |
| | cjoffe@winston.com |
| | astukes@winston.com |

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, I caused the foregoing Motion to Compel Defendant Diligence to Produce Documents, via the Court's electronic filing system, on:

    Michael Ross
    Paul C. Rauser
    Oliver Garcia
    Aegis Law Group LLP
    901 F. Street, N.W., Suite 500
    Washington, DC 20004
    *Counsel for Defendant Diligence LLC*

        and

    Edward B. MacMahon, Jr.
    P.O. Box 903
    107 East Washington Street
    Middleburg, VA  20118
    *Counsel for Defendant Barbour Griffith & Rogers LLC*

            ___/s/_____
            Carol A. Joffe