UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) ) | |

IPOC INTERNATIONAL GROWTH FUND LIMITED'S MOTION TO COMPEL
DEFENDANT DILIGENCE, LLC TO PRODUCE DOCUMENTS IN RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| *Plaintiff,* | ) ) ) | Civil Action No. 06-1109 (PLF)(AK) |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

## DILIGENCE INC.'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

Diligence, Inc. ("Diligence" or the "Company"), hereby serves the following objections and

responses to Plaintiff's First Request for Production of Documents:

### GENERAL OBJECTIONS AND LIMITATIONS

1.     Diligence objects to each numbered request to the extent that it calls for

documents that are protected by the attorney-client, work product, joint defense, or other

applicable privileges.  To the extent that any privileged document is produced at any time in

response to Plaintiff's document requests, the production of any such document is inadvertent and

should not be deemed a waiver of any applicable privilege with respect to that document or any

other document.

2.     Diligence objects to each document request and to each definition and

instruction that seeks to impose upon it any obligations or responsibilities other than requirements

mandated by the Federal Rules of Civil Procedure.

3.      Diligence objects to each numbered request to the extent it attempts or purports to require disclosure of Diligence's proprietary or confidential business information. Diligence further objects to the document requests to the extent they attempt or purport to require disclosure of any document that contains the proprietary or confidential business information of its clients or affiliates.  Diligence will not produce any document that contains proprietary or confidential business information unless, and until, a suitable protective order allowing for confidential treatment of that information is entered by the Court.

4.      Diligence objects to each numbered request to the extent that it calls for the production of public documents that are readily available to Plaintiff itself from public sources. As such materials are readily available to Plaintiff, Diligence should not be burdened with searching its files, and producing, the materials.  *See* Fed. R. Civ. P. 26(b)(2).  Diligence likewise objects generally to Plaintiff's requests to the extent they seek information that is equally available to Plaintiff.

5.      Diligence objects to each numbered request to the extent that it fails to describe the documents requested with reasonable particularity, as required by Rule 34.  In responding to Plaintiff's document requests, Diligence does not waive any objections as to vagueness, ambiguity, undue burden, or invasiveness.

6.      Diligence objects to Plaintiff's requests to the extent they do not impose a reasonable time limitation on the information sought.

7.      Diligence objects to the definition of "Diligence" as not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it purports to require production from individual employees of documents unrelated to their employment or actions on behalf of Diligence, Inc. or any of its corporate

2

affiliates. Accordingly, in responding to these document requests Diligence has construed the definition of "Diligence" to mean Diligence LLC, Diligence Inc. and any of their affiliates, predecessors, successors, officers, directors, shareholders, current or former employees, representatives, or agents, acting within the scope of their employment, representation, or agency.

　　　　　8.　　Diligence's General Objections to document requests and definitions and instructions are hereby incorporated by reference to each and every response to each and every document request and shall not be repeated in every response to which they are applicable. By providing a response to a given document request, Diligence does not waive its General Objections to that document request. The fact that Diligence raises an objection to a numbered request should not be construed as an admission that documents responsive to such request exist or are in its possession, custody or control. The fact that Diligence does not raise an objection to a numbered request should not be construed as an admission that documents responsive to such request exist or are in its possession, custody or control. To the extent Diligence produces documents in response to requests, Diligence does not waive the foregoing objections, nor does Diligence concede that the information requested or provided in response thereto is relevant to the subject matter of the underlying litigation or is admissible at a hearing or at trial. Diligence expressly reserves its right to object to further discovery into the subject matter of these requests.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1**: All documents related to your denial of any allegation of the Complaint.

Response:　　　By virtue of Diligence's pending Motion to Dismiss, Diligence has not filed an Answer to the Complaint. Accordingly, this Request is premature. In the event Diligence is

3

subsequently required to Answer the Complaint, non-privileged responsive documents, if any, will be produced subject to the General Objections and Limitations above.

**Request No. 2**: All documents identified, reviewed, examined, considered, or used in any manner to prepare your answer to the Complaint, to prepare Counter-Claim(s) or Cross-Claim(s), if any, or to prepare your response to any interrogatory propounded in this case.

Response: In addition to the General Objections above, Diligence objects to this Request as premature; Diligence has not answered the Complaint nor has Plaintiff served Diligence with any interrogatories.

**Request No. 3**: All documents related to any individual or entity identified in your response to any interrogatory propounded by IPOC in this case.

Response: In addition to the General Objections above, Diligence objects to this Request as premature; Plaintiff has not served Diligence with any interrogatories.

**Request No. 4**: All documents related to any person with knowledge related to the allegations of the complaint or any defense or who may testify at any proceeding in this case.

Response: In addition to the General Objections above, Diligence objects to this Request as premature and as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 5**: All documents related to any denial, in whole or in part, of any request for admission served by IPOC in this case.

Response: In addition to the General Objections above, Diligence objects to this Request as premature; Plaintiff has not served Diligence with any requests for admission.

**Request No. 6**: All documents related to LVFG and also related to IPOC, KPMG FAS, or BGR.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

4

**Request No. 7**:  All documents related to Alfa and also related to IPOC, KPMG FAS or BGR.

Response:    In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8**:  All documents related to BGR also related to IPOC or KPMG FAS.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

Response:  Subject to the General Objections and Limitations above, responsive documents, if any, will be produced.

**Request No. 9**:  All documents related to Keith Schuette and also related to IPOC, KPMG FAS, BGR or LVFG.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10**:  All documents related to Ed Rogers and/or Richard Burt that are also related to IPOC, BGR, KPMG FAS or the Exxel Group, any of its entities, affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associations, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf, including, but not limited to M. Chao or K. Freiwald.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 11**:  All documents related to Guy Enright and/or Lee Griffin gathered by BGR, Diligence, or any third-party acting at the request or on behalf of BGR or Diligence, from March 18, 2004 to the present.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 12**:  All documents related to Guy Enright and/or Lee Griffin and also related to IPOC, KPMG FAS or BGR.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 13**:  All documents related to Malcolm Butterfield and/or Michael Morrison and also related to IPOC, KPMG FAS or BGR.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 14**:  All documents related to the Exxel Group, any of its entities, affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf, including, but not limited to M. Chao or K. Freiwald.

Response:  In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 15**:  All documents related to Andrew Asher and also related to IPOC, KPMG FAS, or BGR.

Response:  In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 16**: All documents related to any investigation of IPOC conducted by BGR, Diligence, any third party acting on behalf of or at the request of BGR or Diligence, KPMG FAS, or the Minister of Finance of Bermuda.

Response: Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 17**: All documents related to the retention of Diligence to perform work of any kind related to IPOC or KPMG FAS, including, but not limited to, all documents related to any individual or entity who retained Diligence to obtain documents or information related to IPOC, its owners, or KPMG FAS, or to influence KPMG FAS.

Response: In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence. Subject to these objections and to the General

Objections and Limitations above, non-privileged responsive documents, if any, related to the

retention of Diligence to perform work of any kind related to KPMG FAS will be produced.

**Request No. 18**: All documents related to any expense or fee for any service related to IPOC, including, but not limited to, any effort, attempt or action by Diligence to obtain any information from KPMG FAS, or to influence KPMG FAS or the Minister of Finance of Bermuda.

Response: In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence. Subject to these objections and to the General

Objections and Limitations above, non-privileged responsive documents, if any, related to any

attempt or action by Diligence to obtain any information from KPMG FAS, or to influence KPMG

FAS or the Minister of Finance of Bermuda.

**Request No. 19**: All financial records of any kind, including but not limited to bank statements, deposit slips, wire transfer documentation, general ledger entries, or any notations or entries of any kind in the financial records of Diligence, related to or reflecting payments to Diligence for services related to IPOC or KPMG FAS.

7

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to the General Objections and Limitations above, non-privileged responsive documents, if any, invoices related to or reflecting payments to Diligence for services related to KPMG FAS will be produced.

**Request No. 20**: All documents related to any KPMG FAS employee or former employee who was at any time contacted by Diligence or by any third party at the request or on behalf of Diligence.

Response: Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 21**: All documents related to any Diligence employee or individual/entity acting on its behalf who contacted, communicated with, or attempted to contact or communicate with any KPMG FAS employee.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 22**: All documents related to any individual who participated in any way in any effort by Diligence to obtain documents or information related to IPOC or KPMG FAS' investigation of IPOC.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 23**: All documents related to any acquisition by Diligence or any other person or entity of any information or documents related to IPOC or KPMG FAS' investigation of IPOC.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

8

to lead to the discovery of admissible evidence. Subject to these objections and the General

Objections and Limitations above, non-privileged responsive documents, if any, relating to KPMG

FAS' investigation of IPOC will be produced.

**Request No. 24**: All documents received, acquired or obtained in any manner by
Diligence from KPMG FAS or any current or former agent or employee of KPMG FAS.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 25**: All documents related to any discussion, plan, attempt or action by
Diligence to obtain information or documents from KPMG FAS related to IPOC or KPMG FAS'
investigation of IPOC.

Response:  In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence. Subject to these objections and the General

Objections and Limitations above, responsive documents, if any, relating to KPMG FAS'

investigation of IPOC will be produced.

**Request No. 26**: All documents related to how Diligence obtained information related to
IPOC from KPMG FAS.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 27**: All documents related to the gathering of information by Diligence about
KPMG FAS, its employees or agents.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 28**: All documents related to any contact, by Diligence or any person or
entity acting on its behalf or at its request, with any KPMG FAS employee or agent or former
employee or agent, including but not limited to all documents related to any and all
correspondence, telephone calls, meetings or communications of any type.

9

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 29**:  All documents related to any money or thing of value paid, given or offered to any KPMG FAS employee or agent or former employee or agent by Diligence or any person or entity acting on its behalf or at its request.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 30**:  All documents related to any Diligence employee or agent holding himself or herself out to be an agent of the United States and/or the United Kingdom while employed by or entitled to receive compensation from Diligence.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 31**:  All documents related to any names, identification and/or copies of security clearance vetting forms of the government of the United Kingdom or United States possessed and/or used by any agent or employee of Diligence in Bermuda at any time.

Response:  In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 32**:  All documents related to any plan, attempt or action by Diligence or any individual or entity acting on its behalf to deceive one or more KPMG FAS employees into believing Diligence or any individual/entity acting on its behalf was a member(s) of the secret intelligence services of the United Kingdom and/or the United States of America.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 33**:  All documents related to Diligence's attempts or actions to persuade any KPMG FAS employee or agent that he or she had been selected by the security services of the United Kingdom or the United States to assist in efforts to combat international crime or otherwise.

Response:  Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

10

**Request No. 34**: All documents related to any plan formulated or action taken by Diligence to obtain information by posing as organizers of a professional conference on forensic accounting.

Response: In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 35**: All documents related to information or documents from KPMG FAS related to IPOC or KPMG FAS' investigation of IPOC.

Response: Subject to the General Objections and Limitations above, responsive

documents, if any, will be produced.

**Request No. 36**: All documents related to any disclosure or dissemination to any individual or entity by Diligence of any information or documents obtained from KPMG FAS related to IPOC or KPMG FAS' investigation of IPOC.

Response: Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 37**: All documents related to any use, dissemination, disclosure or disposition by any individual or entity of any information or documents Diligence obtained from KPMG FAS related to IPOC or KPMG FAS' investigation of IPOC.

Response: Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 38**: All documents related to any conduct engaged in by Diligence or alleged to have been engaged in by Diligence involving efforts to obtain nonpublic information or documents from an individual or entity conducting any investigation of any type.

Response: In addition to the General Objections above, Diligence objects to this Request

as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated

to lead to the discovery of admissible evidence.

**Request No. 39**: All documents related to any action taken by KPMG FAS in response to Diligence's acquisition of information or documents from KPMG FAS related to IPOC.

11

Response: Subject to the General Objections and Limitations above, responsive documents, if any, will be produced.

**Request No. 40:** All documents related to or reflecting communications between Diligence and KPMG FAS related to misappropriation or alleged misappropriation by Diligence of information related to IPOC.

Response: Diligence objects to this Request to the extent it calls for documents or communications concerning inadmissible settlement communications. Subject to this objection and the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 41:** All documents related to contracts or agreements between Diligence and KPMG FAS.

Response: Diligence objects to this Request to the extent it calls for documents or communications concerning inadmissible settlement communications. Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 42:** All documents provided to or from any one or more experts engaged or hired by you in connection with this action.

Response: Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 43:** All communications between you and any testifying expert engaged or hired by you in this action.

Response: Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 44:** All communications between Diligence and BGR related to this action, including but not limited to any communications by, with, or between attorneys acting on behalf of Diligence or BGR.

Response: Subject to this objection and the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

12

**Request No. 45**: All documents related to the retention of Diligence by BGR or any of its clients.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 46**: All documents related to any work related by Diligence or BGR to IPOC or KPMG FAS for or on behalf of Alfa or for any third-party at Alfa's request, from August 1, 2003 to the present.

Response: In addition to the General Objections above, Diligence objects to this Request as unintelligible.

**Request No. 47**: All documents related to any work by Diligence or BGR related to IPOC or KPMG FAS for or on behalf of LVFG from August 1, 2003 to the present.

Response: Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 48**: All correspondence or documents reflecting communications between Diligence and Alfa related to IPOC or KPMG FAS from August 1, 2003 to the present.

Response: Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 49**: All correspondence or documents reflecting communications between Diligence and LVFG related to IPOC or KPMG FAS from August 1, 2003 to the present.

Response: In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to the General Objections and Limitations above, non-privileged responsive documents, if any, related to KPMG FAS from August 1, 2003 to the present will be produced.

**Request No. 50**: Documents sufficient to identify any and all jurisdictions in which Diligence does business.

13

Response:  Subject to the General Objections and Limitations above, non-privileged responsive documents, if any, will be produced.

**Request No. 51**:  All documents related to the organizational or business structure of Diligence, LLC, its affiliates, predecessors, successors, subsidiaries and parent companies.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 52**:  All documents related to Nick Day (also known as Nick or Nicholas Hamilton), Gretchen King, Snezana Petreska, Michael Redman and/or Denis Trifonov that are also related to IPOC, BGR, KPMG FAS or the Exxel Group, any of its entities, affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf, including, but not limited to M. Chao and/or K. Freiwald.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 53**:  Personnel files for Nick Day and any other individual who performed any work related to KPMG FAS, IPOC and/or BGR.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 54**:  All documents related to Project Yucca.

Response:  In addition to the General Objections above, Diligence objects to this Request as unduly burdensome, not relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and to the General

14

Objections and Limitations above, non-privileged responsive documents, if any, will be produced

relating KPMG FAS.

**Request No. 55**: All documents related to Lovells, Weil Gotschal & Manges LLP and/or

Freshfields Bruckhause Deringer and also related to IPOC, Diligence, or KPMG FAS from August

1, 2003 to the present.

Response: Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

**Request No. 56**: All documents related to the Bermuda Police and also related to Nick
Day, Nicholas Hamilton, Diligence, BGR, or any third party acting at the request or on behalf of
Diligence or BGR.

Response: Subject to the General Objections and Limitations above, non-privileged

responsive documents, if any, will be produced.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:  _____

Paul C. Rauser (D.C. Bar No. 461722)
Michael K. Ross (D.C. Bar No. 458573)
Oliver Garcia (D.C. Bar No. 456600)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

*Attorneys for Defendant Diligence Inc.*

Dated:  November 16, 2006

15

## CERTIFICATE OF SERVICE

I hereby certify that I am over eighteen years of age and that on this 16th day of November, 2006, I caused a copy of the foregoing Diligence Inc.'s Responses and Objections to Plaintiff's First Set of Requests for Production to be served upon counsel for Plaintiff and counsel for Barbour Griffith & Rogers LLC at the following addresses in the manner indicated:

> Carol A. Joffe, Esquire (via hand delivery)
> Winston & Strawn LLP
> 1700 K Street, N.W.
> Washington, D.C. 20006
>
> Edward B. MacMahon, Jr., Esquire (via U.S. mail)
> 107 East Washington Street
> P.O. Box 903
> Middleburg, VA 20118

Michael K. Ross

16