UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) | |

**IPOC'S REPLY TO DILIGENCE'S OPPOSITION TO IPOC'S MOTION PURSUANT TO PROTECTIVE ORDER TO REMOVE CONFIDENTIALITY DESIGNATIONS**

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DILIGENCE, LLC, et. al<br><br>Defendants. | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

## DECLARATION OF CAROL A. JOFFE

1. I am a partner at Winston & Strawn LLP, counsel of record for IPOC International Growth Fund Limited ("IPOC"), and have practiced law in the District of Columbia since my admission to practice in this jurisdiction on August 7, 1981.

2. My letter dated March 5, 2007 to Michael K. Ross, Esq., Aegis law Group LLP, was sent by first class mail, postage pre-paid as well as transmitted by email. *See* Ex. 2 to M. Ross Decl. (attached to Diligence Opp.).

3. My letter dated March 13, 2007 to Michael K. Ross, Esq., Aegis law Group LLP, was sent by United States mail, first-class postage pre-paid and transmitted by email. The purpose of the letter was to try to avoid motions practice as a result of Diligence's failure to provide the basis for its refusal to remove the confidentiality designations as requested in my letter dated March 5, 2007.

4. My letter dated March 28, 2007 to Michael K. Ross, Esq., Aegis law Group LLP, also seeking removal of confidentiality designations, and proposing a meet-and-confer on April 4, 2007, was sent by United States mail, first-class postage pre-paid and transmitted by email.

5. On March 29, 2007 in a meet-and-confer with regarding other discovery issues, I told Mr. Ross that I had not received a written response to my March 13th letter concerning a date to discuss the disputed designations. Mr. Ross responded that he thought he had responded but would check into it and get back to me. I did not receive any further response from Mr. Ross.

6. I have not received a response to my March 28, 2007 letter to Mr. Ross. I did not become aware of the letter that Mr. Ross had transmitted to me as attachment to an email on March 20, 2007 until Diligence filed its Opposition to the present Motion. After reading Diligence's Opposition, I reviewed my emails and found, among the more than 75 emails (excluding "spam" and deleted items) that entered my email box on March 20, 2007, there were three emails from counsel for Diligence, two from Mr. Ross and one from Mr. Rauser. Two of the emails contained a single line of text, stating simply, "Correspondence attached," and "Please see correspondence attached," respectively. Mr. Ross' email containing the March 20, 2007 letter concerning the designations was the second email received from Diligence's counsel that day that attached a letter. It followed an email received from Mr. Rauser earlier that afternoon also merely attaching a letter. It appears that when I saw the email from Mr. Ross (mross@aegis.com) that stated "See correspondence attached" I confused it with the earlier email from Mr. Rauser (prauser@aegis.com) and did not open the attachment to the second email believing that I had already opened, printed and read it.

7. Mr. Ross' March 20, 2007 letter transmitted to me an attachment that was not delivered to me by United States mail, facsimile or hand and was neither emailed, faxed or mailed to me or any of the other four attorneys whose names and email addresses appear on the pleadings filed on behalf of IPOC in this case.

8.  Although I told Mr. Ross on March 29, 2007 that I had not received a response to my March 13, 2007 letter, he did not forward a copy of either the earlier email or the March 20, 2007 letter to me or to any of the other four counsel representing IPOC in this case.

9.  I apologize to the Court for stating in IPOC's Motion that Diligence did not respond to my March 13, 2007 letter. I honestly was unaware of Diligence's March 20, 2007 letter until I received Diligence's Opposition.

10. On April 9, 2007, I wrote to Derek J.T. Adler, counsel for Hughes Hubbard & Reed LLP ("HHR") advising him that although the Protective Order had been sent to him previously, we had not yet received a copy of the Protective Order signed on behalf of his firm. He responded by asking if IPOC's position was that it had "not heretofore been bound to adhere to the protective order in relation to Hughes Hubbard's designations because Hughes Hubbard had not signed the acknowledgement?" I assured Mr. Adler that we had been acting in good faith belief that Hughes Hubbard had signed the Protective Order. Mr. Adler returned HHR's executed signature page of the Protective Order on April 10, 2007.

11. Copies of the documents that were delivered anonymously to the Montvale, New Jersey office of KPMG International referenced in paragraph 15 of KPMG Financial Advisory Service's (KPMG FAS") Complaint in *KPMG FAS v. Diligence* were produced to IPOC by HHR as attachments to the Declaration of an employee of KMPG London. The Declaration and attachments are stamped with Bates range HHR00078-HHR00338 ("Montvale Documents"). The Montvale Documents consist of 20 documents but only five (5) have been designated as "Confidential" by HHR. Eleven of those documents have been designated as "Confidential" by Diligence. Exhibit 2 to IPOC's Reply Brief is a table identifying the Declaration and attachments and the Designations made by HHR and Diligence, respectively.

I hereby declare and affirm under penalty of perjury that the facts contained in this Declaration are true and correct.

May 4, 2007

_____
Carol A. Joffe