## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH              )
FUND LIMITED                                          )
                                                                    )
                          *Plaintiff,*                          )
                                                                    )
v.                                                                  )          Civil Action No. 06-1109 (PLF) (AK)
                                                                    )
DILIGENCE LLC, et al.                               )
                                                                    )
                          *Defendants.*                      )
_____ )

### DILIGENCE INC.'S MOTION FOR LEAVE TO FILE A SUR-REPLY
### TO IPOC'S MOTION PURSUANT TO PROTECTIVE ORDER
### <u>TO REMOVE CONFIDENTIALITY DESIGNATIONS</u>

Defendant Diligence, Inc. ("Diligence") hereby respectfully moves this Court for

leave to file a Sur-Reply in response to IPOC's Reply filed in support of IPOC's Motion Pursuant

to Protective Order to Remove Confidentiality Designations ("IPOC's Reply").

Diligence does not wish to burden the Court with unnecessary briefing – indeed, in

marked contrast to plaintiff IPOC, Diligence has never, before today, filed a Sur-Reply in this

case.  Diligence respectfully suggests, however, that two developments since it filed its Opposition

on April 24, 2007 (Docket #122) require such a filing here: <u>first</u>, IPOC has raised a flurry of new

arguments for the very first time in its Reply brief, and <u>second</u>, in its May 1, 2007 Opposition

memorandum, non-party Hughes Hubbard & Reed LLP ("HHR") has raised *yet another* breach of

this Court's confidentiality orders by IPOC's counsel – a breach previously unknown to Diligence.

Diligence respectfully submits that it should be permitted an opportunity to address these new issues. In particular, Diligence wishes (briefly) to address the following matters raised for the first time in IPOC's Reply or in the HHR Opposition memorandum:

1.    For the first time, IPOC's Reply contends that IPOC's failure to timely file its motion in accordance with the Protective Order should be excused because IPOC's counsel did not realize that they had received a March 20 letter from undersigned counsel. Diligence should be afforded an opportunity to respond to this new, baseless argument by IPOC.

2.    For the first time, IPOC's Reply contends that IPOC's failure to timely file its motion in accordance with the Protective Order should be excused because IPOC's counsel, *after* it filed the instant Motion, attempted to meet and confer with undersigned counsel. Diligence should be afforded an opportunity to respond to this new, baseless argument by IPOC.

3.    IPOC's Reply contends, for the first time, that the Opposition brief filed by non-party HHR on May 1, 2007 does not assert an untimeliness argument. Diligence should be afforded an opportunity to respond to this new, baseless argument by IPOC.

4.    IPOC's Reply incorrectly states that Diligence's Opposition brief fails to assert any grounds to support a showing of "good cause" for its confidentiality designations. Diligence should be afforded an opportunity to respond to this new, baseless argument by IPOC.

5.    For the first time, IPOC's Reply contends that IPOC needs de-designation of confidential discovery in this case to raise issues of alleged "corruption" by Defendants of legal proceedings pending against IPOC in Bermuda. This statement contradicts previous representations by IPOC to this Court—representations upon which this Court expressly relied in deciding motions to compel discovery from IPOC. Diligence should be afforded an opportunity to respond to this new, baseless argument by IPOC.

2

6.      Approximately a week after Diligence filed its Opposition brief, non-party HHR filed its own, separate opposition to IPOC's Motion.  HHR's Opposition contains serious allegations regarding yet another apparent violation by IPOC's counsel of the Court's Protective Order in this case.  Diligence should be afforded an opportunity to address this newly-revealed breach of the Court's Protective Order, of which Diligence had no knowledge when it filed its Opposition.

It is basic that "[t]he decision to grant or deny leave to file a sur-reply is committed to the sound discretion of the court." <u>Flynn v. Veazy Constr. Corp.</u>, 310 F. Supp. 2d 186, 189 (D.D.C. 2004).  Moreover, district court's routinely grant such motions where, as here, "a party is unable to contest matters presented to the court for the first time in the last scheduled pleading." <u>Ben-Kotel v. Howard University</u>, 319 F.3d 532, 536 (D.C. Cir. 2003) (internal quotation omitted).

As required by Local Civil Rule 7(m), counsel for Diligence sought IPOC's consent to the relief requested herein, but such consent was not obtained.

A proposed order is attached.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:     /s/ Paul C. Rauser
        Paul C. Rauser (D.C. Bar No. 461722)
        Michael K. Ross (D.C. Bar No. 458573)
        901 F Street, N.W., Suite 500
        Washington, D.C. 20004
        T: 202-737-3500
        F: 202-737-3330

May 9, 2006                              *Attorneys for Defendant Diligence Inc.*

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. 06-1109 (PLF) (AK) |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

## ORDER

Upon consideration of Diligence Inc.'s Motion for Leave to File a Sur-Reply to IPOC's Motion Pursuant to Protective Order to Remove Confidentiality Designations, it is hereby

ORDERED that the Motion is GRANTED and that the Sur-Reply attached as Exhibit A to Diligence Inc.'s motion shall be deemed filed and shall be entered on the Court's docket.

SO ORDERED.

Dated: _____     By: _____

ALAN KAY
*United States Magistrate Judge*

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH      )
FUND LIMITED                   )
                               )        Civil Action No. 06-1109 (PLF)(AK)
             *Plaintiff,*       )
                               )
v.                             )
                               )
DILIGENCE LLC, et al.          )
                               )
             *Defendants.*      )
_____ )

## DILIGENCE INC.'S SUR-REPLY TO IPOC'S MOTION PURSUANT TO PROTECTIVE ORDER TO REMOVE CONFIDENTIALITY DESIGNATIONS

Diligence Inc. ("Diligence") respectfully submits this Sur-Reply to briefly address the new arguments pressed in IPOC's Reply brief ("Reply") and a new, significant issue raised in the opposition brief filed by non-party Hughes Hubbard & Reed LLP ("HHR") after Diligence filed its separate opposition ("Opposition").

**I.     IPOC'S HAS WAIVED ITS RIGHT TO SEEK DE-DESIGNATION UNDER THE PROTECTIVE ORDER BY FILING ITS MOTION MORE THAN TWO WEEKS AFTER UNSUCCESSFUL MEET-AND-CONFER DISCUSSIONS WITH BOTH DILIGENCE AND HHR.**

Despite IPOC's attempt to confuse the factual record in its Reply, IPOC's motion is untimely under the plain language of the the heavily-negotiated and heavily-litigated Protective Order. As an initial matter, IPOC now concedes (although it stridently claimed otherwise in its opening brief) that Diligence timely stated its grounds for refusing to remove its confidentiality designations under the Protective Order. *See* Reply at 17. Specifically, in a March 20 letter to IPOC's counsel of record, counsel for Diligence noted the two, independent grounds that render its

confidentiality designations proper. See Ross Decl. Ex. 5. That March 20 letter also proposed specific dates within the 5-day deadline established by Paragraph 17 of the Protective Order for the parties to meet and confer about the propriety of Diligence's confidentiality designations. Id. IPOC now also concedes that it did not respond to Diligence's March 20 letter, see Reply at 17, and it is undisputed that IPOC failed to file the instant Motion within five court days thereof (i.e., on or before March 27), as required under Paragraph 17 of the Protective Order. This alone is reason to deny IPOC's Motion as untimely.

   In an effort to salvage its untimely Motion, IPOC's counsel claims for the first time in the Reply that it failed to read Diligence's March 20 letter. See Reply at 17. But even if this was an adequate excuse for failing to comply with the Protective Order (and it is not), IPOC's motion would *still* be untimely for an independent reason: IPOC waited more than two weeks to file its Motion after a subsequent verbal meet-and-confer conference regarding Diligence's confidentiality designations.

   IPOC admits that the parties held a meet-and-confer teleconference on March 29 during which IPOC's counsel raised the issue of Diligence's confidentiality designations. See Reply at 16. IPOC also does not dispute that Diligence's counsel responded during that conference that Diligence was standing by its positions set forth in its prior correspondence to IPOC's counsel. See Ross Decl. ¶ 7. Thus, despite having raised and discussed the issue during the March 29 meet-and-confer, it is undisputed that IPOC failed to file its motion within five court days thereafter (i.e., by April 3, 2007). This is in direct violation of Paragraph 17 of the Protective Order, which clearly states that the party objecting to another party's confidentiality designations must "file a motion with the Court not later than five (5) court days after such [meet-and-confer] conference challenging the propriety of the designation in dispute." Protective Order ¶ 17. In sum,

despite the Protective Order's detailed procedures and deadlines for challenging confidentiality designations, IPOC failed not once, but *twice* to timely file the instant Motion with respect to Diligence's confidentiality designations. It is therefore untimely.[1]

        Finally, Diligence notes that IPOC's Reply misleadingly states that HHR's "does not argue that IPOC's Motion should be denied as untimely." Reply at 20. In fact, HHR argues precisely that. At pages 7-8 of its opposition memorandum, HHR specifically notes that IPOC "failed to comply with the procedures under the Protective Order by waiting longer than five (5) days after the last meet and confer session to bring the present motion." HHR Opp. at 7-8 (citing Protective Order ¶ 17).

## II.    IPOC's NEW ARGUMENTS FOR DE-DESIGNATION ARE INTERNALLY CONTRDICTORY AND CONTRADICT EARLIER REPRESENTATIONS TO THIS COURT.

        Among the many new (albeit meritless) arguments littered throughout IPOC's Reply brief, two bear particular mention – one, because it is inherently contradictory and one because it contradicts the earlier representations IPOC made to this Court when it was seeking to avoid discovery.

        *First*, IPOC's Reply contains an inherent, glaring contradiction. It is both crucial and undisputed that all of the documents at issue in the instant Motion were designated "Confidential" under the KPMG FAS Protective Order or placed under seal by this Court's Seal

---

[1] In the Reply, IPOC's counsel makes the odd argument that its communications after the filing of the instant Motion demonstrate that "further meet-and-confer sessions about Diligence's Designations would have been futile." Reply at 19. But no one is contending that IPOC did not adequately meet and confer before filing the instant Motion. Rather, the point is that IPOC's motion is untimely because it was not filed within five court days of Diligence's March 20 letter. And even if IPOC counsel did not realize the March 20 letter had been sent, IPOC again failed to file the instant Motion within five court days of the parties' March 29 meet-and-confer teleconference as required by Paragraph 17 of the Protective Order.

Orders in the KPMG FAS Action. Yet, as IPOC strenuously argues in both its Reply and its earlier Opposition to Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of This Court's Orders (Docket #103), IPOC takes the view that it is not bound by the Protective Order (and therefore the confidentiality designations) or the Seal Orders entered in the KPMG FAS Action because "IPOC was not a party to the KPMG Case." Reply at 13.

Therefore, as Diligence noted in its March 20 letter explaining the basis for its confidentiality designations (see Ross Decl. Ex. 5), to maintain the confidentiality *in this case* of all such confidential and under-seal documents from the KPMG FAS Action pending resolution of IPOC's appeal to the U.S. Court of Appeals for the D.C. Circuit, it was (and is) necessary to designate all such documents as "Confidential" under the Protective Order in this case. Otherwise, under its oft-repeated view of the law, IPOC would be free to disseminate the documents without any restrictions whatsoever because (in IPOC's view) it is not bound by the KPMG FAS Protective Order or Seal Orders from the KPMG FAS Action. Such a result would be nonsensical, and would, at a stroke, make a nullity out of this Court's orders in the KPMG FAS Action, Judge Friedman's Order denying IPOC the right to intervene in that case for de-designation purposes, and the current appeal before the D.C. Circuit. Thus, contrary to IPOC's repeated (and false) assertions in its Reply that Diligence has failed to show "good cause" for its confidentiality designations, ample "good cause" exists. Plainly, designating documents "Confidential" to ensure compliance with Orders of this Court entered in a related action (and currently on appeal) constitutes "good cause."[2]

_____

[2] As detailed in Diligence's Opposition, its confidentiality designations also are proper for the separate, independent reason that they constitute internal, non-public documents and work papers relating to a confidential client matter. See Opp. at 10-12.

4

*Second*, it is noteworthy that IPOC's newly-minted justifications for de-designation also flatly contradict previous representations it has made to this Court—representations expressly relied upon by this Court in denying discovery previously sought by Defendants. As IPOC noted in its opening memorandum, it does not seek de-designation of the documents for use in this case, but rather to allow IPOC "to defend itself in . . . litigation matters pending . . . in the BVI and Bermuda which remain ongoing." Opp. at 13. In its Reply, IPOC expands on this argument, breathlessly asserting that it needs discovery documents from this case "to inform the bodies in those jurisdiction of the corruption that Diligence has covertly injected into their proceedings." Reply at 1-2.

IPOC's present contention is, of course, directly contrary to IPOC's representations to this Court when it was trying to dodge each Defendant's motion to compel discovery from IPOC. In its January 31, 2007 Memorandum Order (Docket #89) denying Diligence's Motion to for an Order Compelling Answers to Interrogatories, this Court expressly relied upon IPOC's representation in its briefs that the Complaint "contains no allegation concerning the 'correctness' or 'incorrectness' of the findings in the Bermuda Investigation and as such, those findings will not be the focus of the trial in this case, because they are not relevant to any claim or defense." Mem. Order at 9 (*quoting* IPOC's Sur-Reply to Motion to Compel, at 7) (alterations omitted). Having succeeded in avoiding unpleasant discovery by convincing the Court that "neither [the Bermuda Investigation nor the Zurich Arbitration] is substantively at issue in this case," Mem. Order at 9, IPOC is judicially estopped from contending that Diligence's confidentiality designations must be set aside to allow IPOC to inform the tribunal in Bermuda of "corruption that Diligence has covertly injected into [those] proceedings." IPOC Reply at 1-2.[3]

---

[3] Pegram v. Herdrich, 530 U.S. 211, 228 n. 8 (2000) ("Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to

**III.    IPOC'S MOTION SHOULD NOT BE GRANTED WITHOUT A FULL INQUIRY INTO APPEARENT BREACHES OF THIS COURT'S CONFIDENTIALITY ORDERS BY IPOC AND/OR ITS COUNSEL.**

Finally, even if the Court were to conclude that IPOC may proceed with its effort to de-designate Protective Order discovery in this case, Diligence respectfully concurs with the suggestion of non-party HHR that no such de-designation should proceed without a full investigation into apparent violations by IPOC of the confidentiality orders of this Court.

Since Diligence filed its Opposition to the instant motion, HHR has filed its own, separate opposition brief.  In that opposition, HHR details *yet another* apparent violation by IPOC's counsel of the Court's Protective Order in this case.  Specifically, in his Declaration in support of HHR's opposition, Derek Adler (counsel to KPMG FAS) details that on or about February 22, 2007—and thus *after* this Court entered the Protective Order in this case—a partner at White & Case LLP contacted him to say that he had learned from someone at Winston & Strawn LLP that HHR possessed documents which related to Diligence and discussed White & Case.  As detailed by Mr. Adler, the document containing that discussion had been designated "Confidential" both under the KPMG FAS Protective Order and the Protective Order entered in this case.  Mr. Adler further states that in a letter to Winston & Strawn LLP dated March 23, 2007, he requested per Paragraph 30 of the Protective Order that Winston & Strawn LLP investigate the matter, but Winston & Strawn LLP did not respond.

This latest allegation (of which Diligence had no knowledge until the filing of HHR's opposition) is particularly troubling given the other instances of apparent breach of the

prevail in another phase"); In re Greater Southeast Community Hosp. Corp., 333 B.R. 506 (Bankr. D.D.C. 2005) ("The purpose of the [judicial estoppel] rule is 'to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment'") (*quoting* New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001)) (internal alteration omitted); see also Federal Trade Commission v. Cleverlink Trading Ltd., No. 05-C-2889, 2006 WL 3106448 (N.D. Ill. Oct. 26, 2006) (a "litigant cannot advance simultaneously inconsistent positions in the same case").

Court's Orders detailed in Diligence's Emergency Motion for an Order Barring IPOC's Counsel From Further Dissemination of Information in Violation of This Court's Orders (Docket #103), and BGR's subsequent Motion for Order to Show Cause Why W. Gordon Dobie, Esquire Should Not Be Held In Contempt (Docket #105). As the Court is aware, Diligence and BGR withdrew their respective motions (on the day they were scheduled to be heard) after eleventh-hour assurances and representations by IPOC's counsel. See Notice of Withdrawal of Motion (Docket # 123). Based on the agreement of counsel, this Court canceled the previously-scheduled hearing on the two motions. See April 25, 2007 Minute Order.

If Diligence had known of the apparent additional breach of the Protective Order described in HHR's recent Opposition (and it did not), Diligence would not have withdrawn its Emergency Motion. Diligence does not, however, wish to burden the Court at this time with the resurrection of that Emergency Motion, although it is certainly warranted. Instead, if the Court chooses to address the merits of IPOC's instant Motion even though it its plainly untimely – and, for the reasons respectfully noted above and in Diligence and HHR's respective Opposition briefs, it should not – Diligence joins in HHR's request that "the Court should not decide IPOC's Motion until IPOC and its counsel address the evidence indicating that they have breached their prior confidentiality undertakings and the protective order." HHR Opp. at 4 (capitalizations altered).


## CONCLUSION

For the foregoing reasons, IPOC's motion should be denied.

Respectfully submitted,

AEGIS LAW GROUP LLP


By:     /s/ Paul C. Rauser
        Paul C. Rauser (D.C. Bar No. 461722)
        Michael K. Ross (D.C. Bar No. 458573)
        901 F Street, N.W., Suite 500
        Washington, D.C. 20004
        T: 202-737-3500/F: 202-737-3330
May 9, 2007                                        *Attorneys for Defendant Diligence Inc.*

8