UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, </br></br>     Plaintiff, </br></br>v. </br></br>DILIGENCE, LLC, et. al </br></br>     Defendants. | ) ) ) ) ) ) ) ) ) ) )     Civil Action No. </br>    1:06CV01109 (PLF) (AK) |

**IPOC'S REPLY TO NON-PARTY HUGHES HUBBARD & REED LLP'S OPPOSITION TO IPOC'S MOTION PURSUANT TO PROTECTIVE ORDER TO <u>REMOVE CONFIDENTIALITY DESIGNATIONS</u>**

# EXHIBIT E

# THE POLITICO

## Did Lobbyists Break the Law?
By: Jeff Patch

March 14, 2007 05:52 PM EST

The city's biggest Republican lobbying firm, Barbour Griffith & Rogers, is coming under the scrutiny of one of Capitol Hill's most tenacious Democratic chairmen, California Rep. Henry A. Waxman, head of the House Committee on Oversight and Government Reform.

At issue is whether the lobbying firm broke U.S. laws when two of its representatives allegedly impersonated British and U.S. intelligence operatives to obtain information helpful to a client. The dispute stems from a complicated corporate fight between a firm based in Moscow and a Bermuda hedge fund named IPOC over control of a Russian cell phone company. Barbour Griffith & Rogers was hired to assist the Moscow entity, Alfa Group Consortium.

Lawyers for IPOC argue that BGR colluded with Diligence, a Washington-based private investigation firm, in a plan to get confidential documents and information unearthed during a separate audit of IPOC. BGR's client used the improperly collected audit data against IPOC in the battle for control of the Moscow phone company, the lawyers say.

W. Gordon Dobie, a Winston & Strawn partner representing IPOC, received a letter from Waxman that seeks all the documents the law firm has related to the dispute and a lawsuit filed in U.S. District Court by IPOC against BGR and Diligence. BGR once held stock in Diligence. It sold its shares, held in a trust, in March 2005, and Ed Rogers, BGR's chairman, and Robert Blackwill, the president of BGR International, stepped down from Diligence's advisory board, a company official said. As of Wednesday, though, the two were still listed on Diligence's Web site as board members.

The two supposed Diligence spies, Nick Day, Diligence's CEO, and Gretchen King, a former intern and now a project manager in Diligence's office in New York, allegedly coaxed an employee of KPMG, the accounting firm investigating IPOC, to turn over documents in the investigation.

The probe was nicknamed "Project Yucca," and Day and King targeted KPMG's Guy Enright, now an accountant in London. Day introduced himself to Enright as Nicholas G. Hamilton from British intelligence, and King said she was "Liz from Langley," according to sealed court records that were copied and made available to The Politico. Ultimately, the pair persuaded Enright to divulge private data about IPOC's financial transactions.

Lobbyists at BGR doubted that a KPMG employee was cooperating, according to the court documents. So BGR sent Diligence back to record a conversation with Enright, said a lawyer who is involved in the case.

The project took four months, and invoices reviewed by The Politico indicate that BGR was scheduled to pay Diligence a total of $220,000, including a $60,000 bonus. Diligence also

charged BGR $30,000 for expenses.

"We would welcome an opportunity to give our side of the story to Chairman Waxman," Day said by phone from London on Wednesday. "Nobody posed as American intelligence officials," he added, although Day conceded the company has amended its operating rules in light of the dispute.

KPMG sued Diligence for fraud in November 2005 in U.S. District Court in Washington after receiving an anonymous shipment of Diligence business records and e-mails about Project Yucca at its office in New Jersey, according to legal records. That case was settled for $1.7 million in June 2006, and the files were sealed.

Lawyers and officials with BGR and Diligence deny wrongdoing. They say their investigative techniques broke no laws and that their inquiry was prompted by allegations of corporate wrongdoing by rival IPOC.

"Our position is the lawsuit is frivolous and that one day somebody involved in IPOC will actually have to come to testify or make it through customs without being arrested," said Edward MacMahon, a BGR attorney. "We don't think that day is going to happen."

In its lawsuit, IPOC is seeking civil damages and information about whether the corporate espionage efforts continue. KPMG's audit eventually led officials in Bermuda to file an emergency motion to de-register and liquidate IPOC in February. A court there should decide on that motion by April 27.

While confident they can fend off legal charges, BGR still could be embarrassed by the exposure to close congressional scrutiny.

A 2006 e-mail contained in an exhibit filed in federal court in the District of Columbia shows that Keith Schuette, who worked at the firm at the time, consulted with Rogers about the Bermuda operation.

"Judge has unsealed the complaint against Diligence from KPMG," Schuette wrote Rogers on Jan. 24, 2006, in reference to the KPMG case. "It has attracted no attention thus far, but I cannot imagine that it will remain quiet forever. Neither we, nor the client, are mentioned in the complaint. Current strategy if it comes alive in the press if (sic) for Diligence to stonewall. Will keep you posted."

TM & © THE POLITICO & POLITICO.COM, a division of Allbritton Communications Company

