# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH )
FUND LIMITED )
                 )        Civil Action No. 06-1109 (PLF)(AK)
         *Plaintiff,*     )
                 )
v.                   )
                 )
DILIGENCE LLC, et al.    )
                 )
        *Defendants.*   )
_____ )

## OPPOSITION TO IPOC'S MOTION TO COMPEL DEFENDANT DILIGENCE TO ANSWER PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND FIRST SET OF INTERROGATORIES

On January 30, 2007, IPOC served Diligence with facially overbroad Requests for Admission and Interrogatories. As detailed below, the Requests for Admission are so overbroad as to render answers to them meaningless, which raises questions about IPOC's real motivation in serving them. As also detailed below, IPOC's Interrogatories, among other defects, are improperly compound. In fact, most are compound upon compound upon compound, and as a result, they are patently overbroad and highly burdensome. On March 1, 2007, Diligence timely served its objections to IPOC's discovery requests.

Almost the entire month of March passed with no word from IPOC about its discovery requests. Then, at approximately 3:00 pm on March 27, IPOC's counsel suddenly demanded a meet-and-confer teleconference *that afternoon* to discuss Diligence's objections. With Diligence's counsel being unavailable on such short notice, the meet-and-confer was held the morning of March 29, 2007. During the meet-and-confer, Diligence explained its position, citing

specific examples, as to why each discovery request is vastly overbroad and unduly burdensome (in addition to suffering from other defects). Yet IPOC refused to entertain *any* narrowing whatsoever of *any* of its discovery requests. See Exhibit A hereto. Instead, IPOC steadfastly maintained that each and every request was of proper scope, and not the slightest bit overbroad or unduly burdensome. Id. Just a few hours after the perfunctory meet-and-confer and its refusal to entertain any modification to any of its discovery requests, IPOC filed its motion to compel.

As detailed below, IPOC's discovery requests suffer from multiple defects and are overbroad and unduly burdensome on their face. Given IPOC's decision to rush to court rather than entertain any narrowing of its discovery, Diligence respectfully suggests that IPOC should be ordered to withdraw its Requests for Admission and Interrogatories and re-serve Diligence with non-compound, appropriately tailored Requests for Admission and Interrogatories, which such discovery Diligence will respond to within twenty-one (21) days.[1]

## ARGUMENT

### I.    IPOC'S DISCOVERY REQUESTS SUFFER FROM NUMEROUS DEFECTS THAT MAKE THEM OVERBROAD AND FACIALLY IMPROPER.

As this Court recently has noted, "Fed R. Civ. P. 26(b)(1) authorizes discovery 'regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" Memorandum Order, April 6, 2007 (Docket #112) ("Mem. Order") at 1-2. Moreover, "[o]nce a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable." Id.

A district court has broad discretion over discovery matters. See Mem. Order at 2 (*citing* United States v. Krizek, 192 F.3d 1024, 1029 (D.C. Cir. 1999)). As detailed below, in

---

[1] Because this Court has not issued a Scheduling Order (due to the four pending dispositive motions) and has stayed all deposition discovery, a twenty-one-day response time would not materially prejudice IPOC.

addition to other defects, IPOC's discovery requests—which incorporate expansive definitions of key terms—are vastly overbroad and unduly burdensome and, as such, seek information not relevant "to the claim or defense of any party." Mem. Order at 1 (quoting Rule 26(b)(1)). Consequently, because IPOC has failed to meet its burden to "demonstrate that the information sought to be compelled is discoverable," IPOC's motion to compel should be denied. Id. at 2.

A.    **IPOC's Requests for Admissions Are Exceedingly Overbroad, and Encompass Information Bearing No Relevance to the Claims and Defenses in This Case.**

The four Requests for Admissions ("RFAs") served by IPOC are facially overbroad and encompass information bearing no relevance to the "claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Each RFA is addressed below.

**RFA No. 1**—This Request demands that Diligence "[a]dmit that Diligence has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations underlying the litigation between KPMG FAS and Diligence." RFA No. 1. Putting aside the obvious fact that this RFA calls for information related to a wholly separate lawsuit—specifically, the KMPG FAS v. Diligence case (the "KPMG FAS Action")—this Request is so overbroad as to be meaningless. As undersigned counsel noted during the meet-and-confer, RFA No. 1 is so broadly drafted that it encompasses wholly innocuous and completely irrelevant information such as whether Diligence's counsel[2] did "not retain[]" drafts of motion papers, internal memoranda, or other work papers relating to the KPMG FAS Action, which was settled and dismissed almost a year ago.[3] Also, as undersigned counsel also noted during the

_____

[2] IPOC's definition of "Diligence" expressly includes attorneys for Diligence. See Exhibit B hereto at ¶ 4.

[3] IPOC contends that Diligence cannot assert privilege objections because it has not produced a privilege log. See Mem. at 6-7. But RFA No. 1(as well as the other RFAs) concern documents that no longer exist, there are no documents from which to prepare a privilege log. Simply put, Diligence cannot create a privilege log of documents that do not exist.

3

meet-and-confer, given IPOC's vague definition of "destroy," see Ex. B ¶ 4, as well as its lack of

any time-frame limitation,[4] RFA No. 1 encompasses wholly irrelevant matters such as whether

Diligence staff, even before the filing of the KPMG FAS Action, threw away in the ordinary

course of business newspaper articles and other public documents mentioning IPOC. Such

information has no relevance whatsoever to a "claim or defense of a party," Fed. R. Civ. P.

26(b)(1), and IPOC has failed to meet its burden to "demonstrate that the information sought to be

compelled is discoverable." Mem. Order at 2 (citing Alexander v. Federal Bureau of

Investigation, 194 F.R.D. 316, 325 (D.D.C. 2000)).

 As noted, IPOC refused during the meet-and-confer to limit the scope of RFA No.

1 in any form or fashion. See Ex. A. Rather, IPOC's counsel took the position, without

explanation, that *any* limiting of its scope would exclude relevant evidence. Id. Indeed, IPOC's

steadfast refusal to narrow RFA No. 1 in any way raises the question whether IPOC seeks to force

Diligence to answer RFA No. 1 (and its other RFAs) in the affirmative, despite its vast

overbreadth, so that it can then use that answer in other legal proceedings around the world to

suggest (falsely) that Diligence has admitted to destroying responsive documents relevant to this

case after this case was filed. It is, of course, manifestly improper to use civil discovery for an

---

[4] This Court repeatedly has sustained overbreadth objections where, as here, a discovery request has no time-frame limitation. See, e.g., Benham v. Rice, 238 F.R.D. 15, 26 (D.D.C. 2005) ("A demand for all communications pertaining to plaintiff's prolix complaint irrespective of time and purpose of the communication is patently overbroad"); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 23 (D.D.C. 2005) ("plaintiff's request is overbroad and not limited in either time or scope").

international publicity stunt.[5]  Because RFA No. 1 is so broad that an answer thereto would have

no probative value whatsoever in this case, Diligence's objections should be sustained.[6]

**RFA No. 2**—This Request demands that Diligence "[a]dmit that Diligence has

destroyed or not retained documents (or computers or servers housing any such documents) related

to the allegations contained in IPOC's Complaint against Diligence in this case and/or to any

defense that Diligence and/or BGR has or may interpose in this case." RFA No. 2.  This RFA,

which lacks any scope or time-frame limitations, is vastly overbroad and improper for the same

reasons set forth above with respect to RFA No. 1.

This Request also is premature and calls for attorney-client-privileged information

and attorney work product insofar as it relates to "any defense that Diligence . . . may interpose in

this case." RFA No. 2.  As this Court is well aware, Diligence has a motion to dismiss IPOC's

Complaint in its entirety pending before Judge Friedman; accordingly, Diligence has not answered

the Complaint.  IPOC is simply not entitled at this time to information concerning any defense

Diligence "may interpose in this case," when Diligence is not yet required to file an answer (and

may never be). <u>Id</u>.  Also, RFA No. 2 is plainly improper to the extent it asks Diligence about

defenses that co-defendant BGR "may interpose in this case." <u>Id</u>.  Diligence, of course, is not in a

position to know what documents are pertinent to defenses that BGR, which is represented by

---

[5] To be sure, this is not IPOC's first such attempted publicity stunt.  In withdrawing a preliminary-inquiry letter his Committee had issued (at IPOC's urging) ten days before, House Committee on Oversight and Government Reform Chairman Waxman admonished IPOC's counsel for falsely suggesting to the media that the routine preliminary inquiry was a full-blown congressional investigation. <u>See</u> Exhibit C hereto.

[6] IPOC complains that because Diligence's objections to each of the RFAs are similar, they constitute impermissible "boilerplate objections." Opp. at 8.  The argument is not well founded. The reason Diligence interposes similar objections to each RFA is that the RFA themselves are extremely similar, all address the same issue, and all suffer from the same defects (i.e, no scope or time-frame limitations whatsoever).

separate counsel, "may interpose in this case." Id. Diligence's objections to RFA No. 2 are proper and should be sustained.

**RFA No. 3**—This Request demands that Diligence "[a]dmit that Diligence developed and/or conceived a plan or strategy, or has a plan or strategy, to move documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States." RFA No. 3. Like the other RFAs, this Request contains no time restriction whatsoever, and on its face is overbroad. As undersigned counsel noted during the meet-and-confer, RFA No. 3 is so broad that it would encompass Diligence personnel in the United States sending emails and faxes, in the ordinary course of business, to Diligence personnel in one of Diligence's oversees offices (it has or had offices in seven other countries). Such information is utterly irrelevant to any "claim or defense" in this case. Fed. R. Civ. P. 26(b)(1).

This Request also is hopelessly vague and ambiguous. For instance, does the word "conceived" encompass a thought, not acted upon by a Diligence employee, years before the instant litigation to send a package of documents to a colleague in one of Diligence's offices in Europe? In any event, the information is unnecessary. Documents and things in Diligence's possession, custody, or control that are responsive to IPOC's document requests will be required to be produced by Diligence even if they are located oversees (as, of course, will be true of IPOC's responsive documents and things).[7] Diligence's well-founded objections to this plainly overbroad and ambiguous RFA should be sustained.

---

[7] By an agreement between counsel that reflects the order in which document requests were served, the parties have agreed that Diligence will produce its responsive documents to IPOC three days after IPOC produces its responsive documents to Diligence. IPOC has yet to suggest dates for such document productions.

**RFA No. 4**— This Request demands that Diligence "[a]dmit that Diligence has moved documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States." RFA No. 4. This RFA, like the others, lacks any time frame restriction and is vastly overbroad in scope. Like RFA No. 3, this Request is so broad that it encompasses Diligence personnel in the United States sending in the ordinary course of business emails and faxes to Diligence personnel in one of Diligence's oversees offices. As noted in Diligence's objection to this Request, such information is "not relevant to the claim or defense of any party . . . ." In response, not only has IPOC refused to narrow the scope of RFA No. 4, but IPOC has wholly failed to meet its burden to show the relevancy of such information to a claim or defense in this case. See Mem. Order at 1 ("[o]nce a relevancy objection has been raised, the party seeking discovery must demonstrate that the information sought to be compelled is discoverable"). Diligence's objections to RFA No. 4 are proper and should be sustained.

**B.    IPOC's Interrogatories Are Equally Overbroad and Otherwise Objectionable.**

IPOC's Interrogatories fare no better under scrutiny than its RFAs. Like its RFAs, IPOC's Interrogatories focus on any potential or actual failure "to retain[]" documents or information relating to KPMG FAS or IPOC. And also like its RFAs, IPOC's Interrogatories are exceedingly broad in scope, incorporate broad definitions of key terms, and fail to include any time-frame limitations whatsoever.[8] Moreover, each Interrogatory is compound upon compound upon compound, thus rendering each confusing, vague, ambiguous, and indeed unintelligible.

---

[8] See, e.g., Jackson v. District of Columbia, No. 86-2201, 1987 WL 16843, *1 (D.D.C. Sept. 1, 1987) ("In the first instance, these interrogatories are vastly overbroad since the time period has not been reasonably restricted").

**Interrogatory No. 1**—This Interrogatory demands that Diligence "[i]dentify each and every document related to any dispute or litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case, that Diligence has at any time and/or by any means, destroyed or not retained within the United States." Interrogatory No. 1. With so many compound parts, it takes multiple readings to attempt to decipher this Interrogatory. Even then, it is unclear what information is, and is not, within its scope. For instance, does the phrase "not retained in the United States" mean that Diligence is to identify the contents of every routine delivery sent from the U.S. to one of Diligence's European offices in the ordinary course of business if one or more documents contained therein is arguably related to any issue in this case?

It also is vastly overbroad in scope. Because the Interrogatories define "Diligence" as including undersigned counsel and all other attorneys who have ever worked for Diligence, <u>see</u> Exhibit D ¶ 1, Interrogatory No. 1 purports to require Diligence's counsel to identify every document—including drafts of pleadings, internal memoranda, and other work product and internal working papers—Diligence's counsel has deleted or thrown away related to the KPMG FAS Action or this case. This is an impossible burden, and plainly impinges upon the attorney-client privilege and calls for attorney work product.

Moreover, as undersigned counsel noted during the meet-and-confer, given IPOC's vague definition of "destroy," Interrogatory No. 1 encompasses such wholly irrelevant matters as whether Diligence staff, years before the filing of the KPMG FAS Action, threw away in the ordinary course of business newspaper articles mentioning KPMG FAS or IPOC. <u>See</u> Ex. D ¶ 4. Whether Diligence has at any time discarded "or not retained" such materials simply has no

relevance whatsoever to a "claim or defense of a party." Fed. R. Civ. P. 26(b)(1). Nevertheless, for reasons that remain obscure, IPOC refused during the meet-and-confer to narrow this Interrogatory in any fashion.

Notably, even if such utterly irrelevant information did not fall within the wide ambit of Interrogatory No. 1 (it plainly does), IPOC has wholly failed to explain in its motion papers why its purported need for such information is not outweighed by the burden on Diligence of attempting to identify *every* document that it has *ever* discarded, deleted, or otherwise "not retained" that mentions or relates to KPMG FAS or IPOC or to any issue in this case. The burden of this Interrogatory easily surpasses any benefit to IPOC because IPOC has other, more efficient means of obtaining the same information. At the time of its document production, Diligence will have to produce all documents and materials in its possession, custody, or control responsive to IPOC's document requests. To the extent IPOC has questions about the whereabouts or disposition of particular documents, or categories of documents, IPOC of course will have the opportunity to pose such questions to Diligence's witnesses at deposition. As this Court has noted, "[u]nder Rule 26(b)(2), a court may limit [a discovery request], either on its own initiative or pursuant to a motion for a protective order, if it determines that: '(I) the discovery sought is unreasonably cumulative or duplicative, *or is obtainable from some other source that is more convenient, less burdensome, or less expensive* . . . .'" Pulliam v. Contintental Cas. Co., No. 02-370 (RWR)(AK), 2006 WL 3003977, *2 (D.D.C. Oct. 20, 2006) (quoting Fed. R. Civ. P. 26(b)(2)(I) in affirming Magistrate Judge's ruling on motion to compel) (emphasis added).

Finally, Interrogatory No. 1 is premature insofar as it calls for identification of documents "any defense that Diligence . . . may interpose in this case." Interrogatory No. 1. As noted, Diligence has not yet answered the Complaint because it has a pending motion to dismiss

9

IPOC's Complaint in its entirety.  IPOC is simply not entitled to information concerning any defense Diligence "may interpose in this case," before Defendant is required to answer the Complaint (if it ever is).  Also, like RFA No. 2, Interrogatory No. 1 plainly is improper to the extent it asks Diligence about defenses that co-defendant BGR "may interpose in this case."  Id. Diligence, of course, is not in a position to know what information is relevant to the defenses BGR, which is represented by separate counsel, "may interpose in this case."  Id.

In sum, Diligence's objections to Interrogatory No. 1 are proper and should be sustained.

**Interrogatory No. 2**—This Interrogatory demands that Diligence "[d]escribe all discussions, documents and activities related to any plan to destroy any document, or to move any computer or server (computer, voice mail, email or fax) housing any such document, related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case."  Interrogatory No. 2.  This Interrogatory suffers from the same defects as Interrogatory No. 1 for the reasons set forth above.  At the meet-and-confer, IPOC refused to narrow this Interrogatory in any way.  See Ex. A.  Diligence's objections to Interrogatory No. 2 should be sustained.

**Interrogatory No. 3**—This Interrogatory demands that Diligence "[i]dentify all persons who possess any knowledge of the destruction, or plan to destroy, any document or plan to move any computer or server (computer, voice mail, email or fax housing any such document) related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence

and/or BGR may interpose in this case and summarize each person's knowledge." Interrogatory
No. 3.

Not only is this Interrogatory overbroad for the same reasons as Interrogatories
Nos. 1 and 2, but it also encompasses additional irrelevant information. For example, it requires
Diligence to identify and describe the knowledge of "all persons" who ever moved a Diligence
laptop computer that might have contained any document mentioning KPMG FAS, IPOC, this
action, the KPMG FAS Action, or any issue arguably relevant to the KPMG FAS Action or this
action. It also would appear to require identification of all persons with knowledge of Diligence's
moving of its computer systems in connection with changing office locations. Still further, it
requires identification of each and every Diligence employee who, in the ordinary course of
business, deleted an email or threw away a document (including newspapers) that mentioned
IPOC or KPMG FAS. Plainly, Interrogatory No. 3 is overbroad and unduly burdensome. To the
extent IPOC seeks information of this nature, it will be free to question Diligence's witnesses at
deposition about these subjects, including any relocation of its computers or servers. See Pulliam,
2006 WL 3003977 at *2 (noting that,"[u]nder Rule 26(b)(2), a court may limit [a discovery
request], either on its own initiative or pursuant to a motion for a protective order, if it determines
that: '(I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from
some other source that is more convenient, less burdensome, or less
expensive . . . .").

                    *        *        *        *

In sum, Diligence's objections to each of IPOC's discovery requests are well-
founded and should be sustained.[9]

_____

[9] The lone remaining Interrogatory—No. 4—is not applicable because it purports to require
identification of "each and every reason" for a denial by Diligence of any one or more RFAs. As

## II.    IPOC'S ATTEMPT TO SHIFT TO THIS COURT THE BURDEN OF RE-DRAFTING ITS VASTLY OVERBROAD AND IMPROPER DISCOVERY SHOULD BE REJECTED.

By refusing during the meet-and-confer to narrow *any* of its discovery requests—despite their obvious overbreadth—but instead rushing to Court to file a motion to compel, IPOC failed to comply with Federal Rule of Civil Procedure 37. See Campbell v. Microsoft Corp., No. 04-2060 (RWR)(AK), 2006 WL 463263 (D.D.C. Feb. 24, 2006) (affirming Magistrate Judge's imposition of costs where party moving to compel discovery "did not behave in a spirit of cooperation in seeking a resolution [of the parties' discovery dispute] before involving the Court"). In so doing, IPOC has shunted off to this Court the burden of parsing its discovery requests and re-drafting them to narrow their scope. This is not a reasonable demand to place upon this Court—it is counsel's responsibility (and no one else's) to propound discovery requests that are proper under the Federal Rules of Civil Procedure. IPOC's mud-against-the-wall approach to preparing patently overbroad discovery, refusing to negotiate any narrowing with opposing counsel, and then filing a motion to see what sticks, should not be countenanced.

Diligence respectfully suggests that, given IPOC's obstinate refusal to negotiate any narrowing of any of its discovery, IPOC should be ordered to serve Diligence with revised, non-compound, and appropriately targeted (and therefore less burdensome) versions of the above-discussed Requests to Admit and Interrogatories. In turn, Diligence should be required to serve its responses thereto within twenty-one (21) days.

---

noted above, Diligence has not to date denied any of the RFAs, which are facially improper.

## **CONCLUSION**

For the foregoing reasons, IPOC's motion to compel should be denied.

Respectfully submitted,

April 12, 2007                    AEGIS LAW GROUP LLP


By:    /s/ Michael K. Ross
       Paul C. Rauser (D.C. Bar No. 461722)
       Michael K. Ross (D.C. Bar No. 458573)
       901 F Street, N.W., Suite 500
       Washington, D.C. 20004
       T: 202-737-3500
       F: 202-737-3330

       *Attorneys for Defendant Diligence Inc.*

# **EXHIBIT A**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

March 29, 2007

**By Electronic Mail (PDF)**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:     ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
          **Civil Action No. 06-1100 (PLF) (AK)**
          <u>**United States District Court for the District of Columbia**</u>

Dear Carol:

I write to memorialize the meet-and-confer teleconference held this morning in the above-referenced matter between you, your colleague Ms. Stukes, and myself.

With respect to each of the Interrogatories and Requests for Admission served on Diligence, you flatly refused to entertain or discuss any narrowing or modification of any of those discovery requests.  As you know, we believe each of those discovery requests to be impermissibly compound (and thus an attempt to circumvent the Court's limit on the number of interrogatories) or vastly overbroad (and in most instances, both).  We are disappointed that, contrary to Judge Kay's prior admonition to all parties to resolve as many disputes as possible without motions practice, you refused to even consider narrowing or modifying any of IPOC's written discovery requests.

Also during this morning's meet-and-confer, I raised the issue of IPOC's failure to identify, either in its Initial Disclosures voluntarily served on March 27 (even though they are not yet due) or in its answers to interrogatories, any IPOC witness either currently or formerly affiliated with IPOC who has any knowledge of <u>any</u> fact alleged in the Complaint.  You responded by claiming that  "it is part of [IPOC's] strategy" not to identify any such witness.

As I noted during this morning's call and in my letter to you yesterday, to the extent any such IPOC witness exists, Plaintiff's Initial Disclosures fail to comply with Rule 26(a)(1)'s requirement that a party provide "the name, and if known, the address and telephone number of *each* individual likely to have discoverable information that the disclosing party may use to support its claims . . . ."  Fed. R. Civ. P. 26(a)(1) (emphasis added).  Conversely, if there is no such person currently or formerly with IPOC with any personal knowledge of <u>any</u> of the facts alleged in the Complaint, then it was manifestly improper and an abuse of process for this lawsuit to have been filed in a United States court.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
March 29, 2007
Page 2


       Given IPOC's persistent refusal to identify any witness currently or formerly
affiliated with IPOC who has any knowledge of any fact alleged in the Complaint, we have no
choice but to seek relief from the Court.  Should IPOC wish to reconsider its position on this
matter, please let me know by close of business today.  We would be happy to discuss it further
with you so as to avoid burdening Judge Kay with any more discovery motions.

       As always, please call should you care to discuss.

               Sincerely,

               Michael K. Ross

cc:    Edward B. MacMahon, Jr., Esquire

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DILIGENCE, LLC, | ) ) |
| and | ) ) |
| BARBOUR GRIFFITH & ROGERS, LLC, | ) ) ) |
| Defendants. | ) |

Civil Action No.
1:06CV01109 (PLF)

**PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S
FIRST REQUESTS FOR ADMISSION TO DEFENDANT DILIGENCE, LLC**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff IPOC International

Growth Fund Limited ("IPOC") requests that Defendant Diligence, LLC ("Diligence") respond

to the following requests for admission within thirty (30) days of service or such other time

period designated by the Court.

## INSTRUCTIONS AND DEFINITIONS

1.    The answers shall specifically and separately admit or deny the matter or set forth

the reasons why Diligence cannot truthfully admit or deny the matter.

2.    A denial shall fairly meet the substance of the requested admission, and when good

faith requires that Diligence qualify an answer or deny only a part of the matter of which an

admission is requested, Diligence shall specify so much of it as is true and qualify or deny the

remainder.

3.    Diligence may not give lack of information or knowledge as a reason for failure to

admit or deny unless Diligence states that it has made reasonable inquiry and that the

information known or readily obtainable by Diligence is insufficient to enable Diligence to admit or deny.

4.    "Defendant Diligence," "Diligence," "you" and "your" shall mean Diligence, LLC and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

5.    "BGR" or "Barbour Griffith & Rogers" shall mean Defendant Barbour Griffiths & Rogers, LLC and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

6.    "Plaintiff" or "IPOC" shall mean IPOC International Growth Fund Limited and any of its predecessor, successors, subsidiaries, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

7.    "KPMG FAS" shall mean KPMG Financial Advisory Services Limited and any of its predecessor, successors, subsidiaries, affiliates, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

8.    "Document(s)" shall include all writings and recordings and shall include, without limitation, any kind of material whatsoever whether it is written, typewritten, printed, graphic, encoded, filmed, or reproduced by any other mechanical or electronic process or stored in computer memory or data bank, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, drawings, designs, data sheets, laboratory notebooks, specifications, schematics, blueprints, recordings, transcriptions of recordings, computer tapes,

diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records, whether or not in Defendant's possession or under Defendant's control, related or pertaining in any way to the subject matter to which the Requests refer, and shall include without limitation, all originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not.  This includes email and other documents saved on computers, email in hard-copy form, and any deleted messages which may be retrieved from backup systems or from your Internet service Provider.

9.    "Related to," "Relates to," or "Relating to," shall mean anything that constitutes, evidences, contains, embodies, reflects, identifies, states, refers to, deals with, or is, in any manner whatsoever, pertinent to that subject.

10.    The singular as used herein shall include the plural and the masculine gender shall include the feminine and the neuter.

11.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests, the production of any documents that might otherwise be construed to be outside the scope of any Requests.

12.    The term "communication(s)" shall mean and refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished by person to person, by telephone, by writing, by electronic mail or through another medium, and shall include but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

13.   The term "destroy" shall mean to do away with, erase, expunge, extinguish, obliterate, demolish, eliminate, eradicate, reduce to nothing or to useless fragments, reduce to a useless form, damage beyond repair or renewal, ruin or annihilate by any means.

14.   If Diligence contends that the contents of a full and complete response to these requests for admission would be protected from disclosure by virtue of a privilege, with respect to any such response state:

     i.    Each privilege which Diligence contends protects the response from disclosure;

    ii.    Each and every fact upon which Diligence relies to support the claim of privilege;

   iii.    The general subject matter of the response.

15.   Answers to these requests for admission should include all knowledge and information possessed by or in the custody or control of Diligence and any of its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, attorneys, former employees, or persons purporting to act on its behalf, including, but not limited to Diligence and any of its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, attorneys, former employees, its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

## REQUESTS

1.   Admit that Diligence has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations underlying the litigation between KPMG FAS and Diligence.

2.      Admit that Diligence has destroyed or not retained documents (or computers or servers housing any such documents) related to the allegations contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case.

3.      Admit that Diligence developed and/or conceived a plan or strategy, or has a plan or strategy, to move documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States.

4.      Admit that Diligence has moved documents, computers and/or servers (computer, voicemail, email or fax) containing information and/or documents related to KPMG FAS and/or IPOC out of the United States.

January 30, 2007

Respectfully submitted,

IPOC INTERNATIONAL GROWTH FUND
LIMITED

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:    (312) 558-5858
Fax:    (312) 558-5700
kanderson@winston.com

_Carol A. Joffe_
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:    (202) 282-5000
Fax:    (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2007, I caused a true and correct copy of the

foregoing Plaintiff IPOC International Growth Fund Limited's First Requests for Admission to

Defendant Diligence, LLC to be hand-delivered and transmitted via email to:

> Paul C. Rauser
> Michael Ross
> AEGIS LAW GROUP LLP
> Suite 500
> 901 F Street, NW
> Washington, D.C.  20004
> 202-737-3500
> 202-737-3330 (FAX)
> *Attorneys for Diligence, LLC*

and mailed first-class mail, postage prepaid and transmitted via email to:

> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, VA  20118
> *Attorney for Barbour Griffith & Rogers LLC*


Carol A. Joffe

# **EXHIBIT C**

HENRY A. WAXMAN, CALIFORNIA,
CHAIRMAN

TOM LANTOS, CALIFORNIA
EDOLPHUS TOWNS, NEW YORK
PAUL E. KANJORSKI, PENNSYLVANIA
CAROLYN B. MALONEY, NEW YORK
ELIJAH E. CUMMINGS, MARYLAND
DENNIS J. KUCINICH, OHIO
DANNY K. DAVIS, ILLINOIS
JOHN F. TIERNEY, MASSACHUSETTS
WM. LACY CLAY, MISSOURI
DIANE E. WATSON, CALIFORNIA
STEPHEN F. LYNCH, MASSACHUSETTS
BRIAN HIGGINS, NEW YORK
JOHN A. YARMUTH, KENTUCKY
BRUCE L. BRALEY, IOWA
ELEANOR HOLMES NORTON,
    DISTRICT OF COLUMBIA
BETTY McCOLLUM, MINNESOTA
JIM COOPER, TENNESSEE
CHRIS VAN HOLLEN, MARYLAND
PAUL W. HODES, NEW HAMPSHIRE
CHRISTOPHER S. MURPHY, CONNECTICUT
JOHN P. SARBANES, MARYLAND
PETER WELCH, VERMONT

ONE HUNDRED TENTH CONGRESS

# Congress of the United States
## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM

2157 RAYBURN HOUSE OFFICE BUILDING

WASHINGTON, DC 20515–6143

| | |
|---|---|
| MAJORITY | (202) 225–5051 |
| FACSIMILE | (202) 225–4784 |
| MINORITY | (202) 225–5074 |
| TTY | (202) 225–6852 |

http://oversight.house.gov

TOM DAVIS, VIRGINIA,
RANKING MINORITY MEMBER

DAN BURTON, INDIANA
CHRISTOPHER SHAYS, CONNECTICUT
JOHN M. McHUGH, NEW YORK
JOHN L. MICA, FLORIDA
MARK E. SOUDER, INDIANA
TODD RUSSELL PLATTS, PENNSYLVANIA
CHRIS CANNON, UTAH
JOHN J. DUNCAN, JR., TENNESSEE
MICHAEL R. TURNER, OHIO
DARRELL E. ISSA, CALIFORNIA
KENNY MARCHANT, TEXAS
LYNN A. WESTMORELAND, GEORGIA
PATRICK T. McHENRY, NORTH CAROLINA
VIRGINIA FOXX, NORTH CAROLINA
BRIAN P. BILBRAY, CALIFORNIA
BILL SALI, IDAHO
—

March 22, 2007

Mr. Gordon Dobie
Winston & Strawn LLP
35 Wacker Drive
Chicago, IL 60601

Dear Mr. Dobie:

In a letter dated March 12, 2007, I requested that "you provide the Committee with any information and documents in your possession or control" relating to allegations involving Barbour Griffith & Rogers LLC, Diligence LLC, and IPOC International Growth Fund Ltd.

I am now writing to officially withdraw that document request. The March 12 letter was intended as a preliminary step to determine whether Committee resources should be expended upon investigating this matter. The letter was not released publicly by the Committee when it was sent to you and it was inappropriate for the letter to be characterized in the media as a Committee investigation.

If you have any questions regarding this letter, please contact David Rapallo or Steven Glickman with the Committee staff at (202) 225-5420.

Sincerely,

Henry A. Waxman
Chairman

cc:    Tom Davis
       Ranking Minority Member

# **<u>EXHIBIT D</u>**

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH FUND          )
LIMITED,                                )
                                        )
          **Plaintiff,**          )
                                        )          Civil Action No.
v.                                      )          1:06CV01109 (PLF) (AK)
                                        )
DILIGENCE, LLC, et. al                  )
                                        )
          **Defendants.**         )

### PLAINTIFF IPOC INTERNATIONAL GROWTH FUND LIMITED'S
### FIRST SET OF INTERROGATORIES TO DEFENDANT DILIGENCE, LLC

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff IPOC International

Growth Fund Limited ("IPOC") requests that Defendant Diligence, LLC ("Diligence") respond

to the following interrogatories, in writing and under oath, within thirty (30) days of service or

such other time period designated by the Court.

### DEFINITIONS AND INSTRUCTIONS

      For the purposes of these interrogatories, the following definitions shall apply:

      1.    "Defendant Diligence," "Diligence," "you" and "your" shall mean Diligence, LLC

and any of its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys,

agents, servants, associates, corporate officers, corporate directors, representatives, sales

representatives, contractors, independent contractors, assigns, partners, employees, former

employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

      2.    "BGR" or "Barbour Griffith & Rogers" shall mean Defendant Barbour Griffiths &

Rogers, LLC and any of its affiliates, predecessors, successors, subsidiaries, parent companies,

attorneys, agents, servants, associates, corporate officers, corporate directors, representatives,

sales representatives, contractors, independent contractors, assigns, partners, employees, former

employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

3.    "Plaintiff" or "IPOC" shall mean IPOC International Growth Fund Limited and any of its predecessor, successors, subsidiaries, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

4.    "KPMG FAS" shall mean KPMG Financial Advisory Services Limited and any of its predecessor, successors, subsidiaries, affiliates, parent companies, agents, representatives, partners, employees, former employees, attorneys or persons purporting to act on its behalf.

5.    "Person(s)" refers to all natural persons and all forms of business organizations, including corporations, partnerships, limited partnerships, unincorporated associations, trusts, governmental bodies, and/or all other identifiable entities.

6.    "Document(s)" shall include all writings and recordings and shall include, without limitation, any kind of material whatsoever whether it is written, typewritten, printed, graphic, encoded, filmed, or reproduced by any other mechanical or electronic process or stored in computer memory or data bank, including, but not limited to, notes, memoranda, letters, reports, telegrams, publications, contracts, drawings, designs, data sheets, laboratory notebooks, specifications, schematics, blueprints, recordings, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records, whether or not in Defendant's possession or under Defendant's control, related or pertaining in any way to the subject matter to which the Requests refer, and shall include without limitation, all originals, all file copies, all other non-identical copies, no matter how prepared, and all drafts prepared in connection with such documents, whether used or not.  This includes email and other documents saved on computers, email in hard-copy form, and any deleted messages which may be retrieved from backup systems or from your Internet service Provider.

7.    "Related to," "Relates to," or "Relating to," shall mean anything that constitutes, evidences, contains, embodies, reflects, identifies, states, refers to, deals with, or is, in any manner whatsoever, pertinent to that subject.

8.    The singular as used herein shall include the plural and the masculine gender shall include the feminine and the neuter.

9.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests, the production of any documents that might otherwise be construed to be outside the scope of any Requests.

10.    The term "communication(s)" shall mean and refer to any exchange or transmission of words or ideas to another person or entity, whether accomplished by person to person, by telephone, by writing, by electronic mail or through another medium, and shall include but is not limited to, discussions, conversations, negotiations, conferences, meetings, speeches, memoranda, letters, correspondence, notes, and statements or questions.

11.    The term "correspondence" shall mean any exchange of communications in tangible form, including but not limited to, memoranda and letters, between individuals and/or entities, including inter-company and intra-company correspondence or memoranda.

12.    The term "destroy" shall mean to do away with, erase, expunge, extinguish, obliterate, eliminate, eradicate, reduce to nothing or to useless fragments, reduce to a useless form, damage beyond repair or renewal ruin or annihilate by any means.

13.    "Identify" shall mean (1) with respect to natural persons, to state the person's full name, present or last known business affiliation and position, current or last known business and home addresses, and current or last known business and home telephone numbers; (2) with respect to corporations or other organizations or entities, to state the entity's name, the address of its headquarters and principal place of business or operations, and the telephone number of its

3

headquarters and principal place of business or operations; (3) with respect to a communication, to state the date of the communication, whether the communication was in person, over the telephone, or in writing, to identify the persons present for the communication, and to identify the specific substance of the entire communication and all documents relating to the communication; and (4) with respect to a document, to state the following information:

  i.    the date of the document;

  ii.   the title of the document;

  iii.  the author or originator of the document;

  iv.   the persons or entities to whom the document is addressed;

  v.    the nature of the document;

  vi.   the number of pages of the document;

  vii.  a brief summary or description of the contents of the document; and

  viii. if the document is now in your possession, the identity of its present or last custodian and its location.

14.    If Diligence contends that the contents of a full and complete response to these interrogatories would be protected from disclosure by virtue of a privilege, with respect to any such response state:

  i.    Each privilege which Diligence contends protects the response from disclosure;

  ii.   Each and every fact upon which Diligence relies to support the claim of privilege;

  iii.  The general subject matter of the response.

15.    Answers to these interrogatories should include all knowledge and information possessed by or in the custody or control of Diligence and any of its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, attorneys, former employees, or persons purporting to act on its behalf, including, but not limited to Diligence and

any of its predecessors, successors, subsidiaries, parent companies, agents, representatives, partners, employees, attorneys, former employees, its affiliates, predecessors, successors, subsidiaries, parent companies, attorneys, agents, servants, associates, corporate officers, corporate directors, representatives, sales representatives, contractors, independent contractors, assigns, partners, employees, former employees, or persons acting in concert with, by, through, for, or under it, or on its behalf.

## **INTERROGATORIES**

1.      Identify each and every document related to any dispute or litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case, that Diligence has at any time and/or by any means, destroyed or not retained within the United States.

2.      Describe all discussions, documents and activities related to any plan to destroy any document, or to move any computer or server (computer, voice mail, email or fax) housing any such document, related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case.

3.      Identify all persons who possess any knowledge of the destruction, or plan to destroy, any document or plan to move any computer or server (computer, voice mail, email or fax housing any such document) related to litigation between KPMG FAS and Diligence and/or related to IPOC, any allegation contained in IPOC's Complaint against Diligence in this case and/or to any defense that Diligence and/or BGR has or may interpose in this case and summarize each such person's knowledge.

5

4.    For each Request in Plaintiff IPOC International Growth Fund Limited's First

Requests for Admission to Defendant Diligence, LLC that you deny, state each and every reason

for your denial.

January 30, 2007                          Respectfully submitted,

                                          IPOC INTERNATIONAL GROWTH FUND
                                          LIMITED

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson                       Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP                      Carol A. Joffe (D.C. Bar No. 351528)
35 W. Wacker Drive                        Anne W. Stukes (D.C. Bar No. 469446)
Chicago, Illinois 60601                   WINSTON & STRAWN LLP
Tel:    (312) 558-5858                    1700 K Street, N.W.
Fax:    (312) 558-5700                    Washington, D.C. 20006
kanderson@winston.com                     Tel:    (202) 282-5000
                                          Fax:    (202) 282-5100
                                          tbroas@winston.com
                                          cjoffe@winston.com
                                          astukes@winston.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2007, I caused a true and correct copy of the

foregoing Plaintiff IPOC International Growth Fund Limited's First Set of Interrogatories to

Defendant Diligence, LLC to be hand-delivered and transmitted via email to:

> Paul C. Rauser
> Michael Ross
> AEGIS LAW GROUP LLP
> Suite 500
> 901 F Street, NW
> Washington, D.C. 20004
> 202-737-3500
> 202-737-3330 (FAX)
> *Attorneys for Diligence, LLC*

And mailed first-class mail, postage prepaid and transmitted via email to:

> Edward B. MacMahon, Jr.
> P.O. Box 903
> 107 East Washington Street
> Middleburg, VA 20118
> *Attorney for Barbour Griffith & Rogers LLC*

Carol A. Joffe