## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH      )
FUND LIMITED                   )
                               )      Civil Action No. 06-1109 (PLF)(AK)
            *Plaintiff,*        )
                               )
v.                             )
                               )
DILIGENCE LLC, et al.          )
                               )
            *Defendants.*       )
_____    )

## OPPOSITION TO IPOC'S MOTION TO COMPEL DILIGENCE
## TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S
## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

In November, counsel for IPOC and counsel for Diligence reached agreement on a discovery issue—a rare occurrence in this case, to be sure. Shortly after the commencement of discovery, lead counsel for IPOC and undersigned counsel agreed in writing that Diligence would produce its documents to IPOC three days *after* IPOC produced its documents to Diligence, thus reflecting the sequence in which discovery was served.

IPOC now seeks to disregard and circumvent this agreement between the parties. IPOC has not produced its documents responsive to Diligence's First Set of Requests of Production. Rather, IPOC has produced to Diligence and BGR the same a narrow subset of responsive documents—totaling just 304 pages—in response to this Court's Order of April 6, 2007 directing IPOC to respond to four Document Requests previously served by BGR (*not* Diligence). This meager production, in response to four BGR Document Requests, plainly does

not constitute IPOC's full production to Diligence's First Set of Requests for Production, which set forth forty-three (43) Document Requests.

To avoid further delay, Diligence will promptly file a cross Motion to Compel IPOC to Produce Documents pursuant to the parties' agreement. Unless and until IPOC does so, IPOC's failure to make its document production to Diligence renders IPOC's motion to compel premature under the written agreement between the parties.

As detailed below, the interests of justice favor enforcement by this Court of the parties' previous agreement on the sequence of each party's document production. IPOC's so-called "emergency motion" filed just yesterday makes clear what Diligence and BGR have been contending all along: that IPOC's real purpose in filing this action was not to obtain a judgment or equitable relief from this Court, but rather to use this Court's discovery mechanisms to obtain documents from the Defendants and non-parties for use in unrelated foreign proceedings. See IPOC's Emergency Motion for Partial Expedited Consideration of Fully Briefed Motion to Remove Confidentiality Designations (Docket #131). IPOC should not be permitted to abuse this Court's discovery processes for purposes wholly unrelated to this action. To this end, IPOC (the plaintiff in this case) should be required to make a full-fledged document production in response to Diligence's first-filed Document Requests before Diligence is required to do so, just as the parties agreed.

## BACKGROUND

In an October 27, 2006 email (copy attached hereto as Exhibit A), Winston & Strawn LLP partner Timothy Broas requested Diligence's position on each party's deadline to respond to outstanding written discovery. In a response that same day, counsel for Diligence proposed to Mr. Broas the following schedule for the party's respective document productions:

> Having reviewed the file to ascertain the order of service of discovery, it appears that we served our written discovery (1st set of document requests and 1st set of interrogatories) on IPOC on July 14, 2006. IPOC, in turn, served its 1st set of document requests on Diligence on July 17, 2006. In light of the timing and order of service of the parties' respective discovery, we are agreeable to the following timetable for discovery exchange between IPOC and Diligence:
>
> > IPOC's document production and verified interrogatory responses due 11/10/06 (Friday)
> >
> > Diligence's document production due 11/13/2006 (Monday).
>
> We trust that this will be acceptable to you. Please confirm at your earliest convenience.

Ex. A.

In an email later that same day, Mr. Broas responded as follows to Diligence's proposed schedule:

> We don't want to quibble over a day here or a day there, but we would prefer to have the benefit of the weekend of November 11-12 before we serve our responses. Please let us know if you would be willing to modify your proposal—ever so slightly—to require plaintiff's responses to be served on Monday, November 13, and Diligence's responses to be served on November 16, 2006.

Ex. A.

Diligence's counsel promptly agreed to this proposed schedule, and also noted the parties previous agreement (which IPOC has acknowledged to the Court, see Docket #57) that a protective order needed to be entered prior to exchange of documents. See Ex. A. To avoid delay,

Diligence's counsel promised to (and did in fact) send a draft protective order to Winston & Strawn LLP a few days later.  See Ex. A.

On November 10, 2006—the business day before IPOC's scheduled production on November 13—undersigned counsel sent IPOC's counsel an email (copy attached hereto as Exhibit B) inquiring whether IPOC's document production would be sent via same-day courier or would be made available for inspection on November 13 at Winston & Strawn LLP's offices. Because the parties were still negotiating the terms of a protective order, undersigned counsel proposed the following:

> To the extent we do not reach agreement on the final terms of the Protective Order on Monday (November 13), we trust[] that you have no objection to producing IPOC's documents and verified interrogatory responses on Monday notwithstanding, *with all parties agreeing to treat all such discovery material as "Outside Counsel Attorneys' Eyes Only" pending entry of a Protective Order by the Court.*  As you know, that is the arrangement all parties agreed to in connection with Hughes Hubbard's production last month of certain documents responsive to IPOC's third-party subpoena – an arrangement that remains in effect.

Ex. B (italics added).

For reasons that remain obscure, counsel for IPOC never responded to this proposal.  Instead, following several meet-and-confer conferences that narrowed the issues in dispute over the terms of a protective order, IPOC filed a Motion for Entry of Protective Order on November 22, 2006.  After ruling on that motion and a cross-motion by Diligence, the Court entered its Protective Order on February 8, 2007.

Two weeks passed with no word from IPOC about an exchange of documents among the parties.  Suddenly, on February 22, 2007, IPOC's counsel sent a letter demanding that Diligence provide by close of business that day "a time and place when we may inspect your responsive documents."  Ex. C.  The letter made no mention whatsoever of the status of IPOC's

document production to Diligence, see Ex. C, as undersigned counsel noted in a response letter that same day (copy attached as Exhibit D). In that letter, Diligence's counsel proposed a meet-and-confer teleconference "to attempt to reach agreement on a document production schedule for both IPOC and Diligence." Ex. D. IPOC's counsel never responded.

Almost two more months passed with no word from IPOC's counsel about the parties' respective document productions. On April 6, 2007, this Court granted in part and denied in part BGR's Motion for Order Compelling Plaintiff to Answer Interrogatories and Requests for Production of Documents. In that Order, the Court directed that IPOC's document production with respect to BGR's Document Requests Nos. 5, 15, 18, and 24 be made to BGR "within 15 days from the date of this Memorandum Order."

Pursuant to this Court's Order, IPOC delivered to BGR approximately 300 pages of documents on April 23, 2007 and, on that same day, delivered the very same documents to Diligence—not one single document more or less. Perplexed, counsel for Diligence requested on April 26 that Winston & Strawn LLP "clarify no later than April 30, 2007, whether the documents enclosed with your April 23 letter constitute IPOC's entire production in response to Diligence's First Set of Requests for Production, or whether they are a subset thereof that IPOC has produced pursuant to Judge Kay's Order of April 6, 2007." Ex. E. IPOC did not respond to that letter.

On May 2, 2007, the parties held a meet-and-confer teleconference, which had been requested by IPOC's counsel regarding the status of Diligence's document production. During that meet-and-confer, IPOC's counsel was vague on whether the documents sent to Diligence on April 23 constituted IPOC's production in response to Diligence's First Set of Requests for Production. Undersigned counsel pointed out that large categories of documents that IPOC had agreed to produce were completely missing from IPOC's April 23 production—for example,

communications among IPOC personnel and owner(s) about Diligence, BGR, or this lawsuit.  See

Ex. F.  In response, IPOC's counsel indicated that documents were still being provided to them.

Later that day, IPOC filed the instant Motion.

## ARGUMENT

**I.    BY AGREEMENT OF THE PARTIES, DILIGENCE'S DOCUMENT-PRODUCTION DEADLINE HAS NOT BEEN TRIGGERED BECAUSE IPOC HAS YET TO MAKE ITS DOCUEMNT PRODUCTION TO DILIGENCE.**

The Local Rules of this Court not only encourage parties to reach agreement on

discovery matters, such efforts are required before filing a discovery motion.  See LCvR 7(m)

(duty of counsel to confer on nondispositive motions).  At the January 11, 2007 motions hearing in

this case, the Court specifically instructed the parties to attempt to reach agreement on as many

discovery matters as possible without Court involvement.

Notably, Diligence and IPOC did in fact agree on a critical, often-contentious issue:

the schedule for each party's document production.  As detailed above, the parties agreed that

IPOC would produce its documents on November 13, whereupon Diligence would produce its

documents on November 16.  See Ex. A.  To this end, on November 10, Diligence proposed in

writing that to avoid any delay in document production, the parties should agree to treat all party

productions as "Attorneys' Eyes Only" pending finalization and entry of a protective order.  See

Ex. B.  IPOC never responded to this offer.

IPOC now seeks this Court's imprimatur to simply ignore the agreement reached

between the parties.  After producing a meager subset of documents responsive to just four

Document Requests served by BGR (not Diligence), IPOC now demands that Diligence make its

full document production notwithstanding the parties' longstanding agreement that IPOC would

make its document production first.[1]  Indeed, a review of the approximately 300 pages of documents produced by IPOC reveals that IPOC has failed to produce any documents responsive to Diligence's RFP Nos. 12, 13, 14, 15, 21, 25, 26, and 38, *even though IPOC stated in its RFP Responses and Objections that it would produce all such non-privileged documents in IPOC's possession, custody, or control.*[2]  For example, in response to RFP No. 12, IPOC agreed to produce all "communications between IPOC and Jeffrey Galmond" relating to Diligence, BRR, or this lawsuit.  IPOC's Objections & Responses at p. 9.  Yet not one such document has been produced by IPOC.  Given IPOC's now-familiar allegation that Defendants have engaged in a calamitous scheme that threatens to "ruin" IPOC, it is simply implausible that no IPOC director, officer, or employee has ever had any communication with Jeffrey Galmond—whom IPOC has claimed for years is the sole beneficial owner of IPOC—about Diligence, BGR, or this lawsuit.

As another example (there are many more), in IPOC's response to RFP No. 14, IPOC agreed to produce all non-privileged "communications between IPOC and Michael North" relating to Diligence, BRR, or this lawsuit.  IPOC's Objections & Responses at p. 10.  Yet again, despite this promise, not one single document has been produced by IPOC, even though IPOC's answers to Diligence's First Set of Interrogatories identify Michael North as one of IPOC's three Directors.  Again, it defies basic logic and credulity that IPOC has no documents whatsoever—not an email, memo, or Board meeting minutes—reflecting a communication between Mr. North and

---

[1] As noted by Diligence during the May 2 meet-and-confer conference, and as will be detailed in Diligence's Motion to Compel IPOC to Produce Documents to be filed shortly, virtually all of the documents produced by IPOC are correspondence between attorneys for IPOC and counsel for KMPG FAS, and include a complete copy of Barbour Griffith & Rogers LLP's non-party production from KPMG FAS et al. v. Diligence.  See Ex. F.  These are precisely the documents this Court ordered IPOC to produce to BGR.  No other responsive documents appear to have been produced to Diligence.

[2] IPOC's Objections and Responses to Diligence's First Set of Requests for Production will be attached as Exhibit A to Diligence's Motion to Compel IPOC to Produce Documents.

any other director, employee, officer, or beneficial owner of IPOC about Diligence, BGR, or this lawsuit.

In sum, Diligence intends to promptly move this Court to compel IPOC to make its document production in response to Diligence's First Set of Requests for Production. Unless and until IPOC does so, IPOC's failure to make its full document production to Diligence renders IPOC's motion to compel premature under the written agreement between the parties.

## II. THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF THIS COURT ENFORCING THE AGREEMENT BETWEEN THE PARTIES AS TO THE SEQUENCE OF EACH PARTY'S DOCUMENT PRODUCTION.

As both Diligence and BGR have noted in prior pleadings, in the ten (10) months since the filing of this action, IPOC has yet to identify *any* witness associated with IPOC who has *any* personal knowledge of *any* of the numerous factual allegations in the Complaint. On the basis of this glaring (and highly unusual) omission, Diligence and BGR have surmised for many months that this is not a *bona fide* civil action filed for the purpose of obtaining a judgment or injunctive relief, but rather a fishing expedition for documents to use in its last-gasp effort to challenge the Zurich tribunal's findings that IPOC is a money-laundering front and to challenge the Government of Bermuda's pending petition to wind-up IPOC for its numerous violations of Bermuda law.

IPOC has now abandoned all pretense and has confirmed Defendant's longstanding suspicions. Just yesterday, IPOC filed an emergency motion contending that it has a "compelling need" to use documents by non-party Hughes Hubbard & Reed LLP "in ongoing proceedings" around the globe, "including the British Virgin Islands ("BVI") and Bermuda." IPOC's Emergency Motion for Partial Expedited Consideration (Docket # 131) at 1.

It is an abuse of process, of course, for a party to file an action for the sole purpose of availing itself of a court's discovery powers in the hopes of obtaining documents for use in

wholly unrelated proceedings. Having subjected the Defendants, this Court, and at least four non-parties to this highly contentious and burdensome litigation, IPOC cannot be heard to complain about this Court enforcing the parties' agreement reached seven months ago—namely, that IPOC as the plaintiff and as the party first served with document discovery, be required to make its full document production before Diligence is required to do so. To allow otherwise would be to countenance IPOC's gamesmanship, and would discourage the parties from attempting to reach agreement on future discovery matters.

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that the Court deny IPOC's Motion without prejudice until IPOC makes its full document production to Diligence pursuant to the parties' written agreement.

Respectfully submitted,

May 16, 2007                                        AEGIS LAW GROUP LLP

By:    /s/ Michael K. Ross
       Paul C. Rauser (D.C. Bar No. 461722)
       Michael K. Ross (D.C. Bar No. 458573)
       901 F Street, N.W., Suite 500
       Washington, D.C. 20004
       T: 202-737-3500
       F: 202-737-3330

       *Attorneys for Defendant Diligence Inc.*

# __EXHIBIT A__

**From:** M Ross <mross@aegislawgroup.com>
  **To:** Broas, Timothy <TBroas@winston.com>
  **Cc:** Joffe, Carol <CJoffe@winston.com>, P Rauser (E-mail)
       <prauser@aegislawgroup.com>, David Thompson (E-mail)
       <dthompson@cooperkirk.com>, Anderson, Kimball
       <KAnderson@winston.com>, Stukes, Anne <AStukes@winston.com>
**Subject:** RE: IPOC Diligence BGR
  **Date:** Fri, 27 Oct 2006 15:16:22 -0400

Tim:

The dates you propose are fine with Diligence.  As Paul and Carol have previously discussed, a Protective Order of course needs to be in place prior to the parties' respective productions.  To avoid any delays, we will circulate a draft P.O. for your review and comment no later than next Wednesday.

Best regards,

Mike

On Fri, 2006-10-27 at 15:06 -0400, Broas, Timothy wrote:

> Mike:  thanks for your response.   We don't want to quibble over a day here or a day
> there, but we would prefer to have the benefit of the weekend of November 11-12
> before we serve our responses.   Please let us know if you would be willing to
> modify your proposal--ever so slightly--to require plaintiff's responses to be served
> on Monday, November 13, and Diligence's responses to be served on November 16,
> 2006.
>
> David, I know you are withdrawing on BGR's behalf, and we have been
> trying--unsuccessfully-- to reach Mr. MacMahon, but we will assume from your
> pre-withdrawal notice proposal that BGR and IPOC will exchange responses on
> November 13.
>
> Mike, please let us know today if our modification is acceptable to you and your
> client.
>
> Thanks.  Tim
>
>
>  -----Original Message-----
> **From:** M Ross [mailto:mross@aegislawgroup.com]
> **Sent:** Friday, October 27, 2006 2:33 PM
> **To:** Broas, Timothy
> **Cc:** Joffe, Carol; P Rauser (E-mail); David Thompson (E-mail); Anderson, Kimball; Stukes, Anne
> **Subject:** RE: IPOC Diligence BGR
>
>
>    Tim,

Thank you for the email.

Having reviewed the file to ascertain the order of service of discovery, it appears that we served our written discovery (1st set of document requests and 1st set of interrogatories) on IPOC on July 14, 2006. IPOC, in turn, served its 1st set of document requests on Diligence on July 17, 2006. In light of the timing and order of service of the parties' respective discovery, we are agreeable to the following timetable for discovery exchange between IPOC and Diligence:

IPOC's document production and verified interrogatory responses due 11/10/06 (Friday)

Diligence's document production due 11/13/06 (Monday).

We trust that this will be acceptable to you.  Please confirm at your earliest convenience.

As always, please call should you care to discuss.

Best regards,

Mike

On Fri, 2006-10-27 at 12:54 -0400, Broas, Timothy wrote:

Paul and Michael:  please let us know your position on this (see Carol's email below) before COB today

Thanks.  Tim


Timothy M. Broas
Winston & Strawn LLP
1700 K St., N.W.
Washington, D.C. 20006-3817
(202) 282-5750 (direct)
(202) 282-5100 (fax)
Email:  tbroas@winston.com

> -----Original Message-----
> From: □
> Sent:□
> To:□
> Cc:□
> Subject:□
>
> Gentlemen:
>
> We haven't discussed when the outstanding written discovery between the parties will be due.  Prior t
>
> Carol A. Joffe
> Winston & Strawn LLP
> 1700 K Street, N.W.
> Washington, DC  20006

> (202) 282-5996
> (202) 282-5100 (Fax)
> cjoffe@winston.com
>
>

The contents of this message may be privileged and confidential. Therefore, if this message has been re
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any

Michael K. Ross
ægis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3373
F: 202 737 3330
E: mross@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally
privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please
note that any disclosure, copying, distribution, or use of the contents of this information is strictly
prohibited. If you have received this electronic transmission in error, please notify the sender
immediately by telephone or by return e-mail and delete all copies.

The contents of this message may be privileged and confidential. Therefore, if this
message has been received in error, please delete it without reading it. Your receipt
of this message is not intended to waive any applicable privilege. Please do not
disseminate this message without the permission of the author.
*******************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be
used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue
Code of 1986, as amended.

Michael K. Ross
ægis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3373
F: 202 737 3330
E: mross@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally
privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note
that any disclosure, copying, distribution, or use of the contents of this information is strictly
prohibited. If you have received this electronic transmission in error, please notify the sender
immediately by telephone or by return e-mail and delete all copies.

# **<u>EXHIBIT B</u>**

**From:** M Ross <mross@aegislawgroup.com>
**To:** Joffe, Carol <CJoffe@winston.com>
**Cc:** ebmjr@verizon.net, Paul Rauser <prauser@aegislawgroup.com>, Stukes, Anne <AStukes@winston.com>, Broas, Timothy <TBroas@winston.com>
**Subject:** Re: IPOC / Diligence --- IPOC's revisions and redline to draft Protective Order
**Date:** Fri, 10 Nov 2006 17:41:07 -0500

Carol,

Thank you for the mark-up of our November 2 draft of the Protective Order. We are reviewing your proposed changes and will have comments back to you and Ed on Monday.

As previously agreed between IPOC and Diligence, IPOC's document production and verified interrogatory answers are due this Monday, November 13. Please advise whether we may come to your offices on Monday to review IPOC's production or whether you will be sending it Monday via same-day courier to our offices (along with IPOC's interrogatory responses). We are available Monday afternoon to review the production at your offices if that is more convenient for you (subject, of course, to our right to designate documents and materials for copying).

To the extent we do not reach agreement on the final terms of the Protective Order on Monday, we trust that you have no objection to producing IPOC's documents and verified interrogatory responses on Monday notwithstanding, with all parties agreeing to treat all such discovery material as "Outside Counsel Attorneys' Eyes Only" pending entry of a Protective Order by the Court. As you know, that is the arrangement all parties agreed to in connection with Hughes Hubbard's production last month of certain documents responsive to IPOC's third-party subpoena -- an arrangement that remains in effect.

On the other hand, in the event you will not be making available (or delivering) to us IPOC's document production on Monday (and serving IPOC's interrogatory responses together with executed verification page), please construe this email as a request under Local Civil Rule 7(m) for a meet-and-confer teleconference at or before 2:00 pm on Monday so that we may try to resolve this matter without a motion to compel. Absent a successful meet-and-confer at or before 2:00 pm on Monday, we will seek relief from Judge Kay.

We look forward to your prompt response.

Best regards,

Mike


On Fri, 2006-11-10 at 11:14 -0500, Joffe, Carol wrote:

> Dear Michael:

>
> Attached are clean and redline versions of the changes that IPOC
> proposes to the draft protective order that you circulated on Monday.
> Please let us know at your first convenience whether you agree to
> these changes, or whether it will be necessary to file opposing
> motions.
>
> <<IPOC Revisions to Protective Order.pdf>> <<redline.pdf>>
>
PLEASE NOTE NEW ADDRESS & PHONE
Effective April 4, 2005:
Carol A. Joffe
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5996
(202) 282-5100 (Fax)
cjoffe@winston.com


The contents of this message may be privileged and confidential. Therefore, if this message has been received
********************************************************************************
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other

Michael K. Ross
ægis law group LLP
901 F Street, N.W.
Suite 500
Washington, D.C. 20004
T: 202 737 3373
F: 202 737 3330
E: mross@aegislawgroup.com

NOTICE: This communication from Aegis Law Group LLP may contain information that is legally
privileged, confidential, or exempt from disclosure. If you are not the intended recipient, please note
that any disclosure, copying, distribution, or use of the contents of this information is strictly
prohibited. If you have received this electronic transmission in error, please notify the sender
immediately by telephone or by return e-mail and delete all copies.

# **<u>EXHIBIT C</u>**

# WINSTON & STRAWN LLP

35 WEST WACKER DRIVE
CHICAGO, ILLINOIS 60601-9703

43 RUE DU RHONE
1204 GENEVA, SWITZERLAND

BUCKLERSBURY HOUSE
3 QUEEN VICTORIA STREET
LONDON, EC4N 8NH

1700 K STREET, N.W.
WASHINGTON, D.C. 20006-3817

(202) 282-5000

FACSIMILE (202) 282-5100

www.winston.com

333 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-1543

200 PARK AVENUE
NEW YORK, NEW YORK 10166-4193

21 AVENUE VICTOR HUGO
75116 PARIS, FRANCE

101 CALIFORNIA STREET
SAN FRANCISCO, CALIFORNIA 94111-5894

CAROL A. JOFFE
(202) 282-5996
cjoffe@winston.com

February 22, 2007

**VIA EMAIL AND FIRST CLASS MAIL**

Michael Ross, Esq.
Paul C. Rauser, Esq.
Aegis Law Group LLP
901 F Street, N.W.
Suite 500
Washington, DC 20004

Edward B. MacMahon, Jr., Esq.
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118

> Re: *IPOC International Growth Fund Limited v.*
> *Diligence, LLC, et al.*
> Civil Action No 1:06CV01109 (PLF)(AK)

Gentlemen:

In your respective responses to IPOC's First Requests for Production of Documents, both Diligence and BGR promised to produce responsive documents. The stay on written discovery was lifted on October 13, 2006, but to date neither Diligence nor BGR have produced any documents to IPOC. Please provide us with copies of your respective document productions or advise by close of business today a time and place when we may inspect and copy your responsive documents.

We note that a substantial number of the documents produced by Hughes, Hubbard and Reed LLP on February 13, 2007 were produced by Diligence in *KPMG v. Diligence* in heavily redacted form. Please send us Diligence's privilege log itemizing all documents that were withheld or produced to KPMG in redacted form on a claim of privilege or work product. In addition, virtually all documents on which Diligence bates numbers are stamped are designated confidential, notwithstanding that most, if not all, of the documents contain public information or other material that is not entitled to protection under Rule 26.

WINSTON & STRAWN LLP

Michael Ross, Esq.
Paul C. Rauser, Esq.
Edward B. MacMahon, Jr., Esq.
February 22, 2007
Page 2

Please also be advised that in this case, we expect Diligence and BGR to produce documents that have not been redacted for any reason other than a good faith claim of privilege or attorney work product and which are accompanied by a privilege log as required. We also expect that designation of documents as "confidential" or "attorneys' eyes only" will be limited to documents that are entitled to such protection under Rule 26.

We look forward to hearing from you by the close of business today.

Sincerely,

*Carol Joffe*

Carol A. Joffe

CAJ:tdd
Enclosures

DC:501154.3

# **<u>EXHIBIT D</u>**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

February 22, 2007

**By Electronic Mail (PDF)**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:     ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
         **Civil Action No. 06-1100 (PLF) (AK)**
         <u>**U.S. District Court for the District of Columbia**</u>

Dear Carol:

We are puzzled by your letter of earlier today. When I conferred with Mr. Broas, lead counsel for IPOC, on October 27th of last year, Mr. Broas and I agreed that Diligence's document production would be due three days <u>after</u> IPOC made its production in response to Diligence's First Set of Requests for Documents, which Diligence served on IPOC on July 14, 2006. My agreement with Mr. Broas reflected the order in which discovery was served in this case – as you are aware, IPOC did not serve its document requests on Diligence until three days <u>after</u> Diligence served its first set of document requests on IPOC.

I note that although Mr. Broas agreed to make IPOC's document production on November 13, 2006 (per the attached October 27th confirming emails) with Diligence's production to follow three days thereafter, IPOC made no document production on that date. Moreover, IPOC continued to refuse to produce documents even when I wrote to you on November 10th offering to treat IPOC's documents as "outside counsel only" pending entry of a protective order, whereupon Diligence would have made its production to IPOC three days thereafter. For reasons that remain obscure, you refused to even respond to that offer. Indeed, IPOC has yet to produce a single document in this case. In light of this, and of IPOC's previous agreement regarding discovery, your sudden demands for immediate production are inappropriate and unjustified.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esq.
February 22, 2007
Page 2

We further note that although IPOC is the plaintiff in this eight-month-old case, IPOC has yet to supply its Federal Rule of Civil Procedure 26(a)(1) initial disclosures, which are mandatory. We request that IPOC provide those initial disclosures immediately, and trust that no further prompting will be required.

The second portion of your letter appears to complain about designations under the February 8, 2007 Protective Order made by non-party witness Hughes, Hubbard & Reed LLP in connection with that law firm's document production last week in response to IPOC's third-party subpoena. Any quarrels you have with those protective order designations are appropriately raised with Hughes, Hubbard—we simply have no control over that non-party witness.[1]

Lastly, you demand "Diligence's privilege log itemizing all documents that were withheld or produced to KPMG in redacted form on a claim of privilege or work product." We are unaware of any authority entitling a party to demand a privilege log for a document production made in another (now dismissed) case. In the event that you have such authority, we would be pleased to consider it.

To avoid burdening Judge Kay with additional motions practice, I would be happy to discuss this matter with you to attempt to reach agreement on a document production schedule for both IPOC and Diligence. Although my calendar is full tomorrow and Monday, I have availability Tuesday morning (before 12:00) or any time Wednesday—just let me know what time works best for you and I will reserve it on my calendar.

Sincerely,

Michael K. Ross

Attachment

cc: Edward B. MacMahon, Jr., Esq. (by email)

---

[1] If and when Diligence makes its designations of Hughes, Hubbard-produced documents under the February 8th Protective Order – and, as you are aware, the time for so designating has not yet run – you may raise any disagreements with Diligence's designations in the manner set out in paragraph 17 of the Protective Order.

# **EXHIBIT E**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

April 26, 2007

**By Facsimile**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

      Re:    ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
             **Civil Action No. 06-1100 (PLF) (AK)**
             <u>**United States District Court for the District of Columbia**</u>

Dear Carol:

      Thank you for your correspondence of April 23, 2007, which enclosed 304 pages of documents (Bates numbered IPOC1-IPOC304).

      It is unclear from your April 23 letter whether the documents enclosed therewith constitute the entirety of IPOC's production in response to Diligence's First Set of Requests for Production.  In that regard, I note that the vast bulk of the 304 pages produced by IPOC consist of: (i) correspondence between Winston & Strawn and non-party Hughes, Hubbard & Reed LLP, and (ii) a complete copy of Barbour Griffith & Rogers LLP's non-party production from the <u>KPMG FAS et al. v. Diligence</u> action, which was settled and dismissed last year.  Excluding these two categories of documents, IPOC has produced less than one hundred (100) pages of documents in response to Diligence's forty-three (43) Requests for Production served last July.

      Please clarify no later than April 30, 2007, whether the documents enclosed with your April 23 letter constitute IPOC's entire production in response to Diligence's First Set of Requests for Production, or whether they are a subset thereof that IPOC has produced pursuant to Judge Kay's Order of April 6, 2007.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
April 26, 2007
Page 2

Lastly, I note that your April 23 letter did not enclose a privilege log, despite IPOC's repeated objections to Diligence's RFPs on attorney-client privilege and other privilege grounds. Under the arguments advanced at pages 6 and 7 of IPOC's Memorandum of Law In Support of Motion to Compel Defendant Diligence to Answer Plaintiff's First Set of Request for Admission and First Set of Interrogatories (filed 3/29/07), IPOC's failure to produce a privilege log waives any right by IPOC to withhold discovery on the basis of privilege. If this is a correct statement of IPOC's view of the law, please produce within five (5) days all material withheld from IPOC's production on privilege grounds. Conversely, if this is not IPOC's view of the law, please advise as to when IPOC will be providing its privilege log. For purposes of this action, Diligence is willing to enter an agreement between counsel that the following categories of privileged material need not be listed on a party's privilege log: (i) materials in the possession of each party's counsel of record, and (ii) attorney-client privileged communications between a party and its counsel. Please advise whether you are agreeable to this proposal.

Sincerely,

Michael K. Ross

# **EXHIBIT F**