## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH          )
FUND LIMITED                       )
                                   )      Civil Action No. 06-1109 (PLF)
    *Plaintiff,*              )
                                   )
v.                                 )
                                   )
DILIGENCE LLC, et al.              )
                                   )
    *Defendants.*             )
_____     )

### DILIGENCE INC.'S MOTION
### TO COMPEL IPOC TO PRODUCE DOCUMENTS

    Defendant Diligence, Inc. ("Diligence") respectfully moves this Court for an order requiring Plaintiff IPOC International Growth Fund Limited ("IPOC") to produce all documents responsive to Diligence's First Set of Requests for Production within five (5) court days. The grounds for this Motion are set forth in the accompanying memorandum of points and authorities.

    As required by Local Civil Rule 7(m), counsel for Diligence discussed the matters raised in this motion with counsel for IPOC on May 2, 2007 during a meet-and-confer teleconference, but the dispute was not resolved.

Respectfully submitted,

AEGIS LAW GROUP LLP


By:        /s/Michael K. Ross
           Paul C. Rauser (D.C. Bar No. 461722)
           Michael K. Ross (D.C. Bar No. 458573)
           Oliver Garcia (D.C. Bar No. 456600)
           901 F Street, N.W., Suite 500
           Washington, D.C. 20004
           *T: 202-737-3500/ F: 202-737-3330*

           *Attorneys for Defendant Diligence Inc.*

Dated:  May 18, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED | ) ) ) | |
| *Plaintiff,* | ) ) ) | Civil Action No. 06-1109 (PLF) |
| v. | ) ) | |
| DILIGENCE LLC, et al. | ) ) | |
| *Defendants.* | ) ) ) | |

## **ORDER**

Upon consideration of Diligence Inc.'s Motion to Compel IPOC to Produce Documents, the Memorandum in Support Thereof, and all other papers and proceedings submitted in this matter, and for good cause shown:

IT IS HEREBY ORDERED THAT Plaintiff shall, within five (5) days of the date of this Order, make its full production of non-privileged documents responsive to Diligence Inc.'s First Set of Requests for Production.

SO ORDERED.

Dated: _____     By: _____

Alan Kay
*United States Magistrate Judge*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IPOC INTERNATIONAL GROWTH )
FUND LIMITED )
 )  Civil Action No. 06-1109 (PLF)
   *Plaintiff,* )
 )
v. )
 )
DILIGENCE LLC, et al. )
 )
   *Defendants.* )
_____)

## MEMORANDUM IN SUPPORT OF DILIGENCE INC.'S MOTION
## TO COMPEL IPOC TO PRODUCE DOCUMENTS

  Having insisted upon full-blown written discovery despite the pendency of four dispositive motions, Plaintiff IPOC International Growth Fund Limited ("IPOC") now refuses to adhere to the parties' agreement, reached over seven (7) months ago, that Diligence would make its document production three (3) days after IPOC makes its production to Diligence, thus reflecting the sequence in which discovery was served. Instead, in clear violation of the parties' agreement, IPOC has filed a motion seeking to force Diligence to produce documents *before* IPOC produces its documents to Diligence. For the reasons set forth below, IPOC's attempt to dodge its obligation to make a full document production to Diligence should be rejected. IPOC should be ordered to produce within five (5) court days all documents responsive to Diligence's First Set of Requests for Production.

## BACKGROUND

In Diligence Inc.'s Opposition to IPOC's Motion to Compel, Diligence detailed the parties' express agreement reached over seven (7) months ago that Diligence would produce its documents three days after IPOC produced its documents to Diligence. To avoid repetitive briefing, Diligence hereby incorporates the Background section of that Opposition (Docket #133) as if fully set forth herein.

On November 13, 2006, IPOC served its Objections and Responses to Diligence's First Set of Requests for Production ("IPOC's RFP Responses"). In IPOC's RFP Responses, IPOC committed to producing many categories of documents requested by Diligence. Thereafter, five (5) months passed with no document production whatsoever by IPOC.

Then, on April 6, 2007, this Court granted in part and denied in part BGR's Motion for Order Compelling Plaintiff to Answer Interrogatories and Requests for Production of Documents. In that Order, the Court directed IPOC to produce to BGR documents responsive to BGR's Document Requests Nos. 5, 15, 18, and 24 "within 15 days from the date of this Memorandum Order." Pursuant to that Order, IPOC delivered to BGR approximately 300 pages of documents on April 23, 2007 and, on that same day, delivered the very same documents to Diligence—not one single document more or less. Perplexed, counsel for Diligence requested on April 26 that Winston & Strawn LLP "clarify no later than April 30, 2007, whether the documents enclosed with your April 23 letter constitute IPOC's entire production in response to Diligence's First Set of Requests for Production, or whether they are a subset thereof that IPOC has produced pursuant to Judge Kay's Order of April 6, 2007." Ex. B. IPOC did not respond to that letter.

On May 2, 2007, the parties held a meet-and-confer teleconference, which had been requested by IPOC's counsel regarding the status of Diligence's document production. During

that meet-and-confer, IPOC's counsel was vague on whether the documents sent to Diligence on April 23 constituted IPOC's production in response to Diligence's First Set of Requests for Production. Undersigned counsel pointed out that large categories of documents that IPOC had agreed to produce were completely missing from IPOC's April 23 production—for example, communications among IPOC personnel and owner(s) about Diligence, BGR, or this lawsuit. See Ex. C. In response, IPOC's counsel indicated that documents were still being provided to them.

Since then, despite numerous requests by Diligence's counsel, IPOC has refused to confirm whether the 304 pages it produced in response to this Court's April 6 Order constitutes IPOC's entire production of non-privileged documents responsive to Diligence's First Set of Requests for Production. As detailed below, IPOC's refusal is with good reason: a comparison of the mere 304 pages produced to the categories of documents IPOC committed in November it would produce makes plain that IPOC has not made its full document production to Diligence— not even close. Indeed, IPOC has not produced even one internal document of any kind. Rather, IPOC has produced only a small subset of documents, and only then by Order of this Court. IPOC's transparent attempt to pass off its meager production in response to four BGR Document Requests as its full production in response to Diligence's forty-three separate Document Requests should not be countenanced. For the reasons set forth below, IPOC should be ordered to produce within five (5) court days all documents responsive to Diligence's First Set of Requests for Production.

3

## ARGUMENT

As this Court noted in its April 6 Order, Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Order at 1-2 (*quoting* Fed. R. Civ. P. 26(b)(1)).

Here, the Court need not engage in the usual relevancy examination because IPOC *has already agreed* to produce numerous categories of documents responsive to Diligence's First Set of Requests for Production. In IPOC's RFP Responses (copy attached as Exhibit A), IPOC agreed to produce all non-privileged documents responsive to Document Requests Nos. 12, 13, 14, 15, 21, 25, 26, and 38.[1] Nevertheless, as detailed below, IPOC has not produced even a single document responsive these Document Requests:

- **Request No. 12**—This Document Request seeks "all documents relating to each and every Communication between IPOC and Jeffrey Galmond relating to the IPOC Investigation, this action, Diligence, or BGR." Ex. A at 9. In its Response, IPOC agreed to produce all non-privileged "communications between IPOC and Jeffrey Galmond" relating to Diligence, BRR, or this lawsuit. Id. Yet not one such document has been produced by IPOC. Given IPOC's now-familiar allegation that Defendants have engaged in a calamitous scheme to "ruin" IPOC, it is simply implausible that not one single IPOC director, officer, or employee has ever had any communication with Jeffrey Galmond—whom IPOC has claimed for years is the sole beneficial owner of IPOC—about this lawsuit, Diligence, or BGR. Indeed, as noted, not one single internal IPOC document of any kind has been produced by IPOC—not one email, internal memo, correspondence, meeting minutes, or any other form of communication. Plainly, IPOC has not met its obligations under Federal Rule of Civil Procedure 34 to search for, and produce, all non-privileged responsive documents.[2]

---

[1] In highlighting only those Document Requests with respect to which IPOC already has agreed to produce documents, Diligence in no way concedes the validity of any of IPOC's objections to Diligence's other Document Requests. To the contrary, Diligence expressly reserves the right to challenge the validity of IPOC's objections to Diligence Document Requests in a subsequent motion after IPOC makes its full production.

[2] Of course, any documents in IPOC's possession, custody, or control oversees must be produced in this action. And, contrary to Winston & Strawn LLP's suggestion during the May 2, 2007 meet-and-confer teleconference, IPOC's production is not limited to documents in Winston & Strawn LLP's possession. Rather, IPOC itself is required to thoroughly search its own offices,

- **Request No. 13**—This Document Request seeks "all documents relating to each and every Communication between IPOC and [Leonid] Reiman relating to the IPOC Investigation, this action, Diligence, or BGR." Ex. A at 9. In response, IPOC agreed to produce all non-privileged communications "between IPOC and Mr. Reiman, if any such documents exist." Id. IPOC has not produced any such documents.

- **Request No. 14**—This Document Request seeks "[a]ll documents relating to each and every Communication between IPOC and Michael North relating to the IPOC Investigation, this action, Diligence, or BGR." Ex. A at 10. IPOC's RFP Responses promised to produce all non-privileged "communications between IPOC and Michael North" relating to Diligence, BRR, or this lawsuit. Ex. A. at 10. Despite this promise, not one single responsive document has been produced by IPOC, *even though Michael North is identified in IPOC's interrogatory answers as one of IPOC's three Directors*. Ex. D. It strains logic and credulity that IPOC is not in possession, custody, or control of any documents (emails, memos, Board meeting minutes, etc.) reflecting communications between Mr. North any other director, employee, officer, or beneficial owner of IPOC about this lawsuit, Diligence, or BGR, especially given IPOC's now-familiar charges that Diligence and BGR are out to "ruin" IPOC.

- **Request No. 21**—This Document Request seeks "[a]ll pleadings and other papers submitted to the arbitral tribunal by any party in the Zurich arbitration referenced in Paragraph 21 of your Complaint." Ex. A at 13. In response, IPOC objected to the scope of this Request. Importantly, however, IPOC agreed "to produce documents sufficient to establish the allegations in Paragraph 21 of the Complaint." Id. In Paragraph 21 of its Complaint, IPOC alleges that "a portion of the unlawfully obtained materials appeared almost verbatim in submissions made by LVFG to a Zurich arbitral tribunal . . . ." Compl. ¶ 21. But IPOC has yet to produce any copies of these "submissions" described in Paragraph 21 of the Complaint. Having agreed to produce these submissions, IPOC must do so.[3]

---

files, records, computer systems, email servers, mobile devices capable of sending/receiving email, and all other places where responsive documents may be located, and to produce all such non-privileged documents. Given IPOC's claim on its website that it was a mutual fund registered in Bermuda from year 2000 through October 2006, see Ex. E, IPOC surely has had meticulous record-keeping practices and procedures to ensure compliance with Bermuda law.

[3] IPOC also agreed to produce such documents in its Responses to Document Requests Nos. 25 and 26. See Ex. A at 16 ("IPOC will produce documents sufficient to establish the allegations in Paragraph 21 of the Complaint").

- **Request No. 38**—This Document Request seeks "[a]ll documents relating to IPOC's policies, procedures, and practices for retention and destruction of documents (including, without limitation, electronic mail and electronically stored documents)." Ex. A at 21. In response, IPOC agreed "to produce responsive documents if any exist." Ex. at 22. Yet again, however, not one single responsive document has been produced by IPOC. According to its own website, from year 2000 through October 2006 (four months after the filing of this action), IPOC was registered as a mutual fund under the law of Bermuda. See Ex. E. Notably, under Bermuda law, mutual funds must engage in meticulous record keeping, including including regularly supplying the fund's "custodian" with "information concerning the management and administration of the" fund, prepare half-yearly reports to investors, annual reports, and minutes "of all resolution and proceedings at every meeting of the investors." Ex. F. Despite its agreement to do so, IPOC has not produced a single document concerning its "policies, procedures, and practices for retention and destruction of documents (including, without limitation, electronic mail and electronically stored documents)." Ex. A at 22.

*    *    *    *

In sum, it is impermissible for IPOC to attempt to trigger Diligence's document-production deadline by producing only a handful of documents itself in response to a Court Order concerning BGR's entirely separate document requests. To avoid further delay, IPOC should be ordered to produce within five (5) court days all documents responsive to Diligence's First Set of Requests for Production.

## CONCLUSION

For the foregoing reasons, Diligence respectfully requests that the Court order IPOC to produce all non-privileged documents responsive to Diligence's First Set of Requests for Production within within five (5) days.

6

Respectfully submitted,

May 18, 2007                          AEGIS LAW GROUP LLP

By:    _____Michael K. Ross_____
       Paul C. Rauser (D.C. Bar No. 461722)
       Michael K. Ross (D.C. Bar No. 458573)
       Oliver Garcia (D.C. Bar No. 456600)
       901 F Street, N.W., Suite 500
       Washington, D.C. 20004
       T: 202-737-3500
       F: 202-737-3330

       *Attorneys for Defendant Diligence Inc.*

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DILIGENCE, LLC, | ) ) | Civil Action No. 1:06CV01109 (PLF) |
| and | ) ) | |
| BARBOUR GRIFFITH & ROGERS, LLC, | ) ) | |
| Defendants. | ) | |

## IPOC INTERNATIONAL GROWTH FUND LIMITED'S OBJECTIONS AND RESPONSES TO DILIGENCE'S FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, provides the following responses ("Responses") to Defendant Diligence LLC's ("Diligence") First Set of Requests for Production ("Requests"). These responses and objections are based on the information and documents presently available and its search for relevant information is continuing. IPOC reserves the right to supplement and/or amend its Responses.

## OBJECTIONS TO ALL REQUESTS

Each of these objections is incorporated into each and every one of IPOC's Responses as though fully set forth therein, and is in addition to any specific objections stated in response to a particular Request.

1.     IPOC objects to the Requests to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including but not limited to common interest and/or joint

and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in bad faith and interposed for purposes of harassment. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. Mr. Reiman is not relevant to the allegations of the Complaint or to any defense.

**Request No. 3**

Each and every communication between IPOC and Mr. Reiman.

**Response to Request No. 3**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. Mr. Reiman is not relevant to the allegations of the Complaint or to any defense.

**Request No. 4**

All documents supporting your contention in the Zurich arbitration referenced in Paragraphs 21, 25, 27, and 28 of your Complaint that Mr. Reiman does not possess a beneficial interest, directly or indirectly in IPOC.

**Response to Request No. 4**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party,

and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in bad faith and interposed for purposes of harassment and IPOC therefore objects to this request particularly as defendants have illegally attempted to steal information on this topic. Paragraphs 21, 25, 27 and 28 of the Complaint contain no allegations concerning beneficial interests in IPOC. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The issue of direct or indirect beneficial or ownership interests in IPOC is not relevant to the allegations of the Complaint or to any defense.

**Request No. 5**

All documents supporting your contention in the Zurich arbitration referenced in Paragraphs 21, 25, 27, and 28 of your Complaint that Jeffrey Galmond possesses a substantial beneficial interests in IPOC.

**Response to Request No. 5**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Paragraphs 21, 25, 27 and 28 of the Complaint contain no allegations concerning beneficial interests in IPOC. This request is in bad faith and interposed for purposes of harassment and IPOC therefore objects to this request particularly as defendants have illegally attempted to steal information on this topic. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The

- 6 -

issue of direct or indirect beneficial or ownership interests in IPOC is not relevant to the allegations of the Complaint or to any defense.

**Request No. 6**

All documents indicating that the "portion of the unlawfully obtained material [that] appeared almost verbatim in submissions made by LVFG to a Zurich arbitral tribunal," as you allege in Paragraph 21 of your Complaint contained any inaccuracy.

**Response to Request No. 6**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Paragraph 21 of the Complaint contains no allegations regarding the accuracy of the material submitted by LVFG to a Zurich arbitral tribunal. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda.

**Request No. 7**

All documents indicating that the portions of the IPOC Investigation Report that you allege in Paragraph 21 that "Diligence and/or IPOC's litigation adversaries LVFG and ALFA leaked...to the press" contained any inaccuracy.

**Response to Request No. 7**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Paragraph 21 of the Complaint contains no allegations regarding the accuracy of the material submitted by LVFG to a Zurich arbitral tribunal. IPOC's Complaint seeks injunctive relief and monetary damages to

compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda.

**Request No. 8**

All documents relating to or referencing Diligence.

**Response to Request No. 8**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and calls for the production of documents that are in the public domain, equally accessible to Diligence and/or already in the possession of Diligence, and seeks information protected by the attorney client privilege and/or work-product doctrine.

**Request No. 9**

All documents relating to or referencing BGR.

**Response to Request No. 9**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and calls for the production of documents that are in the public domain, equally accessible to Diligence and/or already in the possession of Diligence, and seeks information protected by the attorney client privilege and/or work-product doctrine.

**Request No. 10**

All documents referencing this action or prospective legal action by IPOC against Diligence or BGR.

**Response to Request No. 10**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and calls for the production of documents that are in the public domain,

14.     The objections stated in response to one or more specific interrogatories shall not be construed as a waiver of IPOC's general objections.

## RESPONSES TO SPECIFIC DOCUMENT REQUESTS

### Request No. 1

Documents sufficient to identify each and every person or entity possessing, directly or indirectly, a beneficial or ownership interest in IPOC.

### Response to Request No. 1

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in bad faith and interposed for purposes of harassment and IPOC therefore objects to this request particularly as defendants have illegally attempted to steal information on this topic. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The identity of the persons and/or entities who possesses, directly or indirectly, a beneficial or ownership interest in IPOC is not relevant to the allegations of the Complaint or to any defense.

### Request No. 2

All documents relating to or referencing Mr. Reiman.

### Response to Request No. 2

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party,

equally accessible to Diligence and/or already in the possession of Diligence, and seeks information protected by the attorney client privilege and/or work-product doctrine.

**Request No. 11**

All documents relating to each and every Communication between any current or former IPOC Personnel and Diligence.

**Response to Request No. 11**

IPOC is not in possession of any responsive documents.  If any such documents exist, they are accessible to Diligence and/or already in the possession of Diligence.

**Request No. 12**

All documents relating to each and every Communication between IPOC and Jeffrey Galmond relating to the IPOC Investigation, this action, Diligence, or BGR.

**Response to Request No. 12**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence, seeks documents that are protected from disclosure by Bermuda law, and may seek documents protected by the attorney-client privilege and work-product doctrine.  Subject to and without waiving any objections, and to the extent they are not protected by the attorney-client privilege or work product doctrine, IPOC will produce documents related to both (1)(a) this action, (b) Diligence or (c) BGR and (2) communications between IPOC and Jeffrey Galmond, if any such documents exist.

**Request No. 13**

All documents relating to each and every Communication between IPOC and Mr. Reiman relating to the IPOC Investigation, this action, Diligence, or BGR.

**Response to Request No. 13**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents that are protected from disclosure by Bermuda law, and may seek documents protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving any objections, and to the extent they are not protected by the attorney-client privilege or work product doctrine, IPOC will produce documents related to both (1)(a) this action, (b) Diligence or (c) BGR and (2) communications between IPOC and Mr. Reiman, if any such documents exist.

**Request No. 14**

All documents relating to each and every Communication between IPOC and Michael North relating to the IPOC Investigation, this action, Diligence, or BGR.

**Response to Request No. 14**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence, seeks documents that are protected from disclosure by Bermuda law, and seeks documents protected by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving any objections, and to the extent they are not protected by the attorney-client privilege or work product doctrine, IPOC will produce documents related to both (1)(a) this action, (b) Diligence or (c) BGR and (2) communications between IPOC and Michael North, if any such documents exist.

**Request No. 15**

All documents relating to each and every Communication between IPOC and the Government of Bermuda relating to the IPOC Investigation, this action, Diligence, or BGR.

**Response to Request No. 15**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents that are protected from disclosure by Bermuda law, and seeks documents protected by the attorney-client privilege and work-product doctrine. Subject to any and without waiving any objections and to the extent their disclosure is neither prohibited by law nor protected by the attorney-client privilege or work product doctrine, IPOC will produce documents related to both (1)(a) this action, (b) Diligence or (c) BGR and (2) communications between IPOC and the Government of Bermuda, if any such documents exist.

**Request No. 16**

All documents relating to each and every Communication between IPOC and KPMG FAS (including, without limitation, any attorney representing KPMG FAS) relating to the IPOC Investigation, this action, Diligence, or BGR.

**Response to Request No. 16**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, is not reasonably calculated to lead to the discovery of admissible evidence; seeks documents that are protected from disclosure by Bermuda law, and seeks documents protected by the attorney-client privilege and work-product doctrine. Subject to and without waiving any objections and to the extent their disclosure is neither prohibited by law nor protected by the attorney-client privilege or work product doctrine, IPOC will produce documents related to both

(1)(a) this action, (b) Diligence or (c) BGR and (2) communications between IPOC and KPMG

FAS.

### Request No. 17

All documents relating to any payment or fee paid by IPOC to KPMG FAS, KPMG International, or the Government of Bermuda in connection with the IPOC Investigation.

### Response to Request No. 17

IPOC objects to this document request on the grounds that it is overly broad and unduly

burdensome. Subject to and without waiving any objections, IPOC will produce documents

sufficient to identify the amount of fees paid by IPOC to KPMG FAS in connection with the

IPOC Investigation.

### Request No. 18

All documents reflecting fees or payments received by KPMG FAS or KPMG International from the Government of Bermuda or any other person for services performed by KPMG FAS or KPMG International in connection with the IPOC Investigation.

### Response to Request No. 18

IPOC objects to this document request on the grounds it seeks from IPOC the production

of documents in the possession of the Government of Bermuda or others who are not under

IPOC's control and/or are unknown to IPOC.

### Request No. 19

All documents relating to IPOC's damages alleged in the Complaint.

### Response to Request No. 19

IPOC objects to this document request on the grounds that it is overly broad, vague and

unduly burdensome. Subject to and without waiving any objections, IPOC will produce

documents related to the damages alleged in the Complaint.

**Request No. 20**

      All documents provided to any one or more experts engaged or hired by you in connection with this action.

**Response to Request No. 20**

      IPOC objects to this document request to the extent it seeks the production of documents protected by the attorney-client privilege or work product doctrine. Responsive documents, not protected by the attorney-client privilege or work product doctrine, will be produced should IPOC retain an expert to testify in this case.

**Request No. 21**

      All pleadings and other papers submitted to the arbitral tribunal by any party in the Zurich arbitration referenced in Paragraph 21 of your Complaint.

**Response to Request No. 21**

      IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence; and seeks documents prohibited from disclosure by Bermuda law. This request is in bad faith and interposed for purposes of harassment. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. All pleadings and other papers submitted to the arbitral tribunal by any party in the Zurich arbitration comprise voluminous material that is not relevant to the Complaint or any defense. Subject to and without waiving any objections, IPOC will produce documents sufficient to establish the allegations in Paragraph 21 of the Complaint.

**Request No. 22**

All documents supporting your allegation in Paragraph 11 of your Complaint that "Alfa and LVFG and their controllers colluded in a fraudulent and illegal scheme to transfer the optioned stake in MegaFon to companies belonging to the Alfa Group."

**Response to Request No. 22**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and seeks documents that are not relevant to the claim or defense of any party. This request is in bad faith and interposed for purposes of harassment and is not reasonably calculated to lead to the discovery of admissible evidence. Paragraph 11 of the Complaint does not allege that "Alfa and LVFG and their controllers colluded in a fraudulent and illegal scheme to transfer the optioned stake in MegaFon to companies belonging to the Alfa Group." Paragraph 11 states that IPOC's contention in other court and arbitration proceedings includes this allegation. IPOC's Complaint in this case seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Diligence and BGR's intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The merits of and documents comprising worldwide court and arbitration proceedings to which neither Diligence nor BGR is a party are not relevant to the Complaint or to any defense.

**Request No. 23**

All documents supporting your allegation in Paragraph 12 of your Complaint that "LVFG Alfa, on information and belief, embarked on a plan to have IPOC's corporate charter terminated by the Government of Bermuda."

**Response to Request No. 23**

IPOC objects to this Request on the grounds that the documents are in the possession of or equally available to Diligence. Subject to and without waiving any objection, IPOC will produce responsive documents in its possession.

**Request No. 24**

All documents supporting your allegation in Paragraph 15 of your Complaint that "[t]o date, IPOC and its affiliates have paid KPMG FAS over $8 million" to investigate it.

**Response to Request No. 24**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and seeks information protected by the attorney client privilege and/or work-product doctrine. Subject to and without waiving any objections, IPOC will produce documents sufficient to identify the amount of fees paid by IPOC to KPMG FAS in connection with the IPOC Investigation.

**Request No. 25**

All documents relating to the arbitration initiated in Zurich by IPOC against LVFG referenced in Paragraphs 21, 25, 27, and 28, of your Complaint.

**Response to Request No. 25**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in bad faith and interposed for purposes of harassment. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. All documents relating to the Zurich arbitration

- 15 -

comprise voluminous material that is not relevant to the Complaint or to any defense. Subject to and without waiving any objections, IPOC will produce the same documents for this request as for Request No. 21.

**Request No. 26**

All documents supporting your allegation in Paragraph 21 of your Complaint that "a portion of the unlawfully obtained materials appeared almost verbatim in submissions made by LVFG to a Zurich arbitral in the proceedings referenced above."

**Response to Request No. 26**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are protected from disclosure by Bermuda law; and seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving any objections, IPOC will produce documents sufficient to establish the allegations in Paragraph 21 of the Complaint.

**Request No. 27**

All documents relating to the method, means, and manner by which IPOC obtained copies of the Diligence invoices to BGR referenced in Paragraph 22 of your Complaint.

**Response to Request No. 27**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, IPOC will produce responsive documents.

**Request No. 28**

All documents referencing the lawsuit filed by KPMG FAS (among others) against Diligence in the United States District Court for the District of Columbia (Case No. 05-2204) referenced in Paragraph 2 of your Complaint.

**Response to Request No. 28**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome, and calls for the production of documents that are in the public domain, equally accessible to Diligence and/or already in the possession of Diligence, and seeks information protected by the attorney client privilege and/or work-product doctrine.

**Request No. 29**

All diaries, calendars (including all those maintained in electronic form), and contemporaneous notes maintained by Jeffrey Galmond since January 1, 2000.

**Response to Request No. 29**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence; and seeks information protected by the attorney client privilege and/or work-product doctrine. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The diaries and calendars of Mr. Galmond, to the extent they exist, are not relevant to the allegations of the Complaint or to any defense.

**Request No. 30**

All documents reflecting any and all telephone calls placed or received by Jeffrey Galmond since January 1, 2000.

**Response to Request No. 30**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party,

and is not reasonably calculated to lead to the discovery of admissible evidence; and seeks information protected by the attorney client privilege and/or work-product doctrine. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. Documents reflecting any and all telephone calls placed or received by Mr. Galmond, to the extent they exist, are not relevant to the allegations of the Complaint or to any defense.

**Request No. 31**

All IPOC policies and procedures regarding the disclosure to third parties of non-public IPOC information.

**Response to Request No. 31**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. IPOC policies and procedures regarding the disclosure to third parties of non-public IPOC information, to the extent they exist, are not relevant to the allegations of the Complaint or to any defense.

**Request No. 32**

Documents sufficient to identify the IPOC Personnel responsible for maintaining IPOC's computer systems (including electronic mail systems).

**Response to Request No. 32**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The identity(ies) of IPOC Personnel responsible for maintaining IPOC's computer systems (including electronic mail systems) are not relevant to the allegations of the Complaint or to any defense.

**Request No. 33**

Documents sufficient to identify all current and former IPOC Personnel who have ever had access to non-public information in the possession, custody, or control of IPOC relating to the IPOC Investigation.

**Response to Request No. 33**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The identity(ies) of current and former IPOC Personnel who have ever had access to non-public information in the possession, custody, or control of IPOC relating to the IPOC Investigation are not relevant to the allegations of the Complaint or to any defense.

**Request No. 34**

All rulings, opinions, findings, conclusions, and orders issued by the arbitral tribunal in the arbitration initiated in Zurich by IPOC against LVFG referenced in Paragraphs 21, 25, 27, and 28, of your Complaint.

**Response to Request No. 34**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Paragraphs 21, 25, 27 and 28 of the Complaint contain no allegations concerning rulings, opinions, findings, conclusions, and orders issued by a Zurich arbitral tribunal. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. Rulings, opinions, findings, conclusions, and orders issued by a Zurich arbitral tribunal are not relevant to the allegations of the Complaint or to any defense.

**Request No. 35**

All documents reflecting or referencing any agreement between IPOC and KPMG FAS.

**Response to Request No. 35**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence, seeks documents that are protected from disclosure by Bermuda law. Subject to and without waiving any objections, IPOC will produce documents related to the agreement alleged in the Complaint, if any exist.

**Request No. 36**

All draft and final versions of the IPOC Investigation Report, and each and every document containing any quote or material from any draft or final version of the IPOC Investigation Report.

**Response to Request No. 36**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence, seeks documents that are protected from disclosure by Bermuda law, and seeks documents not in the possession of IPOC. This request is in bad faith and interposed for purposes of harassment, and IPOC therefore objects to this request, particularly as Defendants have illegally stolen from KPMG FAS a draft report that they knew to be confidential under Bermuda law and disclosed its contents.

**Request No. 37**

All documents reflecting any actual or projected date of completion of any draft or final version of the IPOC Investigation Report for dissemination to IPOC, the Government of Bermuda, or to any other person or entity outside of KPMG FAS.

**Response to Request No. 37**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence, seeks documents that are protected from disclosure by Bermuda law, and seeks documents not in the possession of IPOC.

**Request No. 38**

All documents relating to IPOC's policies, procedures, and practices for retention and destruction of documents (including, without limitation, electronic mail and electronically stored documents).

**Response to Request No. 38**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, IPOC will produce responsive documents if any exist.

**Request No. 39**

Documents sufficient to show all persons and entities possessing a beneficial or ownership interest, directly or indirectly, in IPOC Capital Partners Ltd.

**Response to Request No. 39**

IPOC objects to this document request on the grounds that it is overly broad, vague and unduly burdensome; seeks documents that are not relevant to the claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in bad faith and interposed for purposes of harassment and IPOC therefore objects to this request particularly as defendants have illegally attempted to steal information on this topic. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda. The identity of the persons and/or entities who possesses, directly or indirectly, a beneficial or ownership interest in IPOC Capital Partners Ltd. is not relevant to the allegations of the Complaint or to any defense.

**Request No. 40**

Documents sufficient to show all persons and entities possessing a beneficial or ownership interest, directly or indirectly, in each entity possessing an ownership interest in IPOC or IPOC Capital Partners Ltd.

**Response to Request No. 43**

IPOC objects to this document request on the grounds that it calls for the production of documents that are in the public domain, equally accessible to Diligence and/or already in the possession of Diligence.    Subject to and without waiving any objections, and to the extent they are not protected by the attorney-client privilege or work product doctrine, IPOC will produce documents responsive documents if any exist.

November 13, 2006                            IPOC INTERNATIONAL GROWTH FUND
                                             LIMITED


OF COUNSEL:                                  _Carol A. Joffe_
Kimball R. Anderson                          _____
WINSTON & STRAWN LLP                         Timothy M. Broas (D.C. Bar No. 391145)
35 W. Wacker Drive                           Carol A. Joffe (D.C. Bar No. 351528)
Chicago, Illinois 60601                      Anne W. Stukes (D.C. Bar No. 469446)
Tel:    (312) 558-5858                        WINSTON & STRAWN LLP
Fax:    (312) 558-5700                        1700 K Street, N.W.
kanderson@winston.com                        Washington, D.C. 20006
                                             Tel:    (202) 282-5000
                                             Fax:    (202) 282-5100
                                             tbroas@winston.com
                                             cjoffe@winston.com
                                             astukes@winston.com

- 25 -

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:06CV01109 (PLF) |
| DILIGENCE, LLC, et. al | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSES TO DILIGENCE'S FIRST SET OF INTERROGATORIES

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, provides the following responses ("Responses") to Defendant Diligence LLC's First Set of Interrogatories ("Diligence's Interrogatories"). These responses and objections are based on the information and documents presently available and the search for further relevant information is continuing. IPOC reserves the right to supplement and/or amend its Responses.

## OBJECTIONS TO ALL INTERROGATORIES

Each of these objections is incorporated into each and every one of IPOC's Responses as though fully set forth therein, and is in addition to any specific objections stated in response to a particular Interrogatory.

1.    IPOC objects to the interrogatories to the extent they seek information or documents protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity, including but not limited to common interest and/or joint defense, and prohibition from disclosure under the law of Bermuda.

**INTERROGATORY NO. 3:**

Please identify the name, address, and telephone number of each officer and director (or the equivalent under Bermuda law applicable to limited liability corporations) of IPOC and each affiliate, subsidiary, or entity related to IPOC.

**RESPONSE TO INTERROGATORY NO. 3:**

The names of the officers and directors (or the equivalent under Bermuda law applicable to limited liability corporation) of IPOC are David Hauenstein, Director; Mads Braemer-Jensen, Director; Michael North, President and Director. These individuals can be contacted through Winston & Strawn, LLP. IPOC objects to the balance of this interrogatory on the ground that it seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence, and is overly broad, vague and unduly burdensome. IPOC's Complaint seeks injunctive relief and monetary damages to compensate IPOC for harm resulting from the Defendants' intentional and unlawful actions, including, but not limited to the theft of confidential documents and intentional interference with an ongoing confidential investigation of IPOC being carried out by KPMG FAS for the Government of Bermuda, and the identity of the officers and directors each affiliate, subsidiary, or entity related to IPOC is not relevant to the allegations of the Complaint or to any defense.

**INTERROGATORY NO. 4:**

Please identify the caption and case number for each lawsuit and arbitration to which IPOC has been a party or in which it has provided a written statement, affidavit, declaration, or deposition since June 16, 2001.

**RESPONSE TO INTERROGATORY NO. 4:**

IPOC objects to this interrogatory on the ground that it seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the

# **EXHIBIT C**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

April 26, 2007

**By Facsimile**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:    ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
       **Civil Action No. 06-1100 (PLF) (AK)**
       <u>United States District Court for the District of Columbia</u>

Dear Carol:

Thank you for your correspondence of April 23, 2007, which enclosed 304 pages of documents (Bates numbered IPOC1-IPOC304).

It is unclear from your April 23 letter whether the documents enclosed therewith constitute the entirety of IPOC's production in response to Diligence's First Set of Requests for Production. In that regard, I note that the vast bulk of the 304 pages produced by IPOC consist of: (i) correspondence between Winston & Strawn and non-party Hughes, Hubbard & Reed LLP, and (ii) a complete copy of Barbour Griffith & Rogers LLP's non-party production from the <u>KPMG FAS et al. v. Diligence</u> action, which was settled and dismissed last year. Excluding these two categories of documents, IPOC has produced less than one hundred (100) pages of documents in response to Diligence's forty-three (43) Requests for Production served last July.

Please clarify no later than April 30, 2007, whether the documents enclosed with your April 23 letter constitute IPOC's entire production in response to Diligence's First Set of Requests for Production, or whether they are a subset thereof that IPOC has produced pursuant to Judge Kay's Order of April 6, 2007.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
April 26, 2007
Page 2

      Lastly, I note that your April 23 letter did not enclose a privilege log, despite IPOC's repeated objections to Diligence's RFPs on attorney-client privilege and other privilege grounds. Under the arguments advanced at pages 6 and 7 of IPOC's Memorandum of Law In Support of Motion to Compel Defendant Diligence to Answer Plaintiff's First Set of Request for Admission and First Set of Interrogatories (filed 3/29/07), IPOC's failure to produce a privilege log waives any right by IPOC to withhold discovery on the basis of privilege. If this is a correct statement of IPOC's view of the law, please produce within five (5) days all material withheld from IPOC's production on privilege grounds. Conversely, if this is not IPOC's view of the law, please advise as to when IPOC will be providing its privilege log. For purposes of this action, Diligence is willing to enter an agreement between counsel that the following categories of privileged material need not be listed on a party's privilege log: (i) materials in the possession of each party's counsel of record, and (ii) attorney-client privileged communications between a party and its counsel. Please advise whether you are agreeable to this proposal.

                           Sincerely,

                           Michael K. Ross

# **EXHIBIT D**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

May 2, 2007

**By Email (PDF)**

Carol A. Joffe, Esquire
Anne W. Stukes, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

Re:     ***IPOC International Growth Fund Limited  v. Diligence, Inc., et al.***
**Civil Action No. 06-1100 (PLF) (AK)**
**United States District Court for the District of Columbia**

Dear Carol and Anne:

To avoid any dispute as to what was said during today's meet-and-confer teleconference regarding the parties' respective responses and objections to Requests for Production (RFPs), I write to memorialize the two reasons I set forth today on the phone as to why Diligence's obligation to produce responsive documents has not yet been triggered.

*First*, based upon my careful review, the 300 pages of documents produced to co-defendant BGR (per Judge Kay's Memorandum Order of April 6 regarding BGR's motion to compel), and delivered simultaneously to Diligence, cannot possibly constitute the entire IPOC production in response to Diligence's First Set of Requests for Production. Rather, it appears to be only a small subset—specifically, documents that the Court ordered IPOC to produce in response to co-defendant BGR's motion to compel. As I noted in my April 26 and May 1 letters to you, virtually all of the documents IPOC has produced consist of correspondence between attorneys for IPOC and counsel for KMPG FAS, which include a complete copy of Barbour Griffith & Rogers LLP's non-party production from <u>KPMG FAS et al. v. Diligence</u>. These are precisely the documents Judge Kay ordered IPOC to produce forthwith on April 6. No other responsive documents appear to have been produced to us. As I pointed out today on the phone, there is no indication that IPOC has produced documents responsive to RFPs #12, 13, 14, 15, 21, 25, 26, and 38, even though IPOC stated in its RFP Responses and Objections that it would produce all such non-privileged documents in IPOC's possession, custody, or control. In sum, it is impermissible for IPOC to attempt to trigger Diligence's document-production deadline by producing only a handful of documents itself, and only then in response to a Court Order.

901 F Street, N.W.
Suite 500
Washington, DC  20004
T  202 737 3500
F  202 737 3330
www.aegislawgroup.com

Carl A. Joffe, Esq.
May 2, 2007
Page 2

*Second*, I noted unless and until Winston & Strawn investigates and addresses the serious allegations set forth in the Opposition brief filed late yesterday evening by non-party Hughes Hubbard & Reed LLP ("Hughes Hubbard"), Diligence cannot reasonably be expected to produce confidential discovery. The Hughes Hubbard filing contains serious allegations regarding yet another apparent breach of the Court's Protective Order in this case by Winston & Strawn LLP. Specifically, in his Declaration in support of Hughes Hubbard's Opposition, Mr. Adler (counsel to KPMG FAS) details that on or about February 22, 2007—and thus *after* Judge Kay entered the Protective Order in this case—a partner at White & Case LLP contacted him to say that he had learned from someone at Winston & Strawn LLP that documents in the possession of Hughes Hubbard relating to Diligence made mention of White & Case. As detailed by Mr. Adler, that document had been designated "Confidential" both under the KPMG FAS Protective Order and the Protective Order entered in this case. Mr. Adler further states that in a letter to you dated March 23, 2007, he requested per Paragraph 30 of the Protective Order that Winston & Strawn LLP investigate the matter, but you have not provided any response. This latest allegation (of which we had no knowledge until this morning) is particularly troubling given the other instances of apparent breaches of the Court's Orders detailed in our Emergency Motion filed in March and BGR's Motion for Order to Show Cause. Until such time as Winston & Strawn LLP can assure the Court and the parties that it and its client has fully complied, and will continue to fully comply, with the Protective Order, Diligence cannot have any reasonable degree of confidence that its confidential material produced during discovery will not be divulged to third parties. Plainly, Diligence cannot be expected to produce confidential discovery material under these circumstances.

Sincerely,

Michael K. Ross

# **EXHIBIT E**

   

# IPOC
## INTERNATIONAL GROWTH FUND

About Us          Contact Us          Press Room

## Press Room

**2006**
> December
> November
> October
> July
> June
> May
> April
> January

**2005**
> December
> November
> October
> September
> July
> April
> March

**2004**
> December
> November
> August
> June
> May
> April
> March
> Febuary
> January

**2003**
> October
> September

> Recent Media Coverage

## Press Releases

### Notice of changes to IPOC fund status
**29/11/06**

On October 13th IPOC and its affiliate Bermudan registered funds wrote to the Bermuda Monetary Authority (BMA) notifying it that none of them wished to maintain their status as mutual funds under the Bermudan collective investment scheme regulations and requesting the BMA revoke their status as collective investment schemes.

Since the onset of the litigation over the disputed MegaFon stake and the allegations made by IPOC's opponents (which they have widely publicised), IPOC and its affiliates' likelihood of obtaining investment from third party investors was hindered by the litigation.

As a result there was no purpose in IPOC (or its fund registered affiliates) maintaining their fund status in Bermuda which was both expensive in terms of adviser, banking and administrator and custodian expenses, and unduly burdensome from an administrative perspective.

**ENDS**

For further information please contact Kirsten Smart or Enda at Media Strategy in London on 0044 20 7400 4480 or 0044 7855 489 616 (mobile).

🖨 Print page

‹‹ Back to index page

# EXHIBIT F

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

BR 12/1998

**THE BERMUDA MONETARY AUTHORITY ACT 1969**

**1969 : 57**

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

The Minister, after consultation with the Board of Directors of the Bermuda Monetary Authority, in exercise of the powers conferred upon him by section 29(1)(ca) of the Bermuda Monetary Authority Act 1969, makes the following Regulations:—

**Citation**

1    These Regulations may be cited as the Bermuda Monetary Authority (Collective Investment Scheme Classification) Regulations 1998.

**Interpretation**

2    In these Regulations, unless the context otherwise requires—

"Act" means the Companies Act 1981;

"administrator" means the person appointed in accordance with Parts B and C of the Schedule:

(a) in relation to a unit trust scheme, by the trust deed and includes any successor;

1

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

(2)   The investors shall be notified in writing of the removal of the investment adviser and the name of the new investment adviser.

(3)   The remuneration and expenses of the investment adviser shall be borne by the manager and the manager shall remain responsible for the discharge of all the investment adviser's duties under these Regulations notwithstanding any such appointment.

**Manager's records**

23     (1)   The manager shall keep such accounting and other records as are necessary—

(a) to enable it to comply with these regulations; and

(b) to demonstrate at any time that such compliance by it has been achieved.

(2)   The manager shall keep a daily record of units held by it, including the type of such units, which have been acquired or disposed of, and of the balance of any acquisitions and disposals.

(3)   The manager shall make the daily record available for inspection by the custodian in Bermuda, in the United Kingdom, or, as required, in any other jurisdiction, free of charge at all times during ordinary office hours and shall supply the custodian with a copy of the record or any part of it on request free of charge.

**Manager's review of schemes constitution**

24     The manager shall keep under regular review the constitutional documents in order to ensure that they are in compliance with the law, including these Regulations, and shall from time to time make or propose the making of such changes therein as are necessary or desirable in the interests of investors.

**Supply of information to custodian**

25     The manager, any investment adviser, and, in the case of a mutual fund scheme, the company and the directors shall, on the request of the custodian, forthwith supply the custodian with such information concerning the management and administration of the scheme as the custodian may reasonably require.

**Compliance with instructions from custodian**

26     (3)   The manager, any investment adviser, and in the case of a mutual fund scheme, the company and the directors, shall comply with

**52**

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

**Feeder funds**

217　(1)　In the case of a scheme which is a feeder fund, the matters required to be stated in the prospectus shall be stated both in respect of the feeder fund and in respect of the scheme into which it is to feed.

(2)　The requirements of paragraph (1) shall be satisfied if, on each occasion on which the prospectus is required to be made available, sent or offered under regulation 213 there is made available, sent or offered together with the prospectus prepared in accordance with Appendix 4 in respect of the feeder fund, the prospectus in respect of the scheme into which it is to feed prepared in accordance with these regulations or, in the case of a UK scheme, in accordance with regulations made under the Financial Services Act 1986.

**PART XVI**

**REPORTS TO INVESTORS**

**Manager's annual and half-yearly reports**

218　(2)　Subject to paragraph (2), the manager shall, in relation to each annual and each half-yearly accounting period, prepare a report stating the matters set out in Part A of Appendix 4 and otherwise complying with the requirements of this regulation.

(2)　A half-yearly report need not be prepared in relation to the first half-yearly accounting period if the first annual accounting period is a period of less than one year.

(3)　A report which relates to an annual accounting period shall contain:

(a) a statement of commissions paid on dealings as required by Part B of Appendix 4;

(b) a portfolio statement relating to that period stating the matters set out in Part C of Appendix 4;

(c) a comparative table relating to that period stating the matters set out in Part D of Appendix 4;

(d) a copy of a report of the auditor to the investors on the accounts contained in the report stating the matters set out in Part E of Appendix 4; and

(e) a copy of a report of the custodian to the investors stating the matters set out in Part F of Appendix 4 and

**174**

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

supplied to the manager by the custodian in accordance with regulation 219.

(4)  A report which relates to any accounting period shall contain the accounts of the scheme for the period to which the report relates which shall consist of:

   (a) a statement of assets and liabilities stating the matters set out in Part A of Appendix 5;

   (b) if a distribution or allocation of income is to be made for that period, an income and distribution account stating the matters set out in Part B of Appendix 5; and

   (c) if that period is an annual accounting period:

   (i)     a capital account stating the matters set out in Part C of Appendix 5; and

   (ii)    notes to the accounts stating the matters set out in Part D of Appendix 5,

and shall be prepared in accordance with internationally accepted accounting principles and shall give a true and fair view of the financial position of the scheme as at the end of the period to which the accounts relate.

(5)  A report which relates to any accounting period shall be signed by two directors of the manager.

**Annual report by the custodian**

219    (1)  It shall be the duty of the custodian to enquire into the conduct of the manager in the management of the scheme in each annual accounting period and to report thereon to the investors.

(2)  The custodian's report shall contain the matters set out in Part F of Appendix 4 and shall be delivered to the manager in sufficient time to enable it to be included in the manager's annual report to investors on or before the annual income allocation date.

**Publication of the manager's reports**

220    (1)  The manager shall, on or before the annual income allocation date and no later than two months after the end of the half-yearly accounting period, publish the manager's annual and half-yearly report, respectively, in accordance with paragraphs (2) and (3).

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE INVESTMENT SCHEME CLASSIFICATION) REGULATIONS 1998**

(2)    The manager shall send to each investor (or to the first named of joint investors) entered in the register a copy of the report on the accounting reference date or, if the report relates to a half-yearly accounting period for which no interim allocation of income is made, as at the last day of that period.

(3)    The manager and the custodian shall make the most recent annual report and the most recent half-yearly report (unless it has been superseded by an annual report) available in English or in any other language as required by any jurisdiction for inspection by the public free of charge at each place specified for the purpose in the most recently published prospectus during ordinary office hours.

(4)    The manager shall send a copy of the annual and half-yearly reports to the Authority when they are published.

**Manager's annual and half-yearly reports to be offered to purchasers of units**
221    (1)    The manager shall not effect any sale of units in the scheme to any person in the United Kingdom or in any other jurisdiction until it has offered that person free of charge a copy of the manager's most recent annual report and most recent half-yearly report (unless it has been superseded by an annual report) in English or in any other language as required by any jurisdiction.

(2)    Paragraph (1) shall not apply where the sale is effected otherwise than in the course of a conversation conducted face to face or by telephone, but the manager shall send free of charge a copy of the document mentioned in paragraph (1) to the purchaser if so requested.

**PART XVII**
**AUDIT**

**Audit**
222    (1)    At the Annual General Meeting or at a subsequent Special General Meeting in each year  the investors shall appoint an independent representative in Bermuda (who shall be a member of the Institute of Chartered Accountants of Bermuda) as auditor of the accounts of the scheme and such auditor—

(a) shall hold office until the investors appoint another auditor;

(b) may not be an investor,

**176**

**THE BERMUDA MONETARY AUTHORITY (COLLECTIVE
INVESTMENT SCHEME CLASSIFICATION) REGULATIONS
1998**

(3)    No instrument for appointing a proxy shall be valid after the expiration of twelve months from the date named in it as the date of its execution.

(4)    A person appointed to act as a proxy need not be an investor.

(5)    An instrument of proxy may be in the usual common form or in any other form which the custodian shall approve.

(6)    A vote given in accordance with the terms of an instrument of proxy shall be valid notwithstanding—

(a) the previous death or insanity of the principal;

(b) the revocation of the proxy or of the authority under which the proxy was executed; or

(c) the transfer of the units in respect of which the proxy is given ,

provided that no intimation in writing of such death, insanity, revocation or transfer has been received at the place appointed for the deposit of proxies or, if no such place is appointed, at the registered office of the manager before the commencement of the meeting or adjourned meeting at which the proxy is used.

**Minutes**

231    Minutes of all resolutions and proceedings at every meeting of the investors shall be made and duly entered in books to be from time to time provided for the purpose at the expense of the manager and any such minute as aforesaid if purporting to be signed by the chairman of the meeting shall be conclusive evidence of the matters therein stated and until the contrary is proved every such meeting in respect of the proceedings of which minutes have been made shall be deemed to have been duly held and convened and all resolutions passed thereat to have been duly passed.

**Class meetings**

232    (1)    If the custodian is of opinion that any extraordinary resolution to be proposed is one in relation to which there is or might be a conflict of interest—

(a) between the investors of accumulation units and the investors of income units; or

**183**