UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S NOTICE REGARDING FILING OF REDACTED MATERIAL**

# EXHIBIT 1

REDACTED VERSION FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, </br></br> Plaintiff, </br></br> v. </br></br> DILIGENCE, LLC, et. al </br></br> Defendants. | Civil Action No. </br> 1:06CV01109 (PLF) (AK) |

**IPOC'S REPLY TO DILIGENCE'S OPPOSITION TO IPOC'S MOTION TO COMPEL DILIGENCE TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, respectfully submits this Reply to Diligence's Opposition to IPOC's Motion to Compel Diligence to Produce Documents in Response to Plaintiff's First Request for Production of Documents.

Diligence, not IPOC, is guilty of "gamesmanship." When this Court lifted the stay on written discovery last October, Diligence demanded that IPOC agree to respond to Diligence's discovery requests three days before Diligence would be required to respond to IPOC's discovery requests. Later, Diligence similarly demanded that IPOC produce its documents first and that Diligence must be permitted to produce its documents three days later. To avoid engaging in silly disputes over which party would be required to respond or produce first, IPOC conceded to Diligence's requests. Nevertheless, Diligence refuses to produce any documents to IPOC.

This is not the first time Diligence has engaged in this type of chicanery. Diligence also demanded (more than a dozen times in correspondence and pleadings) that IPOC serve its Rule 26(a)(1) disclosures, although no scheduling order setting a date had been entered by the Court. In response to Diligence's badgering and to avoid motions practice, IPOC served its Rule 26(a)(1) Disclosures only to receive Diligence's email the next morning stating that it had

changed its position and now believed the Rule 26(a)(1) Disclosures were not yet due. To this day Diligence refuses to serve its Rule 26(a)(1) Disclosures.

This conduct should not be permitted. Diligence should be ordered to produce documents within three (3) days of entry of an order granting this Motion. Fed. R. Civ. P. 37.

## FACTUAL BACKGROUND

The communications between the Diligence and IPOC show precisely what was agreed and which party breached an agreement:

- On October 26, 2006, IPOC wrote to Diligence: "Gentlemen: We haven't discussed when the outstanding written discovery between the parties will be due. Prior to Cooper & Kirk's withdrawal, BGR asked to agree on 30 days from the October 13, 2006 Magistrate's order [lifting the stay on written discovery]. Shall we agree on that date?" Exh. A

- On October 27, 2006, IPOC followed up the previous day's email to Diligence: "Paul and Michael, please let us know your position on this (see Carol's email below) before COB today, failing which we will file a motion with the court. We know BGR's position but would like to have your agreement that the responses are due on or before November 13, 2006." Exh. B

- On October 27, 2006, Diligence responded to IPOC:

  "Having reviewed the file to ascertain the order of service of discovery, it appears that we served our written discovery (1st set of document requests and 1st set of interrogatories) on IPOC on July 14, 2006. IPOC, in turn, served its 1st set of document requests on Diligence on July 17, 2006. In light of the timing and order of service of the parties' respective discovery, we are agreeable to the following timetable for discovery exchange between IPOC and Diligence:

  IPOC's document production and verified interrogatory responses due 11/10/06 (Friday)

  Diligence's document production due 11/13/06 (Monday)."

  Exh. C.

- On October 27, 2006, IPOC responded: "We don't want to quibble over a day here or a day there, but we would prefer to have the benefit of the weekend of November 11-12 before we serve our responses. Please let us know if you would be willing to modify your proposal – ever so slightly – to require plaintiff's responses to be served Monday, November 13, 2006 and Diligence's responses to be served on November 16, 2006." Exh. D

- On October 27, 2006 at 3:16 p.m., Diligence replied: "The dates you propose are fine with Diligence. <u>As Paul and Carol have previously discussed, a Protective Order of course needs to be in place prior to the parties' respective productions."</u> [emphasis added] Exh. E

There was thus an agreement that IPOC would serve its written responses to requests for documents and interrogatories on November 13 and Diligence would serve its responses on November 16 and, as confirmed by Diligence's October 27, 2006 email, neither party would produce documents until a protective order was in place. Exh. E.

Nevertheless, on Friday, November 10, 2006 (by email transmitted at 5:41 p.m.), Diligence attempted to unilaterally revoke the agreement. Diligence demanded that IPOC make its document production on Monday, November 13, 2007 before a protective order had been entered and on the basis that all documents produced would be designated as Attorneys' Eyes Only ("AEO"), an incorrect designation.[1] IPOC did not agree to Diligence's request to change the agreement previously reached and to subject all documents produced to an AEO designation.

On November 13, 2006, IPOC served its written responses to Diligence's interrogatories and requests for production, as had been agreed, and on November 16, 2006, Diligence served its written responses to IPOC's requests for production, as had been agreed.

---

[1] Counsel for IPOC recalls that this attempt by Diligence to change the agreement was discussed, not ignored. Why Diligence thought it was entitled to unilaterally change the agreement made just two weeks earlier is unknown.

3

A protective order was entered on February 8, 2007. Two weeks later IPOC made the first inquiry regarding document production, beginning a long and circuitous, but extremely telling, exchange with Diligence's counsel, as follows:

- On February 22, 2007, IPOC wrote asking Diligence and BGR to provide by the close of business "a time and place when we may expect your responsive documents." Exh. F.

- On February 22, 2007, Diligence replied, noting that Diligence had made an agreement with Mr. Broas [counsel for IPOC] that Diligence's document production would not be due until "three days *after* IPOC made its production," but did not otherwise respond to the question posed in IPOC's earlier email and, instead, interposed a different topic: Exh. G.

    > "We further note that although IPOC is the plaintiff in this eight month old case, IPOC has yet to supply its Federal Rule of Civil Procedure 26(a)(1) initial disclosures, which are mandatory. We request that IPOC provide those initial disclosures immediately, and trust that no further prompting will be required." *Id.*.

- On March 27, 2007, Ms. Joffe, on behalf of IPOC, left a voice mail for Mr. Ross, on behalf of Diligence, asking to meet and confer concerning a different discovery matter.

- Later on March 27, 2007 (4:15 p.m.), Mr. Ross responded by email by stating that "[d]uring the meet-and-confer, we (Diligence) also want to discuss IPOC's failure to produce any Initial Disclosure materials even though it is the plaintiff in this action and has the burden of proof. You will recall that your Initial Disclosures were due on July 28, 2006 – almost eight (8) months ago." He also stated that he could not talk until March 29, 2007. Exh. H.

- A half-hour later on March 27, 2007 (4:35 p.m.), Ms. Joffe responded stating that she had requested a meet-and-confer regarding one topic but that Mr. Ross had emailed seeking to set-up a meet-and-confer on a different topic, further explained the topic she wished to discuss, asked a question about that topic and requested to confer that day. Exh. I.

- A few minutes later on March 27, 2007 (4:47 p.m.), Mr. Ross responded that he was unable to meet-and-confer until two days hence, but, again, did not respond to Ms. Joffe's question. Instead,

he admonished that he "trusted" that Ms. Joffe would not burden the court with "unnecessary motions." Exh. J.

In the same email, Mr. Ross stated that <u>there was nothing inappropriate about his adding to the meet-and-confer agenda "the issue of IPOC's persistent failure to produce its Initial Disclosures, despite Defendants having raised this issue well over a dozen times in letters to you and in pleadings filed with the court."</u> [emphasis added.]

- Less than two hours later, on March 27, 2007 (6:38 p.m.), to defuse the new issue that Mr. Ross had raised in attempt to derail discussion of other discovery matters, Ms. Joffe served IPOC's Rule 26(a)(1) Disclosures upon both Diligence and BGR by email and first class mail, with a letter stating that they were served in response to the repeated charges of Diligence and BGR that IPOC was delinquent in serving them and "with the good faith belief that both Diligence and BGR will serve their 26(a) disclosures without delay." Exh. K.

- The next morning, March 28, 2007 (10:56 a.m.) Mr. Ross, after hounding IPOC about its initial disclosures for over a month, (in Diligence's own words "well over a dozen times in letters to you and in pleadings filed with the Court"), upon receipt of IPOC's Disclosures, immediately responded that "[h]aving reviewed Federal Rule of Civil Procedure 26(a) and the file in this matter—in particular the July 28 Meet-and-Confer Statement—I have confirmed that the position stated in your email yesterday is correct: the parties are not yet required to serve Initial Disclosures."[2] Exh. L.

Despite Diligence's shenanigans and to avoid Diligence's wrangling, on April 23, 2007, IPOC simply produced its documents to Diligence and BGR, along with a letter asking when they would produce their documents to IPOC. Exh. M. Neither Diligence nor BGR responded, neither have produced any documents to IPOC, and neither have served their Rule 26(a)(1) Disclosures.

---

[2] One is left to wonder why Diligence's counsel did not bother to review Federal Rule of Civil Procedure 26(a) before asserting "well over a dozen times in letters [ ] and in pleadings filed with the Court," that IPOC had failed to comply with Rule 26(a).

5

As the above-described communications between the parties demonstrate, it is Diligence that has engaged in duplicitous machinations and has failed to comply with either its obligations under the Federal Rules or its agreement with IPOC.

### A. Federal Rule 34 Requires Diligence to Produce Documents to IPOC.

The Federal Rules of Civil Procedure instruct that, except by court order, "methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." Fed. R. Civ. P. 26(d). Diligence offers no authority, and the text of the Federal Rules does not support Diligence's proposition that a party may set conditions on its own compliance with an opposing party's properly served discovery requests. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998) (holding that "[p]laintiff's withholding of production of the requested information and documents contingent upon the production of discovery by the opposing party…was clearly improper.").

This Court has held that the Federal Rules explicitly reject the theory that a party is free to produce responsive information when it unilaterally chooses. *Lohrenz v. Donnelly*, 187 F.R.D. 1 (D.D.C. 1999). In *Lohrenz*, the court rejected the plaintiff's argument that she could not respond to the defendants' discovery requests until she first established through discovery which records the defendants had in their possession and completed several depositions, holding that a party "is not allowed to re-write the rules of civil procedure to fit whatever sequence of discovery she may chose, in the absence of a protective order." *Id.* at 7.

Other jurisdictions have reached the same conclusion. *See Burke v. Prudential Ins. Co. of America*, 2004 U.S. Dist. LEXIS 12895, 11 (N.D. Ill. 2004) (an insurance company could not withhold discovery merely because it believed that a plaintiff had not provided all of her

psychiatric medical records. Self-help in litigation is not condoned by the courts); *Keller v. Edwards*, 206 F.R.D. 412, 416 (D. Md. 2002) (an attorney "may not unilaterally refuse to produce his client [for deposition] until certain conditions are fulfilled."); *Western Resources, Inc. v. Union Pacific Railway Co.*, 2002 U.S. Dist. LEXIS 1004, 8 (D. Kan. 2002) ("A party may not withhold discovery solely because it has not obtained to its satisfaction other discovery. To do so causes unnecessary delay."); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989) ("Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from [defendant]...he has a duty to answer the interrogatory with whatever information he has. Fed R. Civ. P. 26(e) provides ample procedure for supplementing a response, if necessary."); *Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 288 (D. Mass. 1988) (upholding the imposition of sanctions where the plaintiff refused to produce documents until the defendant produced requested discovery).

Under the Federal Rules, a party simply may not refuse to respond to the other side's discovery requests on the ground that the other side has not yet responded to their requests. Diligence's so-called justification for refusing to produce documents is no justification at all.

**B.    Diligence Breached the Parties' Agreement.**

To avoid needless motions practice, IPOC conceded to Diligence's demands that IPOC respond to Diligence's written discovery requests before Diligence responded to IPOC's, and that IPOC produce its documents three days before Diligence was to produce its documents. For Diligence to argue that because IPOC agreed that it would produce its documents three days before Diligence now means that Diligence has no obligation to produce documents is truly bizarre. Diligence just does not want to produce any documents.

Indeed, Diligence tried to avoid discovery by filing what it titled an "emergency" motion to stay discovery. Its motion was temporarily granted and discovery remained stayed until October 13, 2006, when this Court lifted the stay on written discovery.

On April 23, 2007, IPOC produced its documents to Diligence, only to be met with Diligence's refusal to produce a single document, notwithstanding that Diligence had previously agreed to produce documents three days after IPOC's production. Now that more than a month has passed, Diligence still refuses to produce a single document, arguing that it is not satisfied with IPOC's document production.[3] IPOC's document production included both the documents it promised to produce in its responses to Diligence's requests for production of documents and in compliance with this Court's order entered April 6, 2007.[4]

There is no reasonable basis for Diligence's claim that IPOC has breached some agreement thereby releasing Diligence from the obligation to produce documents. Diligence's protestations that it has acted in good faith and that IPOC is intransigent are backwards.

### C.  Diligence's Other Excuses Are Immaterial.

The other excuses that Diligence tenders run the gamut from its contention that IPOC is guilty of money laundering to its claim that IPOC's lawsuit is an "abuse of process." Each such excuse offered by Diligence is entirely immaterial to whether Diligence should be compelled to produce documents. Fed. R. Civ. P. 37.

---

[3] Nor has BGR produced a single document in this case. On May 17, 2007, at a meet-and-confer regarding BGR's failure to produce any documents, BGR's counsel stated that the earliest it could possibly produce documents is June 1, 2007.

[4] Diligence's argument that IPOC's production of 300 documents is somehow facially deficient is unsupported. While Diligence did propound 43 document requests, IPOC objected to many of the requests in its responses and objections served last November 13, 2006, including numerous requests seeking information on beneficial ownership of IPOC and documents from an arbitration in Zurich. Those objections were sustained by the Court when it ruled on Diligence's motion to compel IPOC to respond to interrogatories on those topics. See Docket Entry #89.

Diligence's contention that IPOC filed this lawsuit for improper purposes is extraneous and has no foundation. IPOC filed this case seeking relief for Defendants' tortious conduct, not to obtain documents for use in other proceedings. Indeed, when IPOC filed this suit it was unaware that Defendants' tortious actions reached past their manipulation, theft and use of materials from the KPMG FAS Investigation. It was not until HHR produced its documents that IPOC's counsel first learned that Diligence's plan included a conspiracy to ▇▇▇▇▇▇ ▇▇▇▇▇▇ in the British Virgin Islands and that Diligence's acts in Bermuda extend ▇▇▇▇ ▇▇▇▇ of the KPMG FAS Investigation.

To this day, IPOC's Directors have not had access to these discovery materials because HHR and Diligence improperly designated the documents that reveal the plans "confidential pursuant to protective order." As a result, IPOC's counsel may not even show or discuss those materials with IPOC's Directors, who reside and work outside the United States.

In any event, IPOC is wholly within its rights to seek removal of the inappropriate "confidentiality" designations to permit IPOC to bring to light Defendants' conspiracy to ▇▇ ▇▇▇▇▇▇▇▇▇▇ where relevant to litigation in the jurisdictions named in the documents, and to use the documents in legal proceedings in those jurisdictions. Diligence cites absolutely no basis for its allegation that IPOC should be prohibited from doing so.

The only abuses of the legal system in this case are Diligence's repeated double-dealing with IPOC's counsel on agreements reached in meet-and-confer negotiations, unjustified masking of documents that reveal Defendants' conspiracy to ▇▇▇▇▇▇▇▇▇▇▇▇ involving IPOC beneath the veil of this court's blanket protective order, and refusal to produce documents, all aimed at covering up Diligence's own tortious and illegal actions. The meet-and-

confer requirements, the blanket protective order, and the discovery provisions of the Federal Rules were certainly not designed to facilitate any such actions.[5]

Diligence's allegations that IPOC has committed crimes are also entirely inappropriate and immaterial. This lawsuit is not about whether IPOC is guilty of crimes but rather seeks relief for Defendants' theft of confidential documents from an investigation of IPOC being carried out by a foreign government.

It is clear that Diligence continues to raise these superfluous issues here in hope to avoid addressing the only point relevant to this motion, which is whether there is any valid basis for Diligence to refuse to produce documents in response to requests duly propounded by IPOC under Rule 34, documents that Diligence itself on November 16, 2006 promised to produce. The answer to that question is "no."

This is a straightforward Motion pursuant to Federal Rule 34 seeking an order compelling Diligence to produce documents requested by IPOC. Diligence responded to the document requests last November and promised to produce documents once a protective order was entered. Now that a protective order is in place, Diligence is grasping for any excuse, including name-calling, to avoid production. There is no merit to any of Diligence's excuses.

## CONCLUSION

For the reasons discussed above and those contained in IPOC's Memorandum in Support of IPOC's Motion to Compel Diligence to Produce Documents in Response to Plaintiff's First Request for Production of Documents, IPOC's Motion should be granted and Diligence should

---

[5] The meet-and-confer requirements are designed to resolve disputes not to create them as Diligence has done. The blanket protective order and Rule 26(c) require "good cause" for such designations but no good cause can exist to hide such conduct behind protection designed for trade secrets and intimate personal and financial information; there is no legal authority that authorizes designations to be placed on documents to enable parties to cover up such corruption.

be directed to produce documents in response to IPOC's requests for documents within three days. Diligence should also be ordered to pay IPOC the costs incurred in connection with the preparation of this motion, including reasonable attorneys fees. Fed. R. Civ. P. 37 (a)(4)(A).

| | |
|---|---|
| May 29, 2007 | IPOC INTERNATIONAL GROWTH FUND LIMITED |
| OF COUNSEL:<br>W. Gordon Dobie<br>Kimball R. Anderson<br>WINSTON & STRAWN LLP<br>35 W. Wacker Drive<br>Chicago, Illinois 60601<br>Tel:   (312) 558-5600<br>Fax:  (312) 558-5700<br>wdobie@winston.com<br>kanderson@winston.com | /s/ Carol A. Joffe<br>_____<br>Timothy M. Broas (D.C. Bar No. 391145)<br>Carol A. Joffe (D.C. Bar No. 351528)<br>Anne W. Stukes (D.C. Bar No. 469446)<br>WINSTON & STRAWN LLP<br>1700 K Street, N.W.<br>Washington, D.C. 20006<br>Tel:   (202) 282-5000<br>Fax:  (202) 282-5100<br>tbroas@winston.com<br>cjoffe@winston.com<br>astukes@winston.com |

REDACTED VERSION FOR PUBLIC FILING

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I caused the foregoing IPOC's Reply to Diligence's Opposition to IPOC's Motion to Compel Diligence to Produce Documents in Response to Plaintiff's First Request for Production of Documents be served via the Court's electronic filing system upon each of the following:

    Michael Ross
    Paul C. Rauser
    Oliver Garcia
    Aegis Law Group LLP
    901 F. Street, N.W., Suite 500
    Washington, DC 20004
    *Counsel for Defendant Diligence LLC*

    Charles D. Reed
    Scott H. Christensen
    Hughes Hubbard and Reed LLP
    1775 I Street, N.W.
    Washington, D.C. 20006-2401
    *Counsel for Non-Party Subpoena Recipient Hughes, Hubbard & Reed LLP*

    Edward B. MacMahon, Jr.
    P.O. Box 903
    107 East Washington Street
    Middleburg, VA 20118
    *Counsel for Defendant Barbour Griffith & Rogers LLC*

                      /s/_____
                      Carol A. Joffe