UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>DILIGENCE, LLC, et. al<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)   1:06CV01109 (PLF) (AK)<br>)<br>)<br>) |

**IPOC'S REPLY TO DILIGENCE'S OPPOSITION TO IPOC'S MOTION TO COMPEL DILIGENCE TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT G**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

February 22, 2007

**By Electronic Mail (PDF)**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

    Re:    *IPOC International Growth Fund Limited v. Diligence, Inc., et al.*
              Civil Action No. 06-1100 (PLF) (AK)
              <u>U.S. District Court for the District of Columbia</u>

Dear Carol:

        We are puzzled by your letter of earlier today. When I conferred with Mr. Broas, lead counsel for IPOC, on October 27th of last year, Mr. Broas and I agreed that Diligence's document production would be due three days <u>after</u> IPOC made its production in response to Diligence's First Set of Requests for Documents, which Diligence served on IPOC on July 14, 2006. My agreement with Mr. Broas reflected the order in which discovery was served in this case – as you are aware, IPOC did not serve its document requests on Diligence until three days <u>after</u> Diligence served its first set of document requests on IPOC.

        I note that although Mr. Broas agreed to make IPOC's document production on November 13, 2006 (per the attached October 27th confirming emails) with Diligence's production to follow three days thereafter, IPOC made no document production on that date. Moreover, IPOC continued to refuse to produce documents even when I wrote to you on November 10th offering to treat IPOC's documents as "outside counsel only" pending entry of a protective order, whereupon Diligence would have made its production to IPOC three days thereafter. For reasons that remain obscure, you refused to even respond to that offer. Indeed, IPOC has yet to produce a single document in this case. In light of this, and of IPOC's previous agreement regarding discovery, your sudden demands for immediate production are inappropriate and unjustified.

901 F Street, N.W.
Suite 500
Washington, DC 20004
T 202 737 3500
F 202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esq.
February 22, 2007
Page 2

       We further note that although IPOC is the plaintiff in this eight-month-old case, IPOC has yet to supply its Federal Rule of Civil Procedure 26(a)(1) initial disclosures, which are mandatory. We request that IPOC provide those initial disclosures immediately, and trust that no further prompting will be required.

       The second portion of your letter appears to complain about designations under the February 8, 2007 Protective Order made by non-party witness Hughes, Hubbard & Reed LLP in connection with that law firm's document production last week in response to IPOC's third-party subpoena. Any quarrels you have with those protective order designations are appropriately raised with Hughes, Hubbard—we simply have no control over that non-party witness.[1]

       Lastly, you demand "Diligence's privilege log itemizing all documents that were withheld or produced to KPMG in redacted form on a claim of privilege or work product." We are unaware of any authority entitling a party to demand a privilege log for a document production made in another (now dismissed) case. In the event that you have such authority, we would be pleased to consider it.

       To avoid burdening Judge Kay with additional motions practice, I would be happy to discuss this matter with you to attempt to reach agreement on a document production schedule for both IPOC and Diligence. Although my calendar is full tomorrow and Monday, I have availability Tuesday morning (before 12:00) or any time Wednesday—just let me know what time works best for you and I will reserve it on my calendar.

                                       Sincerely,

                                       Michael K. Ross

Attachment

cc: Edward B. MacMahon, Jr., Esq. (by email)

---

[1] If and when Diligence makes its designations of Hughes, Hubbard-produced documents under the February 8th Protective Order – and, as you are aware, the time for so designating has not yet run – you may raise any disagreements with Diligence's designations in the manner set out in paragraph 17 of the Protective Order.