UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) ) | |
| Defendants. | ) | |

**IPOC'S REPLY TO DILIGENCE'S OPPOSITION TO IPOC'S MOTION TO COMPEL DILIGENCE TO PRODUCE DOCUMENTS IN RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT L**

# ægis law group LLP

Michael K. Ross
202 737 3373
mross@aegislawgroup.com

March 28, 2007

**By Electronic Mail (PDF)**

Carol A. Joffe, Esquire
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006

    Re:    *IPOC International Growth Fund Limited v. Diligence, Inc., et al.*
             Civil Action No. 06-1100 (PLF) (AK)
             United States District Court for the District of Columbia

Dear Carol:

        I write in response to your letter of yesterday enclosing Plaintiff's Rule 26(a)(1) Initial Disclosures.

        In an email to me yesterday, you argued that because the parties had proposed different Initial Disclosure dates in the Meet-And-Confer Statement (Docket #16) filed by the parties last July, no party is yet required to provide Initial Disclosures because the Court has yet to enter a Scheduling Order setting such a deadline. Presumably, the Court has yet to do so in light of the four pending dispositive motions. Having reviewed Federal Rule of Civil Procedure 26(a) and the file in this matter—in particular, the July 28 Meet-and-Confer Statement—I have confirmed that the position stated in your email of yesterday is correct: the parties are not yet required to serve Initial Disclosures.

        In any event, thank you for voluntarily providing to us yesterday Plaintiff's Rule 26(a)(1) Initial Disclosure Statement. It confirms for us the utter lack of merit in Plaintiff's claims. It also exposes a fundamental—indeed, dispositive—flaw in Plaintiff's case: Plaintiff has yet to identify <u>anyone</u> affiliated with IPOC (director, officer, shareholder, or employee) who has, or had as of June 12, 2006 (the date of filing of this action), any personal knowledge of <u>any</u> of the facts alleged in Plaintiff's Complaint. If such person(s) with such knowledge exist, then Plaintiff's Initial Disclosures fail to comply with Rule 26(a)(1)'s requirement that a party provide "the name, and if known, the address and telephone number of *each* individual likely to have discoverable information that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1) (emphasis added). If that is the case, Diligence hereby requests that Plaintiff amend its Initial Disclosure Statement within five (5) days to identify each such person currently or formerly affiliated with IPOC that has personal knowledge of any of the fact alleged in Plaintiff's Complaint.

901 F Street, N.W.
Suite 500
Washington, DC 20004
T 202 737 3500
F 202 737 3330
www.aegislawgroup.com

Carol A. Joffe, Esquire
March 28, 2007
Page 2

      On the other hand, if there is no such current or former IPOC personnel with any personal knowledge of <u>any</u> of the facts alleged in the Complaint, then it was manifestly improper and an abuse of process for this lawsuit to have been filed in a United States court, and we demand that IPOC voluntarily dismiss it, with prejudice, forthwith.

      As always, please call should you care to discuss.

                Sincerely,

                Michael K. Ross

cc:    Edward B. MacMahon, Jr., Esquire