UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>DILIGENCE, LLC, <u>et al.</u>,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-1109 (PLF) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of defendant Barbour Griffith & Rogers LLC to dismiss for failure to plead fraud with particularity. Upon consideration of the motion, the opposition and the reply, the Court will deny the motion without prejudice.

The Court is inclined to agree with defendant Barbour Griffith that, to the extent the complaint alleges fraud, plaintiff's complaint fails to do so with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure. This particularly is so if one accepts the argument, as some courts have, that Rule 9(b) of the Federal Rules of Civil Procedure applies to all "averments of fraud," even where the specific claims for relief do not sound in fraud. <u>See</u> <u>Vess v. CIBA-GEIGY Corp., USA</u>, 317 F.3d 1097, 1103-04 (9th Cir. 2003); <u>Lone Star Ladies Investment Club v. Schlotzsky's, Inc.</u>, 238 F.3d 363, 368 (5th Cir. 2001); <u>but</u> <u>see</u> <u>In re Nationsmart Corp. Securities Litigation</u>, 130 F.3d 309, 315 (8th Cir. 1997).[1] Suffice it to say that

---

[1]    The Court notes that only one of the counts of the complaint in this case, Count 2, alleging a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), expressly seems to allege fraud or rely upon a fraud statute. IPOC notes in its opposition, however, that it is not

the Court generally agrees with the arguments made by defendant Barbour Griffith in the first

five pages of its memorandum in support of its motion.  See also United States ex rel. Williams

v. Martin-Baker Aircraft Co., Ltd., 389 F.3d 1251, 1256-57, 1259 (D.C. Cir. 2004); Hite v. Leeds

Weld Equity Partners, IV, LP, 429 F.Supp. 2d 110, 115 (D.D.C. 2006).

    Despite the failings of the complaint, the Court at this time will deny defendant

Barbour Griffith's motion without prejudice.  As plaintiff argues, there are a great many

documents and much information in this case that have not been easily accessible to any of the

parties, including the plaintiff at the time it filed its complaint in June of 2006.  Discovery and

third party discovery are now underway, however, under the supervision of Magistrate Judge

Alan Kay.  All parties will have more information when discovery concludes and the case is teed

up for trial or settlement.  There will be time enough then for the plaintiff to amend its complaint

in order to meet its obligations under both Rule 8(a) and Rule 9(b) of the Federal Rules of Civil

Procedure.  See Firestone v. Firestone, 73 F.3d 1205, 1209 (D.C. Cir. 1996) ("leave to amend is

'almost always' allowed to cure deficiencies in pleading fraud").  Plaintiff shall file a motion for

leave to amend its complaint at an appropriate time during or upon the conclusion of discovery.

For these reasons, it is hereby

---

relying upon the fraud provisions of that Act but only upon either 18 U.S.C. § 1030(a)(2)(C) or
18 U.S.C. § 1030(a)(5)(A)(iii), neither of which require allegations or proof of fraud.  See
Plaintiff IPOC's Opposition to Defendant Barbour Griffith & Rogers LLC's Motion to Dismiss
at 8.  As this case proceeds, the claims encompassed in Count 2 will be construed as being so
limited.

ORDERED that defendant Barbour Griffith & Rogers LLC's motion to dismiss for failure to plead fraud with particularity [8] is DENIED without prejudice.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   May 30, 2007