UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et. al | ) ) ) | |
| Defendants. | ) ) | |

**IPOC INTERNATIONAL GROWTH FUND LIMITED'S MOTION TO COMPEL BARBOUR GRIFFITH & ROGERS TO PRODUCE UNREDACTED DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff IPOC International Growth Fund Limited ("IPOC"), by counsel, hereby respectfully moves the Court to compel Defendant Barbour Griffith & Rogers, LLC ("BGR") to produce unredacted versions of documents Bates stamped BGR 00330, BGR 00332, BGR 00333 and BGR 00334 produced in response to IPOC's First Request for Production of Documents and for costs. The grounds for this Motion are more fully set forth in the accompanying Memorandum of Law.

IPOC attempted to resolve the matter but despite such efforts, including a good faith meet-and-confer, IPOC was unable to obtain BGR's consent to the relief sought in this Motion.

July 6, 2007

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

IPOC INTERNATIONAL GROWTH FUND LIMITED

/s/ Carol A. Joffe
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

REDACTED VERSION FOR PUBLIC FILING

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE, LLC, et al. | ) ) ) | |
| **Defendants.** | ) | |

**IPOC INTERNATIONAL GROWTH FUND LIMITED'S MEMORANDUM
IN SUPORT OF MOTION TO COMPEL BARBOUR GRIFFITH & ROGERS LLC
TO PRODUCE UNREDACTED DOCUMENTS**

Plaintiff, IPOC International Growth Fund Limited ("IPOC"), by counsel, respectfully submits IPOC's Memorandum in Support of Motion to Compel Defendant Barbour Griffith & Rogers LLC ("BGR") to Produce Unredacted Documents (the "Motion") in response to IPOC's First Set of Requests for Production of Documents ("Requests for Production"). The Motion should be granted because the documents are relevant and not privileged.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 5, 2007, BGR produced 353 pages of documents in response to IPOC's requests for production of documents. Forty-five of the documents produced are invoices from BGR to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for expenses and consulting fees for various periods from January 2005 though June 2006 ("Invoices"). Portions of four of these Invoices, BGR 00330, BGR 00332, BGR 00333, and BGR 00334, have been blacked out to redact portions of the descriptions and amounts billed. Two of the invoices contain handwriting next to the blacked out portions stating "redacted irrelevant." Exhibit A (BGR 00330, BGR 00332). A third invoice has no explanation for the redaction. Exhibit B (BGR 00333). The fourth invoice has handwriting next to the blacked out portions, stating,

"Redacted Attorney Client Privilege." Exhibit C (BGR 00334). BGR provided no additional information concerning any of the redactions.

The Invoices with portions blacked out are as follows:



| Bates range | Date and Invoice No | Description shown and portion blacked-out |
|---|---|---|
| BGR 00330 (Exhibit A) | 09/30/2005<br><br>12928 | Redacted Irrelevant |
| BGR 00332 (Exhibit A) | 12/15/2005<br><br>13551 | Redacted Irrelevant<br><br>Total |
| BGR 00333 (Exhibit B) | 12/15/2005<br><br>13552 | Redacted Irrelevant<br><br>Total |
| BGR 00334 (Exhibit C) | 12/15/2005<br><br>13554 | Redacted Attorney-Client Privilege |

These invoices are from BGR to ■■■■■■■ and contain information regarding the services performed by BGR and Diligence during the year 2005 regarding the

2

subjects of IPOC's Complaint. Neither BGR nor ███████████ are attorneys or law firms. Diligence is not a law firm.

On June 20, 2007, IPOC requested that BGR provide unredacted copies of BGR 00330, BGR 00332 and BGR 00333, and that BGR provide information sufficient to enable IPOC to determine the applicability of the attorney-client privilege to the redacted portions of BGR 00334. BGR and IPOC met at the offices of Winston & Strawn LLP on June 26, 2007 to discuss this issue, but BGR declined to provide unredacted copies of the documents. BGR has not served a privilege log but has stated in a letter to IPOC that the privileged material "reflects payments for legal fees."

## ARGUMENT

### I.     The Documents Are Relevant to IPOC's Claims.

A party may obtain discovery of "any matter, not privileged, that is relevant to the claim or defense of any party," or that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *GFL Advantage Fund, Ltd. v. Colkitt*, 216 F.R.D. 189 (D.D.C. 2003) Rule 26 must be liberally construed. See *Pulliam v. Continental Casualty Co.*, 2006 U.S. Dist. LEXIS 72302 (D.D.C. 2006).

BGR produced these documents in response to IPOC's requests for documents served pursuant to Federal Rule of Civil Procedure 34 and, thus, BGR admits that the documents are relevant or calculated to lead to discoverable evidence. Moreover, the activities of BGR and Diligence undertaken to harm IPOC, including the theft of documents, attempts to influence a government investigation and an arbitration, the disclosure of stolen information, and actions taken to have IPOC's charter revoked, are the subject of IPOC's Complaint in this case. Each of these documents is an invoice from BGR to ███████████ for consulting fees and expenses for work done by Diligence and BGR during the year 2005 in connection with efforts

3

to harm IPOC by virtue of various schemes, including, but not limited to, infiltrating and stealing documents from the KPMG Financial Advisory Services ("KPMG FAS") investigation, seeking to influence the KPMG FAS investigation, conducting surveillance against IPOC and its business interests, meddling with proceedings in foreign jurisdictions, disclosing stolen confidential information to the press and to IPOC's litigation and business adversaries, and seeking to have IPOC's charter withdrawn.

The work referenced on these invoices is related to the subject of the Complaint and therefore the invoices are all relevant to IPOC's claims and/or calculated to lead to discoverable evidence. There is simply no basis for BGR's unilateral redaction of information as "irrelevant" from these highly relevant documents.

## II. There is No Basis for the Claim of Attorney Client Privilege.

BGR claims attorney-client privilege by handwriting the words "Attorney-client privilege" over blacked-out portions of BGR 00334, another invoice from BGR to ▓▓▓▓ ▓▓▓▓ for work related to the matters that are the subject of IPOC's Complaint. BGR has stated that the redacted portion "reflects payments for legal fees."

The attorney-client privilege "protects confidential communications between a client and his attorney." *United States v. Naegele*, 468 F. Supp. 2d 165, 168 (D.D.C. 2007). To establish that a document is shielded by the attorney-client privilege,

> "the party asserting the privilege must show (1) that there was a communication between an attorney and his or her client, (2) that the communication was made in confidence, (3) that it was made to an attorney by a client, and (4) that it was made for the purpose of seeking or obtaining legal advice."

*Id.; see also Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 121 (D.D.C. 2006) ("The attorney-client privilege protects 'confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.'") (citation omitted).

4

The burden to establish that the attorney-client privilege shields information from production is upon the party claiming the privilege. *Naegele,* 468 F. Supp. 2d 169.

There can be no attorney client relationship between BGR and ▓▓▓▓▓▓▓▓▓▓, the two parties to the invoice, and the invoice cannot be a communication between an attorney and client because neither BGR nor ▓▓▓▓▓▓▓▓▓▓ are attorneys or law firms. *Naegele,* 468 F. Supp. 2d 168. Nor is Diligence, whose work is billed by BGR to ▓▓▓▓▓▓▓▓▓▓, a law firm. Further, the invoice was made neither in confidence nor for the purpose of obtaining legal advice or representation. *GFL Advantage Fund, Ltd. v. Colkitt,* 216 F.R.D. 189, 196 (D.D.C. 2003).

Regardless, neither the identity of a client nor the amount of attorney's fees are protected by the attorney client privilege. *Naegele,* 468 F. Supp. 2d 171. Similarly, attorney-client privilege does not protect information regarding the payment of attorney's fees by a third party. *GFL Advantage Fund, Ltd. v. Colkitt,* 216 F.R.D. 189, 196 (D.D.C. 2003) ("[I]f their payments were 'communications,' they were not made by their clients, nor were they for the purpose of seeking legal advice or representation." ); *McSurely v. McAdams* 1981 U.S. Dist. LEXIS 17639 at *12-13 (D.D.C. 1981) (third party's contributions toward attorney's fees of another not protected by attorney-client privilege).

The redacted information on BGR 00334 is not protected by the attorney-client privilege and should, thus, be ordered produced.

**III.   IPOC Should be Awarded its Reasonable Costs in Connection With this Motion.**

IPOC attempted to resolve this discovery dispute without the necessity of filing a motion by first writing to BGR and requesting production of unredacted versions of the documents at issue and seeking the basis for the claim of attorney-client privilege. IPOC also met with BGR and conferred regarding the matter on June 26, 2007 but was unable to resolve the matter.

BGR's refusal to provide unredacted copies of the documents at issue here was not substantially justified.

Rule 37(a)(4) provides that IPOC be awarded its reasonable costs incurred in making the motion, including attorney's fees. IPOC, therefore, requests that the Court direct that BGR pay IPOC's reasonable costs incurred in connection with the preparation of this motion and seeks leave to file a bill of costs.

## CONCLUSION

Because the four documents contain information that is relevant to IPOC's claims and/or is reasonably calculated to lead to admissible evidence in this case, and because BGR 0334 does not contain any confidential attorney-client communication, IPOC respectfully requests that the Court order that: (A) BGR deliver to IPOC's counsel of record unredacted copies of BGR 00330, BGR 00332, BGR 00333 and BGR 00334, within five (5) days following the entry of this Order; and (B) that BGR pay IPOC's reasonable costs, including attorney's fees incurred in connection with this motion; and (C) that IPOC is granted leave to file a bill of costs, including attorney's fees, incurred in connection with this Motion.

July 6, 2007

IPOC INTERNATIONAL GROWTH FUND LIMITED

OF COUNSEL:
W. Gordon Dobie
Kimball R. Anderson
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Tel:   (312) 558-5600
Fax:   (312) 558-5700
wdobie@winston.com
kanderson@winston.com

/s/ Carol A. Joffe
_____
Timothy M. Broas (D.C. Bar No. 391145)
Carol A. Joffe (D.C. Bar No. 351528)
Anne W. Stukes (D.C. Bar No. 469446)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006
Tel:   (202) 282-5000
Fax:   (202) 282-5100
tbroas@winston.com
cjoffe@winston.com
astukes@winston.com

## CERTIFICATE OF SERVICE

  I hereby certify that on July 6, 2007, I caused the foregoing Public Version of IPOC International Growth Fund Limited's Motion to Compel Barbour, Griffith & Rogers to Produce Unredacted Documents and Memorandum in Support, to be served via the Court's electronic filing system on:

    Edward B. MacMahon, Jr.
    P.O. Box 903
    107 East Washington Street
    Middleburg, VA 20118
    *Counsel for Defendant Barbour Griffith & Rogers LLC*

    Paul C. Rauser
    Michael Ross
    Aegis Law Group LLP
    901 F. Street, N.W., Suite 500
    Washington, DC 20004
    *Counsel for Defendant Diligence LLC*

        /s/
       Carol A. Joffe