**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| **IPOC INTERNATIONAL GROWTH FUND LIMITED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 06-1109** |
| | ) | **(PLF)/(AK)** |
| **DILIGENCE, LLC,  et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### DEFENDANT BARBOUR  GRIFFITH & ROGERS LLC'S OPPOSITION TO IPOC'S MOTION TO COMPEL BARBOUR, GRIFFITH & ROGERS LLC TO PRODUCE UNREDACTED DOCUMENTS

Defendant Barbour Griffith & Rogers, LLC ("BGR"), by counsel, and in Opposition to the plaintiff IPOC's Motion to Compel BGR to Produce Unredacted Documents, states as follows:

1.      Introduction.

In response to the plaintiff's discovery requests, BGR produced 353 pages of documents including 45 pages of invoices.   From the text of the  invoices that were produced,  BGR redacted approximately 8 lines of information.  As correctly noted by IPOC, the basis for the redactions was that the information set forth in the invoices was either irrelevant, not likely to lead to the discovery of admissible evidence or privileged from disclosure under the attorney client privilege.  The basis for the redactions was displayed on each page that contained a redaction.

IPOC is correct that it requested, through counsel,  a meet and confer on the issue of BGR's redactions.  Counsel for BGR went to Winston & Strawn's offices  and conferred about

this matter for approximately one hour on June 26, 2007.  At that meeting, I informed Ms. Stukes

and Ms. Joffe that I had done a detailed review of all of the records at BGR so that discoverable

information could be produced to IPOC as discovery in this case.  I informed them directly,

without disclosing the substance of what was redacted,  that the information redacted  was

entirely irrelevant to any fact at issue in this case and that the information contained therein was

not likely to lead to the discovery of admissible evidence.  I informed them that had this

information been contained in a stand alone document, I would not have produced it at all.  As to

the issue of the entry related to a legal bill, I informed them that the bill was not related to work

performed on the <u>KPMG v. Diligence</u> case and that BGR was not going to produce legal bills to

IPOC.  I stated that IPOC's position in this regard was strange because IPOC has requested legal

fees as damages in this case and has failed entirely to produce a single legal bill despite a proper

request for same.

     In closing, I informed counsel that I was attending the Fourth Circuit Judicial Conference

and that I was thereafter on vacation with my children in Colorado.  I informed them that I would

file a log detailing the matters we discussed when I returned.  Instead, this motion was filed.[1]

     2.       The Redacted Information is Not Discoverable.

     As explained at the meet and confer, the information that was redacted is not relevant to

the claim of any party and not likely to lead to the discovery of admissible evidence.  Fed. R. Civ.

P. 26 (b) (1)   The filing of a civil case does not grant a party the right to review any and all

---

[1] This pattern should be familiar to the Court.  Mr. Adler of Hughes Hubbard was traveling in Asia when IPOC's counsel refused a brief extension to file a responsive pleading requested  as a courtesy.  This Court then granted Mr. Adler's motion for an extension of time. (Docket No. 119)

information in the possession of an adverse party.  Parties may not seek to discover information

that has "no possible bearing on the on the case and is unlikely to lead to discoverable evidence."

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-354, 98 S. Ct 2380, 57 L.Ed 2d 253

(1978); see also Food Lion, Inc. v. United Food & Commercial Workers Int's Union, 103 F. 3d

1007 (D.C. Cir. 1997)

     In determining what is discoverable, the Court should look to the pleadings to determine

the claims of the parties.  Krieger v. Fadely, 199 F.R.D. 7, 9 (D.D.C. 2001)  In this case, IPOC

usually describes its claims as arising only from the alleged infiltration by Diligence of the

KPMG FAS investigation of IPOC conducted at the behest of the Bermuda Monetary Authority.

Indeed, in order to defeat the defendants' discovery requests, IPOC argues repeatedly for a

tightly-limited scope of relevance and materiality.  "The sole relevance that the IPOC

investigation has to this case is that Diligence infiltrated and stole information from KPMG FAS,

the firm conducting the investigation for the Bermuda Minister of Finance."[2]  The defendants,

they say, cannot learn the substance of the Bermuda investigation because "neither the outcome

nor the findings of the Bermuda investigation are at issue in this case." [3]  The same arguments are

advanced to defeat any inquiries into the ownership of IPOC, the findings of the Zurich

arbitration, and any other matter actually touching upon IPOC's alleged operations, whatever

they may be.

     All of these arguments are convenient to a fault.  For example,  IPOC argued successfully

---

    [2]  IPOC's Opposition to Diligence's Motion to Compel IPOC to Produce Documents, page 4. (Docket No. 138)

    [3]  IPOC's Surreply in Further Opposition to Diligence's Motion to for Order Compelling Plaintiff to Answer Interrogatories, page 7.  (Docket No. 81)

that there was no possible relevance to any communications between IPOC and Mr. Jeffrey

Galmond. As the court may recall, Mr. Galmond is the Danish attorney who once claimed to

own IPOC, testified under oath in Switzerland that he owned IPOC and then recanted when

tapes were produced in which he admitted that he did not own IPOC. [4] IPOC has now apparently

admitted, in another proceeding, that Mr. Leonid Reiman, the Russian Telecommunications

Minister is the actual owner of IPOC.[5] Mr. Galmond's tapes, of course, have not been produced

as IPOC says that all of these matters are beyond the scope of discovery in this case. [6] Yet IPOC

has now produced documents that show that Mr. Galmond, or his firm, is the recipient of bills

from KPMG from IPOC claimed as damages in this case. Another document, heavily redacted,

shows that Winston & Strawn has been communicating with Mr. Galmond directly about the

allegations at issue in this case.[7] Plainly, Mr. Galmond has information about this case which

has not been disclosed because IPOC deems it irrelevant or convenient to withhold. Yet there

must be some reason that Mr. Galmond is the recipient of KPMG's bills and he would surely

know if they have been paid and by whom. IPOC has not produced any engagement letter with

KPMG and has not produced any information that will enable the Court or the jury in this case to

---

[4] Russia Telecoms: Disputed Stake Pits an Oligarch Against a Putin Ally, Financial Times, Stephen Fidler, July 21, 2006 (Exhibit A)

[5] Arbitrators Tackle Russian Corruption in Fight Over Cell Phone Operator, American Lawyer, Michael Goldhaber, June 20, 2007 (Exhibit B)

[6] The provision of false testimony to an Arbitration panel in Zurich can fairly be described as done to impede or interfere with the administration of justice and can lead to issues regarding the applicability of the attorney-client privilege if Mr. Galmond if was represented by counsel at that hearing.

[7] IPOC 000036 - 000038 (Exhibit C)

4

learn why IPOC is subject to dissolution proceedings in Bermuda while IPOC's counsel communicates with Mr. Galmond about these very topics. As for now, the truth of all of these matters remains a mystery because IPOC has deemed those patently relevant matters as non-discoverable. Surely the Court will recall that IPOC has refused to identify a single witness affiliated with IPOC who possesses any information about this case.

The point of this recitation is to show the Court how singularly one-sided IPOC views the discovery process in this case. Now, after seeking the most narrow of definitions as to the parameters of its discovery obligations, IPOC seeks to expand the same parameters when applied to BGR. IPOC now claims that the case involves alleged meddling with the same proceedings it once loudly argued were irrelevant. It now argues that this case involves BGR seeking to have IPOC's Bermuda charter withdrawn, an argument plainly contrary to prior arguments made to defeat inquiries into the substance of the Bermuda investigation. Regardless, BGR is unwilling to disclose to IPOC any matters that are unrelated in any way to the matters at issue in this case. More importantly, BGR is not legally obligated to make such disclosures. See Fed. R. Civ. P. 26(b)(1).

Against this background, BGR conducted a complete and exhaustive search for discoverable information and redacted 8 lines of information. These redactions were, as IPOC says, unilateral. In fact, counsel knows of no other sort of redaction and IPOC did the same exact thing when it redacted information it produced in discovery. Regardless, in the event that the Court is unwilling to accept this representation, BGR is more than happy to explain to the Court each and every one of these redactions in a sealed ex parte filing describing the redactions and explaining the context of the entries.

3.     The Attorney Client Privilege is Properly Invoked.

As  IPOC's motion discloses, counsel for BGR informed IPOC's attorneys that the redacted item from BGR 334 was for legal work unrelated to the alleged infiltration by Diligence of KPMG in Bermuda.  As was stated above, BGR is prepared to explain these simple redactions to the Court in a sealed ex parte filing should the Court desire such a filing.

BGR is well aware that not all communications between a client and an attorney are privileged.  Maine v. United States Dept. of Interior, 298 F. 3d 60, 71-72 (1st Cir. 2002)  Here, however,  there is no legal basis for BGR to disclose the identity of the firm hired by BGR or the amount of the bill that is the subject of the invoice just because it forwarded that bill to its client for payment.  IPOC has produced documents indicating that it was aware of the alleged infiltration of KPMG in Bermuda in October of 2005.  There is no evidence proffered by IPOC that the actions alleged in the Complaint continued after that date.  Such evidence should be produced before legal bills and invoices unrelated to the alleged infiltration by Diligence of KPMG are produced.

Finally, IPOC's argument that it is entitled to review legal bills upon demand should be rejected simply because IPOC has not taken that position with respect to its own records.  As described above, IPOC seeks legal fees incurred in the KPMG investigation and for the litigation of this case as damages.  It has, to date, produced not a single legal bill, much less a document showing payment of any such sum, even though it alone bears the burden of proving those damages.  Until such time as the plaintiff produces any such evidence of its own alleged damages, it is hardly proper to order BGR to disclose unrelated legal bills or entries disclosing legal bills  to IPOC.

6

WHEREFORE, BGR requests that the instant motion be denied.  A proposed Order is attached.

**BARBOUR GRIFFITH & ROGERS, LLC**
By Counsel

/s/
_____
Edward B. MacMahon, Jr.
D.C.  Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour
    Griffith & Rogers, LLC*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of July, 2007, a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

Carol A. Joffe
Timothy M. Broas
Winston & Strawn
1700 K Street, N.W.
Washington, D.C.   20006
(202) 282-5000
(202) 282-5100 (Fax)
*Counsel for IPOC International Growth Fund Limited*


Paul C. Rauser
Michael Ross
AEGIS Law Group LLP
Suite 500
901 F Street, N.W., Suite 500
Washington, D.C.   20004
(202) 737-3500
(202) 737-3330 (Fax)
*Counsel for Diligence LLC*


/s/
_____
Edward B. MacMahon, Jr.