REDACTED VERSION FOR PUBLIC FILING

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>DILIGENCE, LLC, et al.  )<br>)<br>Defendants.  )<br>) | Civil No. 06-1109<br>(PLF)/(AK) |

**BARBOUR GRIFFITH AND ROGERS, LLC'S MOTION TO QUASH SUBPOENA
DUCES TECUM TO WACHOVIA BANK, N.A. AND CITIBANK F.S.B.**

Barbour Griffith & Rogers, LLC, ("BGR"), by counsel, and pursuant to Fed. R. Civ. P. 45 (c) (3), hereby moves the Court to enter an Order quashing third-party subpoenas issued to Wachovia Bank, N.A and Citibank F.S.B.[1] The subpoenas seek the production of bank records to Winston & Strawn, LLP on July 30, 2007. Copies of the actual subpoenas are filed with the Court under seal as information disclosed in the subpoenas is protected by the Protective Order entered in this case. Without that attachment, this motion may be publicly filed. A proposed Order is attached.

1.    Introduction.

This Court has been presented with so many pleadings in this case that it is unnecessary to describe the allegations and defenses in this case. IPOC, as was explained in BGR's

---

[1] The Wachovia subpoena is attached hereto under seal as Exhibit A. The Citibank subpoena is attached hereto under seal as Exhibit B. The subpoenas are not included in the public filing pursuant to Court Order.

**REDACTED VERSION FOR PUBLIC FILING**

Opposition to IPOC's Motion to Compel BGR to Produce Unredacted Documents **(**Docket No. 140) has an extremely limited view of what matters are discoverable in this case when the recipient or subject of the request is IPOC.  To that end,  IPOC has refused, in the face of a repeated requests, to produce any evidence that it has ever paid a single bill to KPMG FAS.  It has refused, in the face of repeated requests, to produce a single bank record showing payment by any of the IPOC entities for any of its claimed damages including the damages sought under the CFAA which this Court ordered be produced.  IPOC has not named a single witness with any knowledge regarding any of IPOC's damages or any other issue in the case.  IPOC has not provided the agreement between IPOC and KPMG FAS that is allegedly the subject of this case despite a court order to do so.

IPOC has a perfect record when it comes to third-party subpoenas issued in this case that seek any information about IPOC or whatever business it may actually be involved in.  IPOC has moved to quash every subpoena duces tecum served by a defendant in this case.  For example, in December of last year, IPOC moved to quash three subpoenas duces tecum served upon Barclays Capital, Inc. Commerzbank U.S. Finance, Inc., and J.P. Morgan Chase National Corporate Services, Inc.  According to IPOC,  each of these subpoenas was a  fishing expedition that was overbroad and unduly burdensome. [2]

IPOC has now done a perfect about-face.  Despite its previous position regarding the proper scope of third-party subpoenas, IPOC has broadly subpoenaed confidential and

---

[2] By agreement of the parties, each of these subpoenas was voluntarily withdrawn without prejudice.

2

**REDACTED VERSION FOR PUBLIC FILING**

proprietary bank records of BGR and Diligence without any regard to any relevance or materiality in this matter. In addition, in serving these Subpoenas, IPOC has again breached the Protective Order in this case. As such, the Court should quash the subpoenas for the reasons set forth below.

    2.    IPOC Has Again Violated the Protective Order in this Case.

IPOC has filed in this case a virtual plethora of motions seeking to have discovery documents marked as "Confidential" de-designated. The purpose of these motions was to seek relief from the terms of the Protective Order entered in this case so that IPOC would be free to ship these documents around the world as if this case is a substitute letters rogatory process.[3] (Motion to Remove Confidentiality Designations, Docket No. 118) At least one of those motions is before the Court at this time.

It is indisputable that some of the information contained in the subpoenas served upon Citibank, F.S.B. and Wachovia Bank, N.A. is "derived from" documents designated as confidential in either the Hughes Hubbard production or the documents produced in discovery by BGR. This includes, but is not limited to, the names of clients, contractors and subcontractors of BGR and Diligence. The explicit terms of the Protective Order entered in this case, at paragraph 18, bar the unfettered disclosure of this information to persons not entitled to review same. Of course, BGR does not seek to bar any party from properly seeking discovery from third-parties. However, under the terms of paragraph 21 of the Protective Order, IPOC is obligated to obtain

---

[3] Tellingly, IPOC has refused to produce discoverable information to the defendants in this case claiming that its adversaries would use that information in foreign proceedings. Now, it seeks to do precisely what it complains of.

REDACTED VERSION FOR PUBLIC FILING

from Citibank and Wachovia a signed Confidentiality Agreement in the form attached to the Protective Order. Until that Confidentiality Agreement is executed, IPOC cannot serve these subpoenas and production cannot proceed.[4]

    3.    The Documents Requested are Grossly Overbroad and Seek Information that is not Relevant in this Action.

As was stated in BGR's Opposition to IPOC's Motion to Compel BGR to Produce Unredacted Documents, the filing of a civil case does not grant a party the right to review any and all information in the possession of an adverse party. Parties may not seek to discover information that has "no possible bearing on the on the case and is unlikely to lead to discoverable evidence." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 350-354, 98 S. Ct 2380, 57 L.Ed 2d 253 (1978); <u>see also</u> <u>Food Lion, Inc. v. United Food & Commercial Workers Int's Union</u>, 103 F. 3d 1007 (D.C. Cir. 1997) The same standards apply to information sought to be obtained by subpoena from third parties.

Or, as IPOC stated when seeking to quash Diligence's subpoenas in the Southern District of New York:

> Under Fed. R. Civ. P. 45(c)(3), a non-party subpoena should be quashed if it imposes an undue burden. Such an undue burden occurs when the subpoena seeks the production of documents that are irrelevant to the underlying case. "Whether a subpoena imposes upon a witness an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the

---

[4] BGR requests that IPOC retrieve the subpoenas that contain disclosures on information protected by the terms of the Protective Order. Such action is required under paragraphs 29 and 30 of the Protective Order.

REDACTED VERSION FOR PUBLIC FILING

> burden imposed." Concord Boat Corp. v. Brunswick, Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (internal citations omitted). Diligence's third-party subpoenas violate this standard because they seek documents that are plainly not relevant to any issue in the litigation between IPOC and Diligence. Furthermore, the document requests are overbroad, unduly, burdensome, and constitute nothing more than a "fishing expedition" on the part of Diligence.
>
> IPOC has standing to move to quash Diligence's third-party subpoenas because the subpoenas seek the production of documents that relate to IPOC's financial transactions and activities. See In Re Flag Telecom Holdings, Ltd. Securities Litigation, 2006 WL 2642192 (S.D.N.Y. 2006) (party has standing to challenge subpoena seeking documents concerning its financial affairs); Reserve Solutions, Inc, v. Vernaglia, 2006 WL 1788299 (S.D.N.Y. 2006 (same)). See also Olympic Chartering, S.A. v. Ministry of Indus. and Trade of Jordan, 134 F.Supp.2d 528, 530 (S.D.N.Y. 2001) ("Because the subpoena seeks confidential information about CBJ's activities, CBJ's standing to contest the subpoena is indisputable."); Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (holding that Indian tribe had standing to object to third-party subpoena of banking records).

(Memorandum of Law in Support of IPOC International Growth Fund Limited's Motion to Quash Third-Party Subpoenas Issued by Diligence LLC to Barclays Capital, Inc., J.P. Morgan Chase National Corporate Services, Inc. And Commerzbank U.S. Finance, Inc., filed in the U.S. District Court Southern District of New York, IPOC International Growth Fund Limited v. Diligence, LLC, Case No. M8-85). (Page 9)

   The subpoenas served by IPOC on Citibank and Wachovia constitute a fishing expedition of the most obvious sort and must be quashed. First, the definitions set forth in the subpoenas are immensely broad. For example, BGR is defined as the defendant and "any account in the name of BGR or for its benefit." Indeed, the definitions of Diligence, Citibank and Wachovia are similarly overbroad. The time frame of January 1, 2004, to the present is far beyond the scope

**REDACTED VERSION FOR PUBLIC FILING**

of any of the matters at issue in this case and is proof of the patently overbroad scope of the subpoenas. In addition, IPOC seeks bank records related to BGR's clients, several of its contractors and sub-contractors.[5] BGR, Diligence and these other referenced entities are engaged in multiple businesses that do not relate in any way to the matters alleged in the Complaint - that is, the alleged infiltration of KPMG FAS by Diligence. Unlike IPOC, BGR is a lawful business operating openly in the United States. The filing of this suit cannot allow IPOC the opportunity to review all of the business transactions between BGR and its clients, contractors and sub-contractors.

This is especially true in this case where IPOC, which has been determined to be a money laundering organization in an arbitration of its own choosing, faces winding-up as an entity in Bermuda. Indeed, IPOC refuses even to tell the Court why it faces winding-up though it is safe to assume the these actions flow from publically disclosed findings that IPOC is no more than a money laundering organization operated for the benefit of a corrupt Russian official. Significantly, in a case pending in the Southern District of New York styled <u>IPOC International Growth Fund v. Rozhetskin, et. al.</u>, No. 06-CV-4338, IPOC has been ordered to produce the winding-up petition from Bermuda to the District Court for in camera review. (Letter from Winston & Strawn with order affixed thereto dated May 25, 2007) (Exhibit C) That action is now stayed by Order of the Court. This Court should be similarly inquisitive.

Perhaps this is also why IPOC refuses to produce a single bank record to BGR despite

---

[5] Those businesses, contractors and sub-contractors are identified in Exhibit B to the Subpoena to Wachovia at paragraphs 4, 5, 6 & 7. The names of these entities were set forth in documents already produced to IPOC from BGR that were marked Confidential.

REDACTED VERSION FOR PUBLIC FILING

proper requests for same. BGR has requested the bank records that would show that IPOC has paid any money to KPMG FAS and none have been produced. BGR has requested bank records from IPOC to show the payment of the legal bills it seeks as damages and has received nothing. IPOC has refused to produce a single receipt showing damages recoverable under the CFAA.

In this light, it is unfair for IPOC to be allowed to probe into BGR's bank records for information entirely unrelated to the issues in this case. IPOC claims that it needs to prove how much BGR and Diligence were paid by its client. Here, BGR has produced to IPOC the invoices for all of the work arguably at issue in this case. Those invoices are marked paid. IPOC needs no additional bank records to show the damages it seeks in this matter and these subpoenas therefore seek records that are not discoverable and are beyond the scope of the matters at issue in this case.

4. Conclusion.

For the reasons set forth above, BGR respectfully requests that the Court enter an order pursuant to Fed. R. Civ. P. 45 (c)(3) quashing the third-party document subpoenas issued by IPOC to Citibank and Wachovia, and for such other relief as the Court deems proper.

**BARBOUR GRIFFITH & ROGERS, LLC**
By Counsel

REDACTED VERSION FOR PUBLIC FILING

/s/
_____
Edward B. MacMahon, Jr.
D.C.  Bar No. 411165
P.O. Box 903
107 East Washington Street
Middleburg, VA 20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@verizon.net
*Counsel for Defendant Barbour*
   *Griffith & Rogers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of July, 2007, a true and correct copy of the foregoing to be served electronically, via the Court's electronic filing system, on:

>Carol A. Joffe
>Timothy M. Broas
>Winston & Strawn
>1700 K Street, N.W.
>Washington, D.C.   20006
>(202) 282-5000
>(202) 282-5100 (Fax)
>*Counsel for IPOC  International Growth Fund Limited*
>
>Paul C. Rauser
>Michael Ross
>AEGIS Law Group LLP
>901 F Street, N.W., Suite 500
>Washington, D.C.   20004
>(202) 737-3500
>(202) 737-3330 (Fax)
>*Counsel for Diligence LLC*

**REDACTED VERSION FOR PUBLIC FILING**

and a copy of the same via facsimile transmission and U.S. Mail, first-class mail, postage prepaid to:

>Wachovia Bank, N.A.
>Market Square Financial Center
>801 Pennsylvania Ave., NW
>Washington, DC   20004

>Citibank, FSB
>Farragut North Office
>1000 Connecticut Ave, NW
>Washington, DC   20036

/s/
_____
Edward B. MacMahon, Jr.