**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, )<br>)<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>DILIGENCE, LLC, *et al.*, )<br>)<br>          **Defendants.** ) | Civil Action No.<br>1:06CV01109 (PLF) (AK) |

**NON-PARTY HUGHES HUBBARD & REED LLP'S**
**MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION UNDER RULE 45 FOR**
**REIMBURSEMENT OF COSTS AND ATTORNEYS' FEES**

Non-party Hughes Hubbard & Reed LLP ("HHR") submits this Memorandum of Law in support of its motion under Fed. R. Civ. P. 45 for reimbursement of attorneys' fees and costs incurred in responding to plaintiff IPOC International Growth Fund Ltd.'s ("IPOC") subpoena.

Non-party HHR has incurred substantial unreimbursed and unnecessary costs in responding to the subpoena served on it by IPOC in this proceeding. After receiving the 4,000 pages of documents demanded by its Subpoena, IPOC forced HHR to spend several months re-reviewing documents, documenting the specific grounds for every page of confidentiality designations, and engaging in pointless inappropriate motion practice on these issues. As provided under Rule 45, HHR demanded reimbursement of full costs in connection with IPOC's motion to challenge HHR's confidentiality designations and compel further production. That motion was argued before Magistrate Judge Kay in June 2007, but has not been decided due to the stay of

proceedings. The present motion is made to ensure that HHR's claim for costs is addressed before the action is dismissed.

The relevant facts are set forth in the accompanying Declaration of Derek J.T. Adler executed January 17, 2008 (the "Adler Dec.") and the exhibits thereto.

## ARGUMENT

**THIS COURT SHOULD ORDER IPOC TO REIMBURSE HHR'S FEES AND COSTS INCURRED IN RESPONDING TO IPOC'S SUBPOENA.**

Rule 45(c)(1) provides:

> A party or an attorney responsible for the issuance and service of a subpoena <u>shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena</u>. <u>The court</u> on behalf of which the subpoena was issued <u>shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee</u>.

Fed. R. Civ. P. 45(c)(1) (emphasis added).

Further, Rule 45(c)(2)(B) provides that where the Court grants an order compelling production from a non-party, "such an order . . . shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing or sampling commanded." Fed. R. Civ. P. 45(c)(2)(B).

The present motion seeks reimbursement for costs IPOC forced HHR to incur <u>after</u> HHR had already completed its document production to IPOC.[1] After receiving HHR's production, IPOC spent several months writing letters and engaging in motion practice in a fruitless and misguided effort to challenge HHR's designation of documents from its clients' files as confidential under the applicable protective order. (We refer the Court to HHR's earlier opposition brief (Adler Decl. Ex. A) for an

---

[1] IPOC has already reimbursed copying costs and other expenses of HHR's original production.

explanation of the inappropriate nature of IPOC's challenge.)  In particular, nothing in the applicable confidentiality order prevented IPOC from using any of the disclosed material for any appropriate purpose in this proceeding.  IPOC candidly admitted that its purpose in seeking to lift the confidentiality designations was to permit the use of materials from HHR's files in the media and in other proceedings.

IPOC's conduct has imposed unreasonable burdens and expenses on HHR.  First, IPOC forced HHR to review and re-review its 4000-page production, preparing detailed charts and schedules documenting the basis for every page that was designated as confidential.  After HHR had tendered bona fide justifications for all of its designations, IPOC nevertheless launched a wide-ranging motion to further press its challenge.  This motion was pursued in an unreasonable and unnecessarily burdensome manner.  For example, IPOC refused to grant HHR's reasonable request for a one-week extension of time to respond its motion to de-designate.  This forced HHR to incur the unnecessary expense of filing an emergency motion for an extension of time.  IPOC's motion to de-designate was not well founded, inasmuch as the propriety of HHR's grounds for designation had been clearly articulated to IPOC and are evident from even a cursory review of the materials.  Finally, after IPOC filed its motion, it moved for "emergency" relief on the same grounds, requiring HHR to take additional steps to protect its interests.

It is well settled that the courts have broad discretion to indemnify non-parties for costs, including attorney's fees, under Rule 45.  *See*, *e.g.*, *In re Duke Energy Corp.*, No. 3:05-MC-201, 2005 WL 2674938, at *7 (W.D.N.C. Oct. 18, 2005); *In re Propulsid Prods. Liab. Litig.*, No. MDL 1355, 2003 WL 22174137, at *3 (E.D. La. Sept.

9, 2003); *Pacific Gas & Elec. Co. v. Lynch*, No. C-01-3023 VRW, 2002 WL 32812098, at *4 (N.D. Cal. Aug. 19, 2002); *In re Rezulin Prods. Liab. Litig.*, No. CIV.00 CIV.2843 LAK, 2002 WL 24475, at *2 (S.D.N.Y. Jan. 10, 2002); *In re Application of Law Firms of McCourts and McGrigor Donald*, No. M. 19-96 (JSM), 2001 WL 345233, at *3 (S.D.N.Y. Apr. 9, 2001); *In re First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998); *Linder v. Calero-Portocarrero*, 180 F.R.D. 168, 177 (D.D.C. 1998), *aff'd* 251 F.3d 178 (D.C. Cir. 2001*); In re Letters Rogatory*, 144 F.R.D. at 278-79; *In re Exxon Valdez*, 142 F.R.D. 380, 385 (D.D.C. 1992); *Kahn v. General Motors Corp.*, 1992 WL 208286 (S.D.N.Y. Aug. 14, 1992).

As documented in Exhibit C to Mr. Adler's Declaration, HHR has incurred over $90,000 in unreimbursed costs caused by IPOC's relentless and burdensome conduct <u>after</u> HHR had already completed its document production to IPOC. This expenditure yielded no benefit to IPOC because it did not result in IPOC's receiving any documents it had not already received. HHR is entitled to full indemnification for the costs it has incurred.

## CONCLUSION

For the foregoing reasons, the Court should award HHR the full costs it incurred in addressing the Subpoena served on it by IPOC.

Dated: District of Columbia
January 17, 2008

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: */s/* Charles D. Reed
Charles D. Reed
D.C. Bar No. 490833
1775 I Street, N.W.
Washington, D.C. 20006-2401
202-721-4600

Attorneys for non-party Hughes Hubbard & Reed LLP

Of Counsel:

Derek J.T. Adler
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004