UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>DILIGENCE, LLC, et. al,<br><br>        Defendants. | Civil Action No.<br><br>1:06CV01109 (PLF) (AK) |

DECLARATION OF DEREK J.T. ADLER
IN SUPPORT OF NON-PARTY
<u>HUGHES HUBBARD & REED'S MOTION UNDER RULE 45</u>

Derek J.T. Adler declares the following, under penalty of perjury:

1. I am a partner at Non-Party Hughes Hubbard & Reed LLP ("HHR"), which has been served with a subpoena (the "Subpoena") by Plaintiff IPOC International Growth Fund Ltd.'s ("IPOC") in this proceeding. I submit this declaration in support of HHR's motion for reimbursement of attorneys' fees and costs incurred in responding to the Subpoena.

2. The background facts are set forth in Non-Party Hughes Hubbard & Reed LLP's Memorandum of Law in Opposition to IPOC's Motion Pursuant to Protective Order to Remove Confidentiality Designations, and my supporting declaration, which are annexed hereto as Exhibits A and B.

3. The Subpoena was originally served in June 2006. The action was subsequently stayed, and HHR did not complete its production of responsive documents until early February 2007.

4. During the first week of February 2007, we negotiated with IPOC's counsel regarding reimbursement of HHR's fees in responding to the Subpoena. IPOC agreed to reimburse a substantial portion of HHR's staff time and disbursements related to responding to the Subpoena, in the amount of $29,745.60. The production was made on or about February 14, 2007.

5. Almost immediately after receiving HHR's production, IPOC's counsel commenced a campaign of challenging all of HHR's confidentiality designations via letters and motion practice. This commenced with a letter dated February 20, 2007 challenging HHR's designation of virtually every document in its 4,000-page production. HHR incurred very substantial staff time in re-reviewing the materials and justifying each and every page of designations. Correspondence in relation to this proceeded through March 2007.

6. On April 13, 2007, IPOC filed a 303-page motion seeking to de-designate the confidentiality of the entirety of HHR's and Diligence's document productions. Responding to this motion imposed substantial burdens on HHR.

7. The burdens imposed on HHR were heightened unreasonably when IPOC denied HHR's request for a one-week extension of time to prepare its opposition brief. Because of IPOC's unreasonable position, HHR was forced to make a formal motion seeking a one-week extension of time to respond to its motion. This motion for an extension was, needless to say, successful.

8. HHR filed full opposition briefing responding to IPOC's points and detailing the reasons for each and every designation in lengthy charts and schedules.

9. The burdens imposed on HHR were further heightened when IPOC made an additional motion seeking expedited treatment of its already pending motion to de-designate

Adler Decl in Sup of R 45 Mot (3).DOC

documents as confidential. This motion was made on or about May 16, 2007. HHR incurred additional costs in connection with this emergency motion.

10. In its papers responding to IPOC's motion to compel production, HHR demanded that any order entered by the Court on the motion include an order directing IPOC to reimburse the fees incurred by HHR in responding to the Subpoena.

11. On June 13, 2007, the Court held an oral hearing on IPOC's motion to de-designate documents of both HHR and Diligence. I was required to travel to Washington, DC for this hearing.

12. On or about July 30, 2007, I spoke with IPOC's counsel in an attempt to negotiate payment of the additional fees HHR had incurred since February 2007 in responding to the Subpoena. I told IPOC's counsel the range of fees and costs we had incurred and requested reimbursement. IPOC's counsel has never responded to this request.

13. In early August 2007, we received notification that the parties were seeking to stay the action due to the pendency of settlement negotiations.

14. We note that the parties have now filed a stipulation to dismiss the action, which is awaiting court approval. The present motion by HHR is being made because dismissal of the action without addressing IPOC's pending motion will deny HHR its right under Rule 45 to be indemnified for the cost it has incurred.

15. Attached hereto as Exhibit C is a pro forma invoice detailing the unreimbursed fees and costs HHR has incurred in relation to the Subpoena, between February 2007 and July 2007. The total comes to $ 94,964.07. The costs and fees incurred have been reasonable and customary for providing disclosure and engaging in motion practice of the type conducted here.

Adler Decl in Sup of R 45 Mot (3).DOC

16. I declare under penalty of perjury that the foregoing is true and correct.

_____
Derek J.T. Adler