UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IPOC INTERNATIONAL GROWTH FUND LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:06CV01109 (PLF) (AK) |
| DILIGENCE LLC, et al. | ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF KIMBALL R. ANDERSON

I, Kimball R. Anderson, declare as follows:

1. I am a member of the bar of the State of Illinois and a partner in the law firm of Winston & Strawn LLP. I am one of the attorneys representing IPOC International Growth Fund Limited. ("IPOC") in *IPOC v. Diligence et al.,* Civil Action No. 1:06CV01109 (PLF) (AK). I have personal knowledge of the facts stated herein.

2. I became aware that KPMG Financial Advisory Services had sued Diligence LLC, alleging that Diligence had corrupted an ongoing confidential investigation of IPOC that was being conducted by KPMG for the Government of Bermuda. After I learned of the KPMG lawsuit against Diligence, I called KPMG's counsel, Derek Adler, to advise that IPOC would move to intervene in the *KPMG v. Diligence* lawsuit. In response, Mr. Adler urged that IPOC not intervene. If IPOC refrained from intervening, Mr. Adler promised to voluntarily supply IPOC with the fruits of discovery in KPMG's lawsuit against Diligence. In reliance on Mr. Adler's promise, I agreed to request that IPOC refrain from filing a motion to intervene.

3.  As discovery proceeded in *KPMG v. Diligence*, I asked Mr. Adler to provide copies of the depositions and documents produced by Diligence. Mr. Adler then reneged on his earlier promise to me. He told me that he would produce the Diligence documents only in response to IPOC's subpoena to his law firm. Consequently, I then transmitted a subpoena on behalf of IPOC to Mr. Adler. I noted in an email to Mr. Adler: "I understand that you will accept it on behalf of your firm." Exhibit A.

4.  Mr. Adler then replied "[a]s a policy matter we take the position that formal service must be made on our firm in relation to any subpoena seeking documents we hold in respect of a client engagement [ ]. Accordingly, I must put you through the trouble of making formal service at our D.C. office, and apologize for any inconvenience this may cause." Exhibit B.

5.  Consequently, IPOC served the Subpoena on HHR's Washington office on July 19, 2006, as requested by Mr. Adler. On July 21, 2006, my colleague at Winston & Strawn's Washington office received a letter in which Mr. Adler, on behalf of HHR, objected to the Subpoena and declined to produce documents. I immediately let Mr. Adler know that I was "stunned" by his letter because it was inconsistent with the representations and promises he had made to me and upon which IPOC had agreed not to intervene in *KPMG v. Diligence*. Exhibit C.

6.  On July 26, 2006, I advised Mr. Adler that IPOC had relied upon his representations that IPOC need not intervene in *KPMG v. Diligence* and that in light of the refusal to produce documents pursuant to the Subpoena, "[w]e [IPOC] likely will be intervening in the *KPMG v. Diligence* lawsuit and adding KPMG as a defendant in the IPOC v. BGR/Diligence lawsuit." Exhibit D. Later that day, July 27, 2006, Mr. Adler provided

IPOC with a proposal under which he stated that "Hughes Hubbard is authorized and prepared to satisfy the subpoena." Exhibit E

I hereby declare under penalty of perjury that the foregoing is true and correct.

_____
Kimball R. Anderson

## CERTIFICATE OF SERVICE

I hereby certify that on January 3l__, 2008, I caused the foregoing Declaration of Kimball R. Anderson to be served via the Court's electronic filing system on each of the following:

>Paul C. Rauser
>Michael Ross
>Oliver Garcia
>Aegis Law Group LLP
>901 F. Street, N.W., Suite 500
>Washington, DC 20004
>Counsel for Defendant Diligence LLC
>
>Edward B. MacMahon, Jr.
>P.O. Box 903
>107 East Washington Street
>Middleburg, VA 20118
>Counsel for Defendant Barbour Griffith & Rogers LLC
>
>Charles D. Reed
>Scott H. Christensen
>Hughes Hubbard and Reed LLP
>1775 I Street, N.W.
>Washington, D.C. 20006-2401
>Counsel for Non-Party Subpoena Recipient Hughes,
>     Hubbard & Reed LLP

_____/s/_____
Carol A. Joffe