# EXHIBIT G

**From:**       Adler, Derek J.T. [adler@hugheshubbard.com]
**Sent:**       Wednesday, February 07, 2007 4:58 PM
**To:**         Stukes, Anne
**Subject:**    RE: IPOC/Diligence - HHR production

**Attachments:**    KPMG bill1_1.pdf



KPMG bill1_1.pdf
(145 KB)

**Dear Anne,**

Thank you for your note.  Under the circumstances here I am afraid that
we must wait until the order has been entered.  As a law firm that has
been subpoenaed, we have serious confidentiality issues in relation to
producing documents we hold for our client.  And our client has serious
issues in relation to materials that it gathered that may be required to
be kept confidential under the law of Bermuda.  It must therefore be
clear that we provided the materials only under compulsion of court
process, and having taken all available steps to preserve their
confidentiality.

I have also raised with you the issue of reimbursement of Hughes
Hubbard's fees and costs in responding to the subpoena.   As you know,
Rule 45 provides that non-parties are not required to bear the expenses
incurred in complying with a subpoena.  The courts consistently hold
that indemnification of non-parties under Rule 45 includes the
reasonable cost of the labor expended to gather and review documents for
production, including attorneys fees, in addition to the actual costs of
photocopying.  See, e.g., In re Duke Energy Corp., No. 3:05-MC-201, 2005
WL 2674938, at *7 (W.D.N.C. Oct. 18, 2005); In re Propulsid Prods. Liab.
Litig., No. MDL 1355, 2003 WL 22174137, at *3 (E.D. La. Sept. 9, 2003);
Pacific Gas & Elec. Co. v. Lynch, No. C-01-3023 VRW, 2002 WL 32812098,
at *4 (N.D. Cal. Aug. 19, 2002); In re Rezulin Prods. Liab. Litig., No.
CIV.00 CIV.2843 LAK, 2002 WL 24475, at *2 (S.D.N.Y. Jan. 10, 2002); In
re Application of Law Firms of McCourts and McGrigor Donald, No. M.
19-96 (JSM), 2001 WL 345233, at *3 (S.D.N.Y. Apr. 9, 2001); In re First
Am. Corp., 184 F.R.D. 234, 241 (S.D.N.Y. 1998); Linder v.
Calero-Portocarrero, 180 F.R.D. 168, 177 (D.D.C. 1998), aff'd 251 F.3d
178 (D.C. Cir. 2001); In re Letters Rogatory, 144 F.R.D. at 278-79; In
re Exxon Valdez, 142 F.R.D. 380, 385 (D.D.C. 1992); Kahn v. General
Motors Corp., 1992 WL 208286 (S.D.N.Y. Aug. 14, 1992).

As I noted, Hughes Hubbard has not been paid for our work back in
October when we made our original production to you, and when we were
preparing for the full production.  Attached is a copy of our relevant
invoice, from which we have redacted irrelevant entries.  The relevant
time entries total $22,972.  I would estimate that the further time and
copying costs will come to an additional $10,000-15,000.  When the
protective order has been entered, we will make the production upon your

1

undertaking, on behalf of Winston & Strawn, that Hughes Hubbard will be reimbursed for these costs.

Best regards,

Derek

-----Original Message-----
From: Stukes, Anne [mailto:AStukes@winston.com]
Sent: Wednesday, February 07, 2007 12:10 PM
To: Adler, Derek J.T.
Subject: IPOC/Diligence - HHR production


Dear Derek:

We'd still like to get HHR's production today in the IPOC v. Diligence case.  Although the court has not officially entered the protective order that the parties jointly submitted on January 30, the court did order on January 23 that the PO should take the form that the parties have filed, and the parties have executed the protective order.  I've attached the January 23 order for your reference.  Given that the court has ordered the form that the PO should take, the parties have jointly stipulated as to the form of the PO, and the PO has been executed, we'd appreciate HHR's production as soon as you are able to make it.

Many thanks.


 <<01-23-2007 Order on PO.pdf>>


Anne W. Stukes
Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC  20006
(202) 282-5856
(202) 282-5100 (Fax)
astukes@winston.com



The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
******
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under

2

the Internal Revenue Code of 1986, as amended.

*******************************************************************

This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
*******************************************************************

# Hughes Hubbard & Reed LLP

One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000    *8835409*
Facsimile: 212-422-4726    *11/6/06*

KPMG (Bermuda)
c/o KPMG Financial Advisory Services Limited
Crown House
PO Box HM906
HMDX
Bermuda

INVOICE NO.:
DATE

MATTER NOS.: 30363.0001

Invoice No. 8835409

30363.0001

TYPE OF BILL:
☑ PERIODIC
☐ FINAL    November 16, 2006
☐ ON ACCOUNT OR INTERIM

HOURS COVERED:
☑ THROUGH    *TAX ID 13-5660550*  *11/06*
☐ TO DATE
☐ ATTACHED MEMO

Re: Diligence, Inc.

Approved by:

Billing Partner    *D. ADLER*

For professional services rendered and disbursements incurred during the month
of October 2006.

Operations Partner _____

OTHER CHARGES AND DISBURSEMENTS:

Photocopy
Telephone

TOTAL DISBURSEMENTS

TOTAL DUE THIS INVOICE

THIS STATEMENT DOES NOT INCLUDE EXPENSES NOT YET RECEIVED BY THIS OFFICE
WHICH MIGHT HAVE BEEN INCURRED DURING THE PERIOD COVERED BY THIS BILLING

NY 1106191_1.DOC

# Hughes Hubbard & Reed LLP


| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 10/14/06 | Adler, D | Attention to email from Kimball Anderson re decision lifting discovery stay; reply to Anderson; related correspondence. | 0.75 | 450.00 |
| 10/15/06 | Adler, D | Attention to subpoena to HHR; review prior correspondence & court filings. | 0.50 | 300.00 |
| 10/16/06 | Adler, D | Attention to document request; conference call; documents, prior filings. | 1.25 | 750.00 |
| 10/16/06 | Sitek, J H | Assisted J. Matayoshi in page checking documents for HHR response to subpoena per the request of E. Bond. | 1.00 | 220.00 |
| 10/16/06 | Bond, E | Begin review of documents and analysis in light of court order; prepare for conference call; confer w clients. | 4.75 | 1,805.00 |
| 10/16/06 | Ryan, E | Assisting J. Matayoshi in page checking documents for HHR response to subpoena per the request of E. Bond. | 1.30 | 273.00 |

NY 1106191_1.DOC

# Hughes Hubbard & Reed LLP

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 10/16/06 | Matayoshi, J | Coordinated document production with J. Wein. | 0.50 | 100.00 |
| 10/16/06 | Matayoshi, J | Page checked documents for HHR response to subpoena; gathered complete set of production to HHR, separated out confidential documents from documents according to exhibits A & B per request of E. Bond. | 7.00 | 1,400.00 |
| 10/16/06 | Wannen, J | Assisted J. Matayoshi in page checking documents for HHR response to subpoena per the request of E. Bond (1.4). | 1.40 | 294.00 |
| 10/16/06 | Wein, J | Organized documents in response to subpoena. | 2.00 | 420.00 |
| 10/17/06 | Wein, J | Gathered and organized production documents; prepared documents for duplication and bates stamping. | 8.00 | 1,680.00 |
| 10/17/06 | Matayoshi, J | Redacted documents for HHR production. | 3.00 | 600.00 |
| 10/17/06 | Matayoshi, J | Checked bates ranges for missing pages in Diligence production and coordinated with J. Wein getting missing documents; sent out documents to be bates stamped; coordinated with duplicating re: delivery time and bates stamping. | 6.75 | 1,350.00 |
| 10/17/06 | Bond, E | Extensive review of all documents in case; analysis re subpoena; redactions in response to same. | 4.50 | 1,710.00 |
| 10/18/06 | Bond, E | Work on production. | 4.25 | 1,615.00 |
| 10/18/06 | Adler, D | Correspondence & phone conferences re subpoena to HHR; review Ware deposition & documents. | 3.25 | 1,950.00 |
| 10/18/06 | Matayoshi, J | Page checked bates ranges on HHR production. | 2.00 | 400.00 |

NY 1106191_1.DOC

# Hughes Hubbard & Reed LLP

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
| 10/18/06 | Matayoshi, J | Meeting with E. Bond and D. Adler re: status of HHR production; redacted documents and re-inserted corrected copies into clean copy sets. | 2.00 | 400.00 |
| 10/18/06 | Matayoshi, J | Redacted documents for HHR production; Prepared copies of redacted documents in HHR production for attorney review per request of E. Bond & D. Adler | 1.00 | 200.00 |
| 10/18/06 | Wein, J | Prepared document production in response to subpoena; checked production documents for accuracy and completeness. | 4.00 | 840.00 |
| 10/19/06 | Wein, J | Prepared Ware deposition transcripts and exhibits to be produced. | 2.50 | 525.00 |
| 10/19/06 | Adler, D | Phone conference with Ms. Stukes; review documents; attention to correspondence re discovery; note to client. | 2.00 | 1,200.00 |
| 10/19/06 | Bond, E | Confer w D. Adler re production; redactions and correspondence re same. | 2.50 | 950.00 |
| 10/20/06 | Adler, D | Review documents for production; correspondence & phone conferences re same; finalize. | 4.00 | 2,400.00 |
| 10/20/06 | Wein, J | Updated production documents. | 2.00 | 420.00 |
| 10/23/06 | Bond, E | Review production materials; analysis re redactions. | 1.50 | 570.00 |
| 10/23/06 | Adler, D | Follow up on discovery. | 0.25 | 150.00 |

NY 1106191_1.DOC

# Hughes Hubbard & Reed LLP

| Date | Name | Description | Hours | Amount |
|------|------|-------------|-------|--------|
|      |      | Total       |       |        |

NY 1106191_1.DOC