# EXHIBIT K

# Hughes
# Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Derek J.T. Adler
Direct Dial: 212-837-6086
adler@hugheshubbard.com

March 12, 2007

BY EMAIL (pdf w/o enclosures)
AND FEDERAL EXPRESS

Anne W. Stukes, Esq.
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817

Re:    *IPOC v. Diligence,*
       Subpoena to Hughes Hubbard & Reed LLP

Dear Anne:

We write in response to your letter of February 20, 2007 raising certain questions regarding Hughes Hubbard & Reed's ("Hughes Hubbard's") production of documents in response to the subpoena (the "Subpoena") issued on behalf of IPOC International Growth Fund, Ltd. ("IPOC") in the above-referenced matter.

By letter dated July 21, 2006 Hughes Hubbard asserted objections to the Subpoena. Your firm responded by letter dated July 24, 2006, raising questions about a number of our objections. In my email to Kimball Anderson dated July 27, 2006, I set forth a proposed scope of production that would address Hughes Hubbard's objections. After additional meet and confer communications, this proposal was accepted. With a few *de minimus* exceptions (which we will correct), we believe that our recent production tracked complied with the agreed scope for our production.

We address your specific questions as follows:

## 1.  The "Montvale Documents"

The "Montvale Documents" have been produced, bates-numbered HHR 00082 to HHR 00115. Per my July 27, 2006 email, we did not agree to produce copies of the actual working papers that were stolen from KPMG (i.e. the draft interim report and the interview transcripts). We have, however, produced copies of the interview transcripts but have designated them "Attorney's Eyes Only."

## 2.  Designations

Per my July 27, 2006 email, we agreed to produce documents subject to the protections of a confidentiality order. We have therefore designated certain documents in our production as confidential. You are now asking us to de-designate all such materials unless they "reveal the substance of information required by Bermuda law to be kept confidential."

The protective order in *IPOC v. Diligence* permits materials to be designated as confidential if they contain "non-public, confidential, proprietary or commercially sensitive information, or information of an intimate, personal nature." We have made our designations in good faith in accordance with this standard. Nevertheless, if you have concerns as to whether any particular document has been properly designated, we will be happy to discuss that with you. We will not, however, agree to your request for a blanket de-designation.

## 3. Redactions

You question the various redactions in our production. The overwhelming majority of redactions were made by Diligence in its original production. In fact, the only documents that we have redacted are the several iterations of the document first appearing as HHR 00030 to HHR 00031 (email from N. Day to G. King, dated July 10, 2005). Per my July 27, 2006 email, we redacted this document because it reflects confidential information taken from the KPMG draft interim report. All of the other redactions were made by Diligence, probably on grounds that the redacted information pertained to activities that did not involve KPMG. Although we questioned the propriety of the redactions in the *KPMG FAS v. Diligence* litigation, there was no ruling on this before the matter was concluded. And, despite repeated requests, Diligence never provided us with a redaction or privilege log.

## 4. Omissions and Missing Pages

You list several gaps in our production (specifically, HHR 00620, HHR 00641, HHR 00642, HHR 01083-1126). The documents numbered HHR 00620, and HHR 01083-1126 were inadvertently omitted. We apologize for this and are enclosing copies of these materials with the hard copy of this letter. HHR 00641 and HHR 00642 are blank pages, resulting from inadvertent skipping during the copying process.

Per my July 27, 2006 email, we are prepared to permit inspection and copying of unredacted copies of any pleadings from *KPMG FAS v. Diligence* that you have not already seen, subject only to confirming that any document that we have otherwise redacted or designated in our production is treated in the same manner if it is included in any of the court filings.

You inquire about third party discovery materials. The deposition of Diligence's corporate representative was the only deposition conducted in the *KPMG FAS v. Diligence* litigation, and we have already produced that transcript to you. Other than that, we obtained small quantities of documents from third parties Barbour Griffith & Rogers and Thomas Locke. We provided the Barbour Griffith & Rogers documents to Kimball long ago. With the hard copy of this letter we enclose the several pages we obtained from Thomas Locke, marked HHR 3495-3499. There are no other third party discovery materials from the *KPMG FAS v. Diligence* matter. Note also that KPMG itself did not produce documents or provide any witness for deposition in that matter.

Your letter identifies apparent omissions from Diligence's production in the *KPMG FAS v. Diligence* case. Please note that Diligence's production was made in a very chaotic manner, with numerous skips and repetitions of bates numbering. In an effort to address some of these problems they started a "DB" bates-prefix midway through their production.

NY 1139576_1.DOC

3

Other than as noted above, we have not intentionally withheld any parts of Diligence's production. With regard to your specific inquiries:

- Diligence never produced documents with the following bates numbers: D 2252-2425; D 2591-2653; D 2874-2976; D 3055-3083; D 3167-3407; D 3467-3498; DB 1-1648; DB 1722-2219; DB 2352-2355; DB 2358; DB 2362-2363; DB 2394-2395; DB 2398; DB 2419-2425; DB 2591-2653; DB 2878-2884; DB 2886-2888; DB 2959-2964; DB 3055-3083; DB 3171-3177; DB 3273-3278; DB 3448-3452; and DB 3467-3469.

- We produced the following Diligence documents[1]: DB 1707-1711 (HHR 1083-1087); DB 2237-2264 (HHR 1099-1126); DB 2266-2320 (HHR 1128-1182); DB 2290-2401 (HHR 1152-1251). As noted above, we are enclosing HHR 01083-1126, which were mistakenly omitted.

- Per our agreement we are withholding D 1-266; D 269-282; D 296-431; D 899-923; D 1153-1286; D 2216-2236; D 2428-2561; D 2680-2813; D 3590-3728; DB 2221-2236; DB 2428-2561; DB 2680-2813; DB 3534-3541; and DB 3593-3760. These documents are copies or excerpts of the draft interim report of the KPMG Inspectors.

We hope that the above information addresses your questions and concerns.

In addition we have now successfully copied the three disks produced to us by Diligence (two audio, one with a text document), which we enclose bates numbered HHR 03500 to 03502. We are designating these materials as "confidential."

Finally, we acknowledge with thanks the payment of $29,745.60 in respect of prior costs. We are grateful for your prompt attention to this.

Best regards,

Derek J.T. Adler

Enclosures

---

[1] Diligence's production is missing DB 2352-DB 2355, DB 2358, DB 2362-DB 2363, DB 2394-DB 2395 and DB 2398.

NY 1139576_1.DOC